IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-491-### (MPT) |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CORDANCE'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS AMAZON'S FOURTH COUNTERCLAIM**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Adam J. Kessel
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617-646-8000

Dated: January 22, 2007

## TABLE OF CONTENTS

Introduction ........................................................................................................... 1

Argument .............................................................................................................. 2

   I.   Amazon Fails to Allege that Cordance Refused to Change Its Course
of Action. .................................................................................................... 2

   II.  Amazon Concedes That It Must Allege More Than Immediacy and
Reality. ...................................................................................................... 5

   III.  Amazon's Theory That Cordance Should Have Anticipated Suit
Because Its Claim Is Based on the "Same Technology" Is Groundless. ............................ 7

   IV.  Leave to Amend Must Be Denied Because Amendment Would Be
Futile. ........................................................................................................ 9

Conclusion ........................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

Abbott Diabetes Care, Inc. v. Dexcom, Inc.,
    No. 05-590, 2006 WL 2375035 (D. Del. Aug. 16, 2006)................................. 4

Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.,
    846 F.2d 731 (Fed. Cir. 1988) ............................................................... 5, 6, 8

Cardinal Chem. Co. v. Morton Int'l, Inc.,
    508 U.S. 83 (1993)..................................................................................... 3

Glaxo, Inc. v. Novopharm Ltd.,
    110 F.3d 1562 (Fed. Cir. 1997) ................................................................ 4

Grupo Dataflux v. Atlas Global Group, L.P.,
    541 U.S. 567, 571 (2004).......................................................................... 10

In re Burlington Coat Factory Sec. Litig.,
    114 F.3d 1410 (3d Cir.1997) ................................................................... 9, 11

Lang v. Pacific Marine and Supply Co. Ltd.,
    895 F.2d 761 (Fed. Cir. 1990) ........................................................... passim

Maryland Cas. Co. v. Pacific Coal & Oil Co.,
    312 U.S. 270 (1941)................................................................................. 3

Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings,
    370 F.3d 1354 (Fed. Cir. 2004) ............................................................... 4

Morongo Band of Mission Indians v. California State Bd. of Equalization,
    858 F.2d 1376 (9th Cir. 1988) ................................................................. 10

Regents of University of New Mexico v. Knight,
    321 F.3d 1111 (Fed. Cir. 2003) ............................................................... 9

Sarullo v. U.S. Postal Service,
    352 F.3d 789 (3d Cir. 2003) .................................................................... 9

Sierra Applied Sciences, Inc. v. Advanced Energy Indus., Inc.,
    363 F.3d 1361 (Fed. Cir. 2004) ............................................................... 6

Spectronics Corp. v. H.B. Fuller Co.,
    940 F.2d 631 (Fed. Cir. 1991) ............................................................... 3, 8

**Other Authorities**

5 Wright and Miller, Federal Practice & Procedure § 1238 (3d ed. 2004)........................ 3

## INTRODUCTION

Plaintiff Cordance Corporation ("Cordance") respectfully submits this reply brief in support of its motion to dismiss Amazon.com's and Amazon.com Holdings LLC's (collectively, "Amazon") Fourth Counterclaim ("the Counterclaim"). The Counterclaim seeks a declaratory judgment that Cordance infringes U.S. Patent No. 6,269,369 ("the '369 Patent").

In this reply, Cordance focuses on this Court's lack of subject matter jurisdiction over Amazon's Counterclaim.[1] Amazon's Opposition ignores the Federal Circuit's test for declaratory judgment jurisdiction over patent infringement claims, instead urging the Court to apply a standard from unrelated cases.

Amazon's approach invites legal error. To establish jurisdiction, Amazon must allege that (1) it previously notified Cordance of its patent; (2) it demanded Cordance cease preparing to commit allegedly infringing activity; and (3) Cordance refused to do so. Amazon has alleged none of these elements. It was unable to do so at the time it filed its Counterclaim, and is unable to do so now.

