## ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

April 27, 2007

The Honorable Mary Pat Thynge  
United States District Court  
844 North King Street  
Wilmington, Delaware 19810

VIA ELECTRONIC FILING

Re:  *Cordance Corp. v. Amazon.com, Inc.*,  
     C.A. No. 06-491-MPT

Dear Judge Thynge:

Pursuant to Local Rule 7.1.2(c), Amazon.com informed the Court of one Supreme Court opinion and two Federal Circuit opinions it claims are relevant to the pending Motion to Dismiss of Amazon.com's Fourth Counterclaim (D.I. 21). Cordance writes this letter to the Court, also pursuant to Local Rule 7.1.2(c), to briefly discuss these opinions.

The Supreme Court and Federal Circuit opinions cited by Amazon.com addressed the standard for a declaratory judgment of noninfringement, while the issue presently before the Court is the standard for a declaratory judgment of infringement. The cases cited by Amazon.com are thus not on point, and the Court should apply the previously-briefed standard. Amazon.com urges the Court to instead apply an "all the circumstances" test. Even if the Court applies this test, Amazon.com has still not alleged facts sufficient to establish jurisdiction.

The standard for a declaratory judgment of infringement implicates very different policy concerns than does the standard for a declaratory judgment of noninfringement. Declaratory judgment actions of noninfringement or invalidity of a patent are fairly commonplace, and serve the purpose of clearing the air and ensuring that a party can continue to invest in a technology unhampered by the threat of a later infringement suit. By contrast, actions seeking a declaratory judgment of infringement—i.e. a declaration that some future action may infringe—are a rare breed. And appropriately so, since such actions seek in essence an advisory opinion from the court. Such relief may be warranted in the rare instance where the threat of infringement is immediate and irreparable, the patentee has taken all reasonable steps to seek a change in course, and yet the defendant has refused. None of those things happened here.

Prior to the Supreme Court's opinion in MedImmune, Inc., v. Genentech, Inc., 127 S. Ct. 764 (2007), the Federal Circuit imposed two different tests for determining whether a declaratory judgment plaintiff had established an Article III case or controversy. Amazon.com's letter to the

The Honorable Mary Pat Thynge
April 27, 2007
Page 2

Court asserted that these two tests are the "same test," but the Federal Circuit has never considered them to be the same.

 The first test applied to a declaratory judgment of <u>noninfringement</u>, and required the declaratory judgment plaintiff to plead the following two elements to establish jurisdiction:
> (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

<u>Sierra Applied Sciences, Inc. v. Advanced Energy Indus., Inc.</u>, 363 F.3d 1361, 1373 (Fed. Cir. 2004).

 The second test applied to a declaratory judgment of <u>infringement</u>, and required the declaratory judgment plaintiff to plead the following two elements to establish jurisdiction:
> (1) the defendant must be engaged in an activity directed toward making, selling, or using subject to an infringement charge . . . or be making meaningful preparation for such activity; and (2) acts of the defendant must indicate a refusal to change the course of its actions in the face of acts by the patentee sufficient to create a reasonable apprehension that a suit will be forthcoming.

<u>Lang v. Pacific Marine and Supply Co.</u>, 895 F.2d 761, 763 (Fed. Cir. 1990); accord <u>Metabolite Laboratories, Inc. v. Laboratory Corporation of America</u>, 370 F.3d 1354 (Fed. Cir. 2004).

 In <u>MedImmune</u>, the Supreme Court considered only the first prong of the Federal Circuit's test for a declaratory judgment of <u>noninfringement</u> and found that the first prong conflicted with Supreme Court precedent. <u>MedImmune</u>, 127 S. Ct. at 774 n.11; <u>see</u> also <u>SanDisk Corp. v. STMicroelectronics, Inc.</u>, No. 05-1300, slip op. at 22 n.2 (Fed. Cir. Mar. 26, 2007). <u>MedImmune</u> thus did not consider the Federal Circuit's test for a declaratory judgment of <u>infringement</u>.

 Since <u>MedImmune</u>, two Federal Circuit cases have considered its holding: <u>Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.</u>, No. 06-1181 (Fed. Cir. Mar. 30, 2007) and <u>SanDisk Corp. v. STMicroelectronics, Inc.</u>, No. 05-1300 (Fed. Cir. Mar. 26, 2007). Both <u>Teva Pharmaceuticals</u> and <u>SanDisk</u> addressed whether declaratory judgment plaintiffs had established jurisdiction for declaratory judgments of <u>noninfringement</u>. Thus, neither the Supreme Court in <u>MedImmune</u>, nor the Federal Circuit since <u>MedImmune</u>, has changed the previously-briefed two-part test for establishing jurisdiction for a declaratory judgment of <u>infringement</u>.

 Accordingly, the Federal Circuit's test from <u>Lang</u> for establishing jurisdiction for a declaratory judgment of infringement is still binding precedent. As discussed in Cordance's briefs, Amazon.com has not even attempted to argue that it has met the <u>Lang</u> test in alleging the Fourth Counterclaim. That counterclaim must therefore be dismissed.

The Honorable Mary Pat Thynge
April 27, 2007
Page 3

      Amazon.com urges the Court to apply an "all the circumstances" test instead of the <u>Lang</u> test. Even if the Court applies an "all the circumstances" test, Amazon.com has not alleged facts sufficient to establish jurisdiction. In <u>MedImmune</u>, the Supreme Court restated the long-standing principle that to establish jurisdiction for a declaratory judgment action "the facts alleged, under <u>all the circumstances,</u> [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>MedImmune</u>, 127 S. Ct. at 771.

      As explained more fully in Cordance's briefs, Amazon.com has not alleged a single circumstance showing that the parties have "adverse legal interests" with regard to the Fourth Counterclaim. Prior to filing the Fourth Counterclaim, Amazon.com never informed Cordance of the existence of the patent, never accused Cordance of patent infringement, never asked Cordance to license its patent, and never asked Cordance to cease any infringing activities. There is no allegation to the contrary (nor could there be). Amazon.com and Cordance do not have adverse legal interests regarding the Fourth Counterclaim because the facts alleged do not establish any controversy at all, let alone a substantial controversy.

      What Amazon.com seeks is nothing more than an advisory opinion forbidden by Article III of the Constitution. Amazon.com is asking the Court to adjudicate what its rights would be in the hypothetical scenario where it had asked Cordance to cease infringing activities and Cordance had refused to do so. The issue that Amazon.com puts before the court in its counterclaim is an abstract question with no reality or immediacy.

      In sum, the cases cited by Amazon.com in its recent letter do not alter, or even bear on, the standard applicable to determining whether declaratory judgment exists over Amazon.com's Fourth Counterclaim. Accordingly, that counterclaim should be dismissed for the reasons stated in the pending motion.

      Respectfully,

      */s/ Tiffany Geyer Lydon*

      Tiffany Geyer Lydon

TGL/dmf
180066.1

cc:    Richard L. Horwitz, Esquire (by hand and via electronic mail)
       Lynn H. Pasahow, Esquire (via electronic mail)
       Michael A. Albert, Esquire (via electronic mail)