

# Potter Anderson & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**David E. Moore**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

May 8, 2007

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

      Re:    **Cordance Corporation v. Amazon.com, Inc.**
             **C.A. No. 06-491-MPT**

Dear Judge Thynge:

      The current dispute in this patent case, which will be heard by the Court on May 10, 2007 at 10 a.m. (EST), arises from Cordance's refusal to answer any interrogatories, provide any documents or substantively respond to any discovery requests related to Amazon.com's third counterclaim for a declaration of infringement of U.S. Patent No. 6,269,369.

      Cordance has not sought a protective order or stay of discovery related to this claim. Rather, it takes the position that merely because it has filed a motion to dismiss the counterclaim, it does not have an obligation to provide discovery related to such claim. This Court has recognized that a party is not entitled to assume for itself a stay of discovery while a motion that may impact the scope of discovery is pending. *See Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 261 (D. Del. 1992) (noting that it is improper for the defendant to grant "itself a stay of discovery" while its motion to dismiss and motion for a protective order were pending).

      Additionally, Cordance ignores the fact that there is a set discovery period of limited duration in this matter and four months (approximately one third) of that period has passed. *See* D.I. 19 (Scheduling Order). And, its assumption of an automatic stay is prejudicing Amazon.com's ability to develop its counterclaim under the current schedule.

      Cordance filed its motion to dismiss Amazon.com's third counterclaim on December 26, 2006, before the discovery period opened in this matter. That motion is now fully briefed and submitted without oral argument.

The Honorable Mary Pat Thynge
May 8, 2007
Page 2

On January 5, 2007, the day the discovery period opened, Amazon.com served its first set of document requests and first set of interrogatories. Documents Requests Nos. 2, 3, 5, 6, 15 and 64-99 were directed, at least in part, at discovery related to Amazon.com's third counterclaim. Interrogatories Nos. 2, 6, 7, 9, and 11 were similarly directed at discovery related to the third counterclaim.

On March 7, 2007, Cordance served its responses and objections to Amazon.com's first round of discovery requests. In response to all requests related to the third counterclaim, Cordance objected on the ground that if its motion to dismiss were to be granted, the need for such discovery would be obviated and for that reason it would not provide the requested discovery.

On March 19, 2007, counsel for the parties conferred about Cordance's refusal. Cordance's counsel reiterated that Cordance would not provide discovery related to the counterclaim unless and until its motion to dismiss was denied. Cordance offered no support for this automatic stay of discovery.

Amazon.com recognizes that the Court has broad discretion to grant relief from discovery obligations, including in an effort to save resources while a motion to dismiss is pending. However, here, Cordance has not sought relief from its discovery obligations but rather assumed such relief. This assumption has a prejudicial impact on Amazon.com's right to full discovery related to its counterclaim under the Scheduling Order.

Accordingly, Cordance should be compelled to provide the requested discovery or, in the alternative, the schedule should be revisited.

Respectfully,

/s/ David E. Moore

David E. Moore

DEM:nmt/793916/30763

cc:   Clerk of the Court (via hand delivery)
      Steven J. Balick (via electronic mail)
      Robert M. Abrahamsen (via electronic mail)