# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 8, 2007

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, Delaware 19810

**VIA ELECTRONIC FILING**

Re:  *Cordance Corp. v. Amazon.com, Inc.*,
     C.A. No. 06-491-MPT

Dear Judge Thynge:

Cordance Corporation ("Cordance") submits this letter in advance of the May 10, 2007 telephone conference requested by Amazon.com, Inc. ("Amazon"), and in response to Amazon's May 8th letter (D.I. 50).

Because the issue Amazon raises is so closely intertwined with the motion to dismiss Amazon's Fourth Counterclaim, filed last December (D.I. 27), Cordance respectfully requests that the Court consider also hearing argument on that pending motion to dismiss during the upcoming May 10 hearing. Indeed, as noted below, a decision on the merits of Cordance's motion to dismiss could moot the discovery motion.

The discovery dispute is over whether Cordance should be required to respond to a barrage of discovery requests directed solely to Amazon's improperly-filed Fourth Counterclaim. That counterclaim seeks a rather unusual remedy. It does not allege that Cordance has infringed a patent owned by Amazon, but rather seeks a *declaratory judgment* that Cordance's actions *might* ultimately *induce* some other company to infringe that patent. Perhaps in an effort to run up the costs of much-smaller adversary, Amazon is seeking a form of relief rarely granted, and that can be asserted only when certain clearly-defined facts are present – facts that Amazon has not alleged (and could not allege) in its pleading. As conceded by Amazon, that motion to dismiss has been fully briefed and is ripe for decision. (See D.I. 27, 28, 33, 34, 35, 48, 49).

As to the discovery dispute, Cordance timely served its objections to the pertinent discovery requests. Accordingly, unlike in the case upon which Amazon relies, Standard Chlorine of Delaware, Inc. v. Sinibaldi, 821 F.Supp. 232, 261 (D. Del. 1992), Cordance did not waive its objections to Amazon's discovery requests. Sinibaldi addressed the issue of whether a motion for a protective order was self-executing, not whether or not timely-made objections to discovery requests should be overruled. Judge Robinson specifically found that the defendant in

The Honorable Mary Pat Thynge
May 8, 2007
Page 2

Sinibaldi had waived all of its objections to the plaintiff's discovery requests because objections were not timely made. Id. at 261. The facts here are precisely the opposite of those in Sinibaldi – Cordance did timely object. Amazon's insinuation to the contrary is misleading.

In correspondence on this topic, Cordance identified to Amazon several cases in which courts had determined that discovery relating solely to a subject on which a dispositive motion was pending should be stayed pending the outcome of the motion. E.g., In re Orthopedic Bone Screw Product Liability Litigation, 264 F.3d 344, 365 (3rd Cir. 2001); Gilbert v. Ferry, 401 F. 411, 415 (6th Cir. 2005); Dow Chemical Co. v. Exxon Chemical Patents, Inc., 1996 U.S. Dist. LEXIS 14741, *18 (D. Del. 1996); Robison v. Canterbury Village, Inc., 848 F.2d 424, 426 (3rd Cir. 1988); Ayres v. Jacobs & Crumplar, P.A., 1995 U.S. Dist. LEXIS 17712, *3 (D. Del. 1995); GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284 (S.D. Cal. 2000); and O'Donnel v. U.S., 2004 U.S. App. LEXIS 22846, *1-2 (Fed. Cir. 2004) (unpublished). Amazon, however, chose not to apprise the Court of those cases in its letter. Because the court lacks jurisdiction to hear the counterclaim, discovery should not proceed on it.

In sum, whether any discovery is needed on Amazon's counterclaim turns on whether Cordance's pending motion to dismiss that counterclaim should be granted. Cordance thus respectfully requests that the Court consider hearing argument on that motion during the May 10 hearing.

Respectfully,

/s/ *John G. Day*

John G. Day

JGD/rbg
180330.1

cc:  Richard L. Horwitz, Esquire (by hand and via electronic mail)
     Lynn H. Pasahow, Esquire (via electronic mail)
     Michael A. Albert, Esquire (via electronic mail)