

**Potter
Anderson
& Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**David E. Moore**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

May 24, 2007

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

    Re:    *Cordance Corporation v. Amazon.com, Inc.*, C.A. No. 06-491-MPT

Dear Judge Thynge:

    Plaintiff Cordance Corporation has moved to dismiss a declaratory judgment counterclaim from Defendant Amazon.com on the grounds that the counterclaim does not explicitly allege Cordance had a reasonable apprehension of suit. D.I. 28, Cordance Motion to Dismiss at 12 ("Amazon has thus not alleged any conduct . . . that would create even a scintilla of apprehension that a suit would be forthcoming, and thus its Counterclaim fails on its face.") The Supreme Court's recent *Medimmune* decision, however, indicated that the Federal Circuit's "reasonable apprehension of suit" requirement conflicted with Supreme Court precedent and, in response, the Federal Circuit has expressly abandoned it. *See Medimmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 774, fn. 11 (2007); *see also SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007); *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1339 (Fed. Cir. 2007).

    During the May 10, 2007 teleconference on Amazon.com's motion to compel, the Court ordered the parties to submit briefs addressing how the Supreme Court and Federal Circuit decisions eliminating the "reasonable apprehension of suit" requirement impact Cordance's reliance on the test articulated in *Lang v. Pacific Marine and Supply Co.*, 895 F.2d 761, 764 (Fed. Cir. 1990).[1] Amazon.com respectfully submits the following explanation of the effects of these decisions on Cordance's Motion to Dismiss.

**I.**    **The *Lang* test that Cordance relies on in its Motion to Dismiss has been rejected by the Supreme Court of the United States.**

    Courts have authority "[i]n a case of actual controversy ... to declare the rights and other legal relations of any interested party seeking such declaration" under the Declaratory Judgment Act, which is rooted in Article III of the United States Constitution providing for federal

---

[1] As is the case here, the relief sought in *Lang* was a declaration that conduct would infringe a patent rather than the typical declaration that such conduct would not infringe the patent.

The Honorable Mary Pat Thynge
May 24, 2007
Page 2

jurisdiction over "cases and controversies." 28 U.S.C. § 2201(a). It is well established that the Declaratory Judgment Act extends to patent disputes. Indeed, the Federal Circuit confirmed in *Lang* that a patentee may seek a declaration of infringement so long as the patentee alleges the required controversy under the Declaratory Judgment Act. 895 F.2d 763. To determine whether the required controversy has been met by the patentee, the Federal Circuit in *Lang* applied its two-prong controversy test for actions seeking declaratory judgment of non-infringement from *Arrowhead Inds. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988), requiring that:

> (1) the defendant [] be engaged in an activity directed toward making, selling, or using subject to an infringement charge under 35 U.S.C. § 271(a) (1982), or be making meaningful preparation for such activity; and (2) acts of the defendant [] indicate a refusal to change the course of its actions in the face of acts by the patentee sufficient to create *a reasonable apprehension that a suit will be forthcoming*. *Lang*, 895 F.2d at 764 (emphasis added).

Cordance's Motion to Dismiss is based on this test.

The Supreme Court in its recent decision in *Medimmune*, however, stated that this "reasonable-apprehension-of-suit-test" contradicts several of the Supreme Court's prior decisions. 127 S. Ct. at 774, fn.11. Specifically, the Supreme Court stated that the reasonable-apprehension-of-suit requirement, which is the second prong of the *Lang* test, contradicts its decision in *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941). In *Maryland Casualty*, the Supreme Court found the required controversy even though the declaratory-judgment defendant could not even initiate a lawsuit against the declaratory-judgment plaintiff and thus the plaintiff lacked any apprehension of a lawsuit. The Supreme Court also found that the reasonable-apprehension-of-suit requirement contradicts its decision in *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937), where the Supreme Court held that subject matter jurisdiction existed over a declaratory judgment claim even though the defendant did not indicate that he would file any lawsuits. Further, the Supreme Court held that the second prong of the *Lang* test contradicts its decision in *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993), where the Court held that a determination of non-infringement does not moot a declaratory judgment counterclaim of patent invalidity even though the controversy as to the infringement has been resolved.

