

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

David E. Moore

Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

July 5, 2007

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

    Re:    *Cordance Corporation v. Amazon.com, Inc.*, C.A. No. 06-491-MPT

Dear Judge Thynge:

    On May 10, 2007, in response to defendant and counterclaim plaintiff Amazon.com, Inc.'s ("Amazon.com") motion to compel discovery related to its counterclaim for declaration of infringement of U.S Patent No. 6,269,369 ("'369 patent"), this Court ordered plaintiff and counterclaim defendant Cordance Corporation ("Cordance") to produce documents related to the issue of "whether there is a real and substantial controversy" underlying Amazon.com's counterclaim. *See* May 10, 2007 Hearing Transcripts at 14:21-2.

    The Court, indicating that it did not wish discovery to just "lay fallow," ordered Cordance to produce documents in response to narrowly tailored requests from Amazon.com. *Id.* at 15:2–9. In describing the type of discovery it would allow, the Court explained that information bearing on whether there are "definitive and concrete problems that definitely exist" is of the type that would be allowed. *Id.* at 14:23-4.

    Based on the Court's rulings, Amazon.com selected a subset of its outstanding requests to Cordance, narrowed them[1], and identified for Cordance limited categories of documents it should produce.

    In particular, Amazon.com indicated Cordance should produce:

- Documents sufficient to show Cordance's involvement, whether direct or indirect, in design, development, advertisement and marketing of the accused products.

- Documents bearing upon Cordance's relationship with third parties to promote and commercialize the accused products.

Despite having several conferences on the subject, the parties are unable to agree whether the Court's order called for production of these documents. Cordance does not agree to produce any document within the scope of these narrowed requests. Amazon.com believes they are within

---

[1] The requests are narrowed only until Cordance's motion to dismiss is decided.

The Honorable Mary Pat Thynge
July 5, 2007
Page 2

the scope and intent of the Court's ruling on the earlier motion to compel and requests the Court order their immediate production.

**Cordance's Refusal To Produce Documents**

Cordance asserts that the discovery the Court ordered was limited to that relevant to the facial attack on the Court's jurisdiction that Cordance raised in its motion to dismiss. As Cordance's reasoning goes, because its attack is facial, it "doubts any further discovery is necessary to address the pending motion." May 31, 2007 Letter from Michael Albert (Ex. A hereto). Thus, Cordance has not produced a single document after the Court's order.

In a June 18, 2007 telephone conference, Cordance's counsel stated that it would only produce documents that bear on whether Amazon.com approached Cordance regarding the '369 patent before filing its counterclaims. As the Court will recall from Cordance's Motion to Dismiss, Cordance has represented that Amazon.com did not approach Cordance regarding the '369 patent before filing its counterclaims. D.I. 28, Cordance Motion to Dismiss at 12. The documents it has "agreed[2]" to produce under the Court's order, thus are an empty category of documents, as it is, of course, aware.

**The Court Ordered Discovery Take Place, *inter alia*, On Whether A Substantial Controversy Exists**

The transcript of the hearing on Amazon.com's motion to compel makes clear that the Court did not intend to limit discovery in the manner Cordance contends. The Court indicated discovery should take place relating to there was a substantial controversy between the parties. *See* May 10, 2007 Hearing Transcripts at 14:6-15:1 ("I am going to allow some discovery to be taken ... not off to the side as whether what is being done infringes, but going directly to the issue of whether there is a real and substantial controversy out there."); *see also Id.* at 12:7-17 (describing issues under *MedImmune* upon which discovery may be had the Court stated "declaratory judgment actions satisfy a case or controversy when the dispute is definite and concrete, touching the legal relations of the parties having adverse legal interest, and that it be real and substantial....").

Amazon.com's counterclaim alleges Cordance has engaged in present activity and/or taken concrete steps with the intent to conduct such activity, which would constitute infringement of one or more claims of the '369 patent directly, as inducement of infringement and/or as contributory infringement. D.I. 11, Amazon.com Counterclaims ¶ 18. Cordance, in its motion to dismiss, tried to disassociate itself from the accused products. D.I. 28, Cordance Motion to Dismiss at 5. With regard to Unified Address Book Service and Contact Service, Cordance claims that it has no involvement with these services. *Id* at 4-7.

---

[2] Cordance agreed it would produce all documents relating to (1) requests from Amazon.com to Cordance that Cordance cease or modify any activities; (2) requests from Amazon.com to Cordance that Cordance license the '369 patent; (3) to Cordance's refusal to comply with any requests by Amazon.com; (4) U.S. Patent 6,269,369.

The Honorable Mary Pat Thynge
July 5, 2007
Page 3

### The Discovery Amazon.com Sought Relates to Whether A Substantial Controversy Exists

Amazon.com sought discovery sufficient to show Cordance's involvement with, relationship to and immediate plans with the accused products. This discovery is relevant to whether there is a substantial controversy between the parties. Documents showing Cordance's activity with the accused products can demonstrate the stage of development of the relevant features, efforts to commercialize them, and how Cordance contemplated they would be used and marketed. All of these relate to whether Cordance's activity with respect to the accused products is substantial and if there is a justiciable controversy about infringement by the accused products of the '369 Patent. In addition, documents bearing on Cordance's relationship with third parties to promote and commercialize the accused products bear on whether activity underlying the counterclaim involved Cordance (as it contests in its motion to dismiss), *i.e.,* whether a substantial controversy exists *with Cordance*.

