# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

July 6, 2007

The Honorable Mary Pat Thynge                           VIA ELECTRONIC FILING
United States District Court
844 North King Street
Wilmington, DE 19801

   Re: *Cordance Corp. v. Amazon.com, Inc.*, C.A. No. 06-491-MPT

Dear Judge Thynge:

   The current discovery dispute relates to Cordance's Motion to Dismiss Amazon's Fourth
Counterclaim ("the Counterclaim"), which is pending before the Court. On May 10, 2007, the
Court denied Amazon's broad discovery requests directed to the merits of the Counterclaim and
ordered the parties to work together to agree to "narrowly tailored" discovery requests "directed
to the issue that [the Court must] decide." See May 10, 2007 Hearing Transcript at 15:2-4,
15:15-17. The issue that the Court must decide is Cordance's facial challenge to the Court's
jurisdiction over Amazon's unusual claim for a declaratory judgment that some future activity
will infringe its patent. As a matter of law, the only evidence that will help resolve that issue is
evidence that goes to this threshold jurisdictional question.

   Amazon has made no attempt to propose discovery requests that comply with the Court's
May 10th order by being limited to that issue. Instead, Amazon reasserted a subset of its
previous broad discovery requests going to the merits of its Counterclaim, without explaining
what relevance they could possibly have to Cordance's facial challenge. Further, Amazon has
abused the discovery process by issuing a subpoena to a third party in violation of Rule 45 and
by failing to disclose the subpoena to the Court or to Cordance at the May 10th hearing.

**The Court Only Allowed Discovery Directed to Cordance's Facial Challenge**

   The Court's May 10, 2007 order limited discovery on Amazon's Counterclaim to the
issue raised in the briefings on the Motion to Dismiss that Counterclaim – i.e., whether the
Counterclaim fails on its face to establish an actual controversy between Cordance and Amazon
(and could not be amended to establish an actual controversy). As the Court held:

> I am going to allow some discovery, but not to the extent that Amazon obviously
> has already filed. . . . [I will allow discovery] going directly to the issue of
> whether there is a real and substantial controversy out there . . . . [I will allow]
> narrowly tailored requests . . . but not to a full blown evaluation of the merits, the
> underlying merits of the case. . . . [T]here is going to be allowed some discovery
> . . . directed to the issue that I have got to decide.

May 10, 2007 Hearing Transcript at 14-15.

The Honorable Mary Pat Thynge
July 6, 2007
Page 2

Ignoring that order, Amazon is seeking discovery on the merits instead of on the threshold issue that the Court is to decide. Cordance was (and remains) willing to identify all pre-suit correspondence between the parties relating to the '369 patent asserted in the Counterclaim, or anything else reasonably related to this threshold question.

**Amazon Has No Basis for the Discovery it Seeks**

Amazon highlights two of its new requests, both of which make clear that it has not limited itself to threshold issues:

- Documents sufficient to show Cordance's involvement, whether direct or indirect, in design, development, advertisement and marketing of the accused products.

- Documents bearing on Cordance's relationship with third parties to promote and commercialize the accused products.

No such documents (if any exist) would be relevant to the threshold jurisdictional issue. Indeed, there can be no need for discovery on these issues to resolve the Motion to Dismiss for the simple reason that, for the purposes of Cordance's facial challenge, the Court must accept all of Amazon's allegations as true. Amazon has acknowledged on several occasions that Cordance's challenge to the Counterclaim is a facial one. (See, e.g., D.I. 33 at 1, 3-4; Ex. A at 5). Amazon has alleged, and for the purposes of the Motion the Court may therefore assume, that:

- "Cordance is in the business of standardizing, promoting, commercializing, and/or operating" the accused products. (D.I. 24 ¶ 21).

- "[T]he 'Unified Address Book Service' is used in conjunction with the 'Contact Service' and will soon be made available to the public, if not already so available." (D.I. 24 ¶ 22).

- "Cordance has engaged in present activity and/or taken concrete steps with the intent to conduct such activity, which would constitute infringement of one or more claims of the '369 patent directly, as inducement of infringement and/or as contributory infringement." (D.I. 24 ¶ 23).

The discovery Amazon seeks would thus serve only to substantiate allegations that must be assumed true anyway. It cannot bear on a facial challenge such as is the Motion to Dismiss. Assuming Amazon had any Rule 11 basis for its allegations, it is difficult to see why it now so strenuously seeks to substantiate them at this juncture. A motion to dismiss is not the time for a fishing expedition as to the merits of an improperly-asserted claim.

Cordance offered to give Amazon documents directed to the Motion to Dismiss, but Amazon refused to so limit its demands. (D.I. 59, Ex. A). Amazon now misleadingly claims that Cordance "has not produced a single document after the Court's order," but fails to advise the Court that the parties have agreed to hold off on exchanging documents until after a suitable protective order has been entered.

**Amazon is Abusing the Discovery Process**

Not only did Amazon ignore the Court's discovery order, it has made an end run around the order by seeking third party discovery without informing either the Court or Cordance, as required both by the Rules of Civil Procedure and the Local Rules of this District.

