**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-491-MPT |
| | ) | |
| AMAZON.COM, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE OF SUBPOENAS DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 45 of the Federal Rules of Civil

Procedure, defendant Amazon.com, Inc. ("Amazon.com") has served subpoenas duces tecum

with accompanying schedules of document requests (Exhibits A and B hereto) on the following:

> Celiberate, Incorporated
> 755 Page Mill Road
> Palo Alto, CA 94304
>
> Drummond Shattuck Reed
> 12233 Corliss Ave. N.
> Seattle, WA 98133

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
Gaurav Mathur
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Dated: July 10, 2007
806100 / 30763

POTTER ANDERSON & CORROON LLP

By:   _/s/ David E. Moore_
          Richard L. Horwitz
          David E. Moore
          Hercules Plaza, 6th Floor
          1313 N. Market Street
          Wilmington, Delaware 19801
          Tel: (302) 984-6000
          rhorwitz@potteranderson.com
          dmoore@potteranderson.com

*Attorneys for Defendant Amazon.com, Inc.*

# EXHIBIT A

SAO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORDANCE CORPORATION | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| AMAZON.COM, INC. | Case Number:[1]  CV06-491-MPT |

TO:   CELIBERATE, INCORPORATED
755 PAGE MILL ROAD
PALO ALTO, CA 94304

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE   Gaurav Mathur, Esq., Fenwick & West LLP, 555 California St., 12th Floor, San Francisco, CA 94104. | DATE AND TIME 5/21/2007 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _____ **, Attorney for Defendant** | 4/19/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Gaurav Mathur, Esq., 555 California St., 12th Floor, San Francisco, CA 94104. Telephone: (415) 875-2438.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | CT CORPORATION SYSTEM<br>818 WEST SEVENTH ST., LOS ANGELES, CA 90017. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1.      "'369 PATENT" means U.S. Patent No. 6,269,369, listing Brian D. Robertson as inventor, filed on November 2, 1997, and issued on July 31, 2001, and titled "Networked Personal Contact Manager."

2.      "'710 PATENT" means U.S. Patent No. 6,757,710, listing Drummond Shattuck Reed as inventor, filed on February 5, 2002, issued on June 29, 2004, and titled "Object-Based On-Line Transaction Infrastructure."

3.      LAWSUIT refers to the ongoing litigation captioned *Cordance Corporation v. Amazon.com, Inc.* in the United States District Court for the District of Delaware (C.A. No. 06-491-MPT).

4.      The term "RELATED PATENTS/APPLICATIONS" as used herein in connection with a given patent means all related patents/applications listed as the Related U.S. Application Data on the face of given patent and any foreign counterparts of the given patent.

5.      "CONTACT SERVICES" shall mean and include any functionality, service, system, capability, system, component, or combination thereof which can provide contact management via a network; the term specifically includes the "Unified Address Book" and "Contact" i-name services promoted as such.

6.      "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all non-identical copies, and all preliminary and final drafts of any such item.

7.      "COMMUNICATION" refers to all written and oral inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, postcards, notes, telegrams, advertisements, computer messages, e-mail messages, voice-mail messages, and all other DOCUMENTS evidencing any

verbal or nonverbal interaction between two or more PERSONS.

      8.     "PERSONS" means any individual, corporation, proprietorship, association, joint venture, company, partnership, governmental body or agency, or any other business or legal entity.

      9.     "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO," "REFERRING TO," "CONCERNING" and "REGARDING" shall mean pertaining to, mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, addressing, referring to, dealing with, comprising, consisting of, containing, providing basis for, resulting from, or recording a particular subject in whole or in part either directly or indirectly or being in any way logically or factually connected with the matter discussed or identified.

      10.    "YOU," or "YOUR" means CeLiberate, Incorporated.

      11.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

      12.    The words "and" and "or" mean "and/or" and shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

      1.     In producing DOCUMENTS, furnish all DOCUMENTS known or available to YOU in YOUR possession, custody or control.

      2.     Electronic DOCUMENTS must be produced in their native forms (e.g., electronic DOCUMENTS must be produced electronically). Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

      3.     Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), YOU must supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

          a.   The identity of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

b. The identity(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

c. The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

d. The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

e. The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

4. If any DOCUMENT responsive to any of the following requests is believed by YOU to be subject to confidentiality obligations owed by YOU to a third party, identify the DOCUMENT, and identify the third party to whom YOU owe an obligation of confidentiality with respect to that DOCUMENT.

