IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　Defendant. | Civil Action No. 06-491- MPT |

## STIPULATED PROTECTIVE ORDER

To facilitate discovery and protect, pursuant to Federal Rule of Civil Procedure 26(c), the confidentiality of and rights to information and documents disclosed in connection with this litigation, the parties hereby stipulate to the following:

1. ***Applicability of This Protective Order.*** All information, things, and documents filed with the Court or produced by any party or non-party in discovery in this action shall be governed by this Protective Order.

2. ***Use of Information Produced Pursuant to This Order.*** Information and material produced or exchanged in discovery in this case and designated by a party or non-party as "Confidential" or "Highly Confidential" pursuant to the terms of this Protective Order (hereafter, "Confidential Material") shall not be made available to any person or entity except as authorized under this Protective Order. Confidential Material shall be used, by the party or parties to whom the information is produced, solely for the purpose of litigating the above-captioned action. Unless otherwise agreed in writing by the producing party or so ordered by a court, such information and material shall not either (1) be used or disclosed to any other person or entity, or (2) be used or disclosed for any other use or purpose. For purposes of this Protective Order, the party or non-party designating information or material as Confidential Material is defined as the

"Designating Party." Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use its own Confidential Material for any purpose. Nothing in this Protective Order shall limit or bar any attorney from rendering advice or counsel to his or her client with respect to this litigation or, in the connection with rendering such advice or counsel, from conveying such attorney's evaluation or assessment of Confidential Material, provided that, such conveyance, advice, or counsel does not disclose the contents of any Confidential Material produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

This Protective Order does not restrict disclosure or use of the following types of information: (a) information in the public domain at the time of disclosure; (b) information that becomes part of the public domain at no fault of the receiving party; (c) information that was in the receiving party's rightful and lawful possession at the time of disclosure; and (d) information that the receiving party lawfully receives from a third party without restriction as to disclosure, provided that the third party had the right to make the disclosure to the receiving party.

3. ***Designation of Confidential Materials.*** A party or non-party may designate Confidential Materials with one of the following Confidential Designations:

    (a) ***Confidential Designation.*** A party or non-party may designate as "Confidential" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action and is or contains confidential technical, research, development, private, financial, or commercial information of the Designating Party.

    (b) ***Highly Confidential Designation.*** A party or non-party may designate as "Highly Confidential" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action and is or contains highly confidential financial, commercial, proprietary, marketing or technical information (including but not limited to source code and detailed nonpublic financial information) the disclosure of which, to persons other than those described in paragraphs 7(a), 7(b), 7(c), 7(d), 7(e), 7(f), 7(h), 7(i) below, the

Designating Party in good faith believes could be likely to harm the Designating Party's competitive position.

4. ***Patenting and Patent Protected Persons***

(a) "Patenting" shall mean and include any of the following acts by an individual after that individual has personally viewed or otherwise acquired knowledge of information in Confidential Materials describing the technical details of the other party's technology:

(i) preparing and/or prosecuting any patent application (or portion thereof), whether design or utility, and either in the United States or abroad (and including applications filed under the Patent Cooperation Treaty) that relates to Confidential or Highly Confidential information received in this litigation and that is directed to the particular field of the other party's technology (Amazon.com's technology being a multi-tier distributed system and technique of processing web user requests to order an item for generating purchase orders and for causing payment to be effectuated using customer-specific payment information stored in a database and the field of Cordance's technology being a system and technique for managing digital identities and communications by registering digital addresses and certain affiliated identity records for the addressee with a server and, to the extent authorized by the addressee, either returning identity data affiliated with a particular digital address or enabling communications to be exchanged with the addressee in response to a request to the server); and

(ii) assisting, advising, consulting with, supervising, and/or providing counsel to anyone in connection with any of the foregoing.

5. ***Designating and Marking Confidential Material.*** Confidential Material shall be designated and marked as follows:

(a) <u>Paper Documents</u>. A document is to be designated as Confidential Material by stamping or writing on it one of the following legends, or an equivalent thereof: "Confidential" or "Highly Confidential." Such legend shall be placed on the first page of the document and on each page that the Designating Party claims to contain Confidential Material.

3

(b)     Electronic Document. Information or material produced digitally, e.g., on a magnetic or optical medium or by network communication, is to be designated as Confidential Material by marking the medium, container or communication with one of the legends specified in Section 3 above and by appending the such legend to the file names or designators. If any person or entity who receives such a designated medium prints or otherwise transfers to another medium any of the information, any resulting document or other medium shall be marked by that person or entity as Confidential Material as set forth above.

