IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-491-MPT |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |

**REQUEST FOR RECONSIDERATION OF CORDANCE'S
MOTION TO DISMISS IN VIEW OF NEW EVIDENCE**

Defendant, Cordance Corporation ("Cordance"), respectfully requests reconsideration of the Court's Memorandum Order of November 20, 2007 (D.I. 82) (the "Order") denying Cordance's motion to dismiss Amazon's Fourth Counterclaim (D.I. 27) (the "Counterclaim") for lack of subject matter jurisdiction.

The Order noted that jurisdiction could still be divested by subsequent events. (Order at 8). Accordingly, to put this issue to rest, Cordance has now acted to moot the one question that the Order indicated was still open. There is now no longer any controversy, and thus no subject-matter jurisdiction over the Counterclaim.

As the Court will recall, the Counterclaim sought a declaration that future acts by Cordance might infringe Amazon's '369 patent. The <u>only</u> service Amazon contends would infringe its patent is the Unified Address Book ("UAB") service. (<u>See</u> Amazon's July 6, 2007

1296772.2

letter to the Court (D.I. 60)). That service – which has never actually been released[1] – would not be offered by Cordance but rather by an unrelated company called CeLiberate, which is not a party to this action. (See D.I. 28 at 6-7). Amazon clarified that it is not accusing the service offered by Cordance, i.e., i-Names, of infringement by itself. (D.I. 60). Instead, Amazon claims that Cordance may in the future indirectly infringe Amazon's patent, if and when the UAB service is released, by "standardizing, promoting, commercializing, and/or operating" the UAB.

Cordance had moved to dismiss Amazon's counterclaim for lack of subject matter jurisdiction because, *inter alia*, Cordance was not even aware that Amazon's patent existed at the time the counterclaim was filed. (See D.I. 28, 34, 56). Cordance argued that the parties could not possibly have taken "adverse legal positions" (the test for declaratory judgment jurisdiction – see Sony Electronics, Inc. v. Guardian Media Technologies, Inc., 497 F.3d 1271, 1285-87 (Fed. Cir. 2007)) with respect to the patent because Amazon had never asked Cordance to cease any particular activity or even made Cordance aware the patent existed. The Court disagreed and found that a "substantial controversy" existed at the time the counterclaim was filed.[2]

The Court noted, however, that "once a controversy is shown, subsequent events may divest the trial court of jurisdiction." (Order at 8) (emphasis added). Cordance had previously submitted a declaration of Cordance's Chief Technical Officer, Drummond Reed, confirming

---

[1] Amazon filed its Counterclaim more than 14 months ago. (See D.I. 11). In all that time, CeLiberate has not released any UAB, and as far as Cordance is aware, may never do so. Indeed, as of June 2007, CeLiberate's lawyer informed Amazon that "CeLiberate has no imminent plans to go online with [the Unified Address Book] technology." (See Ex. A).

[2] Cordance respectfully disagrees in light of Sony, but that disagreement is not the subject of this motion for reconsideration, which instead follows the principles set forth in the Order.

that all references to the UAB had been removed from Cordance's website. (D.I. 35). The Court found such evidence insufficient, however, because "no information regarding cessation of other services that may be directly or indirectly infringing has been provided." (Order at 8).

To address the Court's concern and moot this issue, submitted herewith as Exhibit B is a further declaration from Mr. Reed confirming that (1) since learning about Amazon's counterclaim, Cordance has refrained from standardizing, promoting, commercializing, and/or operating any UAB service and (2) Cordance has no plans to engage in any of the foregoing activities at any time in the future and **further agrees to refrain from doing so during the term of Amazon's U.S. Patent No. 6,269,369**.

By stipulating never to engage in the conduct that Amazon, in its Counterclaim, anticipates might constitute infringement, Cordance has mooted any remaining controversy. In particular, Cordance has agreed to desist from providing any services that could even potentially be accused of infringing the '369 patent either directly or indirectly. This situation is analogous to those presented in Spectronics Corp. v. H.B. Fuller Co., Inc., 940 F.2d 631 (Fed. Cir. 1991) and Super Sack Mfg., Corp. v. Chase Packaging Corp., 57 F.3d 1054 (Fed. Cir. 1995), where covenants not to engage in the conduct allegedly feared by the declaratory judgment plaintiff were held to divest the trial court of subject matter jurisdiction over the declaratory judgment claims. Here, Amazon's sole contention is that Cordance might in the future engage in conduct that might amount to infringement of a patent relating to digital address books. Cordance has stipulated not to do so at any time during the life of Amazon's patent. Even assuming there was a controversy when Amazon filed its Counterclaim, there is not one any more. The subject

matter of Amazon's patent (digital address books) is not something in which Cordance has any business interest. Cordance does not offer or promote such a service and has no desire to do so. There simply is nothing here to litigate.

For the above reasons, Cordance requests that the Counterclaim be dismissed.

ASHBY & GEDDES

/s/ John G. Day

---

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000

Dated: December 6, 2007
186496.1

# EXHIBIT A

**From:** Levine, Brian L. [BLevine@mofo.com]
**Sent:** Wednesday, June 06, 2007 5:57 PM
**To:** Gaurav Mathur
**Cc:** Abrahamsen, Robert
**Subject:** RE: Subpoena to CeLiberate, Inc.

Hi Gaurav,

I write in response to our conference call and your letter of June 5, 2007.

Although CeLiberate continues to believe Amazon's subpoena is void and unenforceable and that Amazon is not entitled to any discovery from CeLiberate, in the spirit of cooperation, CeLiberate has agreed to answer the two questions which you posed to me. The answers to your question are as follows:

1. CeLiberate has no imminent plans to go online with technology related to the subject of your subpoena.

2. CeLiberate has never had any contact with XDI.org or any iNames broker.

Given CeLiberate's cooperation and given the answers to these questions, CeLiberate now considers the matter of the subpoena to be closed.

Best regards,

Brian

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORDANCE CORPORATION, )
)
        Plaintiff, )
)
v. ) C.A. No. 06-491-MPT
)
AMAZON.COM, INC., )
)
        Defendant. )

### DECEMBER 4, 2007 DECLARATION OF DRUMMOND S. REED

I, Drummond Reed, declare and state:

1. I am a board member and Technical Advisor of Cordance Corporation ("Cordance"), the plaintiff in the above-captioned case.

2. Since learning about Amazon's counterclaim, Cordance has removed all references to the Unified Address Book (UAB) service contemplated by Celiberate from its website, and has also refrained from standardizing, promoting, commercializing, and/or operating the UAB service contemplated by Celiberate.

3. Furthermore, Cordance has no current plans to engage in any of the foregoing activities at any time in the future and hereby agrees to refrain from doing so during the enforceable term of Amazon's U.S. Patent No. 6,269,369.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: December 4, 2007

                                           Drummond S. Reed