IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-491-MPT |
| ) | |
| AMAZON.COM, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## AMAZON.COM'S OPPOSITION TO CORDANCE'S REQUEST FOR RECONSIDERATION OF CORDANCE'S MOTION TO DISMISS AMAZON.COM'S COUNTERCLAIM

Cordance brought its motion to dismiss as a facial challenge to Amazon.com's counterclaim. Amazon.com's pleading has not changed, and the Court has already properly applied the law to Cordance's motion. What Cordance seeks now is not reconsideration of its motion, but for the Court to entertain yet another explanation of why Cordance should not be subject to counterclaims in this litigation. But, Cordance's motion fails not only as one for reconsideration, but also under Cordance's theories based on purportedly "new" evidence.

Indeed, Cordance offers no new substantive evidence but continues to maintain that it has nothing to do with the accused Unified Address Book (UAB) service even though it profits from promoting and encouraging others to use its i-name technology through which the UAB service operates. The Court has already denied Cordance's motion to dismiss in light of this very same argument, and Cordance's declaration not to "standardize, promote, commercialize and/or operate any Unified Address Book (UAB) service" does not moot the controversy between the parties. In order to divest the Court of jurisdiction over the counterclaim, Cordance must provide evidence that Amazon.com will not be entitled to any relief. Cordance must show cessation of all activities that could support relief, not just submit yet another carefully-worded declaration

from Mr. Reed[1]. D.I. 82, Memorandum Order at 7-8 ("[N]o information regarding cessation *of other services* that may be directly or indirectly infringing has been provided") (emphasis added). Cordance presents no such information now.

I. **CORDANCE'S ACTIVITIES OTHER THAN ITS DIRECT INVOLVEMENT IN THE UNIFIED ADDRESS BOOK SUPPORT AN ACTUAL CASE AND CONTROVERSY**

Cordance's promise to cease certain activities with respect to the UAB does not moot the controversy between the parties. Amazon.com's counterclaim alleged that Cordance's actions of standardizing, promoting, commercializing, and/or operating its iNames, its Contact Service and its Unified Address Book directly and/or indirectly infringe U.S. Patent No. 6,269,369 ("the '369 patent"). D.I. 24, Answer and First Amended Counterclaims of Defendant Amazon.com at ¶¶ 21-23; D.I. 60, Amazon.com's letter clarifying its declaratory judgment counterclaim. In the Order denying Cordance's motion to dismiss, the Court noted that removal of the UAB references from Cordance's website did not divest the Court of jurisdiction over the counterclaim because Cordance's activities, other than the ones involved with the UAB service, support the actual case and controversy:

- Cordance's development of the i-names architecture by which other companies are able to infringe the '369 patent;

- Cordance's creation and standardization of the XRI/DI protocol and Cordance's partnership in creating the XDI.org registry;

- Cordance's promotion of the i-name technology; and

- Cordance's receipt of licensing fees from registered i-brokers.

---

[1] In support of its Motion to Dismiss, Cordance submitted a declaration from Mr. Reed, but elected to omit at that time the contents of the declaration Mr. Reed now submits. *See* D.I. 35.

D.I. 82, Memorandum Order at 7. Cordance failed to provide any evidence establishing cessation of these activities.

Indeed, Cordance is still actively involved in promoting the i-names technology and its use with address book services. For example, XDI.org, through which Cordance standardizes its technology continues to induce use of address book services with i-names:

> your i-name will be your key to a wide variety of automated, privacy-protected personal data sharing services, including auto-sign-on, auto-site-registration, auto-address books

http://wiki.xdi.org/moin.cgi/TopFaq.

To further profit from its business and standardization of its i-names technology, Cordance continues to promote and register new i-brokers. It even registered its first international i-broker just a few month ago:

> **X**DI.org, Cordance, and NeuStar are pleased to welcome another XDI.org Accredited I-Broker. =you (http://equalsyou.com/). The first i-broker & OpenID provider in the United Kingdom, =you launched their global i-name registration service on 1st July 2007.

http://www.xdi.org/modules/news/article.php?storyid=17. Cordance also continues to operate inames.net through which it encourages people to purchase i-names by promoting various i-services. On its main website cordance.net, Cordance explains its involvement with the development and deployment of i-services, one of which is the UAB:

> Today, we are actively working with identity service providers (i-brokers) worldwide to undergo XDI.org accreditation and develop and deploy identity services (i-services) based on XRI digital addressing. For more information please contact us

http://cordance.net.

Cordance's decision to simply change the codewords on its website by which it tells the field of its support for the UAB service to "identity services" does not negate the underlying

3

facts by which Amazon.com may show that Cordance is liable for infringement, for instance, by "actively working" with i-brokers and supporting the UAB "identity service." Indeed, even Cordance's i-brokers understand that their activities need not have changed in light of Mr. Reed's declaration as they continue to promote i-services including the UAB:



http://www.linksafe.name/about/iservices.

Moreover, neither *Spectronics* nor *Super Sack* support Cordance's position. In those cases, the courts found no controversy to support declaratory judgments of invalidity and non-infringement when plaintiffs, through their statements of non-liability declaring that they will not sue defendants on the asserted patents, were barred from bringing patent infringement suits based on the same patents. *See Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631 (Fed. Cir. 1991); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995). Here, however, the issue of whether Cordance's promise to refrain from particular acts removes any

basis for liability is a factual one to be determined through discovery and not through a motion for reconsideration.

## II. CONCLUSION

Cordance offers no new substantive evidence in support of its motion for reconsideration and simply continues to maintain that it has not and will not standardize, promote, commercialize and operate any UAB service. But it does not declare that it has ceased or will cease all of the accused activities. The Court has subject matter jurisdiction over Amazon.com's counterclaim.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
Gaurav Mathur
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated: December 20, 2007
839143 / 30763

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant and Counterclaim Plaintiff Amazon.com, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on December 20, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on December 20, 2007, I have Electronically Mailed the document to the following person(s):

| | |
|---|---|
| Steven J. Balick | Michael A. Albert |
| John G. Day | Robert M. Abrahamsen |
| Tiffany Geyer Lydon | Adam J. Kessel |
| Ashby & Geddes | Wolf, Greenfield & Sacks, P.C. |
| 500 Delaware Avenue, 8th Floor | 600 Atlantic Avenue |
| Wilmington, DE 19899 | Boston, MA 02210-2206 |
| sbalick@ashby-geddes.com | malbert@wolfgreenfield.com |
| jday@ashby-geddes.com | rabrahamsen@wolfgreenfield.com |
| tlydon@ashby-geddes.com | akessel@wolfgreenfield.com |

By: /s/ David E. Moore
   Richard L. Horwitz
   David E. Moore
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, Delaware 19899-0951
   (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com

757320 / 30763