IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-491-MPT |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR LEAVE TO FILE REPLY MEMORANDUM
IN SUPPORT OF CORDANCE'S REQUEST FOR
<u>RECONSIDERATION OF ITS MOTION TO DISMISS</u>**

Cordance Corporation ("Cordance") hereby respectfully moves, pursuant to Local

Rule 7.1.2(a), for leave to file the attached three-page reply brief in support of its pending

Request for Reconsideration of Cordance's Motion to Dismiss (D.I. 89) in the above action.

The grounds for this motion are as follows:

1.      Amazon's Opposition to Cordance's Request for Consideration (D.I. 93)

misrepresents its own allegations and directly contradicts its previous filings with the Court.

2.      In a "clarification" letter to the Court on July 6, 2007 (D.I. 60), Amazon stated

that it was accusing Cordance of infringement of its '369 patent <u>only</u> to the extent that it would

in the future be involved with the Unified Address Book (a product in development by non-party

CeLiberate):

> Amazon.com <u>did not allege that each of the three accused products</u> [iNames, the
> Contact Service, and the Unified Address Book] infringes the '369 patent, but
> instead <u>alleged that the three accused products when used in conjunction</u> – the use
> intended by Cordance – infringe the '369 patent.

Amazon's Clarification Letter (D.I. 60).  In other words, Amazon conceded that, unless

Cordance threatens in the future to practice or promote the Unified Address Book service, there

is no basis for alleging infringement.

3.  In a declaration attached to its Request for Reconsideration (D.I. 89, Ex. B), Cordance agreed to refrain from standardizing, promoting, commercializing, and/or operating the Unified Address Book Service contemplated by CeLiberate, the activities alleged by Amazon to constitute infringement of the '369 patent.

4.  In its Opposition to Cordance's Request for Consideration (D.I. 93), Amazon directly contradicts it previous "clarification" letter (D.I. 60) and argues that Cordance's future activities will infringe the '369 patent even if Cordance has no involvement whatsoever with the Unified Address Book.

WHEREFORE, Cordance respectfully requests that the Court grant it leave to file the attached reply brief in support of its pending Request for Reconsideration of Cordance's Motion to Dismiss (D.I. 89).

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617-646-8000
Fax: 617-646-8646

Dated: December 28, 2007
186935.1

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

I hereby certify that counsel have discussed the subject matter of the attached motion, but that an agreement could not be reached.

*/s/ John G. Day*

_____

John G. Day

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-491-MPT |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This _____ day of _____, 200\_, Cordance Corporation ("Cordance") having moved for leave to file a three-page reply brief in support of its Request for Reconsideration of Cordance's Motion to Dismiss in the above action, and the Court having concluded that good grounds exist for the requested relief; now, therefore,

IT IS HEREBY ORDERED that Cordance's motion is granted, and that the proposed reply brief which is attached as Exhibit A to Cordance's December 28, 2007 motion shall be deemed to have been served and filed as of the date of this order.

_____
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORDANCE CORPORATION,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　　C.A. No. 06-491-MPT
　　　　　　　　　　　　　　　　　　)
AMAZON.COM, INC.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)

**REPLY MEMORANDUM IN SUPPORT OF
CORDANCE'S REQUEST FOR RECONSIDERATION**

　　　Cordance has bent over backwards to moot any possible controversy.  Having nothing left to complain about, Amazon now seeks to keep its Counterclaim alive by mischaracterizing its own allegations.  Amazon <u>admitted</u> in a letter to the Court that its claim can survive only if Cordance intends to be involved in CeLiberate's Unified Address Book ("UAB") service in the future. (A copy of that letter is attached as Ex. A).  Since Cordance has stipulated <u>not</u> to have any future involvement, the Counterclaim is moot.

　　　In Cordance's Memorandum in Support of its Motion to Dismiss Amazon's Fourth Counterclaim, Cordance pointed out how the use of the term "and/or" throughout Amazon's allegations made it impossible to tell which services were actually being accused of infringement. (D.I. 28 at 17).  In response, Amazon initially stated that its intent was to allege that ***each*** of the three named services – i-names, the Contact Service, and the UAB – might separately, if carried out in the future by Cordance, infringe the '369 patent.[1]  Since Amazon had no basis for alleging that the use of the i-names service or the Contact Service by itself would constitute an

_____

[1] <u>See</u>, <u>e.g.</u>, D.I. 33 at 6, 7; D.I. 57 at 4.

infringement of its patent,[2] Cordance prepared and served upon Amazon a Motion for Sanctions under Rule 11. (A copy of the memorandum in support of that motion is attached as Ex. B).

