## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-491-MPT |
| | ) | |
| AMAZON.COM, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SUBPOENAS DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, defendant Amazon.com, Inc. ("Amazon.com") will serve the attached subpoenas

duces tecum (Exhibits A and E hereto) on the following:

| Name | Date/Location of Document Production |
|---|---|
| Dan Banay<br>5718 SW Spokane Street<br>Seattle, WA 98116 | February 19, 2008<br>Fenwick & West, LLP<br>801 California Street<br>Mountain View, CA 94041 |
| Steven Mark Mushero<br>318 Willey Point Road<br>Oakland, ME 04963 | February 19, 2008<br>Fenwick & West, LLP<br>801 California Street<br>Mountain View, CA 94041 |
| Jeffrey Todd Oberlander<br>3950 SW Arroyo Drive<br>Seattle, WA 98146 | February 19, 2008<br>Fenwick & West, LLP<br>801 California Street<br>Mountain View, CA 94041 |
| Peter Earnshaw Heymann<br>1516 E. Howe Street<br>Seattle, WA 98112 | February 19, 2008<br>Fenwick & West, LLP<br>801 California Street<br>Mountain View, CA 94041 |

Kevin Bernard Jones
2515 4th Avenue, Apt. 2308
Seattle, WA  98121

February 19, 2008
Fenwick & West, LLP
801 California Street
Mountain View, CA  94041

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

By:    _/s/ David E. Moore_____
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, Delaware  19801
        Tel:  (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

Dated: January 18, 2008
843533 / 30763

*Attorneys for Defendant Amazon.com, Inc.*

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| WESTERN | DISTRICT OF | WASHINGTON |
|---|---|---|

CORDANCE CORPORATION,

V.

AMAZON.COM, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CASE NO. CV 06-491-MPT

DISTRICT OF DELAWARE

TO:  DAN BANAY
5718 SW Spokane Street
Seattle, WA  98116

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT "A"

| PLACE    Fenwick & West, LLP, 801 California Street, Mountain View, CA  94041<br>(650) 938-5200 | DATE AND TIME<br>February 19, 2008 |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>1/17/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Saina Shamilov, Esq., Fenwick & West, LLP, 801 California Street, Mountain View, CA  94041
Telephone:  650-938-5200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1.     "CORDANCE" shall refer to Cordance Corporation and includes any past and present parents, predecessors (including but not limited to SoftPages, Inc., OneName Corporation, and Intermind Corporation), successors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, and all present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

2.     The term "'710 PATENT" means U.S. Patent No. 6,757,710, listing Drummond Shattuck Reed as inventor, filed on February 5, 2002, issued on June 29, 2004, and titled "Object-Based On-Line Transaction Infrastructure."

3.     The term "'288 PATENT" means U.S. Patent No. 6,345,288, listing Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey Todd Oberlander, and Dan Banay as inventors, filed on May 15, 2000, issued on February 5, 2002, and titled "Computer-Based Communication System And Method Using Metadata Defining a Control-Structure."

4.     The term "'717 PATENT" means U.S. Patent No. 6,088,717, listing Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, and Jeffrey Todd Oberlander as inventors, filed on August 31, 1998, issued on July 11, 2000, and titled "Computer-Based Communication System And Method Using Metadata Defining a Control-Structure."

5.     The term "'325 PATENT" means U.S. Patent No. 5,862,325, listing Drummond

1

Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey

Todd Oberlander, and Dan Banay as inventors, filed on September 27, 1996, issued on January

19, 1999, and titled "Computer-Based Communication System And Method Using Metadata

Defining a Control-Structure."

     6.      The term "'205 PATENT" means U.S. Patent No. 6,044,205, listing Drummond

Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey

Todd Oberlander, and Dan Banay as inventors, filed on February 29, 1996, issued on March 28,

2000, and titled "Communications System For Transferring Information Between Memories

According To Processes Transferred With The Information."

     7.      The term "PATENTS-AT-ISSUE" refers, either collectively or individually, to

the '710 PATENT, '717 PATENT, '325 PATENT, and '205 PATENT.

     8.      The term "RELATED PATENTS/APPLICATIONS" as used herein in connection

with a given patent means all related patents/applications listed as the Related U.S. Application

Data on the face of given patent, any patents/applications which claim the benefit of priority to

such listed patents/applications or the given patent, and any foreign counterparts of any of the

foregoing, including but not limited to the '288 PATENT.

     9.      The term "DOCUMENT" has the broadest meaning accorded that term by Fed. R.

Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all

non-identical copies, and all preliminary and final drafts of any such item.

     10.     The term "COMMUNICATION" refers to all written and oral inquiries,

dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations,

agreements, understandings, meetings, letters, postcards, notes, telegrams, advertisements,

computer messages, e-mail messages, voice-mail messages, and all other DOCUMENTS

evidencing any verbal or nonverbal interaction between two or more PERSONS.

11.    The term "PERSONS" means any individual, corporation, proprietorship, association, joint venture, company, partnership, governmental body or agency, or any other business or legal entity.

12.    The term "INFORMATION MATERIAL TO PATENTABILITY" means information that (a) establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (b) refutes, or is inconsistent with, a position a patent applicant takes in (1) opposing an argument of unpatentability relied on by a patent office, (2) asserting an argument of patentability, (3) characterizing or describing any reference submitted to any patent office, or (4) making any representation to any patent office.  For purposes of this definition, "a prima facie case of unpatentability" is established when the information can support a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence or argument which may tend to establish a contrary conclusion of patentability. "INFORMATION MATERIAL TO PATENTABILITY" specifically includes, but is not limited to, (a) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; (b) prior art cited in search reports of a foreign patent office in a counterpart application; (c) the closest information over which individuals associated with the filing or prosecution of a patent application believe (or have believed) any claim is patentable; and (d) information that a reasonable examiner likely would consider important in deciding whether to allow the application to issue as a patent.

13.    The terms "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO," "REFERRING TO," "CONCERNING" and "REGARDING" shall mean pertaining to,

3

mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, addressing, referring to, dealing with, comprising, consisting of, containing, providing basis for, resulting from, or recording a particular subject in whole or in part either directly or indirectly or being in any way logically or factually connected with the matter discussed or identified.

14.    The terms "YOU," or "YOUR" shall refer to DAN BANAY.

15.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

16.    The words "and" and "or" mean "and/or" and shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

1.    In producing DOCUMENTS, furnish all DOCUMENTS known or available to YOU in YOUR possession, custody or control.

2.    Electronic DOCUMENTS must be produced in their native forms (e.g., electronic DOCUMENTS must be produced electronically). Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

3.    Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), YOU must supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

    a.    The identity of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

    b.    The identity(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

    c.    The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

4

   d. The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

   e. The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

4.     If any DOCUMENT responsive to any of the following requests is believed by YOU to be subject to confidentiality obligations owed by YOU to a third party, identify the DOCUMENT, and identify the third party to whom YOU owe an obligation of confidentiality with respect to that DOCUMENT.

5.     The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

## REQUESTS FOR PRODUCTION

1.     All DOCUMENTS RELATING TO the PATENTS-AT-ISSUE, any RELATED PATENTS/APPLICATIONS and any subject matter or invention described or claimed therein.

2.     All DOCUMENTS RELATING TO the preparation, filing or prosecution of the applications for the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

3.     All DOCUMENTS RELATING TO the conception, development, reduction to practice, diligence in the reduction to practice of any invention or any subject matter described or claimed in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including without limitation any inventor notebooks, technical documentation, invention disclosures, plans, schedules, software applications, code, and version control information.

