IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-491-MPT |
| AMAZON.COM, INC., | : |
| Defendant. | : |

**MEMORANDUM ORDER**

**1. INTRODUCTION**

In this patent matter, Cordance Corporation ("Cordance") alleges that Amazon.com Inc. ("Amazon") infringes U.S. Patent No. 6,757,710 (the "'710 patent"). Amazon counterclaimed for a declaratory judgment that Cordance infringes its US Patent No. 6,269,369 (the "'369 patent"). Cordance moves for reconsideration of the memorandum order of November 20, 2007 (D.I. 82) denying its motion to dismiss Amazon's fourth counterclaim (D.I. 27). Cordance also filed a motion for leave to file a reply memorandum (D.I. 98), which includes a Fed. R. Civ. P. Rule 11(c) motion for sanctions against Amazon for failing to support its allegations of infringement. Cordance claims that there is no controversy remaining and that the court no longer has subject matter jurisdiction because its has refrained from conduct that might infringe the '369 patent. This opinion addresses Cordance's recent motions.

## 2. BACKGROUND

The parties develop software and own patents pertaining to on-line internet based transaction infrastructures.[1] Cordance designed the protocol, software infrastructure and originated i-name services. It is also paid for registering I-brokers who, in turn, profit by signing up individuals and organizations for the service. Cordance and NeuStar, Inc. started the i-name Global Registry Service ("GRS") which provides users with a single permanent unified internet communication address. Cordance acts as corporate administrator and NeuStar supplies i-name communications services. The '710 patent covers i-name technology.

Amazon provides an interactive website that sells goods either directly or through third-party vendors. Amazon's trademarked "1-Click®" purchasing interface is featured throughout its website. Cordance claims that this interface infringes the '710 patent. Amazon's counterclaim alleges that Cordance's promotion of i-names, including its "Contact Service" or "Unified Address Book" ("UAB")[2] services infringe the '369 patent. That patent, entitled "Networked Personal Contact Manager" covers software which links users and their respective personal "address book" information.

## 3. LEGAL STANDARD

Delaware Local Rule 7.1.5 recites: "[m]otions for reargument shall be sparingly granted. . . . The motion shall briefly and distinctly state the grounds therefore. . . . [T]he opposing party may file a brief answer to each ground asserted in the motion.

---

[1] Amazon.com Inc. is an internet retailer. Cordance is a software company engaged in the development and commercialization of digital addressing and automated data interchange technology.

[2] Cordance denies selling UAB services and maintains that it only provided technical assistance to CeLiberate, a software company who is developing that service.

The Court will determine from the motion and answer whether reargument will be granted."

> [M]otions for reargument under Delaware Local Rule 7.1.5, are granted only in narrow circumstances. A court should only grant reargument when (i) the court has patently misunderstood a party; (ii) the court has made a decision outside of the adversarial issues presented to the court by the parties, or (iii) the court has made an error not of reasoning but of apprehension. *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). Like motions for reconsideration, motions for reargument cannot be granted in circumstances where the movant simply "rehashes material and theories already briefed and decided." *Id.* In addition, "a motion for reargument may not be used to supplement or enlarge the record" on which the court made its initial decision. *Stairmaster Sports/Medical Products, Inc. v. Groupe Procycle, Inc.*, 25 F. Supp. 2d 270, 292 (D. Del.1998).[3]

"Additionally, where the controlling law has been significantly altered, or new factual matters not previously obtainable have been discovered since the issue was submitted to the Court, reconsideration may be appropriate."[4] When considering the court's jurisdiction in a renewed motion "[t]he existence of an actual controversy is an absolute predicate for declaratory judgment jurisdiction."[5]

## 4. POSITION OF THE PARTIES

Cordance challenges the legal sufficiency of Amazon's fourth counterclaim which seeks a declaratory judgment of infringement of Amazon's '369 patent. Cordance suggests that Amazon's sole claim of infringement relies on the sale of a UAB product. It contends that it neither sells a UAB product nor has an agreement to do so with

---

[3] *BP Amoco Chemical Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 432 (D. Del. 2002) (citations omitted).

[4] *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990).

[5] *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991) (reversed on other grounds).

