IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-491-MPT |
| | ) |
| AMAZON.COM, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## NOTICE OF SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant Amazon.com, Inc. ("Amazon.com") will serve the attached subpoena duces tecum (Exhibit 1 hereto) on the following:

**Name**

CELIBERATE, INCORPORATION
c/o CT Corporation System, service of process agent
818 West Seventh Street
Los Angeles, CA 90017

**Date/Location of Document Production**

February 24, 2008
Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated: January 25, 2008
844264 / 30763

*Attorneys for Defendant Amazon.com, Inc.*

# EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
           NORTHERN    DISTRICT OF   CALIFORNIA

CORDANCE CORPORATION,

        Plaintiff,

    V.

AMAZON.COM, INC.,

        Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] CV 06-491-MPT
DISTRICT OF DELAWARE

TO:   CELIBERATE, INCORPORATION
c/o CT Corporation System, service of process agent
818 West Seventh Street, Los Angeles, CA 90017

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit "A"

| PLACE | DATE AND TIME |
|---|---|
| FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA 94041    (650) 988-8500 | February 24, 2008<br>9:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]<br>Attorney for Defendant Amazon.com, Inc. | 1/25/2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Guinevere Jobson, Esq.
Fenwick & West LLP, 801 California St., Moutain View, CA 94041 Ph: (650) 988-8500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

# DEFINITIONS

1. "'369 PATENT" means U.S. Patent No. 6,269,369, listing Brian D. Robertson as inventor, filed on November 2, 1997, and issued on July 31, 2001, and titled "Networked Personal Contact Manager."

2. "'710 PATENT" means U.S. Patent No. 6,757,710, listing Drummond Shattuck Reed as inventor, filed on February 5, 2002, issued on June 29, 2004, and titled "Object-Based On-Line Transaction Infrastructure."

3. "LAWSUIT" refers to the ongoing litigation captioned *Cordance Corporation v. Amazon.com, Inc.* in the United States District Court for the District of Delaware (C.A. No. 06-491-MPT).

4. The term "RELATED PATENTS/APPLICATIONS" as used herein in connection with a given patent means all related patents/applications listed as the Related U.S. Application Data on the face of given patent and any foreign counterparts of the given patent.

5. "CONTACT SERVICES" shall mean and include any functionality, service, system, capability, system, component, or combination thereof which can provide contact management via a network; the term specifically includes the "Unified Address Book" and "Contact" i-name services promoted as such.

6. "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all non-identical copies, and all preliminary and final drafts of any such item.

7. "COMMUNICATION" refers to all written and oral inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, postcards, notes, telegrams, advertisements, computer messages, e-mail messages, voice-mail messages, and all other DOCUMENTS evidencing any

1

verbal or nonverbal interaction between two or more PERSONS.

8. "IBROKERS" means any XRI digital identity registration service accredited through XDI.ORG.

9. "PERSONS" means any individual, corporation, proprietorship, association, joint venture, company, partnership, governmental body or agency, or any other business or legal entity.

10. "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO," "REFERRING TO," "CONCERNING" and "REGARDING" shall mean pertaining to, mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, addressing, referring to, dealing with, comprising, consisting of, containing, providing basis for, resulting from, or recording a particular subject in whole or in part either directly or indirectly or being in any way logically or factually connected with the matter discussed or identified.

11. "YOU," or "YOUR" means CeLiberate, Incorporated.

12. "XDI.ORG" means the organization governing open public XRI and XDI infrastructure and open standards for digital identity addressing.

13. "XDI.ORG AFFILIATED ENTITY" means any entity that is a sponsor of, supporter of or is accredited by XDI.ORG, including but not limited to AmSoft Systems, Cordance Corporation, Epok Inc., Identity Commons, Nomura Research Institute, PW Registry, 2idi, Blue Oxen Associates, Neosociety, PlaNetwork, Oasis and inames.net

14. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

15. The words "and" and "or" mean "and/or" and shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

1. In producing DOCUMENTS, furnish all DOCUMENTS known or available to YOU in YOUR possession, custody or control.

2. Electronic DOCUMENTS must be produced in their native forms (e.g., electronic DOCUMENTS must be produced electronically). Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

3. Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), YOU must supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

   a. The identity of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

   b. The identity(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

   c. The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

   d. The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

   e. The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

4. If any DOCUMENT responsive to any of the following requests is believed by YOU to be subject to confidentiality obligations owed by YOU to a third party, identify the DOCUMENT, and identify the third party to whom YOU owe an obligation of confidentiality with respect to that DOCUMENT.

