# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 27, 2008

The Honorable Mary Pat Thynge  
United States District Court  
844 North King Street  
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re: *Cordance Corp. v. Amazon.com, Inc.*,  
    C.A. No. 06-491-MPT

Dear Judge Thynge:

    Cordance submits this opening letter brief seeking an order compelling Amazon to produce critical documents relating to Amazon's technologies accused of infringement. Cordance needs the requested technical documents immediately so it can identify and depose appropriate witnesses concerning the accused technologies, as necessary, to meet impending deadlines set forth in the Scheduling Order (D.I. 90). Amazon has refused to produce the needed materials.

Technical Documents

    In its Second Amended Complaint, filed November 20, 2007 (see D.I. 83), Cordance accused two specific Amazon technologies of infringing certain patents. In particular, Cordance alleged (1) that Amazon infringes the '205 patent "by implementing its Simple Storage Service" (the "S3 System") (Id. at ¶ 15), and (2) that Amazon infringes the '325 and '717 patents "by implementing its system for allowing customers to leave feedback about a seller, allowing sellers to leave feedback about a customer, allowing customers to review products, and allowing customers to comment on reviews written by other customers." (the "Feedback System") (Id. at ¶¶ 20, 25).

    Cordance plainly is entitled to discovery as to how Amazon's S3 System and Feedback System work. That discovery is at the core of this case. Yet Amazon has been frustrating Cordance's efforts to obtain basic information about the accused systems, either by refusing to produce such materials or by making empty promises to do so that never include a date certain and are never complied with.

    On December 27, 2007, Cordance served its second set of document requests in which it requested documents concerning these technologies. During a discovery conference on February 3, 2008, Amazon agreed to produce documents sufficient to show the details of the S3 System and the Feedback System, and said it would use best efforts to produce those materials by March

{00204709;v1}

3, 2008. (Ex. A at 4; Ex. B at 3). On February 27, 2008, Amazon again committed to producing such materials **"in short time."** (Ex. C at 1) (emphasis added). The March 3 deadline came and went. Cordance pressed for the documents. On March 20, 2008, Amazon yet again stated that it was "working diligently to supplement several of its interrogatory responses and **provide documents regarding S3 and the accused Feedback Services."** (Ex. D at 2) (emphasis added).

After all those promises, Amazon suddenly reversed course, and is now refusing to produce the requested documents at all, let alone by a date certain. Specifically, during a discovery conference on March 26, 2008 (*after* Cordance had requested the present hearing with the Court) Amazon asserted that, **although it has already collected documents relating to the accused technologies, it will not turn them over.** (Ex. E). The only reason it provides for such refusal is that it wants Cordance to better articulate its theory of infringement so that it can potentially withhold some of the documents it has collected. Amazon's refusal is not justified. It should be ordered to produce the responsive materials forthwith.

On February 27, 2008, Cordance served an interrogatory response articulating its infringement contentions concerning the Feedback System in considerable detail. (Copy attached as Ex. F). Cordance needs discovery from Amazon, however, before it can further flesh out its infringement theory. While Cordance has already given an overview of its infringement claims, the details of how Amazon's products measure up feature-by-feature against Cordance's patents can obviously be provided only after Amazon has disclosed the details of how those products work. The information Cordance requires is not publicly available; it is in Amazon's exclusive custody and control. Cordance has agreed to supplement its interrogatory responses to articulate its infringement theories concerning the Feedback System with more precision after it has been given a meaningful opportunity to obtain discovery concerning the details of that system (beginning with receipt of the improperly withheld documents at issue here).

