

Potter
Anderson
Corroon LLP

David E. Moore
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

March 27, 2008

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

> Re:  ***Cordance Corporation v. Amazon.com, Inc.***
>      **C.A. No. 06-491-MPT**

Dear Magistrate Judge Thynge:

The current dispute in this patent case, which will be heard by the Court on April 1, 2008 arises from Plaintiff's refusal to provide its infringement contentions or the dates of invention for particular claims in interrogatory responses. Concurrently with this submission, Cordance is submitting a letter brief addressing its discovery concerns, to which Amazon.com will respond on March 29, 2008 pursuant to the Court's Order Setting Telephone Conference. D.N. 123.

**Cordance's Refusal to Substantively Answer Amazon.com's Interrogatories**

On November 20, 2007, Cordance amended its complaint to assert three additional patents. In its Amended Complaint, Cordance alleges a service called S3[1] infringes one of the new patents (6,044,205, the "'205 Patent"). Additionally, Cordance's Amended Complaint alleges several capabilities it collectively calls the "feedback system" infringe two other patents (5,862,325, the "'325 Patent" and 6,088,717, the "'717 Patent").

<u>Interrogatory 14 – Infringement Contentions</u>

Amazon.com sought Cordance's infringement contentions by a standard patent case interrogatory requesting, *inter alia,* which claims Cordance was asserting, a claim chart showing how every element is allegedly practiced and an indication of whether Cordance had a theory under the Doctrine of Equivalents. *See* Exh. A at 7 (interrogatory #14) and at 3-4 (definitions). This discovery goes to the core of the Cordance's substantive patent infringement claim and is relevant. Moreover, it also is important to be timely provided for the parties to prepare for claim construction exchanges which will soon be happening as well as a threshold step in identifying the documents, witnesses, and information which may be relevant to Cordance's claims and Amazon.com's defenses.

(1) <u>Plaintiff's Refusal to Provide Any Substantive Response re: '205 Patent</u>

Plaintiff has refused to identify the set of claims of the '205 Patent it contends are infringed, provide a claim chart showing how it contends each claim element is practiced by the S3 service, or otherwise provide any substantive response to Interrogatory # 14 for the '205

---

[1] S3 stands for "simple storage service" and is a service separate from the Amazon.com retail website.

The Honorable Mary Pat Thynge
March 27, 2008
Page 2

Patent. Cordance can provide the discovery sought. On February 8, 2008 it took the deposition of Mr. David Barth, an ex-Amazon.com employee with responsibility for developing the S3 service. At this deposition, Cordance fully explored the technical operation of S3.

Cordance's excuse for refusing to provide this relevant discovery do not withstand scrutiny. Its position is that it cannot provide its infringement contentions without first showing them to one of the inventors, but does not want to show them to that individual, because doing so would make that individual subject to the protective order in this case.[2] Cordance's counsel who took and attended the deposition of Mr. Barth can access highly confidential information and use it to provide the discovery. Furthermore, Cordance has retained a technical expert who, pursuant to the protective order, can access highly confidential information as well. Cordance can use its counsel, current expert, or additional approved experts to provide this basic discovery.

Furthermore, it is well understood that under Local Rule 26.2 lack of protective order is not an excuse for refusal to provide discovery and discovery should take place based on outside counsel's only protection. Additionally, Cordance had to formulate infringement theories **before** amending its complaint and taking Mr. Barth's deposition and Amazon.com is entitled to know what those theories are. And, timely provision of this discovery is of particular importance because claim construction in this matter is fast approaching (only two months away) and it is essential for Amazon.com to know Cordance's infringement theories and how Cordance reads the asserted claims in order to adequately prepare for the proceedings.

Simply, Cordance has the information requested, the clock is ticking toward claim construction and the information should be provided within 10 days.

(2) Plaintiff's Refusal to Provide Substantive Response re: '325 Patent and '717 Patent

Cordance also provided inadequate infringement contentions with respect to the accused feedback system. Cordance simply identified that Amazon.com's "system and technique for collecting and processing feedback information about buyers, sellers, products, and/or other feedback" infringes the asserted claims and it refuses to explain how that "system and technique" practices each and every element of the asserted claim. Exh. B at 3.

As there is no substance or specific infringement theory in Cordance's responses, attempting to ascertain what features of the "Feedback System" Cordance accuses is guesswork. Its claim chart does not include a single reference to anything on Amazon.com's website (which of course is publicly available), a single reference to any Amazon.com document, a single screen shot, or anything particular to Amazon.com system. Plaintiff is in a position to provide the specific way in which it maps the elements of its claims to the specific system and technique of Amazon.com it contends infringe. Amazon.com has no better discovery vehicle available to it than an interrogatory for Cordance's infringement contentions. Its responses are manifestly lacking in specificity and substance, and it cannot be disputed that this discovery is highly relevant.

---

[2] The Court has previously entered a protective order in this case which includes a patent prosecution bar provision. D.N. 76. When Cordance added the three additional patents in its Amended Complaint, the parties agreed the patent prosecution bar provision would need to be updated to address discovery for these new claims and agreed to such a provision for Mr. Barth's deposition. The parties are negotiating the updated scope of the bar now.

The Honorable Mary Pat Thynge
March 27, 2008
Page 3

It is in this context that Cordance insists that Amazon.com produce all "relevant" information relating to the accused feedback system as well as the same such information for S3. In effect, Cordance seeks reversal of discovery obligations: "We sued you and now you tell us how you infringe our patents." Judge Jordan specifically ruled against such reversal of discovery obligations in *Honeywell International, Inc. v. Audiovox Communications Corp.*, C.A. No. 04-1338 (consolidated*). See* Exh. C at 18.

Accordingly, Amazon.com seeks an Order compelling Cordance to supplement its infringement contentions with specific references to the accused technology and a meaningful articulation of the infringement theories within the next 10 days.

<u>Interrogatories 3 and 4 – Conception and Reduction to Practice</u>

Cordance refuses to supplement its responses to Amazon.com's interrogatories seeking information about Cordance's conception and reduction to practice of inventions described and claimed in the asserted patents. Cordance's reason for its refusal: claim construction is necessary for it to identify 1) the date of invention the claims should be accorded, 2) the date of conception of the claims, 3) people with information about the conception date, 4) the date the claims were first reduced to practice, 5) people who performed such reduction to practice and who have knowledge of such reduction to practice, 6) facts supporting any diligence that was exercised in reducing the claims to practice. *See* Exh. D at 4-5 and Exh. E at 2-5. As with infringement contentions, seeking this information during fact discovery – before claim construction – is typical in patent cases. Claim construction is not a predicate to the Plaintiff's provision of dates when the invention was first conceived and reduced to practice and identities of people involved in such conception and reduction to practice. *Nazomi Communications, Inc. v. Arm Holdings, PLC* No. C 02-0251-JF(RS) 2003 WL 24054504, *2 (N.D. Cal. Sept. 3, 2003) (granting defendant's motion to compel and instructing plaintiff to "provide the actual date(s) that is claiming for conception, as well as definitively state a date that it claims it 'constructively reduced to practice the claimed invention'" despite plaintiff's argument that a definitive date of invention could not be ascertained absent a claim construction ruling). Exh. F. This is particularly true in the case here where Plaintiff's counsel represents the inventors and the Patentee submitted a declaration to the PTO regarding its date of invention.

Cordance's refusal to supplement its response severely impedes Amazon.com's ability to research and analyze all relevant prior art to the asserted patent as it does not know and cannot examine the validity of Cordance's assertions of what are the effective conception and reduction to practice dates.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM/msb
857585 / 30673

cc:    Clerk of the Court (via hand delivery)
       Counsel of Record (via electronic mail)

EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-491-MPT |
| | ) | |
| AMAZON.COM, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## DEFENDANT AMAZON.COM, INC.'S THIRD SET OF
## INTERROGATORIES TO PLAINTIFF CORDANCE CORPORATION (NOS. 14-19)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant and

Counterclaimants Amazon.com, Inc. ("Amazon.com") hereby request that Plaintiff Cordance

Corporation ("Cordance"), within thirty (30) days from the date of service hereof, serve upon the

undersigned counsel for Amazon.com answers, under oath, to each of the Interrogatories set

forth below. These Interrogatories should be answered in accordance with the definitions and

instructions set forth below.

### DEFINITIONS

1.      The terms "**Plaintiff**," "**Cordance**" or "**you**" shall refer to Plaintiff Cordance

Corporation and includes any past and present parents, predecessors (including, but not limited

to OneName, Softpages, and Intermind), successors, subsidiaries, affiliates, divisions, associated

organizations, joint ventures, and all present and former officers, directors, trustees, employees,

staff members, agents, or other representatives, including counsel and patent agents, in any

country.

2.      "**Amazon.com**" shall refer to Defendant and Counterclaimant Amazon.com, Inc.

3.      The term "**'710 Patent**" refers to U.S. Patent No. 6,757,710, filed on February 5,

2002, issued on June 29, 2004, and titled "Object-Based On-Line Transaction Infrastructure."

4.    The term "**'205 Patent**" refers to U.S. Patent No. 6,044,205, filed February 29, 1996, issued on March 28, 2000, and titled "Communications System for Transferring Information Between Memories According to Processes Transferred with the Information."

5.    The term "**'325 Patent**" refers to U.S. Patent No. 5,862,325, filed September 27, 1996, issued January 19, 1999, and titled "Computer-Based Communications System And Method Using Metadata Defining a Control Structure."

6.    The term "**'717 Patent**" refers to U.S. Patent No. 6,088,717, filed August 31, 1998, issued July 11, 2000, and titled "Computer-Based Communications System And Method Using Metadata Defining a Control Structure."

7.    The term "**Patents-in suit**" means the patents Cordance asserts in this Action and shall include the **'710 Patent**, the **'205 Patent**, the **'325 Patent**, and the **'717 Patent**.

8.    The term "**newly asserted patents**" means the **'205 Patent**, the **'325 Patent**, and the **'717 Patent**.

9.    The term "**Identify**" means:

   a.    when referring to a person, the person's full name, present or last known address, and the last known title and place of employment;

   b.    when referring to a business, legal, or governmental entity or association, the name and address of the main office;

   c.    when referring to a fact, the fact and the documentary or testimonial support for that fact;

   d.    when referring to a product or thing, the title or model name/number, any code or project name, or other name by which it has been referred, and a general description of the product or thing;

e.    when referring to a written communication, identity of the document(s) in which the communication was made;

f.    when referring to an oral communication, the identity of persons participating in the communication;

g.    when referring to nonpatent **documents**, the production number or type of **document**, its general nature and subject matter, date of creation, and all author(s), addressee(s), and recipient(s);

h.    when referring to patent **documents**, the country, patent and/or application number, dates of filing, publication, and grant, the names of patentees or applicants

i.    When **referring to** an **Infringement Contention**, (I) state each claim of the **Patent-in-suit** that is allegedly infringed by an **Accused Product** or for which **you** contend **Amazon.com** is liable as an infringer ; (II) provide on a claim limitation-by-claim limitation basis (a) a chart identifying as specifically as possible where and how every claim limitation you contend is practiced by a **Accused Product** is present therein, including for every means-plus-function limitation, the structure(s), material(s), and act(s) that you contend perform each claimed function in such limitation and (b) a statement whether you contend that limitation is (1) literally present or (2) present under the doctrine of equivalents, including for all limitations indicated possibly present under the doctrine of equivalents, (i) an identification of all differences between the claim limitation and the allegedly-corresponding feature in the **Accused Product(s)**, (ii) the full

factual and legal basis supporting any contention such differences are insubstantial, and, if that limitation was the subject of a claim amendment during any part of the prosecution history of the patent in which it appears or any parent, sibling or child application, (iii) your contention for the reason for such amendment and the full factual and legal basis for such contention (including all citations to the prosecution history in support thereof), the full factual and legal basis for any contention the alleged equivalent is only tangentially **related to** the amendment, and the full factual and legal basis for any other contention for which prosecution history estoppel should not apply; and (III) state each **person** who you contend directly infringes such claim and, if **Amazon.com** is not the alleged direct infringer, each subsection of 35 U.S.C. § 271 under which you contend **Amazon.com** is liable as an infringer and the full factual and legal basis for your contention that **Amazon.com** is liable pursuant to that subsection.;

10.     The term **"Document"** as used herein shall have the broadest meaning as defined in Fed. R. Civ. P. 34 and the local rules of the District of Delaware, including all of the items defined in Fed. R. Evid. 1001 and electronically stored information, and all preliminary and final drafts of any such item.

11.     The term **"Accused Product"** shall refer to any Amazon.com service, product, functionality, feature, capability, application, program, component, method, or any combination thereof, you contend (a) the making, using, selling, offering to sell, or importing into the United States infringes any claim of the **newly asserted patents**, (b) actively induces infringement of

any claim of the **newly asserted patents**, (c) the offering to sell or selling within the United

States gives rise to liability as a contributory infringer of any claim of the **newly asserted**

**patents**, (d) the supplying or causing to be supplied in or from the United States gives rise to

liability as an infringer of any claim of the **newly asserted patents** under 35 U.S.C. 271(f), and

(e) the importation into the United States gives rise to liability as an infringer of any claim of the

**newly asserted patents** under 35 U.S.C. 271(g).

12.    **"Asserted Claim(s)"** means any claims of the **Patents-in-Suit** that **you** contend

are infringed by **Amazon.com** or for which Amazon.com is liable as an infringer

13.    The term **"Infringement Contention"** shall mean and include, for each claim of

the **newly asserted patents** you contend such **Accused Products** infringes, each manner in

which you contend such infringement occurs under the Court's claim construction, or, if the

Court has not yet construed the claim, under your claim construction, e.g., Widget1 and Widget3

in Product (model no. 100) infringe claims 1 and 2 of the '001 Patent.

14.    The term **"Plaintiff Covered Product(s)"** means any of **Plaintiff's** or its

licensees' products or services that **Plaintiff** contends embody the inventions described in any

Claim of the Patents-in-Suit, and any other products produced, created, promoted, or marketed

by **Plaintiff**, its licensees, any predecessor entity, any entity acquired by or merged with

**Plaintiff**, or any predecessor in interest to the Patents-in-Suit, including, but not limited to,

OneName, Softpages, and Intermind.

15.    The words "or" and "and" shall be read in the conjunctive and in the disjunctive

when they appear, and neither of these words shall be interpreted to limit the scope of these

Interrogatories.

16.    The term "any" or "each" should be understood to include and encompass "all."

5

17.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

18.    The singular form of any word shall be deemed to include the plural.  The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

The following instructions shall apply to each of the Interrogatories herein:

1.    In answering the following Interrogatories, furnish all available information, including information in the possession, custody, or control of any of **Cordance's** attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under **Cordance's** control, who have the best knowledge, not merely information known to **Cordance** based on **Cordance's** own personal knowledge.  If **you** cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatory cannot be answered fully and completely; and state what knowledge, information, or belief **Cordance** has concerning the unanswered portion of any such Interrogatory.

