# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 28, 2008

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re:    *Cordance Corp. v. Amazon.com, Inc.*,
C.A. No. 06-491-MPT

Dear Judge Thynge:

Cordance scheduled this conference to address Amazon's refusal to provide much needed discovery, as outlined in Cordance's letter brief of March 27, 2008 (D.I. 124). Cordance now submits this letter brief in response to the letter submitted by Amazon on March 27, 2008 (D.I. 125) concerning a purported "refusal" by Cordance to respond to certain contention interrogatories.

## I.    Cordance's Infringement Contentions

Cordance provided Amazon with a claim chart that specifies its infringement contentions with respect to the Feedback System in considerable detail. (See Cordance's 3/27/08 letter (D.I. 124), Ex. F). Cordance has also agreed to supply infringement contentions for the S3 system once a protective order issue raised by Amazon (discussed below) has been resolved. Amazon nevertheless asserts that Cordance has inadequately articulated its infringement contentions for the current stage of the litigation. Cordance has also repeatedly expressed its willingness to update its responses to give Amazon even more detail once Amazon has provided it with the discovery needed to do so.

### A.    S3 System

On February 8, 2008, two of Cordance's lawyers attended the deposition of a former Amazon employee, David Barth, who was a product manager for the S3 System before he left the company. Some information was gleaned at that deposition that bears on the manner in which the S3 System infringes Cordance's '205 patent.[1] By refusing to negotiate a resolution to a protective order issue that Amazon raised prior to that deposition, however, Amazon has precluded Cordance from consulting with its lawyers, and vice versa, with respect to preparing the very infringement contentions Amazon now demands. As outlined below, Cordance has made several attempts in recent months to resolve this matter so that it *could* fully respond to Amazon's interrogatory. Until just recently, however, Amazon has ignored Cordance's attempts to resolve the issue. Cordance will promptly respond to the interrogatory once the protective order issue has been resolved.

---

[1] Cordance was forced to take that deposition without a single document from Amazon relating to the S3 system as Amazon has refused to produce such materials.

The Honorable Mary Pat Thynge
March 28, 2008
Page 2

Just days before the deposition was scheduled to begin, and after having already been delayed by nearly a month,[2] Amazon expressed a concern with the prosecution bar provision in the existing Protective Order, and insisted that the "parties must amend the protective order" before the deposition could take place. (See Cordance's 3/27/08 letter (D.I. 124), Ex. G). So as to avoid rescheduling the deposition once again, Cordance agreed that the lawyers who attended the deposition would be bound by the broad prosecution bar provisions Amazon had proposed, but *only* until the parties were able to reach an agreement with respect to the protective order issue or seek intervention from the Court should they be unable to reach an agreement. (Id.).

Shortly after the deposition was concluded (on February 20, 2008), Cordance conferred with Amazon about the protective order issue, and Amazon agreed to formulate a narrower proposal of "Amazon.com's technologies" for the purpose of the prosecution bar and to communicate the same to Cordance. (Ex. 4). Several weeks later (on March 14, 2008), Cordance reached out to Amazon to check on the status of their promised proposal. (Id.) Cordance received no response to that inquiry.

On February 25, 2008, Cordance contacted Amazon to request an extension of time to respond to the interrogatories at issue here because Cordance's lawyers had not yet been able to consult with their client concerning the information they had learned about the S3 system at the February 8 deposition since the protective order issue had not yet been resolved. (Ex. 5). Amazon, however, indicated that it would consent to such an extension only if Cordance agreed to a number of untenable conditions. (Id.) Cordance nonetheless answered the interrogatories as fully as it could, and stated its objection to responding with respect to the S3 System until after we could consult with our client on the topic. (See Amazon's 3/27/08 letter, Ex. B at 3).

Amazon took no further steps to resolve the protective order issue until after Cordance had requested the present hearing with the Court. As Cordance has indicated repeatedly, Cordance will promptly update its response to this interrogatory once the outstanding protective order issue, of Amazon's own creation, is resolved.

**B.    Feedback System**

Put simply, it is impossible for Cordance to provide Amazon with the level of specificity Amazon desires **because Amazon has refused to give Cordance any materials that describe the inner workings of the Feedback System**. Cordance has already provided Amazon with a claim chart that specifies its infringement contentions with respect to the Feedback System in considerable detail. (See Cordance's 3/27/08 letter (D.I. 124), Ex. F). Cordance has committed to update that interrogatory response, moreover, once Amazon has supplied Cordance with materials it needs to do so. Until Cordance receives such information, its hands are tied.

