

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

**David E. Moore**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

March 28, 2008

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

    Re:    *Cordance Corporation v. Amazon.com, Inc.*, C.A. No. 06-491-MPT

Dear Magistrate Judge Thynge:

    This letter is Amazon.com, Inc's ("Amazon.com") response to Cordance Corporation's ("Cordance") letter brief submitted on March 27, 2008 (D.I. 124), seeking: (1) to compel production of documents regarding the operation of Amazon.com's Simple Storage Service ("S3"); (2) to compel production of documents regarding the operation of several different Amazon.com's systems it collectively calls "feedback system"; (3) to compel production all technology license agreements ever entered into by Amazon.com; and (4) requesting that the Court endorse particular language to extend the patent prosecution bar, which the Court previously ordered, to S3 and the "feedback system."

Documents Regarding S3 and Feedback System

    Even in the context of the generally liberal rules of discovery, it is the understood and accepted practice in patent cases to limit a plaintiff's discovery on a defendant's technology to that for which the plaintiff articulates a reasonable infringement theory. This requirement is rooted in the fact that the "discovery rules are designed to assist a party to prove a claim it reasonably believes to viable *without discovery*, not to find out if it has any basis for a claim." *Micro Motion, Inc. v. Kane Steel Co.* 894 F.2d 1318, 1327 (Fed, Cir. 1990) (recognizing that discovery should not be had on "a mere suspicion" of patent infringement); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 363 (1978) ("A bare allegation of wrongdoing . . . is not a fair reason for requiring a defendant to undertake financial burdens and risks to further a plaintiff's case.")

    This "reasonable basis" discovery limitation has manifested itself in a standard sequence for discovery in patent disputes beginning with plaintiff's provision of infringement contentions that clearly identify the accused technology with an articulation for the basis of the plaintiff's theory. The defendants then are to provide discovery on the operation of the technology identified in the plaintiff's infringement contentions. *See e.g. Samsung SDI Co. Ltd. Matsushita Electric Industrial Co., Ltd.*, No. CV 05-8493-(AG) (June 25, 2007); *see also Honeywell International, Inc. v. Audiovox Communications Corp.*, Civil Action 04-1337 at 18- 20. D.I. 125, Exh. C. (Judge Jordan recognized that defendants in a patent case are not required to provide discovery on technology or products that are not clearly identified as infringing). This sequence protects against discovery abuse and is meant to maintain the proper scope of a case.

The Honorable Mary Pat Thynge
March 28, 2008
Page 2

    As explained in Amazon.com's parallel motion to compel (*see* D.I. 125), Cordance has provided no infringement contentions related S3, and, with regard to the feedback system, Cordance has done nothing more than recite its claim language and *pro forma* assertions that Amazon.com's feedback system performs the asserted claim elements. Cordance does not identify anything on Amazon.com's website as infringing and has offered no rationale for how such feedback system infringes its patents. It is impossible to ascertain what Cordance is specifically accusing or evaluate if it has a rational basis for its allegations.

    Cordance seeks burdensome discovery on irrelevant matters. The claims in the relevant patents are quite detailed and the scope of the information Cordance seeks here extends far beyond them. For example, Cordance seeks documents showing the operation of Amazon.com's system that allows customers to review products. Cordance's patents cannot be understood to mark the invention of all systems for providing product reviews. For the reasons articulated in *Micro Motion* above, the scope of discovery must be tied to the scope of the asserted patent. Cordance needs to map its asserted patents to specific instances where Amazon.com technology could reasonably be found to be infringing. What Cordance lumps together as the "feedback system," is, in fact, many different services, run by different teams, and includes numerous features of no discernable relevance. Similarly, S3 supports many different access applications and it is unclear which, if any, Cordance contends is accused or if it has a completely different theory which does not involve S3 access applications at all.

