IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION,<br><br>          Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>          Defendant. | Civil Action No. 1:06-CV-00491-MPT<br><br>**JURY TRIAL DEMANDED** |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the attached subpoena will be served on Mark C. DiVincenzo.

                                              Respectfully submitted,

                                              POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Dated: April 17, 2008

                              /s/ David E. Moore
By: _____

                              Richard L. Horwitz
                              David E. Moore
                              Hercules Plaza, 6th Floor
                              1313 N. Market Street
                              Wilmington, DE 19899
                              Tel: (302) 984-6000
                              rhorwitz@potteranderson.com
                              dmoore@potteranderson.com

*Attorneys for Defendant and Counterclaim Plaintiffs Amazon.com, Inc.*

⚖AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
District of Massachusetts

| CORDANCE CORPORATION | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| AMAZON.COM, INC. | Case Number:[1] 1:06-CV-00491-MPT |
| | US DISTRICT COURT |
| | DISTRICT OF DELAWARE (WILMINGTON) |

TO: Mark C. DiVincenzo, Deputy General Counsel (617-452-3985)
Massachusetts Institute of Technology (MIT)
Building 7-206
Cambridge, MA 02139

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Fenwick & West, LLP, 801 California Street, Mountain View, CA 94041 (650) 988-8500 | 5/15/2008 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Defendant, Amazon.com, Inc. | DATE 4/16/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lauren E. Whittemore, Esq., Fenwick & West, LLP, 801 California Street, Mountain View, CA 94041
(650) 988-8500

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## DEFINITIONS

1.  "W3C" shall refer to the World Wide Web Consortium and includes any member organizations, associated organizations and all present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

2.  "CORDANCE" shall refer to Cordance Corporation and includes any past and present parents, predecessors (including but not limited to SoftPages, Inc., OneName Corporation, and Intermind Corporation), successors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, and all present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

3.  The term "'710 PATENT" means U.S. Patent No. 6,757,710, listing Drummond Shattuck Reed as inventor, filed on February 5, 2002, issued on June 29, 2004, and titled "Object-Based On-Line Transaction Infrastructure."

4.  The term "'288 PATENT" means U.S. Patent No. 6,345,288, listing Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey Todd Oberlander, and Dan Banay as inventors, filed on May 15, 2000, issued on February 5, 2002, and titled "Computer-Based Communication System And Method Using Metadata Defining a Control-Structure."

5.  The term "'717 PATENT" means U.S. Patent No. 6,088,717, listing Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, and

1

Jeffrey Todd Oberlander as inventors, filed on August 31, 1998, issued on July 11, 2000, and titled "Computer-Based Communication System And Method Using Metadata Defining a Control-Structure."

6.   The term "'325 PATENT" means U.S. Patent No. 5,862,325, listing Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey Todd Oberlander, and Dan Banay as inventors, filed on September 27, 1996, issued on January 19, 1999, and titled "Computer-Based Communication System And Method Using Metadata Defining a Control-Structure."

7.   The term "'205 PATENT" means U.S. Patent No. 6,044,205, listing Drummond Shattuck Reed, Peter Earnshaw Heymann, Steven Mark Mushero, Kevin Benard Jones, Jeffrey Todd Oberlander, and Dan Banay as inventors, filed on February 29, 1996, issued on March 28, 2000, and titled "Communications System For Transferring Information Between Memories According To Processes Transferred With The Information."

8.   The term "PATENTS-AT-ISSUE" refers, either collectively or individually, to the '710 PATENT, '717 PATENT, '325 PATENT, and '205 PATENT.

9.   The term "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all non-identical copies, and all preliminary and final drafts of any such item.

10.  The term "COMMUNICATION" refers to all written and oral inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, postcards, notes, telegrams, advertisements, computer messages, e-mail messages, voice-mail messages, and all other DOCUMENTS evidencing any verbal or nonverbal interaction between two or more PERSONS.

11. The term "PERSONS" means any individual, corporation, proprietorship, association, joint venture, company, partnership, governmental body or agency, or any other business or legal entity.

12. The term "PRIOR ART" means (a) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; and (b) information that a reasonable examiner likely would consider important in deciding whether to allow the application to issue as a patent.

13. The terms "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO," "REFERRING TO," "CONCERNING" and "REGARDING" shall mean pertaining to, mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, addressing, referring to, dealing with, comprising, consisting of, containing, providing basis for, resulting from, or recording a particular subject in whole or in part either directly or indirectly or being in any way logically or factually connected with the matter discussed or identified.

14. The terms "YOU," or "YOUR" shall refer to W3C.

15. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

16. The words "and" and "or" mean "and/or" and shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

1. In producing DOCUMENTS, furnish all DOCUMENTS known or available to YOU in YOUR possession, custody or control.

2. Electronic DOCUMENTS must be produced in their native forms (e.g., electronic DOCUMENTS must be produced electronically). Electronic records and computerized

3

information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

3. Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), YOU must supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

   a. The identity of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

   b. The identity(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

   c. The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

   d. The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

   e. The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

4. If any DOCUMENT responsive to any of the following requests is believed by YOU to be subject to confidentiality obligations owed by YOU to a third party, identify the DOCUMENT, and identify the third party to whom YOU owe an obligation of confidentiality with respect to that DOCUMENT.

5. The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

## REQUESTS FOR PRODUCTION

1. All DOCUMENTS CONCERNING the PATENTS-AT-ISSUE.

2. All DOCUMENTS RELATING TO PRIOR ART to the PATENTS-AT-ISSUE including but not limited to DOCUMENTS collected and received by YOU in response to YOUR request for help in locating information relevant to the validity of the '325 PATENT.

4

3. All DOCUMENTS RELATING TO invalidity or unenforceability analysis of the PATENTS-AT-ISSUE including but not limited to analysis of PRIOR ART, performed by YOU or on YOUR behalf, or provided to YOU.

4. All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any other person CONCERNING the PATENTS-AT-ISSUE and any PRIOR ART.

5. The contents of any file, folder, or organizing structure, YOU have CONCERNING the PATENTS-AT-ISSUE, their validity, enforceability, or prior art related thereto.

6. All DOCUMENTS RELATING TO the scope of the PATENTS-AT-ISSUE as indicated by the patentee(s) or successors thereto, inventors listed thereon.

7. All DOCUMENTS CONCERNING statements by, or attributed to, Mr. Drummond Reed CONCERNING the PATENTS-AT-ISSUE.

8. All DOCUMENTS RELATING TO any destruction of the information otherwise sought herein.

9. For all discovery requested hereunder which YOU withhold on account of some privilege or immunity, ALL DOCUMENTS establishing the relationship pursuant to which YOU contend such privilege or immunity exists.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on April 17, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 17, 2008, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Steven J. Balick | Michael A. Albert |
| John G. Day | Robert M. Abrahamsen |
| Tiffany Geyer Lydon | Wolf, Greenfield & Sacks, P.C. |
| Ashby & Geddes | 600 Atlantic Avenue |
| 500 Delaware Avenue, 8th Floor | Boston, MA 02210-2206 |
| Wilmington, DE 19899 | malbert@wolfgreenfield.com |
| sbalick@ashby-geddes.com | rabrahamsen@wolfgreenfield.com |
| jday@ashby-geddes.com | |
| tlydon@ashby-geddes.com | |

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

757320 / 30763