IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-491-MPT |
| AMAZON.COM, INC., | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**NOTICE OF SUBPOENA DUCES TECUM**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant Amazon.com, Inc. ("Amazon.com") will serve the attached subpoena duces tecum with Exhibit A on the following:

| **Name** | **Date/Location of Document Production** |
|---|---|
| Broadvision, Inc.<br>c/o Sandra Adam (Agent for Service of Process)<br>1600 Seaport Boulevard North Building, 5th Floor<br>Redwood City, CA 94063 | May 19, 2008<br>Fenwick & West, LLP<br>801 California Street<br>Mountain View, CA 94041 |

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

By: */s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Amazon.com, Inc.*

Dated: April 21, 2008
861082 / 30763

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

Northern District of California

CORDANCE CORPORATION

Plaintiff,

V.

AMAZON.COM, INC.

Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:06-00491-MPT
U.S.D.C.
(District of Delaware)

TO: Broadvision, Inc.
c/o Sandra Adam (Agent for Service of Process)
1600 Seaport Boulevard North Building, 5th Floor
Redwood City, CA 94063

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Fenwick & West LLP<br>801 California Street<br>Mountain View, CA 94041 | May 19, 2008<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (Attorneys for Defendant Amazon.com) | April 18, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Saina S. Shamilov, Esq.
Fenwick & West LLP, 801 California Street, Mountain View, CA 94041
650 988-8500

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT A**

**DEFINITIONS**

1. "'887 PATENT" means U.S. Patent No. 5,710,887 listing Raman Chelliah, Jason Cornez, Carl Dellar, Stephen Harrison, John Hempe, Chih-Cheng Hsu, Eric Golin, Charles Price, Neal Rutta, Thomas Wood and Wayne Yamamoto as inventors and titled "Computer System and Method for Electronic Commerce."

2. "'710 PATENT" means U.S. Patent No. 6,757,710, listing Drummond Shattuck Reed as inventor, filed on February 5, 2002, issued on June 29, 2004, and titled "Object-Based On-Line Transaction Infrastructure" and its related patents/applications.

3. "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all non-identical copies, and all preliminary and final drafts of any such item.

4. "PERSONS" means any individual, corporation, proprietorship, association, joint venture, company, partnership, governmental body or agency, or any other business or legal entity.

5. "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO," "REFERRING TO," "CONCERNING" and "REGARDING" shall mean pertaining to, mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, addressing, referring to, dealing with, comprising, consisting of, containing, providing basis for, resulting from, or recording a particular subject in whole or in part either directly or indirectly or being in any way logically or factually connected with the matter discussed or identified.

6. "AVAILABLE" means designed, developed and/or in-development, tested, marketed, sold, offered for sale, licensed, or publicly disclosed.

7. "YOU," or "YOUR" means Broadvision and includes any past and present

parents, predecessors successors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, and all present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

8. "ONE-TO-ONE" means a product and/or service marketed by YOU as One-to-One and/or Personal Sales Assistant, any versions of these product or services that were marketed under different names, and any other product or service that provided tools for selling physical or digital goods online and/or enabled users to manage set of activities required to sell physical or digital goods online.

9. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

10. The words "and" and "or" mean "and/or" and shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

1. In producing DOCUMENTS, furnish all DOCUMENTS known or available to YOU in YOUR possession, custody or control.

2. Electronic DOCUMENTS must be produced in their native forms (e.g., electronic DOCUMENTS must be produced electronically). Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible. Any source code must be produced in its original native format without conversion to any other formats and without modification of any native file names and directory structures.

3. Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), YOU must supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

a. The identity of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);
b. The identity(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

c. The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

d. The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

e. The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

4. If any DOCUMENT responsive to any of the following requests is believed by YOU to be subject to confidentiality obligations owed by YOU to a third party, identify the DOCUMENT, and identify the third party to whom YOU owe an obligation of confidentiality with respect to that DOCUMENT.

5. If any DOCUMENT is deemed confidential by YOU and the parties to this case have not been able to agree on an appropriate protective order, all such DOCUMENTS shall be protected under Delaware Local Rule 26.2 until a protective order is in effect.

6. The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

## REQUESTS FOR PRODUCTION

1. ALL DOCUMENTS CONCERNING any version of ONE-TO-ONE solutions AVAILABLE before September 27, 1996.

2. ALL DOCUMENTS CONCERNING the design, development, operation, features, functionality, testing and/or marketing of any version of ONE-TO-ONE solutions AVAILABLE before September 27, 1996.

3. ALL DOCUMENTS CONCERNING the '887 PATENT.

4. ALL DOCUMENTS CONCERNING conception and reduction to practice of the subject matter described in the '887 PATENT.

5. ALL DOCUMENTS CONCERNING the conception of the subject matter described in the '887 PATENT, including but not limited to DOCUMENTS identifying individuals involved in conception of the subject matter described in the '887 patent, DOCUMENTS identifying dates when those individuals were involved and DOCUMENTS describing or CONCERNING each individual's involvement.

6. ALL DOCUMENTS CONCERNING the design, development or deployment of the subject matter described in the '887 PATENT, including but not limited to DOCUMENTS identifying individuals involved in design, development or deployment of the subject matter described in the '887 patent, DOCUMENTS identifying dates when those individuals were involved and DOCUMENTS describing or CONCERNING each individual's involvement.

7. ALL DOCUMENTS CONCERNING individuals involved in prosecution of the application that issued as the '887 PATENT, including but not limited to DOCUMENTS identifying individuals involved in prosecution of the application that issued as the '887 patent, DOCUMENTS identifying dates when those individuals were involved and DOCUMENTS describing or CONCERNING each individual's involvement.

8. ALL DOCUMENTS sufficient to show and/or describe design, development, operation, features, functionality, testing and/or marketing of any technology described and/or claimed in the '887 PATENT before September 27, 1996.

9. Two executable copies of each version of ONE-TO-ONE solutions and technology described and/or claimed in the '887 PATENT AVAILABLE before September 27, 1996 including instructions on how to execute the copies.

10. All source code for each version of ONE-TO-ONE solutions and technology described and/or claimed in the '887 PATENT AVAILABLE before September 27, 1996.

11. ALL DOCUMENTS CONCERNING any public disclosure, sale or offer to sell of each and every version of ONE-TO-ONE solutions or technology described and/or claimed in the '887 PATENT AVAILABLE before September 27, 1996.

12. ALL DOCUMENTS CONCERNING any deployment of any version of ONE-TO-ONE solutions and technology described and/or claimed in the '887 PATENT before September 27, 1996.

13. ALL DOCUMENTS sufficient to show all PERSONS that licensed, purchased, were offered to purchase, deployed and/or to whom any disclosure was made of any version of ONE-TO-ONE solutions or any technology described and/or claimed in the '887 PATENT before September 27, 1996 and the dates when those PERSONS licensed, purchased, were offered to purchase, deployed, and were disclosed to the solutions and/or technology.

14. ALL DOCUMENTS CONCERNING invoices, purchase orders, agreements (e.g., license agreements) RELATING to any version of ONE-TO-ONE solutions or any technology described and/or claimed in the '887 PATENT dated before September 27, 1996.

15. ALL DOCUMENTS CONCERNING prior art to the '710 PATENT

16. DOCUMENTS sufficient to show a custodian of records for the discovery sought herein.

17. DOCUMENTS sufficient to describe and establish any relationship you contend renders any of the discovery sought herein privileged or immune from discovery.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on April 21, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 21, 2008, the attached document was Electronically Mailed to the following person(s):

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com

By: */s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

757320 / 30763