# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW
500 DELAWARE AVENUE
P. O. BOX 1150
WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 21, 2008

The Honorable Mary Pat Thynge                VIA ELECTRONIC FILING
United States District Court
844 North King Street
Wilmington, DE 19801

  Re: *Cordance Corp. v. Amazon.com, Inc.,*
    C.A. No. 06-491-MPT

Dear Judge Thynge:

  Cordance requested this conference to address Amazon's failure to comply with this Court's order of April 1, 2008. Amazon's contempt of the last Court Order has frustrated Cordance's ability to take necessary discovery so as to be able to comply with the impending deadline of May 30, 2008 by which Cordance is required to provide a list of claim terms it believes are in need of construction, along with its proposed construction of such terms. (See D.I. 90, ¶ 11). Necessarily by that date, Cordance must be able to identify any additional patent claims it intends to assert (beyond the ones already disclosed in its interrogatory answers). Amazon's violation of the Court's April 1 order has greatly hampered Cordance's ability to achieve that objective. Cordance thus requests that Amazon be found in contempt and that Cordance be granted the relief requested below, and any further relief that the Court finds fair and just.

  **I.** **Amazon Is in Contempt of the Court's April 1, 2008 Order**

  Cordance has accused Amazon's Feedback System of infringing its patents. Amazon previously refused to provide Cordance with discovery concerning this accused system, and Cordance sought an order compelling such discovery. (See D.I. 124). On April 1, 2008, the Court held a hearing during which it ordered Amazon to produce the requested documents within fifteen business days of the hearing. (April 1, 2008 Trans. (D.I. 131—copy attached as Ex. A) at 9).

  During the hearing, Amazon's counsel acknowledged that Cordance was seeking documents concerning the collection and processing of <u>four types</u> of feedback: (1) feedback about products, (2) feedback about buyers, (3) feedback of sellers, and (4) feedback about other feedback.[1]

- On the Court-imposed deadline of April 23, Amazon produced some source code purportedly relating to the Feedback System but did not produce even a single document describing that system.

- Nonetheless, Cordance searched the source code that had been produced and identified an individual, Brian O'Neill, who appeared to be the author of a majority of the code.

---

[1] Those four types of feedback were specifically referenced in Cordance's Second Amended Complaint. (See D.I. 81, Tab 1, ¶¶ 20, 25).

{00218621;v1}

       Cordance thus promptly served a notice to take O'Neill's deposition on May 9, 2008. That deposition was later rescheduled, at Amazon's insistence, for May 16.

- Only after Cordance threatened to move for sanctions did Amazon finally produce a handful of documents relating to the Feedback System. That production took place on May 12, 2008, just days before the O'Neill deposition.

- During the O'Neill deposition (for which Cordance's counsel had traveled from Boston to Seattle), the witness established that the documents Amazon had produced **did not include even a single document concerning the collection and processing of feedback about <u>sellers</u> or the collection and processing of feedback about <u>buyers</u>**. O'Neill testified that such feedback was handled by an entirely different group at Amazon, which he could not name, and confirmed that none of the materials Amazon had produced to date had anything to do with the collection and processing of those types of feedback.

       When Cordance asked Amazon to produce the missing documents promptly, it was met with the by-now-standard Amazon response that they would look into the issue and respond "in due course" (which, in the past, has been known to mean anything from several weeks to several months, if ever). Cordance emphasized the need to move quickly given the upcoming May 30 deadline, but Amazon did not budge, **even though the Court had already ordered compliance by a date that had long since passed**. Cordance thus requested this hearing with the Court to seek relief for Amazon's non-compliance with the Court's April 1 order, and to ensure that it would not be prejudiced by Amazon's delay with respect to the May 30 deadline. Cordance needs the missing documents, and needs a deposition of a knowledgeable witness (which it could have taken during the same trip to Seattle, had Amazon abided by the Court's order), so as to be sure it has identified all of the claims it should assert in this matter.

       In view of the above, Cordance asks that Amazon be found in contempt of the Court's April 1, 2008 order and requests the following relief:

       1.     That Amazon produce forthwith the requested documents concerning Amazon's Feedback System, including documents concerning the collection and processing of feedback information about sellers and buyers.

       2.     That Amazon produce a witness knowledgeable about Amazon's system for collecting feedback information about sellers and buyers for a deposition – in Boston, this time – within one week after producing the foregoing documents.

       3.     That Cordance be given until one week after the completion of such deposition to provide Amazon with a list of any additional claims it intends to assert in this matter.

       4.     That one week later, the parties identify terms in such claims that they believe are in need of construction and provide proposed constructions for such terms.

{00218621;v1}

## II.     The Protective Order Issue

An issue concerning the proper scope of the prosecution bar in the protective order governing this matter was also raised at the April 1, 2008 hearing (See D.I. 124 at 3). During the hearing, the Court directed the parties to try to work out their difference within a couple of weeks. (April 1, 2008 Trans. (D.I. 131) at 9). Although the parties have managed to narrow their differences considerably, two areas of disagreement still remain.

Exhibit B is relevant pages from a draft of a protective order Amazon recently proposed showing redlined changes to Cordance's draft. As can be seen, the dispute on page 3 relates to the use of the term "applicable" versus "configured."

According to the Random House Webster's Dictionary, the definitions of these terms are as follows:

> **applicable:** capable of being applied; relevant.
> **configure:** to put together or arrange the parts of in a specific way or for a specific purpose.

A prosecution bar provision must establish a clear definition of a field from which a person doing patent prosecution work must refrain from working after viewing certain confidential information. An overly broad or vague prosecution bar leaves patent counsel – whose livelihood is based on prosecution in their chosen field for numerous clients – without a fair or clear guideline as to what aspect of their profession must be curtailed. Moreover, other provisions in the protective order already preclude people who view confidential information from using such information for purposes other than this litigation. (See Ex. B, ¶ 2.) A prosecution bar provision provides yet another layer of protection by precluding people from doing any work in particular fields. Amazon's proposed used of "applicable" in its draft would render the scope of the field vague, as it leaves unclear when a "system or technique for collecting and processing feedback information" would be **capable** of being applied to "a multi-tier distributed on-line purchasing environment." Cordance's proposed definition, on the other hand, more clearly defines the field by indicating that the bar would apply only to feedback systems that are actually configured for use in the specified environment.

The second dispute relates to Amazon's attempt to add a requirement that a person who views information relating to only one of the defined fields keep a record of every single document they review simply to establish that they did not review documents in the other fields. (See Ex. B at 4). Keeping such records simply to establish a negative would impose an unnecessary burden on such individuals. The information in this case is readily identifiable as falling within a specific one of the three defined fields, i.e., it will relate to only one of: (1) one-click purchasing, (2) feedback, or (3) S3. People who view information in only one of the fields will know the prosecution bar precludes them from prosecuting patents in that field (as defined by the protective order). The record keeping provision Amazon has proposed is onerous and plainly unnecessary.

Cordance thus requests that the Court enter the version of the protective order attached as Ex. C.

{00218621;v1}

The Honorable Mary Pat Thynge
May 21, 2008
Page 4

                        Respectfully submitted,

                        */s/ Tiffany Geyer Lydon*

                        Tiffany Geyer Lydon

Attachments

cc:    Richard L. Horwitz, Esquire (by hand and via electronic mail; w/attachments)
       Lynn H. Pasahow, Esquire (via electronic mail; w/attachments)
       Michael A. Albert, Esquire (via electronic mail; w/attachments)

{00218621;v1}