# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 22, 2008

The Honorable Mary Pat Thynge                    VIA ELECTRONIC FILING
United States District Court
844 North King Street
Wilmington, DE 19801

     Re:   *Cordance Corp. v. Amazon.com, Inc.*,
           C.A. No. 06-491-MPT

Dear Judge Thynge:

In its May 21, 2008 letter to the Court, Amazon seeks excessive discovery and fails to provide any rational explanation warranting such excessive discovery. Amazon demands that Cordance produce every single document that contains the term "i-names," "XRI," or "XDI." Such a demand requires Cordance to review and produce nearly every email sent by every employee since Cordance started working on i-names, which is its core product. Amazon's demand is akin to Cordance demanding that Amazon produce every document containing the term "book," or "Amazon." The request is plainly made for its harassment value, as Cordance is a vastly smaller entity than Amazon.

Amazon claims that it needs every document containing the term "i-names," "XRI," or "XDI" for vague reasons relating to defending Cordance's infringement claims and asserting its own infringement claims, but Amazon has refused to explain why the documents Cordance is already producing are insufficient and Amazon has refused to suggest narrower search terms to obtain whatever information it is seeking. See Exhibits A, B, and C.

## I.    Cordance's Infringement Claims

Cordance is already producing 40,000 documents consisting of nearly 200,000 pages, including documents from more than 50 boxes retrieved from a storage facility, documents from computers dating back to around 1995, and documents from backup tapes. To avoid motion practice, Cordance has repeatedly agreed to broaden the scope of its production to cover areas and search terms of little if any relevance; but Amazon continues to demand more.

In selecting electronic documents to be produced, the parties agreed to use search terms. A partial list of search terms used by Cordance is shown in Exhibit D. For example, Cordance is producing all documents that contain the numbers of any of its patents or patent applications or the term "Amazon." Cordance is also producing numerous documents that contain the terms "patent," "license," "invention," or "intellectual property."

Cordance began working on i-names, XRI, and XDI around 2002. XRI and XDI are open standards developed by a non-profit organization called OASIS. Cordance has taken part in developing these standards along with other companies such as Boeing and Visa. See Exhibit E. Cordance's implementation of XRI is called i-names. Cordance's patents do not cover i-names or XRI and Amazon does not state otherwise. Cordance is producing more than 10,000

The Honorable Mary Pat Thynge
May 22, 2008
Page 2

documents relating to i-names, XRI, and XDI, including by using the search terms shown in
Exhibit D.

Amazon's contention that it needs every single document containing the term "i-names,"
"XRI," or "XDI" is unsupported. It cites only vague theories relating to the "scope of the prior
art, marking, … damages [, and] Cordance's licensing practices." See Amazon's May 21, 2008
Letter, D.I.149 at 1.

It is unclear why Amazon needs any documents at all relating to the open standards for
XRI and XDI developed by a non-profit organization. Even if it did, Amazon has failed to
provide any explanation why the 10,000 documents relating to i-names, XRI, and XDI that
Cordance is already producing are insufficient.

## II.    Amazon's Infringement Claims

Amazon's counterclaim seeks a declaratory judgment that a Unified Address Book
("UAB") product, purportedly being developed by a non-party, CeLiberate, would infringe its
patent if and when such a UAB is ultimately released. See D.I. 60, attached as Exhibit F.
Amazon has admitted that i-names does not by itself infringe. See id. Yet Amazon demands
that the term "i-names" be searched in isolation, notwithstanding that it would yield an
enormously burdensome set of results having no bearing on Amazon's claim.

Amazon ties CeLiberate's hypothetical future infringement to Cordance via an allegation
that CeLiberate's UAB is intended to be used in conjunction with Cordance's i-names platform.
Id. I-names is a generic platform that can be used by third parties for an unlimited range of
possible applications – Cordance has no intent to use it for a UAB, and has no control over
whether CeLiberate plans to do so but believes it does not. Amazon now proposes to rest a
crushing burden of irrelevant discovery against Cordance upon this thin reed of speculation
about a third party's potential future product.

