IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-491-MPT |
| | ) | |
| AMAZON.COM, INC. and AMAZON WEB SERVICES, LLC, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY TO COUNTERCLAIMS IN DEFENDANTS'
ANSWER TO CORDANCE'S THIRD AMENDED COMPLAINT**

Plaintiff, Cordance Corporation ("Cordance"), replies to the Counterclaims of Defendants, Amazon.com, Inc. and Amazon Web Services, LLC (collectively, "Amazon"), filed in its Answer (D.I. 158) to Cordance's Third Amended Complaint (D.I. 156) as follows:

**COUNTERCLAIMS**

1. Admits that Amazon filed the stated counterclaims, but otherwise denies.

**THE PARTIES**

2. Admits.

3. Admits.

4. Admits.

**JURISDICTION AND VENUE**

5. Denies.

6. Admits, except denies that subject matter jurisdiction exists.

7. Admits, except denies that subject matter jurisdiction exists.

8. Denies.

## FIRST COUNTERCLAIM

9. Restates and incorporates by reference the replies to the averments stated in paragraphs 1-8.

10. Admits.

11. Admits.

12. Denies.

## SECOND COUNTERCLAIM

13. Restates and incorporates by reference the replies to the averments stated in paragraphs 1-12.

14. Denies.

## THIRD COUNTERCLAIM

15. Restates and incorporates by reference the replies to the averments stated in paragraphs 1-8.

16. Admits.

17. Admits.

18. Denies.

## FOURTH COUNTERCLAIM

19. Restates and incorporates by reference the replies to the averments stated in paragraphs 1-8 and 15-18.

20. Denies.

## FIFTH COUNTERCLAIM

21. Restates and incorporates by reference the replies to the averments stated in

paragraphs 1-8.

22. Admits.

23. Admits.

24. Denies.

### SIXTH COUNTERCLAIM

25. Restates and incorporates by reference the replies to the averments stated in paragraphs 1-8 and 21-24.

26. Denies.

### SEVENTH COUNTERCLAIM

27. Restates and incorporates by reference the replies to the averments stated in paragraphs 1-8.

28. Admits.

29. Admits.

30. Denies.

### EIGHTH COUNTERCLAIM

31. Restates and incorporates by reference the replies to the averments stated in paragraphs 1-8 and 27-30.

32. Denies.

### PURPORTED NINTH COUNTERCLAIM

33. In its Answer (D.I. 158), Amazon added for the first time its purported Ninth Counterclaim for a Declaration of Unenforceability. Under the Federal and Local Rules and the scheduling order in this case, Amazon was required to seek leave from the Court to add an additional counterclaim at that time, but Amazon did not seek leave. Amazon's purported Ninth

Counterclaim does not comply with the Federal and Local Rules and is not properly before this Court. Cordance, out of an abundance of caution, restates and incorporates by reference the replies to the averments stated in paragraphs 1-8 and denies paragraphs 8-11 of Section II of Amazon's Answer.

34. Amazon's purported Ninth Counterclaim does not comply with the Federal and Local Rules and is not properly before this Court. Cordance, out of an abundance of caution, denies.

## TENTH COUNTERCLAIM

35. Restates and incorporates by reference the replies to the averments stated in paragraphs 1-8.

36. Admits that a copy of the '369 patent was attached to the counterclaims that on its face indicates it issued on July 31, 2001 and identifies Brian D. Robertson as the sole inventor and Amazon.com Holdings, Inc. as the assignee, but otherwise denies.

37. Lacks sufficient information to form a belief as to the truth or falsity of the averments in paragraph 37, and therefore denies.

38. Lacks sufficient information to form a belief as to the truth or falsity of the averments in paragraph 38, and therefore denies.

39. Lacks sufficient information to form a belief as to the truth or falsity of the averments in paragraph 39, and therefore denies.

## ELEVENTH COUNTERCLAIM

40. Restates and incorporates by reference the replies to the averments stated in paragraphs 1-8.

41. Admits that a copy of the '369 patent was attached to the counterclaims that on its

face indicates it issued on July 31, 2001 and identifies Brian D. Robertson as the sole inventor and Amazon.com Holdings, Inc. as the assignee, but otherwise denies.

42. Denies.

43. Lacks sufficient information to form a belief as to the truth or falsity of the averments in paragraph 43, and therefore denies.

44. Denies.

45. Denies.

46. Denies.

47. Denies.

### AFFIRMATIVE DEFENSES

1. Cordance has not infringed the '369 patent and has not taken concrete steps with the intent of performing acts that would infringe the '369 patent.

2. The '369 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, § 1, *et seq.*

3. Amazon's purported Ninth Counterclaim is not properly before this Court and should be deemed to form no part of Amazon's pleadings.

4. The Court lacks subject matter jurisdiction to hear Amazon's Eleventh Counterclaim.

5. Amazon's Eleventh Counterclaim is barred by laches and unclean hands.

**PRAYER FOR RELIEF**

WHEREFORE, Cordance prays for judgment with respect to Amazon's counterclaims as follows:

a. this Court enter judgment against Amazon and in favor of Cordance on Amazon's counterclaims and that such counterclaims be dismissed with prejudice;

b. this Court find and declare that the claims of the '710 patent, the '205 patent, the '325 patent, and the '717 patent have been and continue to be infringed by Amazon;

c. this Court find and declare that the claims of the '710 patent, the '205 patent, the '325 patent, and the '717 patent are valid and enforceable;

d. this Court find and declare that Cordance has not infringed the '369 patent and has not taken concrete steps with the intent of performing acts that would infringe the '369 patent;

e. this Court find and declare the claims of the '369 patent are invalid and unenforceable;

f. this Court deem the purported Ninth Counterclaim to not form any part of Amazon's pleadings or dismiss it as not properly before this Court;

g. this Court dismiss the Eleventh Counterclaim for lack of subject matter jurisdiction;

h. this Court award Cordance its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise;

i. this Court award Cordance its costs; and

j. this Court award Cordance such other and further relief as the Court shall deem just and proper.

**JURY DEMAND**

Cordance respectfully requests a jury trial on all issues so triable.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
617-646-8000
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
joneill@wolfgreenfield.com

Dated: July 11, 2008