**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-491-MPT |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, the attached subpoena will be served on LinkSafe, LLC.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

By:   */s/ David E. Moore*
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware 19801
      Tel: (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

Dated:  August 26, 2008
879929 / 30763

*Attorneys for Defendant and Counterclaim
Plaintiff Amazon.com, Inc.*

LJAO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CORDANCE CORPORATION,

V.

AMAZON.COM, INC. et al,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]     C.A. No. 06-491-MPT
US District Court
District of Delaware

TO:  LinkSafe, LLC              c/o: CSC-Lawyers Incorporating Service
     936 Oxford Street          2730 Gateway Oaks Drive, Ste. 100
     Berkeley, CA  94707        Sacramento, CA  95833
                                Telephone: (916) 563-2100

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| Fenwick & West LLP, 801 California Street, Mountain View, CA, (650) 988-8500 | September 12, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | August 25, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Saina Shamilov, Esq. (650) 988-8500
Fenwick & West, LLP
801 California Street, Mountain View, CA  94041

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

# ATTACHMENT A

## DEFINITIONS

1.     "CONTACT SERVICES" shall mean and include any functionality, service, system, capability, component, or combination thereof which can provide contact management via a network; the term specifically includes the "Unified Address Book" and "Contact" i-names services promoted as such.

2.     "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all non-identical copies, and all preliminary and final drafts of any such item.

3.     "COMMUNICATION" refers to all written and oral inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, postcards, notes, telegrams, advertisements, computer messages, e-mail messages, voice-mail messages, and all other DOCUMENTS evidencing any verbal or nonverbal interaction between two or more PERSONS.

4.     "IBROKERS" means any digital identity registration service accredited through XDI.ORG.

5.     "PERSONS" means any individual, corporation, proprietorship, association, joint venture, company, partnership, governmental body or agency, or any other business or legal entity.

6.     "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO," "REFERRING TO," "CONCERNING" and "REGARDING" shall mean pertaining to, mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, addressing, referring to, dealing with, comprising, consisting of, containing, providing basis for, resulting from, or recording a particular subject in whole or in part either directly or indirectly or being in any way logically or factually connected with the matter

1

discussed or identified.

7. "YOU," or "YOUR" means LinkSafe, LLC and all its divisions, parents, subsidiaries, affiliates, predecessor or successor companies, if any, and its past and present officers, directors, employees, attorneys, authorized agents, sales representatives, distributors, consultants, dealers and other persons acting or purporting to act on its behalf.

8. "XDI.ORG" means the organization governing open public XRI and XDI infrastructure and open standards for digital identity addressing.

9. "CORDANCE" means Cordance Corporation and all its divisions, parents, subsidiaries, affiliates, predecessor or successor companies, if any, and its past and present officers, directors, employees, attorneys, authorized agents, sales representatives, distributors, consultants, dealers and other persons acting or purporting to act on its behalf.

10. "XDI.ORG AFFILIATED ENTITY" means any entity that is a sponsor of, supporter of or is accredited by XDI.ORG, including but not limited to AmSoft Systems, Cordance Corporation, Epok Inc., Identity Commons, Nomura Research Institute, PW Registry, 2idi, Blue Oxen Associates, Neosociety, PlaNetwork, Oasis and inames.net

11. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

12. The words "and" and "or" mean "and/or" and shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

1. In producing DOCUMENTS, furnish all DOCUMENTS known or available to YOU in YOUR possession, custody or control.

2. Electronic DOCUMENTS must be produced in their native forms (e.g., electronic DOCUMENTS must be produced electronically). Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

2

3.     Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), YOU must supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

    a.   The identity of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

    b.   The identity(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

    c.   The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

    d.   The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

    e.   The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

4.     If any DOCUMENT responsive to any of the following requests is believed by YOU to be subject to confidentiality obligations owed by YOU to a third party, identify the DOCUMENT, and identify the third party to whom YOU owe an obligation of confidentiality with respect to that DOCUMENT.

5.     If any DOCUMENT is deemed confidential by YOU, YOU must still produce it as it shall be protected under the protective order entered in this case.

