IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-491-MPT |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC. and | ) |
| AMAZON WEB SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the attached subpoena will be served on Wolf, Greenfield & Sacks, P.C.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated: September 10, 2008
882069 / 30763

*Attorneys for Defendants
Amazon.com, Inc. and
Amazon Web Services, LLC*

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### District of Massachusettes

| Cordance Corporation, Plaintiff | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Amazon.com., Incq | Case Number:[1] 1:06-00491-MPT (District of Delaware) |

TO: Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Fenwick & West LLP, 801 California St., Mountain View, CA 94041 | October 17, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | September 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Guinevere L. Jobson
Fenwick & West LLP, 801 California St., Mountain View, CA 94041; (650) 335-7824

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

## EXHIBIT A

### DEFINITIONS

1. "YOU" and "YOUR" means Wolf, Greenfield & Sacks, PC, and shall include its predecessor or successor entities, if any, and its past and present officers, directors, partners, employees, attorneys, authorized agents, consultants, and other persons acting or purporting to act on its behalf.

2. The term "ACTION" shall refer to *Cordance Corporation v. Amazon.com, Inc.*, Civil Action No. 1:06- 00491(MPT).

3. "Cordance" means Plaintiff in the ACTION, Cordance Corporation, and shall include its divisions, parents, subsidiaries, affiliates, predecessors or successor companies, if any, entities acting under prior or subsequent names (including but not limited to, OneName Corporation and Intermind), entities under common ownership or control, and its past and present officers, directors, employees, attorneys, contractors, authorized agents, representatives, distributors, consultants, dealers and other persons acting or purporting to act on its behalf.

4. "Amazon" refers to defendant Amazon.com, Inc.

5. The term "'710 patent" refers to U.S. Patent No. 6,757,710, listing Drummond S. Reed as inventor, filed on February 5, 2002, issued on June 29, 2004 and titled "Object-Based On-Line Transaction Infrastructure."

6. The term "'325 patent" refers to U.S. Patent No. 5,862,325, listing Drummond S. Reed; Peter E. Heymann; Steven M. Mushero; Kevin B. Jones; Jeffrey T. Oberlander and Dan Banay as inventors, filed on September 27, 1996, issued on January 19, 1999, and titled "Computer-Based Communication System And Method Using Metadata Defining A Control Structure."

7. The term "'205 patent" refers to U.S. Patent No. 6,044,205, Drummond S. Reed; Peter E. Heymann; Steven M. Mushero; Kevin B. Jones; Jeffrey T. Oberlander and Dan Banay as inventors, filed on February 29, 1996, issued on March28, 2000, and titled "Communications System For Transferring Information Between Memories According To Processes Transferred With The Information."

8. The term "'717 patent" refers to U.S. Patent No. 6,088,771, listing Drummond S. Reed; Peter E. Heymann; Steven M. Mushero; Kevin B. Jones; Jeffrey T. Oberlander and Dan Banay as inventors, filed on August 31, 1998, issued on July 11, 2000, and titled "Computer-Based Communication System And Method Using Metadata Defining A Control-Structure."

9. The term "PATENTS IN SUIT" refers to the '710, '325, '205, and '717 patents both collectively and to each of them.

10. The "PARENT APPLICATIONS" means all applications (whether pending, issued, or abandoned) either in the U.S. or abroad (and including applications filed under PCT) to which any of the PATENTS IN SUIT claim the benefit of priority and including, but not limited to, all applications identified in the first column of the PATENTS IN SUIT and in any foreign priority information, and each of them.

11. The "CHILD APPLICATIONS" means all applications (whether pending, issued, or abandoned) either in the U.S. or abroad (and including applications filed under PCT) which claims the benefit of priority to the any of PATENTS IN SUIT and/or the PARENT APPLICATIONS, and each of them.

12. The "RELEVANT APPLICATIONS" shall mean and include the PATENTS IN SUIT, the PARENT APPLICATIONS and the CHILD APPLICATIONS, and each of them, and any application for patent naming as an inventor an inventor on the foregoing and having substantially the same disclosure as one of foregoing.

