

Potter
Anderson
& Corroon LLP

**David E. Moore**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

November 12, 2008

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

      Re:   *Cordance Corporation v. Amazon.com, Inc.*, C.A. No. 06-491-MPT

Dear Magistrate Judge Thynge:

     After a good faith effort to resolve this dispute informally, Amazon.com respectfully requests the Court's intervention to prevent the following abuses of discovery: the deposition notices of Amazon.com's CEO and two of its other highest-level executives. The notices are attached as Exhibits A-C.

**Depositions of Jeffrey Bezos, Jeffrey Blackburn, and Jeffrey Wilke**

     Cordance has served deposition notices for Jeffrey Bezos, the founder and CEO of Amazon.com, Jeffrey Blackburn, the Senior Vice President of Business Development, and Jeffrey Wilke, the Senior Vice President, North American Retail. These depositions are not warranted as none of these top level executives have unique information relevant to the current dispute.

     Cordance offers a single and unconvincing justification for needing this testimony: to explore the value of the accused technologies. As none of these witnesses have direct responsibilities related to accused technologies, none of them would have unique knowledge on that topic. Mr. Blackburn is responsible for mergers & acquisitions as well as oversight for Amazon.com advertising and, accordingly, would not in any case be exposed to information related to the value of the accused technologies. With regard to Mr. Wilke and Mr. Bezos, to the extent they know anything about the value of the accused features, that information is learned from others who report such information to them. Amazon.com is searching and producing documents from Mr. Wilke and Mr. Bezos related to the value of the accused features, despite the fact it is unlikely they would have any such information. In addition, Amazon.com is providing 30(b)(6) witnesses on value of the accused technology as well as producing the

The Honorable Mary Pat Thynge
November 12, 2008
Page 2

documents regarding the value of the accused features from the managers directly responsible for accused features.

The harassing nature of Cordance's demand is further reflected by the fact that Cordance noticed these depositions to take place in Delaware even though these executives all live and work in the Seattle area, where both Amazon.com and Cordance have their principal place of business and despite the fact that both parties' counsel will be in Seattle for weeks of depositions of other witnesses in the coming month. Furthermore, the depositions are scheduled at the end of the Amazon.com fourth quarter when Amazon.com executives are busy preparing for this year's final Amazon.com board meeting and as Amazon.com launches its business-essential holiday selling season. These depositions bear all the hallmarks of using the Court and its discovery process to harass and disrupt the business operations of Amazon.com and its executives rather than pursue essential discovery in good faith. Amazon.com accordingly requests that the Court enter a protective order preventing these depositions from going forward as scheduled.

Depositions of high-ranking executives have been viewed with skepticism by federal courts, especially where the executive does not possess unique personal knowledge and the testimony can be obtained from lower-ranking employees or interrogatories and document requests. *See Koken v. Lexington Ins. Co.*, 2005 WL 6051364, at * 1 (E.D. Pa. July 18, 2005) ("The general trend among federal courts is to prohibit, or to place significant limitations upon, the deposition of a high-ranking corporate executive who has no personal knowledge of the subject matter of the litigation"). Courts "must examine the possibility of harassment and the potential disruption of business." *General Star Indem. Co. v. Platinum Indem. Ltd.*, 210 F.R.D. 80, 83 (S.D.N.Y. 2002). Some courts require the party seeking discovery to first take the depositions of other employees in order to obtain the information before re-noticing the deposition of the high-ranking official. *Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979) (concluding that the trial court had the authority to deny plaintiff's request to take the deposition of Upjohn's president where the defendant identified employees with personal knowledge of the relevant information and plaintiff's were in possession of the president's testimony to a Senate committee).

Deposition of none of these senior executives is necessary to reveal unique information that is not readily available through other, more convenient sources. Amazon.com has listed none of these individuals on its Rule 26 disclosures, and, likewise, Cordance listed neither Mr. Blackburn nor Mr. Wilke. As said above, these senior executives receive information from other employees — through several organizational reporting relationships — who have personal knowledge of the relevant technology and business operations. Cordance can obtain the information those individuals have directly from them without the disruption to Amazon.com's other operations the time for depositions by these executives' will cause. *See, e.g., Reif v. CNA*, 248 F.R.D. 448, 451 (E.D. Pa. 2008) (noting that courts focus their decision on whether to grant protective orders in these circumstances on "whether the executives possess personal or superior unique knowledge" and "whether the information can be obtained from lower level employees or through less burdensome means").

As to Cordance's notice to Amazon.com's CEO and founder, Mr. Bezos, Cordance concedes that the only specific topic on which it seeks to examine Mr. Bezos is a declaration he submitted nearly a decade ago regarding Amazon.com's 1-Click ordering system. Mr. Bezos has

The Honorable Mary Pat Thynge
November 12, 2008
Page 3

already been deposed for two days regarding that declaration and any other knowledge he had relating to the 1-Click feature.  Cordance has offered no explanation why the information it seeks is not available from the transcripts of Mr. Bezos' two prior depositions.

Respectfully,

*/s/ David E. Moore*

David E. Moore

890032 / 30763

cc:     Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)