

**Potter Anderson & Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**David E. Moore**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

November 13, 2008

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

> Re:  *Cordance Corporation v. Amazon.com, Inc.*, C.A. No. 06-491-MPT

Dear Magistrate Judge Thynge:

I write in response to Cordance's letter regarding certain discovery disputes. Cordance's characterization of the state of discovery is incorrect and none of the relief it seeks is warranted.

**Amazon Has Complied With the Court's October 15, 2008 Order:**

At the October 15 hearing, Cordance sought, among other things, certain financial information related to the accused features. At that hearing, Amazon.com explained that it did not maintain documents with the specific information Cordance sought, but agreed that it could generate reports reflecting at least some of the requested information. The Court ordered Amazon.com to comply with Cordance's discovery demands (as were reflected in Cordance's October 13, 2008 letter to the Court) "to the extent that Amazon can." *See* Cordance's Ex. A, at 28. Amazon.com has fully complied with that Order.

In its October 13 letter, Cordance sought documents sufficient to show revenue, gross margin and operating expenses for all one-click sales (including cart 1-click sales). As explained on the October 15, 2008 call, Amazon.com does not maintain documents reflecting this information, but rather such information, to the extent it exists, is stored in a data warehouse (a large database) from which an analyst could generate a report. At the hearing, Cordance told the Court that such reports would be sufficient. *Id.* at pg. 26–27. Accordingly, Amazon.com requested one of its analysts generate reports — at considerable effort — reflecting the requested one-click financial information to the extent it is available. Cordance is **now** demanding the documents underlying such reports. As explained to counsel and the Court, these reports are not based on other documents, they are custom-coded to generate the information from data extracted from a large database. Amazon.com has offered to designate a witness to testify about

The Honorable Mary Pat Thynge
November 13, 2008
Page 2

the financial information in the report to the extent Cordance needs interpretation of it.  There is nothing more to provide on this issue.

In its October 13 letter, Cordance also demanded documents sufficient to show certain financial information for all "shopping cart" sales. Again, to the extent Amazon.com tracks financial information for specific sales channels, Amazon.com has generated and provided reports showing that information. In addition, though not demanded in Cordance's October 13, 2008 letter, Amazon.com produced all of its public financial filings showing revenue, costs, and profit margin for all online sales. Cordance is now demanding all documents underlying such filings. As a public company, Amazon.com goes to great lengths to ensure the accuracy of their filings and, thus, it is unclear why Cordance needs documents justifying their contents.  Despite this, in an effort to avoid a dispute on the topic, Amazon.com agreed to provide quarterly reports that underlie its SEC filings since the inception of the company.  This information is not reasonably accessible.  Given the scope of the production it will take some time to provide this information (expected two weeks to complete) but Amazon.com will begin the rolling production next week. It is these additional reports that Cordance claims in its current letter to be "the same documents relating to costs" that should have been produced already per the Court's October 15, 2008 Order.  Its assertion that these were the subject of the Court's Order is incorrect.  They are a good faith attempt by Amazon.com to placate Cordance's unfounded skepticism of SEC filings and will, in any event, be largely duplicative of information Cordance already has, and any genuine need for them neither has been articulated nor is apparent.

In its October 13 letter Cordance also demanded documents reflecting the value of the accused features.  As Amazon.com explained in the October 15 call, it evaluates its features through "web lab" experiments.  As Amazon.com has explained to Cordance several times, given the age and nature of how this information is stored, the database administrators had technical difficulties extracting it for production in a way that it would readable. Amazon.com has overcome that problem and now produced every available web lab report.

**Business Strategy & Manager Documents**:

Cordance argues that Amazon.com has not produced documents from any of its managers and therefore must not have produced documents reflecting the value of the accused features. Such an assertion is inaccurate.  Amazon.com has searched and produced documents from the managers of the relevant features and dozens of other custodians.  In addition, Amazon.com has agreed to further search the email and documents of Jeff Bezos and Jeffrey Wilkie (both senior executives), even though it is virtually certain that they will not have any relevant documents that have not already been produced.  Nonetheless, Cordance insists that Amazon.com be ordered to produce all managers' documents between Jeff Bezos and the managers of the accused features. Such searches are not likely to produce any additional documents.  As explained, Amazon uses web lab experiments to measure the value of features on its site and has produced the available web lab reports for every feature that has been tested.

**Miscellaneous Documents**:

Cordance next demands immediate production of a series of irrelevant documents none of which were at issue in the October 15 Order:

The Honorable Mary Pat Thynge
November 13, 2008
Page 3

- **Documents Related to the IPXL litigation:** The IPXL litigation involved a drop down menu which is irrelevant to this litigation. Despite that, in a call with opposing counsel on November 11, Amazon.com agreed to produce all expert reports relating to damages, as well as the deposition transcripts of Amazon.com employees.

- **Documents Related to the Soverain litigation:** The litigation with Soverain did not involve any of the accused features. Again, despite the fact that it is irrelevant, in a call with opposing counsel on November 11, Amazon.com agreed to produce all expert reports relating to damages and the deposition transcripts of Amazon.com's employees.

- **Third Party Confidential Documents from Barnes & Noble Litigation:** All documents from the Barnes & Noble litigation that relate to the value of the accused features, as well as documents relating to any prior art at issue in this case, have been produced. If those documents contained third party confidential information that is not relevant to this case, it was withheld on the basis of relevancy.

- **Communications Regarding the Settlement with Barnes & Noble:** The settlement agreement with Barnes & Noble has already been produced. Although Amazon does not believe that anything further is required, Amazon.com has agreed to produce the communications regarding this agreement.

- **Communications with Apple Relating to the '411 License:** The license with Apple has already been produced to Cordance. Again, in an effort to compromise, Amazon.com has agreed to produce the communications relating to this license.

- **Third Party Agreements with Amazon for Running Websites:** These agreements with third parties to have Amazon.com run their websites are not relevant to this litigation; however, Amazon.com has agreed to produce such documents. These agreements have confidentiality obligations which must be met before they can be produced. As such, these agreements cannot be produced by this Monday, but will be produced as soon as possible.

- **Documents Relating to the '369 Patent, Embodiments of the '369 Patent, and Amazon's Acquisition of Planet All:** Cordance already has the '369 file history. Further, Amazazon.com has agreed to pull archived documents from the acquisition of PlanetAll from 1999 to see if there was any discussion of the patent or any of its embodiments, even though it is Amazon.com's belief that no discussions took place. Receiving these documents from the archives and reviewing them for relevancy takes time, and Amazon.com cannot be expected to produce additional documents by Monday. Given that the relevant documents regarding this patent have already been produced and the fact that Amazon does not believe additional relevant documents exist, Amazon is genuinely surprised by Cordance's unreasonableness about this issue. Regardless, Amazon does intend to review these files and produce any additional documents that are found as soon as possible.

The Honorable Mary Pat Thynge
November 13, 2008
Page 4

Respectfully,

*/s/ David E. Moore*

David E. Moore

891160 / 30763

cc:     Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)