IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-491-MPT |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC. and ) | |
| AMAZON WEB SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

### **DEFENDANTS' MOTION FOR LEAVE TO AMEND**

Pursuant to Federal Rule of Civil Procedure 15(a) and D. Del. LR 15.1, Defendants Amazon.com, Inc. and Amazon Web Services, LLC (collectively "Amazon") seek leave to file Defendants' First Amended Answer, Defenses, and Counterclaims to Cordance's Third Amended Complaint in order plead the additional defense of inequitable conduct and related counterclaim. As the Court may recall, in the statement in advance of the October 15, 2008 status conference, Amazon indicated that it was contemplating amending its answer and counterclaims to include inequitable conduct allegations. Cordance made no objection at the time to any proposed amendments. Following that status conference, through the recent testimony of several of the named inventors of Cordance's asserted patents, Amazon confirmed the basis for its inequitable conduct charges, and promptly drafted a proposed amended pleading and requested Cordance's agreement to the filing of such pleading. As of the time of this filing, Cordance had not communicated its position on the amended pleading or the instant Motion.

The proposed amendment will not necessitate any additional discovery, will not require any change to the schedule and will not cause any prejudice to Cordance. In addition, there is good reason for the timing in making such an amendment. Because of the witnesses' schedules

and locations (two were overseas) Amazon was only able to take the depositions of several of the named inventors on Cordance's asserted patents in the last few weeks (Dan Banay on November 17; Peter Heymann on November 18; Jeff Oberlander on November 24; and Kevin Jones on November 25). This testimony informed the proposed new allegations –which relate to what the inventors knew and/or did during the prosecution of Cordance's asserted patents. Following that testimony, on November 25, 2008, Amazon promptly drafted amended allegations and sent them to Cordance.

The present motion is brought in good faith, without undue delay, and will not cause Cordance undue prejudice.

Pursuant to D. Del. LR 15.1, attached are a copy of Amazon's proposed First Amended Answer, Defenses, and Counterclaims (Exhibit 1 hereto) and a black-lined version of the proposed pleading (without exhibits) (Exhibit 2 hereto).

## I.  **Nature and Stage of the Proceedings**

In this lawsuit, Cordance has accused Amazon of infringing United States Patent Nos. 6,757,710 (the "'710 Patent"), 6,044,205 (the "'205 Patent"), 5,862,325 (the "'325 Patent"), and 6,088,717 (the "'717 Patent") (collectively the "Cordance Patents"). Amazon has brought counterclaims for non-infringement, invalidity, and unenforceability of the Cordance Patents. Amazon has also brought a counterclaim against Cordance for a declaration of infringement of United States Patent No. 6,269,369 (the "'369 Patent"). By the present motion, Amazon seeks leave to file its First Amended Answer, Defenses, and Counterclaims to Plaintiff Cordance's Third Amended Complaint in order to assert the newly-confirmed defense of inequitable conduct.

Per the Court's December 11, 2007 Amended Scheduling Order, the deadline by which to amend or supplement the pleadings was June 6, 2008. Written discovery is set to close on December 1, 2008 with conclusion of non-expert depositions being set for December 19, 2008. The parties have been actively conducting discovery leading up to this deadline and expect to have all expert depositions completed by February 13, 2009. Trial is set to begin on August 3, 2009.

## II.  Argument

Federal Rule of Civil Procedure 15(a) provides that leave to amend a party's pleading shall be freely given when justice so requires. FED. R. CIV. P. 15(a). The Supreme Court has stated that where a party's amendment is "a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court should deny Amazon's motion only if there is (1) undue delay; (2) the motion is filed in bad faith; (3) the amendment is futile; or (4) Cordance will be unfairly prejudiced. *Id.; see also Enzo Life Sciences., Inc. v. Digene Corp.*, 270 F. Supp.2d 484, 487 (D. Del. 2003).

### A.  Amazon Has Not Unduly Delayed in Seeking Leave to Amend

As stated above, Amazon has sought leave to amend its answer and counterclaims promptly after receiving confirmation of the facts on which the inequitable conduct claim is based. Amazon's inequitable conduct allegations are based on two grounds: (1) failure to disclose material prior art (that the inventors knew of) to the PTO during the prosecution of the Cordance Patents; and (2) submission of the a false declaration and petition to change inventorship during prosecution of the '710 patent in order to overcome a prior art rejection. Both of these grounds are based in large part on recently obtained testimony of the named inventors of the asserted patents.

3

During prosecution of one of the patents-in-suit, one of the inventors, Mr. Reed, submitted a declaration indicating that he was the sole inventor of the subject matter of that patent in connection with removal of the remaining inventors from the application. If the original co-inventors had not been deleted, the patent applicant could not have made representations and arguments to the Patent and Trademark Office of alleged earlier invention than a prior art reference because the co-inventors began collaboration with the declarant later. Deposition testimony of the removed original co-inventors has revealed that the subject matter on which Cordance has represented this patent was based was not solely invented by the declarant and deposition testimony indicates that all inventors contributed to the subject matter. Thus at least one of the patents-in-suit was only procured through falsely representing that only one of the original inventors contributed to invention Cordance contends it disclosed and claimed.

