IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-491-MPT |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMAZON WEB SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO DEFENDANTS' MOTION FOR LEAVE TO AMEND

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

Of Counsel:

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617-646-8000

Dated: January 16, 2009

{00267130;v1}

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................iii-iv

I.      NATURE AND STAGE OF THE PROCEEDINGS.........................................................1

II.     ARGUMENT ...................................................................................................2

        A.      Amazon Has Not Shown Good Cause to
                Amend the Scheduling Order Under Rule 16.......................................................4

        B.      Amazon Should Be Denied Leave to Amend
                Under Rule 15...............................................................................................9

                1.      Amazon Has Demonstrated Undue Delay,
                        Bad Faith, and Dilatory Motives...........................................................10

                2.      Amazon's Amendment would be Futile..................................................11

                3.      Amazon's Amendment would Prejudice Cordance ................................15

III.    CONCLUSION ...............................................................................................17

# TABLE OF AUTHORITIES

**Cases**

Averbach v. Rival Mfg. Co.,
　　879 F.2d 1196 (3d Cir. 1989) ................................................................16

In re Burlington Coat Factory Securities Litigation,
　　114 F.3d 1410 (3d Cir. 1997) ...............................................................11

Burlington Indus. v. Dayco Corp.,
　　849 F.2d 1418 (Fed. Cir. 1988) ............................................................12

Cent. Admixture Pharmacy Servs.,
　　482 F.3d 1347 (Fed. Cir. 2007) ............................................................11

Computer Acceleration Corp. v. Microsoft Corp.,
　　No. 06-140, 2007 WL 2315223 (E.D. Tex. Aug. 10, 2007) ...................3, 12

Corning Inc. v. SRU Biosys.,
　　418 F. Supp. 2d 596 (D. Del. 2006) ..................................................12-13

E. Minerals & Chems. Co. v. Mahan,
　　225 F.3d 330 (3d Cir. 2000) ..........................................................1, 3, 4, 5, 9

Eisai Co., Ltd. v. Teva Pharms. USA, Inc.,
　　247 F.R.D. 445 (D.N.J. 2007) ............................................................13, 14

Enzo Life Sciences, Inc. v. Digene Corp.,
　　270 F. Supp. 2d 484 (D. Del. 2003) .......................................................9

Ethicon, Inc. v. U.S. Surgical Corp.,
　　135 F.3d 1456 (Fed. Cir. 1998) ............................................................14

FMC Corp. v. Hennessy Inds., Inc.,
　　836 F.2d 521 (Fed. Cir. 1987) .............................................................12

Fraser v. Nationwide Mut. Ins. Co.,
　　352 F.3d 107 (3d Cir. 2003) ...............................................................4, 9

Glassman v. Computervision Corp.,
　　90 F.3d 617 (1st Cir. 1996) .................................................................11

Glaxo Inc. v. Novopharm Ltd.,
　　52 F.3d 1043 (Fed. Cir. 1995) .............................................................11

Gonzalez v. Comcast Corp.,
      No. 03-445, 2004 WL 2009366 (D. Del. Aug. 25, 2004)............................................1, 5

Hyperphrase Techs., LLC, v. Microsoft Corp.,
      No. 02-647, 2003 WL 23200357 (W.D. Wis. Sep. 2, 2003) .........................................5, 9

Inline Connection Corp. v. AOL Time Warner Inc.,
      237 F.R.D. 361 (D. Del. 2006)..................................................................................10, 15

Lifescan, Inc. v. Polymer Tech. Int'l Corp.,
      35 U.S.P.Q.2d 1225 (W.D. Wash. 1995).........................................................................16

M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.,
      439 F.3d 1335 (Fed. Cir. 2006).......................................................................................13

McLaughlin v. Diamond State Port Corp.,
      No. 03-617, 2004 WL 2958664 (D. Del. Dec. 21, 2004) ..................................................3

MGM Well Servs., Inc. v. Mega Lift Sys., LLC,
      No. 05-1634, 2006 WL 1852322 (S.D. Tex. June 30, 2006).........................................4-5

Multiform Desiccants, Inc. v. Medzam Ltd.,
      133 F.3d 1473 (Fed. Cir. 1998)........................................................................................12

Samick Music Corp. v. Delaware Music Industries, Inc.,
      No. 91-23, 1992 WL 39052 (D. Del. Feb. 12, 1992) ................................................15-16

