## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | C.A. No. 06-491-MPT |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| AMAZON.COM, INC. and | ) | |
| AMAZON WEB SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPENING MEMORANDUM IN SUPPORT
## OF THEIR MOTION FOR SUMMARY JUDGMENT OF NON INFRINGEMENT
## AND NO WILLFUL INFRINGEMENT

Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Defendants*
*Amazon.com, Inc. and*
*Amazon Web Services, LLC*

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated: January 23, 2009
Public Version Dated: January 30, 2009
900700 / 30763

# TABLE OF CONTENTS

**Page(s)**

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

II.  SUMMARY OF THE ARGUMENTS ......................................................................... 1

III.  STATEMENT OF RELEVANT FACTS ..................................................................... 2

IV.  APPLICABLE LAW ............................................................................................ 3

    A.  Summary Judgment Standard ........................................................................ 3

    B.  Willfulness Standard ..................................................................................... 4

    C.  Infringement Standard ................................................................................... 5

V.  ARGUMENT ...................................................................................................... 5

    A.  Cordance's Boilerplate Willfulness Allegations Are Legally and Factually Unsupported ................................................................................................. 5

    B.  Amazon Does Not Infringe the '325 or '717 Patents Because Its Products Lack "Feedback Information" ......................................................................... 7

VI.  CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)..........................................................................................4

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)..........................................................................................4

*Honeywell Int'l Inc. v. Universal Avionics Systems Corp.*,
   C.A. No. 02-359-MPT, 2008 U.S. Dist. LEXIS 92431 (D. Del. Nov. 12, 2008)...........3, 5, 7

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007)...........................................................2, 4, 6

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)..........................................................................................4

*Moore U.S.A. v. Standard Register Co.*,
   229 F.3d 1091 (Fed. Cir. 2000)........................................................................5

*Netcraft Corp. v. eBay, Inc.*,
   549 F.3d 1394 (Fed. Cir. 2008)........................................................................3

*Norian Corp. v. Stryker Corp.*,
   363 F.3d 1321 (Fed. Cir. 2004)........................................................................7

Statutes

35 U.S.C. § 271 ...................................................................................................5

Rules

Fed. R. Civ. P. 56................................................................................................4

There are no issues of material disputed fact and Plaintiff Cordance Corporation's

("Cordance") willfulness allegations as to United States Patent Nos. 6,757,710 ("the '710

Patent"), 5,862,325 ("the '325 Patent"), and 6,088,717 ("the '717 Patent") (collectively the

"patents-in-suit")[1], and its infringement claims based on the '325 Patent and the '717 Patent

(collectively "the Feedback Patents"), fail as a matter of law.  Defendants Amazon.com, Inc. and

Amazon Web Services, LLC, (collectively, "Amazon") therefore respectfully request that the

Court enter summary judgment on Counts 1-4 of Cordance's Third Amended Complaint, and

Defense 1 and Counterclaims 1, 3, 5, and 7 of Amazon's Answer, Defenses and Counterclaims

to Cordance's Third Amended Complaint.

## I.   NATURE AND STAGE OF THE PROCEEDINGS

In this lawsuit, Cordance has accused Amazon of willfully infringing the patents-in-suit.

Amazon has brought counterclaims for non-infringement, invalidity, and unenforceability of the

patents-in-suit.  The present motion is a case dispositive motion of non-infringement and no

willfulness.

Per the Court's December 11, 2007 Amended Scheduling Order, written discovery closed

on December 1, 2008.  Opening case dispositive motions are due on January 23, 2009.  Expert

discovery closes on February 13, 2009.  Oppositions to case dispositive motions are due

February 23, 2009, and replies in support of case dispositive motions are due on March 9, 2009.

Trial is set to begin on August 3, 2009.

## II.   SUMMARY OF THE ARGUMENTS

1.      It is undisputed that Cordance failed to provide notice of its patents or

infringement claims to Amazon.  Nor did Cordance ever seek to enjoin Amazon's alleged

---

[1] Patent Numbers 5,862,325 and 6,088,717 cited herein refer to D.I. 174 and Patent Numbers
6,345,288 B1 and 6,757,710 B2 refer to D.I. 175

infringement during the pendency of this suit. Additionally, Cordance has no evidence of objective recklessness toward the patents-in-suit by Amazon at any time. Given these undisputed facts, under the Federal Circuit's *Seagate* decision, Cordance cannot prevail on its boiler plate willfulness allegation as a matter of law. Summary judgment on all of Cordance's willfulness claims is therefore appropriate.