It is logically impossible for a party to have a reasonable apprehension of suit when it was entirely unaware of the claim in question. It is also impossible for an "actual controversy" to exist where a party has not refused to change its course of action, or even been asked to do so. Cordance was never aware of Amazon's infringement claim before

---

[1] Amazon also failed to adequately rebut two other independent reasons for dismissing the Counterclaim raised in Cordance's opening memorandum, namely that the Court should use its discretion to decline to hear such a declaratory judgment action, and that the Counterclaim is too vague to satisfy pleading standards. Cordance rests on its opening brief for those points.

the Counterclaim was filed. Once it became aware of Amazon's claim, Cordance took all steps within its power to satisfy Amazon's vague demands, and Cordance has made clear that it has no desire or intent to develop or market the product in question (the Unified Address Book). There is no controversy. Accordingly, the Court has no jurisdiction.

Amazon also seeks leave to amend. As explained in detail below, Amazon should not be granted leave because such an amendment would be futile. Nothing Amazon could allege in an amended Counterclaim would alter the above reasons why jurisdiction over the Counterclaim is lacking.

## ARGUMENT

### I.    Amazon Fails to Allege that Cordance Refused to Change Its Course of Action.

Amazon is wrong when it claims that it need "not plead the two prongs of the [Lang] test, and needs to allege only the 'immediacy and reality' of the infringing activities." (Opp. at 5, 12-13) (citing Lang v. Pacific Marine and Supply Co. Ltd., 895 F.2d 761, 764 (Fed. Cir. 1990)). Amazon's only support for this contention is Lang itself. Lang, however, stands for no such proposition:

> To meet the controversy requirement in a declaratory judgment suit by a patentee against an alleged future infringer, **two elements must be present**: (1) the defendant must be engaged in an activity directed toward making, selling, or using subject to an infringement charge under 35 U.S.C. § 271(a) (1982), or be making meaningful preparation for such activity; and (2) acts of the defendant must indicate a refusal to change the course of its actions in the face of acts by the patentee sufficient to create a reasonable apprehension that a suit will be forthcoming.

Lang, 895 F.2d at 764 (emphasis added).

In its Opposition, Amazon cites Lang extensively, thus conceding that the case applies here.  Amazon fails, however, to explain **when** it must meet its burden to satisfy Lang's jurisdictional requirements if not in its initial pleadings.  Amazon's position that it need not allege the elements of jurisdiction in its pleading flies in the face of the well-established case law.  See Spectronics Corp. v. H.B. Fuller Co. Inc., 940 F.2d 631, 635 (Fed. Cir. 1991) ("We agree … that … subject matter jurisdictional facts must be pleaded…") abrogated on other grounds by Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 95-98 (1993); 5 Wright and Miller, Federal Practice & Procedure § 1238 (3d ed. 2004) (noting the importance of the requirement to plead an actual controversy so that federal courts do not exceed their Article III powers).  "Basically, the question in each case is whether the **facts alleged**, under all the circumstances, **show** that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272 (1941) (emphasis added).  There is simply no basis for Amazon to claim that it can ignore the pleading requirements.

The Federal Circuit in Lang explicitly set out what facts a party must allege to establish jurisdiction for a claim of declaratory judgment of patent infringement.  The Lang court first observed that the general requirement (in all cases, whether patent or non-patent) to establish jurisdiction for a declaratory judgment claim is to demonstrate actual controversy "by a sufficient allegation of immediacy and reality." Lang, 895 F.2d at 764.  Amazon's reading of Lang stops there, and accordingly Amazon argues, erroneously, that nothing more is required to meet Lang's pleading requirements.

Amazon thus ignores <u>Lang</u>'s subsequent elaboration of what a party must specifically allege to establish jurisdiction "in a declaratory judgment suit **by a patentee against an alleged future infringer**" — precisely the situation here. <u>Id.</u> (emphasis added). In infringement declaratory judgment cases, the Federal Circuit has made clear that at least two elements must be pleaded: "(1) the defendant must be engaged in an activity directed toward making, selling, or using subject to an infringement charge…" and "(2) **acts of the defendant must indicate a refusal to change the course of its actions** in the face of **acts by the patentee sufficient to create a reasonable apprehension** that a suit will be forthcoming." <u>Id.</u> (emphasis added). Since <u>Lang</u>, the Federal Circuit has repeatedly reaffirmed this two-pronged pleading requirement. <u>Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings</u>, 370 F.3d 1354, 1369 (Fed. Cir. 2004) (stating that "a patentee must demonstrate [the] two elements [of <u>Lang</u>]"); <u>Glaxo, Inc. v. Novopharm Ltd.</u>, 110 F.3d 1562, 1571 (Fed. Cir. 1997) (same); <u>see also</u> <u>Abbott Diabetes Care, Inc. v. Dexcom, Inc.</u>, No. 05-590, 2006 WL 2375035, at *3 (D. Del. Aug. 16, 2006) (dismissing claim because plaintiff failed to satisfy both prongs of <u>Lang</u> in a declaratory judgment action of patent infringement).