In response to the Supreme Court's rejection of the "reasonable-apprehension-of-suit" requirement, the Federal Circuit first explicitly abolished this prong of its declaratory judgment standard. *SanDisk Corp.*, 480 F.3d at 1380. Indeed, in *SanDisk* the Federal Circuit explicitly abandoned this prong of the *Arrowhead* test—the test adopted by the Federal Circuit in *Lang*. In its subsequent decision in *Teva Pharmaceuticals*, the Federal Circuit emphasized that Supreme Court authority instructs examining "all circumstances" rather than rigidly applying tests developed in its earlier cases:

> because the Supreme Court in MedImmune cautioned that our declaratory judgment "reasonable-apprehension-of-suit" test "contradict[s]" and "conflicts" with its precedent, *these Federal Circuit tests* have been "overruled by ... an intervening ... Supreme Court decision." Therefore, we follow MedImmune's teaching to look at "all circumstances' under Maryland Casualty to determine

The Honorable Mary Pat Thynge
May 24, 2007
Page 3

> whether" a justiciable Article III controversy exists. *Teva Pharms.*, 482 F.2d at 1339 (emphasis added) (citations omitted).

Thus, the correct test to apply to determine whether a court has subject matter jurisdiction over a declaratory judgment claim is the test under *Maryland Casualty*:

> whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Id.* at 1337.

This test does not require a declaratory-judgment-plaintiff to allege any specific actions by the patentee or the accused infringer to establish the required case or controversy for a declaratory judgment claim.

II. **The *Maryland Casualty* "totality of circumstances" test applies to declaratory judgment of infringement claims.**

The reasonable-apprehension-of-suit test is overruled regardless of whether it is applied to an action seeking a declaratory judgment of infringement or non-infringement. Cordance argues that because in *MedImmune* and the two subsequent Federal Circuit cases, *SanDisk* and *Teva Pharmaceuticals*, the claims were for a declaratory judgment of non-infringement, these cases do not apply to Amazon.com's counterclaim as it seeks declaratory judgment of infringement. But, none of the decisions support this interpretation. Indeed, in its reply in support of its motion, Cordance admits that the test for the controversy requirement for a declaratory judgment of infringement articulated in *Lang* is the same as the test for the controversy requirement for a declaratory judgment of non-infringement:

> Lang was a case of first impression in the Federal Circuit, and in formulating the two-element test [for declaratory judgment of infringement], the court adapted the test for meeting the controversy requirement for a declaratory judgment of noninfringement. D.I. 34, Cordance's Reply in Support of its Motion to Dismiss at p. 4.

Cordance is correct in its reply as the court in *Lang* specifically applied its test from *Arrowhead*, originally developed for actions seeking declaratory judgment of non-infringement, to an action seeking declaratory judgment of infringement. *Lang*, 895 F. 2d at 764. In fact, the Federal Circuit has relied on the *Lang* test even when a party sought a declaratory judgment of non-infringement. *Sierra Applied Sciences, Inc. v. Advanced Energy Industries, Inc.*, 363 F.3d 1361, 1378-1379 (Fed. Cir. 2004). In addition, in *Teva Pharmaceuticals*, the Federal Circuit confirmed that all tests requiring reasonable-apprehension-of-suit have been overruled: because the "'reasonable-apprehension-of-suit' test 'contradict[s]' and 'conflicts' with [Supreme Court's] precedent, *these Federal Circuit tests* have been 'overruled by … an intervening … Supreme Court decision.'" 482 F.2d at 1339 (emphasis added). Thus, *Maryland Casualty*, *Medimmune*, *SanDisk* and *Teva Pharmaceuticals* apply to declaratory judgment of infringement situations and to Amazon.com's counterclaim.

The Honorable Mary Pat Thynge
May 24, 2007
Page 4

### III. Amazon.com's allegations in its counterclaim satisfy the *Maryland Casualty* "totality of the circumstances" test and establish the required controversy under the Declaratory Judgment Act.

The allegations in Amazon.com's Fourth Counterclaim establish the required immediate and real controversy and satisfy the "totality of circumstances" test. The counterclaim alleges that Cordance's infringing activities are immediate as the accused products and services "will soon be made available to the public, if not already so available." D.I. 24, Counterclaim at ¶ 22. Amazon.com's counterclaim further alleges that Cordance's infringing activities are real and have already begun as "Cordance has engaged in present activity and/or taken concrete steps with intent to conduct such activity" by "standardizing, promoting, commercializing, and/or operating" the accused products and services. D.I. 24, Counterclaim at ¶ 23. In addition, the allegations in Amazon.com's counterclaim establish that the parties have adverse interests as Amazon.com has a right to exclude others from practicing its patent and Cordance has taken very concrete steps with intent to practice Amazon.com's patent.