Cordance's grounds for refusing to produce the documents do not withstand scrutiny. The Court, in the hearing on Amazon.com's motion to compel, was concerned first that discovery not lay fallow and second that it proceed along the lines of the recent Supreme Court and Federal Circuit decisions rejecting rigid rules for declaratory judgment actions, in lieu of a test whether there is a substantial controversy that can be adjudicated. The position Cordance conjures flaunts both. Cordance, as demonstrated by the fact that it has not produced a single document after the Court's order, set forth a strained position to keep discovery fallow. That position does not look to the substance of what the Court ordered, or whether there is a substantial controversy, but arbitrarily limits Amazon.com's discovery to a theory in Cordance's motion to dismiss. There are no grounds for doing so in either the discovery Amazon.com sought or the Court's order. In no instance did the Court indicate it was limiting discovery to a "facial challenge" as Cordance suggests. Rather, as the transcript indicates, the Court's addressed the activity of the parties and with respect to the accused products in the manner which can give rise to a substantial controversy — as Supreme Court and Federal Circuit precedents now demonstrate clearly.

The parties are now seven months into the discovery period and Amazon.com has not received any discovery on its counterclaim. This Court ordered discovery that bears on "whether there is real and substantial controversy out there." Accordingly, Amazon.com respectfully requests this Court provide further specificity and substance to its previous Order by further ordering Cordance to produce non-privileged documents called for by the requests as narrowed above.

Respectfully,

*/s/ David E. Moore*

David E. Moore

805558 / 30763
Enclosure
cc:    Clerk of the Court (via hand delivery)
       Steven J. Balick (via electronic mail)
       Robert M. Abrahamsen (via electronic mail)

# EXHIBIT A



Wolf Greenfield
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

**Michael A. Albert**
malbert@wolfgreenfield.com
direct dial 617.646.8240

May 31, 2007

Ryan J. Marton, Esq.
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104

      Re:    Cordance v. Amazon
              Our File No. I0234/60000US00

Dear Ryan:

      At the May 10, 2007 hearing, Judge Thynge denied Amazon's broad discovery requests purportedly directed to the merits of Amazon's Fourth Counterclaim ("the Counterclaim"). The Court further ordered that parties work together to agree to "narrowly tailored" discovery requests "directed to the issue that [the Court must] decide." The issue that the Court must decide is whether Amazon has failed to state a claim amounting to an actual controversy between the parties with respect to the Counterclaim.

      Cordance contends that Amazon's pleadings do not establish an actual controversy between the parties with respect to the Counterclaim. Since Cordance's objection to jurisdiction is facial, the only discovery that could be relevant would be to determine whether Amazon has a basis to amend its pleadings to include additional factual allegations that could remedy the jurisdictional defect. Any additional factual allegations would, of course, have to be based on facts that existed at the time Cordance filed its complaint against Amazon.

      Amazon's discovery proposal as set forth in your letter of May 18, 2007 does not address these issues, and instead broadly seeks discovery on other matters. Your proposal thus does not comply with the Court's May 10th order. The three categories of documents requested by Amazon relate only to facts already alleged by Amazon and do not relate to any additional facts that could remedy the facial jurisdictional defect. As such, the new discovery requests are not directed to the issue presently under consideration by the Court.

      We share the Court's concern, expressed at the hearing, as to whether Amazon had an evidentiary basis, as required by Rule 11(b)(3), for the allegations it has already made. Be that as it may, on a Rule 12 motion, Amazon is plainly not entitled to fish for evidence that


Wolf Greenfield
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

Ryan J. Marton, Esq.
May 31, 2007
Page 2

would give it a Rule 11 basis to make such allegations – either it already has such evidence, or it should immediately withdraw its Counterclaim. In either case, Amazon's proposed discovery requests do not solve the problem or comply with the approach the Court has asked the parties to pursue.

While Cordance doubts that any further discovery is necessary to address the pending motion, it is prepared to make a good-faith effort to identify any categories of discovery that Amazon might legitimately need as outlined above. In particular, Cordance proposes that the parties agree to limit discovery on the Counterclaim as follows. Cordance would produce the following categories of materials, to the extent any such materials existed prior to August 8, 2006:

(1) All documents relating to U.S. Patent 6,269,369.

(2) All documents relating to requests from Amazon to Cordance that Cordance cease or modify any activities.

(3) All documents relating to requests from Amazon to Cordance that Cordance license the '369 patent.

(4) All documents relating to Cordance's refusal to comply with any requests by Amazon.

(5) All documents relating to any communications with Amazon.

As established by the case law discussed in the briefing on this issue, the above document categories more than amply cover any reasonable discovery Amazon might be entitled to take in connection with whether Cordance's facial challenge to jurisdiction over the Counterclaim should prevail. If Amazon is aware of other categories of documents that might genuinely and reasonably lead to the discovery of evidence relevant to whether an actual controversy over the '369 patent existed at the time of the filing of the Complaint, Cordance would consider expanding the above list to include such categories. Efforts by Amazon to use its Counterclaim as a fishing expedition into whether it had a Rule 11 basis to file its claims in the first place, or into other issues relating to the merits of allegations while the jurisdictional challenge to the Counterclaim is pending, are improper and do not comport with the Court's



Ryan J. Marton, Esq.
May 31, 2007
Page 3

order. If jurisdiction were found, then of course other discovery as to the facts might be proper, but any such discovery is premature inasmuch as the issue before the court is jurisdictional.

Please advise if we can agree on the above categories of Counterclaim discovery for present purposes or if you would like to discuss this issue further.

Very truly yours,

WOLF, GREENFIELD & SACKS, P.C.

Michael A. Albert