The Honorable Mary Pat Thynge
July 6, 2007
Page 3

- Amazon issued a subpoena to CeLiberate on April 19, 2007. (Ex. B). In doing so, Amazon violated Rule 45(b)(1) by failing to notify Cordance of the subpoena and violated Local Rule 5.4(a) by failing to file a Notice of Service. Cordance did not learn of this stealth subpoena until weeks later (well after the May 10th hearing).

- At the May 10th hearing, Amazon did not inform either the Court or Cordance that it had subpoenaed CeLiberate even though the subpoena was both improperly served and relevant to the issues then before the Court.

- Amazon continued to pursue the subpoena to CeLiberate after the Court's May 10th order, even though it was beyond the scope of the Court's order. (See Ex. C).

- Amazon misrepresented the Court's order to CeLiberate in a May 18, 2007 email, in which Amazon wrote:

  > Cordance's motion to dismiss will most likely be denied by the court, especially in light of Judge Thynge's observation that such motions are, more often than not, denied. Thus, it makes sense for CeLiberate to begin producing documents right now and not cause any more delays.

  (Ex. C). Although Your Honor did state that "more often than not, motions to dismiss are denied," Your Honor immediately observed that "[t]his motion to dismiss has a different type of meat and tenor to it." May 10, 2007 Hearing Transcript at 14:16-17.

- CeLiberate informed Amazon on June 6, 2007 that it "has no imminent plans to go online with technology related to the subject of [the] subpoena" and that it "has never had any contact with XDI.org or any iNames broker." (Ex. D). Further, CeLiberate stated in response to requests 1, 2, 7, and 8 of the subpoena that it had no documents responsive to the requests within its possession, custody, or control." (Ex. E). For example, CeLiberate responded that it had no "documents relating to any legal, contractual, financial or any other relationship between [itself] and Cordance."

Thus, not only is Amazon in violation of the May 10th order, it is continuing to conduct a fishing expedition with both Cordance and non-party CeLiberate even though the evidence shows that there is nothing to find.

It is difficult to understand why Amazon might be taking such liberties with the judicial process except in order to increase the legal fees of a much smaller party. Despite the fact that Amazon had never informed Cordance of the existence of the '369 patent, never accused Cordance of patent infringement, never asked Cordance to license its patent or cease any particular activities, and has never – to this day – asked for any specific change in course by Cordance (who has made clear that *it has no intention of selling any address book product*), Amazon maintains its untenable contention that an actual controversy exists between Cordance and Amazon over an unreleased product developed by a third party.

In any event, the information that Amazon has already received from CeLiberate strongly suggests that any further discovery relating to the Counterclaim will be pointless. No further discovery is needed on the Motion to Dismiss the Counterclaim, which Cordance respectfully suggests is ripe for resolution.

The Honorable Mary Pat Thynge
July 6, 2007
Page 4

Respectfully,

*/s/ John G. Day*

John G. Day

JGD/nml
Attachment
182085.1

cc:     Richard L. Horwitz, Esquire (by hand and via electronic mail; w/attachment)
        Lynn H. Pasahow, Esquire (via electronic mail; w/attachment)
        Michael A. Albert, Esquire (via electronic mail; w/attachment)

# EXHIBIT A

# FENWICK & WEST LLP

555 CALIFORNIA STREET, 12TH FLOOR  SAN FRANCISCO, CA 94104
TEL 415.875.2300  FAX 415.281.1350  WWW.FENWICK.COM

May 18, 2007

RYAN J. MARTON

EMAIL RMARTON@FENWICK.COM
DIRECT DIAL (415) 875-2332

## VIA EMAIL AND FEDERAL EXPRESS

Michael A. Albert
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206

     Re:    <u>Cordance Corporation v. Amazon.com, Inc. C.A. No. 06-491 (MPT)</u>

Dear Michael:

At the May 10, 2007 hearing Judge Thynge ordered Cordance to provide discovery that bears on whether there is a substantial controversy underlying Amazon.com's counterclaim for declaration of infringement of its '369 patent.

Pursuant to that ruling, Cordance should produce:

1) Documents that show its contribution, participation or involvement whether direct or indirect, in the design, development, testing, generation of description, operation, sale, marketing, and advertisement of iNames, the Unified Address Book and Contact Service.

2) Documents that show its contribution, participation, relationship or involvement with entities (iBrokers) that commercialize accused iNames services.

3) Documents that show its contribution, participation and involvement with supporting or selling iNames or Global Registry services for use with accused iNames services.

The following discovery requests call for the above information and other information relevant to the case or controversy issue. It should be noted that while many of the requests call for information beyond the case or controversy issue, at this time, pursuant to Judge Thynge's May 10, 2007 Order, Amazon.com seeks only responsive documents that bear on whether there is a substantial controversy underlying its counterclaim of infringement.



Michael A. Albert
May 18, 2007
Page 2

### Document Request No. 79:

Calls for:  All documents relating to the research, design, development, or commercialization of the Cordance Accused Products, including without limitation engineering or lab notebooks, project proposals, progress reports, responses to requests for proposals, articles, abstracts, white papers, presentations, descriptions, specifications, standards, datasheets, samples, blueprints, drawings, prototypes, models, results of modeling studies.

Relevance to case or controversy:  These documents will reflect the nature, quality and imminence of Cordance's infringing conduct.  Cordance should produce documents that show its involvement in any aspect of the accused products.