5. If any DOCUMENT is deemed confidential by YOU and the parties to this case have not been able to agree on an appropriate protective order, all such DOCUMENTS shall be protected under Delaware Local Rule 26.2 until a protective order is in effect.

6. The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

## REQUESTS FOR PRODUCTION

1. All DOCUMENTS and COMMUNICATIONS between YOU and Cordance Corporation or any other predecessor, successor, officer, director, or affiliate of Cordance Corporation, or any other person CONCERNING the '369 PATENT, any invention described in the '369 PATENT, Amazon.com or any of its technology or activities, the 710 PATENT or its RELATED PATENTS/APPLICATIONS, any invention described in the '710 PATENT or its RELATED PATENTS/APPLICATIONS, or the LAWSUIT.

2. All DOCUMENTS RELATING TO any legal, contractual, financial or any other

3

relationship between YOU and Cordance Corporation.

     3.     All DOCUMENTS RELATING TO the "CONTACT SERVICES, including without limitation DOCUMENTS RELATING to design, development, testing, operation of the "CONTACT SERVICES.

     4.     A copy of the build and test environment for software implementing the CONTACT SERVICES including the source code, documents sufficent to show and fully explain the process for building applications implementing the CONTACT SERVICES (or aspects thereof) and all documents RELATING TO testing of the CONTACT SERVICES.

     5.     ALL DOCUMENTS RELATED TO development and deployment of the CONTACT SERVICES or any aspect thereof outside CeLiberate, including any project plans, schedules, announcements, or specifications.

     6.     ALL DOCUMENTS RELATING TO use of i-name registries for operation of CONTACT SERVICES.

     7.     ALL DOCUMENTS provided to Cordance RELATING TO the CONTACT SERVICES.

     8.     ALL DOCUMENTS RELATING TO Cordance's or any of its employees' direct or indirect involvement in the "CONTACT SERVICES, including without limitation Cordance's or any of its employees' direct or indirect involvement in the service's design, development, operation, testing, promotion, and advertisement.

     9.     ALL DOCUMENTS RELATING TO importance, benefits, or forecasted or projected adoption of the iNames technology and the "CONTACT SERVICES.

     10.     ALL DOCUMENTS RELATING TO forecasted and projected deployment of the "CONTACT SERVICES.

4

11.   ALL DOCUMENTS RELATING TO offerings of the "CONTACT SERVICES via iNames brokers.

12.   ALL DOCUMENTS RELATING TO agreements whether formal or informal, written or oral, between YOU and iNames brokers, YOU and Cordance, and YOU and XDI.ORG RELATING TO the iNames technology or related services.

13.   ALL DOCUMENTS RELATING TO any licenses or rights granted by Cordance or any standards-relating organizations or entities such as XDI.ORG to YOU of any inventions described or claimed in '710 PATENT and its RELATED PATENTS/APPLICATIONS.

14.   ALL DOCUMENTS RELATING TO any past, present, forecasted or projected costs, profits, and revenues RELATING TO the iNames technology, the "Unified Address Book" service, or the "Contact Service" including without limitation DOCUMENTS RELATING TO Cordance's contribution and share of costs, profits, and revenues.

15.   All DOCUMENTS RELATING TO the "iNames" service.

16.   All DOCUMENTS RELATING TO the "Contact Service."

17.   DOCUMENTS sufficient to show and identify all persons involved with the development, implementation, and operation of your software for the CONTACT SERVICES, including each such individual's respective involvement.

18.   DOCUMENTS sufficient to show and identify a custodian or custodians of records for the other materials sought hereunder.

23984/00407/LIT/1262186.2

5

| Attorney or Party without Attorney:<br>FENWICK & WEST LLP<br>555 CALIFORNIA ST., 12TH FL.<br>SAN FRANCISCO, CA 94104<br>Telephone No: 415-875-2300 | | For Court Use Only |
|---|---|---|
| | Ref. No. or File No.: | |
| Attorney for: Defendant | | |
| Insert name of Court, and Judicial District and Branch Court:<br>United States District Court, Northern District Of California | | |
| Plaintiff: CORDANCE CORPORATION | | |
| Defendant: AMAZON.COM, INC. | | |

| PROOF OF SERVICE<br>SUBPOENA IN A CIVIL | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CV06-491MPT |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA IN A CIVIL CASE

3. a. Party served:        CELIBERATE, INCORPORATED
   b. Person served:        MARGARET WILSON, CLERK AT C.T. CORPORATION SYSTEMS,
                            AUTHORIZED AGENT

4. Address where the party was served:        C.T. CORPORATION SYSTEMS
                                              818 W. 7TH ST.
                                              LOS ANGELES, CA 90017

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Apr. 19, 2007 (2) at: 2:43PM
   b. I received this subpena for service on:        Thursday, April 19, 2007
6. Witness fees were not demanded or paid.