(c)     Exhibits. A physical exhibit, including but not limited to any electronic file or document printed for use at a deposition, in a court proceeding, or for provision to a qualified expert, is to be designated as Confidential Material as set forth in Section 3 above.

(d)     Discovery Responses. A discovery response is to be designated as Confidential Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Confidential Material, one of the legends specified in Section 3 above.

(e)     Deposition Transcripts. Portions or the entirety of a deposition transcript (including exhibits not already designated under this protective order) are to be designated as Confidential Material (1) by making a statement to that effect on the record, during the deposition, or (2) by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, on or before thirty (30) days, or as otherwise agreed by the parties, after being notified by court reporter that the deposition transcript is available, a letter or other written notice designating the portions or entirety of the transcript with a Confidential Designation. All deposition transcripts and associated exhibits are to be treated presumptively as Highly Confidential Material until the expiration of such thirty day period. The letter or other notice shall cite this Protective Order, identify the appropriate level of confidentiality, and, if available, identify the pages and lines, and/or exhibits, to be Confidential Material. Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter

or other notice, with one of the legends specified in Section 3 above indicating the level of confidentiality claimed by the Designating Party and shall be governed by the terms of this Protective Order. If a deposition or portion thereof is designated on the record, during the deposition, with one of the Confidential Designations, the deposition shall continue in the absence of all persons to whom access to Confidential Material is not permitted under this Protective Order. The court reporter or videographer shall separately mark any pages of the transcript of the deposition or hearing that have been designated to contain Confidential Material. Copies of the pages marked as containing Confidential Material may be provided only to persons permitted by the other provisions of this Protective Order to receive such Confidential Material.

    6.    ***Inadvertent Misdesignation.*** A Designating Party that inadvertently fails to mark an item with one of the Confidential Designations or marks an item with an incorrect designation of confidentiality at the time of the production shall have 15 days after learning of the inadvertent failure to correct its mistake. The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as Confidential Material. Within five days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof.

    7.    ***Disclosure of Information Designated Confidential.*** Documents, materials, items, testimony or information designated Confidential pursuant to this Protective Order, or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to or communicated in any way only to the following persons, provided that such persons shall not during the pendency of this litigation and for one (1) year after the conclusion thereof, including any appeals, participate in any Patenting:

    (a)    Retained outside counsel of record to any party to this litigation, and the employees of such outside counsel (or such counsel's law firm) who work under the supervision of, support such counsel and assist such counsel in this litigation and who are not members, employees, officers or directors of a party to this litigation;

(b) The contractors or vendors of retained outside counsel of record to any party to this litigation (or such counsel's law firm) who work under the supervision of, support such counsel and assist such counsel in this litigation and who are not members, employees, officers, or directors of a party to this litigation, provided such contractors or vendors do not have an interest in the outcome of this litigation;

(c) Independent consultants or expert witnesses performing services in connection with the prosecution or defense of this litigation, provided that each such person is not a member, officer, director, or employee of or for any party to this litigation, and provided that each such person

(i) executes a copy of the Certification attached to this Order;

(ii) has been previously approved pursuant to the procedure in paragraph 11, below; and

(iii) will not disclose or use any Confidential Material produced pursuant to this protective order in any patenting activities during the pendency of this litigation, including any appeals, and for a period of one year thereafter. The Patenting restrictions identified in the preamble of Section 7 shall not apply to such independent consultants or expert witnesses, unless otherwise agreed by the parties or ordered by the Court.

(d) Deposition witnesses, where at least one of the following conditions applies:

(i) The witness is an employee of the Designating Party when the disclosure is made;

(ii) the attorney taking the deposition and showing the witness the Confidential Material represents the Designating Party;

(iii) the witness's name appears on the Confidential Material as a person who has previously seen or received the Confidential Material, or it is otherwise established that the witness has previously seen, received, or had access to the Confidential Material or knows the information contained within it;

6

      (iv) the Designating Party has consented on the record of the deposition to the showing of the Confidential Material to the witness; or

      (v) at least ten days before the deposition, the party wishing to show the witness the Confidential Material notifies the Designating Party in writing of its intent to do so, with a specific listing of the Confidential Material to be shown, and the Designating Party fails to provide, within ten (10) days of receipt of the notice or two business days prior to the deposition, whichever is later, written objection to this use of Confidential Material. If a timely written objection is provided, the Confidential Information listed in the written objection shall not be shown to the witness unless and until the objection is withdrawn or the party wishing to show that Confidential Material to the witness moves for and obtains appropriate relief from the Court. Witnesses being shown Confidential Material under this subsection must sign the Certification annexed to this Order before being shown the Confidential Material unless the witness's name appears on the Confidential Material as a person who has previously seen or received the Confidential Material, or it is otherwise established that the witness has previously seen, received, or had access to the Confidential Material or knows the information contained within it. Counsel defending the deponent to which Confidential Information is disclosed during deposition shall provide to counsel for the Designating Party, prior to witnesses being shown Confidential Material, a copy of the executed Certification.