Upon being served with that motion, Amazon submitted its "clarification" letter (Ex. A) to the Court, stating that it was accusing *only* the *combination* of *all three* of the services listed in its Complaint, i.e., i-names, the Contact Service, and the UAB service. In other words, Amazon conceded that unless Cordance threatens in the future to practice or promote the UAB service, there is no basis for the Counterclaim.

Ignoring its own prior admission made in a letter to this Court, Amazon now seeks to keep its declaratory judgment Counterclaim alive, even though Cordance has done everything it possibly can to satisfy Amazon and the Court that it will not play any future role in any UAB. The UAB, if it ever comes into existence, is the product of a different company (CeLiberate), in which Cordance has no interest. Amazon's effort can be driven by nothing other than a desire to increase legal expense and distraction to Cordance (a much smaller entity).

Amazon's claim that "evidence" allegedly contradicts the December 4, 2007 Declaration of Drummond S. Reed (D.I. 89 at 3) is unavailing for the same reasons. Amazon has conceded that, absent Cordance's intended future involvement in the accused Unified Address Book, there would be no basis for asserting future infringement of the '369 patent (which is directed to certain types of digital address books). Cordance's involvement with "identity services" in general, or even with "address book services" generally, is irrelevant. Amazon has not alleged that all such services that use i-names would infringe its patent. It has alleged only that the UAB

---

[2] I-names is a generic platform that can be used in any number of non-infringing applications. It is a multi-purpose tool. The accused Unified Address Book service is just one of many possible uses for the i-names technology. So long as Cordance agrees not to use that tool in connection with an allegedly infringing product, there is no justiciable case or controversy.

service contemplated by CeLiberate will infringe if and when it is ever ultimately released.

Cordance has stipulated not to participate in any such product throughout the life of the '369

patent.

For the above reasons, no controversy exists and Amazon's Fourth Counterclaim should

be dismissed.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617-646-8000
Fax: 617-646-8646

Dated: December 28, 2007
186937.1

# EXHIBIT A



**Potter Anderson & Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

July 6, 2007

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court
    for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

Re:    *Cordance Corporation v. Amazon.com, Inc.*, C.A. No. 06-491-MPT

Dear Judge Thynge:

After some discussions between the parties regarding Amazon.com's declaratory judgment counterclaim and Cordance's pending Motion to Dismiss that counterclaim, Amazon.com respectfully submits the following clarification of its allegations.

Cordance filed this action against Amazon.com alleging infringement of one of its patents. In its Answer, Amazon.com asserted several counterclaims one of which is a declaratory judgment of infringement of U.S. Patent No. 6,269,369 (the "'369 patent"). In its declaratory judgment counterclaim, Amazon.com alleged that Cordance's iNames, the Contact Service and the Unified Address Book infringe at least one claim of the '369 patent. Amazon.com did not allege that each of the three accused products infringes the '369 patent, but instead alleged that the three accused products when used in conjunction—the use intended by Cordance—infringe the '369 patent. In case there is any confusion, none of the statements made by Amazon.com in its opposition to Cordance's Motion to Dismiss or its subsequent letter briefs were intended to suggest otherwise.

Amazon.com has already provided the above clarification to Cordance, but please advise whether the Court would like to receive further clarification on the issue.

Respectfully,

/s/ Richard L. Horwitz

Richard L. Horwitz

805540 / 30763

cc:    Clerk of the Court (via hand delivery)
    Steven J. Balick (via electronic mail)
    John G. Day (via electronic mail)
    Robert M. Abrahamsen (via electronic mail)

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-491-MPT |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CORDANCE'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SANCTIONS UNDER RULE 11**

| | |
|---|---|
| | ASHBY & GEDDES<br>Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Tiffany Geyer Lydon (I.D. #3950)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>302-654-1888<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>tlydon@ashby-geddes.com<br><br>*Attorneys for Plaintiff Cordance Corporation* |
| *Of Counsel:*<br><br>Michael A. Albert<br>Robert M. Abrahamsen<br>Jeffrey C. O'Neill<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210<br>Tel.: 617-646-8000<br><br>Dated: _____ | |