4. All DOCUMENTS RELATING TO the respective contributions of all persons including inventors listed on the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS to the conception, design, development, or reduction to practice of any invention or any subject matter claimed or described in the PATENTS-AT-ISSUE and any

5

RELATED PATENTS/APPLICATIONS.

5. All DOCUMENTS RELATING TO INFORMATION MATERIAL TO PATENTABILITY to the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

6. All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and CORDANCE, and/or Drummond Reed or any other person CONCERNING the PATENTS-AT-ISSUE, any RELATED PATENTS/APPLICATIONS and any invention or subject matter described in the PATENTS-AT-ISSUE.

7. All DOCUMENTS AND COMMUNICATIONS RELATING TO YOUR employment at CORDANCE including without limitation employment agreements, documents relating to employment termination, invention assignment agreements, and consideration provided for invention assignment agreements.

8. All DOCUMENTS RELATING TO what any person has contended, or you believe is, prior art to the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

9. A copy of your curriculum vitae.

10. All DOCUMENTS RELATING TO any destruction of the information otherwise sought herein.

11. All DOCUMENTS RELATING TO any challenge, whether formal or informal, to the enforceability of the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

12. All DOCUMENTS RELATING TO any priority contest or interference relating to subject matter disclosed in the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

6

13.    All DOCUMENTS RELATING TO any attempt to enforce the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

14.    All DOCUMENTS RELATING TO any legal proceedings involving the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

15.    All DOCUMENTS RELATING TO the first disclosure, sale, or offer for sale, or license of any invention or subject matter claimed or described in the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS to any person other than the individuals listed as inventors thereon.  (This Request specifically includes, but is not limited to, the first disclosure, sale, or offer for sale, or license of the Access Object Network developed by Soft Pages, Inc., ActivePages, Intermind Communicator, Hyperconnectors, Dynamic Publisher, Intelligent Channel Services and Subscriber Feedback System.)

16.    All DOCUMENTS RELATING TO the content of the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including any summaries or descriptions thereof, descriptions of the contributions to the art reflected therein, the coverage thereof, the processes, activities, actions, or technology coming within the scope of any claim thereof, or summaries or descriptions of differences among the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

17.    ALL DOCUMENTS RELATED TO the actual, contemplated, or intended scope or subject matter of the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

18.    For all discovery requested hereunder which YOU withhold on account of some privilege or immunity, ALL DOCUMENTS establishing the relationship pursuant to which YOU contend such privilege or immunity exists.

7

19.    All DOCUMENTS supporting or refuting claims that any person other than the listed inventors is a contributor to the conception, implementation, reduction to practice, or revision of any invention or subject matter disclosed, described or claimed in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

20.    All DOCUMENTS RELATING TO the sale, license, mortgage, assignment, or transfer of any rights in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

21.    All DOCUMENTS requested by, or provided to, CORDANCE or Mr. Drummond Reed, in connection with this dispute, the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

22.    A copy of the contents of any file, folder, archive or collection of information YOU did or do keep RELATED TO the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS or CORDANCE.

23.    All DOCUMENTS RELATED TO any rights in, or to, any of the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS, including any license, assignment, mortgage, security interest, interest in bankruptcy, or transfer.

24.    All DOCUMENTS RELATED TO or any software embodying or implementing any products or services that YOU, CORDANCE, or any other person contended, understood, or believed to embody the inventions described in any asserted claims of the PATENTS-IN-ISSUE or any RELATED PATENTS/APPLICATIONS, including those produced, created or marketed by CORDANCE or its licensees, assignees, or by any predecessor company acquired by or merged with CORDANCE.

8

25.    All DOCUMENTS RELATED TO Nick Duckstein's involvement, whether direct or indirect, in the activities of CORDANCE.

26.    All DOCUMENTS RELATED TO Nick Duckstein's involvement, whether direct or indirect, in the conception, development, reduction to practice of any invention or any subject matter described in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

27.    All DOCUMENTS RELATING TO any product or service related to systems and methods for allowing customers to leave feedback about a seller, allowing sellers to leave feedback about a customer, allowing customers to review products, and allowing customers to comment on reviews written by other customers.

28.    All DOCUMENTS RELATING TO CORDANCE's understanding of the technology and functionality embodied in the product and services offered by PlanetAll, including but not limited to PlanetAll's contact manager.

29.    All DOCUMENTS RELATING TO the transfer or assignment of any rights in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including but not limited to any COMMUNICATION with Mr. Drummond Reed RELATED TO any purpose, objective, or reason for such transfer or assignment.

30.    All DOCUMENTS RELATING TO any agreements between YOU and CORDANCE, Mr. Drummond Reed or counsel concerning this action, any PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

9

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and employed in Santa Clara County in the state of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 801 California Street, Mountain View, CA 94041. On January 18, 2008 I served a copy of the following document(s):

1. **SUBPOENA IN A CIVIL CASE TO DAN BANAY**
2. **EXHIBIT "A" TO SUBPOENA IN A CIVIL CASE**

on the interested parties in the subject action by transmitting via e-mail the documents listed above to the addressees at the e-mail address listed below:

| | |
|---|---|
| Steven J. Balick | Michael A. Albert |
| John G. Day | Robert M. Abrahamsen |
| Tiffany Geyer Lydon | Adam J. Kessel |
| **Ashby & Geddes** | **Wolf, Greenfield & Sacks, P.C.** |
| 500 Delaware Avenue, 8th Floor | 600 Atlantic Avenue |
| Wilmington, DE 19899 | Boston, MA 02210-2206\ |
| sbalick@ashby-geddes.com | malbert@wolfgreenfield.com |
| jday@ashby-geddes.com | rabrahamsen@wolfgreenfield.com |
| tlydon@ashby-geddes.com | akessel@wolfgreenfield.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Proof of Service is true and correct.

Date: January 18, 2008

ELIZABETH MANCERA

# EXHIBIT B

○AO88  (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ MAINE _____

CORDANCE

V.

AMAZON.COM, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CASE NO. CV 06-491-MPT

DISTRICT OF DELAWARE

TO:  Steven Mark Mushero
318 Willey Point Road
Oakland, ME 04963

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE EXHIBIT "A"

| PLACE    Fenwick & West, 801 California Street, Mountain View, CA  94041<br>650-938-5200 | DATE AND TIME<br>**February 19, 2008** |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>1/17/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Saina Shamilov, Esq., Fenwick & West, LLP, 801 California Street, Mountain View, CA 94041
Telephone:  650-938-5200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

# DEFINITIONS

1.    "CORDANCE" shall refer to Cordance Corporation and includes any past and

present parents, predecessors (including but not limited to SoftPages, Inc., OneName

Corporation, and Intermind Corporation), successors, subsidiaries, affiliates, divisions,

associated organizations, joint ventures, and all present and former officers, directors, trustees,

employees, staff members, agents, or other representatives, including counsel and patent agents,

in any country.

2.    The term "'710 PATENT" means U.S. Patent No. 6,757,710, listing Drummond

Shattuck Reed as inventor, filed on February 5, 2002, issued on June 29, 2004, and titled

"Object-Based On-Line Transaction Infrastructure."

3.    The term "'288 PATENT" means U.S. Patent No. 6,345,288, listing Drummond

Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey

Todd Oberlander, and Dan Banay as inventors, filed on May 15, 2000, issued on February 5,

2002, and titled "Computer-Based Communication System And Method Using Metadata

Defining a Control-Structure."