CeLiberate. As a result, Cordance maintains that Amazon's claims are moot and the court does not have subject matter jurisdiction. Finally, Cordance suggests that Amazon supports their position in a letter referencing the UAB as a required part of Cordance's allegedly infringing service offering.

Amazon contends that Cordance offers no new evidence in support of its motion for reconsideration, and therefore, the motion must fail. It points out that Cordance is continuing its activities in promoting the i-names technology, and has recently signed up another I-broker. It suggests that "identity services," which Cordance actively promotes on their website are analogous to the UAB services which Cordance claims to have ceased. Amazon also points to a website posted by LinkSafe, an I-broker, that continues to advertise that Unified Address Book Services are coming soon.

## 5. DISCUSSION

Cordance maintains that Amazon's claims are without merit. Cordance suggests that the situation is analogous to those presented in *Spectronics Corp. v. H.B. Fuller Co., Inc.*,[6] and *Super Sack Mfg. Corp. v. Chase Packaging Corp.*[7] It posits that in those cases "covenants not to engage in the conduct allegedly feared by the declaratory judgment plaintiff were held to divest the trial court of subject matter jurisdiction over the declaratory judgment claims."[8] Cordance's reliance is misplaced. In both cases, the *patent holder* abandoned the infringement allegations prior to trial and because of agreements not to sue, there was no threat of future claims. In the instant matter,

---

[6] 940 F.2d 631 (Fed. Cir. 1991).

[7] 57 F.3d 1054 (Fed. Cir. 1995).

[8] D.I. 89 at 3.

4

Amazon is not abandoning its claims. Clearly, this situation is not analogous since a controversy and possibility of recovery still exists.

Cordance maintains that Amazon admitted that its claim can survive only if Cordance intends to be involved in CeLiberate's UAB service. Cordance relies almost exclusively on a letter from Amazon in which it intended to clarify the allegations in its counterclaim. That letter stated that three of Cordance's products, i-names, the Contact Service and the UAB, when used together, infringe the '369 patent. The letter did not exclude other possible infringement by Cordance. The letter did not suggest, as Cordance supposes, that if Cordance does not sell the UAB service, there is no infringement. In addition, Cordance's other activities support an actual case and controversy. It developed the architecture by which other companies are able to allegedly infringe Amazon's patent.[9] Cordance promotes i-name technology and receives licensing fees for registering I-brokers, who in turn, enlist individual and corporate users for the i-name technology. Amazon correctly points out that Cordance has not ceased nor has it agreed to cease *all* accused conduct. No cessation of all potentially infringing accused services which may be directly or *indirectly* infringing has been shown.

Cordance's motion attempts to engage the court in an analysis of the factual merits of Amazons claims, and construction of the claim language of the '369 patent. The court understands the arguments presented and will not make conclusions beyond the issues. No error of apprehension exists. The court has also considered

---

[9] Cordance claims to have created and standardized the XRI/XDI protocol and partnered in creating the XDI.org registry.

Cordance's motion to file a reply memorandum in support of its reconsideration motion. Its reply offers no new or additional support. Cordance's arguments, in essence, would require the court to reach factual and legal conclusions, including assumptions on the meaning of claim terms. Since a controversy remains, Cordance's motion for reconsideration is denied. As a result, at present, Cordance's Rule 11 motion for sanctions is denied.[10]

## 6. CONCLUSION

For the reasons contained herein, Cordance's request for reconsideration (D.I. 89) of its motion to dismiss Amazon's counterclaim is DENIED. Because the court included its reply memorandum in its analysis, Cordance's motion to file a reply memorandum (D.I. 98) is MOOT. At present, Cordance's Rule 11 motion for sanctions as appended to its reply memorandum (D.I. 98) is DENIED.

January 22, 2008  
Wilmington, Delaware

Honorable Mary Pat Thynge  
U.S. Magistrate Judge

---

[10] Cordance also submitted a motion for Rule 11 sanctions in an appendix to its motion for leave to file a reply memorandum. That addendum included a twelve page explanation of why, based on its interpretation of the '369 patent, Cordance does not infringe. Drawing from that conclusion, it maintains that the court should award sanctions against Amazon for filing counterclaims that had no apparent basis in fact or law.