5. If any DOCUMENT is deemed confidential by YOU and the parties to this case have not been able to agree on an appropriate protective order, all such DOCUMENTS shall be protected under Delaware Local Rule 26.2 until a protective order is in effect.

6. The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

## **REQUESTS FOR PRODUCTION**

1. ALL DOCUMENTS and COMMUNICATIONS between YOU and any third party CONCERNING the '369 PATENT, any invention described in the '369 PATENT, Amazon.com or any of its technology or activities, the '710 PATENT or its RELATED PATENTS/APPLICATIONS, any invention described in the '710 PATENT or its RELATED PATENTS/APPLICATIONS, or the LAWSUIT.

2. ALL DOCUMENTS RELATING TO any legal, contractual, financial or any other relationship between YOU and ANY XDI.ORG AFFILIATED ENTITY

3. ALL DOCUMENTS RELATING TO the design, development, testing, operation of the "CONTACT SERVICES".

4. A copy of the build and test environment for software implementing the CONTACT SERVICES including the source code, documents sufficient to show and fully explain the process for building applications implementing the CONTACT SERVICES (or aspects thereof) and all documents RELATING TO testing of the CONTACT SERVICES.

5. ALL DOCUMENTS RELATED TO development and deployment of the CONTACT SERVICES or any aspect thereof outside CeLiberate, including any project plans, schedules, announcements, or specifications.

6. ALL DOCUMENTS RELATING TO use of i-name registries for operation of CONTACT SERVICES.

7. ALL DOCUMENTS provided to ANY XDI.ORG AFFILIATED ENTITY RELATING TO the CONTACT SERVICES.

8. ALL DOCUMENTS RELATING TO Cordance's or any of its employees' direct or indirect involvement in the CONTACT SERVICES, including without limitation Cordance's

4

or any of its employees' direct or indirect involvement in the service's design, development, operation, testing, promotion, and advertisement.

9. ALL DOCUMENTS RELATING TO importance, benefits, or forecasted or projected adoption of the iNames technology and the CONTACT SERVICES.

10. ALL DOCUMENTS RELATING TO forecasted and projected deployment of the CONTACT SERVICES.

11. ALL DOCUMENTS RELATING TO offerings of the CONTACT SERVICES via iNames brokers.

12. ALL DOCUMENTS RELATING TO agreements whether formal or informal, written or oral, between YOU and iBrokers, YOU and Cordance, and YOU and XDI.ORG RELATING TO the iNames technology or related services.

13. ALL DOCUMENTS RELATING TO any licenses or rights granted by Cordance or any standards-relating organizations or entities such as XDI.ORG to YOU of any inventions described or claimed in '710 PATENT and its RELATED PATENTS/APPLICATIONS.

14. ALL DOCUMENTS RELATING TO any past, present, forecasted or projected costs, profits, and revenues RELATING TO the iNames technology, the "Unified Address Book" service, or the "Contact Service" including without limitation DOCUMENTS RELATING TO Cordance's contribution and share of costs, profits, and revenues.

15. ALL DOCUMENTS RELATING TO the "iNames" service.

16. ALL DOCUMENTS RELATING TO the "Contact Service."

17. DOCUMENTS sufficient to show and identify all persons involved with the development, implementation, and operation of your software for the CONTACT SERVICES, including each such individual's respective involvement.

5

18. DOCUMENTS sufficient to show and identify a custodian or custodians of records for the other materials sought hereunder.

19. DOCUMENTS sufficient to show YOUR relationship AmSoft Systems.

20. ALL COMMUNICATIONS with Drummond Reed.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 25, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 25, 2008, I have Electronically Mailed the document to the following person(s):

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

757320 / 30763