As for the S3 system, Amazon has used an unresolved issue – the scope of the prosecution bar set forth in the Protective Order – to preclude Cordance's counsel from sharing with our client information about Amazon's S3 System that was learned at a deposition of a former Amazon employee in early February.[1] Cordance has thus been unable to consult with

---

[1] So that the deposition could go forward as scheduled, Cordance's lawyers who attended the deposition agreed that, solely for purposes of that deposition, they would be bound *temporarily* by an onerous prosecution bar provision Amazon had demanded. (Amazon had already forced the deposition to be delayed by a month and raised the prosecution bar issue just days before the rescheduled date, which could have delayed it yet again if Cordance did not agree to the temporary rule). The parties agreed to work together to negotiate more suitable language for the Protective Order or seek Court intervention if they were unable to reach an agreement. (Ex. G). Other than participating in a brief telephone conference shortly after the deposition, however, Amazon ignored Cordance's attempts to resolve the protective order issue until after Cordance scheduled the present Court hearing. Cordance is hopeful that the protective order issue (discussed below) will be resolved in advance of the April 1 hearing and thus will not require intervention by the Court.

counsel (and vice versa) in order to help prepare the further answers to Amazon's infringement interrogatories, because of that obstacle that Amazon has imposed. In any event, Cordance has committed to promptly supplement its infringement contentions relating to the S3 System once the protective order issue has been resolved. Meantime, there is no reason or excuse whatsoever for Amazon to withhold basic factual information and documents regarding the operation of its accused systems.

Licensing Agreements

Cordance has requested that Amazon produce any license agreements, regardless of when entered into, pursuant to which rights to practice a particular technology are conferred in exchange for payment of a particular royalty or amount.[2] Cordance needs such documents to allow its damages expert to analyze Amazon's licensing practices and to evaluate various royalty rates in the industry in connection with determining what the parties would hypothetically have negotiated as a royalty rate to practice the accused technologies, as that is one of the two standard methodologies for assessing patent infringement damages. As of the time of the filing of this letter, Amazon has agreed to produce some, but not all, of these licenses. It remains unclear exactly which licenses it intends to withhold. (See Ex. H at 1). Should issues remain following further negotiation, they can be addressed at the April 1 hearing.

The Protective Order Issue

Now that Cordance has amended its Complaint to accuse additional features of Amazon's systems, Amazon is insisting that the scope of the prosecution bar in the current Protective Order (see D.I. 76, ¶ 4(a)(i)) be broadened so as to further bar Cordance's attorneys from doing patent prosecution work in additional "fields." During the August 28, 2007 hearing at which the prosecution bar issue was discussed, the Court rejected Amazon's attempt to bar Cordance's lawyers from prosecuting patents in a broadly defined field simply because they would be exposed to information Amazon designated as confidential, and instructed Amazon to "come up with a definition that is much more narrow than what [Amazon] proposed." (Ex. I at 15). Unfortunately, Amazon has again insisted on language that is extremely broad and clearly overreaching. (The broad language Amazon most-recently proposed is included in paragraph 4(a)(i) of the draft protective order attached as Ex. J). Cordance has proposed alternative, narrower language to define "Amazon's technology" for purposes of the bar. Cordance's proposed language is reflected in Ex. K. As of the time of filing of this letter, Amazon has not responded to Cordance's proposal.

As the party seeking the restrictive provisions at issue here, Amazon bears the burden of showing "good cause" for such provisions under Fed. R. Civ. P. 26(c). Amazon has not made such a showing and cannot justify the broad bar it has proposed, particularly when the protective order already prohibits the use of confidential information for purposes other than the present litigation. (D.I. 76, ¶ 2).

---

[2] Cordance has made it clear that it does not seek minor licenses for mass-marketed products or services such as Microsoft Word, Adobe Acrobat, etc. but is interested only in more significant licenses for which a royalty rate or payment amount has been negotiated between two parties.

                                                      Respectfully,

                                                      */s/ Tiffany Geyer Lydon*

                                                      Tiffany Geyer Lydon

TGL/dmf
Attachments

cc:    Richard L. Horwitz, Esquire (by hand and via electronic mail; w/attachments)
        Lynn H. Pasahow, Esquire (via electronic mail; w/attachments)
        Michael A. Albert, Esquire (via electronic mail; w/attachments)

{00204709;v1}