2.    If **you** are producing **documents** in connection with these Interrogatories, electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

## INTERROGATORIES

## INTERROGATORY NO. 14

For every **Accused Product**, **identify** the **Accused Product** and **identify** your **Infringement Contentions** for such **Accused Product**.

## INTERROGATORY NO. 15

Separately for each **claim** of the **newly asserted patents you** contend is infringed in this action, **identify** the **date you** contend such claim was conceived and the full factual and legal basis for that contention, specifically including (a) each individual you contend contributed to the conception and their respective contributions, (b) identifying all **documents** you contend corroborate or evidence such conception, (c) identifying each individual with knowledge of such conception as of the **date** you contend it occurred or on which you intend to rely to corroborate such conception as well as the full substance of such individual's knowledge, (d) a chart identifying for each limitation in each **Asserted Claim,** every excerpt in each of the **documents** identified above which you contend evidences or corroborates conception of that limitation and the knowledge of each individual identified above you contend evidences or corroborates such conception, and (e) the full factual and legal basis for any contention you have that each **document** (or portion thereof) and the testimony of any individual identified above, would be admissible evidence.

## INTERROGATORY NO. 16

Separately, for each claim of the **newly asserted patents** which **you** contend is infringed in this action, **identify** the date **you** contend such claim was first reduced to practice, the person(s) performing such reduction to practice, each person with information relating to such reduction to practice, including the substance of such information, and **identify** all facts that **you**

contend support any diligence exercised in reducing to practice the claimed invention including

identification of each document relating to such diligence, each person with information relating

to such diligence, including the substance of such information, and the patent applications by

application serial number in which you contend such claim was first disclosed in the manner

provided by 35 U.S.C. §112 ¶1; and for all periods between the date of reduction to practice of

any claim or invention the **newly asserted patents** and the actual filing date of such patent

applications, state the full factual and legal basis for any contention **you** have that the claimed

invention was not abandoned, suppressed, or concealed.

## INTERROGATORY NO. 17

For each claim of the **newly asserted patents you** contend is infringed in this action, if

**you** contend a written description of such claim is provided in a prior related patent application

or patent, state the full basis for your contention why the specification/figure(s) of the prior

related patent application or patent provide such written description including all facts supporting

such contention and, for every claim limitation state every portion of the specification and or

figure(s) of the prior related patent application or patent which you contend provides a written

description of such claim limitation and the entire teachings and description you contend such

portion(s) provide.  If **you** do not contend any prior related patent application or patent provides

a written description of any claim of the **newly asserted patents you** contend is infringed,

identify such claim(s).

## INTERROGATORY NO. 18:

Separately for each word, term, phrase, limitation, or element of each **Asserted Claim** of

the **Patents-in-Suit** you contend should be construed, the meaning of which you have or intend

to rely upon in attempting to distinguish an item of prior art alleged to invalidate such **Asserted**

**Claim** or **you** understand there to be a dispute as to the construction or meaning thereof in this, or in other any other dispute involving the **Patents-in-suit**, state your construction for such word, term, phrase, limitation, or element and **identify** all intrinsic and extrinsic evidence in support of your proposed construction, specifically identifying each reference from the specification, figures, the prosecution history, expert testimony, inventor statements or testimony, dictionary definitions, and citations to learned treatises, publications, or patents, or other extrinsic evidence, that supports, describes or explains the meaning **you** give to each such word, term, phrase, limitation or element, explaining in detail how each cited intrinsic and extrinsic evidence supports your construction, and each other evidence that is counter to your proposed construction.

## INTERROGATORY NO. 19:

Separately for each and every **Plaintiff Covered Product**, (I) state each claim of the **Patents-in-suit** that is allegedly covered by each **Plaintiff Covered Product**; and (II) provide on a claim limitation-by-claim limitation basis a chart identifying as specifically as possible where and how every claim limitation you contend is met by such **Plaintiff Covered Product** is present therein, including for every means-plus-function limitation, the structure(s), material(s), and act(s) that you contend perform each claimed function in such limitation.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated: January 28, 2008
844910 / 30763

By:    /s/ David E. Moore
       Richard L. Horwitz (#2246)
       David E. Moore (#3983)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, Delaware 19801
       Tel: (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com

*Attorneys for Defendant and Counterclaim*
*Plaintiff Amazon.com, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on January 28, 2008, true and correct copies of the

within document were served on the following counsel of record at the addresses and in the

manner indicated:

## <u>VIA HAND DELIVERY</u>

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

## <u>VIA ELECTRONIC MAIL</u>

Michael A. Albert
Robert M. Abrahamsen
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
akessel@wolfgreenfield.com

                          */s/ David E. Moore*
                           David E. Moore

770560 / 30763

EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORDANCE CORPORATION,

        Plaintiff,

    v.

AMAZON.COM, INC.,

        Defendant.

C.A. No. 06-491-MPT

## CORDANCE'S RESPONSES TO
## AMAZON'S THIRD SET OF INTERROGATORIES

Plaintiff Cordance Corporation ("Cordance" or Plaintiff) hereby responds to Amazon.com, Inc.'s ("Amazon" or Defendant) Third Set of Interrogatories.

## GENERAL OBJECTIONS

Cordance objects to the Interrogatories to the extent that they:

1.     Are directed to matters which are not relevant to the subject matter at issue in this action and not reasonably calculated to lead to the discovery of admissible evidence;

2.     Seek information and/or identification of documents that are subject to the attorney-client privilege, constitute work product, or are otherwise immune from discovery; if and to the extent that any documents or information are identified, disclosed, or produced which are so privileged or immune, said identification, disclosure, or production is inadvertent, and is made without any waiver of or intent to waive any privilege or immunity, and the return and non-use of said materials is requested;

3.      Seek information and/or identification of documents already known to Defendant, in Defendant's possession, or available from public sources;

4.      Seek information not within the possession, custody or control of Plaintiff or that has not been located after a reasonable search;

5.      Are overly broad, unduly burdensome and/or oppressive, and/or seek documents already in Defendant's possession; or

6.      Impose a burden beyond that imposed by the Federal Rules or the Delaware Local Rules.

7.      Cordance objects to these interrogatories as premature inasmuch as they require information in the possession of Amazon that has been requested through discovery requests and not yet produced.

8.      Cordance objects to these interrogatories because they contain multiple discrete subparts which cause the total number of interrogatories to exceed the limit of 25 imposed by Fed. R. Civ. P. 33.

These general objections are hereby explicitly incorporated by reference into each of the following responses.

## RESPONSES

### INTERROGATORY NO. 14

For every **Accused Product, identify** the **Accused Product** and **identify** your **Infringement Contentions** for such **Accused Product.**

2

## ANSWER TO INTERROGATORY NO. 14

Cordance objects to this interrogatory as premature.  According to the Scheduling Order, the Markman hearing will not take place until September 2008, and infringement contentions would be premature prior to the Court's claim construction ruling.  Furthermore, Amazon's request for infringement contentions is premature for the independent reason that Amazon has not yet substantively responded to Cordance's interrogatories or produced documents directed to the functioning of Amazon's accused systems.

Cordance objects to this request insofar as it requests infringement contentions concerning Amazon's Simple Storage Service (S3) because the parties have not yet reached an agreement with respect to the scope of any prosecution bar that will be imposed against those who view confidential information relating to said system and Cordance has therefore not had a reasonable opportunity to take into consideration testimony acquired at the recent deposition of David Barth in developing its position on this matter. Cordance expects to be in a position to supplement its response to this interrogatory to state its preliminary infringement contentions concerning the S3 system after the parties have worked out the pending protective order issue.

Subject to these specific objections and the general objections, Cordance states that the Accused Products include at least the Simple Storage Service and implementation thereof, and the system and technique for collecting and processing feedback information about buyers, sellers, products, and/or other feedback.  Cordance further states that the following claim charts illustrate Cordance's preliminary views as to how certain of the Accused Products may meet the limitations of some of the claims of the Cordance patents.  Cordance specifically reserves its right to identify other acts of infringement by Amazon and other claims infringed by Amazon after discovery has progressed.

| U.S. Pat. No. 5,862,325 | |
|---|---|
| 109. A computer-based communication method, comprising operating one or more computers to communicate by performing the steps of: | Amazon has one or more systems for collecting feedback from (1) a buyer about a product, (2) a buyer about a seller from whom the buyer has purchased a product, (3) a seller about a buyer to whom the seller has sold a product, and (4) a buyer about feedback left by another buyer about a product (hereafter "Amazon's Feedback System"). Amazon's Feedback System comprises multiple computers that communicate, among each other and/or with computers of feedback providers and/or reviewers, to implement the Amazon Feedback System. |
| in a provider memory, storing information including provider information; | The computers in Amazon's Feedback System include (and/or have access to) memories that store information that is used in implementing, and/or is collected and managed by, the Amazon Feedback System. The information includes, for example, one or more databases that store information about customers, products, sellers, prior sales, previously collected feedback, and metadata and processes that implement the Amazon Feedback System. |
| in a consumer memory, storing information including consumer information; | The computers in Amazon's Feedback System include (and/or have access to) memories that store information that is used in implementing, and/or collected and managed by, the Amazon Feedback System. For example, one or more databases store information about customers, products, sellers, prior sales, previously collected feedback, and metadata and processes that implement the Amazon Feedback System. |
| creating metadata describing associations with | Amazon creates metadata describing |

| | |
|---|---|
| portions of said information and defining a control structure which is processed at least at said consumer memory to associate one or more processes for controlling communications of said associated information, said metadata including data exchange metadata associating a process for controlling the transfer of feedback information, said feedback information including at least a portion of said consumer information, to said provider memory; | associations between the information that is collected and managed by, and/or that implements, the Amazon Feedback System (e.g., to associate customers with products purchased, to associate buyers with products sold, to associate feedback with a buyer, seller or product to which it pertains, to associate feedback provided with the person or entity that provided it, to control the presentation and/or collection of feedback, etc) and defining one or more control structures that, when processed at least by a computer that receives it/them, associates one or more processes for controlling the communication of the information that is collected and managed by, and/or that implements, the Amazon Feedback System. For example, metadata may be used to describe and access information in databases or other computer memories and/or to create or associate macros, JavaScript, Java, Perl, form processing, or other processes with one or more feedback templates and/or other information that is collected and managed by, or that implements, the Amazon Feedback System. Processes associated by the metadata control the transfer of feedback information between the computer of the feedback provider or reviewer (e.g., via one or more web pages and/or templates presented by Amazon's Feedback System) and/or among the computers in the Amazon Feedback System. |
| transferring said information, including said metadata defining said control structure, from said provider memory to said consumer memory; | When a feedback provider or reviewer accesses the Amazon Feedback System, metadata defining one or more control structures is transferred among one of the computers in the Feedback System and/or the computer of the feedback provider or reviewer. |
| processing said metadata to execute | The computer that receives the control |

| instructions external to said control structure to perform said processes; and | structure(s) executes instructions external to the control structure (e.g., one or more processes referenced by the control structure) to perform the processes referenced above, including controlling the transfer of feedback information between computers in the Feedback System and/or between one or more computers in the Feedback System and the computer of the feedback provider or reviewer. |
|---|---|
| communicating said feedback information from said consumer memory to said provider memory. | The feedback information is transferred among the one or more computers in Amazon's Feedback System and/or between one or more of those computers and the computers of feedback providers and/or reviewers. |

| U.S. Patent No. 6,088,717 | |
|---|---|
| 50. A method for use at a node of a computer-based communications system which includes multiple nodes arranged and adapted to intercommunicate via a communications network, said method characterized by the steps of: | Amazon has one or more systems for collecting feedback from (1) a buyer about a product, (2) a buyer about a seller from whom the buyer has purchased a product, (3) a seller about a buyer to whom the seller has sold a product, and (4) a buyer about feedback left by another buyer about a product (hereafter "Amazon's Feedback System"). Amazon's Feedback System comprises multiple computers that communicate via a network, among each other and/or with computers of feedback providers and/or reviewers, to implement the Amazon Feedback System. |
| (A) providing storage means for storing information; | The computers in Amazon's Feedback System include (and/or have access to) storage devices that store information that is used in implementing, and/or is collected and managed by, the Amazon Feedback System. For example, one or more databases store information about customers, products, sellers, |

| | |
|---|---|
| | prior sales, previously collected feedback, and metadata and processes that implement the Amazon Feedback System. |
| (B) associating portions of said information with metadata, said metadata defining a control structure; | Amazon creates metadata defining one or more control structures and associating portions of the information that is collected and managed by, and/or that implements, the Amazon Feedback System (e.g., to associate customers with products purchased, to associate buyers with products sold, to associate feedback with a buyer, seller or product to which it pertains, to associate feedback provided with the person or entity that provided it, to control the presentation and/or collection of feedback, etc). |
| (C) transferring said metadata in at least one direction between said node and a second node of said system to associate with said associated information one or more processes which execute instructions external to said control structure to control communications of said associated information, said metadata including at least one of<br><br>(1) update metadata which associates a process for determining when said portions of said information associated by said metadata have been up dated and transfer metadata which associates a process for controlling the transfer at least a portion of said updated information,<br><br>(2) data exchange metadata which associates a process for controlling the transfer of feedback information, said feedback information including at least a portion of said information stored at the receiving node, and<br><br>(3) receipt processing metadata which associates a process for determining the processing of said associated information | The metadata is transferred among the computers in Amazon's Feedback System and/or between one or more computers in the Feedback System and a computer of a feedback provider or reviewer to associate one or more processes with the above-noted associated information which execute instructions external to the control structure(s) to control communications of the associated information.<br><br>The metadata includes:<br><br>(1) metadata that associates one or more processes for determining when portions of the associated information have been updated and metadata that associates one or more processes for transferring at least some of the updated information among the computers in Amazon's Feedback System and/or between one or more computers in the Feedback System and a computer of a feedback provider or reviewer;<br><br>(2) metadata that associates one or more processes for transferring feedback information collected and managed by the |

| | |
|---|---|
| by comparison to an associated version of said control structure; and | Amazon Feedback System among the computers in Amazon's Feedback System and/or between one or more computers in the Feedback System and a computer of a feedback provider or reviewer; and/or |
| | (3) metadata that associates one or more processes for determining the processing of the associated information by comparison to one or more control structures. |
| | For example, metadata may be used to describe and access information in databases or other computer memories and/or to create or associate macros, JavaScript, Java, Perl, form processing, or other processes with one or more feedback templates and/or other information that is collected and managed by, or that implements, the Amazon Feedback System. Processes associated by the metadata control the transfer of feedback information between the computer of the feedback provider or reviewer (e.g., via one or more web pages and/or templates presented by Amazon's Feedback System) and/or among the computers in the Amazon Feedback System. Amazon processes templates and/or otherwise creates web pages that are presented to the entity that is providing or reviewing feedback. |
| (D) at least one of (1) transferring said information, including said metadata defining said control structure, to said second node to control at least one of (a) transferring said updated information to said second node, (b) receiving said feedback information from said second node, and (c) processing said feedback information, and (2) receiving said information, including | The metadata defining the control structure(s) is transferred (from a transferor to a receiver) among the computers in Amazon's Feedback System and/or between one or more computers in the Feedback System and a computer of a feedback provider or reviewer to control a number of operations, including: (a) transferring updated information among the computers in Amazon's Feedback System and/or between one or more computers in the Feedback System and a computer of a feedback provider or reviewer; (b) receiving |

| said metadata defining said control structure, from said second node to control at least one of<br>    (a) receiving said updated information from said second node,<br>    (b) processing said updated information, and<br>    (c) transferring said feedback information to said second node. | and transferring feedback information among the computers in Amazon's Feedback System and/or between one or more computers in the Feedback System and a computer of a feedback provider or reviewer; and/or (c) processing feedback information in any of numerous ways (e.g., to index the feedback information as relating to each appropriate product, buyer, seller, feedback provider, etc). |
|---|---|

## INTERROGATORY NO. 15

Separately for each **claim** of the **newly asserted patents you** contend is infringed in this action, **identify** the **date you** contend such claim was conceived and the full factual and legal basis for that contention, specifically including (a) each individual you contend contributed to the conception and their respective contributions, (b) identifying all **documents** you contend corroborate or evidence such conception, (c) identifying each individual with knowledge of such conception as of the **date** you contend it occurred or on which you intend to rely to corroborate such conception as well as the full substance of such individual's knowledge, (d) a chart identifying for each limitation in each **Asserted Claim**, every excerpt in each of the **documents** identified above which you contend evidences or corroborates conception of that limitation and the knowledge of each individual identified above you contend evidences or corroborates such conception, and (e) the full factual and legal basis for any contention you have that each **document** (or portion thereof) and the testimony of any individual identified above, would be admissible evidence.