Amazon's claim that Cordance has provided it with insufficient information about the accused Feedback System to allow it to collect and produce relevant documents is disingenuous. As noted in Cordance's March 28 letter (D.I. 90 at 2), **Amazon has indicated it has already**

---

[2] Shortly before the date that deposition was originally scheduled to take place (i.e., January 11, 2008), Amazon informed Cordance that it would be representing Barth (Ex. 1), and that, in spite of the witness's availability, the deposition had to be rescheduled due to an "attorney scheduling conflict." (Exs. 2 & 3). Cordance was subsequently informed that the witness (who had said he was available) was "out of town" until February 3. (Ex. 3). The deposition was ultimately rescheduled for the February 8, 2008 date.

collected the requested information, but is simply refusing to turn it over because it believes
it may be able to hold some of it back. In any event, it would be a relatively simple matter to
identify and produce documents sufficient to show how feedback information is acquired by and
moved about Amazon's computer system. On multiple occasions, Cordance has even identified
a particular internet URL (www.amazon.com/feedback) that can be accessed by a user to leave
such feedback information. (See Cordance's March 28, 2008 letter (D.I. 124), Ex. A at 40).
Amazon should be ordered to produce the requested information immediately so this case can get
back on track. Details of how Amazon infringes plainly cannot be provided until Amazon turns
over the documents showing how its system works.

## II.    Conception and Reduction to Practice of the '710 Patent Claims

In response to Amazon's interrogatories concerning conception and reduction to practice
of the claims of the '710 patent, Cordance provided a detailed response, including (1) a
document dated November 1, 1993 (the "1993 disclosure"), (2) a patent application filed on
February 29, 1996 that led to Cordance's '205 patent ("the '205 application"), and (3) a CD
containing 920 pages of materials relating to work done by Cordance in connection with various
features disclosed in the '205 application in the 1995-96 time period. (Amazon's 3/27/08 letter
(D.I. 125), Ex. G at 3-4).

The November 1, 1993 document and the '205 patent application both disclose several
concepts relating to on-line product ordering. In its interrogatory response, Cordance informed
Amazon that, depending on how the claims of the '710 patent are construed, the conception date of
one or more of them may be as early as November 1, 1993 as established by the 1993 disclosure.
Cordance further informed Amazon that, depending on how they are construed, one or more of
those claims may have been constructively reduced to practice as early as February 29, 1996
through the filing of the '205 application. Furthermore, in response to Amazon's interrogatory
number 8, Cordance specifically set forth the pages and line numbers, both for the '205 application
and for each of Cordance's subsequently filed patent applications, at which written description
support for the claims of the '710 patent may be found, again depending on how the claims are
construed. (Id. at 7-9; Ex. 6 at 1-4).

Because determinations concerning conception and reduction to practice necessarily
involve an assessment relating to the "invention" at issue, i.e., what is claimed, the scope of the
claims being analyzed must be delimited before such determinations may properly be made.
Trovan, LTD v. Sokymat SA, 299 F.3d 1292, 1302 (Fed. Cir. 2002) ("an inventorship analysis,
like an infringement or invalidity analysis, begins as a first step with a construction of each
asserted claim to determine the subject matter encompassed thereby"); Intern'l Rectifier Corp. v.
IXYS Corp., 361 F.3d 1363, 1377 (Fed. Cir. 2004) (analyzing conception in view of properly
determined claim scope); Boston Scientific Corp. v. Johnson & Johnson, 481 F.2d 1018, 1024
(N.D. Cal. 2007) (concluding that a different claim construction required a different analysis
with respect to reduction to practice).

Cordance has thus fully disclosed *what* was conceived and *what* was constructively
reduced to practice as of the November 1, 1993 and February 29, 1996 dates of the referenced
documents. The only question that remains is *whether* the claims, **as properly construed**,
encompass those things. If they do, then Cordance will be able rely upon them to establish dates
of conception and reduction to practice. If they do not, then Cordance will not be able to rely
upon them. Cordance cannot now state, however, whether it will be able to rely on those dates
because the Court has not yet construed the claims.