    Cordance cannot claim that it needs discovery from Amazon.com before it can provide specific infringement contentions. The Amazon.com website is publicly-accessible. Cordance can provide its contentions with specific reference to the publicly-accessible features and, if it contends *how* some feature implements a function is relevant, specifically show where it contends the function is performed. Similarly, S3 technical documentation, source code samples, and guides for developers all are publicly available to help engineers understand and use the technology. Cordance further has taken a deposition of an ex-Amazon.com employee regarding the confidential operations of S3.

    Cordance's insinuations to the Court that Amazon.com has not provided legitimate technical discovery are misplaced. Amazon.com already has produced source code, technical documents, and communications from developers about asserted claims for which Cordance met the threshold of specific infringement contentions.

    Similarly misplaced is Cordance's suggestion that Amazon.com has somehow collected the discovery Cordance seeks and simply has decided not to produce it. After receiving Cordance's Second Amended Complaint, Amazon.com's counsel attempted to understand Cordance's new allegations and inquired with its client about the systems named in Cordance's complaint. In this process, it became clear these systems have no apparent connection to Cordance's patents and that the boundaries of what should be collected and produced needed further specification. Amazon.com informed Cordance and proposed a "two-step" process in which Cordance would give Amazon.com URLs and screen captures identifying the particular functions outwardly-exposed on the Amazon.com website for each claim element and that Amazon.com would then produce documents showing how what was identified was implemented. Cordance refused, indicating that it would provide no further information and that it would take an "all or nothing" approach with this motion to the Court.

    The bottom line is that the claims and defenses define the scope of discovery obligations, Amazon.com has consistently met its discovery obligations, and is not withholding anything.

The Honorable Mary Pat Thynge
March 28, 2008
Page 3

What Cordance seeks is beyond what is relevant or the scope of proper discovery. Before articulating the basis for its claims, it is inappropriate for plaintiff to demand unbounded discovery.

### Licenses

Cordance's demand that Amazon.com produce all technology licenses that Amazon.com has ever entered into regardless of the technology at issue in the license, the rights conveyed, or time the license was entered is overbroad. Cordance has asked for copyright licenses, trademark licenses and, candidly, any other licenses of significantly-high dollar value. While Cordance argues its expert may claim any technology licenses are relevant to the reasonable royalty analysis – this does not meet the threshold for the proper scope of discovery.

This is a *patent* infringement case. This Court is well aware of the type of licenses that are relevant to the hypothetical negotiation. Copyright, trademark, and generic "technology" licenses are not among them. *See generally Odetics, Inc. v. Storage Technology Corp.*, 185 F.3d 1259, 1276-77 (Fed. Cir. 1999) (noting that not even all patent licenses are relevant to the hypothetical negotiation).

Amazon.com has agreed to produce its relevant patent licenses and licenses with terms specific to technology at issue in this case. This is enough and Cordance is overreaching.

### The Protective Order Issue

The issue here is how to extend the prosecution bar already issued in this case to cover information related to S3 and the feedback system. It is important to note that this bar will apply not only to opposing counsel exposed to Amazon.com confidential information but also to Drummond Reed, the inventor and primary drafter of the asserted patents and the plaintiff's CTO.

Amazon.com has suggested language for this bar that is coextensive with the scope of non-public technology that Cordance purports to accuse. *See* D.I. 124, Exh. J ¶ 4(a)(i). This is the appropriate measure. This is particularly true in light of the fact that after Amazon.com produced its confidential information related to Cordance's original allegations, Cordance came back, asserted three new patents against Amazon.com and now argues it needs Mr. Reed to have further access to Amazon.com's confidential information to construct their infringement theories.

Cordance, on the other hand, has suggested language that is far narrower than the scope of technology it now accuses and has little or no relation to the scope of likely discovery. Cordance also demands Mr. Reed be given access to technology not covered by the prosecution bar Cordance proposes, in order to assist in developing its infringement theories. *See* D.I. 124, Exh. K. It is simply unacceptable for Mr. Reed to have access to Amazon.com's confidential information in this case and be allowed to concurrently participate in prosecuting patents in the same technological field as the technology Cordance is accusing.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM / msb / 857905 / 30673
cc:  Clerk of the Court (via hand delivery)
     Counsel of Record (via electronic mail)