Amazon served a subpoena on Ajay Madhok, a person affiliated with CeLiberate,
requesting all documents "relating to design, development, license, sale, promotion,
advertisement or marketing of any i-names (XRI/XDI based) technology." See D.I. 121.
Madhok's response to this subpoena did not include any technical documents relating to the
UAB or any other address book product. It has been 19 months since Amazon filed its
counterclaim, and it appears that the only product accused by Amazon of directly infringing its
patent was never developed at all, and likely never will be.

Cordance is already providing over 40,000 documents, including every document relating
to the Unified Address Book and more than 10,000 documents relating to i-names, XRI, and
XDI. For example, Cordance is producing every document that matches "address book,"
"UAB," "CeLiberate," or "Amazon," and Cordance is producing numerous documents that
match "i-name," "i-service," "Contact Service," "patent," "license," "invention," and
"intellectual property." Amazon has failed to provide any explanation why the documents
Cordance is already producing are insufficient.

Amazon further argues that since Cordance has asked Amazon to produce all documents
containing the terms "i-names," "XRI," and "XDI," Cordance must also produce all documents
containing those same terms. The logic is faulty – a defendant can reasonably be asked for all
documents reflecting a plaintiff's products or patents (as those would typically be limited in
number and either relevant or likely to lead to relevant evidence), but asking a company to

The Honorable Mary Pat Thynge
May 22, 2008
Page 3

produce all documents about its <u>own</u> core service or product – a name likely to turn up in many or most of the emails and other documents ever generated by the company – is unreasonable (particularly when that product is not itself accused of infringement).

Cordance has repeatedly offered to consider more narrowly defined requests to provide whatever information Amazon might reasonably need; but Amazon refused and instead persisted with its unreasonable demands, apparently as leverage to intimidate Cordance from seeking relief for Amazon's violation of the Court's April 1 order. <u>See</u> Exhibits A, B, and C.

For the above reasons, Cordance opposes Amazon's request.

Respectfully submitted,

/s/ *Lauren E. Maguire*

Lauren E. Maguire

Attachments

cc:    Richard L. Horwitz, Esquire (by hand and via electronic mail; w/attachments)
       Lynn H. Pasahow, Esquire (via electronic mail; w/attachments)
       Michael A. Albert, Esquire (via electronic mail; w/attachments)

# EXHIBIT A

## O'Neill, Jeffrey C.

| | |
|---|---|
| **From:** | O'Neill, Jeffrey C. |
| **Sent:** | Tuesday, May 20, 2008 3:13 PM |
| **To:** | 'Ryan Marton' |
| **Cc:** | Albert, Michael; Abrahamsen, Robert |
| **Subject:** | Re: Cordance v. Amazon.com |
| **Attachments:** | RE: Cordance v. Amazon -- production of documents relating to counterclaim; RE: Cordance v. Amazon.com |

Ryan,

Your two attached emails make requests concerning three aspects of discovery:

(1) Documents containing XRI, XDI, or i-names -- I sent you an email on April 23 explaining that you had not provided any justification for requesting all documents containing these terms. You took nearly three weeks to respond to my April 23 email and you did not provide the clarifications I requested from you.

Your "justification" for requesting these documents is flawed in at least two important respects. First, i-names and XRI are not covered by the claims of any Cordance patent. Second, you have not accused i-names of directly infringing the '369 patent, but rather, you have accused the Unified Address Book product (which was announced by another company called CeLiberate) of directly infringing the '369 patent.

Cordance has agreed to produce all documents concerning the Unified Address Book product and 10,000 of the most relevant documents relating to i-names, XRI, and XDI. You also served a subpoena on Ajay Madhok, who is affiliated with CeLiberate, and received no technical documents concerning a Unified Address Book product. Your request that we review and produce countless e-mails that relate solely to i-names or XRI under these circumstances is wholly unreasonable.