6.     The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

## REQUESTS FOR PRODUCTION

1.     ALL DOCUMENTS RELATING TO i-names technology and the CONTACT SERVICES.

2.     ALL DOCUMENTS RELATING TO XDI.ORG or XDI.ORG accreditation.

3.    ALL DOCUMENTS RELATING TO CORDANCE or Drummond Reed.

4.    ALL DOCUMENTS RELATING TO any COMMUNICATION relating to i-names technology or any related service or XDI.ORG accreditation with other IBROKERS, XDI.ORG, or XDI.ORG AFFILIATED ENTITIES.

5.    ALL DOCUMENTS RELATING TO any legal, contractual, financial or any other relationship between YOU and XDI.ORG, between YOU and ANY XDI.ORG AFFILIATED ENTITY, between YOU and CORDANCE, and between YOU and Drummond Reed.

6.    ALL DOCUMENTS RELATING TO agreements whether formal or informal, written or oral, between YOU and IBROKERS, YOU and CORDANCE, YOU and XDI.ORG, YOU and any XDI.ORG AFFILIATED ENTITY, YOU and Drummond Reed RELATING TO the i-names technology or related services.

7.    ALL DOCUMENTS RELATING TO the design, development, functionality, operation, implementation, marketing, advertising, and sale of i-names technology and CONTACT SERVICES.

8.    ALL DOCUMENTS provided to ANY XDI.ORG AFFILIATED ENTITY RELATING TO i-names technology, or related services such as the CONTACT SERVICES, or your XDI.ORG accreditation.

9.    ALL DOCUMENTS provided to XDI.ORG RELATING TO i-names technology, or related services such as the CONTACT SERVICES, or your XDI.ORG accreditation.

10.   ALL DOCUMENTS provided to CORDANCE RELATING TO i-names technology, or related services such as the CONTACT SERVICES, or your XDI.ORG accreditation.

4

11.     ALL DOCUMENTS provided to YOU by any XDI.ORG AFFILIATED ENTITY RELATING TO i-names technology, or related services such as the CONTACT SERVICES, or your XDI.ORG accreditation.

12.     ALL DOCUMENTS provided to YOU by Cordance RELATING TO i-names technology, or related services such as the CONTACT SERVICES, or your XDI.ORG accreditation.

13.     ALL DOCUMENTS provided to YOU by XDI.ORG RELATING TO i-names technology, or related services such as the CONTACT SERVICES, or your XDI.ORG accreditation.

14.     ALL DOCUMENTS provided to YOU by Drummond Reed RELATING TO i-names technology, or related services such as the CONTACT SERVICES, or your XDI.ORG accreditation.

15.     ALL DOCUMENTS RELATING TO importance, benefits, advantages, competitive analysis, or forecasted or projected adoption of the i-names technology and related services including without limitation the CONTACT SERVICES.

16.     ALL DOCUMENTS RELATING TO offerings of the CONTACT SERVICES.

17.     ALL DOCUMENTS RELATING TO any past, present, forecasted or projected costs, profits, and revenues RELATING TO the i-names technology and related services, including without limitation the CONTACT SERVICES, and including without limitation DOCUMENTS RELATING TO CORDANCE'S contribution and share of costs, profits, and revenues.

18.     DOCUMENTS sufficient to show and identify a custodian or custodians of records for the other materials sought hereunder.

5

19.    ALL COMMUNICATIONS with CORDANCE.

20.    ALL COMMUNICATIONS with Drummond Reed.

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 26, 2008, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on August 26, 2008, the attached document was Electronically

Mailed to the following person(s):

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Jeffrey O'Neill
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
jeffrey.oneill@wolfgreenfield.com

By: /s/ David E. Moore
         Richard L. Horwitz
         David E. Moore
         Hercules Plaza, 6th Floor
         1313 N. Market Street
         Wilmington, Delaware 19899-0951
         (302) 984-6000
         rhorwitz@potteranderson.com
         dmoore@potteranderson.com

757320 / 30763