13. "INFORMATION MATERIAL TO PATABILITY" means information (1) that establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (2) refutes, or is inconsistent with, a position a patent applicant takes in (a) opposing an argument of unpatentability relied on by a patent office, (b) asserting an argument of patentability, (c) characterizing or describing any reference submitted to any patent office, or (d) making any representation to any patent office. For purposes of this definition, "a prima facie case of unpatentability" is established when the information can support a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence or argument which may tend to establish a contrary conclusion of patentability. "Information material to patentability"

specifically includes, but is not limited to, (1) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; (2) prior art cited in search reports of a foreign patent office in a counterpart application; and (3) the closest information over which individuals associated with the filing or prosecution of a patent application believe (or have believed) any claim patentably defines.

14. "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The term shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in YOUR possession, custody, or control, to which YOU have access, or of which YOU have knowledge. DOCUMENT(S) shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, communications (including intra-company communications), electronic mail, data from Personal Digital Assistants (including Palm Pilots, pagers, and other PDAs), correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail transcriptions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. DOCUMENT(S) shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other electronic-storage device). A draft or non-identical copy is a separate document within the meaning of this term.

15. "ALL DOCUMENTS" means any and all DOCUMENTS that YOU can locate through a diligent search of all locations likely to contain DOCUMENTS requested herein and through reasonable inquiry of all PERSONS likely to know of the existence of DOCUMENTS requested herein.

16. "COMMUNICATION" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mail, e-mail, and all other DOCUMENTS evidencing any verbal or non-verbal interaction between persons and entities.

17. "PERSON" or "PERSONS" includes, but is not limited to, any natural persons in any capacity whatsoever, corporate or other business entities, and all other forms of legal entities, including divisions, subsidiaries, departments, and other units therein and shall include, but is not limited to the following: corporations, partnerships, joint ventures, voluntary or unincorporated associations, business organizations, trade organizations, standards organizations, governmental entities (including commissions, bureaus and departments), trusts, estates, sole proprietorships and all other entities similar to any of the foregoing, however denominated.

18. "RELATE TO," "RELATING TO," "RELATES TO," "RELATING TO," "RELATED TO," "REFERRING TO," "CONCERNING" and "REGARDING" shall mean pertaining to, mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, referring to, dealing with, comprising, consisting of, containing, resulting from, or recording a particular subject in whole or in part, either directly or indirectly, or being in any way logically or factually connected with the matter discussed or identified.

19. "ALL" and "EACH" shall be construed as "ALL AND EACH."

20. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these discovery requests.

21. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

22. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

1. The subpoena served upon YOU commands YOU to produce all responsive

documents in YOUR possession, custody or control, or in the possession, custody or control of YOUR attorneys, agents, representatives or employees.

2. Pursuant to Federal Rule of Civil Procedure 45(d)(1), YOU are to provide documents responsive to this subpoena as they are kept in the ordinary course of business or can organize and label the documents to correspond with the categories set forth below.

3. Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to insure that the source of each document may be determined, if necessary.

5. File folders with tabs or labels or directories of files identifying documents called for by these requests must be produced intact with such documents.

6. Documents attached to each other shall not be separated.

7. The document requests do not require disclosure of privileged or other protected matter where no exception or waiver applies. Should YOU seek to withhold any document based on some limitation of discovery (including but not limited to a claim of privilege), supply a list of the documents for which limitation of discovery is claimed, indicating:

    a. The identity of each document's author, writer, sender, or initiator;

    b. The identity of each document's recipient, addressee, or person for whom it was intended;

    c. The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;

    d. The general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and

    e. The claimed grounds for limitation of discovery (e.g., "attorney-client privilege").

8.  If YOUR response to a particular demand is a statement that YOU lack the ability to comply with that demand, YOU must specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in YOUR possession, custody, or control, in which case the name and address of any person or entity known or believed by YOU to have possession, custody, or control of that document or category of document must be identified.