Amazon took the depositions of the inventors of Cordance's patents as recently as last week. From these depositions, Amazon learned of further details and the extent of the inequitable conduct at issue in this case. Because the falsity of the submissions to the PTO claiming sole inventorship and removing co-inventors, in order to "swear behind" a prior art reference was necessarily informed by the deposition testimony of the removed inventors, inequitable conduct allegations based on those circumstances had to await those depositions.

Similarly, Amazon's allegations of failure to disclose material prior art was informed by the testimony by the inventors that the information which was not disclosed was among the most (if not the most) material the inventors had — from a database of competitive intelligence on other products in the marketplace — and the inability of such inventors to offer any explanation for why it was not disclosed.

4

Courts have concluded that in light of the application of Rule 9(b)'s heightened pleading standard to claims of inequitable conduct in patent cases, parties are "prudent and possibly required to confirm the factual allegations through discovery." *Enzo Life Sciences*, 270 F. Supp. 2d at 489 (granting leave to amend a pleading to assert inequitable conduct where the party had recently confirmed the facts on which it was based at depositions). Although Amazon suspected that it might assert such a claim, it was only after deposition testimony of the relevant inventors that it was able to confirm the facts on which the claim is based. As such, Amazon's motion has not been unduly delayed.

### B.     Amazon's Amended Answer Is Brought in Good Faith

Amazon seeks to amend its answer in good faith. As discussed above, Amazon has not delayed in bringing this motion, but instead has moved quickly after confirming the relevant facts. Amazon provided notice to both the Court and Cordance in advance of the recent Status Conference that the amendment could be forthcoming. Rather than rushing to include the inequitable conduct claim before conducting adequate discovery, Amazon waited until Cordance made the inventors available for deposition in order to ensure that the claim being considered was factually supported.

### C.     Amazon's Claim Of Inequitable Conduct Is Not Futile

Amazon's claim of inequitable conduct against Cordance is not futile. In order to assert a claim for inequitable conduct on the basis of failure to disclose material information or the submission of false information, Amazon must plead: (1) the information is material; (2) the knowledge of this information and its materiality is chargeable to the patent applicant; and (3) the applicant's submission of false information or its failure to disclose this information resulted from an intent to mislead the PTO. *Enzo Life Sciences*, 270 F. Supp.2d at 489. Amazon has

plead each of these requirements for its claims that Cordance withheld relevant prior art from the PTO, as well for its allegations of false inventorship. Further, Amazon has plead with specificity the facts on which these claims are based, thus meeting the requirements of Rule 9(b).

### D.     Cordance Will Not Be Unfairly Prejudiced By The Amended Pleading

Cordance will not be unfairly prejudiced by Amazon's amended pleading. To prove undue prejudice, Cordance would have to show that its "ability to present its case would be seriously impaired were amendment allowed." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990). Adequate time remains for Cordance to prepare its case in response to Amazon's additional defense. Indeed, deposition testimony has not been completed, with Cordance's 30(b)(6) deposition, as well as the deposition of Drummond Reed (Cordance's CEO and founder) still to be completed.

Further, Amazon informed Cordance that it was considering filing a motion for leave to file an amended answer in order to assert a claim for inequitable conduct in the parties' Joint Status Report filed in preparation for the October 15, 2008 Status Conference. Amazon does not anticipate that the Court's current Scheduling Order will need to be amended in order to accommodate the additional defense. In light of these facts, Amazon was genuinely surprised by Cordance's refusal to stipulate to the filing of Amazon's amended pleading.

### III. Conclusion

For the foregoing reasons, Amazon respectfully requests that the Court grant Defendants' Motion for Leave to Amend and that the attached amended pleading be deemed filed and served as of the date this Motion is granted.

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated: December 1, 2008
893287 / 30763

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
*Amazon.com, Inc. and*
*Amazon Web Services, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on December 1, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on December 1, 2008, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Steven J. Balick | Michael A. Albert |
| John G. Day | Robert M. Abrahamsen |
| Tiffany Geyer Lydon | Jeffrey O'Neill |
| Ashby & Geddes | Wolf, Greenfield & Sacks, P.C. |
| 500 Delaware Avenue, 8th Floor | 600 Atlantic Avenue |
| Wilmington, DE 19899 | Boston, MA 02210-2206 |
| sbalick@ashby-geddes.com | malbert@wolfgreenfield.com |
| jday@ashby-geddes.com | rabrahamsen@wolfgreenfield.com |
| tlydon@ashby-geddes.com | jeffrey.oneill@wolfgreenfield.com |

By: */s/ David E. Moore*
   Richard L. Horwitz
   David E. Moore
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, Delaware 19899-0951
   (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com

757320 / 30763