SIG Swiss Indus. v. Fres-Co Sys., USA, Inc.,
      No. 91-0699, 1993 WL 232884 (E.D. Pa. June 24, 1993).........................................5, 10

Venetec Intl., Inc. v. Nexus Medical, LLC,
      541 F. Supp. 2d 612 (D. Del. 2008) ....................................................... 1, 3, 4, 6, 7

Plaintiff Cordance Corp. ("Cordance") respectfully submits this memorandum in opposition to Defendants' Motion for Leave to Amend (D.I. 286). Amazon.com, Inc., and Amazon Web Services, LLC (collectively, "Amazon") seek, without justification, to add to this case a new defense of inequitable conduct and a new counterclaim for unenforceability far beyond the deadline for such amendments – and indeed after discovery has closed and on the eve of dispositive motions.

This case was filed nearly two-and-a-half years ago. Discovery opened two years ago and closed over a month ago. More importantly, the deadline to amend pleadings expired seven months ago. Amazon offers no legitimate reason for its extreme and prejudicial delay in seeking to amend. Even worse, it has distorted the record in an apparent attempt to conceal its lack of diligence. Amazon's delay is far more extreme than in other situations where this Court has denied leave to amend. See Venetec Intl., Inc. v. Nexus Medical, LLC, 541 F. Supp. 2d 612, 621, 622 (D. Del. 2008) (Thynge, J.) (denying leave to amend that was sought two months after the deadline to amend pleadings and ten months after the filing of the lawsuit); see also E. Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000) (finding "that the District Court acted well within its discretion when it denied Eastern's motion to amend the complaint six months after the amendment and joinder deadlines had expired"); Gonzalez v. Comcast Corp., No. 03-445, 2004 WL 2009366, at *1 (D. Del. Aug. 25, 2004) (denying motion for leave to amend and characterizing the motion filed seven months after the deadline to amend pleadings as "remarkably late").

## I.     NATURE AND STAGE OF THE PROCEEDINGS

Cordance filed suit against Amazon nearly two-and-a-half years ago, on August 8, 2006 (D.I. 1), asserting claims of patent infringement. Discovery opened more than two years ago, on

January 5, 2007.  (D.I. 21.)  Under the original Scheduling Order, the deadline to amend

pleadings was August 31, 2007.  (D.I. 21.)  At Amazon's insistence, the deadline to amend

pleadings was extended on three separate occasions: first to October 8, 2007 (D.I. 69), second to

December 7, 2007 (D.I. 79), and finally to June 6, 2008 (D.I. 90).

Cordance complied with the Scheduling Order by filing a Stipulated Order Approving

Filing of Third Amended Complaint (D.I. 155) on June 5, 2008.  After the deadline to amend

pleadings on June 23, 2008, Amazon filed its Answer (D.I. 158) that included for the first time a

defense of patent misuse and a counterclaim of unenforceability for patent misuse, but Amazon

did not include any pleadings that relate to inequitable conduct.

In the motion currently before the Court – filed seven months after the deadline to amend

pleadings, and indeed after the close of discovery and shortly before the deadline to file

dispositive motions – Amazon seeks leave to amend its pleadings to add a defense of inequitable

conduct and a counterclaim of unenforceability for inequitable conduct ("inequitable conduct

pleadings").[1]  (D.I. 286.)

Forthcoming deadlines include dispositive motions, which are due on January 23, 2009

(D.I. 90), and expert reports, which will be due ten days after Amazon complies with certain

remaining discovery obligations (D.I. 309).

## II.   ARGUMENT

The Federal Rules of Civil Procedure contain two different standards for amending

pleadings.  Rule 15(a) applies where a party seeks to amend pleadings within the deadline set by

the scheduling order.  Where, however, a party seeks to amend pleadings after the deadline, the

---

[1] Amazon had filed another motion to amend its pleadings on December 1, 2008 (D.I. 273) but
later withdrew that motion (D.I. 285).

party is asking the Court not only to amend its pleadings but also to amend the scheduling order to allow it to do so:

> Balanced with Rule 15(a) is Rule 16(b) which governs modifications to the court's scheduling order.  Under Rule 16(b), a more stringent standard is applied which requires that a scheduling order only be modified for good cause and by the consent of the judge.  This jurisdiction recognizes that motions to amend which, in effect, operate to change the scheduling order are controlled by 16(b).