2.      Following the Court's construction of "feedback information" to require "evaluation attributes and corresponding value choices," Cordance's infringement claims against Amazon's buyer/seller feedback and product review features (for the great majority of products) also fail. Neither feature provides the required evaluation attributes and corresponding value choices, as both support only free text reviews and an overall star rating. Only for a few product categories, toys, wireless service, and restaurants, does Amazon possibly provide the ability for users to rate products based on particular characteristics. Product reviews for these limited categories of products are excluded from the present motion for summary judgment of non-infringement.[2] Because Cordance cannot succeed on its contentions that the Amazon products that support only free text reviews and an overall star rating (hereinafter "the Accused Feedback Products") infringe the '325 Patent or the '717 Patent, summary judgment is proper here as well.

## III.     **STATEMENT OF RELEVANT FACTS**

Cordance filed this lawsuit for patent infringement against Amazon in August 2006. Complaint, D.I. 1. In particular, Cordance claims the buyer/seller feedback and product review features of Amazon webpages infringe the Feedback Patents. *See* Exh. 33[3]. Cordance alleges "on information and belief" that such infringement "is deliberate and willful." D.I. 156 at ¶¶ 13,

---

[2] These product reviews do not infringe for other reasons that will be proven at trial.

[3] All exhibits cited herein refer to exhibits contained in the Appendix in Support of Defendants' Motions for Summary Judgment filed concurrently herewith.

18, 24, and 29. ███████████████████████████████████

███████████████████████ Exh. 2 at pp. 101:14-22, 102:23-103:11.  It also did not seek to

enjoin Amazon's alleged infringement.  Furthermore, despite Amazon discovery—served well

over a year ago—requesting that Cordance identify all facts, documents and theories that support

the allegations that Amazon's infringement of the patents-in-suit is "deliberate and willful"

(Exh. 30 at p. 4), Cordance has yet to identify a willfulness theory, much less any facts in support

of one (Exh. 31 at p. 3).

On December 5, 2008, the Court construed the disputed claim terms of the patents-in-

suit.  Memorandum Order, D.I. 279.  With respect to disputed term "feedback information,"

found in each of the asserted claims of the '325 and '717 Patents, the Court adopted Amazon's

construction of that term to mean "evaluation attributes and corresponding value choices."  *Id.*,

Term 9.  As demonstrated below, the Accused Feedback Products do not include evaluation

attributes and corresponding value choices.  Rather, Amazon's products provide only a free text

based review, which allows a user to type a narrative review about a buyer, seller, or product,

and an overall rating that permits a user to give a buyer, seller, or a product between one and five

stars.  *See, e.g., infra*, pp. 8-9.  Amazon therefore does not infringe the asserted claims of the

Feedback Patents.

## IV.   APPLICABLE LAW

### A.   Summary Judgment Standard

Summary judgment is appropriate in a patent case as in any other case, and the same

standards apply.  *See, e.g., Netcraft Corp. v. eBay, Inc.*, 549 F.3d 1394 (Fed. Cir. 2008)

(affirming summary judgment of non-infringement); *Honeywell Int'l Inc. v. Universal Avionics*

*Sys. Corp.*, C.A. No. 02-359-MPT, 2008 U.S. Dist. LEXIS 92431 (D. Del. Nov. 12, 2008)

(granting summary judgment of no willfulness).  Summary judgment is granted when there is no

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A party opposing a motion for summary judgment on a claim for which it will carry the burden of proof at trial must present sufficient evidence to prove each element of its claim to avoid summary judgment. *Celotex*, 477 U.S. at 322-23. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 322-23.

## B.   Willfulness Standard

To prove willful patent infringement "requires at least a showing of objective recklessness." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). A patentee must therefore show by clear and convincing evidence that the accused infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. *Id*. A patentee must also prove "that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id*. Moreover, when filing a complaint, "a patentee must have a good faith basis for alleging willful infringement [which] must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id*. It is axiomatic that an accused infringer must first have notice of the patent before it can begin to act "objectively reckless." Where the first notice is the filing of the lawsuit, a patentee's failure to seek a preliminary injunction precludes a

4

willfulness finding. *Id.* That is because a patentee who does not attempt to enjoin an accused infringer's activities should not be allowed to sit idle and accrue enhanced damages over the course of the entire litigation based solely on the infringer's post filing conduct. *Id.* In addition, serious questions going to the claims and defenses may also preclude a willfulness finding. *Id.*; *see also, Honeywell,* 2008 U.S. Dist. LEXIS 92431, at *23 (granting summary judgment of no willfulness where there were substantial non-infringement and invalidity defenses).

### C.   Infringement Standard

For infringement, Cordance must prove that Amazon, without authority, made, used, offered to sell or sold the patented invention, within the United States, or imported into the United States the patented invention during the term of the patent. 35 U.S.C. § 271. Determining infringement of a patent claim requires first interpreting the language of the claim to determine its meaning and scope, and second comparing the construed claim to the accused device to determine whether all of the claim elements or their equivalents are present. *See, e.g., Moore U.S.A. v. Standard Register Co.,* 229 F.3d 1091, 1105 (Fed. Cir. 2000). Here, the Court has already conducted the first of these two steps, providing its construction of the relevant claims in its December 5, 2008 Claims Construction Order. Thus, only the second step of applying that construction to the accused products remains. And as described below, there is no reasonable dispute that the "feedback information" limitation is not present in the Accused Feedback Products.