The plain language of <u>Lang</u> requires that both elements, "meaningful preparation" and "acts of the defendant … indicat[ing] a refusal to change," appear in the pleadings. <u>Lang</u>, 895 F.2d at 764. Subsequent cases reinforce this requirement. <u>Lang</u> was a case of first impression in the Federal Circuit, and in formulating the two-element test, the court adapted the test for meeting the controversy requirement for a declaratory judgment of noninfringement. <u>Id.</u> (citing <u>Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.</u>, 846 F.2d

731, 736 (Fed. Cir. 1988)).  In <u>Arrowhead</u>, the court explicitly stated that the analogous

two-element test was for "evaluating complaints."  <u>Arrowhead</u>, 846 F.2d at 736.

Similarly, the <u>Lang</u> two-element test is also for evaluating the allegations **in the**

**complaint** (and not just a test a declaratory judgment plaintiff might have to satisfy

sometime later in the case).

 Amazon has not alleged a single fact in support of the second element of <u>Lang</u>,

that "acts of the defendant must indicate a refusal to change the course of its actions."

<u>Lang</u>, 895 F.2d at 764.  Amazon does not attempt to argue that it has alleged a single fact

in support of the second element.  Amazon does not even argue that it has knowledge of a

single fact that supports the second element.  The reason is plain: Cordance was never

asked, and never refused, to change its course of action.  Thus, not only has Amazon

failed to meet the second element, but it also does not even now state that it would be

capable of alleging a fact meeting that element.  Accordingly, any attempt by Amazon to

replead its claim would be futile.  Amazon fails to satisfy the <u>Lang</u> test, and the

Counterclaim must be dismissed.

  **II.**  **Amazon Concedes That It Must Allege**
     <u>**More Than Immediacy and Reality.**</u>

 As discussed above, the general test for meeting the controversy requirement for a

declaratory judgment action is a sufficient allegation of immediacy and reality.  That test

must be met in all cases, regardless of whether patents are involved.  But in patent cases,

the Federal Circuit has formulated distinct tests to determine whether the actual

controversy requirement is met for a declaratory judgment of **noninfringement,**

Arrowhead, 846 F.2d at 736, and for a declaratory judgment of **infringement**, Lang, 895 F.2d at 764. The two are not to be confused.

Although Amazon states repeatedly that it need only allege immediacy and reality, Amazon then contradicts itself by admitting that more detailed allegations are required for patent cases. In an apparent attempt to show that it meets "two prongs," Amazon has devised a **different** two-prong test for what a party must allege to establish jurisdiction for a claim of declaratory judgment of patent infringement, relying on Sierra Applied Sciences, Inc. v. Advanced Energy Indus., Inc., 363 F.3d 1361, 1378 (Fed. Cir. 2004). This case, however, is inapposite as the court in Sierra Applied Sciences considered declaratory judgments of **noninfringement and invalidity** and not the converse: a declaratory judgment of **infringement**. Id. at 1363 ("This case raises the jurisdictional issue of when a patent suit seeking a declaratory judgment of **noninfringement or invalidity** presents a 'case or controversy' within the meaning of Article III of the United States Constitution.") (emphasis added). Amazon's reliance on Sierra Applied Sciences is thus misplaced.

Amazon proceeds to apply the Sierra Applied Sciences test for over eleven pages of its Opposition. (Opp. at 6-16.) Amazon thus implicitly concedes that it is insufficient for it to merely allege that the controversy is "real and immediate" and that a specific test is necessary. As described above, the specific test is that of Lang (for infringement claims), not that of Sierra Applied Sciences (which applies to noninfringement and invalidity claims). Amazon has not, and cannot, meet the Lang requirements.