As described in greater detail in D.I. 33, Amazon.com's Answering Brief in Opposition to Cordance's Motion to Dismiss (Amazon.com's Opposition), Cordance's activities establish an immediate controversy. Cordance has created "the leading open standard" covering the accused products and services—an act that by itself is enough to establish patent infringement. *Sony Electronics Indus. v. Soundview Technologies, Inc.*, 157 F. Supp. 2d 190 (D. Conn. 2001) (developing and promoting industry standards can induce patent infringement); *see also* Cordance's Motion to Dismiss at 3. Cordance has offered for sale and sold the accused iNames. *See* Amazon.com's Opposition at 6-12. Cordance has registered several i-Brokers to distribute its iNames and has generated revenue from these i-Brokers. *See Id.* Cordance advertises the accused services through its website. *See Id.* Indeed, contrary to the Declaration of Drummond Reed in Support of Cordance's Motion to Dismiss, Cordance continues to advertise the accused Unified Address Book by supplying links to its i-Brokers' websites advertising the accused service as "arriving soon."

Further, as described in Amazon.com's Opposition, not only has Cordance already begun the infringing activity, but the design of the accused Unified Address Book is substantially fixed and real with respect to its potentially-infringing characteristics as the claims of the '369 patent cover the core of the Unified Address Book regardless of its implementation.

Moreover, the allegations in Amazon.com's counterclaim establish that the parties have adverse legal interests. Amazon.com seeks to enforce its right to exclude others from practicing its patent. Cordance, on the other hand, has taken concrete steps with intent to conduct activity covered by Amazon.com's patent and induce others to do the same, and has already engaged in the infringing activity. Thus, as described in Amazon.com's Opposition, the counterclaim directly relates to the parties' adverse legal interests with respect to Amazon.com's patent and Cordance's infringing technology.

Therefore, Amazon.com's counterclaim alleges facts, that under all the circumstances, show that there is a substantial controversy between Amazon.com and Cordance with adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

In addition, the Court's exercise of subject matter jurisdiction over Amazon.com's declaratory judgment counterclaim is proper in light of the Supreme Court's precedent. As described above, in *Aetna Life Insurance,* the Supreme Court held that subject matter jurisdiction existed over a declaratory judgment claim even though the defendant did not indicate that he would file any lawsuits. Indeed, the Supreme Court in *Aetna Life Insurance* held that "[i]t is the nature of the controversy, not the method of its presentation or the particular party who presents it, that is determinative." 300 U.S. at 244. Here, the nature of the real and immediate controversy is rooted in the Patent Act that provides Amazon.com with a right to exclude Cordance from practicing its patent. *See* 35 U.S.C. § 271. This controversy exists regardless of whether Amazon.com notified Cordance of the patent or not as Cordance has taken very concrete step with intent to engage in and expand its infringing activity contrary to Amazon.com's right under its patent. Whether the accused technology meets the elements of a patent claim is a concrete justiciable controversy.

Similarly, the exercise of subject matter jurisdiction over Amazon.com's counterclaim is consistent with the Supreme Court's holding in *Maryland Casualty*. In that case, the Supreme Court found the required controversy even though there were no communications between the declaratory-judgment defendant and the declaratory-judgment plaintiff relating to the subject matter of the lawsuit. In fact, the declaratory-judgment defendant could not even sue the declaratory-judgment plaintiff. The Supreme Court found however, that because the parties had adverse legal interests with respect to the subject matter of the lawsuit, the controversy requirement of the Declaratory Judgment Act has been met. As in *Maryland Casualty*, Amazon.com and Cordance have adverse legal interests with respect Amazon.com's patent and Cordance's technology that give rise to a real and immediate controversy. Thus, the Court should exercise its subject matter jurisdiction over Amazon.com's declaratory judgment claim as Amazon.com sufficiently alleged the required controversy in its counterclaim.

## IV. Conclusion

Cordance's Motion to Dismiss is based on the test that has been overruled by the Supreme Court and abolished by the Federal Circuit. Amazon.com's allegations in its couterclaim, as described in great detail in Amazon.com's Opposition, satisfy the requirements of the "totality of circumstances" test that this Court must now use to determine whether it has subject matter jurisdiction over Amazon.com counterclaim. The Court should deny Cordance's Motion to Dismiss.

Respectfully,

*/s/ David E. Moore*

David E. Moore

797663 / 30768
cc:   Clerk of the Court (via hand delivery)
      Steven J. Balick (via electronic mail)
      Robert M. Abrahamsen (via electronic mail)