### Document Request No. 80:

Calls for:  All documents relating to any present or planned features, functionality, organization, structure, method of use, or operation of the Cordance Accused Products.

Relevance to case or controversy:  The extent of Cordance's planning in relation to iNames, Unified Address Book, or Contact Service is relevant to whether it has been or is planning on being involved in infringing activity.

### Document Request No. 81:

Calls for:  All documents relating to the design, structure or specifications of the Cordance Accused Products.

Relevance to case or controversy:  Relevant to the scope of Cordance's involvement with accused products.

### Document Request No. 83:

Calls for:  All documents relating to any decision by Cordance to initiate, continue, discontinue or alter any design, research or development work relating to the Cordance Accused Products, including any versions of such Cordance Accused Products prior and subsequent to such alteration.

Relevance to case or controversy:  Relevant to whether it has been or is planning on being involved in infringing activity.

Michael A. Albert
May 18, 2007
Page 3

**Document Request No. 84:**

Call for:  All documents relating to copying by Cordance of any personal contact manager system.

Relevance to case or controversy:  This calls for documents directly related to the scope and nature of Cordance's involvement in infringing activity.

**Document Request No. 85:**

Calls for:  All documents relating to Cordance's research and analysis of the market for any personal contact manager system.

Relevance to case or controversy:  To the extent there are any documents that show imminence of, need to or planning of entry into this market, such documents would bear directly on the case or controversy issue and accordingly should be produced.

**Document Request No. 87:**

Calls for:  All documents relating to any analysis, description, summary or forecast of the number of users of the Cordance Accused Products.

Relevance to case or controversy:  Any documents showing Cordance's analysis of the future use of the accused products reflect on the imminence of its infringing activities. Accordingly, Cordance should produce any documents that reflect analysis of potential use of the accused products.

**Document Request No. 88:**

Calls for: All documents relating to any analysis, description or forecast of the number of persons who have purchased or paid for, or are expected to purchase or pay for, the use of any of the Cordance Accused Products, including, but not limited to persons who have purchased or paid for, or are expected to purchase or pay for iNames, and persons who have purchased or paid for, or are expected to purchase or pay to register as i-brokers.

Relevance to case or controversy:  Just as with request no. 87, any documents showing Cordance's analysis of the future use of the accused products reflect on the imminence of its infringing activities and to the extent any such documents exist they should be produced.

Michael A. Albert
May 18, 2007
Page 5

### Document Request No. 97:

**Calls for:**  Documents sufficient to show Cordance's involvement, whether direct or indirect, in design, development, advertisement and marketing of Cordance Accused Products, including, but not limited to Unified Address Book and Contact Service.

**Relevance to case or controversy:**   These documents should reflect on the nature and quality of Cordance's relationship to the accused products.

Please let me know when we can expect these documents.

With regard to your May 10, 2007 letter to Darren Donnelly, the issue facing the Court is Cordance's facial attack on Amazon.com's counterclaim.  The counterclaim identifies the accused conduct and additional information addressing the issues Cordance raised in its motion can be found in Amazon.com's Opposition to Cordance's Motion to Dismiss.  To the extent you intended to suggest in your letter that, by granting (in part) Amazon.com's motion to compel discovery from Cordance, the Court ordered discovery from Amazon.com, we think such a suggestion is misplaced.  As you know, Cordance elected to not propound discovery under the Federal Rules relating to Amazon.com's counterclaim; it moved to dismiss it and argued there should be no discovery relating to it.  Amazon.com will respond to discovery on its counterclaim under the Federal Rules (if and when Cordance propounds it) as those Rules require.

If you would like to talk about of this, please do not hesitate to contact me.

Sincerely,

FENWICK & WEST LLP

Ryan J. Marton

AO88 (Rev. 1296) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

CORDANCE CORPORATION

V.

AMAZON.COM, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    CV06-491-MPT

TO:  CELIBERATE, INCORPORATED
     755 PAGE MILL ROAD
     PALO ALTO, CA 94304

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE    Gaurav Mathur, Esq., Fenwick & West LLP, 555 California St., 12th Floor, San Francisco, CA 94104. | DATE AND TIME  5/21/2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Defendant | DATE  4/19/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Gaurav Mathur, Esq., 555 California St., 12th Floor, San Francisco, CA 94104. Telephone: (415) 875-2436.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT
B
ALL STATE LEGAL SUPPLY CO.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | CT CORPORATION SYSTEM<br>818 WEST SEVENTH ST., LOS ANGELES, CA 90017. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
DATE                                         SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

# EXHIBIT A

## DEFINITIONS

1.    "'369 PATENT" means U.S. Patent No. 6,269,369, listing Brian D. Robertson as inventor, filed on November 2, 1997, and issued on July 31, 2001, and titled "Networked Personal Contact Manager."

2.    "'710 PATENT" means U.S. Patent No. 6,757,710, listing Drummond Shattuck Reed as inventor, filed on February 5, 2002, issued on June 29, 2004, and titled "Object-Based On-Line Transaction Infrastructure."

3.    LAWSUIT refers to the ongoing litigation captioned *Cordance Corporation v. Amazon.com, Inc.* in the United States District Court for the District of Delaware (C.A. No. 06-491-MPT).