7. **Person Who Served Papers:**
   a. GUSTAVO GONZALEZ HUERTA
   b. **PROCOURIER, INC.**
      1706 S. FIGUEROA ST.
      LOS ANGELES, CA 90015
   c. 213-481-8100

Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*    $83.16
   e. I am: (3) registered California process server
      (i)   Employee
      (ii)  *Registration No.:*        5324
      (iii) *County:*                  Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date:Fri, Apr. 20, 2007

   (GUSTAVO GONZALEZ HUERTA)
   Jemresf.20039

Judicial Council) Form
Rule 982.9.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUBPOENA IN A CIVIL

# EXHIBIT B

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN      DISTRICT OF      WASHINGTON

CORDANCE CORPORATION

V.

AMAZON.COM, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CV06-491-MPT

TO:  Drummond Shattuck Reed
12233 Corliss Ave. N.
Seattle, WA 98133

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit A.

| PLACE   Gaurav Mathur, Esq., Fenwick & West LLP, 555 California St., 12th Floor, San Francisco, CA 94104 | DATE AND TIME 4/1/2007 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(ATTORNEY FOR DEFENDANT)_ | 3/1/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Gaurav Mathur, Esq., Fenwick & West LLP, 555 California St., 12th Floor, San Francisco, CA 94104
Telephone (415) 875-2438

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 3/1/2007 | Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210-2206, akessel@wolfgreenfield.com |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Adam J. Kessel | Email |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Gaurav Mathur | Attorney for Defendant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____3/1/2007_____
             DATE

SIGNATURE OF SERVER

Fenwick & West LLP, 555 California St., 12th Floor
ADDRESS OF SERVER

San Francisco, CA 94104

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1.      "'710 PATENT" means U.S. Patent No. 6,757,710, listing Drummond Shattuck Reed as inventor, filed on February 5, 2002, issued on June 29, 2004, and titled "Object-Based On-Line Transaction Infrastructure."

2.      "'369 PATENT" means U.S. Patent No. 6,269,369, listing Brian D. Robertson as inventor, filed on November 2, 1997, and issued on July 31, 2001, and titled "Networked Personal Contact Manager."

3.      The term "PATENTS-IN-SUIT" refers, either collectively or individually, to the '710 PATENT and the '369 PATENT.

4.      The term "RELATED PATENTS/APPLICATIONS" as used herein in connection with a given patent means all related patents/applications listed as the Related U.S. Application Data on the face of given patent and any foreign counterparts of any of the foregoing.

5.      "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all non-identical copies, and all preliminary and final drafts of any such item.

6.      "COMMUNICATION" refers to all written and oral inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, postcards, notes, telegrams, advertisements, computer messages, e-mail messages, voice-mail messages, and all other DOCUMENTS evidencing any verbal or nonverbal interaction between two or more PERSONS.

7.      "PERSONS" means any individual, corporation, proprietorship, association, joint venture, company, partnership, governmental body or agency, or any other business or legal entity.

8.      The term "INFORMATION MATERIAL TO PATENTABILITY" means

1

information that (a) establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (b) refutes, or is inconsistent with, a position a patent applicant takes in (1) opposing an argument of unpatentability relied on by a patent office, (2) asserting an argument of patentability, (3) characterizing or describing any reference submitted to any patent office, or (4) making any representation to any patent office. For purposes of this definition, "a prima facie case of unpatentability" is established when the information can support a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence or argument which may tend to establish a contrary conclusion of patentability.

"INFORMATION MATERIAL TO PATENTABILITY" specifically includes, but is not limited to, (a) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; (b) prior art cited in search reports of a foreign patent office in a counterpart application; (c) the closest information over which individuals associated with the filing or prosecution of a patent application believe (or have believed) any claim is patentable; and (d) information that a reasonable examiner likely would consider important in deciding whether to allow the application to issue as a patent.

9.     "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO," "REFERRING TO," "CONCERNING" and "REGARDING" shall mean pertaining to, mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, addressing, referring to, dealing with, comprising, consisting of, containing, providing basis for, resulting from, or recording a particular subject in whole or in part either directly or indirectly or being in any way logically or factually connected with the matter discussed or identified.

10.    "YOU," or "YOUR" means Drummond Shattuck Reed.