  (e) The Court in this proceeding, Court personnel, and Court reporters;

  (f) Litigation support services, including independent document copiers, graphic artists and jury consultants who have an obligation to keep such information confidential;

  (g) Any named party to the litigation, including any present or former employee thereof to whom it is necessary that the material be shown for purposes of this litigation;

  (h) Mock Jurors or Focus Group Members engaged by a jury consultant or counsel in preparation for trial, provided that

(i) No such persons are officers, directors, or employees of any of the parties to this action;

(ii) That any such persons shall first agree in writing to be bound by this Protective Order (by signing the nondisclosure agreement attached hereto as Exhibit B or other Certification with equivalent terms with redactions of the identity of some or all of the Parties);

(iii) Such agreements be retained under the control of counsel until final termination of this action;

(iv) Upon final termination of this action and at the written request of the person or entity designating or producing such disclosed information, all such executed agreements by mock jurors and focus group members to whom such materials have been disclosed shall be provided upon request to counsel of record for the person or entity that designated or produced such materials;

(i) Any other person as to whom the Designating Party first agrees in writing.

8. ***Disclosure of Information Designated Highly Confidential.*** Materials designated "Highly Confidential" may be disclosed only to the persons described in paragraphs 7(a), 7(b), 7(c), 7(d), 7(e), 7(f), 7(h), 7(i) and Drummond Reed, provided that, unless otherwise authorized, during the pendency of this litigation and for one (1) year after its termination, including any appeals, Mr. Reed may disclose or otherwise communicate Highly Confidential information produced pursuant to this protective order only with individuals who can have access to Highly Confidential information under this protective order. Individuals (except independent consultants or expert witnesses described in paragraph 7 (g)) with access to Highly Confidential information pursuant to this protective order shall not during the pendency of this litigation and for one (1) year after the conclusion thereof, including any appeals, participate in any Patenting. Independent consultants and expert witnesses described in paragraph 7(g) shall comply with all the subsections in paragraph 7(g) including the patenting restrictions described in that paragraph.

9. ***Protections For Parties' Source Code.*** All electronic source code produced by a party to this suit pursuant to pretrial discovery shall be subject to the same restrictions as information designated as Highly Confidential. In addition, the following restrictions shall apply to electronic source code designated by a party to this suit as Highly Confidential – Source Code:

(a) Three electronic copies of source code or executable code shall be made available for inspection on three stand-alone computers;

(b) The stand-alone computers shall be password protected and supplied by the source code provider;

(c) The stand-alone computers shall be located at outside counsel's office or other location that the parties may agree upon or at offices of experts who have been approved under this protective order;

(d) Access to the stand-alone computers shall be permitted, after notice to the provider and an opportunity to object, only to outside counsel representing the requesting party, Drummond Reed, and experts retained by the requesting party, provided each such person has been approved under the protective order in place;

(e) Excerpts of source code may be printed using printers attached to the stand-alone computers only for the purpose of facilitating the review thereof or for compiling deposition exhibits. Every such printed page must be affixed with a legend Highly Confidential and shall be treated as such in accordance with the provisions of this protective order. The printed excerpts of source code may be scanned and provided to Drummond Reed for assistance in this litigation via encrypted e-mail provided that such excerpts are promptly printed by Drummond Reed and then immediately deleted from both the sender's and the recipient's mailboxes. The parties with access to source code shall endeavor to keep to a minimum the amount of source code that is so printed and shall promptly destroy any printed excerpts that are determined not to be relevant to any claim or defense of any party. At no point may the entire source code, or any substantial portions thereof, be included in electronic documents such as

legal memoranda, exhibits, reports, declarations, or other word processing or presentation documents.

   (f) The source code provider shall provide a manifest of the contents of the stand-alone computer. This manifest, will list the name, location, and MD5 checksum of every source and executable file being produced on the computer.