## INTRODUCTION

Amazon's Fourth Counterclaim ("the Counterclaim") alleges that three services – i-names, a Contact Service, and a Unified Address Book Service – violate its U.S. Patent No. 6,269,369 ("the '369 patent") and also alleges that Cordance is liable for infringement. Cordance has moved to dismiss the Counterclaim on the grounds that Amazon has not established this Court's jurisdiction over the Counterclaim, and Amazon has repeated the same allegations in opposition to that motion. Amazon's allegations have no apparent basis in fact or in law and thus appear to have been made in violation of Rule 11 of the Federal Rules of Civil Procedure. Cordance now moves for sanctions under Rule 11(c).

## ARGUMENT

By signing papers filed with the Court, Amazon's attorneys certified that they had complied with Rule 11 in that they "performed 'an inquiry reasonable under the circumstances' and [came] to three conclusions: (1) that the pleading or motion 'is not being presented for any improper purpose'; (2) that 'the claims … and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law'; and (3) that the 'allegations and other actual contentions have evidentiary support.'" Antonious v. Spalding & Evenflo Companies, Inc., 275 F.3d 1066, 1071-72 (Fed. Cir. 2002) (quoting Fed. R. Civ. P. 11) (emphasis added); Garr v. U.S. Healthcare, Inc., 22 F.3d 1274, 1278 (3d Cir. 1994). Amazon's "obligation under Rule 11(b)(3) to conduct a proper prefiling investigation applies not only to the [counterclaim] but also to 'other papers' filed in the case," such as the papers Amazon submitted (D.I. 33, 57) in opposition to Cordance's motion to dismiss. Spalding, 275 F.3d at 1074.

Whether an inquiry was reasonable under the circumstances is determined using an objective standard. <u>Garr</u>, 22 F.3d at 1278; <u>see also</u> <u>Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.</u>, 498 U.S. 533, 548-50 (1991). The subjective good faith of the signer does not provide a safe harbor. <u>Lieb v. Topstone Industries, Inc.</u>, 788 F.2d 151, 157 (3d Cir. 1986). One who signs a pleading that is legally unreasonable or without factual foundation is subject to sanctions. <u>Id.</u>

In its Fourth Counterclaim, Amazon pleaded:

> 21. Plaintiff and Counterclaim defendant Cordance is in the business of standardizing, promoting, commercializing, and/or operating "iNames" and/or related services, including the "Contact Service" and/or "Unified Address Book Service," collectively the "Cordance Services."
>
> 22. Amazon.com is informed and believes, and thereon alleges, that the "Unified Address Book Service," is used in conjunction with the "Contact Service," and will soon be made available to the public, if not already so available.
>
> 23. By standardizing, promoting, commercializing, and/or operating the Cordance Services, Plaintiff and Counterclaim-Defendant Cordance has engaged in present activity and/or taken concrete steps with the intent to conduct such activity, which would constitute infringement of one or more claims of the '369 patent directly, as inducement of infringement and/or as contributory infringement.

(Amazon's Answer and First Amended Counterclaims (D.I. 24) at 6-7).

In Cordance's Memorandum in Support of its Motion to Dismiss Amazon's Fourth Counterclaim, Cordance pointed out how the use of the term "and/or" throughout these allegations made it impossible to tell which services were actually being accused of infringement. (D.I. 28 at 17). In its subsequently filed papers, Amazon clarified that its intent was to allege that *each* of the three named services – i-names, the Contact Service, and the Unified Address Book Service – infringes the '369 patent. (<u>See, e.g.</u>, D.I. 33 at 6 ("[T]he counterclaim alleges that iNames, the Contact Service and the Unified Address Book infringe the

asserted patent."); D.I. 33 at 7 ("[T]he counterclaim specifically identifies three separate products and services and not just 'any address book product.'"); D.I. 33 at 7 ("Cordance is directly involved in standardizing, promoting, commercializing and operating of all of the accused products and services including the soon-to-arrive Unified Address Book."); D.I. 57 at 4 ("Cordance has offered for sale and sold the accused iNames."); D.I. 57 at 4 ("Cordance advertises the accused services through its website.")).