4.    The term "'717 PATENT" means U.S. Patent No. 6,088,717, listing Drummond

Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, and

Jeffrey Todd Oberlander as inventors, filed on August 31, 1998, issued on July 11, 2000, and

titled "Computer-Based Communication System And Method Using Metadata Defining a

Control-Structure."

5.    The term "'325 PATENT" means U.S. Patent No. 5,862,325, listing Drummond

1

Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey

Todd Oberlander, and Dan Banay as inventors, filed on September 27, 1996, issued on January

19, 1999, and titled "Computer-Based Communication System And Method Using Metadata

Defining a Control-Structure."

      6.     The term "'205 PATENT" means U.S. Patent No. 6,044,205, listing Drummond

Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey

Todd Oberlander, and Dan Banay as inventors, filed on February 29, 1996, issued on March 28,

2000, and titled "Communications System For Transferring Information Between Memories

According To Processes Transferred With The Information."

      7.     The term "PATENTS-AT-ISSUE" refers, either collectively or individually, to

the '710 PATENT, '717 PATENT, '325 PATENT, and '205 PATENT.

      8.     The term "RELATED PATENTS/APPLICATIONS" as used herein in connection

with a given patent means all related patents/applications listed as the Related U.S. Application

Data on the face of given patent, any patents/applications which claim the benefit of priority to

such listed patents/applications or the given patent, and any foreign counterparts of any of the

foregoing, including but not limited to the '288 PATENT.

      9.     The term "DOCUMENT" has the broadest meaning accorded that term by Fed. R.

Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all

non-identical copies, and all preliminary and final drafts of any such item.

      10.    The term "COMMUNICATION" refers to all written and oral inquiries,

dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations,

agreements, understandings, meetings, letters, postcards, notes, telegrams, advertisements,

computer messages, e-mail messages, voice-mail messages, and all other DOCUMENTS

evidencing any verbal or nonverbal interaction between two or more PERSONS.

  11.  The term "PERSONS" means any individual, corporation, proprietorship, association, joint venture, company, partnership, governmental body or agency, or any other business or legal entity.

  12.  The term "INFORMATION MATERIAL TO PATENTABILITY" means information that (a) establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (b) refutes, or is inconsistent with, a position a patent applicant takes in (1) opposing an argument of unpatentability relied on by a patent office, (2) asserting an argument of patentability, (3) characterizing or describing any reference submitted to any patent office, or (4) making any representation to any patent office. For purposes of this definition, "a prima facie case of unpatentability" is established when the information can support a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence or argument which may tend to establish a contrary conclusion of patentability. "INFORMATION MATERIAL TO PATENTABILITY" specifically includes, but is not limited to, (a) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; (b) prior art cited in search reports of a foreign patent office in a counterpart application; (c) the closest information over which individuals associated with the filing or prosecution of a patent application believe (or have believed) any claim is patentable; and (d) information that a reasonable examiner likely would consider important in deciding whether to allow the application to issue as a patent.

  13.  The terms "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO," "REFERRING TO," "CONCERNING" and "REGARDING" shall mean pertaining to,

mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, addressing, referring to, dealing with, comprising, consisting of, containing, providing basis for, resulting from, or recording a particular subject in whole or in part either directly or indirectly or being in any way logically or factually connected with the matter discussed or identified.

14.    The terms "YOU," or "YOUR" shall refer to Steven Mark Mushero.

15.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

16.    The words "and" and "or" mean "and/or" and shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

1.    In producing DOCUMENTS, furnish all DOCUMENTS known or available to YOU in YOUR possession, custody or control.

2.    Electronic DOCUMENTS must be produced in their native forms (e.g., electronic DOCUMENTS must be produced electronically). Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

3.    Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), YOU must supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

    a.    The identity of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

    b.    The identity(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

    c.    The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

4

    d. The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

    e. The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

    4.    If any DOCUMENT responsive to any of the following requests is believed by YOU to be subject to confidentiality obligations owed by YOU to a third party, identify the DOCUMENT, and identify the third party to whom YOU owe an obligation of confidentiality with respect to that DOCUMENT.

    5.    The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

### REQUESTS FOR PRODUCTION

    1.    All DOCUMENTS RELATING TO the PATENTS-AT-ISSUE, any RELATED PATENTS/APPLICATIONS and any subject matter or invention described or claimed therein.

    2.    All DOCUMENTS RELATING TO the preparation, filing or prosecution of the applications for the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

    3.    All DOCUMENTS RELATING TO the conception, development, reduction to practice, diligence in the reduction to practice of any invention or any subject matter described or claimed in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including without limitation any inventor notebooks, technical documentation, invention disclosures, plans, schedules, software applications, code, and version control information.

    4. All DOCUMENTS RELATING TO the respective contributions of all persons including inventors listed on the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS to the conception, design, development, or reduction to practice of any invention or any subject matter claimed or described in the PATENTS-AT-ISSUE and any

RELATED PATENTS/APPLICATIONS.

5. All DOCUMENTS RELATING TO INFORMATION MATERIAL TO PATENTABILITY to the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

6. All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and CORDANCE, and/or Drummond Reed or any other person CONCERNING the PATENTS-AT-ISSUE, any RELATED PATENTS/APPLICATIONS and any invention or subject matter described in the PATENTS-AT-ISSUE.

7. All DOCUMENTS AND COMMUNICATIONS RELATING TO YOUR employment at CORDANCE including without limitation employment agreements, documents relating to employment termination, invention assignment agreements, and consideration provided for invention assignment agreements.

8. All DOCUMENTS RELATING TO what any person has contended, or you believe is, prior art to the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

9. A copy of your curriculum vitae.

10. All DOCUMENTS RELATING TO any destruction of the information otherwise sought herein.

11. All DOCUMENTS RELATING TO any challenge, whether formal or informal, to the enforceability of the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

12. All DOCUMENTS RELATING TO any priority contest or interference relating to subject matter disclosed in the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

13.    All DOCUMENTS RELATING TO any attempt to enforce the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

14.    All DOCUMENTS RELATING TO any legal proceedings involving the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

15.    All DOCUMENTS RELATING TO the first disclosure, sale, or offer for sale, or license of any invention or subject matter claimed or described in the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS to any person other than the individuals listed as inventors thereon. (This Request specifically includes, but is not limited to, the first disclosure, sale, or offer for sale, or license of the Access Object Network developed by Soft Pages, Inc., ActivePages, Intermind Communicator, Hyperconnectors, Dynamic Publisher, Intelligent Channel Services and Subscriber Feedback System.)

16.    All DOCUMENTS RELATING TO the content of the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including any summaries or descriptions thereof, descriptions of the contributions to the art reflected therein, the coverage thereof, the processes, activities, actions, or technology coming within the scope of any claim thereof, or summaries or descriptions of differences among the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

17.    ALL DOCUMENTS RELATED TO the actual, contemplated, or intended scope or subject matter of the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

18.    For all discovery requested hereunder which YOU withhold on account of some privilege or immunity, ALL DOCUMENTS establishing the relationship pursuant to which YOU contend such privilege or immunity exists.

7

19.    All DOCUMENTS supporting or refuting claims that any person other than the listed inventors is a contributor to the conception, implementation, reduction to practice, or revision of any invention or subject matter disclosed, described or claimed in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

20.    All DOCUMENTS RELATING TO the sale, license, mortgage, assignment, or transfer of any rights in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

21.    All DOCUMENTS requested by, or provided to, CORDANCE or Mr. Drummond Reed, in connection with this dispute, the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

22.    A copy of the contents of any file, folder, archive or collection of information YOU did or do keep RELATED TO the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS or CORDANCE.