## ANSWER TO INTERROGATORY NO. 15

Cordance objects to this interrogatory as overbroad and unduly burdensome. Cordance further objects to this interrogatory as requesting information protected by the attorney-client privilege and/or the work product doctrine. Cordance further objects to this interrogatory as premature as a complete response necessarily depends upon the Court's construction of the asserted claims, and according to the Scheduling Order, the Markman hearing will not take place until September 2008.

Subject to these specific objections and the general objections, Cordance states that, depending on how the claims of the Cordance patents are construed, one or more of such claims may have been conceived as early as November 1, 1993 as evidenced in the document bearing production numbers CORD133393-CORD133406. The named inventors of each of the Cordance patents contributed to the conception of one or more of the claims therein. Cordance expects that conception will be established through at least the testimony of Drummond Reed, as corroborated by certain documents, including one or more of the documents included on the CD produced with Cordance's Third Supplemental Response to Amazon's First Set of Interrogatories and Cordance's privilege log. The individuals identified in CORD109813-CORD109815 may also have knowledge of conception. For example, Nick Duckstein may have knowledge of the conception of one or more claims of the Cordance patents as of April 1993 (see CORD128274-CORD128286), Bryan Griffin and Andrew Currie may have knowledge of the conception of one or more claims of the Cordance patents as of November 1993 (see CORD133393-CORD133406), and Karyn German may have knowledge of the conception of one or more claims of the Cordance patents as of April 1995 (see CORD133407-133412).

Employees of Intermind from 1994 to 1996 may also have knowledge of the conception of one or more claims of the Cordance patents prior to filing date of the patents.

In view of ongoing discovery, expert analysis, case preparation, and/or as a result of learning of the Court's construction of various terms of the claims at issue, Cordance may uncover additional information, documents, and things that evidence conception of the subject matter of one or more claims of the Cordance patents. Accordingly, Cordance reserves the right to further amend this response, including production of additional relevant documents, if any such documents are found, pursuant to Fed. R. Civ. P. 33(d).

## INTERROGATORY NO. 16

Separately, for each claim of the **newly asserted patents** which **you** contend is infringed in this action, **identify** the date **you** contend such claim was first reduced to practice, the person(s) performing such reduction to practice, each person with information relating to such reduction to practice, including the substance of such information, and **identify** all facts that **you** contend support any diligence exercised in reducing to practice the claimed invention including identification of each document relating to such diligence, each person with information relating to such diligence, including the substance of such information, and the patent applications by application serial number in which you contend such claim was first disclosed in the manner provided by 35 U.S.C. § 112 ¶1; and for all periods between the date of reduction to practice of any claim or invention the **newly asserted patents** and the actual filing date of such patent applications, state the full factual and legal basis for any contention **you** have that the claimed invention was not abandoned, suppressed, or concealed.

**ANSWER TO INTERROGATORY NO. 16**

Cordance objects to this interrogatory as overbroad and unduly burdensome. Cordance further objects to this interrogatory as requesting information protected by the attorney client privilege and/or the work product doctrine. Cordance further objects to this interrogatory as premature as a complete response necessarily depends upon the Court's construction of the asserted claims, and according to the Scheduling Order, the Markman hearing will not take place until September 2008.

Subject to these specific objections and the general objections, Cordance states that, depending of how the claims of the Cordance patents are construed, one or more of such claims may have been constructively reduced to practice as early as February 29, 1996, the filing date of U.S. Pat. No. 6,044,205, or September 27, 1996, the filing date of U.S. Pat. No. 5,862,325. Additionally, Cordance states that, depending of how the claims of the Cordance patents are construed, one or more of such claims may have been actually reduced to practice prior to September 27, 1996, by way of the implementation of a system called the Intermind Communicator. Cordance expects that reduction to practice of the subject matter of one or more claims of the Cordance patents and diligence in reducing them to practice will be established through the testimony of at least Drummond Reed, as corroborated by certain documents, including one or more of the documents included on the CD produced with Cordance's Third Supplemental Response to Amazon's First Set of Interrogatories and Cordance's privilege log.

In view of on-going discovery, expert analysis, and case preparation, and/or as a result of learning of the Court's construction of various terms of the claims at issue, Cordance may uncover additional information, documents, and things that evidence diligence relating to the subject matter of one or more claims of the Cordance patents.

Accordingly, Cordance reserves the right to further amend this response, including production of additional relevant documents, if any such documents are found, pursuant to Fed. R. Civ. P. 33(d).

## INTERROGATORY NO. 17

For each claim of the **newly asserted patents you** contend is infringed in this action, if **you** contend a written description of such claim is provided in a prior related patent application or patent, state the full basis for your contention why the specification/figure(s) of the prior related patent application or patent provide such written description including all facts supporting such contention and, for every claim limitation state every portion of the specification and or figure(s) of the prior related patent application or patent which you contend provides a written description of such claim limitation and the entire teachings and description you contend such portion(s) provide.  If **you** do not contend any prior related patent application or patent provides a written description of any claim of the **newly asserted patents you** contend is infringed, identify such claim(s).

## ANSWER TO INTERROGATORY NO. 17

Cordance objects to this interrogatory as overbroad and unduly burdensome.  Cordance also objects to this interrogatory to the extent it seeks information beyond that required by the Federal Rules for contention interrogatories.  Cordance further objects that responding to this interrogatory is premature inasmuch as claim construction has not yet occurred and the Scheduling Order contemplates that expert disclosures and discovery need not be completed until many months from now.  How one of ordinary skill in the art would conclude that relevant claims of the Cordance patents are supported by the said specifications may depend in part on such claim construction and upon an assessment of the knowledge, skill level, and understanding

of one of ordinary skill in the art, and accordingly Cordance reserves the right to supplement this response at an appropriate time.

Furthermore, Cordance objects to this interrogatory as unduly burdensome because invalidity of the Cordance patents is an issue on which Amazon bears the burden of proof and, in response to Cordance's Interrogatory No. 5, Amazon failed to identify any limitations of the Cordance patents that it contends are not described in the specification of U.S. Patent No. 6,044,205 or any subsequently-filed patent application claiming priority thereto.

Subject to these specific objections and the general objections, Cordance states that, depending on how the asserted claims are construed by the Court, written description support for one or more of said claims may have been provided for the first time in either the specification of U.S. Patent No. 6,044,205, which was filed February 29, 1996, or the specification of U.S. Patent No. 5,862,325, which was filed on September 27, 1996. Cordance will consider supplementing this interrogatory, as appropriate, if and when Amazon identifies particular limitations of the asserted claims that it believes lack written description support in prior-filed applications.

## INTERROGATORY NO. 18

Separately for each word, term, phrase, limitation, or element of each **Asserted Claim** of the **Patents-in-Suit** you contend should be construed, the meaning of which you have or intend to rely upon in attempting to distinguish an item of prior art alleged to invalidate such **Asserted Claim** or **you** understand there to be a dispute as to the construction or meaning thereof in this, or in other any other dispute involving the **Patents-in-suit**, state your construction for such word, term, phrase, limitation, or element and **identify** all intrinsic and extrinsic evidence in support of your proposed construction, specifically identifying each reference from the specification, figures, the prosecution history, expert testimony, inventor statements or testimony, dictionary

14

definitions, and citations to learned treatises, publications, or patents, or other extrinsic evidence, that supports, describes or explains the meaning **you** give to each such word, term, phrase, limitation or element, explaining in detail how each cited intrinsic and extrinsic evidence supports your construction, and each other evidence that is counter to your proposed construction.

## ANSWER TO INTERROGATORY NO. 18

Cordance objects to this interrogatory as overbroad and unduly burdensome. Cordance further objects to this interrogatory as requesting information protected by the attorney-client privilege and/or the work product doctrine. Cordance objects to this interrogatory as premature in view of the Scheduling Order, under which the parties need not identify their proposed construction of claim terms until at least May 30, 2008.

## INTERROGATORY NO. 19

Separately for each and every **Plaintiff Covered Product**, (I) state each claim of the **Patents-in-suit** that is allegedly covered by each **Plaintiff Covered Product**; and (II) provide on a claim limitation-by-claim limitation basis a chart identifying as specifically as possible where and how every claim limitation you contend is met by such **Plaintiff Covered Product** is present therein, including for every means-plus-function limitation, the structure(s), material(s), and act(s) that you contend perform each claimed function in such limitation.

## ANSWER TO INTERROGATORY NO. 19

Cordance objects to this interrogatory as overbroad and unduly burdensome. Cordance further objects to this interrogatory as requesting information protected by the attorney-client privilege and/or the work product doctrine. Cordance further objects to this interrogatory as premature as a complete response necessarily depends upon the Court's construction of the

15

asserted claims, and according to the Scheduling Order, the Markman hearing will not take place until September 2008. Cordance further objects to this interrogatory as being directed to matters which are not relevant to the subject matter at issue in this action and not reasonably calculated to lead to the discovery of admissible evidence.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000

Dated: February 27, 2008

188649.1

## JURAT

On behalf of the Plaintiff, I have read the foregoing responses to interrogatories. Said responses were prepared by or with the assistance of agents, employees, and/or representatives of Plaintiff and/or others believed to have relevant information, and with the assistance and advice of counsel, upon which I have relied. The responses set forth herein, subject to inadvertent or undiscovered errors or omissions, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, thus far discovered in the course of the preparation of these responses, and currently available to Plaintiff. Consequently, Plaintiff reserves the right to make any changes in or additions to any of these responses if it appears at any time that errors or omissions have been made therein or that more accurate or complete information has become available. Subject to the limitations set forth herein, the said responses are true to the best of my present knowledge, information and belief. I certify under penalty of perjury on behalf of Plaintiff that the foregoing is true and correct.

Signed: _____

Drummond Reed, CTO
Cordance Corporation
3020 Issaquah – Pine Lake Rd. SE, No. 74
Sammamish, WA 98075

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2008, the attached **CORDANCE'S**

**RESPONSES TO AMAZON'S THIRD SET OF INTERROGATORIES** was served upon

the below-named counsel of record at the addresses and in the manner indicated:


Richard L. Horwitz, Esquire                                    <u>HAND DELIVERY</u>
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Lynn H. Pasahow, Esquire                                      <u>VIA ELECTRONIC MAIL</u>
Fenwick & West LLP
801 California Street
Mountain View, CA  94041

Tiffany Geyer Lydon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-491-MPT |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SERVICE

The undersigned hereby certifies that on the 27th day of February, 2008, **CORDANCE'S**

**RESPONSES TO AMAZON'S THIRD SET OF INTERROGATORIES** was served upon

the following counsel of record at the address and in the manner indicated:


Richard L. Horwitz, Esquire                                    HAND DELIVERY
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Lynn H. Pasahow, Esquire                                    VIA ELECTRONIC MAIL
Fenwick & West LLP
801 California Street
Mountain View, CA  94041

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000

Dated:  February 27, 2008
174754.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2008, the attached **NOTICE OF SERVICE** was served upon the below-named counsel of record at the addresses and in the manner indicated:


Richard L. Horwitz, Esquire                                      HAND DELIVERY
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Lynn H. Pasahow, Esquire                                      VIA ELECTRONIC MAIL
Fenwick & West LLP
801 California Street
Mountain View, CA  94041


                                                                    */s/ Tiffany Geyer Lydon*
                                                                    _____
                                                                    Tiffany Geyer Lydon

## Discovery Documents

[1:06-cv-00491-MPT Cordance Corporation v. Amazon.com Inc.](#)

MEDIATION, PATENT, PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Lydon, Tiffany on 2/27/2008 at 5:00 PM EST and filed on 2/27/2008

| | |
|---|---|
| **Case Name:** | Cordance Corporation v. Amazon.com Inc. |
| **Case Number:** | 1:06-cv-491 |
| **Filer:** | Cordance Corporation |
| **Document Number:** | 112 |

**Docket Text:**
**NOTICE OF SERVICE of Responses to Amazon's Third Set of Interrogatories by Cordance Corporation.(Lydon, Tiffany)**

**1:06-cv-491 Notice has been electronically mailed to:**

Robert M. Abrahamsen    rabrahamsen@wolfgreenfield.com, litigation@wolfgreenfield.com

Michael A. Albert    Malbert@wolfgreenfield.com, dpefine@wolfgreenfield.com, Litigation@wolfgreenfield.com

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Darren E. Donnelly    ddonnelly@fenwick.com

J. David Hadden    dhadden@fenwick.com

Tiffany Geyer Lydon    tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com, nlopez@ashby-geddes.com

Ryan J. Marton      rmarton@fenwick.com

Gaurav Mathur      gmathur@fenwick.com

David Ellis Moore      dmoore@potteranderson.com, ntarantino@potteranderson.com

Jeffrey C. O'Neill      joneill@wolfgreenfield.com

Lynn Pasahow      lpasahow@fenwick.com

Saina S. Shamilov      sshamilov@fenwick.com

**1:06-cv-491 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=2/27/2008] [FileNumber=526495-0]
[7692021e9bfba4fae2fbc324286388cb428d1980a2674a600f123833c92a6ab87b27
61d080c48f9bb5d6b0f342f02c9444853a7af8effd70ca2bea00554ea9d1]]

EXHIBIT "C"