The Honorable Mary Pat Thynge
March 28, 2008
Page 4

Respectfully,

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

TGL/dmf
Attachments

cc:   Richard L. Horwitz, Esquire (by hand and via electronic mail; w/attachments)
       Lynn H. Pasahow, Esquire (via electronic mail; w/attachments)
       Michael A. Albert, Esquire (via electronic mail; w/attachments)

# EXHIBIT 1

## Abrahamsen, Robert

**From:** Saina Shamilov [sshamilov@fenwick.com]
**Sent:** Monday, January 07, 2008 4:29 PM
**To:** Abrahamsen, Robert
**Cc:** Darren Donnelly
**Subject:** Cordance/Amazon.com: Dave Barth

Bob,

As you now now, Fenwick & West represents Dave Barth. Please direct all communications regarding Mr. Barth's deposition directly to me. I will be in touch shortly about working out the scheduling of the deposition.

Regards,
Saina



**SAINA SHAMILOV**
Fenwick & West LLP
Associate, Litigation Group
☎ (650) 335-7694
🖨 (650) 938-5200
✉ sshamilov@fenwick.com

------------------------------------------

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

------------------------------------------

ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

# EXHIBIT 2

## Abrahamsen, Robert

**From:**   Dave Barth [barth@google.com]
**Sent:**   Monday, January 07, 2008 2:49 PM
**To:**   Abrahamsen, Robert
**Cc:**   Saina Shamilov
**Subject:** Re: Cordance Corp. v. Amazon.com — Deposition Subpoena

Hi Robert,
I'm planning on being there at the time and place requested.  Saina Shamilov, copied, is acting as my attorney.

regards,
dave

On Jan 7, 2008 11:04 AM, Robert Abrahamsen < Robert.Abrahamsen@wolfgreenfield.com> wrote:
Hi David,

I'm an attorney with Wolf, Greenfield & Sacks, the law firm that recently served you with a deposition subpoena in connection with the ongoing litigation between Cordance Corp. and Amazon.com.  The deposition date identified in the subpoena is this coming Friday, 1/11/08.  Since I had not yet heard from you (or from an attorney on your behalf), I thought I would drop you a quick note to check on scheduling, etc.  If the time, date or place we chose for the deposition is at all inconvenient for you, we are happy to work with you to make more suitable arrangements.  Please contact me at your earliest convenience to discuss this further.

Thanks,
Bob Abrahamsen

**Robert M. Abrahamsen**
rabrahamsen@wolfgreenfield.com
direct dial 617.646.8256
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000 | 617.646.8646 fax
*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

# EXHIBIT 3

**Abrahamsen, Robert**

| | |
|---|---|
| **From:** | Abrahamsen, Robert |
| **Sent:** | Friday, January 11, 2008 9:47 AM |
| **To:** | 'Saina Shamilov' |
| **Cc:** | Albert, Michael; O'Neill, Jeffrey C. |
| **Subject:** | RE: Cordance/Amazon |

Okay.  We'll plan on starting at 9:00am on Feb. 8th at the location specified in the
subpoena.

-----Original Message-----
From: Saina Shamilov [mailto:sshamilov@fenwick.com]
Sent: Friday, January 11, 2008 1:08 AM
To: Abrahamsen, Robert
Subject: RE: Cordance/Amazon

February 8 works with our schedules.


-----Original Message-----
From: Robert Abrahamsen [mailto:Robert.Abrahamsen@WolfGreenfield.com]
Sent: Thu 1/10/2008 4:46 PM
To: Saina Shamilov
Cc: Darren Donnelly; Albert, Michael; O'Neill, Jeffrey C.
Subject: FW: Cordance/Amazon

Saina - We have received no response to our e-mails of Tuesday and this afternoon asking
if February 8 will work as a rescheduled date for this deposition.  Please advise.

Thanks,
Bob

-----Original Message-----
From: Abrahamsen, Robert
Sent: Thursday, January 10, 2008 1:23 PM
To: Saina Shamilov
Cc: Darren Donnelly; Albert, Michael; O'Neill, Jeffrey C.
Subject: FW: Cordance/Amazon


 Saina - Please let us know ASAP whether Feb. 8 will work. Thanks, Bob

-----Original Message-----
From: Abrahamsen, Robert
Sent: Tuesday, January 08, 2008 4:34 PM
To: 'Saina Shamilov'
Cc: O'Neill, Jeffrey C.; Albert, Michael; Darren Donnelly
Subject: RE: Cordance/Amazon

How about Friday, Feb. 8?

-----Original Message-----
From: Saina Shamilov [mailto:sshamilov@fenwick.com]
Sent: Tuesday, January 08, 2008 4:31 PM
To: Abrahamsen, Robert
Cc: O'Neill, Jeffrey C.; Albert, Michael; Darren Donnelly
Subject: RE: Cordance/Amazon


Bob - the witness is out of town until February 3rd, so your proposed
date does not work with his schedule.  Does any other Friday in February
or March work for your team?