(2) Providing documents from backup tapes -- I sent you an email on April 24 explaining that we expect to produce documents from the backup tapes in about 4-6 weeks. You did not object then and this is the first time you have raised this issue since then.

(3) Cordance code -- You first raised this issue two business days ago. You have already received code from Kevin Jones and we will be producing other code from the backup tapes.

As exemplified above, there is clearly no urgency regarding these three requests, and there was no reason for you to demand a response today. Please contact me if you would like to discuss any of these matters further.

Regards,
Jeff

---

**From:** Ryan Marton [mailto:RMarton@fenwick.com]
**Sent:** Tuesday, May 20, 2008 12:50 PM
**To:** O'Neill, Jeffrey C.; Abrahamsen, Robert
**Cc:** Darren Donnelly
**Subject:** Cordance v. Amazon.com

Jeff,

Please get back to me today on the issues raised in the attached emails. To the extent we are not able to resolve these issues today we will be submitting a letter to the court for resolution of any remaining issues at next week's

**For more information about Wolf Greenfield, please visit us at <u>http://www.wolfgreenfield.com</u>**

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

# EXHIBIT B

## O'Neill, Jeffrey C.

**From:** O'Neill, Jeffrey C.
**Sent:** Wednesday, April 23, 2008 5:09 PM
**To:** 'Ryan Marton'; Saina Shamilov
**Cc:** Abrahamsen, Robert; Albert, Michael
**Subject:** RE: Cordance v. Amazon -- production of documents relating to counterclaim

Ryan,

At the end of our phone call on Tuesday April 15, 2008, you agreed to provide specific categories of documents relating to XRI/XDI/i-names that you felt were likely to lead to relevant evidence to claims asserted by Cordance or Amazon. The below email does not do that.

Regarding Cordance's claims against Amazon, you have provided no cogent explanation as to how emails are likely to lead to admissible evidence simply because they contain the terms i-names, XRI, or XDI. We believe the search terms we previously used (and to which you agreed) capture all e-mails that could potentially have any bearing on those claims.

Regarding Amazon's recently articulated contention that Cordance "actively induces others to use address book services with i-names," we see no justification for the requested discovery. We will be providing sufficient documents for you to gain a complete understanding of the operation of i-names and the Contact Service, and the search terms we suggest below will provide all emails likely to lead to relevant evidence relating to any alleged indirect infringement by Cordance. It is remarkable that you would continue to press your claim of indirect infringement without even a hint that any entity, CeLiberate or otherwise, has any plans whatsoever to launch an address book product of any sort based on the i-names platform. Your request that we review and produce countless e-mails that relate solely to i-names under these circumstances is wholly unreasonable.

Cordance has already produced approximately 40,000 documents, is producing documents from backup tapes, is producing all documents and emails relating to Cordance's patents, and will be providing you with thousands of emails and other documents relating to i-names, the Contact Service, and the XRI and XDI standards. Your assertion that Cordance is not meeting its discovery obligations is misplaced.

As I stated previously, if you can provide a cogent explanation as to how a search for e-mails containing the terms XRI, XDI, or i-names is likely to capture relevant e-mails that would not also be captured by the more focused search terms we have proposed, then we will consider modifying our search accordingly. Should you wish to continue this discussion, please provide specific categories of documents relating to XRI/XDI/i-names that you believe would be likely to lead to relevant evidence.

Regards,
Jeff

---

**From:** Ryan Marton [mailto:RMarton@fenwick.com]
**Sent:** Wednesday, April 16, 2008 4:50 PM
**To:** O'Neill, Jeffrey C.
**Cc:** Albert, Michael; Abrahamsen, Robert; Saina Shamilov
**Subject:** RE: Cordance v. Amazon -- production of documents relating to counterclaim

Jeff,

This is a follow up from our call yesterday regarding the search terms Cordance plans on running to collect additional email. As we explained in the call, the terms i-names, XRI and XDI are directed at

documents that bear on Cordance's claims, Amazon.com's defenses to those claims, and Amazon.com's counterclaims. As i-names and the underlying XRI/XDI standards are Cordance's implementation of the asserted patents as well as the technology accused by Amazon.com's counterclaim any documents that reference these terms are likely relevant. As an example, Amazon.com is entitled to any discussion regarding the operation i-names or the underlying standards and any documents bearing on the value of this technology.