9.  To the extent permitted and authorized by law, these document requests shall be deemed continuing so as to require further and supplemental responses and production if YOU obtain additional documents between the time of initial production and the time of hearing or trial.

## DOCUMENT REQUESTS

1.  All DOCUMENTS RELATING TO or corroborating conception or reduction to practice of subject matter claimed in the RELEVANT APPLICATIONS.

2.  All DOCUMENTS RELATING TO inventorship of the RELEVANT APPLICATIONS, including all DOCUMENTS RELATED TO the determination of which individuals to list, add, retain, or remove as inventors on the RELEVANT APPLICATIONS and all DOCUMENTS RELATED TO correction of inventorship.

3.  All DOCUMENTS RELATING TO INFORMATION MATERIAL TO PATENTABILITY for the RELEVANT APPLICATIONS.

4.  All technical notebooks and files RELATED TO the subject matter disclosed in the PATENTS IN SUIT, including but not limited to notebooks, invention disclosures, papers, programs, write-ups, meeting notes, transcriptions, and/or files of the inventors listed on the face of the PATENTS IN SUIT, other individuals contributing to the disclosure or research relating thereto, actual but not named inventors, or person(s) having contended they were an inventor of or contributor to subject matter disclosed in the PATENTS IN SUIT.

5. All DOCUMENTS that RELATE TO the sale, license, mortgage, assignment, or other transfer of any rights in the RELEVANT APPLICATIONS.

6. All DOCUMENTS that RELATE TO negotiations for the sale, license, mortgage or other assignment of any rights in the RELEVANT APPLICATIONS, whether or not those negotiations led to a transfer of rights.

7. All DOCUMENTS RELATING TO discussions or disputes between inventors and/or assignees and any other PERSON concerning the RELEVANT APPLICATIONS.

8. All DOCUMENTS RELATING TO your practices and/or procedures for prosecuting patent applications before the United States Patent and Trademark Office, including but not limited to, all checklists or other DOCUMENTS outlining procedures for completion or consideration upon filing an application, paying an issue fee, allowing an application to issue, complying with obligations pursuant to 37 C.F.R. 1.56, submitting an assignment or declaration, claiming small entity status, or determining inventorship.

9. All DOCUMENTS RELATING TO prosecution of the RELEVANT APPLICATIONS.

10. All DOCUMENTS RELATING TO correspondence to or from any foreign agents regarding the RELEVANT APPLICATIONS or any foreign applications or patents related to the RELEVANT APPLICATIONS.

11. All DOCUMENTS that RELATE TO any attempt to enforce (including, but not limited to, via litigation, solicitation of licenses, or demands to cease and/or desist any activity) the RELEVANT APPLICATIONS.

12. All DOCUMENTS that RELATE TO any challenge, whether formal or informal, to the validity of the RELEVANT APPLICATIONS.

13. All DOCUMENTS that RELATE TO any challenge, whether formal or informal, to the enforceability of the RELEVANT APPLICATIONS.

14. All DOCUMENTS that RELATE TO any priority contest or interference involving the RELEVANT APPLICATIONS.

15. All DOCUMENTS that RELATE TO any legal proceedings involving the RELEVANT APPLICATIONS.

16. All DOCUMENTS and things that RELATE TO any analysis as to whether a product or service embodied, practiced, or infringed one or more claims in the RELEVANT APPLICATIONS.

17. All DOCUMENTS that RELATE TO any opinion, including but not limited to patentability, enforceability, validity, or infringement concerning the PATENTS IN SUIT.

18. All DOCUMENTS that RELATE TO papers submitted to any patent office in connection with the RELEVANT APPLICATIONS, including all drafts thereof, and COMMUNICATIONS RELATED TO such papers.

19. All DOCUMENTS RELATED TO the preparation of, revision of, investigation for, support for, and/or exhibit to any declaration prepared (whether or not submitted) in connection with the RELEVANT APPLICATIONS, including but not limited to, any declaration pursuant to 37 C.F.R. 1.131, 1.132, 1.322, 1.323, or 1.324 .