Venetec Intl., Inc. v. Nexus Medical, LLC, 541 F. Supp. 2d 612, 618 (D. Del. 2008) (Thynge, J.); see also E. Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 340 & n.18 (3d Cir. 2000) (finding that Rule 16 applies where party seeks leave to amend after the deadline).

"The good cause element requires [Amazon] to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner."  See Venetec, 541 F. Supp. 2d at 618.  Rule 16 sets a demanding standard to modify the scheduling order for good reason:

> The purpose of a scheduling order is to provide concrete deadlines on which the parties can rely in planning their respective litigation strategies.  If the court were to permit parties to ignore these deadlines, unfair surprise would abound.

McLaughlin v. Diamond State Port Corp., No. 03-617, 2004 WL 2958664, at *4 (D. Del. Dec. 21, 2004); see also Computer Acceleration Corp. v. Microsoft Corp., No. 06-140, 2007 WL 2315223, at *4 (E.D. Tex. Aug. 10, 2007) ("Allowing the amendment at this late date would not deter future violations of scheduling orders but would serve to encourage them.  Pleading … deadlines established in a scheduling order pursuant to Fed. R. Civ. P. 16 are not suggestions.").

Amazon's motion to amend fails even to address, let alone meet, the requirements of Rule 16(b)(4). Amazon does not have good cause under Rule 16(b)(4), as it filed its motion to amend seven months after the deadline to amend pleadings, one month after the close of discovery, and shortly before the due date for dispositive motions.  Furthermore, as discussed

below, Amazon did not make any effort, prior to the Court-ordered deadline, to obtain the discovery it supposedly needed.

Even if Amazon could show good cause under Rule 16(b)(4), it would still have to meet the separate requirements of Rule 15(a) to amend its pleadings.[2] Under Rule 15(a), Amazon's motion to amend will be denied if "(1) [Amazon] has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003). Amazon's amendment should be denied under Rule 15(a) for any one of these three reasons.

### A.   Amazon Has Not Shown Good Cause to Amend the Scheduling Order under Rule 16

Under Rule 16, the movant bears the burden to show good cause to amend the scheduling order. Venetec, 541 F. Supp. 2d at 618. "The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner." Id.

The required diligence for Rule 16 must occur before the deadline to amend pleadings and any diligence after that date is of no effect. Id. at 622 (denying leave to amend because the only efforts to investigate claims occurred after deadline to amend).

In order to be diligent, the movant must actively pursue the discovery that it needs such that it is able to amend its pleadings prior to the deadline. MGM Well Servs., Inc. v. Mega Lift Sys., LLC, No. 05-1634, 2006 WL 1852322, at *2 (S.D. Tex. Jun. 30 2006) (finding that Defendant failed to show good cause under Rule 16 because "[t]o the extent [it] claims that certain unspecified information was recently discover[ed], [it] does not describe what efforts it

---

[2] If the Court finds that Amazon has not shown good cause under Rule 16, the Court may deny leave to amend without even considering Rule 15. E. Minerals, 225 F.3d at 340.

made to obtain the information sooner."); <u>SIG Swiss Indus. v. Fres-Co Sys., USA, Inc.</u>, No. 91-0699, 1993 WL 232884, at *2 (E.D. Pa. June 24, 1993) (denying motion to add inequitable conduct claim, explaining that the party should have pursued its "suspicions" earlier rather than waiting until five days prior to the close of discovery to assert the claim).  Further, even where the movant claims that the opposing party is withholding information, the movant must still act before the deadline to compel discovery or extend the deadline.  <u>Hyperphrase Techs., LLC, v. Microsoft Corp.</u>, No. 02-647, 2003 WL 23200357, at *1 (W.D. Wis. Sep. 2, 2003) (finding a failure to show diligence supporting good cause to amend because "if defendant believed that plaintiffs were withholding important information, the appropriate response would have been to seek an extension of the deadline before it expired or file a motion to compel").