## V.   ARGUMENT

### A.   Cordance's Boilerplate Willfulness Allegations Are Legally and Factually Unsupported

Cordance is unable to prove willful infringement as a matter of law. It is undisputed that Cordance did not provide Amazon with notice of the patents-in-suit or infringement claims prior

to filing this lawsuit, or move for a preliminary injunction once it filed this suit. As its interrogatory response makes clear, Cordance has no evidence that Amazon acted objectively reckless toward any of the patents-in-suit at any time. That is because Amazon could not have acted objectively reckless given its strong non-infringement and invalidity defenses, as detailed in this and its other motions for summary judgment. Cordance's willfulness allegations are therefore ripe for summary adjudication.

First, Cordance's failure to provide notice of the patents-in-suit or its claims of infringement to Amazon prior to commencing this lawsuit precludes a pre-suit willfulness finding. Because Amazon never had notice prior to this lawsuit, Cordance did not have a good faith basis for even alleging willful infringement in its Complaint in the first place. *Seagate*, 497 F.3d at 1374. This is highlighted by Cordance's only allegations regarding willful infringement, which are based solely on "information and belief" that the alleged infringement was "deliberate and willful"; they are not grounded in fact. Such conclusory allegations would not withstand a motion to dismiss, let alone a motion for summary judgment.

Although Amazon ultimately received notice with the filing of this action, Cordance's failure to ever seek a preliminary injunction precludes a post-suit willfulness finding. A patentee who does not attempt to stop an accused infringer's activities with a preliminary injunction upon filing of a lawsuit cannot prove willfulness. *Seagate*, 497 F.3d at 1374. That is because a patentee "should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct" through the tactical decision of allowing that conduct to continue with the hope of obtaining treble damages years later. *Id.* Thus, there is no basis whatsoever for any post-suit willfulness claim either.

To be certain, Cordance has failed to identify any evidence that Amazon acted objectively reckless toward any of the patents-in-suit at any time.  Although Amazon asked Cordance over a year ago via an interrogatory to identify all facts, documents and theories that support its willfulness allegations, Cordance responded with nothing more than boilerplate objections; it did not identify any facts, documents or theories regarding its willfulness accusation. *See* Exh. 31 at p. 3.  Cordance's lack of objective recklessness evidence confirms that its willfulness allegations are ripe for summary adjudication. *See, e.g., Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1332 (Fed. Cir. 2004) (granting judgment as a matter of law of no willfulness because the patentee failed to come forward with evidence upon which a jury could reasonably find infringement was willful).  And even if Cordance could point to some evidence—which it obviously cannot, Amazon's viable non-infringement and invalidity defenses would preclude an objective reckless finding. *Honeywell,* 2008 U.S. Dist. LEXIS 92431, at *23 (granting summary judgment of no willfulness because there were substantial non-infringement and invalidity defenses).

In short, given the lack of pre-suit notice, Cordance's failure to move for a preliminary injunction, its inability to identify *any* evidence of objective recklessness on the part of Amazon, and Amazon's strong defenses, there can be no willfulness in this case.

**B.      Amazon Does Not Infringe the '325 or '717 Patents Because Its Products Lack "Feedback Information"**

Amazon's products do not provide evaluation attributes and corresponding value choices. All claims of the '325 and '717 Patents asserted by Cordance relate to controlling the transfer of "feedback information."  The term "feedback information" appears in every asserted claim of these Feedback Patents. (*See, e.g.*, claim 109 of the '325 Patent, and claim 50 of the '717

7

Patent).  Because feedback information is missing from the Accused Feedback Products, those

products do not infringe the asserted claims of the '325 or '717 Patents as a matter of law.

For each of the asserted claims, Cordance has accused two sets of features on Amazon's

web site.  One set of features, "buyer/seller feedback," allows an Amazon customer to post

comments and an overall star rating of third parties who buy or sell products on Amazon's web

site, as depicted in the following:



**Leave feedback for** REDACT .

Please contac REDAC. to try to resolve any problems before submitting feedback.

**Order #:** 103-9844895-REDACTE

**Item(s) purchased:** 1 of: The Pillars of the Earth by Ken Follett [Paperback]

**Rate your experience with** REDAC .:

**Rating:** 5 (Excellent)
4 (Good)
3 (Fair)
2 (Poor)
1 (Awful)

**Comments:**

Max. 400 characters, no HTML

Submit feedback

By clicking this button, you agree that you understand the "Important notes about buyer ratings" below.