### III.    Amazon's Theory That Cordance Should Have Anticipated Suit Because Its Claim Is Based on the "Same Technology" Is Groundless.

Amazon asserts that because Cordance initially filed suit against Amazon, Cordance has a reasonable apprehension of a counterclaim "based on the same technology." (Opp. at 13.) Unsurprisingly, Amazon fails to cite a single case in support of a "based on the same technology" ground for Article III jurisdiction. Indeed, while launching a counterattack may be Amazon's standard litigation practice in defending patent cases, there is no authority for the proposition that a patent holder who attempts to protect its rights in court should automatically anticipate a countersuit on some unrelated patent never previously brought to its attention.

An extensive rebuttal of the erroneous notion that Amazon's claim is directed to the "same technology" as Cordance's claim is unnecessary as it is irrelevant to any legal issue. Cordance merely notes that it brought suit because the Amazon 1-Click ordering system infringes its patent (U.S. Patent No. 6,757,710), and Amazon's Counterclaim alleges that a Unified Address Book and related services will infringe its '369 Patent. Cordance's suit is based on an online payment processing system. Amazon's claim for declaratory relief relates to an address book. There are two wholly separate services and two wholly separate patents at issue. There are neither common facts nor common legal issues between the two claims.

In declaratory judgment patent cases, a "reasonable apprehension of suit" is a term of art that refers to whether there have been prior communications on the subject between the parties, wherein the patentee made threats and the accused infringer refused to change its course of action. E.g., Lang, 895 F.2d at 764. The term does **not** refer to

- 7 -

the issue of whether a plaintiff attempting to avail itself of the courts to enforce its rights should, in a generic sense of the word, "reasonably apprehend" that a vastly larger opponent would run up its legal expenses by asserting a previously unknown, unused, and unenforced patent, about which the opponent admits there has been no prior communication.

A bedrock principle of federal practice is that "the presence or absence of jurisdiction must be determined on the facts existing at the time the complaint under consideration was filed." Arrowhead, 846 F.2d at 734 n.2. "[S]ubject matter jurisdictional facts must be pleaded, and proved when challenged, and . . . later events may not create jurisdiction where none existed at the time of filing." Spectronics Corp., 940 F.2d at 635.

While prior communication is not a prerequisite to a patent infringement action, Amazon's claim is **not** a claim for patent infringement.  Rather, it is a claim pursuant to the Declaratory Judgment Act, for declaratory relief.  Amazon, however, has not alleged that Cordance had any prior knowledge of the '369 Patent or of Amazon's claims of infringement.  Amazon would thus have the Court believe that a reasonable apprehension of suit could exist at the time the Counterclaim was filed even though the alleged infringer had no knowledge of the existence of the claim.  It is logically impossible for a party to have a reasonable apprehension of suit on a claim of which it is completely ignorant.  Cordance was thus confronted with the Counterclaim without ever having had a reasonable apprehension — or any apprehension — of it.  Even if Amazon's "same technology" theory had some basis in law — which it does not — Cordance did not have

a reasonable apprehension of suit at the time Amazon filed its Counterclaim, nor does it now.

## IV.   Leave to Amend Must Be Denied Because Amendment Would Be Futile.

As shown above, Amazon has not met its burden to establish this Court's jurisdiction over the Counterclaim.  It is black letter law that leave to amend should be denied where, as here, such amendment would be futile.  Sarullo v. U.S. Postal Service, 352 F.3d 789, 800 (3d Cir. 2003) (upholding denial of leave to amend where "such an amendment would be futile").[2]  An amendment is futile if "the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  Amazon has not, and cannot, make the required showing that an amended counterclaim would survive a motion to dismiss.  In its Opposition, Amazon has not put forth a single additional fact existing at the time it filed the Counterclaim that it could allege in an amended pleading in support of jurisdiction.  Thus, Amazon has not and cannot allege any fact indicating a refusal by Cordance to change the course of its actions.  See Lang, 895 F.2d at 764.  Accordingly, leave to amend is futile.