4.    The term "RELATED PATENTS/APPLICATIONS" as used herein in connection with a given patent means all related patents/applications listed as the Related U.S. Application Data on the face of given patent and any foreign counterparts of the given patent.

5.    "CONTACT SERVICES" shall mean and include any functionality, service, system, capability, system, component, or combination thereof which can provide contact management via a network; the term specifically includes the "Unified Address Book" and "Contact" i-name services promoted as such.

6.    "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all non-identical copies, and all preliminary and final drafts of any such item.

7.    "COMMUNICATION" refers to all written and oral inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, postcards, notes, telegrams, advertisements, computer messages, e-mail messages, voice-mail messages, and all other DOCUMENTS evidencing any

1

verbal or nonverbal interaction between two or more PERSONS.

8.    "PERSONS" means any individual, corporation, proprietorship, association, joint venture, company, partnership, governmental body or agency, or any other business or legal entity.

9.    "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO," "REFERRING TO," "CONCERNING" and "REGARDING" shall mean pertaining to, mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, addressing, referring to, dealing with, comprising, consisting of, containing, providing basis for, resulting from, or recording a particular subject in whole or in part either directly or indirectly or being in any way logically or factually connected with the matter discussed or identified.

10.    "YOU," or "YOUR" means CeLiberate, Incorporated.

11.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

12.    The words "and" and "or" mean "and/or" and shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

1.    In producing DOCUMENTS, furnish all DOCUMENTS known or available to YOU in YOUR possession, custody or control.

2.    Electronic DOCUMENTS must be produced in their native forms (e.g., electronic DOCUMENTS must be produced electronically).  Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

3.    Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), YOU must supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

a.    The identity of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

2

b. The identity(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

c. The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

d. The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

e. The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

4. If any DOCUMENT responsive to any of the following requests is believed by YOU to be subject to confidentiality obligations owed by YOU to a third party, identify the DOCUMENT, and identify the third party to whom YOU owe an obligation of confidentiality with respect to that DOCUMENT.

5. If any DOCUMENT is deemed confidential by YOU and the parties to this case have not been able to agree on an appropriate protective order, all such DOCUMENTS shall be protected under Delaware Local Rule 26.2 until a protective order is in effect.

6. The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

## REQUESTS FOR PRODUCTION

1. All DOCUMENTS and COMMUNICATIONS between YOU and Cordance Corporation or any other predecessor, successor, officer, director, or affiliate of Cordance Corporation, or any other person CONCERNING the '369 PATENT, any invention described in the '369 PATENT, Amazon.com or any of its technology or activities, the 710 PATENT or its RELATED PATENTS/APPLICATIONS, any invention described in the '710 PATENT or its RELATED PATENTS/APPLICATIONS, or the LAWSUIT.

2. All DOCUMENTS RELATING TO any legal, contractual, financial or any other

3

relationship between YOU and Cordance Corporation.

3.    All DOCUMENTS RELATING TO the "CONTACT SERVICES, including without limitation DOCUMENTS RELATING to design, development, testing, operation of the "CONTACT SERVICES.

4.    A copy of the build and test environment for software implementing the CONTACT SERVICES including the source code, documents sufficient to show and fully explain the process for building applications implementing the CONTACT SERVICES (or aspects thereof) and all documents RELATING TO testing of the CONTACT SERVICES.

5.    ALL DOCUMENTS RELATED TO development and deployment of the CONTACT SERVICES or any aspect thereof outside CeLiberate, including any project plans, schedules, announcements, or specifications.

6.    ALL DOCUMENTS RELATING TO use of i-name registries for operation of CONTACT SERVICES.

7.    ALL DOCUMENTS provided to Cordance RELATING TO the CONTACT SERVICES.

8.    ALL DOCUMENTS RELATING TO Cordance's or any of its employees' direct or indirect involvement in the "CONTACT SERVICES, including without limitation Cordance's or any of its employees' direct or indirect involvement in the service's design, development, operation, testing, promotion, and advertisement.

9.    ALL DOCUMENTS RELATING TO importance, benefits, or forecasted or projected adoption of the iNames technology and the "CONTACT SERVICES.

10.    ALL DOCUMENTS RELATING TO forecasted and projected deployment of the "CONTACT SERVICES.

4

11.    ALL DOCUMENTS RELATING TO offerings of the "CONTACT SERVICES via iNames brokers.

12.    ALL DOCUMENTS RELATING TO agreements whether formal or informal, written or oral, between YOU and iNames brokers, YOU and Cordance, and YOU and XDI.ORG RELATING TO the iNames technology or related services.

13.    ALL DOCUMENTS RELATING TO any licenses or rights granted by Cordance or any standards-relating organizations or entities such as XDI.ORG to YOU of any inventions described or claimed in '710 PATENT and its RELATED PATENTS/APPLICATIONS.

14.    ALL DOCUMENTS RELATING TO any past, present, forecasted or projected costs, profits, and revenues RELATING TO the iNames technology, the "Unified Address Book" service, or the "Contact Service" including without limitation DOCUMENTS RELATING TO Cordance's contribution and share of costs, profits, and revenues.