11.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

12.    The words "and" and "or" mean "and/or" and shall be construed conjunctively or

2

disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

1.     In producing DOCUMENTS, furnish all DOCUMENTS known or available to YOU in YOUR possession, custody or control.

2.     Electronic DOCUMENTS must be produced in their native forms (e.g., electronic DOCUMENTS must be produced electronically).  Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

3.     Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), YOU must supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

   a.  The identity of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

   b.  The identity(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

   c.  The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

   d.  The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

   e.  The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

4.     If any DOCUMENT responsive to any of the following requests is believed by YOU to be subject to confidentiality obligations owed by YOU to a third party, identify the DOCUMENT, and identify the third party to whom YOU owe an obligation of confidentiality with respect to that DOCUMENT.

5.     The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

3

## REQUESTS FOR PRODUCTION

1.      All DOCUMENTS RELATING TO the '710 PATENT and any of its RELATED PATENTS/APPLICATIONS.

2.      All DOCUMENTS RELATING TO the preparation, filing or prosecution of the applications for the '710 PATENT and its RELATED PATENTS/APPLICATIONS.

3.      All DOCUMENTS RELATING TO the conception, development, reduction to practice, diligence in the reduction to practice of any invention described or claimed in the '710 PATENT, including without limitation any inventor notebooks.

4. All DOCUMENTS RELATING TO the respective contributions of all persons to the conception of subject matter claimed in the '710 PATENT or its RELATED PATENTS/APPLICATIONS.

5. All DOCUMENTS RELATING TO the respective contributions of inventors listed on the '710 PATENT and its RELATED PATENTS/APPLICATIONS to the design, development, or reduction to practice of any invention or any subject matter claimed or described in the '710 PATENT or its RELATED PATENTS/APPLICATIONS.

6. All DOCUMENTS and COMMUNICAITONS RELATING TO information considered in deciding to claim specific combinations of features in the '710 PATENT including but not limited to all information related to Amazon.com or any of its technology or activities.

7. All DOCUMENTS RELATING TO INFORMATION MATERIAL TO PATENTABILITY TO THE '710 PATENT or any RELATED PATENTS/APPLICATIONS.

8.      All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and OneName Corporation, Intermind Corporation, Cordance Corporation or any other predecessor, successor, or affiliate of Cordance Corporation, or any other person CONCERNING the '710 PATENT, any invention described in the '710 PATENT, Amazon.com or any of its technology or activities.

4

9.      All DOCUMENTS RELATING TO to what any person has contended, or you believe is, prior art to the '710 PATENT or its RELATED PATENTS/APPLICATIONS.

10.     All DOCUMENTS concerning licensing of the '710 PATENT or its RELATED PATENTS/APPLICATIONS, including without limitation, any grant of rights, or license agreements, including any of the same with or to any standards-related organization or entities practicing iName technology, including without limitation licenses and rights granted by Cordance's predecessors and affiliates to XNSORG and/or XDI.ORG and licenses and grants granted expressly or by implication by standards-related organizations or entities such as XNSORG and XDI.ORG.

11.     All DOCUMENTS RELATING TO any invention assignment agreement between YOU and OneName Corporation, Intermind Corporation, Cordance Corporation, or any other successor, predecessor or affiliate of Cordance Corporation.

12.     All DOCUMENTS RELATING TO the '369 PATENT and inventions described therein.

13.     All DOCUMENTS RELATING TO "iNames" services, including the "Contact Service" and/or "Unified Address Book Service."

14.     All DOCUMENTS RELATING TO the importance, benefits, or projected adoption of technologies for contact management or address book functionality via iNames.

15.     All DOCUMENTS AND COMMUNICATIONS relating to promotion of iNames technology, Digital Identity including but not limited to, presentations, publications, and interviews.

16.     All DOCUMENTS RELATING TO XDI.ORG, including without limitation DOCUMENTS RELATING TO XDI.ORG's involvement in promotion of iNames technology, XDI.ORG's relationship with Cordance and/or YOU, XDI.ORG's use and promotion of any invention described or claimed in the '710 PATENT or its RELATED

5

PATENTS/APPLICATIONS .

17.    All DOCUMENTS and communications relating to Underwriters at Lloyd's, London, including but not limited to, all documents relating to the arbitration proceeding between Cordance and Underwriters at Lloyd's, London.

18.    All DOCUMENTS RELATING TO YOU making any online purchases, including any purchases on Amazon.com's website, before February 5, 2002.