   (g) The stand-alone computers shall include software utilities which will allow counsel and experts to view, search, and analyze the source code. At a minimum, these utilities should provide the ability to (i) view, search, and line-number any source file, (ii) search for a given pattern of text through a number of files, (iii) compare two files and display their differences, (iv) compute the MD5 checksum of a file, and (v) print copies of selected portions of the source code.

   (h) If the court determines that the issue of missing files needs to be addressed, the source code provider will include on the stand-alone computer the build scripts, compilers, assemblers, and other utilities necessary to rebuild the application from source code, along with instructions for their use.

   10. ***Protests of Designation of Confidential Material.*** Protests of the designation of Confidential Material will occur only as follows:

   (a) If a party believes that material bearing a Confidential Designation is not in fact the proper subject for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Order, then such party shall provide to the Designating Party written notice of this disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis.

   (b) If the parties are unable to resolve their dispute, then the party challenging the designation may request appropriate relief from the Court. It shall be the burden of the Designating Party to establish that the contested material is confidential. In any event, unless

and until a Court ruling is obtained changing a designation, or the parties agree otherwise, the material involved shall be treated according to its designation.

11. **_Procedure for Qualifying Independent Experts and Consultants._** In order for an independent expert or consultant to be permitted access to materials bearing a Confidential Designation the counsel of the party employing the expert or consultant must notify in writing the Designating Party or parties, at least ten (10) business days before allowing such access (or such shorter period to which the Designating Party agrees in writing). The identification of an expert or consultant pursuant to this Order shall not be construed as the identification of an expert trial witness under Federal Rule 26 (a)(2), and shall not constitute a waiver of attorney work-product protection or the attorney client privilege.

(a) *Contents of the Written Notification:* Such written notice shall include the following: (i) The name of the expert or consultant; (ii) The present employer and title of the expert or consultant; (iii) a copy of a Certification (attached hereto as Exhibit A) signed by the expert or consultant that states that the expert or consultant has read and understood the terms of this Order and agrees to be bound by its terms; and (iv) a current curriculum vitae that lists all employers and clients to whom the expert or consultant has provided services in the past five (5) years (except where disclosure of employers or clients would be prohibited by a court order or nondisclosure agreement, in which case a copy of such court order or nondisclosure agreement shall be provided to opposing counsel to verify the existence of the non-disclosure obligations).

(b) *Objections by Disclosing Parties:* Before the ten (10) day period from the receipt of the written notification has expired, a Designating Party may object in writing to the disclosure of materials bearing a Confidential Designation to the expert or consultant in question. Should a Designating Party so object, no material bearing a Confidential Designation that is the subject of the Designating Party's objection shall be disclosed to the expert or consultant in question until the objection has been resolved by the parties or by the Court.

12. **_Use of Confidential Material by Designating Party._** Nothing in this Protective Order limits a party's ability to show materials which that party has designated with a

11

Confidential Designation to whomever the Designating Party may deem appropriate. Further, nothing in this Protective Order limits a party's ability to show materials designated by another party with a Confidential Designation to that Designating Party, including any present officer, director, employee, or representative thereof.

13. *Jurisdiction.* Each person receiving Confidential Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

14. *Protecting Confidential Materials.* Each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such material, to avoid any intentional or inadvertent disclosure to persons to whom disclosure is not permitted under this Protective Order.

15. *Confidential Materials to Be Filed Under Seal.* Any Confidential Material designated with a Confidential Designation that is to be filed with a Court in connection with any proceedings herein, shall be filed with the clerk of the court in accordance with the Court's then subsisting procedures therefore. Unless proscribed, the heading, case caption, case number, and document title must be prominently marked on the front of a sealed envelope in addition to the following legend:

**CONFIDENTIAL – FILED UNDER SEAL**
**SUBJECT TO A PROTECTIVE ORDER**

16. *Information Protected by Privilege, Work Product, or Other Doctrine.* The inadvertent production of any document or other disclosure of Confidential Material which the Designating Party contends is subject to the attorney-client privilege, work-product protection, or any other privilege or protection against discovery shall not necessarily be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or the information disclosed or as to any other document or information relating thereto. Within a reasonable time after the discovery of the inadvertent production, the Designating Party shall

12

give notice to the receiving party that privileged documents or information have been inadvertently produced or disclosed and request the return of such documents. Any document or portion of transcript, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned to the Designating Party within fifteen (15) days of such demand. If the receiving party objects to the claim of privilege, the claim of inadvertent production and/or the reasonableness of the notice given, the receiving party and the Designating Party shall attempt to resolve the dispute. If the dispute is not resolved, the receiving party may move the Court to compel the re-production of the document(s) at issue. From the time of the Designating Party's notification of inadvertent production, any documents or information as to which notice is given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the receiving party and the Designating Party otherwise agree. All communications between counsel and any expert approved under this protective order shall be treated as litigation work product for this litigation as well as for any other lawsuits or proceedings except to the extent that such expert relies on them for his or her opinions.