## I.    Amazon Did Not Have a Rule 11 Basis for Alleging any Infringement of the '369 Patent.

A reasonable investigation of a patent infringement claim requires, at a bare minimum, "that the patent claims be interpreted and that the clams be found to read on the accused devices." S. Bravo Systems, Inc. v. Containment Technologies Corp., 96 F.3d 1372, 1375 (Fed. Cir. 1996). That certain information about accused products is not readily available or accessible is *not* an excuse for failing to perform at least this basic inquiry based upon the information that is available. View Engineering v. Robotic Vision Systems, 208 F.3d 981, 986 (Fed. Cir. 2000). Moreover, even if a reasonably complete analysis based on publicly available information is performed, when further details are required to assess whether particular claim limitations are met, an effort must be made to acquire such details *before* bringing a charge of infringement, not after. Judin v. United States, 110 F.3d 780, 784 (Fed. Cir. 1997). The failure to make a reasonable effort to obtain a sample or adequate description of an accused product or service "so that its actual design and functioning could be compared with the claims of the patent" constitutes a failure "to meet the minimum standards imposed by Rule 11." Id.

"In bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the

claim that it had a reasonable chance of proving infringement." <u>View Engineering</u>, 208 F.3d at 986. "Failure to do so should ordinarily result in the district court expressing its broad discretion in favor of Rule 11 sanctions . . . ." <u>Id.</u>

Amazon's failure is twofold. First, Amazon has not shown any basis for alleging that any accused product does or will infringe its patent. Second, Amazon does not appear to have made any attempt to conduct a pre-filing investigation to determine whether any accused product does or will infringe. Before filing the Counterclaim, Amazon did not seek any information from Cordance, and Amazon does not appear to have contacted CeLiberate, the maker of the Unified Address Book Service and a non-party to this litigation.

To understand the extent of Amazon's Rule 11 violations, it is necessary to review the scope of the invention that is covered the '369 patent by examining its claims.

The '369 patent contains two independent[1] claims:

> 1. A networked contact management system, comprising:
> a database which contains personal records of multiple users, each record including multiple fields, including fields for storing personal contact information; and
> contact manager software which provides restricted access to the database through an interface in which (1) users select other users from the database to include in their own, respective virtual personal address books without the need to enter information for such users, (2) *if a first user selects a second user to include in the first user's virtual personal address book, the second user is provided an option to specify the types of information of the second user's personal record to be viewable by the first user,* (3) users directly update their own respective personal records within the database, and (4) the personal records stored within the database are at least partially viewable as virtual address book entries, so that updates made by users to their own respective personal records are reflected automatically within the virtual personal address books of other users without the need to propagate or separately apply the updates to individual address books.

---

[1] The patent also contains a number of dependent claims. Because a dependent claim can be infringed only if the independent claim from which it depends is also infringed, it is sufficient to review only the patent's independent claims to determine whether there existed a Rule 11 basis for alleging infringement.

9. A networked personal contact management system, comprising:

a database which contains personal data records of a plurality of users, at least some of the data records including contact information of respective users; and

a server system which provides restricted access to the database through an interface that provides functions for each user to at least (a) directly modify the user's own repective [sic] personal data record within the database, (b) select other users from the database to add to a virtual personal address book of the user, and (c) *specify, on a user-by-user basis, permissions for other users to view the personal data record of the user through virtual virtual [sic] personal address books of such other users*;

wherein users directly view the data records of other users through the virtual address books according to said permissions, so that updates by users to their own respective personal records are reflected automatically within the virtual personal address books of other users.

(D.I. 24-2 at 26-27) (emphasis added).

## A.    Unified Address Book

Amazon's complete "basis" for accusing the Unified Address Book Service of infringement appears to have been a solitary passing reference to the service that had previously been posted on the i-names website.  That reference was quoted in its Answer to Cordance's Motion to Dismiss:

> With this new service, you'll never need to "synchronize" address books again because all your devices can share your secure, lifetime i-name address book.
>
> All i-name entries automatically stay current *forever* – as long as you and your contact want to keep the relationship.
>
> Permanently solves the problem of how to keep track of constantly changing directory information.

(D.I. 33 at 12).  The foregoing clearly does not provide evidentiary support for an allegation that the Unified Address Book, if and when it is released, will meet all of the limitations of any claim of the '369 patent.  For instance, there is no indication that the Unified Address Book, as described above, would meet claim 1's limitation that

> if a first user selects a second user to include in the first user's virtual personal
> address book, the second user is provided an option to specify the types of
> information of the second user's personal record to be viewable by the first user

or would meet claim 9's limitation to

> specify, on a user-by-user basis, permissions for other users to view the personal
> data record of the user through virtual [sic] virtual personal address books of such
> other users.