23.    All DOCUMENTS RELATED TO any rights in, or to, any of the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS, including any license, assignment, mortgage, security interest, interest in bankruptcy, or transfer.

24.    All DOCUMENTS RELATED TO or any software embodying or implementing any products or services that YOU, CORDANCE, or any other person contended, understood, or believed to embody the inventions described in any asserted claims of the PATENTS-IN-ISSUE or any RELATED PATENTS/APPLICATIONS, including those produced, created or marketed by CORDANCE or its licensees, assignees, or by any predecessor company acquired by or merged with CORDANCE.

8

25.    All DOCUMENTS RELATED TO Nick Duckstein's involvement, whether direct or indirect, in the activities of CORDANCE.

26.    All DOCUMENTS RELATED TO Nick Duckstein's involvement, whether direct or indirect, in the conception, development, reduction to practice of any invention or any subject matter described in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

27.    All DOCUMENTS RELATING TO any product or service related to systems and methods for allowing customers to leave feedback about a seller, allowing sellers to leave feedback about a customer, allowing customers to review products, and allowing customers to comment on reviews written by other customers.

28.    All DOCUMENTS RELATING TO CORDANCE's understanding of the technology and functionality embodied in the product and services offered by PlanetAll, including but not limited to PlanetAll's contact manager.

29.    All DOCUMENTS RELATING TO the transfer or assignment of any rights in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including but not limited to any COMMUNICATION with Mr. Drummond Reed RELATED TO any purpose, objective, or reason for such transfer or assignment.

30.    All DOCUMENTS RELATING TO any agreements between YOU and CORDANCE, Mr. Drummond Reed or counsel concerning this action, any PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

## CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in Santa Clara County in the state of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 801 California Street, Mountain View, CA 94041. On January 18, 2008 I served a copy of the following document(s):

1. **SUBPOENA IN A CIVIL CASE TO STEVEN MARK MUSHERO**
2. **EXHIBIT "A" TO SUBPOENA IN A CIVIL CASE**

on the interested parties in the subject action by transmitting via e-mail the documents listed above to the addressees at the e-mail address listed below:

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
**Ashby & Geddes**
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Adam J. Kessel
**Wolf, Greenfield & Sacks, P.C.**
600 Atlantic Avenue
Boston, MA  02210-2206\
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
akessel@wolfgreenfield.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Proof of Service is true and correct.

Date:  January 18, 2008

ELIZABETH MANCERA

# EXHIBIT C

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN | DISTRICT OF | WASHINGTON

CORDANCE CORPORATION,

V.

AMAZON.COM, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CASE NO. CV 06-491-MPT
DISTRICT OF DELAWARE

TO:  JEFFREY TODD OBERLANDER
3950 SW Arroyo Drive
Seattle, WA 98146

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE EXHIBIT "A"

| PLACE    Fenwick & West, LLP, 801 California Street, Mountain View, CA 94041  (650) 938-5200 | DATE AND TIME  February 19, 2008 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  1/17/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Saina Shamilov, Esq., Fenwick & West, LLP, 801 California Street, Mountain View, CA 94041
Telephone: 650-938-5200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

# DEFINITIONS

1.    "CORDANCE" shall refer to Cordance Corporation and includes any past and present parents, predecessors (including but not limited to SoftPages, Inc., OneName Corporation, and Intermind Corporation), successors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, and all present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

2.    The term "'710 PATENT" means U.S. Patent No. 6,757,710, listing Drummond Shattuck Reed as inventor, filed on February 5, 2002, issued on June 29, 2004, and titled "Object-Based On-Line Transaction Infrastructure."

3.    The term "'288 PATENT" means U.S. Patent No. 6,345,288, listing Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey Todd Oberlander, and Dan Banay as inventors, filed on May 15, 2000, issued on February 5, 2002, and titled "Computer-Based Communication System And Method Using Metadata Defining a Control-Structure."

4.    The term "'717 PATENT" means U.S. Patent No. 6,088,717, listing Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, and Jeffrey Todd Oberlander as inventors, filed on August 31, 1998, issued on July 11, 2000, and titled "Computer-Based Communication System And Method Using Metadata Defining a Control-Structure."

5.    The term "'325 PATENT" means U.S. Patent No. 5,862,325, listing Drummond

1

Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey

Todd Oberlander, and Dan Banay as inventors, filed on September 27, 1996, issued on January

19, 1999, and titled "Computer-Based Communication System And Method Using Metadata

Defining a Control-Structure."

      6.      The term "'205 PATENT" means U.S. Patent No. 6,044,205, listing Drummond

Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey

Todd Oberlander, and Dan Banay as inventors, filed on February 29, 1996, issued on March 28,

2000, and titled "Communications System For Transferring Information Between Memories

According To Processes Transferred With The Information."

      7.      The term "PATENTS-AT-ISSUE" refers, either collectively or individually, to

the '710 PATENT, '717 PATENT, '325 PATENT, and '205 PATENT.

      8.      The term "RELATED PATENTS/APPLICATIONS" as used herein in connection

with a given patent means all related patents/applications listed as the Related U.S. Application

Data on the face of given patent, any patents/applications which claim the benefit of priority to

such listed patents/applications or the given patent, and any foreign counterparts of any of the

foregoing, including but not limited to the '288 PATENT.

      9.      The term "DOCUMENT" has the broadest meaning accorded that term by Fed. R.

Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all

non-identical copies, and all preliminary and final drafts of any such item.

      10.      The term "COMMUNICATION" refers to all written and oral inquiries,

dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations,

agreements, understandings, meetings, letters, postcards, notes, telegrams, advertisements,

computer messages, e-mail messages, voice-mail messages, and all other DOCUMENTS

evidencing any verbal or nonverbal interaction between two or more PERSONS.

11.    The term "PERSONS" means any individual, corporation, proprietorship, association, joint venture, company, partnership, governmental body or agency, or any other business or legal entity.

12.    The term "INFORMATION MATERIAL TO PATENTABILITY" means information that (a) establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (b) refutes, or is inconsistent with, a position a patent applicant takes in (1) opposing an argument of unpatentability relied on by a patent office, (2) asserting an argument of patentability, (3) characterizing or describing any reference submitted to any patent office, or (4) making any representation to any patent office.  For purposes of this definition, "a prima facie case of unpatentability" is established when the information can support a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence or argument which may tend to establish a contrary conclusion of patentability. "INFORMATION MATERIAL TO PATENTABILITY" specifically includes, but is not limited to, (a) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; (b) prior art cited in search reports of a foreign patent office in a counterpart application; (c) the closest information over which individuals associated with the filing or prosecution of a patent application believe (or have believed) any claim is patentable; and (d) information that a reasonable examiner likely would consider important in deciding whether to allow the application to issue as a patent.

13.    The terms "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO," "REFERRING TO," "CONCERNING" and "REGARDING" shall mean pertaining to,

mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, addressing, referring to, dealing with, comprising, consisting of, containing, providing basis for, resulting from, or recording a particular subject in whole or in part either directly or indirectly or being in any way logically or factually connected with the matter discussed or identified.

14.    The terms "YOU," or "YOUR" shall refer to Jeffrey Todd Oberlander.

15.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

16.    The words "and" and "or" mean "and/or" and shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

1.    In producing DOCUMENTS, furnish all DOCUMENTS known or available to YOU in YOUR possession, custody or control.

2.    Electronic DOCUMENTS must be produced in their native forms (e.g., electronic DOCUMENTS must be produced electronically). Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

3.    Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), YOU must supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

    a.  The identity of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

    b.  The identity(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

    c.  The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

4

d.  The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

e.  The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

4.  If any DOCUMENT responsive to any of the following requests is believed by YOU to be subject to confidentiality obligations owed by YOU to a third party, identify the DOCUMENT, and identify the third party to whom YOU owe an obligation of confidentiality with respect to that DOCUMENT.