1

```
 1                    THE UNITED STATES DISTRICT COURT

 2                    IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -

 4    HONEYWELL INTERNATIONAL, INC.      :    CIVIL ACTIONS
      et al.                             :
 5                                       :
                    Plaintiffs,          :
 6                                       :
                 v.                      :
 7                                       :
      AUDIOVOX COMMUNICATIONS CORP.,     :
 8    et al.                             :
                                         :    NO. 04-1337 (KAJ)
 9             Defendants.               :
      ----------------------------------
10    HONEYWELL INTERNATIONAL, INC.      :
      et al.                             :
11                                       :
                    Plaintiffs,          :
12                                       :
              v.                         :
13                                       :
      APPLE COMPUTER, INC.,  et al.,     :
14                                       :    NO. 04-1338 (KAJ)
               Defendants.               :
15    ----------------------------------
      OPTREX AMERICA, INC.,              :
16                                       :
                    Plaintiff,           :
17                                       :
              v.                         :
18                                       :
      HONEYWELL INTERNATIONAL, INC.      :
19    et al.                             :
                                         :    NO. 04-1536 (KAJ)
20             Defendants.
                                  - - -
21
                          Wilmington, Delaware
22              Friday, July 21, 2006 at 11:03 a.m.
                        TELEPHONE CONFERENCE
23
                                  - - -
24
      BEFORE:        HONORABLE KENT A. JORDAN, U.S.D.C.J.
25
                                  - - -
```

2

```
 1   APPEARANCES:

 2
         ASHBY & GEDDES
 3       BY:  STEVEN J. BALICK, ESQ.

 4            and

 5       MORRIS NICHOLS ARSHT & TUNNELL
         BY:  JULIA HEANEY, ESQ.,
 6            and
 7
         ROBINS KAPLAN MILLER & CIRESI, L.L.P
 8       BY:  MARTIN R. LUECK, ESQ.,
              MATTHEW L. WOODS, ESQ., and
 9            STACIE E. OBERTS, ESQ.
              (Minneapolis, Minnesota)
10
              Counsel on behalf of Honeywell
11            International, Inc., and Honeywell
              Intellectual Properties, Inc.
12

13       YOUNG CONAWAY STARGATT & TAYLOR
         BY:  KAREN L. PASCALE, ESQ.
14            and
15
         OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.
16       BY:  ALEXANDER E. GASSER, ESQ., and
              JOHN F. PRESPER, ESQ.
17            (Alexandria, Virginia)

18            Counsel for Optrex America, Inc.

19
         BOUCHARD MARGULES & FRIEDLANDER
20       BY:  JAMES GORDON McMILLAN, III, ESQ.

21            Counsel for Citizen Watch Co., Ltd.;
              Citizen Displays Co., Ltd.
22

23       FISH & RICHARDSON, P.C.
         BY:  WILLIAM J. MARSDEN, ESQ.
24
              Counsel for ID Tech;  International
25            Display Technology USA Inc.
```

3

```
 1    APPEARANCES: (Continued)

 2
           YOUNG CONAWAY STARGATT & TAYLOR
 3         BY:  MONTE' TERRELL SQUIRE, ESQ.

 4               and

 5         PAUL HASTINGS JANOFSKY & WALKER, LLP
           BY:  PETER J. WIED, ESQ., and
 6              HUA CHEN, ESQ.
                (Los Angeles, California)
 7
                    Counsel for Quanta Display Inc.
 8

 9         SMITH KATZENSTEIN & FURLOW
           BY:  JOELLE ELLEN POLESKY, ESQ.
10
                and
11
           HOGAN & HARTSON, LLP
12         BY:  ROBERT J. BENSON, ESQ.
                (Los Angeles, California)
13
                    Counsel for Seiko Epson Corp.,
14                  Sanyo Epson Imaging Devices Corporation

15

16         RICHARDS LAYTON & FINGER
           BY:  WILLIAM J. WADE, ESQ.

17               and

18         TROP PRUNER & HU
           BY:  DAN C. HU, ESQ.
19              (Houston, Texas)

20                  Counsel for Arima Display

21

22

23

24

25
```

4

```
 1   APPEARANCES: (Continued:

 2
             YOUNG CONAWAY STARGATT & TAYLOR
 3           BY:  JOHN W. SHAW, ESQ.

 4                  and

 5           KENYON & KENYON
             BY:  ROBERT L. HAILS, ESQ.
 6               (Washington, District of Columbia)

 7                  and

 8           KENYON & KENYON
             BY:  JOHN FLOCK, ESQ.
 9               (New York, New York)

10               Counsel for Sony Corporation, and Sony
                 Corporation of America
11

12           POTTER ANDERSON & CORROON, LLP
             BY:  PHILIP A. ROVNER, ESQ.
13
                    and
14
             STROOCK & STROOCK & LAVAN LLP
15           BY:  LAWRENCE ROSENTHAL, ESQ.,
                 MATTHEW W. SIEGAL, ESQ., and
16               KEVIN ECKER, ESQ.
                 (New York, New York)
17
                 Counsel for Fuji Photo Film Co., Ltd.
18               and Fuji Photo Film U.S.A. Inc.

19
             FISH & RICHARDSON, P.C.
20           BY:  THOMAS L. HALKOWSKI, ESQ.

21                  and

22           FISH & RICHARDSON, P.C.
             BY:  JOHN T. JOHNSON, ESQ.
23               (New York, New York)

24               Counsel for Casio, Inc., Casio Computer

25
```

5

```
 1   APPEARANCES: (Continued)

 2
             POTTER ANDERSON & CORROON, LLP
 3           BY:  RICHARD L. HORWITZ, ESQ.

 4                   and

 5           FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
             BY:  YORK FAULKNER, ESQ.
 6                (Reston, Virginia)

 7                   and

 8           FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
             BY:  ELIZABETH A. NIEMEYER, ESQ.
 9                (Washington, District of Columbia))

10                   Counsel for Toppoly Optoelectronics, Wintek
                     Corp., Wintek Electro-Optics Corporation
11
                     and
12
             HOWREY, LLP
13           BY:  NELSON M. KEE, ESQ.
                  (Washington, District of Columbia)
14
                     Counsel for Philips Electronics
15                   North America Corp.

16                   and

17           PAUL HASTINGS JANOFSKY & WALKER, LLP
             BY:  ELIZABETH L. BRANN, ESQ.
18                (San Diego, California)

19                   Counsel for Samsung SDI

20                   and

21           BAKER & McKENZIE, LLP
             BY:  KEVEN M. O'BRIEN, ESQ.
22                (Washington, District of Columbia)

23                   Counsel for Boe-Hydis Technology

24                   and

25
```

6

```
 1   APPEARANCES: (Continued)

 2
          BAKER BOTTS, L.L.P.
 3        BY:  NEIL P. SIROTA, ESQ., and
               ROBERT MAIER, ESQ.
 4             (New York, New York)

 5                  Counsel for Hitachi, Ltd., Hitachi
                    Displays, Ltd., Hitachi Display Devices,
 6                  Ltd., Hitachi Electronic Devices (USA),
                    Inc.

 7

 8
                             Brian P. Gaffigan
 9                           Registered Merit Reporter

10

11

12                  - oOo -

13            P R O C E E D I N G S

14            REPORTER'S NOTE:  The following telephone

15   conference was held in chambers, beginning at 11:03 a.m.)

16            THE COURT:  Hi, this is Judge Jordan.  Who do I

17   have on the line?

18            MS. HEANEY:  Good morning, Your Honor.  It's

19   Julie Heaney for Honeywell.  I'm covering for Tom Grimm

20   this morning; and from Robins Kaplan, we have Martin Lueck,

21   Matthew Woods and Stacie Oberts.

22            MR. MORRIS:  Also, John Day for Honeywell in the

23   1337 action, Your Honor.

24            THE COURT:  All right.

25            MR. HORWITZ:  Good morning, Your Honor.  This
```

1    is Rich Horwitz at Potter Anderson for a number of the

2    defendants.  With me for Boe-Hydis, Kevin O'Brien; for

3    Hitachi, Neil Sirota and Robert Maier; for Phillips, we

4    have Nelson Kee; for TPO and Wintek, York Faulkner and

5    Elizabeth Niemeyer; and for Samsung, Elizabeth Brann.

6              MR. ROVNER:  Your Honor, this is Phil Rovner

7    for defendant Fuji Photo.  With me on the line is Lawrence

8    Rosenthal, Matt Siegal, I believe, and Kevin Ecker.

9              MR. WADE:  Good morning, Your Honor.  It's Bill

10   Wade for Arima Display.  With me on the phone is Dan Hu.

11             MR. HALKOWSKI:  Good morning, Your Honor.  This

12   is Tom Halkowski with Fish & Richardson on behalf of the

13   Casio defendants.  With me on the line are John Johnson from

14   our New York office.

15             MR. SQUIRE:  Good morning, Your Honor.  This is

16   Monte' Squire from Young Conaway representing defendant

17   Quanta Display.  With me on the line are Peter Weid and Hua

18   Chen from Paul Hastings in Los Angeles.

19             MS. PASCALE:  Your Honor, this is Karen Pascale

20   from Young Conaway for Optrex America, the plaintiff in the

21   1536 action.  And on the line, my co-counsel from Oblon

22   Spivak is Alex Gasser and John Presper.

23             MR. MARSDEN:  Good morning, Your Honor.  William

24   Marsden from Fish & Richardson for defendant ID Tech.

25             MR. SHAW:  Good morning, Your Honor.  John Shaw

8

1    for defendant Sony Corporation.  With me from Kenyon &

2    Kenyon, John Flock and Bob Hails.

3            MS. POLESKY:  Good morning, Your Honor.  Joelle

4    Polesky on behalf of Seiko Epson and Sanyo Epson Imaging

5    Devices.  On the line is our co-counsel Robert Benson from

6    Hogan & Hartson.

7            MR. McMILLAN:  Good morning, Your Honor.  It's

8    Jay McMillan for Citizen Watch Company and Citizen Displays

9    Company.

10            THE COURT:  Anybody else?

11            Well, we're here to deal with a few issues.

12    And if you've got me on speaker, you may need to pick up

13    because, particularly if you are going to be speaking, it

14    makes it difficult for me to keep the conference call on

15    track if I can't insert myself in the discussion.  And if

16    you're moving papers around next to your telephone, that

17    also can cause some interference or noise that makes it

18    hard to hear.

19            Why don't we start with the first sort of

20    fundamental problem it looks like we're dealing with here

21    which is the assertion on both sides that discovery isn't

22    moving forward.  I've got of the defendants saying to me,

23    Honeywell won't give basic contention discovery with respect

24    to its infringement positions, nor will it provide discovery

25    without assurances that discovery won't be shared among

1    defendants.  And I take it that the defendants disagree with

2    both those positions that they view Honeywell as having

3    taken.  And on the other side, I have Honeywell arguing to

4    me that the defendants are just failing to provide some

5    basic information with respect to the same or similar

6    versions of accused devices.

7              So, let me start by asking Honeywell some

8    questions here.  First, I assume, of course, that you have

9    read your opponents' correspondence.  Who is going to be

10   speaking for Honeywell on this?

11             MR. LEUCK:  Your Honor, this is Martin Lueck.  I

12   had planned to address the issues of Honeywell's discovery

13   that we are seeking from the defendants.  Mr. Woods has been

14   more involved in the Honeywell discovery going in the other

15   direction and is prepared to speak to that.

16             THE COURT:  Well, Mr. Lueck, I'll give you first

17   crack.  You've seen the opponents here come forward and say

18   you've essentially posed discovery that says tell us

19   everything that fits our patent.  Even though you haven't

20   framed it in that particular language, you've taken the

21   elements of the claim, framed it as a discovery response

22   and served it on all manufacturers.  And that the defense

23   says that's not what I had ordered.  I had ordered that you,

24   in some fashion, tie the request for additional versions

25   to identified models.  What is your response to that

1    argument?

2              MR. WOODS:  Your Honor, this is Matt Woods.

3    Mr. Lueck asked that I look into this particular one issue.

4              We believe, Your Honor, that the discovery that

5    Honeywell is asking for is narrowly tailored to go to the

6    heart of the infringement claim, to remove any burden upon

7    defendants and to essentially avoid any type of prejudice to

8    Honeywell, should discovery be limited in a way that could

9    eventually or could be argued down the road as effecting

10   some type of claim splitting and ultimately res judicata.

11             Honeywell has endeavored, in keeping with

12   the exchange that Your Honor had with Mr. Lueck back in

13   September, and the Court's October 7th order, to narrowly

14   define the discovery to those modules which are

15   substantially the same as those that were identified in

16   the prior correspondence that was submitted last year.  The

17   patent, Claim 3 of the '371 patent in particular, has some

18   very discrete elements and is very straightforward.  The

19   discovery that we are seeking is well known in the industry

20   to the extent that what we are asking for are modules that

21   have four basic elements.

22             THE COURT:  Yes, I read your papers.  So I

23   understand your position that, hey, we're just asking them

24   to tell us whether they've got things that meet these

25   elements.  I mean that much is clear to me.  I'm trying to

1    get you to respond to the assertion that this does not

2    square up with the obligation to tie your discovery requests

3    to specifically identified models.  In other words, as the

4    defense reads my previous statements and orders, they say,

5    hey, judge, you told these people they're not allowed just

6    to say to us, in effect, tell us what infringes.  They have

7    to identify a product and then they can ask about it.  And

8    then we had a further discussion where you said, well, what

9    about later versions or other versions and how would you

10   identify such versions?  And that the crafted attempt to

11   meet Honeywell's concern was to say if you can ask about

12   versions that are linked to identified models, that would

13   be okay.  And, judge, they've gone outside that.  Now all

14   they've done is propounded discovery that says tell us,

15   again tell us what you have that infringes.

16          That's the argument I'm trying to get you to

17   meet.  So it's not helpful to me at this juncture for you to

18   characterize it as narrowly drawn, et cetera.  I need you to

19   go back into the history of the case and tell me how what

20   you are asking for is actually based on what went before

21   today in the case.

22          MR. WOODS:  Yes, Your Honor.  And I will do so,

23   because I believe that history is exactly on point with what

24   brings us here today.

25          Back in September 9th, when we were having the

1    discussion with the Court on this very issue, Mr. Lueck had

2    an exchange with Your Honor with regard to the amount and

3    the type of discovery that we believed was appropriate.  And

4    that exchange can be found on page 31 of the September 9th

5    transcript.

6            Your Honor specifically asked Mr. Lueck:

7    Well, when you say the same or similar, what do you mean?

8    Mr. Lueck explained exactly what he meant by that and,

9    incidently, or not coincidentally, that is the exact scope

10   of discovery that we have put in to written discovery.  And

11   Your Honor said:  All right.  Does everybody understand the

12   discovery I'm telling them they're entitled to?

13           We took that exchange as it was then embodied in

14   the Court's order of October 7th and used that as the basis

15   for the written discovery.

16           One of the outstanding issues that have been

17   raised historically in the past is that the customer

18   defendants, those who are now stayed, were not in a position

19   to comply with the Court's October 7th order because, as I

20   believe Mr. Horwitz himself pointed out in the September

21   9th hearing, they didn't know.  They didn't know what was

22   substantially the same, or at least they claimed not to.

23   And so we were faced with a situation where, based on the

24   exchange from the September 9th hearing and the Court's

25   order which recognized, as we view it, Your Honor, that

1    the LCD modules that are substantially -- that have

2    substantially the same structure are in fact relevant

3    to the analysis.