1

Regards,
Saina


Saina Shamilov | 650.335.7694
Fenwick & West LLP

-----Original Message-----
From: Robert Abrahamsen [mailto:Robert.Abrahamsen@WolfGreenfield.com]
Sent: Tuesday, January 08, 2008 7:10 AM
To: Saina Shamilov
Cc: O'Neill, Jeffrey C.; Albert, Michael; Darren Donnelly
Subject: RE: Cordance/Amazon

Saina - As Mr. Barth is being deposed as an individual, and not as a
30(b)(6) witness, it is hard to imagine that much "preparation" will be
necessary. In addition, last I checked, there were six attorneys from
your firm alone who had entered an appearance in this case and you were
served with the deposition notice and subpoena to Mr. Barth nearly a
month ago.

We are always willing to make accommodations for the convenience of
witnesses and as a professional courtesy are generally amenable to
adjusting dates, times, etc. for legitimate attorney conflicts.
Suggesting an extension of 3+ weeks without articulating at least some
reason for that request, however, seems unreasonable to us.

That said, we will give you the benefit of the doubt this time and
assume that you have checked with the witness and determined that he is
unavailable at any time in January. Per your suggestion below, can we
proceed on the first Friday in February (i.e., Friday, Feb. 1)?

Please let us know ASAP.

Thanks,
Bob


-----Original Message-----
From: Saina Shamilov [mailto:sshamilov@fenwick.com]
Sent: Monday, January 07, 2008 7:30 PM
To: Abrahamsen, Robert
Cc: O'Neill, Jeffrey C.; Albert, Michael; Darren Donnelly
Subject: RE: Cordance/Amazon


In addition to Mr. Barth not being aware that his preparation schedule
must be scheduled as well, there is an attorney scheduling conflict.

Regards,
Saina


Saina Shamilov | 650.335.7694
Fenwick & West LLP

-----Original Message-----
From: Robert Abrahamsen [mailto:Robert.Abrahamsen@WolfGreenfield.com]
Sent: Monday, January 07, 2008 4:05 PM
To: Saina Shamilov
Cc: O'Neill, Jeffrey C.; Albert, Michael
Subject: RE: Cordance/Amazon

Mr. Barth's e-mail earlier today indicated he was available to attend as
scheduled on Friday.  Why can the deposition not proceed then?

2

```
-----Original Message-----
From: Saina Shamilov [mailto:sshamilov@fenwick.com]
Sent: Mon 1/7/2008 6:36 PM
To: Abrahamsen, Robert
Cc: Darren Donnelly
Subject: Cordance/Amazon
```

Bob,

David Barth's deposition has to be rescheduled.  He is generally
available in February and March on Fridays.  Please propose alternative
days that work for your team.  In addition, please produce all
correspondence with Google, Inc. or other parties regarding Mr. Barth's
deposition.

Regards,
Saina

   <http://www.fenwick.com/>
Saina Shamilov
Fenwick & West LLP <http://www.fenwick.com/>
Associate, Litigation Group
          (650) 335-7694
          (650) 938-5200
          sshamilov@fenwick.com
--------------------------------------------
IRS Circular 230  Disclosure:  To ensure compliance with requirements
imposed by the IRS, we inform you that any U.S. federal tax advice in
this communication (including attachments) is not intended or written by
Fenwick & West LLP to be used, and cannot be used, for the purpose of
(i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing, or recommending to another party any transaction
or matter addressed herein.
--------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and
confidential.  It is intended to be read only by the individual or
entity to whom it is addressed or by their designee. If the reader of
this message is not the intended recipient, you are on notice that any
distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify
the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and
delete or destroy any copy of this message.

# EXHIBIT 4

**Abrahamsen, Robert**

| | |
|---|---|
| **From:** | Abrahamsen, Robert |
| **Sent:** | Friday, March 14, 2008 1:45 PM |
| **To:** | 'Saina Shamilov' |
| **Cc:** | Albert, Michael; O'Neill, Jeffrey C. |
| **Subject:** | RE: Cordance v. Amazon: Protective Order |

Saina - Just a reminder that we're still waiting to hear from you concerning the
protective order issue you raised prior to the Barth deposition. When we spoke on February
20, you agreed to confer with your client in an effort come up with a narrower definition
of "Amazon.com's technologies" in section 4(a)(i) that would focus on those aspects of the
accused technologies that Amazon considers to be particularly proprietary. We look forward
to hearing from you soon.  Thanks, Bob

-----Original Message-----
From: Saina Shamilov [mailto:sshamilov@fenwick.com]
Sent: Friday, February 15, 2008 8:14 PM
To: Abrahamsen, Robert
Subject: RE: Cordance v. Amazon: Protective Order


I will talk to you then.