Your argument that because i-names is accused in conjunction with the UAB and the contact service Cordance should only have to produce documents that specifically reference i-names in the context of work done with Amsoft is misplaced. A document need not mention every aspect of an accused technology to be relevant.

Please run the terms I suggested below and produce all relevant non-privileged documents. Also, can you confirm that you have or are running the terms listed in the attached email against this data set.

We should also talk about the timing of Cordance's production.

Regards,

Ryan

---

**From:** Jeffrey O'Neill [mailto:Jeffrey.ONeill@WolfGreenfield.Com]
**Sent:** Monday, April 14, 2008 12:18 PM
**To:** Ryan Marton
**Cc:** Albert, Michael; Abrahamsen, Robert; Saina Shamilov
**Subject:** RE: Cordance v. Amazon -- production of documents relating to counterclaim

Yes, I am free then.

---

**From:** Ryan Marton [mailto:RMarton@fenwick.com]
**Sent:** Friday, April 11, 2008 7:41 PM
**To:** O'Neill, Jeffrey C.
**Cc:** Albert, Michael; Abrahamsen, Robert; Saina Shamilov
**Subject:** RE: Cordance v. Amazon -- production of documents relating to counterclaim

Jeff,

We need to talk about this as well as what searches you are using to search for documents. Are you free for a call 1pm (Eastern time) on Tuesday?

-Ryan

---

**From:** Jeffrey O'Neill [mailto:Jeffrey.ONeill@WolfGreenfield.Com]
**Sent:** Thursday, April 10, 2008 2:55 PM
**To:** Ryan Marton
**Cc:** Albert, Michael; Abrahamsen, Robert
**Subject:** RE: Cordance v. Amazon -- production of documents relating to counterclaim

Ryan,

We took your suggestions into consideration and will use the following search strings for producing email:

(1) celiberate or "address book" or UAB or "self updating"
(2) (*amsoft* or ajay or *madhok) and (i-name* or i-service* or "contact service")
(3) *neustar* and "global registry"

We will also provide all of the emails from the archive of the OASIS XRI Data Interchange (XDI) Technical Committee and all of the emails from the archive of the OASIS Extensible Resource Identifier (XRI) Technical Committee, of which Drummond Reed is a chair.

As i-names is not itself accused of infringing the '369 patent, but only in combination with the Contact Service and the Unified Address Book, the above will include all emails likely to lead to relevant evidence.

Regards,
Jeff

---

**From:** Ryan Marton [mailto:RMarton@fenwick.com]
**Sent:** Friday, April 04, 2008 7:27 PM
**To:** O'Neill, Jeffrey C.
**Cc:** Abrahamsen, Robert; Albert, Michael
**Subject:** RE: Cordance v. Amazon -- production of documents relating to counterclaim

Jeff,

Please run these as well:

"address book"
UAB
i-service*
ajay
xri
xdi
*madhok
"contact service"
i-name*
*amsoft*
*neustar*
"self updating"
Skype

Thanks,
Ryan

---

**From:** Jeffrey O'Neill [mailto:Jeffrey.ONeill@WolfGreenfield.Com]
**Sent:** Friday, April 04, 2008 3:26 PM
**To:** Ryan Marton
**Cc:** Abrahamsen, Robert; Albert, Michael
**Subject:** Cordance v. Amazon -- production of documents relating to counterclaim

Ryan,

I am in the process of preparing documents related to Amazon's counterclaim. As we previously agreed, I will be using search strings to collect emails to be produced. Unless you have any comments, I will use the following search strings:

(1) CeLiberate* or "Unified Address Book"
(2) (Amsoft* or Neustar*) and (i-names* or "contact service")