20. All DOCUMENTS RELATED TO corroboration of any date of invention of subject matter disclosed in the RELVANT APPLICATIONS, including all documents purporting to indicate a person had read and/or understood the contents of any disclosure RELATED TO subject matter disclosed in the RELEVANT APPLICATIONS.

21. All DOCUMENTS RELATED TO any search or investigation of prior art, literature, prior work, validity, or the state of the art conducted for subject matter RELATED TO the RELEVANT APPLICATIONS.

22. All DOCUMENTS RELATED TO compliance with the duty of candor before the U.S. Patent and Trademark Office in connection with the RELEVANT APPLICATIONS.

23. All DOCUMENTS RELATING TO COMMUNICATIONS RELATING TO the subject matter claimed or disclosed in the PATENTS IN SUIT or PARENT APPLICATIONS.

24. All DOCUMENTES RELATING TO the RELEVANT APPLICATIONS including, but not limited to, a copy of YOUR FILES RELATING TO the RELEVANT APPLICATIONS.

25. All DOCUMENTS RELATING TO invoices or bills to Cordance or Drummond Reed relating to the RELEVANT APPLICATIONS.

26. DOCUMENTS sufficient to show the activities of all persons involved with preparing an application for subject matter disclosed in the '205 Patent during the period starting when you were first engaged in connection therewith and the actual filing date thereof.

27. DOCUMENTS sufficient to show the activities of all persons involved with preparing an application for subject matter disclosed in the '325 Patent during the period starting when you were first engaged in connection therewith and the actual filing date thereof.

28. All DOCUMENTS RELATING TO the Licensing Failure Indemnity Coverage agreement dated October 6, 2000 entered into between Cordance Corporation ("Cordance") and the Underwriters at Lloyd's, London ("Lloyds") including all DOCUMENTS RELATING TO the arbitration between Cordance and Lloyds pursuant to that agreement and all DOCUMENTS RELATING TO the opinion prepared by the independent patent counsel pursuant to that agreement.

29. All DOCUMENTS RELATING TO the Information Disclosure Statement filed with the USPTO on September 18, 1998 in connection with the prosecution of the '205 patent including all DOCUMENTS relating to its preparation.

30. All DOCUMENTS RELATING TO the Information Disclosure Statement filed with the USPTO on September 29, 1998 in connection with the prosecution of the '717 patent including all DOCUMENTS relating to its preparation.

31. All DOCUMENTS RELATING TO Information Disclosure Statement filed with the USPTO on May 6, 1998 in connection with the prosecution of the '325 patent including all DOCUMENTS relating to its preparation.

32. All DOCUMENTS RELATING TO the Information Disclosure Statement filed with the USPTO on September 18, 1998 in connection with the prosecution of the '205 patent including all DOCUMENTS relating to its preparation.

33. All DOCUMENTS RELATING TO the declaration of Drummond Reed filed with the USPTO on May 5, 2003 in connection with the prosecution of the '710 patent including all DOCUMENTS referenced therein and all DOCUMENTS relating to its preparation.

34. DOCUMENTS sufficient to show the nature of any and all finacnail arrangements between YOU and Cordance.

35. All DOCUMENTS RELATING TO the destruction of any DOCUMENTS otherwise sought hereunder, including any policy YOU follow regarding the destruction and/or retention of files and/or DOCUMENTS.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 10, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 10, 2008, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Steven J. Balick | Michael A. Albert |
| John G. Day | Robert M. Abrahamsen |
| Tiffany Geyer Lydon | Jeffrey O'Neill |
| Ashby & Geddes | Wolf, Greenfield & Sacks, P.C. |
| 500 Delaware Avenue, 8th Floor | 600 Atlantic Avenue |
| Wilmington, DE 19899 | Boston, MA 02210-2206 |
| sbalick@ashby-geddes.com | malbert@wolfgreenfield.com |
| jday@ashby-geddes.com | rabrahamsen@wolfgreenfield.com |
| tlydon@ashby-geddes.com | jeffrey.oneill@wolfgreenfield.com |

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

757320 / 30763