Amazon filed its motion to amend seven months after the June 6, 2008 deadline to amend pleadings and has not presented any legitimate explanation for its delay.  Amazon's motion to amend is based on documents produced by Cordance and allegedly also on deposition testimony. All of this evidence was available for at least six months prior to the June 6, 2008 deadline, and thus Amazon was not diligent and has not shown good cause.  <u>See</u> <u>E. Minerals & Chems.</u>, 225 F.3d at (finding "that the District Court acted well within its discretion when it denied Eastern's motion to amend the complaint six months after the amendment and joinder deadlines had expired"); <u>Gonzalez v. Comcast Corp.</u>, No. 03-445, 2004 WL 2009366, at *1 (D. Del. Aug. 25, 2004) (denying motion for leave to amend and characterizing the motion filed seven months after the deadline to amend pleadings as "remarkably late").

Amazon has been in possession of the documents that form the basis of its inequitable conduct pleadings for more than a year, of which more than six months were prior to the

deadline to amend pleadings.[3]  (O'Neill Decl. ¶ 5.)  Amazon does not contend that the timing of

Cordance's document production prevented it from amending its pleadings earlier.  Indeed, it

could not so contend, as Amazon had ample time to review these documents prior to the

deadline.

In its motion to amend, Amazon claims that it needed to depose one or more of the six

inventors of Cordance's patents before it could amend its answer to include its inequitable

conduct pleadings.  Amazon, however, did not make any attempt to depose any of the six

inventors prior to the deadline to amend pleadings.  (O'Neill Decl. ¶¶ 6, 8.)  In order to show

diligence, Amazon was required to seek to depose the inventors prior to the deadline, as any

actions after the deadline are of no effect.  Venetec 541 F. Supp. 2d at 622 (disregarding any acts

by the defendant after the deadline to amend pleadings).

Four inventors of the Cordance patents live in Seattle.  Amazon's first effort to depose

these four inventors was not until October 7, 2008 (D.I. 205, 213), which was four months after

the deadline to amend pleadings.  (O'Neill Decl. ¶ 6.)  Cordance's counsel promptly agreed to

accept service on behalf of the four inventors and promptly scheduled their depositions for the

following month.

The other two inventors of the Cordance patents live in Asia.  Peter Heymann lives in

Japan and Steven Mushero lives in China.  As a courtesy to Amazon, Cordance agreed to accept

service for these two inventors as it would have been difficult, and perhaps even impossible, for

---

[3] For example, the following documents were all produced on or about December 10, 2007:
email dated February 21, 1996 discussing Groupmaster product (CORD165460-61); email dated
September 26, 1996 discussing Webweek article on Backweb (CORD161560); email dated
September 27, 1996 discussing Broadvision white paper (CORD161539-52); email dated March
4, 1998 discussing Open Market patents  (CORD169439); email dated May 6, 1997 discussing
IBM's U.S. Patent No. 5,603,031 (CORD164004-06); and prosecution history of Cordance's
'710 patent (CORD133084-419).

Amazon to serve them under foreign laws.  Amazon never asked Cordance to produce these inventors prior to the deadline to amend pleadings (O'Neill Decl. ¶ 7), and Cordance arranged to produce Mushero on August 20, 2008 and Heymann on October 7, 2008.[4]

Amazon could have easily deposed any of the four Seattle inventors at any time in the year-and-a-half period between the opening of discovery and the deadline to amend pleadings, but Amazon did not make any effort to do so.  Amazon could have asked Cordance to make Mushero and Heymann available before the deadline to amend pleadings but did not do so.  Finally, Amazon could have asked to extend the deadline to amend pleadings (as it had done three previous times) but did not do so.

In sum, Amazon had all of the documents it uses in support of its amended pleadings at least six months prior to the deadline to amend, and Amazon made no effort depose any of the six inventors prior to the deadline.  Now, seven months after the deadline to pleadings, Amazon is seeking leave to amend its pleadings.  Amazon thus cannot point to a single act that it took prior to the deadline to amend pleadings to pursue its inequitable conduct pleadings, and any acts it took after the deadline are of no effect.  See Venetec 541 F. Supp. 2d at 622 (disregarding any acts by the defendant after the deadline to amend pleadings).

Amazon's lack of diligence is even more egregious than that of the unsuccessful movant in Venetec.  In Venetec, the court denied leave to amend that was sought ten months after the filing of the lawsuit and two months after the deadline to amend pleadings.  Id. at 621, 622.  Here, Amazon is seeking leave to amend more than two years after the filing of the lawsuit and seven months after the deadline to amend pleadings.