Exh. 34 at Exhibit A, p. 67.  As this screen shot of an exemplary Amazon buyer feedback

webpage makes clear, the only feedback permitted is an overall "rating" and text-based

"comments."  *See also*, Declaration of Dr. Lorenzo Alvisi in Support of Defendants' Motions for

Summary Judgment ("Alvisi Decl."), ¶ 19.

The second set of accused features are product reviews posted by Amazon customers.

This webpage feature, which pre-dates the filing of Cordance's patents by over a year, allows

users to post reviews about products sold on the site.  Samples of these reviews are displayed to

other potential customers on the page that displays product details.  For the Accused Feedback

Products, reviews are limited to free text provided by the reviewing customer and an overall star rating, as shown in the following product review:



Just as the buyer/seller feedback discussed above, feedback information for products is limited to an overall star rating ("How do you rate this item") and a text-based review ("Type your review in the space below"). *See also*, Alvisi Decl., ¶ 20.

The parties' claim construction dispute over the term "feedback information," a limitation of each asserted claim of the Feedback Patents, and the Court's adoption of Amazon's proposed construction of that term confirms that the Accused Feedback Products are non-infringing. Cordance's generic proposed construction of that term—"[i]nformation that includes an evaluative review and may also include information related to the review such as its subject or the evaluator"—was obviously designed to capture Amazon's free text product reviews and buyer/seller feedback features.

9

The Cordance patents, however, do not describe a system for processing and posting free text reviews. Rather, it describes a system for collecting and tabulating numerical scores for specific predefined attributes relevant to the particular item being evaluated. As the two subject patents explain: "The feedback attributes and value choices for any feedback category object 110 representing minivans might include attributes for dealer satisfaction, fit and finish, gas mileage, maintenance costs, repurchase plans, and so on." *See, e.g.,* the '717 Patent at 125:53-62. Given this clear description of feedback information from the patents, the Court adopted Amazon's proposed construction of "feedback information" as "evaluation attributes and corresponding choices."

Cordance's infringement contentions depend entirely on its rejected construction, equating feedback information with "an evaluative review." Under the Court's construction, however, the accused buyer/seller feedback and product reviews do not provide "evaluation attributes and corresponding value choices," just the ability to enter a free text review and an over all star rating. *See* Alvisi Decl., ¶¶ 19-21. Even the named inventor on the Feedback Patents, Mr. Peter Heymann ███████████████████████████████████████

█████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████ Exh. 32 at 214:5-215:13. Thus, there is no reasonable dispute that these feedback/review features do not infringe as a matter of law.

Furthermore, text and overall star ratings are not "equivalent" to the required evaluation attributes and corresponding value choices. Cordance does not even contend they are. But even if it did, any such theory would impermissibly vitiate the claim requirement that Amazon provide evaluation attributes and value choices. A blank window for inputting text is not the equivalent

10

to a structured input form with specific evaluation attributes and values appropriate to the product that is the subject of the review. Furthermore, free text reviews cannot be aggregated and summarized as described in the patent. Because the Amazon's Accused Feedback Products lack the requisite feedback information, they do not infringe any of the asserted claims of either the '325 or '717 Patents, and summary judgment is thus appropriate.

## VI.   CONCLUSION

For the foregoing reasons, Amazon is entitled to summary judgment finding that (1) it is not liable for willfully infringing any of the patents-in-suit, and (2) its Feedback Products do not infringe any of the asserted claims of the '325 Patent or the '717 Patent.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated: January 23, 2009
Public Version Dated: January 30, 2009
900700 / 30763

By:   */s/ D. Fon Muttamara-Walker*
 Richard L. Horwitz (#2246)
 David E. Moore (#3983)
 D. Fon Muttamara-Walker (#4646)
 Hercules Plaza, 6th Floor
 1313 N. Market Street
 Wilmington, DE 19801
 Tel: (302) 984-6000
 rhorwitz@potteranderson.com
 dmoore@potteranderson.com
 fmuttamara-walker@potteranderson.com

*Attorneys for Defendants*
*Amazon.com, Inc. and*
*Amazon Web Services, LLC*

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, D. Fon Muttamara-Walker, hereby certify that on January 30, 2009, the attached

document was electronically filed with the Clerk of the Court using CM/ECF which will send

notification to the registered attorney(s) of record that the document has been filed and is

available for viewing and downloading.

I further certify that on January 30, 2009, the attached document was Electronically

Mailed to the following person(s):

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Jeffrey O'Neill
Chelsea A. Loughran
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210-2206
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
jeffrey.oneill@wolfgreenfield.com
cloughran@wolfgreenfield.com

By:  */s/ D. Fon Muttamara-Walker*
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

757320 / 30763