The only additional facts that Amazon asserts in support of jurisdiction are post-filing facts.  These facts are, according to Amazon, (1) the briefing on this Motion to Dismiss and (2) a link previously on the i-names.net website to the Unified Address Book product.  As an initial matter, since these "communications" and "acts" occurred after

---

[2] The standard for a motion for leave to amend is not unique to patent law, and thus is controlled by Third (rather than Federal) Circuit precedent.  Regents of University of New Mexico v. Knight, 321 F.3d 1111, 1117 (Fed. Cir. 2003).

filing, Amazon cannot rely on them to establish jurisdiction.  "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) (internal quotation marks omitted).  Where the court does not have jurisdiction, it cannot grant leave to amend because an amended pleading cannot confer jurisdiction where the facts at the time of the original pleading did not.  Id. ("In determining federal court jurisdiction, we look to the original, rather than to the amended, complaint.").  See also Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.") (internal quotation marks omitted).

       In any event, neither of the two facts asserted by Amazon would even now be sufficient to establish jurisdiction.  Amazon's first post-filing fact is that "Cordance continues to advertise that the accused Unified Address Book Service is to 'arrive soon.'" (Opp. at 16.)  Soon after receiving Amazon's Counterclaim, Cordance asked a website administrator to remove all references to the Unified Address Book Service from its website.[3]  Those changes were made on December 13, 2006, before Cordance filed its motion to dismiss in this case.  (Declaration of Drummond Reed ¶ 3.)  It later came to Cordance's attention that although the website administrator had promptly removed the main reference to the Unified Address Book Service, three references to the product remained on the i-names.net website and it requested that those remaining references be

---

[3] Even if a passing reference to the Unified Address Book on the i-names.net website actually established a connection between Cordance and the accused product sufficient to establish jurisdiction (which it does not), that link is now gone.

removed immediately as well. (Id. ¶ 4.) That Cordance did request the modifications to the i-names.net website (without ever being asked to) is even further evidence that Cordance is ready and willing to change the course of its actions in response to an assertion of infringement, and certainly has not refused to do anything sufficient to create a reasonable apprehension of suit.

Amazon's second post-filing fact is that Cordance sought to dismiss the Counterclaim. (Opp. at 16.) Cordance's jurisdictional arguments in the instant Motion can hardly be construed as a refusal to change the course of its actions. The only factual development "during the exchange of the pleadings and briefing of this jurisdictional issue," (id.), is that Cordance has already requested changes to the i-names.net website, and those changes have now been made by that website's administrator.

Amazon attempts to belittle the importance of Article III jurisdiction by urging the Court to overlook Amazon's failure to establish jurisdiction because it would "serve no purpose and will waste judicial resources" for it to seek leave to amend. (Opp. at 16.) Not only did Amazon not have jurisdiction at the time it filed the Counterclaim, it has not acquired jurisdiction since filing and none of the facts identified in its Opposition would provide it a basis to do so. Accordingly, leave to amend should be denied. See Burlington Coat Factory, 114 F.3d at 1434-35.

## CONCLUSION

In order for a party to establish an actual controversy for a declaratory judgment of patent infringement, the patentee must threaten the alleged prospective infringer, and the alleged prospective infringer must be given an opportunity to change the course of its

actions. See Lang, 895 F.2d at 764. If the alleged infringer agrees to stop the challenged conduct, then there can be no controversy between the parties. Amazon never told Cordance what activity it wanted stopped. Amazon never gave Cordance an opportunity to change the course of its actions as Amazon filed the Counterclaim without ever communicating to Cordance its belief that Cordance infringes the '369 Patent. Nonetheless, all references to the accused Unified Address Book have been removed from the i-names.net website. Cordance has not refused to do anything. It has no intention of developing a Unified Address Book and never did. Accordingly, there is no controversy between the parties relating to the '369 Patent.

For the above-stated reasons, the Court should dismiss Amazon's Fourth Counterclaim for a declaration of patent infringement in its entirety.

ASHBY & GEDDES

/s/ Lauren E. Maguire
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Adam J. Kessel
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
akessel@wolfgreenfield.com

Dated: January 22, 2007
177062.1

- 13 -