15.    All DOCUMENTS RELATING TO the "iNames" service.

16.    All DOCUMENTS RELATING TO the "Contact Service."

17.    DOCUMENTS sufficient to show and identify all persons involved with the development, implementation, and operation of your software for the CONTACT SERVICES, including each such individual's respective involvement.

18.    DOCUMENTS sufficient to show and identify a custodian or custodians of records for the other materials sought hereunder.

23984/00407/LIT/12621362

5

## O'Neill, Jeffrey C.

**From:** Gaurav Mathur [GMathur@fenwick.com]
**Sent:** Friday, May 18, 2007 6:29 PM
**To:** BLevine@mofo.com
**Cc:** Darren Donnelly; Saina Shamilov; Abrahamsen, Robert; Albert, Michael; O'Neill, Jeffrey C.
**Subject:** CeLiberate Subpoena

Hi Brian,

The arguments you raise with regards to service of the subpoena and the May 10 Court ruling simply do not provide a basis for CeLiberate to disregard its obligations under the rules. At the time of the May 10 telephone conference, Cordance's counsel was certainly well aware of one other third-party subpoena issued by Amazon.com. Also, there is no basis for your suggestion that Cordance play a role in determining the scope of the subpoena served on a third party like CeLiberate. The court's instruction is for Amazon.com and Cordance to work together with regards to the discovery requests they have served upon each other, not third parties.

In addition, Cordance's motion to dismiss will most likely be denied by the court, especially in light of Judge Thynge's observation that such motions are, more often than not, denied. Thus, it makes sense for CeLiberate to begin producing documents right now and not cause any more delays.

With respect to the scope of the document requests, the requests relating to how CeLiberate's technology works and CeLiberate's relationship with Cordance are clearly within the "narrowly tailored" discovery that the Court has ordered here. Please confirm that CeLiberate will begin producing documents related to these requests without any further delay. We are open to discussing the scope of the remaining requests.

Fell free to call me anytime to discuss. Thanks.

Gaurav

Gaurav Mathur
Fenwick & West LLP
(415) 875-2438

---

**From:** Levine, Brian L. [mailto:BLevine@mofo.com]
**Sent:** Friday, May 18, 2007 12:01 PM
**To:** Gaurav Mathur
**Cc:** Darren Donnelly; Saina Shamilov; Abrahamsen, Robert; Albert, Michael; O'Neill, Jeffrey C.
**Subject:** RE: Email to CeLiberate counsel

Hi Gaurav,

On our phone conversation yesterday, we also discussed the fact that Amazon failed to serve a copy of this subpoena on its opposing counsel and failed to alert my client that on May 10 (after you served this subpoena), the U.S. District Court for the District of Delaware struck Amazon's discovery requests finding that it would allow some "narrowly tailored" discovery ("certainly not to the broad extent that Amazon has now filed it") and required Amazon and Cordance to "work together" and determine "what the discovery is going to be."

You are correct that at that hearing the Court was only considering the discovery Amazon propounded on Cordance, but this was only because Amazon failed to alert either the Court or opposing counsel that it had even served third-party subpoenas requesting discovery on the same topic. Had that issue been brought to the Court's attention (as it properly should have been), it seems clear that it would have either quashed thi_____ or at least narrowed it considerably.

EXHIBIT
C
ALL-STATE LEGAL SUPPLY CO.

Even apart from the Court's order, your document request is extraordinarily broad and would be very time-consuming and expensive, particularly given that my client is not a party to this litigation.

As I concluded in our phone conversation, given the Court's Order, counsel for Amazon and Cordance should work together to agree on a proper "narrowly tailored" subpoena, if any.  Once you have provided us with the narrowed subpoena, we can discuss when CeLiberate will produce the requested documents

Best regards,

Brian

---

**From:** Gaurav Mathur [mailto:GMathur@fenwick.com]
**Sent:** Friday, May 18, 2007 9:41 AM
**To:** Levine, Brian L.
**Cc:** Darren Donnelly; Saina Shamilov
**Subject:** FW: Email to CeLiberate counsel

Brian,

This email serves as a follow up to our phone conversation yesterday .  I want to reiterate a couple of points.  First, the subpoena was served on CeLiberate on April 19, 2007.  Thus, CeLiberate's objections to the subpoena were due on May 3, 2007 pursuant to F.R.C.P. 45(c)(2)(B).  As you well know, CeLiberate failed to timely object to the subpoena.

Second, per the May 10, 2007 telephone conference, Judge Thynge has allowed discovery related to Amazon.com's counterclaim , albeit somewhat limited in scope, to proceed.  Note that Judge Thynge has not limited third party discovery in any way and thus there is no justification for a narrowing of Amazon.com's discovery requests to CeLiberate.

Please advise as to when CeLiberate will produce the requested documents.  Thanks.

Gaurav

**Gaurav Mathur**
---------------------------------
**Fenwick & West LLP**
555 California St.
12th Floor
San Francisco, CA 94104
tel: 415-875-2438
gmathur@fenwick.com

----------------------------------------
IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
----------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

## O'Neill, Jeffrey C.

**From:** Abrahamsen, Robert
**Sent:** Wednesday, June 06, 2007 6:00 PM
**To:** Albert, Michael; O'Neill, Jeffrey C.
**Subject:** FW: Subpoena to CeLiberate, Inc.