19.    All DOCUMENTS in any file of YOURS RELATING TO AMAZON.COM, its technology, or this litigation.

20.    A copy of your curriculum vitae.

21.    All DOCUMENTS RELATING TO any destruction of the information otherwise sought herein.

22.    All DOCUMENTS RELATING TO this lawsuit.

23.    All DOCUMENTS RELATING TO the decision to pursue, decision to prepare, decision to file, filing, preparation and/or prosecution of the '710 PATENT and its RELATED PATENTS/APPLICATIONS, including, without limitation, communications with any person related to any of the foregoing.

24.    All DOCUMENTS RELATING TO any challenge, whether formal or informal, to the enforceability of the PATENTS-IN-SUIT and/or RELATED PATENTS/APPLICATIONS.

25.    All DOCUMENTS RELATING TO any priority contest or interference relating to subject matter disclosed in the '710 PATENT or its RELATED PATENTS/APPLICATIONS.

26.    All DOCUMENTS RELATING TO any attempt to enforce the '710 PATENT or its RELATED PATENTS/APPLICATIONS.

27.    All DOCUMENTS RELATING TO any legal proceedings involving the '710 PATENT or its RELATED PATENTS/APPLICATIONS.

28.    All DOCUMENTS RELATING TO any system, method, apparatus, product, service, functionality, capability, or means that YOU believe, or have believed, practices or implements, including but not limited to embodiments of, any claim of any of the '710 PATENT.

6

29.     All DOCUMENTS RELATING TO the first disclosure of any invention claimed in the '710 PATENT to any person other than the individuals listed as inventors thereon.

30.     All DOCUMENTS RELATING TO any person's use of any invention claimed in the '710 PATENT with your authorization, including (without limitation), DOCUMENTS sufficient to show the person and the use.

31.     All DOCUMENTS RELATING TO the content of '710 PATENT and its RELATED PATENTS/APPLICATIONS, including any summaries or descriptions thereof, descriptions of the contributions to the art reflected therein, the coverage thereof, the processes, activities, actions, or technology coming within the scope of any claim thereof, or summaries or descriptions of differences among the PATENTS-IN-SUIT and/or RELATED PATENTS/APPLICATIONS.

32.     All DOCUMENTS RELATING TO COMMUNICATIONS with any of the inventors listed on RELATED PATENTS/APPLICATIONS which communications are RELATED TO the subject matter of the PATENTS-IN-SUIT, any RELATED PATENTS/APPLICATIONS, Amazon.com, any of its technology, or this lawsuit.

33.     For all discovery requested hereunder which YOU withhold on account of some privilege or immunity, ALL DOCUMENTS establishing the relationship pursuant to which YOU contend such privilege or immunity exists.

34.     All DOCUMENTS supporting or refuting claims that any person other than a listed inventor is a contributor to the conception, implementation, reduction to practice, or revision of any subject matter disclosed, described or claimed in the '710 PATENT.

35.     All DOCUMENTS RELATING TO licensing or offering to license any invention claimed in any of the PATENTS-IN-SUIT.

36.     All DOCUMENTS RELATING TO the sale, license, mortgage, assignment, or transfer of any rights in the PATENTS-IN-SUIT or any RELATED PATENTS/APPLICATIONS.

7

37.     All DOCUMENTS RELATING TO negotiations for the sale, license, mortgage or assignment or transfer of any rights in the PATENTS-IN-SUIT or any RELATED PATENTS/APPLICATIONS, whether or not those negotiations led to a transfer of rights.

38.     All DOCUMENTS RELATING TO any search concerning prior art, validity, due diligence, or patentability related to the '710 PATENT.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 10, 2007, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on July 10, 2007, I have Electronically Mailed the document to the

following person(s):

Steven J. Balick                          Michael A. Albert
John G. Day                               Robert M. Abrahamsen
Tiffany Geyer Lydon                       Adam J. Kessel
Ashby & Geddes                            Wolf, Greenfield & Sacks, P.C.
500 Delaware Avenue, 8th Floor            600 Atlantic Avenue
Wilmington, DE 19899                      Boston, MA  02210-2206
sbalick@ashby-geddes.com                  malbert@wolfgreenfield.com
jday@ashby-geddes.com                     rabrahamsen@wolfgreenfield.com
tlydon@ashby-geddes.com                   akessel@wolfgreenfield.com

                                   By:  */s/ David E. Moore*
                                           Richard L. Horwitz
                                           David E. Moore
                                           Hercules Plaza, 6th Floor
                                           1313 N. Market Street
                                           Wilmington, Delaware 19899-0951
                                           (302) 984-6000
                                           rhorwitz@potteranderson.com
                                           dmoore@potteranderson.com

757320 / 30763