17. ***Conclusion of Litigation.*** All provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed by all the parties or ordered by the Court. Upon conclusion of the litigation, including the running of any time to appeal or to move for relief under Fed. R. Civ. P. 60(B)(1)-(3), a party in possession of Confidential Material, other than that which is contained in pleadings, correspondence, attorney files, and deposition transcripts, shall either (a) return such documents, no later than 30 days after conclusion of this action, to counsel for the party or non-party who provided such information, or, upon consent of the Designating Party, (b) destroy the documents within that time period and certify in writing within that time period that the documents have been destroyed.

18. ***Use of Confidential Material During Court Proceedings.*** If any Confidential Material is used in any Court pretrial proceeding in this litigation (including, but not limited to,

conferences, oral arguments, and hearings), the Confidential Material shall not lose its status as Confidential Material through such use. The parties shall take all steps reasonably necessary to protect the confidentiality of the Confidential Material during any such use, including, but not limited to, requesting *in camera* proceedings. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial.

19.    ***Improper Disclosure of Confidential Materials.***  If any Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall immediately require each unauthorized person to return all Confidential Material that was improperly disclosed to that person, all copies made of the improperly disclosed Confidential Material, and all documents containing excerpts from or references to the improperly disclosed Confidential Material.

20.    ***No Admissions.***  Compliance with this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret.

21.    ***Modification of Protective Order.***  Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary. If such an application is made, all signatories of copies of the Certification, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

SO STIPULATED:

| POTTER ANDERSON & CORROON LLP | ASHBY & GEDDES |
|---|---|
| By: */s/ David E. Moore*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com | By: */s/ Tiffany Geyer Lydon*<br>Steven J. Balick (#2114)<br>John G. Day (#2403)<br>Tiffany Geyer Lydon (#3950)<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19899<br>Tel: (302) 654-1888<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>tlydon@ashby-geddes.com |
| *Of counsel:*<br>Lynn H. Pasahow<br>J. David Hadden<br>Darren E. Donnelly<br>Saina S. Shamilov<br>Ryan Marton<br>Gaurav Mathur<br>FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA 94041<br>Telephone: (650) 988-8500<br>Facsimile: (650) 938-5200 | *Of counsel:*<br>Michael A. Albert<br>Robert M. Abrahamsen<br>Jeffrey O'neill<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue<br>Boston, MA 02210<br>617-646-8000 |
| *Attorneys for Defendant and Counterclaim Plaintiff Amazon.com, Inc.* | *Attorneys for Plaintiff and Counterclaim Defendant Cordance Corporation* |

ORDERED this ____ day of _____, 2007.

_____
Honorable Mary Pat Thynge

817657

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Civil Action No. 06-491- MPT |

## CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, the undersigned, hereby acknowledge that I have read the Stipulated Protective Order in this case, understand its terms, agree to be bound by them, and consent to the jurisdiction of the United States District Court for the District of Delaware to enforce them. I acknowledge that I will treat any Confidential Material I receive in this action strictly according to the terms of the Protective Order, and I understand that any unauthorized use of the Confidential Material I receive constitutes contempt of court.

Dated: _____      _____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CORDANCE CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>  Defendant. | Civil Action No. 06-491- MPT |

**NONDISCLOSURE AGREEMENT
(FOR UNDERTAKING BY MOCK JURORS OR FOCUS GROUP MEMBERS)**

I hereby acknowledge that in the course of my activities in this case, I may receive confidential research, development, commercial, financial, marketing, or technical information; that such information is normally kept secret from the public at large, from the parties' competitors, and even from many or most employees of the party that owns that information; and that the disclosure of such information would be likely to harm the competitive position of the party that owns that information.

I hereby agree that any unauthorized use or disclosure of the Confidential Material I receive constitutes contempt of court, and shall be punishable as such; that I will exercise due and proper care in connection with the storage, custody, and use of such material; and that, at the conclusion of my activities in this case, I will promptly return all information that I have received from any party to this case or their attorney.

I hereby consent to the jurisdiction of the United States District Court for the District of Delaware to enforce this Agreement.

Dated: _____      _____