It thus appears that Amazon has not complied with the Rule 11 requirement "that the patent

claims be interpreted and that the clams be found to read on the accused devices." S. Bravo

Systems, 96 F.3d at 1375.

Rule 11 prohibits infringement claims based on uninformative blurbs about products or

services for good reason. "Rule 11 is aimed at curbing baseless filings, which abuse the judicial

system and burden courts and parties with needless expense and delay." Judin, 110 F.3d at 784.

While the blurb may have put Amazon on inquiry that the Unified Address Book, if and when it

is ultimately launched, might *possibly* infringe Amazon's '369 patent, Rule 11 requires a claim

of patent infringement to be based on more than speculation. Id. In order to meet the

requirements of  with Rule 11, Amazon must have followed up on that inquiry and made a

reasonable investigation "*before* the suit [was] filed, not after." Id.

The only evidence that Amazon has put forth in support of its allegation that the Unified

Address Book will infringe its patent is the short blurb quoted above. It thus appears that

Amazon has violated Rule 11 by not making the required inquiry before filing the Counterclaim.

Amazon did not inquire with Cordance, and it appears that Amazon also did not inquire with

CeLiberate.[2]

_____

[2] On April 19, 2007, many months after the Counterclaim was filed, Amazon served CeLiberate
with a subpoena requesting information about the basic functionality of the Unified Address
Book.

**B.**    **i-names or the Contact Service**

Amazon has also accused i-names and the Contact Service of infringing its '369 patent. These two services are currently available, and thus Amazon has access to a wealth of information about these services. Neither of those services even arguably operates as a "virtual address book," as is plainly required by the patent's claims.

Amazon stated its understanding of these two services in its Answer to Cordance's Motion to Dismiss (D.I. 33 at 2-3). Amazon's own description of these two services clearly shows that these two services do not provide any address book functionality. Despite the glaring differences between the claims of the '369 patent and Amazon's own description of these two services, Amazon nonetheless accused both of them of infringement.

It appears that Amazon had absolutely no factual or legal basis for its allegations that i-names or the Contact Service infringe its patent, and as such, the allegations were a clear violation of Rule 11.

**II.**    **Amazon Did Not Have a Rule 11 Basis for Alleging any Infringement by Cordance.**

Amazon's Rule 11 violations appear to be even more egregious. Although Amazon does not appear to have had a sufficient basis for alleging *any infringement* of its '369 patent, even if it did have some yet-to-be-articulated basis for alleging that CeLiberate's Unified Address Book will infringe the '369 patent, Amazon does not appear to have had any basis for alleging any infringement by Cordance.

The '369 patent relates to "virtual address books." The only reference in the Counterclaim to an address book is CeLiberate's Unified Address Book. Amazon does not allege that Cordance has any relationship with CeLiberate, the company making the Unified

Address Book, and indeed the two are separate, unrelated corporations. Nevertheless, Amazon

oddly accuses Cordance of infringement due to the Unified Address Book. Amazon's only

stated evidence connecting Cordance with CeLiberate is that the website inames.net previously

contained information about CeLiberate's Unified Address Book. But of course whatever

objection Amazon might have to this brief reference on a web site (and it is hard to imagine any,

but in any event the reference has been removed[3]), there obviously is not and cannot be any

allegation that a mere reference to a product on a website meets the legal elements of patent

infringement. Amazon thus had absolutely no factual basis for its repeated, reckless allegations

that "Cordance is directly involved in standardizing, promoting, commercializing and operating"

the Unified Address Book. (See, e.g., Amazon.com's Answering Brief in Opposition to

Cordance's Motion to Dismiss Amazon.com's Fourth Counterclaim (D.I. 33) at 7).


## III.    Amazon Did Not Have a Rule 11 Basis for Alleging an Actual Controversy Between Cordance and Amazon.

Amazon's Rule 11 violations appear to go even further. Even if Amazon had a sufficient

basis for alleging that the service would infringe the '369 patent (Amazon has articulated no such

basis and Cordance is aware of none), and even if Amazon further had a basis for alleging that

Cordance was engaged in such infringement (apart from rank speculation), Amazon still did not

have any apparent Rule 11 basis for alleging an actual controversy between Cordance and

Amazon in order to state a claim for declaratory judgment jurisdiction.