5.  The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

## REQUESTS FOR PRODUCTION

1.  All DOCUMENTS RELATING TO the PATENTS-AT-ISSUE, any RELATED PATENTS/APPLICATIONS and any subject matter or invention described or claimed therein.

2.  All DOCUMENTS RELATING TO the preparation, filing or prosecution of the applications for the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

3.  All DOCUMENTS RELATING TO the conception, development, reduction to practice, diligence in the reduction to practice of any invention or any subject matter described or claimed in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including without limitation any inventor notebooks, technical documentation, invention disclosures, plans, schedules, software applications, code, and version control information.

4.  All DOCUMENTS RELATING TO the respective contributions of all persons including inventors listed on the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS to the conception, design, development, or reduction to practice of any invention or any subject matter claimed or described in the PATENTS-AT-ISSUE and any

5

RELATED PATENTS/APPLICATIONS.

    5.  All DOCUMENTS RELATING TO INFORMATION MATERIAL TO PATENTABILITY to the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

    6.    All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and CORDANCE, and/or Drummond Reed or any other person CONCERNING the PATENTS-AT-ISSUE, any RELATED PATENTS/APPLICATIONS and any invention or subject matter described in the PATENTS-AT-ISSUE.

    7.    All DOCUMENTS AND COMMUNICATIONS RELATING TO YOUR employment at CORDANCE including without limitation employment agreements, documents relating to employment termination, invention assignment agreements, and consideration provided for invention assignment agreements.

    8.    All DOCUMENTS RELATING TO what any person has contended, or you believe is, prior art to the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

    9.    A copy of your curriculum vitae.

    10.    All DOCUMENTS RELATING TO any destruction of the information otherwise sought herein.

    11.    All DOCUMENTS RELATING TO any challenge, whether formal or informal, to the enforceability of the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

    12.    All DOCUMENTS RELATING TO any priority contest or interference relating to subject matter disclosed in the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

6

13.    All DOCUMENTS RELATING TO any attempt to enforce the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

14.    All DOCUMENTS RELATING TO any legal proceedings involving the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

15.    All DOCUMENTS RELATING TO the first disclosure, sale, or offer for sale, or license of any invention or subject matter claimed or described in the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS to any person other than the individuals listed as inventors thereon. (This Request specifically includes, but is not limited to, the first disclosure, sale, or offer for sale, or license of the Access Object Network developed by Soft Pages, Inc., ActivePages, Intermind Communicator, Hyperconnectors, Dynamic Publisher, Intelligent Channel Services and Subscriber Feedback System.)

16.    All DOCUMENTS RELATING TO the content of the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including any summaries or descriptions thereof, descriptions of the contributions to the art reflected therein, the coverage thereof, the processes, activities, actions, or technology coming within the scope of any claim thereof, or summaries or descriptions of differences among the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

17.    ALL DOCUMENTS RELATED TO the actual, contemplated, or intended scope or subject matter of the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

18.    For all discovery requested hereunder which YOU withhold on account of some privilege or immunity, ALL DOCUMENTS establishing the relationship pursuant to which YOU contend such privilege or immunity exists.

19.    All DOCUMENTS supporting or refuting claims that any person other than the listed inventors is a contributor to the conception, implementation, reduction to practice, or revision of any invention or subject matter disclosed, described or claimed in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

20.    All DOCUMENTS RELATING TO the sale, license, mortgage, assignment, or transfer of any rights in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

21.    All DOCUMENTS requested by, or provided to, CORDANCE or Mr. Drummond Reed, in connection with this dispute, the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

22.    A copy of the contents of any file, folder, archive or collection of information YOU did or do keep RELATED TO the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS or CORDANCE.

23.    All DOCUMENTS RELATED TO any rights in, or to, any of the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS, including any license, assignment, mortgage, security interest, interest in bankruptcy, or transfer.

24.    All DOCUMENTS RELATED TO or any software embodying or implementing any products or services that YOU, CORDANCE, or any other person contended, understood, or believed to embody the inventions described in any asserted claims of the PATENTS-IN-ISSUE or any RELATED PATENTS/APPLICATIONS, including those produced, created or marketed by CORDANCE or its licensees, assignees, or by any predecessor company acquired by or merged with CORDANCE.

8

25.    All DOCUMENTS RELATED TO Nick Duckstein's involvement, whether direct or indirect, in the activities of CORDANCE.

26.    All DOCUMENTS RELATED TO Nick Duckstein's involvement, whether direct or indirect, in the conception, development, reduction to practice of any invention or any subject matter described in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

27.    All DOCUMENTS RELATING TO any product or service related to systems and methods for allowing customers to leave feedback about a seller, allowing sellers to leave feedback about a customer, allowing customers to review products, and allowing customers to comment on reviews written by other customers.

28.    All DOCUMENTS RELATING TO CORDANCE's understanding of the technology and functionality embodied in the product and services offered by PlanetAll, including but not limited to PlanetAll's contact manager.

29.    All DOCUMENTS RELATING TO the transfer or assignment of any rights in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including but not limited to any COMMUNICATION with Mr. Drummond Reed RELATED TO any purpose, objective, or reason for such transfer or assignment.

30.    All DOCUMENTS RELATING TO any agreements between YOU and CORDANCE, Mr. Drummond Reed or counsel concerning this action, any PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

9

## CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in Santa Clara County in the state of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 801 California Street, Mountain View, CA 94041. On January 18, 2008 I served a copy of the following document(s):

1. **SUBPOENA IN A CIVIL CASE TO JEFFREY TODD OBERLANDER**
2. **EXHIBIT "A" TO SUBPOENA IN A CIVIL CASE**

on the interested parties in the subject action by transmitting via e-mail the documents listed above to the addressees at the e-mail address listed below:

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
**Ashby & Geddes**
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Adam J. Kessel
**Wolf, Greenfield & Sacks, P.C.**
600 Atlantic Avenue
Boston, MA  02210-2206\
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
akessel@wolfgreenfield.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Proof of Service is true and correct.

Date:  January 18, 2008

ELIZABETH MANCERA

# EXHIBIT D

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

WESTERN    DISTRICT OF    WASHINGTON

CORDANCE CORPORATION,

V.

AMAZON.COM, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   CASE NO. CV 06-491-MPT
DISTRICT OF DELAWARE

TO:  PETER EARNSHAW HEYMANN
1516 E. Howe Street
Seattle, WA  98112

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE EXHIBIT "A"

| PLACE       Fenwick & West, LLP, 801 California Street, Mountain View, CA  94041<br>(650) 938-5200 | DATE AND TIME<br>February 19, 2008 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>1/17/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Saina Shamilov, Esq., Fenwick & West, LLP,  801 California Street, Mountain View, CA  94041
Telephone:  650-938-5200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

# DEFINITIONS

1.     "CORDANCE" shall refer to Cordance Corporation and includes any past and present parents, predecessors (including but not limited to SoftPages, Inc., OneName Corporation, and Intermind Corporation), successors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, and all present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

2.     The term "'710 PATENT" means U.S. Patent No. 6,757,710, listing Drummond Shattuck Reed as inventor, filed on February 5, 2002, issued on June 29, 2004, and titled "Object-Based On-Line Transaction Infrastructure."