4                    THE COURT:  Did you --

5                    MR. WOODS:  The question then, of course, is

6    what does it mean to be substantially the same?

7                    THE COURT:  Yes, that's right.  The question is

8    what does it mean to be substantially the same?

9                    MR. WOODS:  And, Your Honor, that is exactly the

10   criteria that were discussed on page 31 of the September 9th

11   hearing.

12                   THE COURT:  Right, and it seems to me that

13   maybe you're reading this without having read the previous

14   three pages of the transcript, which I have also re-read.

15                   But let me have you hold right there for a

16   second, Mr. Woods.  I'll give you another crack at this but

17   on this specific point about what the parties understood

18   coming out of that hearing, I understand, I think, what

19   Honeywell is saying it got from that September conference

20   and why it's framed its discovery as it has.

21                   Let me have somebody -- not everybody.  There

22   needs to be a designee on behalf of the defendants here to

23   address the defense perspective on this.  Who is speaking

24   for the defense?

25                   MR. HORWITZ:  Your Honor, it's Rich Horwitz.

1           I don't have too much to say, Your Honor,

2    because I think you framed it exactly.  I think that what

3    Mr. Woods is doing is basically repackaging what we've

4    gone over a few times before to try to require us, the

5    defendants, to have the burden of going through all of

6    our products.  And if you look at that transcript in its

7    entirety, you look at the October order and you look at what

8    Your Honor told us later, which we've also quoted to the

9    Court in my July 20th letter in May of 2006, it's clear from

10   our perspective, and I think from the record, that what the

11   Court was talking about was the prior and later versions and

12   not simply the language that parrots the claim language.

13   And what we have asked Honeywell to do is for those products

14   that it's already broken down, tell us how they infringe.

15   Point us to specific things that meet a specific limitation.

16   And to the extent we have been able to determine what an

17   earlier or later version is, that would inform us in making

18   that decision but it would not require us, which is what

19   they're doing now under what they say is removing the

20   burden, it's doing exactly the opposite, Your Honor.  What

21   they want you to do is just give them everything, which

22   Your Honor has told them a number of times is not the way

23   discovery works.

24           THE COURT:  All right.  Go ahead, Mr. Woods.

25   Your crack.

1          MR. WOODS:  Yes, Your Honor.  I would disagree

2     with Mr. Horwitz for the following reasons:  First of all,

3     the prior discussion was done in the context of changing the

4     focus from end products to modules.  And if we're going to

5     look at the history of the case, there is a translation

6     function that needs to occur here because, as Your Honor

7     well knows, the first round or the first group of defendants

8     were in end product manufacturers and so Your Honor's

9     comments and the discussions were framed in that context.

10         The question becomes, clearly, there was a sense

11    that we were entitled to more discovery than just those that

12    were expressly identified.  And the question then becomes to

13    what extent.  Mr. Horwitz has said there is some kind of

14    mystery about our claim.  We have endeavored to show and

15    have explained to them --

16         THE COURT:  Well, hold on.  We're going to talk

17    about your contention, the adequacy of your contention

18    interrogatory responses in a moment.  And I'm rejecting,

19    I'll just tell you right now, I'm rejecting the notion that

20    the defense response to discovery depends upon how you

21    respond to their discovery.  I'm not going to have any more

22    of this you go first stuff.  I tried to say that to you

23    folks repeatedly.  So those things aren't linked in my mind

24    and you don't have to argue about them being linked.

25         Right now, I'm just giving you your last

1    opportunity to explain to me why you think the way you

2    framed your demand for additional discovery from these folks

3    is correct in light of what we've had to say to each other

4    over the course of a few meetings and many, many months.

5              MR. WOODS:  Your Honor, thank you.  And we would

6    respectfully submit that if you look at that whole exchange,

7    as Mr. Horwitz was suggesting, there was clearly a sense,

8    as we believe we're entitled to under the law, to get some

9    discovery about modules other than those that have been

10   expressly located and expressly torn down and expressly

11   identified.

12             THE COURT:  And now, when you say you are

13   entitled to under the law.

14             MR. WOODS:  Correct.

15             THE COURT:  Well, you know what?

16             MR. WOODS:  Your Honor?

17             THE COURT:  I guess I'm trying to pull from you

18   where you think this is linked to my instructions to you

19   folks that you had an obligation to tell people, look, this

20   is your product.  We think it infringes.  Here is why.  You

21   know, we're accusing you of infringing.  We've got something

22   that we believe infringes.  That ought to be the baseline.

23   Everybody should have understood that from what I've said to

24   people repeatedly.

25             MR. WOODS:  Correct.

1          THE COURT:  Now, they are saying you have

2     unmoored your discovery from that foundation, and you have

3     heard Mr. Horwitz explain why they believe that.  I'm trying

4     to get you to explain to me how it is you are rooted in that

5     foundation, because that is the foundational principle from

6     which I am operating.

7          MR. WOODS:  Yes, Your Honor.  The request we

8     have made absolutely is rooted in the foundation.  We

9     identified a series of modules that have been torn down and

10    are accused of infringement.  As we have told defendants,

11    those modules have the following criteria.  They are back

12    lit.  They have an LCD panel and they have two particular

13    arrays, at least one of which misaligned, and that is the

14    commonality amongst everything that has been identified and

15    torn down.  And that is how we, Honeywell, understood the

16    term "substantially the same" to be implemented in the

17    Court's order.

18          So we have said to defendants we are asking you

19    to identify those modules which are substantially the same

20    as those which were expressly identified by model number

21    and the way we are defining "substantially the same" is as

22    Mr. Lueck and you discussed at the September 9th hearing on

23    page 31 where we are trying to provide objective criteria

24    for doing that analysis.

25          And so we have in fact moored our request for

1    discovery not for some fishing expedition, not for

2    everything under the sun but rather take those modules that

3    have been expressly identified and look at these features.

4    And we are asking for everything that has those same

5    features.

6              THE COURT:  Okay.  I have your position and I

7    can only apologize to the parties because to the extent I've

8    been unclear before, it's not been intentional.  I just

9    can't agree with Honeywell here because I'm bound, I think,

10   to agree that what you have done is to say, under the

11   rubric of "substantially the same," is to just recast as a

12   discovery request, tell me everything that infringes my

13   claim.  And that is precisely that I have been trying to

14   avoid in this matter, because I view that as a reversal, a

15   basic reversal of the obligation of parties in litigation.

16             You know, maybe I'll turn out to be wrong about

17   this but I don't think you can go to somebody and say I'm

18   suing you and now tell me why I'm suing you, which is what

19   in effect this discovery demands.  And I had attempted

20   previously to say, as clearly as I knew how but evidently

21   not clearly enough, you identify what the problem is and

22   they'll have to respond to that.  And then Mr. Lueck, as a

23   skillful advocate, would have said, well, there may be

24   versions of this very same device which we can't say by

25   model number because if we're one letter off -- now, I'm

1    interpolating, not precisely quoting what he had to say.  If

2    we're one letter off or one number off in the alphanumeric

3    sequence in the model number, they could say, well, you

4    didn't ask about that and that's not fair, and I was

5    agreeing well that isn't fair.  You know, if you've got a

6    next generation of the very thing you've produced, the fact

7    that you can't name it with precision using the alphanumeric

8    sequence attached to that make or model number shouldn't

9    prevent you from getting discovery on that.

10          That was not intended to open the door for

11   you to say, now, and anything else that meets the claim

12   language, tell us about that, too.  I don't view that as

13   proper discovery.  I mean that turns the process on its head

14   and I'm just not having it.

15          So to the extent I left people thinking that was

16   the problem or the way I wanted you to proceed, I apologize

17   because it isn't.  And I reject the assertion that this

18   raises res judicata problems for you or claim splitting.  If

19   you sue them on a specific thing and in the course of

20   discovery, they don't tell you about a different product,

21   nobody I think in their right mind is going to say, well,

22   you gave up a claim against that accused product because

23   you never had the chance to accuse it.  So I view that as

24   a red herring.

25          So I'm hoping this is clear enough in telling

1    people, Honeywell, if you want to sue people, fine, sue

2    them.  But have in mind exactly what it is you're accusing

3    them of doing.  And that means if you say they've produced

4    an accused device, you need to have some basis for saying

5    they have an accused device and ask them, okay, tell us

6    about this accused device.  You can't say to them, look

7    across your product line and tell us everything that meets

8    our claim language.

9         So have I been clear enough?  You could

10    disagree with me, obviously, that this is a correct or an

11    appropriate approach but at least you understand what I'm

12    getting at now, Mr. Lueck and Mr. Woods?

13         MR. WOODS:  Your Honor, we certainly understand.

14    And I, with Your Honor's indulgence, just have to ask if I

15    could just say one thing, please, because we do respectfully

16    disagree with the Court about the concern about the

17    potential for res judicata here.  We do recognize that there

18    is law out there like the Sharp case that has been cited

19    that talk about the standard for getting additional module

20    model numbers in an industry where models change.

21         We have proposed to the defendants we're

22    willing to buy their modules.  We're willing to buy it.

23    Historically, you can't get these things any more and yet

24    they're still within the statute of limitations period.  For

25    all these reasons, because respectfully we believe what Your

1    Honor is doing is having a tremendously prejudicial effect

2    upon Honeywell's claim, we would respectfully be allowed to

3    brief this issue.  We understand where the Court is going.

4    Nevertheless, we feel obligated to create a record here.

5         THE COURT:  You've got a record.  You have a

6    record which is adequate for review.  I don't think any

7    reviewing court is going to look at this and say you didn't

8    make your position clear.  I don't need any more paper on

9    this.  You don't need to persuade me that you have a

10   position and you think the position is well founded.  My job

11   is not to say to you, to every party that has got a position

12   well, okay, go ahead and give me another 40 pages of paper

13   about it.  We have been over this now.  This is at least the

14   third time I have taken a crack at this.  And I've done it

15   in print and I've done it orally and I just don't need more

16   paper on it.

17        It could be I'm wrong.  I certainly get

18   reversed; to my chagrin, I do; but I don't think you've got

19   the better of it.  I think I understand the argument that

20   you've made and what I'm telling you is you don't have the

21   better of the argument in my view.  So let's move forward

22   with the case you've got.

23        MR. WOODS:  Yes, Your Honor.  One final point of

24   clarification.

25        You had asked if we understood.  Is it Your

1    Honor's view that Honeywell is entitled to any discovery

2    beyond those modules expressly identified?  And if so,

3    could Your Honor clarify for us exactly where that goes?

4                THE COURT:  I'm not sure I can clarify it any

5    more than I have.  And I'll have to confess to you that

6    we're in a region where apparently I haven't been clear

7    before.  I have tried to say, and, you know, the fact is I

8    don't know that I can say it any better than I just said it,

9    which is going to be in this transcript and you can take a

10   look at it.

11               The point is to avoid people having to dodge

12   behind a particular sequence of numbers associated with an

13   alphanumeric make or model identification.  You wanted to

14   know initially, my recollection is, you were trying to make

15   sure that they didn't dodge appropriate discovery by having

16   a next generation of a model that you had identified but

17   which you couldn't identify with precision because you

18   didn't happen to know that particular model number, whatever

19   it is.

20               That's the kind of thing that I think is fairly

21   within the ambit of further discovery.  You identify some-

22   thing specific and then you can inquire about generational

23   changes or additions to something that you've identified.

24   But you can't take that which I have tried to give you as a

25   fair ambit beyond a specific piece of hardware that you know

1    about and turn it into what you have, which is here is our

2    claim language.  Tell us what you've got that infringes.

3    That's what you have done in effect.  I agree with the

4    defendants, that's what you have done in effect, and that's

5    what I'm telling you you can't do.  So please take what I

6    have given you, do your best with it.

7               I'm expecting the defendants to play fair on

8    this.  Mr. Horwitz, do you understand what I'm asking?

9               MR. HORWITZ:  Yes, sir.

10              THE COURT:  Okay.  Well, are you speaking for

11   the defense on thi point?

12              MR. HORWITZ:  I think if anybody wants to chime

13   in, they can chime in now.  But I think what you said is

14   consistent with what you have told us before.

15              THE COURT:  All right.  Then move forward with

16   what I'm telling you now and let's not go back over this yet

17   again.  Let's put it to bed and move forward.

18              All right.  Now, we do have an argument about

19   Honeywell's responses to contention interrogatories and

20   also argument about conditioning discovery responses on

21   confidentiality.  You've heard what the defense has said

22   about that.