Saina Shamilov | 650.335.7694
Fenwick & West LLP

-----Original Message-----
From: Robert Abrahamsen [mailto:Robert.Abrahamsen@WolfGreenfield.com]
Sent: Friday, February 15, 2008 5:09 PM
To: Saina Shamilov
Subject: RE: Cordance v. Amazon: Protective Order

How about Wednesday at 2pm Eastern?


-----Original Message-----
From: Saina Shamilov [mailto:sshamilov@fenwick.com]
Sent: Fri 2/15/2008 7:55 PM
To: Abrahamsen, Robert
Cc: Ryan Marton; Darren Donnelly; Albert, Michael; O'Neill, Jeffrey C.
Subject: RE: Cordance v. Amazon: Protective Order

Bob, sure.  What day did you have in mind?

Saina Shamilov | 650.335.7694
Fenwick & West LLP

---

From: Robert Abrahamsen [mailto:Robert.Abrahamsen@WolfGreenfield.com]
Sent: Friday, February 15, 2008 12:46 PM
To: Saina Shamilov
Cc: Ryan Marton; Darren Donnelly; Albert, Michael; O'Neill, Jeffrey C.
Subject: RE: Cordance v. Amazon: Protective Order


Saina - Can we schedule a time next week to discuss this protective
order issue?

---

1

From: Saina Shamilov [mailto:sshamilov@fenwick.com]
Sent: Tuesday, February 05, 2008 12:07 PM
To: Abrahamsen, Robert
Cc: Ryan Marton; Darren Donnelly; Albert, Michael; O'Neill,
Jeffrey C.
Subject: RE: Cordance v. Amazon: Protective Order


Bob, this is acceptable to us.  Please confirm that you would
like to start Mr. Barth deposition at 9 am on Friday.

Regards,
Saina

Saina Shamilov | 650.335.7694
Fenwick & West LLP

---

From: Robert Abrahamsen
[mailto:Robert.Abrahamsen@WolfGreenfield.com]
Sent: Monday, February 04, 2008 1:10 PM
To: Saina Shamilov
Cc: Ryan Marton; Darren Donnelly; Albert, Michael; O'Neill,
Jeffrey C.
Subject: RE: Cordance v. Amazon: Protective Order


Yes, with the understanding that any prosecution bar that
applies in the interim will be replaced by the bar articulated in the
modified protective order that is ultimately entered, once we agree upon
suitable language or the Court resolves any remaining disagreement.

---

From: Saina Shamilov [mailto:sshamilov@fenwick.com]
Sent: Monday, February 04, 2008 4:00 PM
To: Abrahamsen, Robert
Cc: Ryan Marton; Darren Donnelly; Albert, Michael;
O'Neill, Jeffrey C.
Subject: RE: Cordance v. Amazon: Protective Order


Bob,

Are you willing to agree to the prosecution bar
provision as proposed by me last week (attached for your convenience)
for the purposes of the deposition and until the Court enters an order
modifying the existing protective order?

Regards,
Saina

Saina Shamilov | 650.335.7694
Fenwick & West LLP

---

From: Robert Abrahamsen
[mailto:Robert.Abrahamsen@WolfGreenfield.com]
Sent: Monday, February 04, 2008 12:43 PM
To: Saina Shamilov
Cc: Ryan Marton; Darren Donnelly; Albert, Michael;

O'Neill, Jeffrey C.
Subject: FW: Cordance v. Amazon: Protective Order
Importance: High


        Saina - We have reviewed your proposed modifications to
the protective order and, unfortunately, cannot agree to them as
written. The new definitions of Amazon's "technology" you have proposed
are extremely broad and the resulting restrictions would be unworkable
to some members of our team. Your proposed restrictions would appear to
effectively preclude members of our team from working on any patent
applications relating in any way to web-accessible storage systems or
web-based feedback collection systems. To that we cannot agree.  We
would, however, be willing to consider a more restrictive definition of
Amazon's technology if you can propose a significantly narrower
definition and justify why such a restriction would be required.  Can we
schedule a time to discuss this further?