Regards,
Jeff


**Jeffrey C. O'Neill, Ph.D.**
joneill@wolfgreenfield.com
Direct Dial 617.646.8390

**Wolf Greenfield**
*Specialists in Intellectual Property Law*
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000 | 617.646.8646 fax
**For more information about Wolf Greenfield, please visit us at http://www.wolfgreenfield.com**

*This e-mail message and any attachments may contain confidential
or privileged information. If you are not the intended recipient, please
notify me immediately by replying to this message. Please destroy all
copies of this message and any attachments. Thank you.*

--------------------------------------------

IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you
that any U.S. federal tax advice in this communication (including attachments) is not intended or written by
Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or
matter addressed herein.
--------------------------------------------

ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity
to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution
of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500
and delete or destroy any copy of this message.

# EXHIBIT C

## O'Neill, Jeffrey C.

| | |
|---|---|
| **From:** | O'Neill, Jeffrey C. |
| **Sent:** | Monday, May 19, 2008 3:46 PM |
| **To:** | 'Ryan Marton' |
| **Cc:** | Albert, Michael; Abrahamsen, Robert |
| **Subject:** | RE: Cordance v. Amazon -- production of documents relating to counterclaim |
| **Attachments:** | RE: Cordance v. Amazon -- production of documents relating to counterclaim |

Ryan,

Your recent email (attached) does not address my most recent email to you on this issue (below).

Further, your recent email arrives nearly three weeks after my previous email to you on this issue. In the meantime, we have produced thousands of emails relating to XRI/XDI, and we have prepared another production of thousands of additional documents based on the search terms we previously proposed, which should be forthcoming later this week.

As described below, if you provide some explanation as to why the documents that we are already producing are insufficient, we will consider your request.

Regards,
Jeff

---

**From:** O'Neill, Jeffrey C.
**Sent:** Wednesday, April 23, 2008 5:09 PM
**To:** 'Ryan Marton'; Saina Shamilov
**Cc:** Abrahamsen, Robert; Albert, Michael
**Subject:** RE: Cordance v. Amazon -- production of documents relating to counterclaim

Ryan,

At the end of our phone call on Tuesday April 15, 2008, you agreed to provide specific categories of documents relating to XRI/XDI/i-names that you felt were likely to lead to relevant evidence to claims asserted by Cordance or Amazon. The below email does not do that.

Regarding Cordance's claims against Amazon, you have provided no cogent explanation as to how emails are likely to lead to admissible evidence simply because they contain the terms i-names, XRI, or XDI. We believe the search terms we previously used (and to which you agreed) capture all e-mails that could potentially have any bearing on those claims.

Regarding Amazon's recently articulated contention that Cordance "actively induces others to use address book services with i-names," we see no justification for the requested discovery. We will be providing sufficient documents for you to gain a complete understanding of the operation of i-names and the Contact Service, and the search terms we suggest below will provide all emails likely to lead to relevant evidence relating to any alleged indirect infringement by Cordance. It is remarkable that you would continue to press your claim of indirect infringement without even a hint that any entity, CeLiberate or otherwise, has any plans whatsoever to launch an address book product of any sort based on the i-names platform. Your request that we review and produce countless e-mails that relate solely to i-names under these circumstances is wholly unreasonable.

Cordance has already produced approximately 40,000 documents, is producing documents from backup tapes, is producing all documents and emails relating to Cordance's patents, and will be providing you with

thousands of emails and other documents relating to i-names, the Contact Service, and the XRI and XDI standards. Your assertion that Cordance is not meeting its discovery obligations is misplaced.

As I stated previously, if you can provide a cogent explanation as to how a search for e-mails containing the terms XRI, XDI, or i-names is likely to capture relevant e-mails that would not also be captured by the more focused search terms we have proposed, then we will consider modifying our search accordingly. Should you wish to continue this discussion, please provide specific categories of documents relating to XRI/XDI/i-names that you believe would be likely to lead to relevant evidence.