---

[4] Just days before Heymann was to get on a plane to fly from Japan to the United States for his deposition, Amazon insisted, without any explanation or justification, that his deposition be rescheduled.  Pursuant to Amazon's request, Heymann accordingly cancelled that flight, and Cordance arranged for Heymann to be available on November 18, 2008.  (O'Neill Decl. ¶ 8.)

In its Reply in Support of Defendants' Motion for Order Shortening Time (D.I. 289; Attached as Ex. A), Amazon played fast and loose with the record concerning the availability of the Cordance inventors in attempting to excuse its own lack of diligence:

- Amazon stated that Cordance "refused to make [Heymann and Mushero] available before the end of August 2008." (Ex. A at n.1.) In fact, as shown in the attached email, Cordance's counsel informed Amazon's counsel that their "depositions would likely take place in August," and this was acceptable to Amazon's counsel. (Ex. B) Thus, Amazon never requested that they be made available earlier. (O'Neill Decl. ¶ 7.)

- Amazon falsely stated that "Cordance only made [Heymann] available on November 18, 2008." (Ex. A at 2.) Cordance made Heymann available on October 7, 2008, and just days before he was to get on the plane to fly from Japan to the United States, Amazon demanded that his deposition be rescheduled. (See Ex. C; O'Neill Decl. ¶ 8.)

- Amazon stated that it was the "[Heymann] deposition as well as the deposition of several other of the inventors in November [Banay, Oberlander, and Jones] which established a basis for bringing an inequitable conduct claim" (Ex. A at 2) even though Amazon's proposed amended answer does not rely upon any of this deposition testimony.

- Amazon stated that it "moved quickly to take the depositions of the relevant inventors as soon as Cordance would agree to make them available" (Ex. A at 2). This statement implies that Cordance refused to make them available, when as described above, four of the inventors actually were available at any time, and Cordance arranged for the other two to fly from Asia to the United States.

- Finally, Amazon disingenuously stated that it was "Cordance's delay in making the relevant inventors available for depositions which caused this information to be discovered so far after the original deadline." (Ex. A at n.3.) As described above, Amazon made no effort whatsoever to depose even a single inventor before the deadline to amend.

Even if Cordance had somehow delayed the availability of the inventors (which it did not), Amazon still would not have good cause. To establish good cause, Amazon would have had to take some action prior to the deadline to amend pleadings, such as requesting an extension to the deadline or moving to compel the appearance of the inventors. See Hyperphrase Techs., 2003 WL 23200357, at *1.

Amazon points to <u>Enzo Life Sciences, Inc. v. Digene Corp.</u>, 270 F. Supp. 2d 484 (D. Del. 2003) as a case where the district court found that a party had good cause to amend pleadings after the deadline.[5]  But in <u>Enzo,</u> the plaintiff had not produced any documents or answered any interrogatories at the time that the deadline to amend pleadings passed.  <u>Id.</u> at 486 (stating that the deadline to amend pleadings was July 26, 2002; the plaintiff first answered interrogatories on August 5, 2002; and the plaintiff first produced documents on November 18, 2002).  Because the defendant moved to amend its pleadings immediately after the plaintiff provided the discovery upon which it was based, the court found that defendant had good cause.  <u>Id.</u> at 489, 490.  By contrast, Cordance's production in this case was copious, and Amazon made no effort to comply with the deadline to amend pleadings despite the fact that all of the evidence it needed was available to it six months prior to the deadline.

**B.**     **<u>Amazon Should Be Denied Leave to Amend under Rule 15</u>**

If the Court finds that Amazon has not shown good cause under Rule 16, the Court may deny leave to amend without even considering Rule 15.  <u>E. Minerals</u>, 225 F.3d at 340.  If the Court were to reach the Rule 15 issue, leave to amend pleadings should still be denied where any one of the following has occurred: "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  <u>Fraser</u>, 352 F.3d at 116.

---

[5] Citing <u>Enzo</u>, Amazon argues that it is allowed to "confirm" its inequitable conduct allegations at any time, even if done well after the deadline to amend pleadings.  Such a reading is plainly incorrect, as it would render meaningless the "good cause" requirement of Rule 16.  In any event, Amazon is not seeking to "confirm" an allegation, but to make a new one never before alleged.