**From:** Levine, Brian L. [mailto:BLevine@mofo.com]
**Sent:** Wednesday, June 06, 2007 5:57 PM
**To:** Gaurav Mathur
**Cc:** Abrahamsen, Robert
**Subject:** RE: Subpoena to CeLiberate, Inc.

Hi Gaurav,

I write in response to our conference call and your letter of June 5, 2007.

Although CeLiberate continues to believe Amazon's subpoena is void and unenforceable and that Amazon is not entitled to any discovery from CeLiberate, in the spirit of cooperation, CeLiberate has agreed to answer the two questions which you posed to me. The answers to your question are as follows:

1. CeLiberate has no imminent plans to go online with technology related to the subject of your subpoena.

2. CeLiberate has never had any contact with XDI.org or any iNames broker.

Given CeLiberate's cooperation and given the answers to these questions, CeLiberate now considers the matter of the subpoena to be closed.

Best regards,

Brian

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

7/3/2007

EXHIBIT
D

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

May 21, 2007

Writer's Direct Contact
650.813.5678
BLevine@mofo.com

Via Mail and Email

Gurav Mathur
Fenwick & West LLP
555 California St.
12th Floor
San Francisco, CA 94104
gmathur@fenwick.com

Re:    Amazon's Third-Party Subpoena to CeLiberate

Dear Gurav:

I write to follow up on our ongoing discussions regarding the propriety and scope of the third-party subpoena which Amazon served on CeLiberate. It is CeLiberate's position that Amazon's subpoena is void and unenforceable because it was not timely served on Cordance. *See, e.g., Florida Media Inc. v. World Publications, L.L.C.*, 236 F.R.D. 693 (M.D. Fla. 2006).

Without waiving any objection based on the foregoing, enclosed are CeLiberate's formal objections to Amazon's document subpoena. Many of these objections are based on confidentiality. If a protective order has been entered in the case, please forward a copy.

In any case, as you may gather from CeLiberate's Objections to Requests 1, 2, 7, and 8, CeLiberate does not have and has never had any relationship or communications with Cordance. CeLiberate's failure to make similar statements with respect to your other requests should not be read as a suggestion that CeLiberate has any documents responsive to these other requests. This merely reflects our inability to do a thorough investigation with respect to these other broad requests at this stage.

Based upon the fact that CeLiberate does not have and has never had any relationship or communications with Cordance, we believe that any further action to enforce this void subpoena against CeLiberate is unnecessary.

Please feel free to contact me if you would like to discuss the matter further. CeLiberate is willing to cooperate with your investigation, to the extent that it does not result

pa-1167649



**MORRISON | FOERSTER**

Gurav Mathur
May 21, 2007
Page Two


in undo burden or compromise any of CeLiberate's trade secrets or any other confidential
research, development, financial, commercial or proprietary information.


Sincerely,

*Brian Levine*

Brian L. Levine

1   BRYAN WILSON  (CA SBN 138842)
    BRIAN L. LEVINE (CA SBN 246726)
2   MORRISON & FOERSTER LLP
    755 Page Mill Road
3   Palo Alto, California  94304-1018
    Telephone: 650.813.5600
4   Facsimile: 650.494.0792
    *DRains@mofo.com*
5
6   Attorneys for Third-Party CeLiberate
7
8                    UNITED STATES DISTRICT COURT
9                       DISTRICT OF DELAWARE
10
11  Cordance Corporation                    Master File No. CV 06-491-MPT
12                                           DERIVATIVE ACTION
13  v.                                      OBJECTIONS TO THIRD-
                                            PARTY SUBPOENA TO
14  Amazon.Com, Inc.                        CELIBERATE
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   Pursuant to Rules 30 and 45(c)(3)(A) of the Federal Rules of Civil Procedure, third party

2   CeLiberate hereby responds to defendant Amazon.com Inc.'s ("defendant") Civil Subpoena,

3   which includes requests for production of documents, as follows:

### PRELIMINARY STATEMENT

5   In responding to these requests, CeLiberate does not concede the relevancy, materiality or

6   admissibility of any information sought in any of these requests or any response thereto.

7   CeLiberate's responses are made subject to and without waiver of any questions or objections as

8   to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other

9   purpose, of any of the documents or information referred to or of the responses given herein, or of

10  the subject matter thereof, in any proceeding, including the trial of this action or any other

11  subsequent proceeding; and said responses are made specifically subject to the right to object to

12  any proceeding involving or relating to the subject matter of the requests responded to herein.

13  CeLiberate is responding to defendant Amazon.com's Civil Subpoena for documents, and

14  each request therein, as it interprets and understands that request with respect to the issues framed

15  in connection with this litigation.  These responses are based only on information presently

16  known to CeLiberate, and are given without prejudice to CeLiberate's right to supplement, amend

17  or modify these responses or to argue evidence at trial on these issues.

18  Each of the following responses is made subject to the general statements and objections

19  set forth herein, if any, which apply to each and every response and which are hereby

20  incorporated into each and every response hereinafter stated as if set forth in full therein.

21  Subject to the foregoing conditions, CeLiberate objects and responds to these requests as

22  follows:

### GENERAL OBJECTIONS

24  Pursuant to Rule 45 of the Federal Rules of Civil Procedure, CeLiberate hereby objects as

25  follows to defendant's Civil Subpoena of CeLiberate.