---

[3] In its May 24, 2007 letter to the Court, Amazon misleadingly asserted that "Cordance continues to advertise the accused Unified Address Book by supplying links to its i-Brokers' websites advertising the accused service as 'arriving soon.'" (D.I. 57 at 4). No link on Cordance's website advertises anything about the Unified Address Book. Cordance's website merely supplies links to the websites of various i-Brokers, which are independent entities. That one or more of those i-Brokers happens to mention something about the Unified Address Book does not constitute "advertising" by Cordance.

Amazon never communicated with Cordance regarding the '369 patent before filing the Counterclaim. Amazon never informed Cordance of the existence of the patent, never accused Cordance of patent infringement, never asked Cordance to license its patent or cease any particular activities. Under Lang or any other test, Article III requires an actual controversy between the parties as a condition precedent to jurisdiction. See Lang v. Pacific Marine and Supply Co., 895 F.2d 761, 763 (Fed. Cir. 1990); see also Glaxo, Inc. v. Novopharm, 110 F.3d 1562, 1571 (Fed. Cir. 1997); Metabolite Laboratories, Inc. v. Laboratory Corporation of America, 370 F.3d 1354 (Fed. Cir. 2004), cert. dismissed, 126 S. Ct. 2921 (2006); MedImmune, Inc. v. Genetech, Inc., 127 S. Ct. 764, 771 (2007). This constitutional requirement is intended to avoid embroiling parties and courts in litigation when the accused infringer might simply agree to change its actions were it aware of a dispute or concern. Amazon never took any steps to put Cordance on notice, or request any change in conduct, before filing the Counterclaim. Amazon's apparent lack of a Rule 11 basis for alleging an actual controversy is set forth more fully in Cordance's briefings on Cordance's Motion to Dismiss. (See D.I. 28, 34, 56).

## IV.    Amazon's Only Motive for Filing the Counterclaim Was to Improperly Harass Cordance.

The circumstances clearly show that Amazon's only motive for filing the Counterclaim against Cordance was to harass Cordance and increase the legal fees of a vastly smaller party. The claims that Amazon purports to have in connection with its '369 patent do not arise out of the facts and circumstances of the dispute properly filed by Cordance in this Court in connection with Cordance's '710 patent. Amazon has no reason to believe that Cordance intends to release any address book product. If it did genuinely have such a concern, it could have alleviated it by a simple letter or phone call requesting some change in conduct.

What happened here is transparent:  As a hardball litigation tactic in response to a patent infringement claim filed against it, Amazon scoured its portfolio in an attempt to uncover a patent Cordance could be said to be infringing.  It didn't find any.  Undaunted, Amazon speculated wildly that Cordance *might* infringe its '369 patent *in the future*, and apparently without adequate pre-filing investigation, it asserted the Counterclaim.  Amazon does not even appear to be practicing its '369 patent, so it is difficult to see how it could have any rational need to incur litigation expenses taking action against hypothetical future infringement.  The only plausible explanation for Amazon's actions is that it seeks to punish Cordance for seeking lawful redress in Court for Amazon's infringement of Cordance's '710 patent.  Amazon seeks needlessly to run up Cordance's legal expenses, and to send messages to other potential litigants that Amazon will stop at nothing to hinder patent plaintiffs.  Zealous representation is one thing; made-up claims are another.

## CONCLUSION

Should the Court find that Amazon lacked a Rule 11 basis for even a single one of the above allegations, it has violated Rule 11.  Cordance requests that appropriate sanctions be imposed. Rule 11 "makes clear that sanctions may be based on a single invalid legal or factual theory, even if other asserted theories are valid."  See Spalding, 275 F.3d at 1075.  "Advancing even a single invalid theory forces the defendant to respond and to do work it should not have been required to do.  Each claim takes up the time of the legal system and the opposing side." Id.  As argued above, it appears that none of the theories in the Fourth Counterclaim had a valid factual or legal basis.  An appropriate sanction would be to require Amazon to reimburse Cordance for all of the fees and costs it has incurred in defending against or otherwise addressing

the unsupported allegations.  Cordance will provide an accounting of such expenses upon request.

For the above-stated reasons, Cordance respectfully requests that the Court grant its motion for sanctions under Rule 11.

ASHBY & GEDDES

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffery C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
akessel@wolfgreenfield.com

Dated: _____