3.     The term "'288 PATENT" means U.S. Patent No. 6,345,288, listing Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey Todd Oberlander, and Dan Banay as inventors, filed on May 15, 2000, issued on February 5, 2002, and titled "Computer-Based Communication System And Method Using Metadata Defining a Control-Structure."

4.     The term "'717 PATENT" means U.S. Patent No. 6,088,717, listing Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, and Jeffrey Todd Oberlander as inventors, filed on August 31, 1998, issued on July 11, 2000, and titled "Computer-Based Communication System And Method Using Metadata Defining a Control-Structure."

5.     The term "'325 PATENT" means U.S. Patent No. 5,862,325, listing Drummond

1

Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey

Todd Oberlander, and Dan Banay as inventors, filed on September 27, 1996, issued on January

19, 1999, and titled "Computer-Based Communication System And Method Using Metadata

Defining a Control-Structure."

      6.      The term "'205 PATENT" means U.S. Patent No. 6,044,205, listing Drummond

Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey

Todd Oberlander, and Dan Banay as inventors, filed on February 29, 1996, issued on March 28,

2000, and titled "Communications System For Transferring Information Between Memories

According To Processes Transferred With The Information."

      7.      The term "PATENTS-AT-ISSUE" refers, either collectively or individually, to

the '710 PATENT, '717 PATENT, '325 PATENT, and '205 PATENT.

      8.      The term "RELATED PATENTS/APPLICATIONS" as used herein in connection

with a given patent means all related patents/applications listed as the Related U.S. Application

Data on the face of given patent, any patents/applications which claim the benefit of priority to

such listed patents/applications or the given patent, and any foreign counterparts of any of the

foregoing, including but not limited to the '288 PATENT.

      9.      The term "DOCUMENT" has the broadest meaning accorded that term by Fed. R.

Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all

non-identical copies, and all preliminary and final drafts of any such item.

      10.      The term "COMMUNICATION" refers to all written and oral inquiries,

dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations,

agreements, understandings, meetings, letters, postcards, notes, telegrams, advertisements,

computer messages, e-mail messages, voice-mail messages, and all other DOCUMENTS

evidencing any verbal or nonverbal interaction between two or more PERSONS.

11.     The term "PERSONS" means any individual, corporation, proprietorship, association, joint venture, company, partnership, governmental body or agency, or any other business or legal entity.

12.     The term "INFORMATION MATERIAL TO PATENTABILITY" means information that (a) establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (b) refutes, or is inconsistent with, a position a patent applicant takes in (1) opposing an argument of unpatentability relied on by a patent office, (2) asserting an argument of patentability, (3) characterizing or describing any reference submitted to any patent office, or (4) making any representation to any patent office.  For purposes of this definition, "a prima facie case of unpatentability" is established when the information can support a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence or argument which may tend to establish a contrary conclusion of patentability. "INFORMATION MATERIAL TO PATENTABILITY" specifically includes, but is not limited to, (a) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; (b) prior art cited in search reports of a foreign patent office in a counterpart application; (c) the closest information over which individuals associated with the filing or prosecution of a patent application believe (or have believed) any claim is patentable; and (d) information that a reasonable examiner likely would consider important in deciding whether to allow the application to issue as a patent.

13.     The terms "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO," "REFERRING TO," "CONCERNING" and "REGARDING" shall mean pertaining to,

3

mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, addressing, referring to, dealing with, comprising, consisting of, containing, providing basis for, resulting from, or recording a particular subject in whole or in part either directly or indirectly or being in any way logically or factually connected with the matter discussed or identified.

14.    The terms "YOU," or "YOUR" shall refer to Peter Earnshaw Heymann.

15.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

16.    The words "and" and "or" mean "and/or" and shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

1.    In producing DOCUMENTS, furnish all DOCUMENTS known or available to YOU in YOUR possession, custody or control.

2.    Electronic DOCUMENTS must be produced in their native forms (e.g., electronic DOCUMENTS must be produced electronically). Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

3.    Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), YOU must supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

    a.    The identity of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

    b.    The identity(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

    c.    The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

4

    d. The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

    e. The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

    4.     If any DOCUMENT responsive to any of the following requests is believed by YOU to be subject to confidentiality obligations owed by YOU to a third party, identify the DOCUMENT, and identify the third party to whom YOU owe an obligation of confidentiality with respect to that DOCUMENT.

    5.     The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

## REQUESTS FOR PRODUCTION

    1.     All DOCUMENTS RELATING TO the PATENTS-AT-ISSUE, any RELATED PATENTS/APPLICATIONS and any subject matter or invention described or claimed therein.

    2.     All DOCUMENTS RELATING TO the preparation, filing or prosecution of the applications for the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

    3.     All DOCUMENTS RELATING TO the conception, development, reduction to practice, diligence in the reduction to practice of any invention or any subject matter described or claimed in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including without limitation any inventor notebooks, technical documentation, invention disclosures, plans, schedules, software applications, code, and version control information.

    4. All DOCUMENTS RELATING TO the respective contributions of all persons including inventors listed on the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS to the conception, design, development, or reduction to practice of any invention or any subject matter claimed or described in the PATENTS-AT-ISSUE and any

RELATED PATENTS/APPLICATIONS.

    5. All DOCUMENTS RELATING TO INFORMATION MATERIAL TO PATENTABILITY to the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

    6.    All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and CORDANCE, and/or Drummond Reed or any other person CONCERNING the PATENTS-AT-ISSUE, any RELATED PATENTS/APPLICATIONS and any invention or subject matter described in the PATENTS-AT-ISSUE.

    7.    All DOCUMENTS AND COMMUNICATIONS RELATING TO YOUR employment at CORDANCE including without limitation employment agreements, documents relating to employment termination, invention assignment agreements, and consideration provided for invention assignment agreements.

    8.    All DOCUMENTS RELATING TO what any person has contended, or you believe is, prior art to the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

    9.    A copy of your curriculum vitae.

    10.    All DOCUMENTS RELATING TO any destruction of the information otherwise sought herein.

    11.    All DOCUMENTS RELATING TO any challenge, whether formal or informal, to the enforceability of the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

    12.    All DOCUMENTS RELATING TO any priority contest or interference relating to subject matter disclosed in the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

13.    All DOCUMENTS RELATING TO any attempt to enforce the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

14.    All DOCUMENTS RELATING TO any legal proceedings involving the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

15.    All DOCUMENTS RELATING TO the first disclosure, sale, or offer for sale, or license of any invention or subject matter claimed or described in the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS to any person other than the individuals listed as inventors thereon. (This Request specifically includes, but is not limited to, the first disclosure, sale, or offer for sale, or license of the Access Object Network developed by Soft Pages, Inc., ActivePages, Intermind Communicator, Hyperconnectors, Dynamic Publisher, Intelligent Channel Services and Subscriber Feedback System.)

16.    All DOCUMENTS RELATING TO the content of the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including any summaries or descriptions thereof, descriptions of the contributions to the art reflected therein, the coverage thereof, the processes, activities, actions, or technology coming within the scope of any claim thereof, or summaries or descriptions of differences among the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

17.    ALL DOCUMENTS RELATED TO the actual, contemplated, or intended scope or subject matter of the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

18.    For all discovery requested hereunder which YOU withhold on account of some privilege or immunity, ALL DOCUMENTS establishing the relationship pursuant to which YOU contend such privilege or immunity exists.