23              And again, I don't know whether this is yours,

24   Mr. Woods or Mr. Lueck.  Whoever it is, could you please

25   respond to the assertion that you're just not giving claim

```
 1                THE COURT:  Okay.  Mr. Horwitz or Mr. Rovner,

 2    you folks have done most the speaking for the defense.

 3    Anything?

 4                MR. HORWITZ:  I don't think so, Your Honor.

 5                MR. ROVNER:  No, Your Honor.

 6                THE COURT:  Okay.  Does anybody else on the

 7    defense side feel like you need to weigh in?

 8                (Pause.)

 9                THE COURT:  All right.  Well, then thanks for

10    your time today, and I hope we're able to work out other

11    things going forward and things stay on track.  Talk to you

12    later.

13                (The attorneys respond, "Thank you, Your

14    Honor.")

15                (Telephone conference ends at 12:05 p.m.)

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORDANCE CORPORATION,                    )
                                          )
                Plaintiff,               )
                                          )
        v.                               )        C.A. No. 06-491-MPT
                                          )
AMAZON.COM, INC.,                        )
                                          )
                Defendant.               )

**CORDANCE'S RESPONSE TO
AMAZON'S FIRST SET OF INTERROGATORIES**

Plaintiff Cordance Corporation ("Cordance" or Plaintiff) hereby responds to

Amazon.com's ("Amazon" or Defendant) First Set of Interrogatories.

GENERAL OBJECTIONS

Cordance objects to the Interrogatories to the extent that they:

1.    Are directed to matters which are not relevant to the subject matter at issue in this

action and not reasonably calculated to lead to the discovery of admissible evidence;

2.    Seek information and/or identification of documents that are subject to the

attorney-client privilege, constitute work product, or are otherwise immune from discovery; if

and to the extent that any documents or information are identified, disclosed, or produced which

are so privileged or immune, said identification, disclosure, or production is inadvertent, and is

made without any waiver of or intent to waive any privilege or immunity, and the return and

non-use of said materials is requested;

3.    Seek information and/or identification of documents already known to Defendant,

in Defendant's possession, or available from public sources;

4.      Seek information not within the possession, custody or control of Cordance or that has not been located after a reasonable search;

5.      Are overly broad, unduly burdensome and/or oppressive, and/or seek documents already in Defendant's possession;

6.      Impose a burden beyond that imposed by the Federal Rules or the Delaware Local Rules; or

7.      Relate to Amazon's Fourth Counterclaim for patent infringement as a Motion to Dismiss that counterclaim is currently pending and any perceived need for discovery relating to that counterclaim may be mooted once that motion is ruled upon.

These general objections are hereby explicitly incorporated by reference into each of the following responses.


<u>RESPONSES</u>

<u>INTERROGATORY NO. 1</u>

For every accused product, identify the accused product and identify your infringement contentions for such accused product.

<u>ANSWER NO. 1</u>

Cordance objects to this interrogatory as premature.  On December 6, 2006 the Court entered a Scheduling Order in this case.  According to that Order, the parties need not identify the proposed construction of claim terms until at least October 2007.  Infringement contentions would be premature until such identification is made.  Furthermore, Amazon's request for infringement contentions is premature for the independent reason that Amazon has not yet responded to any of Cordance's first set of discovery requests, including requests directed to the

functioning of Amazon's accused systems. Subject to these specific objections and the general objections, Cordance responds that Amazon's 1-Click ordering system infringes at least Claims 1, 2, 3, 5, 7, 8, and 9 of U.S. Patent No. 6,757,710. Cordance specifically reserves its right to identify other acts of infringement by Amazon when discovery has progressed.

INTERROGATORY NO. 2

Separately for each word, term, phrase, limitation, or element of each claim of the '369 Patent and the '710 Patent that you contend needs to be construed, or the construction of which you contend is relevant to the construction of a claim, state your proposed construction for that word, term, phrase, limitation, or element and identify all intrinsic and extrinsic evidence in support of your proposed construction, specifically identifying each reference from the specification, figures, and the prosecution history, that supports, describes or explains the meaning your give to each such word, term, phrase, limitation or element and specifically identifying expert testimony, inventor statements or testimony, dictionary definitions, and citations to learned treatises, publications, or patents, or other extrinsic evidence explaining in detail how each cited intrinsic and extrinsic evidence supports your construction, and specifically identifying each other evidence that is counter to your proposed construction.

ANSWER NO. 2

Cordance objects to this interrogatory as premature. On December 6, 2006 the Court entered a Scheduling Order in this case. Under that Order, the parties need not identify the proposed construction of claim terms until at least October 2007. Accordingly, the subject matter of this request is premature in light of the Scheduling Order.

Cordance also objects to this interrogatory as overbroad and unduly burdensome.

Cordance further objects to this interrogatory as it is directed, in part, to matters relevant only to Amazon's Fourth Counterclaim for patent infringement. A Motion to Dismiss that Counterclaim on jurisdictional grounds has been fully briefed and is currently pending before the Court. Undertaking discovery relating to that Counterclaim at this time may result in a waste of the parties' and Court's resources. If Cordance's Motion is granted, such discovery will be obviated. Cordance further reserves its right to present specific objections to any of Amazon's discovery requests directed to the Counterclaim at a later time.

INTERROGATORY NO. 3

Separately, for each claim of the '710 Patent which you contend Amazon.com infringes, identify the date of invention you contend such claims should be accorded including the basis for that contention, the date on which you contend such claim was conceived, all documents corroborating such conception, and each person with information relating to such conception, including the substance of such information.

ANSWER NO. 3

Cordance objects to this interrogatory as overbroad and unduly burdensome. Cordance further objects to this interrogatory as requesting information protected by the attorney client privilege and/or the work product doctrine. Subject to these specific objections and the general objections, and subject to the provisions of D. Del. LR 26.2 and/or upon entry of an appropriate protective order, Cordance will produce documents pursuant to Fed. R. Civ. P. 33(d) from which information responsive to this interrogatory may be ascertained.

INTERROGATORY NO. 4

Separately, for each claim of the '710 Patent which you contend Amazon.com infringes, identify the date you contend such claim was first reduced to practice, the person(s) performing such reduction to practice, each person with information relating to such reduction to practice, including the substance of such information, and identify all facts that you contend support any diligence you exercised in reducing to practice the claimed invention including identification of each document relating to such diligence, each person with information relating to such diligence, including the substance of such information, and the patent application by application serial number in which you contend such claim was first disclosed in the manner provided by 35 U.S.C. § 112 ¶1; and for all periods between the date of reduction to practice of any claim or invention of the '710 Patent and the actual filing date of filing of such patent application, state the full factual and legal basis for any contention you have that the claimed invention was not abandoned, suppressed, or concealed.

ANSWER NO. 4

Cordance objects to this interrogatory as overbroad and unduly burdensome. Cordance further objects to this interrogatory as requesting information protected by the attorney client privilege and/or the work product doctrine. Subject to these specific objections and the general objections, and subject to the provisions of D. Del. LR 26.2 and/or upon entry of an appropriate protective order, Cordance will produce documents pursuant to Fed. R. Civ. P. 33(d) from which information responsive to this interrogatory may be ascertained.

INTERROGATORY NO. 5

For the '710 Patent and all related patents/applications listed as the Related U.S.

Application Data on the face of the '710 Patent and all their foreign counterparts identify each individual who participated in the research, development, conception or reduction to practice of each invention claimed therein and for each individual identified and for each patent or application, describe the nature and extent of that individual's involvement in, and their relative contribution to such activities.

ANSWER NO. 5

Cordance objects to this interrogatory as overbroad and unduly burdensome.  Cordance further objects to this interrogatory insofar as it relates to patents other than the patent-in-suit. Subject to the general objections and these specific objections, Cordance identifies Drummond Shattuck Reed as the individual who participated in the research, development, conception and reduction to practice of the invention claimed in the '710 Patent, and further states that Drummond Shattuck Reed was the sole contributor to that invention.  With respect to related patents/applications, subject to the above-stated objections, Cordance identifies the following individuals as having contributed to each respective patent/application:

U.S. Patent No. 5,862,325: Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey Todd Oberlander, Dan Banay.

U.S. Patent No. 6,044,205: Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey Todd Oberlander, Dan Banay.

U.S. Patent No. 6,088,717: Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey Todd Oberlander.

U.S. Patent No. 6,345,288: Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey Todd Oberlander, Dan Banay.

Subject to the provisions of D. Del. LR 26.2 and/or upon entry of an appropriate protective order, Cordance will also produce documents pursuant to Fed. R. Civ. P. 33(d) from which information responsive to this interrogatory may be ascertained.

INTERROGATORY NO. 6

Describe in detail Cordance's contribution, participation, or involvement, whether direct or indirect, in design, development, testing, management, maintenance and operation of inames.net website and in design, development and posting of information on the inames.net website.

ANSWER NO. 6

Cordance objects to this interrogatory as it is directed to matters relevant only to Amazon's Fourth Counterclaim for patent infringement. A Motion to Dismiss that Counterclaim on jurisdictional grounds has been fully briefed and is currently pending before the Court. Undertaking discovery relating to that Counterclaim at this time may result in a waste of the parties' and Court's resources. If Cordance's Motion is granted, such discovery will be obviated. Cordance further reserves its right to present specific objections to any of Amazon's discovery requests directed to the Counterclaim at a later time.

INTERROGATORY NO. 7

Describe in detail Cordance's contribution, participation, or involvement, whether direct or indirect, in design, development, testing, generation of description, marketing, and advertisement of services mentioned, described and advertised at or through inames.net website, including, but not limited to Unified Address Book and Contact Service.

ANSWER NO. 7

Cordance objects to this interrogatory as it is directed to matters relevant only to Amazon's Fourth Counterclaim for patent infringement. A Motion to Dismiss that Counterclaim on jurisdictional grounds has been fully briefed and is currently pending before the Court. Undertaking discovery relating to that Counterclaim at this time may result in a waste of the parties' and Court's resources. If Cordance's Motion is granted, such discovery will be obviated. Cordance further reserves its right to present specific objections to any of Amazon's discovery requests directed to the Counterclaim at a later time.

INTERROGATORY NO. 8

For each claim of the Patent-in-suit you contend is infringed in this action, if you contend a written description of such claim is provided in a prior related patent application or patent, state the full basis for your contention why the specification/figure(s) of the prior related patent application or patent provide such written description including all facts supporting such contention and, for every claim limitation state every portion of the specification and or figure(s) of the prior related patent application or patent which you contend provides a written description of such claim limitation and the entire teachings and description you contend such portion(s) provide. If you do not contend any prior related patent application or patent provides a written description of any claim of the Patent-in-suit you contend is infringed, identify such claim(s).

ANSWER NO. 8

Cordance objects to this interrogatory as overbroad and unduly burdensome. Cordance also objects to this interrogatory to the extent it seeks information beyond that required by the Federal Rules for contention interrogatories. Subject to these specific objections and the general

objections, Cordance states that support for the claims of the Patent-in-suit can be found in the specification including, without limitation, in the abstract of the disclosure, and on pages 1-5, 12-16, 19-70, 142-145 and 189-203 of the application for the Patent-in-suit, and figures referenced therein, as well as similar portions of the applications for the related patents to the Patents-in-suit.

INTERROGATORY NO. 9

Identify all persons involved in the design, development, testing, implementation, and operation of the Unified Address Book and Contact Services along with a full description of such persons' activities and the dates thereof.

ANSWER NO. 9

Cordance objects to this interrogatory because it seeks information in the possession of third parties not affiliated with Cordance. Cordance further objects to this interrogatory as it is directed to matters relevant only to Amazon's Fourth Counterclaim for patent infringement. A Motion to Dismiss that Counterclaim on jurisdictional grounds has been fully briefed and is currently pending before the Court. Undertaking discovery relating to that Counterclaim at this time may result in a waste of the parties' and Court's resources. If Cordance's Motion is granted, such discovery will be obviated. Cordance further reserves its right to present specific objections to any of Amazon's discovery requests directed to the Counterclaim at a later time.

INTERROGATORY NO. 10

For each claim of the '710 Patent fully describe the circumstances by which the purported inventor came to regard it as his invention, including, the date(s) when the specific claimed

combination of features was first recognized or regarded as such, all information considered in

deciding to claim such combination of features (specifically identifying any information related

to Amazon.com or any of its technology or activities), the date such information was considered

and by whom, for all periods between when you contend a specification was filed which

provides a disclosure of such claim and when such claim was presented, and explanation of and

accounting for why the claim was not earlier presented.

ANSWER NO. 10

     Cordance objects to this interrogatory as overbroad and unduly burdensome.  Cordance

further objects to this interrogatory to the extent it requests information that is not relevant and

not likely to lead to the discovery of relevant information.  Cordance further objects to this

interrogatory as requested information protected pursuant to the attorney/client privilege or under

the  work product doctrine.  Cordance further objects to this interrogatory as duplicative of

Interrogatory Nos. 4 and 5 and incorporates by reference its response to those interrogatories

herein.  Subject to these specific objections and the general objections, and subject to the

provisions of D. Del. LR 26.2 and/or upon entry of an appropriate protective order, Cordance

will produce documents pursuant to Fed. R. Civ. P. 33(d) from which information responsive to

this interrogatory may be ascertained.


INTERROGATORY NO. 11

     If you contend that the '369 Patent is invalid, explain in detail the factual basis for your

contention, including, identifying with particularity each piece of prior art you may rely on to

support your contention, each event or disclosure in a reference or publication forming in whole

or part the basis for such contention, each person with knowledge of each such event or reference, and all documents relating thereto.  If you contend that one or more claims of the '369 Patent is invalid in light of a combination of prior art references, specify with particularity the factual basis supporting your contention that one skilled in the art would have been motivated to combine the teachings of that prior art.

ANSWER NO. 11

Cordance objects to this interrogatory as it is directed to matters relevant only to Amazon's Fourth Counterclaim for patent infringement.  A Motion to Dismiss that Counterclaim on jurisdictional grounds has been fully briefed and is currently pending before the Court. Undertaking discovery relating to that Counterclaim at this time may result in a waste of the parties' and Court's resources.  If Cordance's Motion is granted, such discovery will be obviated. Cordance further reserves its right to present specific objections to any of Amazon's discovery requests directed to the Counterclaim at a later time.

Cordance also objects to this interrogatory as premature.  On December 6, 2006 the Court entered a Scheduling Order in this case.  Under that Order, the parties need not identify the proposed construction of claim terms until at least October 2007.  Accordingly, the subject matter of this request is premature in light of the Scheduling Order.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Adam J. Kessel
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
akessel@wolfgreenfield.com

Dated: March 7, 2007

178664.1

## JURAT

On behalf of the Plaintiff, I have read the foregoing responses to interrogatories.  Said responses were prepared by or with the assistance of agents, employees, and/or representatives of Plaintiff and/or others believed to have relevant information, and with the assistance and advice of counsel, upon which I have relied.  The responses set forth herein, subject to inadvertent or undiscovered errors or omissions, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, thus far discovered in the course of the preparation of these responses, and currently available to Plaintiff.  Consequently, Plaintiff reserves the right to make any changes in or additions to any of these responses if it appears at any time that errors or omissions have been made therein or that more accurate or complete information has become available.  Subject to the limitations set forth herein, the said responses are true to the best of my present knowledge, information and belief.  I certify under penalty of perjury on behalf of Plaintiff that the foregoing is true and correct.