        With respect to this Friday's deposition, we would be
willing to agree that the additional provisions you proposed will apply
to the testimony taken at the deposition, but only until the Court
enters an order modifying the existing protective order to address your
concerns (hopefully as a result of an agreement between the parties).
Thereafter, only the provisions of the modified protective order will
govern. Will that approach be acceptable to you?

        Regards,
        Bob

--------------------------------

        From: Saina Shamilov [mailto:sshamilov@fenwick.com]
        Sent: Thursday, January 31, 2008 1:13 PM
        To: O'Neill, Jeffrey C.
        Cc: Ryan Marton; Darren Donnelly
        Subject: Cordance v. Amazon: Protective Order


        Jeff,

        In light of Cordance's newly asserted claims, the
parties must amend the protective order to accurately identify
Amazon.com's technology at issue in this case.  Attached please find our
proposed changes to the protective order (see paragraph 4).  Please let
me know whether this is acceptable to Cordance so that we can get the
amended protective order issued before Mr. Barth's deposition.

        Thank you,
        Saina


        <http://www.fenwick.com/>
Saina Shamilov
Fenwick & West LLP <http://www.fenwick.com/>
Associate, Litigation Group
        (650) 335-7694
        (650) 938-5200
        sshamilov@fenwick.com


        P Please consider the environment before printing this
e-mail
        --------------------------------------------
        IRS Circular 230  Disclosure:  To ensure compliance with
requirements imposed by the IRS, we inform you that any U.S. federal tax
advice in this communication (including attachments) is not intended or
written by Fenwick & West LLP to be used, and cannot be used, for the

purpose of (i) avoiding penalties under the Internal Revenue Code or
(ii) promoting, marketing, or recommending to another party any
transaction or matter addressed herein.
               ---------------------------------------------
               ATTENTION:
               The information contained in this message may be legally
privileged and confidential.  It is intended to be read only by the
individual or entity to whom it is addressed or by their designee. If
the reader of this message is not the intended recipient, you are on
notice that any distribution of this message, in any form, is strictly
prohibited.

               If you have received this message in error, please
immediately notify the sender and/or Fenwick & West LLP by telephone at
(650) 988-8500 and delete or destroy any copy of this message.

# EXHIBIT 5

## Abrahamsen, Robert

**From:**    Ryan Marton [RMarton@fenwick.com]
**Sent:**    Tuesday, February 26, 2008 9:06 PM
**To:**      Abrahamsen, Robert
**Cc:**       Saina Shamilov; Albert, Michael; O'Neill, Jeffrey C.; Darren Donnelly
**Subject:** RE: Interrogatory Responses

Bob,

This is fine but I think the parties should come to agreement on a number of reciprocal courtesies.  In return for agreeing to this extension and Amazon.com's agreement to identify the entity responsible for the implementation of S3 and agreement to the amendment to join that entity in this lawsuit, Amazon.com requests the following:

1) a two week extension for responding to Cordance's Third Set of Interrogatories;
2) an agreement to accept service on behalf of Mushero and Heyman (note that absent an agreement on this we will be forced to proceed under 28 U.S.C. section 1783(a) which will be time consuming and costly for both parties but ultimately Amazon.com will obtain the discovery); and
3) an identification of the corporate entity responsible for design, development and offering of the Unified Address Book.

Please let me know your position on this.

Regards,
Ryan

---

**From:** Robert Abrahamsen [mailto:Robert.Abrahamsen@WolfGreenfield.com]
**Sent:** Tuesday, February 26, 2008 4:26 PM
**To:** Ryan Marton
**Cc:** Saina Shamilov; Albert, Michael; O'Neill, Jeffrey C.
**Subject:** FW: Interrogatory Responses

Ryan - We have received no response to our request below.  Please advise.  Thanks, Bob

---

**From:** Abrahamsen, Robert
**Sent:** Tuesday, February 26, 2008 3:13 PM
**To:** 'Saina Shamilov'
**Cc:** Albert, Michael; O'Neill, Jeffrey C.
**Subject:** FW: Interrogatory Responses

Saina - Please advise as to whether Amazon will agree to the extension requested below.  Thanks, Bob

---

**From:** Abrahamsen, Robert
**Sent:** Monday, February 25, 2008 1:35 PM
**To:** 'Saina Shamilov'; Ryan Marton
**Cc:** Albert, Michael; O'Neill, Jeffrey C.; Darren Donnelly
**Subject:** RE: Interrogatory Responses

Because the scope of the prosecution bar relating to information about the S3 system is unsettled at this point, we have not yet been able to consult with our client concerning its position with respect to that system based upon information acquired at the recent deposition of David Barth.