Regards,
Jeff

---

**From:** Ryan Marton [mailto:RMarton@fenwick.com]
**Sent:** Wednesday, April 16, 2008 4:50 PM
**To:** O'Neill, Jeffrey C.
**Cc:** Albert, Michael; Abrahamsen, Robert; Saina Shamilov
**Subject:** RE: Cordance v. Amazon -- production of documents relating to counterclaim

Jeff,

This is a follow up from our call yesterday regarding the search terms Cordance plans on running to collect additional email. As we explained in the call, the terms i-names, XRI and XDI are directed at documents that bear on Cordance's claims, Amazon.com's defenses to those claims, and Amazon.com's counterclaims. As i-names and the underlying XRI/XDI standards are Cordance's implementation of the asserted patents as well as the technology accused by Amazon.com's counterclaim any documents that reference these terms are likely relevant. As an example, Amazon.com is entitled to any discussion regarding the operation i-names or the underlying standards and any documents bearing on the value of this technology.

Your argument that because i-names is accused in conjunction with the UAB and the contact service Cordance should only have to produce documents that specifically reference i-names in the context of work done with Amsoft is misplaced. A document need not mention every aspect of an accused technology to be relevant.

Please run the terms I suggested below and produce all relevant non-privileged documents. Also, can you confirm that you have or are running the terms listed in the attached email against this data set.

We should also talk about the timing of Cordance's production.

Regards,

Ryan

---

**From:** Jeffrey O'Neill [mailto:Jeffrey.ONeill@WolfGreenfield.Com]
**Sent:** Monday, April 14, 2008 12:18 PM
**To:** Ryan Marton
**Cc:** Albert, Michael; Abrahamsen, Robert; Saina Shamilov
**Subject:** RE: Cordance v. Amazon -- production of documents relating to counterclaim

Yes, I am free then.

---

**From:** Ryan Marton [mailto:RMarton@fenwick.com]
**Sent:** Friday, April 11, 2008 7:41 PM
**To:** O'Neill, Jeffrey C.
**Cc:** Albert, Michael; Abrahamsen, Robert; Saina Shamilov
**Subject:** RE: Cordance v. Amazon — production of documents relating to counterclaim

Jeff,

We need to talk about this as well as what searches you are using to search for documents. Are you free for a call 1pm (Eastern time) on Tuesday?

-Ryan

---

**From:** Jeffrey O'Neill [mailto:Jeffrey.ONeill@WolfGreenfield.Com]
**Sent:** Thursday, April 10, 2008 2:55 PM
**To:** Ryan Marton
**Cc:** Albert, Michael; Abrahamsen, Robert
**Subject:** RE: Cordance v. Amazon -- production of documents relating to counterclaim

Ryan,

We took your suggestions into consideration and will use the following search strings for producing email:

(1) celiberate or "address book" or UAB or "self updating"
(2) (*amsoft* or ajay or *madhok) and (i-name* or i-service* or "contact service")
(3) *neustar* and "global registry"

We will also provide all of the emails from the archive of the OASIS XRI Data Interchange (XDI) Technical Committee and all of the emails from the archive of the OASIS Extensible Resource Identifier (XRI) Technical Committee, of which Drummond Reed is a chair.

As i-names is not itself accused of infringing the '369 patent, but only in combination with the Contact Service and the Unified Address Book, the above will include all emails likely to lead to relevant evidence.