1.    **Amazon has Demonstrated**
      **Undue Delay, Bad Faith, and Dilatory Motives**

"The question of undue delay requires that [the court] focus on the movant's reasons for

not amending sooner." Inline Connection Corp. v. AOL Time Warner Inc., 237 F.R.D. 361,

367-68 (D. Del. 2006) (Thynge, J.).   Courts find undue delay where the movant, without

justification, waits until the close of discovery to seek leave to amend pleadings.  See SIG Swiss

Indus., 1993 WL 232884, at *2 (denying leave to amend and finding that "SIG should have

pursued [its] suspicions during the discovery period and not waited five days prior to the close of

discovery to assert its fraud claims.").  The Court may deny leave to amend for undue delay

alone and need not consider whether there was bad faith or prejudice.  Inline Connection, 237

F.R.D. at 369.

Amazon's only purported explanation for its excessive delay in seeking leave to amend is

that it needed the deposition testimony of the Cordance inventors taken in November and

December.  This explanation is implausible for two reasons.  First, as described above, Amazon

made no effort to depose the Cordance inventors until the last minute.  Second, Amazon's

proposed amended answer does not even cite any of the deposition testimony from November or

December.  Amazon admits that it had previously identified its inequitable conduct claims.

(Motion for Leave to Amend at 5.)  Amazon thus delayed seeking leave to amend for no

legitimate reason.

Amazon has further exercised bad faith in seeking leave to amend.  First, Amazon's

Motion for Leave to Amend (D.I. 286) ignores the applicable standard by ignoring Rule 16.

Second, in its Reply in Support of Defendants' Motion for Order Shortening Time (D.I. 289;

Attached as Ex. A), Amazon's representations concerning the availability of the Cordance

inventors were at best disingenuous.  See supra, p. 8.

### 2. __Amazon's Amendment would be Futile__

The Third Circuit has established that a proposed pleading that fails to meet 12(b)(6) requirements ought to be rejected as futile.  In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing Glassman v. Computervision Corp., 90 F.3d 617 (1st Cir. 1996)).  Where the analysis takes place in later stages of the litigation, the court will "look more closely at the factual allegations to see if they support the legal conclusions pled." Glassman , 90 F.3d at 628.  Pleadings "must contain factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Id. (internal quotation marks omitted).  In deciding whether pleadings meet the requirements of  "Rule 12(b)(6), [the court] must take all well-pleaded facts as true, but [the court] need not credit a complaint's bald assertions or legal conclusions."  Id. (internal quotation marks omitted).

Amazon's inequitable conduct pleadings are further subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b) and "must be pled with particularity."  Cent. Admixture Pharmacy Servs. v. Advanced Cardiac Solutions, 482 F.3d 1347, 1357 (Fed. Cir. 2007).  To avoid a finding of futility for its inequitable conduct pleadings, Amazon must plead with particularity facts that establish by clear and convincing evidence that (1) the alleged misconduct by Cordance was material and (2) that a specific individual acted with the intent to deceive the PTO.  See Glaxo Inc. v. Novopharm Ltd., 52 F.3d 1043, 1048 (Fed. Cir. 1995).

Amazon separates its inequitable conduct pleadings into two categories: "Failure to Disclose Material Prior Art" and "False Inventorship."  Both categories of its inequitable conduct pleadings are futile because Amazon has not identified a specific individual who committed the purported inequitable conduct, has not made any allegations amounting to materiality, and

likewise has not alleged any facts amounting to intent.  Each of these defects is fatal under applicable case law cited below.

Amazon's last-minute effort to assert inequitable conduct without meeting the pleading requirement suggests that Amazon is using inequitable conduct merely to impugn the character of Cordance's employees or needlessly increase cost and delay.  See Computer Accel. Corp. v. Microsoft Corp., No. 9:06-CV-140, 2007 WL 2315223, *2-4 (E.D. Tex. Aug. 10, 2007) ("Denying the amendment does not deprive Defendant of an important defense, but merely one more opportunity to accuse Plaintiff of disreputable behavior.").  This is precisely the kind of inequitable conduct claim that the Federal Circuit has called the "plague of patent litigation." Burlington Indus. v. Dayco Corp., 849 F.2d 1418, 1422 (Fed. Cir. 1988); see also Multiform Desiccants, Inc. v. Medzam Ltd., 133 F.3d 1473, 1482 (Fed. Cir. 1998) ("[T]he charge of inequitable conduct before the patent office had come to be attached to every patent prosecution, diverting the court from genuine issues and simply spawning satellite litigation.")