26  1.      CeLiberate objects that Amazon.com's document subpoena is void and

27  unenforceable, having not been timely served on Amazon.com's opposing counsel – such failure

28  to timely serve Amazon.Com's opposing counsel, causing great prejudice to CeLiberate.  The

1

1    following objections are made without recognition of the validity of Amazon.com's subpoena and

2    CeLiberate maintains its right to assert that this subpoena is void and unenforceable.

3        2.    CeLiberate objects that Amazon.com's request is outside the scope and spirit of

4    the limitations on discovery imposed by Judge Thynge on May 10, 2007, in a hearing before the

5    U.S. District Court for the District of Delaware.

6        3.    CeLiberate states that it is responding to defendant's requests as it interprets and

7    understands each request contained therein with respect to the issues framed in connection with

8    this litigation.  The responses of CeLiberate to each of defendant's requests will be based solely

9    on the information available to it at the time of this response.  CeLiberate specifically reserves the

10    right to supplement, amend, or modify its objections, responses, and production.

11        4.    CeLiberate objects to the requests, and each of them, as overly broad, unduly

12    burdensome and oppressive, especially considering CeLiberate's third-party status.

13        5.    CeLiberate objects to each request to the extent that it seeks information neither

14    relevant to the claim or defense of any party in this litigation nor reasonably calculated to lead to

15    the discovery of admissible evidence.

16        6.    CeLiberate objects to each request to the extent that it seeks information protected

17    from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

18    rule of privilege or confidentiality provided by constitutional, statutory and common law.  All

19    such information will be withheld.

20        7.    CeLiberate objects to each request to the extent that it seeks information equally

21    available to defendant as to CeLiberate.

22        8.    CeLiberate objects to each request to the extent that it calls for information which

23    relates to, constitutes, contains or otherwise reflects its trade secrets or any other confidential

24    research, development, financial, commercial or proprietary information.

25        9.    CeLiberate objects to each request to the extent that it seeks information the

26    disclosure of which would violate privacy interests of any consumer, current or former employee,

27    representative, or agent of CeLiberate.

28

2

10.   CeLiberate objects to each request to the extent that it seeks information in the possession, custody or control only of defendant.

11.   Nothing contained in the following responses constitutes or shall be construed as an admission or acknowledgment as to the admissibility or relevance of any information.

12.   If, despite its best efforts, CeLiberate produces one or more privileged, otherwise protected, or non-responsive documents, such production will have been inadvertent and not intended in any way whatsoever to waive any legal protection that attaches to such document(s). CeLiberate objects to any reading, copying, summarizing, or other use by defendant of such document(s), and CeLiberate requests that defendant immediately notify CeLiberate of any instance where they know, or reasonably suspect, that such an inadvertent production has occurred and immediately return such document(s) to CeLiberate.

Notwithstanding its specific responses to any particular request, CeLiberate does not waive any of the general objections made herein, each of which is incorporated into each and every specific response as if set forth in full therein.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.   CeLiberate objects to Paragraphs 6 and 9 of the Definitions to the extent they purport to impose on CeLiberate any obligations in excess of those set forth in the Federal Rules of Civil Procedure.

2.   CeLiberate objects to Paragraph 2 of the Instructions to the extent that it calls for production of documents in native format.

3.   CeLiberate objects to Paragraphs 3 and 4 of the Instructions to the extent they purport to impose on CeLiberate any obligations in excess of those set forth in the Federal Rules of Civil Procedure.  CeLiberate also objects to this request as it calls for information which relates to, constitutes, contains or otherwise reflects its trade secrets or any other confidential research, development, financial, commercial or proprietary information.

## OBJECTIONS TO DOCUMENT REQUESTS

3

1.    CeLiberate objects to Document Request No. 1 as not calculated to lead to the discovery of relevant evidence and as beyond the scope of discovery authorized by the Court in the underlying Delaware action.  Without waiving the foregoing objections, CeLiberate has no documents responsive to this request within its possession, custody or control.

2.    CeLiberate objects to Document Request No. 2 as not calculated to lead to the discovery of relevant evidence and as beyond the scope of discovery authorized by the Court in the underlying Delaware action.  Without waiving the foregoing objections, CeLiberate has no documents responsive to this request within its possession, custody or control.

3.    CeLiberate objects to Document Request No. 3 as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence and beyond the scope of discovery authorized by the Court in the underlying Delaware action.  CeLiberate further objects this request as it calls for information which relates to, constitutes, contains or otherwise reflects its trade secrets or any other confidential research, development, financial, commercial or proprietary information.

4.    CeLiberate objects to Document Request No. 4 as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence and beyond the scope of discovery authorized by the Court in the underlying Delaware action.  CeLiberate further objects this request as it calls for information which relates to, constitutes, contains or otherwise reflects its trade secrets or any other confidential research, development, financial, commercial or proprietary information.

5.    CeLiberate objects to Document Request No. 5 as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence and beyond the scope of discovery authorized by the Court in the underlying Delaware action.  CeLiberate further objects this request as it calls for information which relates to, constitutes, contains or otherwise reflects its trade secrets or any other confidential research, development, financial, commercial or proprietary information.