7

19.   All DOCUMENTS supporting or refuting claims that any person other than the listed inventors is a contributor to the conception, implementation, reduction to practice, or revision of any invention or subject matter disclosed, described or claimed in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

20.   All DOCUMENTS RELATING TO the sale, license, mortgage, assignment, or transfer of any rights in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

21.   All DOCUMENTS requested by, or provided to, CORDANCE or Mr. Drummond Reed, in connection with this dispute, the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

22.   A copy of the contents of any file, folder, archive or collection of information YOU did or do keep RELATED TO the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS or CORDANCE.

23.   All DOCUMENTS RELATED TO any rights in, or to, any of the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS, including any license, assignment, mortgage, security interest, interest in bankruptcy, or transfer.

24.   All DOCUMENTS RELATED TO or any software embodying or implementing any products or services that YOU, CORDANCE, or any other person contended, understood, or believed to embody the inventions described in any asserted claims of the PATENTS-IN-ISSUE or any RELATED PATENTS/APPLICATIONS, including those produced, created or marketed by CORDANCE or its licensees, assignees, or by any predecessor company acquired by or merged with CORDANCE.

8

25.   All DOCUMENTS RELATED TO Nick Duckstein's involvement, whether direct or indirect, in the activities of CORDANCE.

26.   All DOCUMENTS RELATED TO Nick Duckstein's involvement, whether direct or indirect, in the conception, development, reduction to practice of any invention or any subject matter described in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

27.   All DOCUMENTS RELATING TO any product or service related to systems and methods for allowing customers to leave feedback about a seller, allowing sellers to leave feedback about a customer, allowing customers to review products, and allowing customers to comment on reviews written by other customers.

28.   All DOCUMENTS RELATING TO CORDANCE's understanding of the technology and functionality embodied in the product and services offered by PlanetAll, including but not limited to PlanetAll's contact manager.

29.   All DOCUMENTS RELATING TO the transfer or assignment of any rights in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including but not limited to any COMMUNICATION with Mr. Drummond Reed RELATED TO any purpose, objective, or reason for such transfer or assignment.

30.   All DOCUMENTS RELATING TO any agreements between YOU and CORDANCE, Mr. Drummond Reed or counsel concerning this action, any PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

## CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in Santa Clara County in the state of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 801 California Street, Mountain View, CA 94041. On January 18, 2008 I served a copy of the following document(s):

1. **SUBPOENA IN A CIVIL CASE TO PETER EARNSHAW HEYMANN**
2. **EXHIBIT "A" TO SUBPOENA IN A CIVIL CASE**

on the interested parties in the subject action by transmitting via e-mail the documents listed above to the addressees at the e-mail address listed below:

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
**Ashby & Geddes**
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Adam J. Kessel
**Wolf, Greenfield & Sacks, P.C.**
600 Atlantic Avenue
Boston, MA  02210-2206\
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
akessel@wolfgreenfield.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Proof of Service is true and correct.

Date: January 18, 2008

ELIZABETH MANCERA

# EXHIBIT E

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN                          DISTRICT OF                    WASHINGTON

CORDANCE CORPORATION,                        **SUBPOENA IN A CIVIL CASE**

V.

AMAZON.COM, INC.                             Case Number:[1]  CASE NO. CV 06-491-MPT

                                                      DISTRICT OF DELAWARE

TO:  KEVIN BERNARD JONES
     2515 4th Avenue, Apt. 2308
     Seattle, WA 98121

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE EXHIBIT "A"

| PLACE      Fenwick & West, LLP, 801 California Street, Mountain View, CA 94041 (650) 938-5200 | DATE AND TIME February 19, 2008 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 1/17/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Saina Shamilov, Esq., Fenwick & West, LLP, 801 California Street, Mountain View, CA 94041
Telephone: 650-938-5200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1.     "CORDANCE" shall refer to Cordance Corporation and includes any past and present parents, predecessors (including but not limited to SoftPages, Inc., OneName Corporation, and Intermind Corporation), successors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, and all present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

2.     The term "'710 PATENT" means U.S. Patent No. 6,757,710, listing Drummond Shattuck Reed as inventor, filed on February 5, 2002, issued on June 29, 2004, and titled "Object-Based On-Line Transaction Infrastructure."

3.     The term "'288 PATENT" means U.S. Patent No. 6,345,288, listing Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey Todd Oberlander, and Dan Banay as inventors, filed on May 15, 2000, issued on February 5, 2002, and titled "Computer-Based Communication System And Method Using Metadata Defining a Control-Structure."

4.     The term "'717 PATENT" means U.S. Patent No. 6,088,717, listing Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, and Jeffrey Todd Oberlander as inventors, filed on August 31, 1998, issued on July 11, 2000, and titled "Computer-Based Communication System And Method Using Metadata Defining a Control-Structure."

5.     The term "'325 PATENT" means U.S. Patent No. 5,862,325, listing Drummond

1

Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey

Todd Oberlander, and Dan Banay as inventors, filed on September 27, 1996, issued on January

19, 1999, and titled "Computer-Based Communication System And Method Using Metadata

Defining a Control-Structure."

     6.      The term "'205 PATENT" means U.S. Patent No. 6,044,205, listing Drummond

Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey

Todd Oberlander, and Dan Banay as inventors, filed on February 29, 1996, issued on March 28,

2000, and titled "Communications System For Transferring Information Between Memories

According To Processes Transferred With The Information."

     7.      The term "PATENTS-AT-ISSUE" refers, either collectively or individually, to

the '710 PATENT, '717 PATENT, '325 PATENT, and '205 PATENT.

     8.      The term "RELATED PATENTS/APPLICATIONS" as used herein in connection

with a given patent means all related patents/applications listed as the Related U.S. Application

Data on the face of given patent, any patents/applications which claim the benefit of priority to

such listed patents/applications or the given patent, and any foreign counterparts of any of the

foregoing, including but not limited to the '288 PATENT.

     9.      The term "DOCUMENT" has the broadest meaning accorded that term by Fed. R.

Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all

non-identical copies, and all preliminary and final drafts of any such item.

     10.     The term "COMMUNICATION" refers to all written and oral inquiries,

dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations,

agreements, understandings, meetings, letters, postcards, notes, telegrams, advertisements,

computer messages, e-mail messages, voice-mail messages, and all other DOCUMENTS

2

evidencing any verbal or nonverbal interaction between two or more PERSONS.

11.    The term "PERSONS" means any individual, corporation, proprietorship, association, joint venture, company, partnership, governmental body or agency, or any other business or legal entity.

12.    The term "INFORMATION MATERIAL TO PATENTABILITY" means information that (a) establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (b) refutes, or is inconsistent with, a position a patent applicant takes in (1) opposing an argument of unpatentability relied on by a patent office, (2) asserting an argument of patentability, (3) characterizing or describing any reference submitted to any patent office, or (4) making any representation to any patent office. For purposes of this definition, "a prima facie case of unpatentability" is established when the information can support a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence or argument which may tend to establish a contrary conclusion of patentability. "INFORMATION MATERIAL TO PATENTABILITY" specifically includes, but is not limited to, (a) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; (b) prior art cited in search reports of a foreign patent office in a counterpart application; (c) the closest information over which individuals associated with the filing or prosecution of a patent application believe (or have believed) any claim is patentable; and (d) information that a reasonable examiner likely would consider important in deciding whether to allow the application to issue as a patent.

13.    The terms "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO," "REFERRING TO," "CONCERNING" and "REGARDING" shall mean pertaining to,

3

mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, addressing, referring to, dealing with, comprising, consisting of, containing, providing basis for, resulting from, or recording a particular subject in whole or in part either directly or indirectly or being in any way logically or factually connected with the matter discussed or identified.