Signed: _____

      Brian E. Lewis, General Counsel
      Cordance Corporation
      3020 Issaquah – Pine Lake Rd. SE, No. 74
      Sammamish, WA 98075

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2007, the attached **CORDANCE'S**

**RESPONSE TO AMAZON'S FIRST SET OF INTERROGATORIES** was served upon the

below-named counsel of record at the addresses and in the manner indicated:


Richard L. Horwitz, Esquire                             HAND DELIVERY
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801


Lynn H. Pasahow, Esquire                             VIA ELECTRONIC MAIL
Fenwick & West LLP
801 California Street
Mountain View, CA  94041



Tiffany Geyer Lydon

174753.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-491-MPT |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 7th day of March, 2007, copies of

**CORDANCE'S RESPONSE TO AMAZON'S FIRST SET OF INTERROGATORIES** were

served upon the following counsel of record at the address and in the manner indicated:


Richard L. Horwitz, Esquire                         HAND DELIVERY
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801


Lynn H. Pasahow, Esquire                         VIA ELECTRONIC MAIL
Fenwick & West LLP
801 California Street
Mountain View, CA  94041

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Adam J. Kessel
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617-646-8000
Fax: 617-646-8646

Dated: March 7, 2007
174754.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of March, 2007, the attached **NOTICE OF SERVICE**

was served upon the below-named counsel of record at the addresses and in the manner

indicated:


Richard L. Horwitz, Esquire                                     <u>HAND DELIVERY</u>
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801

Lynn H. Pasahow, Esquire                                      <u>VIA ELECTRONIC MAIL</u>
Fenwick & West LLP
801 California Street
Mountain View, CA 94041


*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

## Discovery Documents

1:06-cv-00491-MPT Cordance Corporation v. Amazon.com Inc.

MEDIATION, PATENT, PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Lydon, Tiffany on 3/7/2007 at 8:08 PM EST and filed on 3/7/2007

| | |
|---|---|
| **Case Name:** | Cordance Corporation v. Amazon.com Inc. |
| **Case Number:** | 1:06-cv-491 |
| **Filer:** | Cordance Corporation |
| **Document Number:** | 42 |

**Docket Text:**
NOTICE OF SERVICE of Response to Amazon's First Set of Interrogatories by Cordance Corporation. (Lydon, Tiffany)

**1:06-cv-491 Notice has been electronically mailed to:**

Robert M. Abrahamsen    rabrahamsen@wolfgreenfield.com, litigation@wolfgreenfield.com

Michael A. Albert    Malbert@wolfgreenfield.com, dpefine@wolfgreenfield.com, Litigation@wolfgreenfield.com

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Darren E. Donnelly    ddonnelly@fenwick.com

J. David Hadden    dhadden@fenwick.com

Adam J. Kessel    akessel@wolfgreenfield.com, litigation@wolfgreenfield.com

Tiffany Geyer Lydon    tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com

Ryan J. Marton    rmarton@fenwick.com

Gaurav Mathur    gmathur@fenwick.com

David Ellis Moore    dmoore@potteranderson.com, ntarantino@potteranderson.com

Lynn Pasahow    lpasahow@fenwick.com

Saina S. Shamilov    sshamilov@fenwick.com

**1:06-cv-491 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/7/2007] [FileNumber=354066-0]
[1ef91c437ae28abcccc866e0440c7020ea42e77f11fc11775805d2b9888f65f662e17
d1491a31a42375a2554f29dd62eee47d40b16e0db3953cc3ef176a74a98]]

EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORDANCE CORPORATION,            )
                                 )
              Plaintiff,          )
                                 )
      v.                          )      C.A. No. 06-491-MPT
                                 )
AMAZON.COM, INC.,                )
                                 )
              Defendant.          )

**PLAINTIFF CORDANCE'S THIRD SUPPLEMENTAL RESPONSE TO
DEFENDANT AMAZON'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 26(e), Plaintiff Cordance Corporation ("Cordance") supplements its

response to Amazon.com's ("Amazon") Interrogatory Nos. 2, 3, 4, 6, 7, 8, 9 and 11 as follows:


**INTERROGATORY NO. 2**

Separately for each word, term, phrase, limitation, or element of each claim of the '369

Patent and the '710 Patent that you contend needs to be construed, or the construction of which

you contend is relevant to the construction of a claim, state your proposed construction for that

word, term, phrase, limitation, or element and identify all intrinsic and extrinsic evidence in

support of your proposed construction, specifically identifying each reference from the

specification, figures, and the prosecution history, that supports, describes or explains the

meaning your give to each such word, term, phrase, limitation or element and specifically

identifying expert testimony, inventor statements or testimony, dictionary definitions, and

citations to learned treatises, publications, or patents, or other extrinsic evidence explaining in

detail how each cited intrinsic and extrinsic evidence supports your construction, and

specifically identifying each other evidence that is counter to your proposed construction.

**RESPONSE NO. 2**

The specific and general objections set forth in Cordance's original response to this interrogatory served on March 7, 2007 are incorporated herein by reference.   In addition to those responses, Cordance objects to this interrogatory as premature in view of the Amended Scheduling Order entered by the Court on December 11, 2007.  Under that Order, the parties need not identify their proposed construction of claim terms until at least May 30, 2008.

**INTERROGATORY NO. 3**

Separately, for each claim of the '710 Patent which you contend Amazon.com infringes, identify the date of invention you contend such claims should be accorded including the basis for that contention, the date on which you contend such claim was conceived, all documents corroborating such conception, and each person with information relating to such conception, including the substance of such information.

**RESPONSE NO. 3**

The specific and general objections set forth in Cordance's original response to this interrogatory served on March 7, 2007, as well as the substance of that response, are incorporated herein by reference.

In addition to the previously-stated objections, Cordance objects to this interrogatory as premature as a complete response necessarily depends upon the Court's construction of the asserted claims, which construction has not yet been communicated to the parties.  Furthermore, under the Court's Amended Scheduling Order of December 11, 2007, the parties need not exchange proposed construction of claim terms until at least May 30, 2008.

Subject to the forgoing objections, Cordance states that, depending on how the claims of the '710 patent are construed, one or more of such claims may have been conceived as early as November 1, 1993 as evidenced in the document bearing production numbers CORD133393-CORD133406. Cordance expects that conception will be established through at least the testimony of Drummond Reed, as corroborated by certain documents, including the documents included on the accompanying CD and Cordance's privilege log.

In view of ongoing discovery, expert analysis, and case preparation, and/or as a result of learning of the Court's construction of various terms of the claims at issue, Cordance may uncover additional information, documents, and things that evidence conception of the subject matter of one or more claims of the '710 patent. Accordingly, Cordance reserves the right to further amend this response, including production of additional relevant documents, if any such documents are found, pursuant to Fed. R. Civ. P. 33(d).

## INTERROGATORY NO. 4

Separately, for each claim of the '710 Patent which you contend Amazon.com infringes, identify the date you contend such claim was first reduced to practice, the person(s) performing such reduction to practice, each person with information relating to such reduction to practice, including the substance of such information, and identify all facts that you contend support any diligence you exercised in reducing to practice the claimed invention including identification of each document relating to such diligence, each person with information relating to such diligence, including the substance of such information, and the patent application by application serial number in which you contend such claim was

first disclosed in the manner provided by 35 U.S.C. § 112 11; and for all periods between the date of reduction to practice of any claim or invention of the '710 Patent and the actual filing date of filing of such patent application, state the full factual and legal basis for any contention you have that the claimed invention was not abandoned, suppressed, or concealed.

## RESPONSE NO. 4

The specific and general objections set forth in Cordance's original response to this interrogatory served on March 7, 2007, as well as the substance of that response, are incorporated herein by reference.

In addition to the previously-stated objections, Cordance objects to this interrogatory as premature as a complete response necessarily depends upon the Court's construction of the asserted claims, which construction has not yet been communicated to the parties.  Furthermore, under the Court's Amended Scheduling Order of December 11, 2007, the parties need not exchange proposed construction of claim terms until at least May 30, 2008.

Subject to the forgoing objections, Cordance states that, depending of how the claims of the '710 patent are construed, one or more of such claims may have been constructively reduced to practice as early as February 29, 1996, the filing date of U.S. Pat. No. 6,044,205. Cordance expects that diligence in reducing the subject matter of one or more claims or the '710 patent to practice will be established through the testimony of at least Drummond Reed, as corroborated by certain documents, including the documents included on the accompanying CD and Cordance's privilege log.

In view of on-going discovery, expert analysis, and case preparation, and/or as a result of learning of the Court's construction of various terms of the claims at issue,

4

Cordance may uncover additional information, documents, and things that evidence

diligence relating to the subject matter of one or more claims of the '710 patent.

Accordingly, Cordance reserves the right to further amend this response, including

production of additional relevant documents, if any such documents are found, pursuant to

Fed. R. Civ. P. 33(d).


## INTERROGATORY NO. 6

Describe in detail Cordance's contribution, participation, or involvement, whether

direct or indirect, in design, development, testing, management, maintenance and operation

of inames.net website and in design, development and posting of information on the

inames.net website.

## RESPONSE NO. 6

The general objections set forth in Cordance's original response to this interrogatory

served on March 7, 2007 are incorporated herein by reference.   Subject to those objections,

Cordance states that the inames.net website is a collaboration among XDI.Org, Cordance,

NeuStar, and AmSoft Systems.  All four entities have contributed, participated, and been

involved with the website or the posting of information on the website.  The inames.net

website is tested, maintained, and operated by NeuStar.

Cordance has produced documents and will produce additional documents pursuant

to Fed. R. Civ. P. 33(d) from which further information responsive to this interrogatory may

be ascertained.

## INTERROGATORY NO. 7

Describe in detail Cordance's contribution, participation, or involvement, whether direct or indirect, in design, development, testing, generation of description, marketing, and advertisement of services mentioned, described and advertised at or through inames.net website, including, but not limited to Unified Address Book and Contact Service.

## RESPONSE NO. 7

The general objections set forth in Cordance's original response to this interrogatory served on March 7, 2007 are incorporated herein by reference.

Cordance further objects to this interrogatory to the extent that it seeks information duplicative of that sought in Interrogatory No. 6.

Subject to the above general and specific objections, Cordance states that its direct and indirect contribution, participation, and involvement with the OpenID Service, Contact Service, and Forwarding service is described in the Master Software Development & Services Agreement produced as document number CORD123454. Cordance has produced documents and will produce additional documents pursuant to Fed. R. Civ. P. 33(d) from which further information about Cordance's direct and indirect contribution, participation, and involvement with the OpenID Service, Contact Service, and Forwarding service may be ascertained.

Cordance has not directly or indirectly contributed, participated, or been involved with the design, development, or testing of the Unified Address Book Service. Cordance has produced documents and will produce additional documents pursuant to Fed. R. Civ. P. 33(d) from which information about Cordance's involvement in the generation of

description, marketing, and advertisement of the Unified Address Book Service may be ascertained.

## INTERROGATORY NO. 8

For each claim of the Patent-in-suit you contend is infringed in this action, if you contend a written description of such claim is provided in a prior related patent application or patent, state the full basis for your contention why the specification/figure(s) of the prior related patent application or patent provide such written description including all facts supporting such contention and, for every claim limitation state every portion of the specification and or figure(s) of the prior related patent application or patent which you contend provides a written description of such claim limitation and the entire teachings and description you contend such portion(s) provide. If you do not contend any prior related patent application or patent provides a written description of any claim of the Patent-in-suit you contend is infringed, identify such claim(s).

## RESPONSE NO. 8

The specific and general objections set forth in Cordance's original response to this interrogatory served on March 7, 2007, in Cordance's supplemental response served on March 30, 2007, and in Cordance's second supplemental response served on June 4, 2007, as well as the substance of those responses, are incorporated herein by reference.   In addition to those responses, and subject to the stated objections, Cordance further states that depending on how the claims of the '710 patent are construed by the Court, one or more of such claims may be supported by the portions of Application Serial No. 08/609,115 identified in the following chart:

| Claim Limitation | Potential Written Description Support in Application Ser. No. 08/609,115 (depending on claim construction) |
|---|---|
| 1. A computer implemented method comprising: | |
| providing customer data storing information for a customer usable to automatically complete an on-line purchase of an item from a seller; | 13:6-14<br>22:14-19<br>28:15-36:18 |
| providing the customer with information from the seller with respect to an item; | 14:17-15:2<br>22:11-19<br>43:22-46:3<br>46:9-12<br>51:18-53:12<br>54:11-63:17<br>71:12-83:9<br>94:12-96:8 |
| receiving from the customer an indication to initiate a purchase transaction for purchasing the item including metadata associating said customer data with said transaction; | 22:2-23:6<br>91:20-94:1 |
| in response to the received indication, automatically completing the purchase of an item from the seller by processing said metadata associating said customer data so as to complete the purchase transaction. | 4:7-10<br>11:12-17<br>11:20-12:5<br>14:17-15:2<br>20:18-21:1<br>22:2-23:6<br>77:4-7<br>91:20-94:1<br>99:4-6<br>99:12-14 |
| | |
| 2. The computer implemented method of claim 1, wherein the customer data is maintained as an object. | 13:6-14<br>26:17-27:13<br>28:4-13<br>83:11-85:3<br>99:11-12 |
| | |
| 3. The method of claim 1 wherein processing said metadata includes processing said metadata to retrieve at least a portion of said customer data from an associated data store for use in completing the transaction. | 22:2-23:6<br>91:20-94:1 |

| | |
|---|---|
| 5. The method of claim 1 wherein the customer data is retrieved from a computer of the seller. | 27:14-28:3<br>87:17-90:8<br>96:10-97:12 |
| | |
| 7. A computer implemented method comprising: | |
| providing information provider data storing information for an information provider usable to automatically complete a proposed on-line transaction, including metadata associating said information with said transaction; | 13:6-14<br>22:14-19<br>28:15-36:18 |
| providing the information provider with information from an information consumer with respect to a proposed transaction; | 14:17-15:2<br>22:11-19<br>43:22-46:3<br>46:9-12<br>51:18-53:12<br>54:11-63:17<br>71:12-83:9<br>94:12-96:8 |
| receiving from the information provider an indication to complete the proposed transaction; | 22:2-23:6<br>91:20-94:1 |
| in response to the received indication, automatically completing the purchase of an item from the information consumer by accessing the information provider data to retrieve the information and process the retrieved information by processing said metadata associating said information with the proposed transaction so as to complete the proposed transaction. | 4:7-10<br>11:12-17<br>11:20-12:5<br>14:17-15:2<br>20:18-21:1<br>22:2-23:6<br>77:4-7<br>91:20-94:1<br>99:4-6<br>99:12-14 |
| | |
| 8. The method of claim 7 wherein the information provider data is stored in a computer of the information consumer. | 27:14-28:3<br>87:17-90:8<br>96:10-97:12 |
| | |
| 9. The computer implemented method of claim 7, wherein the information provider data is maintained as an object. | 13:6-14<br>26:17-27:13<br>28:4-13<br>83:11-85:3<br>99:11-12 |

## INTERROGATORY NO. 9

Identify all persons involved in the design, development, testing, implementation, and operation of the Unified Address Book and Contact Services along with a full description of such persons' activities and the dates thereof.

## RESPONSE NO. 9

The general objections set forth in Cordance's original response to this interrogatory served on March 7, 2007 are incorporated herein by reference.

Cordance further objects to this interrogatory to the extent that it seeks information duplicative of that sought in Interrogatory No. 6.

Subject to the above general and specific objections, Cordance states that, to the best of its knowledge, employees of AmSoft Systems have been involved in the design, development, testing, implementation, and operation of the Contact Service between about May 1, 2005 and the present.  Employees of Cordance, including Vince Caluori, Drummond Reed, and Lon Wiese, may have communicated with AmSoft systems concerning the design, development, testing, implementation, or operation of the Contact Service from time to time between about May 1, 2005 and the present.  Cordance has produced documents and will produce additional documents pursuant to Fed. R. Civ. P. 33(d) from which information about Cordance's involvement with the Contact Service may be ascertained.