3/28/2008

**From:** Saina Shamilov [mailto:sshamilov@fenwick.com]
**Sent:** Monday, February 25, 2008 1:02 PM
**To:** Abrahamsen, Robert; Ryan Marton
**Cc:** Albert, Michael; O'Neill, Jeffrey C.; Darren Donnelly
**Subject:** RE: Interrogatory Responses

Bob,

Can you please elaborate on how the outstanding protective order issues affect Cordance's interrogatory responses as the accused Cordance's technology has not changed and will not change in the amended protective order.

Thanks,
Saina

**Saina Shamilov | 650.335.7694**
**Fenwick & West LLP**

---

**From:** Robert Abrahamsen [mailto:Robert.Abrahamsen@WolfGreenfield.com]
**Sent:** Monday, February 25, 2008 9:58 AM
**To:** Ryan Marton; Saina Shamilov
**Cc:** Albert, Michael; O'Neill, Jeffrey C.
**Subject:** Interrogatory Responses

Ryan & Saina - We're writing to request a two-week extension of the deadline for responding to Amazon's Third Set of Interrogatories. Part of the reason we need an extension is that we have not yet worked out the protective order issue. Will you agree to extend the deadline until March 12? That should give us ample time provided you get back to us with a suitable proposal concerning the issue you raised with protective order in the next several days.

Thanks,
Bob

**Robert M. Abrahamsen**
rabrahamsen@wolfgreenfield.com
direct dial 617.646.8256
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000 | 617.646.8646 fax
*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

---

ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity

to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORDANCE CORPORATION,       )
                                  )
          Plaintiff,       )
                                  )
      v.                 )      C.A. No. 06-491-MPT
                                  )
AMAZON.COM, INC.,         )
                                  )
         Defendant.     )

## CORDANCE'S SECOND SUPPLEMENTAL RESPONSE
## TO AMAZON'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 26(e), Plaintiff Cordance Corporation ("Cordance") supplements its

response to Amazon.com's ("Amazon") Interrogatory No. 8 as follows:

INTERROGATORY NO. 8

For each claim of the Patent-in-suit you contend is infringed in this action, if you contend

a written description of such claim is provided in a prior related patent application or patent, state

the full basis for your contention why the specification/figure(s) of the prior related patent

application or patent provide such written description including all facts supporting such

contention and, for every claim limitation state every portion of the specification and or figure(s)

of the prior related patent application or patent which you contend provides a written description

of such claim limitation and the entire teachings and description you contend such portion(s)

provide. If you do not contend any prior related patent application or patent provides a written

description of any claim of the Patent-in-suit you contend is infringed, identify such claim(s).

ANSWER NO. 8

The specific and general objections set forth in Cordance's original response to this Interrogatory and Cordance's supplemental response to this Interrogatory, as well as the substance of those responses, are incorporated herein by reference. Cordance objects that responding to this interrogatory is premature inasmuch as claim construction of the '710 patent has not yet occurred and the scheduling order contemplates that expert disclosures and discovery need not be completed until many months from now. How one of ordinary skill in the art would conclude that relevant claims of the '710 patent are supported by the disclosures of particular patent application may depend in part on such claim construction and upon an assessment of the knowledge, skill level, and understanding of one of ordinary skill in the art. Accordingly, Cordance reserves the right to supplement this response at an appropriate time. Subject to the specific and general objections stated in this and prior responses, Cordance further states that support for the various limitations of the relevant claims of the '710 patent can be found within the disclosure of each of U.S. Patent Applications Ser. Nos. 08/722,314, 09/143,888, 09/570,675, and 10/068,341, without limitation, within at least the abstract, the textual description provided on at least the pages and line numbers specified in the table below, and at least the figures referenced therein. In addition, contextual and background information concerning the claimed invention can be found in the system overview, basic data structures, and/or basic system processes described on page 19, line 6 to page 69, line 5 of the disclosure, and at various other places throughout the disclosure, and thus may provide further support for the claims of the '710 patent. Examples of where such written description support may be found include, but are not limited to, the page and line numbers specified in the table below.