Regards,
Jeff

---

**From:** Ryan Marton [mailto:RMarton@fenwick.com]
**Sent:** Friday, April 04, 2008 7:27 PM
**To:** O'Neill, Jeffrey C.
**Cc:** Abrahamsen, Robert; Albert, Michael
**Subject:** RE: Cordance v. Amazon -- production of documents relating to counterclaim

Jeff,

Please run these as well:

"address book"
UAB
i-service*
ajay

xri
xdi
*madhok
"contact service"
i-name*
*amsoft*
*neustar*
"self updating"
Skype


Thanks,
Ryan

---

**From:** Jeffrey O'Neill [mailto:Jeffrey.ONeill@WolfGreenfield.Com]
**Sent:** Friday, April 04, 2008 3:26 PM
**To:** Ryan Marton
**Cc:** Abrahamsen, Robert; Albert, Michael
**Subject:** Cordance v. Amazon -- production of documents relating to counterclaim

Ryan,

I am in the process of preparing documents related to Amazon's counterclaim.  As we previously agreed, I will be using search strings to collect emails to be produced.  Unless you have any comments, I will use the following search strings:

(1) CeLiberate* or "Unified Address Book"
(2) (Amsoft* or Neustar*) and (i-names* or "contact service")


Regards,
Jeff


**Jeffrey C. O'Neill, Ph.D.**
joneill@wolfgreenfield.com
Direct Dial 617.646.8390

**Wolf Greenfield**
*Specialists in Intellectual Property Law*
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000 | 617.646.8646 fax
For more information about Wolf Greenfield, please visit us at http://www.wolfgreenfield.com

---

*This e-mail message and any attachments may contain confidential
or privileged information.  If you are not the intended recipient, please
notify me immediately by replying to this message. Please destroy all
copies of this message and any attachments. Thank you.*

---

IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

---

ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any

distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

# EXHIBIT D

## Search Terms Used by Cordance

The following is a incomplete list of search terms used by Cordance to select documents to produce to Amazon in response to Amazon's document requests. The "*" indicates a wild-card character that will extend the search term to include all prefixes and/or suffixes.

- "address book"
- "UAB"
- "CeLiberate"
- "self updating"
- i-name* AND *amsoft*
- i-name* AND ajay
- i-name* AND *madhok
- i-service* AND *amsoft*
- i-service* AND ajay
- i-service* AND *madhok
- "contact service" AND *amsoft*
- "contact service" AND ajay
- "contact service" AND *madhok
- *neustar* and "global registry"
- Amazon*
- 5,862,325
- 5862325
- "325 patent"
- *722,314
- *722314
- 6,044,205
- 6044205
- "205 patent"
- *609,115
- *609115
- 6,088,717
- 6088717
- "717 patent"

- *143,888
- *143888
- 6,345,288
- 6345288
- "288 patent"
- *570,675
- *570675
- 6,757,710
- 6757710
- "710 patent"
- *068,341
- *068341
- patent AND reed
- patent AND heymann
- patent AND mushero
- patent AND jones
- patent AND oberlander
- patent AND banay
- patent AND onename
- patent AND intermind
- invention AND reed
- invention AND heymann
- invention AND mushero
- invention AND jones
- invention AND oberlander
- invention AND banay
- invention AND onename
- invention AND intermind
- license AND reed
- license AND heymann
- license AND mushero

- license AND jones
- license AND oberlander
- license AND banay
- license AND onename
- license AND intermind
- "intellectual property" AND reed
- "intellectual property" AND heymann
- "intellectual property" AND mushero
- "intellectual property" AND jones
- "intellectual property" AND oberlander
- "intellectual property" AND banay
- "intellectual property" AND onename
- "intellectual property" AND intermind

# EXHIBIT E

OASIS Extensible Resource Identifier (XRI) TC Membership    http://www.oasis-open.org/committees/membership.php?wg_abbrev=xr

English/Other languages



**Advancing open standards for the information society**

About | Members | Join | News | Events | Members Only | Cover Pages | XML.org    search 

**CONSORTIUM**

OASIS Standards
How to Participate
Policies and Procedures

**TECHNICAL WORK**

Committees by Name
Committees by
Category
• Adoption Services
• Computing Mgmt
• Document-Centric
• e-Commerce
• Law & Government
• Localisation
• Security
• SOA
• Standards Adoption
• Supply Chain
• Web Services
• XML Processing
TC Guidelines
Mailing List Directory