### a.  Failure to Identify Fraudulent Individual

Amazon's inequitable conduct pleadings do not identify any individual who is alleged to have committed any inequitable conduct.  Throughout its inequitable conduct pleadings, Amazon states that the "inventors **and/or** their patent counsel" acted with intent to deceive the PTO and fails to identify the particular individual accused of fraud.  As a matter of law, in order to plead inequitable conduct with particularity, Amazon must identify the specific individual who is accused of committing fraud on the patent office.  See FMC Corp. v. Hennessy Inds., Inc., 836 F.2d 521, 525 n.5 (Fed. Cir. 1987) ("One attempting to prove inequitable conduct must prove by clear and convincing evidence that the conduct of the person *charged* was inequitable.") (emphasis in original); Corning Inc. v. SRU Biosys., 418 F. Supp. 2d 596, 599 n.2 (D. Del. 2006)

("The Court concludes that allegations against "the applicants" are too general to withstand scrutiny under [Rule 9(b)] . . . . Rather the Court must be able to discern the identity of the person charged with inequitable conduct.").  Amazon's blanket allegations do not meet the particularity requirements of Rule 9(c), and thus its pleadings are futile.

### b.  Failure to Establish Intent

Amazon's inequitable conduct pleadings do not provide any evidence that relates to intent.  Instead, Amazon alleges intent solely "on information and belief."  To avoid futility, Amazon must plead facts showing an intent to deceive, as culpable intent cannot be inferred solely from the materiality of the alleged misconduct.  M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc., 439 F.3d 1335, 1340 (Fed. Cir. 2006) ("Materiality does not presume intent, which is a separate and essential component of inequitable conduct.  Intent to deceive cannot be inferred solely from the fact that information was not disclosed; there must be a factual basis for a finding of deceptive intent.") (internal quotation marks and citation omitted).  As Amazon has not put forth any evidence to show intent, Amazon's proposed inequitable conduct pleadings are futile.

### c.  Failure to Establish Materiality

Amazon's inequitable conduct pleadings that relate to the purported failure to disclose prior art do not provide particularized allegations that the prior art was material.  Amazon states that Cordance knew of certain items of prior art, but makes only conclusory statements as to materiality.  For example, paragraph 16 of Amazon's proposed amended answer states only that "the Backweb references" "are all material to the subject matter claimed in the '205 patent."

Such "boilerplate" language is insufficient to plead materiality with particularity.  Eisai Co., Ltd. v. Teva Pharms. USA, Inc., 247 F.R.D. 445, 452 (D.N.J. 2007).  Amazon is required to

allege sufficient facts so that Cordance can "determine how or why " the prior art is material.  Id. (rejecting a proposed pleading of inequitable conduct because, "though Teva alleges the prior art to have been material to the [patent] application, it alleges no facts upon which Eisai can determine how or why that is the case.").  Amazon's failure to provide any evidence of materiality renders the pleadings futile.

Amazon's inequitable conduct pleadings that relate to purported false inventorship of Cordance's '710 patent do not provide particularized allegations that Cordance made any false statements.  The only fact alleged by Amazon is drawn from Mushero's deposition testimony, and this evidence is insufficient for two reasons.  First and foremost, Amazon blatantly mischaracterizes Mushero's deposition testimony.  Amazon's pleadings state that Mushero "testified under oath that he … contributed to … the 'invention' described in the '710 Patent." In fact, however, when Amazon asked Mushero whether he contributed to any of the ideas of the claims of the '710 patent, his response was "I don't know."  (Ex. D at 83:18-84:2.)  Not once did Mushero state that he or anyone else contributed to the invention of the '710 patent.  Mushero's deposition testimony thus does not provide any evidence whatsoever to show false inventorship of the '710 patent.  Second, even if Mushero had made a statement regarding inventorship, such a statement of a purported co-inventor, standing alone, is inadequate as a matter of law to establish clear and convincing evidence of joint inventorship.  See Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456, 1461 (Fed. Cir. 1998).  This lack of evidence renders the pleadings futile.