4

6.     CeLiberate objects to Document Request No. 6 as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence and beyond the scope of discovery authorized by the Court in the underlying Delaware action.  CeLiberate further objects this request as it calls for information which relates to, constitutes, contains or otherwise reflects its trade secrets or any other confidential research, development, financial, commercial or proprietary information.

7.     CeLiberate objects to Document Request No. 7 as not calculated to lead to the discovery of relevant evidence and as beyond the scope of discovery authorized by the Court in the underlying Delaware action.  Without waiving the foregoing objections, CeLiberate has no documents responsive to this request within its possession, custody or control.

8.     CeLiberate objects to Document Request No. 8 as not calculated to lead to the discovery of relevant evidence and as beyond the scope of discovery authorized by the Court in the underlying Delaware action.  Without waiving the foregoing objections, CeLiberate has no documents responsive to this request within its possession, custody or control.

9.     CeLiberate objects to Document Request No. 9 as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence and beyond the scope of discovery authorized by the Court in the underlying Delaware action.  CeLiberate further objects this request as it calls for information which relates to, constitutes, contains or otherwise reflects its trade secrets or any other confidential research, development, financial, commercial or proprietary information.

10.     CeLiberate objects to Document Request No. 10 as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence and beyond the scope of discovery authorized by the Court in the underlying Delaware action.  CeLiberate further objects this request as it calls for information which relates to, constitutes, contains or otherwise reflects its trade secrets or any other confidential research, development, financial, commercial or proprietary information.

11.     CeLiberate objects to Document Request No. 11 as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence and beyond the

5

1    scope of discovery authorized by the Court in the underlying Delaware action. CeLiberate further

2    objects this request as it calls for information which relates to, constitutes, contains or otherwise

3    reflects its trade secrets or any other confidential research, development, financial, commercial or

4    proprietary information.

5          12.    CeLiberate objects to Document Request No. 12 as overly broad, unduly

6    burdensome, and not calculated to lead to the discovery of relevant evidence and beyond the

7    scope of discovery authorized by the Court in the underlying Delaware action. CeLiberate further

8    objects to this document requests, to the extent the phrase "iNames brokers" is vague and

9    ambiguous. CeLiberate further objects this request as it calls for information which relates to,

10   constitutes, contains or otherwise reflects its trade secrets or any other confidential research,

11   development, financial, commercial or proprietary information.

12         13.    CeLiberate objects to Document Request No. 13 as overly broad, unduly

13   burdensome, and not calculated to lead to the discovery of relevant evidence and beyond the

14   scope of discovery authorized by the Court in the underlying Delaware action. CeLiberate further

15   objects this request as it calls for information which relates to, constitutes, contains or otherwise

16   reflects its trade secrets or any other confidential research, development, financial, commercial or

17   proprietary information.

18         14.    CeLiberate objects to Document Request No. 14 as overly broad, unduly

19   burdensome, and not calculated to lead to the discovery of relevant evidence and beyond the

20   scope of discovery authorized by the Court in the underlying Delaware action. CeLiberate further

21   objects this request as it calls for information which relates to, constitutes, contains or otherwise

22   reflects its trade secrets or any other confidential research, development, financial, commercial or

23   proprietary information.

24         15.    CeLiberate objects to Document Request No. 15 as overly broad, unduly

25   burdensome, and not calculated to lead to the discovery of relevant evidence and beyond the

26   scope of discovery authorized by the Court in the underlying Delaware action. CeLiberate further

27   objects this request as it calls for information which relates to, constitutes, contains or otherwise

28

6

1  reflects its trade secrets or any other confidential research, development, financial, commercial or

2  proprietary information.

3      16.    CeLiberate objects to Document Request No. 16 as overly broad, unduly

4  burdensome, and not calculated to lead to the discovery of relevant evidence and beyond the

5  scope of discovery authorized by the Court in the underlying Delaware action. CeLiberate further

6  objects this request as it calls for information which relates to, constitutes, contains or otherwise

7  reflects its trade secrets or any other confidential research, development, financial, commercial or

8  proprietary information.

9      17.    CeLiberate objects to Document Request No. 17 as overly broad, unduly

10  burdensome, and not calculated to lead to the discovery of relevant evidence and beyond the

11  scope of discovery authorized by the Court in the underlying Delaware action. CeLiberate further

12  objects this request as it calls for information which relates to, constitutes, contains or otherwise

13  reflects its trade secrets or any other confidential research, development, financial, commercial or

14  proprietary information.

15      18.    CeLiberate objects to Document Request No. 18 as not calculated to lead to the

16  discovery of relevant evidence and beyond the scope of discovery authorized by the Court in the

17  underlying Delaware action. Without waiving the foregoing objections, CeLiberate will agree to

18  provide the name of a custodian or custodians.

19

20

21

22

23

24

25

26

27

28

7

1    Dated:  May 21, 2007

2                                              MORRISON & FOERSTER LLP
                                               BRYAN WILSON
3                                              BRIAN LEVINE

4
                                               By:
5

6

7                                                  Brian L. Levine

8                                              755 Page Mill Road
                                               Palo Alto, CA  94304-1018
9                                              Telephone:  650/813-5600
                                               Facsimile:   650/494-0792
10
                                               Attorneys for CeLiberate
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                                8