14.     The terms "YOU," or "YOUR" shall refer to Kevin Bernard Jones.

15.     The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

16.     The words "and" and "or" mean "and/or" and shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

1.     In producing DOCUMENTS, furnish all DOCUMENTS known or available to YOU in YOUR possession, custody or control.

2.     Electronic DOCUMENTS must be produced in their native forms (e.g., electronic DOCUMENTS must be produced electronically). Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

3.     Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), YOU must supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

   a.   The identity of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

   b.   The identity(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

   c.   The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

4

    d.   The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

    e.   The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

4.     If any DOCUMENT responsive to any of the following requests is believed by YOU to be subject to confidentiality obligations owed by YOU to a third party, identify the DOCUMENT, and identify the third party to whom YOU owe an obligation of confidentiality with respect to that DOCUMENT.

5.     The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

## REQUESTS FOR PRODUCTION

1.     All DOCUMENTS RELATING TO the PATENTS-AT-ISSUE, any RELATED PATENTS/APPLICATIONS and any subject matter or invention described or claimed therein.

2.     All DOCUMENTS RELATING TO the preparation, filing or prosecution of the applications for the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

3.     All DOCUMENTS RELATING TO the conception, development, reduction to practice, diligence in the reduction to practice of any invention or any subject matter described or claimed in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including without limitation any inventor notebooks, technical documentation, invention disclosures, plans, schedules, software applications, code, and version control information.

4.  All DOCUMENTS RELATING TO the respective contributions of all persons including inventors listed on the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS to the conception, design, development, or reduction to practice of any invention or any subject matter claimed or described in the PATENTS-AT-ISSUE and any

5

RELATED PATENTS/APPLICATIONS.

5. All DOCUMENTS RELATING TO INFORMATION MATERIAL TO PATENTABILITY to the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

6.     All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and CORDANCE, and/or Drummond Reed or any other person CONCERNING the PATENTS-AT-ISSUE, any RELATED PATENTS/APPLICATIONS and any invention or subject matter described in the PATENTS-AT-ISSUE.

7.     All DOCUMENTS AND COMMUNICATIONS RELATING TO YOUR employment at CORDANCE including without limitation employment agreements, documents relating to employment termination, invention assignment agreements, and consideration provided for invention assignment agreements.

8.     All DOCUMENTS RELATING TO what any person has contended, or you believe is, prior art to the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

9.     A copy of your curriculum vitae.

10.     All DOCUMENTS RELATING TO any destruction of the information otherwise sought herein.

11.     All DOCUMENTS RELATING TO any challenge, whether formal or informal, to the enforceability of the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

12.     All DOCUMENTS RELATING TO any priority contest or interference relating to subject matter disclosed in the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

6

13.    All DOCUMENTS RELATING TO any attempt to enforce the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

14.    All DOCUMENTS RELATING TO any legal proceedings involving the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

15.    All DOCUMENTS RELATING TO the first disclosure, sale, or offer for sale, or license of any invention or subject matter claimed or described in the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS to any person other than the individuals listed as inventors thereon. (This Request specifically includes, but is not limited to, the first disclosure, sale, or offer for sale, or license of the Access Object Network developed by Soft Pages, Inc., ActivePages, Intermind Communicator, Hyperconnectors, Dynamic Publisher, Intelligent Channel Services and Subscriber Feedback System.)

16.    All DOCUMENTS RELATING TO the content of the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including any summaries or descriptions thereof, descriptions of the contributions to the art reflected therein, the coverage thereof, the processes, activities, actions, or technology coming within the scope of any claim thereof, or summaries or descriptions of differences among the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

17.    ALL DOCUMENTS RELATED TO the actual, contemplated, or intended scope or subject matter of the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

18.    For all discovery requested hereunder which YOU withhold on account of some privilege or immunity, ALL DOCUMENTS establishing the relationship pursuant to which YOU contend such privilege or immunity exists.

7

19.    All DOCUMENTS supporting or refuting claims that any person other than the listed inventors is a contributor to the conception, implementation, reduction to practice, or revision of any invention or subject matter disclosed, described or claimed in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

20.    All DOCUMENTS RELATING TO the sale, license, mortgage, assignment, or transfer of any rights in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

21.    All DOCUMENTS requested by, or provided to, CORDANCE or Mr. Drummond Reed, in connection with this dispute, the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS.

22.    A copy of the contents of any file, folder, archive or collection of information YOU did or do keep RELATED TO the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS or CORDANCE.

23.    All DOCUMENTS RELATED TO any rights in, or to, any of the PATENTS-AT-ISSUE or any RELATED PATENTS/APPLICATIONS, including any license, assignment, mortgage, security interest, interest in bankruptcy, or transfer.

24.    All DOCUMENTS RELATED TO or any software embodying or implementing any products or services that YOU, CORDANCE, or any other person contended, understood, or believed to embody the inventions described in any asserted claims of the PATENTS-IN-ISSUE or any RELATED PATENTS/APPLICATIONS, including those produced, created or marketed by CORDANCE or its licensees, assignees, or by any predecessor company acquired by or merged with CORDANCE.

8

25.    All DOCUMENTS RELATED TO Nick Duckstein's involvement, whether direct or indirect, in the activities of CORDANCE.

26.    All DOCUMENTS RELATED TO Nick Duckstein's involvement, whether direct or indirect, in the conception, development, reduction to practice of any invention or any subject matter described in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

27.    All DOCUMENTS RELATING TO any product or service related to systems and methods for allowing customers to leave feedback about a seller, allowing sellers to leave feedback about a customer, allowing customers to review products, and allowing customers to comment on reviews written by other customers.

28.    All DOCUMENTS RELATING TO CORDANCE's understanding of the technology and functionality embodied in the product and services offered by PlanetAll, including but not limited to PlanetAll's contact manager.

29.    All DOCUMENTS RELATING TO the transfer or assignment of any rights in the PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS, including but not limited to any COMMUNICATION with Mr. Drummond Reed RELATED TO any purpose, objective, or reason for such transfer or assignment.

30.    All DOCUMENTS RELATING TO any agreements between YOU and CORDANCE, Mr. Drummond Reed or counsel concerning this action, any PATENTS-AT-ISSUE and any RELATED PATENTS/APPLICATIONS.

9

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and employed in Santa Clara County in the state of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 801 California Street, Mountain View, CA 94041. On January 18, 2008 I served a copy of the following document(s):

1. **SUBPOENA IN A CIVIL CASE TO KEVIN BERNARD JONES**
2. **EXHIBIT "A" TO SUBPOENA IN A CIVIL CASE**

on the interested parties in the subject action by transmitting via e-mail the documents listed above to the addressees at the e-mail address listed below:

| | |
|---|---|
| Steven J. Balick | Michael A. Albert |
| John G. Day | Robert M. Abrahamsen |
| Tiffany Geyer Lydon | Adam J. Kessel |
| **Ashby & Geddes** | **Wolf, Greenfield & Sacks, P.C.** |
| 500 Delaware Avenue, 8th Floor | 600 Atlantic Avenue |
| Wilmington, DE 19899 | Boston, MA 02210-2206\ |
| sbalick@ashby-geddes.com | malbert@wolfgreenfield.com |
| jday@ashby-geddes.com | rabrahamsen@wolfgreenfield.com |
| tlydon@ashby-geddes.com | akessel@wolfgreenfield.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Proof of Service is true and correct.

Date: January 18, 2008

ELIZABETH MANCERA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### <u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on January 18, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 18, 2008, I have Electronically Mailed the document to the following person(s):

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210-2206
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com

By:  */s/ David E. Moore*
      Richard L. Horwitz
      David E. Moore
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware 19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

757320 / 30763