Cordance further states that, to the best of its knowledge, employees of CeLiberate have been involved in the design, development, testing, implementation, and operation of the Unified Address Book Service.  Cordance has not had any involvement with the design, development, testing, implementation, or operation of the Unified Address Book Service.

10

## INTERROGATORY NO. 11

If you contend that the '369 Patent is invalid, explain in detail the factual basis for your contention, including, identifying with particularity each piece of prior art you may rely on to support your contention, each event or disclosure in a reference or publication forming in whole or part the basis for such contention, each person with knowledge of each such event or reference, and all documents relating thereto. If you contend that one or more claims of the '369 Patent is invalid in light of a combination of prior art references, specify with particularity the factual basis supporting your contention that one skilled in the art would have been motivated to combine the teachings of that prior art.

## RESPONSE NO. 11

Cordance objects to this interrogatory as premature as a complete response necessarily depends upon the Court's construction of the asserted claims, which construction has not yet been communicated to the parties. Furthermore, under the Court's Amended Scheduling Order of December 11, 2007, the parties need not exchange proposed construction of claim terms until at least May 30, 2008.

Cordance further objects to this interrogatory as premature as Cordance has not yet sought discovery relating to the validity of the '369 patent due to the pendancy of Cordance's motion to dismiss Amazon's Fourth Counterclaim and Cordance's motion for reconsideration of that motion in view of new evidence.

Subject to the foregoing objections, Cordance states that, depending on how the claims of the '369 patent are construed by the Court, one or more of such claims may be invalid as

anticipated or obvious over the disclosure of one or more of the Cordance patents-in-suit or

other prior art.

ASHBY & GEDDES

_Steven J. Balick (I.D. # 2114)_

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000

Dated: December 21, 2007
186862.1

## JURAT

On behalf of the Plaintiff, I have read the foregoing responses to interrogatories. Said

responses were prepared by or with the assistance of agents, employees, and/or representatives of

Plaintiff and/or others believed to have relevant information, and with the assistance and advice

of counsel, upon which I have relied. The responses set forth herein, subject to inadvertent or

undiscovered errors or omissions, are based on and therefore necessarily limited by the records

and information still in existence, presently recollected, thus far discovered in the course of the

preparation of these responses, and currently available to Plaintiff. Consequently, Plaintiff

reserves the right to make any changes in or additions to any of these responses if it appears at

any time that errors or omissions have been made therein or that more accurate or complete

information has become available. Subject to the limitations set forth herein, the said responses

are true to the best of my present knowledge, information and belief. I certify under penalty of

perjury on behalf of Plaintiff that the foregoing is true and correct.

Signed: _____

      Drummond Reed, CTO
      Cordance Corporation
      3020 Issaquah – Pine Lake Rd. SE, No. 74
      Sammamish, WA 98075

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 21st day of December, 2007, the attached **PLAINTIFF**

**CORDANCE'S THIRD SUPPLEMENTAL RESPONSE TO DEFENDANT AMAZON'S**

**FIRST SET OF INTERROGATORIES** was served upon the below-named counsel of record

at the addresses and in the manner indicated:


Richard L. Horwitz, Esquire                                 <u>HAND DELIVERY</u>
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Lynn H. Pasahow, Esquire                                  <u>VIA ELECTRONIC MAIL</u>
Fenwick & West LLP
801 California Street
Mountain View, CA  94041


_____
Tiffany Geyer Lydon

174753.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-491-MPT |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 21st day of December, 2007, **PLAINTIFF CORDANCE'S THIRD SUPPLEMENTAL RESPONSE TO DEFENDANT AMAZON'S FIRST SET OF INTERROGATORIES** was served upon the following counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                                   HAND DELIVERY
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801


Lynn H. Pasahow, Esquire                                   VIA ELECTRONIC MAIL
Fenwick & West LLP
801 California Street
Mountain View, CA  94041

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000

Dated:  December 21, 2007
174754.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of December, 2007, the attached **NOTICE OF SERVICE** was served upon the below-named counsel of record at the addresses and in the manner indicated:


Richard L. Horwitz, Esquire                                         <u>HAND DELIVERY</u>
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801


Lynn H. Pasahow, Esquire                                          <u>VIA ELECTRONIC MAIL</u>
Fenwick & West LLP
801 California Street
Mountain View, CA  94041



                                             */s/ Tiffany Geyer Lydon*
                                             _____
                                             Tiffany Geyer Lydon

## Discovery Documents

1:06-cv-00491-MPT Cordance Corporation v. Amazon.com Inc.

MEDIATION, PATENT, PaperDocuments


### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Lydon, Tiffany on 12/21/2007 at 5:28 PM EST and filed on
12/21/2007
**Case Name:**          Cordance Corporation v. Amazon.com Inc.
**Case Number:**      1:06-cv-491
**Filer:**              Cordance Corporation
**Document Number:** 94

**Docket Text:**
NOTICE OF SERVICE of Third Supplemental Response to First Set of Interrogatories by Cordance
Corporation.(Lydon, Tiffany)


**1:06-cv-491 Notice has been electronically mailed to:**

Robert M. Abrahamsen      rabrahamsen@wolfgreenfield.com, litigation@wolfgreenfield.com

Michael A. Albert      Malbert@wolfgreenfield.com, dpefine@wolfgreenfield.com,
Litigation@wolfgreenfield.com

Steven J. Balick      sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-
geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com,
rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

John G. Day      jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com,
lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com,
rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Darren E. Donnelly      ddonnelly@fenwick.com

J. David Hadden      dhadden@fenwick.com

Tiffany Geyer Lydon      tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com, nlopez@ashby-
geddes.com

Ryan J. Marton      rmarton@fenwick.com

Gaurav Mathur      gmathur@fenwick.com

David Ellis Moore    dmoore@potteranderson.com, ntarantino@potteranderson.com

Jeffrey C. O'Neill    joneill@wolfgreenfield.com

Lynn Pasahow    lpasahow@fenwick.com

Saina S. Shamilov    sshamilov@fenwick.com

**1:06-cv-491 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=12/21/2007] [FileNumber=494533-0
] [632180252e430170be6c1487c504e042cdb1981eb00bb41c5e0b9afd1bb9c89bf19
532894440a071729c92b71fa10c89d6a458a45bb7872fa02c59d2b0e79211]]

EXHIBIT "F"

Westlaw.

Not Reported in F.Supp.2d                                                                  Page 1
Not Reported in F.Supp.2d, 2003 WL 24054504 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

Nazomi Communications, Inc. v. Arm Holdings
PLC
N.D.Cal.,2003.
Only the Westlaw citation is currently available.NOT
FOR CITATION
United States District Court,N.D. California.
NAZOMI COMMUNICATIONS, INC., Plaintiff,
v.
ARM HOLDINGS PLC, et al., Defendants.
**No. C 02-02521-JF(RS).**

Sept. 3, 2003.

Bernard C. Shek, Cooley Godward LLP, Palo Alto,
CA, for Plaintiff(s).
Robert Taylor, Howrey Simon Arnold & White, LLP,
Menlo Park, CA, for Defendant(s).

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO COMPEL

SEEBORG, Magistrate J.

**I. INTRODUCTION**

**\*1** Defendants ARM Holdings PLC, ARM Ltd., and
ARM, Inc. (collectively, "ARM") move for an order
compelling Plaintiff Nazomi Communications, Inc.
("Nazomi") to provide additional answers to certain
interrogatories propounded by ARM to Nazomi.
ARM also requests that the Court order Nazomi to
produce computer code which ARM contends shows
the structure and operation of Nazomi's products (the
"RTL code"). Nazomi opposes ARM's motion and
contends that it has provided adequate answers in
response to the discovery requests. Nazomi also
argues that the requested information cannot
accurately be determined at this time, is unnecessary,
or is duplicative of what has already been provided to
ARM.

The parties briefed the present motion and appeared
for oral argument on September 3, 2003. Based on all
papers filed to date, as well as on the argument of
counsel, Defendants' motion is granted in part and
denied in part.

**II. BACKGROUND**

Nazomi owns U.S. Patent No. 6,332,215 (the " '215"
patent) entitled "Java Virtual Machine Hardware for
RISC and CISC Processors." The '215 patent was
issued on December 18, 2001. On May 23, 2002,
Nazomi filed suit against ARM alleging infringement
of the '215 patent. ARM counterclaimed, seeking a
declaratory judgment of invalidity and
noninfringement.

ARM now moves for an order compelling further
answers to three discovery requests: (1) Interrogatory
No. 3 asks Nazomi to state the dates on which the
inventors conceived and first reduced to practice the
claimed invention and the factual basis underlying
the dates; (2) Interrogatory No. 7 asks Nazomi to
identify all prior art and for each item to describe the
circumstances under which it first became aware of
each item; and, (3) Interrogatory No. 13 seeks all
bases for Nazomi's assertion that certain Nazomi
devices practice the claimed invention. In addition,
and derivative of Interrogatory No. 13, ARM also
seeks the RTL from Nazomi related to its products.
The parties have met and conferred in an attempt to
resolve these issues, but have been unable to reach an
agreement as to any further responses from Nazomi.

**III. STANDARD**

Discovery analysis starts with the general proposition
that "[p]arties may obtain discovery regarding any
matter, not privileged, that is relevant to the claim or
defense of any party...."Fed.R.Civ.P. 26(b)(1). Upon
a showing of good cause, "the court may order
discovery of any matter relevant to the subject matter
involved in the action."Id.

**IV. ANALYSIS**

A. Dates of the Invention & Reduction to Practice

Interrogatory No. 3 provides: "For each claim of the
'215 patent, state the dates on which the inventors ...
(a) conceived and (b) first reduced to practice the
claimed invention, and describe in detail each and

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 2
Not Reported in F.Supp.2d, 2003 WL 24054504 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

every fact on which you rely as the basis for those dates, including an identification of all documents supporting conception and reduction to practice on those dates and an identification of all persons involved in such conception and reduction to practice."

**\*2** Nazomi responded by stating that the relevant dates are *no later than* December 8, 1998, the date on which the application for the '215 patent was filed. Nazomi also points to certain Bates numbered documents and to specific lines of deposition testimony from the inventors.

ARM argues that "conception of the invention" is relevant because the patent can be deemed invalid if the patent was known or used by others before the invention date. It also argues that the date of reduction to practice is relevant to determine priority between two inventors in an interference proceeding. ARM contends that the "no later than" language is non-responsive.

Nazomi claims that a definitive date of invention cannot be ascertained absent a **claim construction** ruling.[FN1] According to Nazomi, the actual "invention" contained in each claim of the patent-in-suit is not known until Judge Fogel issues the **claims construction** order. Nazomi also contends that the "constructive **reduction** to **practice**" is the date of the application, as stated in its interrogatory response.

> FN1. On April 28, 2003, Judge Fogel held a *Markman* hearing in this action. The claim construction ruling is presently under submission.

The Court finds that Nazomi's response to Interrogatory No. 3 is vague and ambiguous with respect to the date(s) of conception and reduction to practice. Nazomi shall provide the *actual dates* that it is claiming for conception, as well as definitively state a date that it claims it "constructively reduced to practice the claimed invention."In all other respects, the Court finds that Nazomi's response to Interrogatory No. 3 is adequate and complies with the Federal and Local Rules. Therefore, the motion to compel is granted in part and denied in part as to Interrogatory No. 3.

B. Prior Art

Interrogatory No. 7 asks Nazomi to "identify all prior art to the '215 patent (a) presently known to NAZOMI or (b) that has been identified by any other person ... and separately describe as to each such item of prior art the circumstances under which NAZOMI first became aware thereof, including the date upon which NAZOMI first became aware thereof."

ARM argues that this interrogatory is relevant because knowledge of prior art and a failure to disclose such prior art could amount to inequitable conduct before the PTO. Although Nazomi has identified prior art references, it apparently has not set forth the date and circumstances under which it first became aware of the prior art. Rather, it has set forth the latest possible date it learned of the prior art.

Nazomi claims that this interrogatory is overbroad and seeks irrelevant information. Nazomi argues that prior art knowledge is not relevant company-wide. Rather, only knowledge on the part of the named inventors, other members of the applicant group and those involved in the prosecution of the '215 patent, is relevant to an inequitable conduct claim.

The Court finds that, as phrased, the interrogatory is over-broad and requests irrelevant information. Therefore, the Court narrows Interrogatory No. 7 to knowledge on the part of only the following people: (1) the named inventors; (2) the '215 patent applicants; and (3) the '215 patent prosecutors. As narrowed, the Court finds the interrogatory proper and grants ARM's motion to compel Nazomi's answer to Interrogatory No. 7.

C. Information about Nazomi Products

**\*3** In addition to owning the patent-in-suit, Nazomi claims that certain of its own products embody the claims of the '215 patent ("embodying products"). ARM requests all bases for Nazomi's assertion that its embodying products in fact practice the patented claims. Specifically, ARM seeks a Patent L.R. 3-1 claim chart related to the embodying products. Nazomi claims that this information is relevant to show validity, lost profits, and a reasonable royalty. The commercial success of embodying technology can be used by a patent infringement plaintiff to defeat a claim that a patent is invalid for obviousness.[FN2]

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 24054504 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

FN2."The ultimate determination of whether an invention would have been obvious is a legal conclusion based on the totality of the evidence including underlying factual inquiries such as: (1) the scope and content of the prior art; (2) the level of ordinary skill in the prior art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of nonobviousness." *Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.,* 229 F.3d 1120, 1124 (Fed.Cir.2000). As for the fourth prong, objective indicia of nonobviousness exist when a patent holder's embodying technology is commercially successful. "A nexus between commercial success and the claimed features is required. However, if the marketed product embodies the claimed features, and is coextensive with them, then a nexus is presumed and the burden shifts to the party asserting obviousness to present evidence to rebut the presumed nexus." *Id.* at 1130.

Nazomi has responded by serving a claim chart that ARM argues is "deficient." ARM contends that Nazomi failed to "identify specifically where any claim limitations can be found in Nazomi's products" and that the chart fails to "contain any supporting references to Nazomi's RTL, as requested." ARM also argues that the claim chart is deficient because it does not go beyond claim one of the '215 patent and that it only covers Nazomi's JSTAR product even though Nazomi claims that its JA108 product also embodies claims of the patent-in-suit.

Nazomi argues that it cannot be expected to prepare detailed claim charts for all of the embodying products and that ARM should be expected to engage in its own analysis of whether the Nazomi products embody the '215 patent. Nazomi claims that it has already given ARM sufficient product information to make such an independent analysis. Accordingly, it should not be forced to supplement the claim charts or produce the RTL code.

Pursuant to Patent L.R. 3-1(f), if a plaintiff wishes to assert that its own product practices the claimed invention, it must identify the products which practice each claim. However, a detailed claim chart

is not required. Therefore, the Court orders Nazomi to produce the RTL code, as well as to identify any and all documents it claims support its contention that its products embody the '215 patent.FN3Nazomi is not required to prepare a claim chart for its embodying products. The motion to compel further answers to Interrogatory No. 13 is granted in part and denied in part.

FN3. To the extent that Nazomi objects to the disclosure of the RTL code on the basis of its competitive sensitivity, that concern can be addressed by ascribing to the code the most rigorous level of confidential status under the protective order in force in this case.

V. CONCLUSION

Based on the foregoing, it is hereby ORDERED:

(1) In response to Interrogatory No. 3, Nazomi shall provide the *actual dates* that it is claiming for conception and reduction to practice (or "constructive reduction");

(2) In response to Interrogatory No. 7, Nazomi shall provide its response based solely on the knowledge of the following people: (1) the named inventors; (2) the '215 patent applicants; and (3) the '215 patent prosecutors;

(3) In response to Interrogatory No. 13, Nazomi shall produce the RTL code, as well as identify any and all documents it claims support its contention that its products embody the '215 patent. Nazomi is not required to prepare a claim chart for its allegedly embodying products; and,

(4) Nazomi's further responses to Interrogatory Nos. 3, 7, and 13 shall be provided to ARM within twenty (20) days of the date of this Order.

**4** IT IS SO ORDERED.

N.D.Cal.,2003.
Nazomi Communications, Inc. v. Arm Holdings PLC
Not Reported in F.Supp.2d, 2003 WL 24054504 (N.D.Cal.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2003 WL 24054504 (N.D.Cal.)

**(Cite as: Not Reported in F.Supp.2d)**

Page 4

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.