2

| Claim Limitation | Examples of Where Written Description Support May Be Found |
|---|---|
| 1. A computer implemented method comprising: | |
| providing customer data storing information for a customer usable to automatically complete an on-line purchase of an item from a seller; | 73:25-76:5<br>79:10-20<br>104:14-22<br>112:1-122:9<br>142:21-145:3<br>157:15-160:27<br>164:25-166:1<br>197:4-203:22 |
| providing the customer with information from the seller with respect to an item; | 70:18-75:15<br>104:13-111:27<br>122:10-123:2<br>160:28-163:8<br>169:22-175:7<br>188:11-197:3<br>200:9-16<br>203:18-22 |
| receiving from the customer an indication to initiate a purchase transaction for purchasing the item including metadata associating said customer data with said transaction; | 70:18-76:26<br>92:23-98:13<br>123:2-27<br>178:14-181:4<br>191:13-20<br>200:9-202:11 |
| in response to the received indication, automatically completing the purchase of an item from the seller by processing said metadata associating said customer data so as to complete the purchase transaction. | 75:16-76:26<br>92:23-98:13<br>123:2-124:18<br>157:15-160:9<br>178:14-182:3<br>200:16-203:22 |
| | |
| 2. The computer implemented method of claim 1, wherein the customer data is maintained as an object. | 27:4-7<br>71:6-8<br>157:18-28<br>165:1-3 |
| | |
| 3. The method of claim 1 wherein processing said metadata includes processing said metadata to retrieve at least a portion of said customer data from an associated data store for use in completing the transaction. | 23:3-13<br>31:16-27<br>117:3-14<br>194:23-195:3 |
| | |
| 5. The method of claim 1 wherein the customer data is retrieved from a computer of the seller. | 212:15-213:20 |
| | |

3

| 7. A computer implemented method comprising: | |
|---|---|
| providing information provider data storing information for an information provider usable to automatically complete a proposed on-line transaction, including metadata associating said information with said transaction; | 73:25-76:5<br>79:10-20<br>104:14-22<br>112:1-122:9<br>142:21-145:3<br>157:15-160:27<br>164:25-166:1<br>197:4-203:22 |
| providing the information provider with information from an information consumer with respect to a proposed transaction; | 70:18-75:15<br>104:13-111:27<br>122:10-123:2<br>160:28-163:8<br>169:22-175:7<br>188:11-197:3<br>200:9-16<br>203:18-22 |
| receiving from the information provider an indication to complete the proposed transaction; | 70:18-76:26<br>92:23-98:13<br>123:2-27<br>178:14-181:4<br>191:13-20<br>200:9-202:11 |
| in response to the received indication, automatically completing the purchase of an item from the information consumer by accessing the information provider data to retrieve the information and process the retrieved information by processing said metadata associating said information with the proposed transaction so as to complete the proposed transaction. | 75:16-76:26<br>92:23-98:13<br>123:2-124:18<br>157:15-160:9<br>178:14-182:3<br>200:16-203:22 |
| | |
| 8. The method of claim 7 wherein the information provider data is stored in a computer of the information consumer. | 212:15-213:20 |
| | |
| 9. The computer implemented method of claim 7, wherein the information provider data is maintained as an object. | 27:4-7<br>71:6-8<br>157:18-28<br>165:1-3 |

4

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617-646-8000
Fax: 617-646-8646

Dated: June 4, 2007
181209.1

## JURAT

On behalf of the Plaintiff, I have read the foregoing responses to interrogatories. Said responses were prepared by or with the assistance of agents, employees, and/or representatives of Plaintiff and/or others believed to have relevant information, and with the assistance and advice of counsel, upon which I have relied. The responses set forth herein, subject to inadvertent or undiscovered errors or omissions, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, thus far discovered in the course of the preparation of these responses, and currently available to Plaintiff. Consequently, Plaintiff reserves the right to make any changes in or additions to any of these responses if it appears at any time that errors or omissions have been made therein or that more accurate or complete information has become available. Subject to the limitations set forth herein, the said responses are true to the best of my present knowledge, information and belief. I certify under penalty of perjury on behalf of Plaintiff that the foregoing is true and correct.

Signed: _____

Brian E. Lewis, General Counsel
Cordance Corporation
3020 Issaquah – Pine Lake Rd. SE, No. 74
Sammamish, WA 98075

11967321                                6

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 4th day of June, 2007, the attached **CORDANCE'S SECOND**

**SUPPLEMENTAL RESPONSE TO AMAZON'S FIRST SET OF INTERROGATORIES**

was served upon the below-named counsel of record at the addresses and in the manner

indicated:


Richard L. Horwitz, Esquire                     <u>HAND DELIVERY</u>
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Lynn H. Pasahow, Esquire                     <u>VIA ELECTRONIC MAIL</u>
Fenwick & West LLP
801 California Street
Mountain View, CA  94041



Lauren E. Maguire

174753.1