**MEMBER SECTIONS**

CGM Open
eGov
Emergency
IDtrust
LegalXML
Open CSA
Telecom

**OASIS (##) CHANNELS**

Chinese
Japanese
Cover Pages
ebXML.org
XML.org

**NEWSLETTERS**

OASIS News
XML Daily Newslink
Subscriptions
RSS Feed

## OASIS Extensible Resource Identifier (XRI) TC

This page lists the OASIS members currently on this TC's publicly-visible membership roster.

| Person | Organization | Role |
|---|---|---|
| Geoffrey Strongin | Advanced Micro Devices | Voting Member |
| Ajay Madhok | AmSoft Systems | Voting Member |
| William Barnhill | Booz Allen Hamilton* | Voting Member |
| XiaoDong Lee | China Internet Network Information Center(CNNIC) | Voting Member |
| Eran Hammer-Lahav | Cordance* | Member |
| Drummond Reed | Cordance* | Chair |
| Paul Biciunas | Fidelity Investments* | Member |
| John Bradley | Individual | Voting Member |
| Kermit Snelson | Individual | Voting Member |
| Paul Trevithick* | Individual | Voting Member |
| Gabe Wachob | Individual | Chair |
| Les Chasen | NeuStar, Inc.* | Voting Member |
| Peter Davis | NeuStar, Inc.* | Voting Member |
| William Tan | NeuStar, Inc.* | Voting Member |
| Nat Sakimura | Nomura Research Institute, Ltd. (NRI)* | Voting Member |
| Nika Jones | Ouno, LLC | Voting Member |
| Owen Davis | Planetwork, Inc.* | Voting Member |
| Victor Grey | Planetwork, Inc.* | Voting Member |
| Fen Labalme | Planetwork, Inc.* | Voting Member |
| Marty Schleiff | The Boeing Company* | Voting Member |
| Giovanni Bartolomeo | University of Rome "Tor Vergata" | Voting Member |
| Steven Churchill | XDI.ORG* | Voting Member |
| Markus Sabadello | XDI.ORG* | Voting Member |

5/22/2008 1:16 PM

| TOP ▥



**ABOUT** | **MEMBERS** | **JOIN** | **NEWS** | **EVENTS** | **MEMBERS ONLY** | **COVER PAGES** | **XML.org**

Copyright © 1993-2008 OASIS ®. All Rights Reserved **OASIS trademark**, **IPR** and other **policies** apply.

# EXHIBIT F



**Potter
Anderson
Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

July 6, 2007

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

     Re:   *Cordance Corporation v. Amazon.com, Inc.*, C.A. No. 06-491-MPT

Dear Judge Thynge:

     After some discussions between the parties regarding Amazon.com's declaratory judgment counterclaim and Cordance's pending Motion to Dismiss that counterclaim, Amazon.com respectfully submits the following clarification of its allegations.

     Cordance filed this action against Amazon.com alleging infringement of one of its patents.  In its Answer, Amazon.com asserted several counterclaims one of which is a declaratory judgment of infringement of U.S. Patent No. 6,269,369 (the "'369 patent").  In its declaratory judgment counterclaim, Amazon.com alleged that Cordance's iNames, the Contact Service and the Unified Address Book infringe at least one claim of the '369 patent. Amazon.com did not allege that each of the three accused products infringes the '369 patent, but instead alleged that the three accused products when used in conjunction—the use intended by Cordance—infringe the '369 patent.  In case there is any confusion, none of the statements made by Amazon.com in its opposition to Cordance's Motion to Dismiss or its subsequent letter briefs were intended to suggest otherwise.

     Amazon.com has already provided the above clarification to Cordance, but please advise whether the Court would like to receive further clarification on the issue.

          Respectfully,

          */s/ Richard L. Horwitz*

          Richard L. Horwitz

805540 / 30763
cc:    Clerk of the Court (via hand delivery)
       Steven J. Balick (via electronic mail)
       John G. Day (via electronic mail)
       Robert M. Abrahamsen (via electronic mail)