Discovery is now closed, and despite the fact that Amazon is seeking leave to amend its pleadings seven months after the deadline, Amazon's proposed amended pleadings fail to meet the basic requirement that inequitable conduct be pled with particularity.

### 3.   Amazon's Amendment would Prejudice Cordance

"A party is unduly prejudiced if amendment would cause surprise, result in additional discovery, or add cost in the preparation to defend against new facts or theories." Inline Connection, 237 F.R.D. at 370.  This Court has strongly disapproved of attempts to assert new factual theories at a late stage of litigation.  Id. (finding prejudice where defendants sought "to add three new distinct factual inequitable conduct theories against which plaintiffs would now have to prepare to defend.").

Amazon's motion states without any support or explanation that Cordance will not be prejudiced by Amazon's extreme delay in seeking leave to amend.  The timing of Amazon's motion, however, severely prejudices Cordance.[6]

First, because discovery has now closed, Cordance is prejudiced in that it is unable to obtain the evidence it needs to defend against the inequitable conduct pleadings.  Cordance cannot now obtain deposition testimony from the six inventors of its patents, five of whom no longer have any relationship to Cordance, and two of whom live in Asia.  Furthermore, Cordance cannot use interrogatories or other discovery tools to require Amazon to explain its pleadings in greater detail.  Given the already protracted nature of this case and the fact that the trial is set to begin in six months, reopening discovery is not a viable option.  Inline Connection, 237 F.R.D. at 363, 370 (denying leave to amend where new pleadings could require additional discovery and the trial was set for only ten months after the motion for leave was filed); Samick Music Corp. v.

---

[6] On October 8, 2008, already four months after the deadline to amend pleadings, Amazon announced in the parties' Joint Status Report that it "anticipates filing a Motion for Leave to Amend Pleadings to include inequitable conduct allegations."  (D.I. 206.)  Amazon appears to believe that this announcement somehow cures its failure to comply with the scheduling order. This announcement did nothing to mitigate the prejudice to Cordance because Cordance had no way to know whether Amazon actually would seek such leave, or what the substance of Amazon's inequitable conduct allegations might be, so as to seek discovery.  Even that statement, moreover, was fatally late.

<u>Delaware Music Industries, Inc.</u>, No. 91-23, 1992 WL 39052, at *7 (D. Del. Feb. 12, 1992) ("The prejudice is obvious in the protraction of time to have their claims heard and the need for extensive discovery on these issues.").

Second, Cordance has relied upon Amazon's pleadings in preparing its litigation strategy and the additional burden of responding to Amazon's newly revealed theories would create significant additional costs for Cordance.  <u>See</u> <u>Averbach v. Rival Mfg. Co.</u>, 879 F.2d 1196, 1203 (3d Cir. 1989) (finding prejudice because it would "introduce new issues into [an] already protracted litigation").  Cordance would be required to expend significant additional costs to obtain deposition testimony from the six inventors (including the two who live in Asia).  The additional pleadings would increase the complexity of the case and perhaps necessitate a separate bench trial to address the inequitable conduct issues.  <u>See</u> <u>Lifescan, Inc. v. Polymer Tech. Int'l Corp.</u>, 35 U.S.P.Q.2d 1225, 1238 (W.D. Wash. 1995) (denying motion to add inequitable conduct defense, explaining that the amendments would increase the length of the trial, causing scheduling difficulties and "delaying the eventual resolution of the entire case").

For the above reasons, the Court should find that amending the pleadings at this late stage of the litigation would unduly prejudice Cordance.

## IV.   <u>CONCLUSION</u>

The Court should deny Amazon leave to amend its pleadings for any one of the following reasons: (1) Amazon's failure to take any action prior to the deadline to amend pleadings prevents Amazon from showing good cause under Rule 16 to amend the scheduling order; (2) Amazon's extreme delay in seeking leave to amend after the close of discovery, seven months after the deadline to amend pleadings, and shortly before the deadline to file dispositive motions constitutes undue delay, bad faith, and dilatory motives; (3) Amazon's pleadings are futile

because they are not pled with particularity; or (4) the extreme delay in seeking leave to amend prejudices Cordance, as discovery is now closed and contesting the additional pleadings would require significant additional expense and increase the complexity of the case.

ASHBY & GEDDES

*/s/ John G. Day*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffery C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
joneill@wolfgreenfield.com

Dated: January 16, 2009