## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-491-MPT |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC. and | ) | |
| AMAZON WEB SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## AMAZON.COM AND AMAZON WEB SERVICES'
## FIRST AMENDED ANSWER, DEFENSES AND COUNTERCLAIMS TO
## PLAINTIFF CORDANCE'S THIRD AMENDED COMPLAINT

### I.

### ANSWER

Defendants Amazon.com, Inc., ("Amazon.com") and Amazon Web Services, LLC ("AWS") (collectively "Amazon"), by and through their undersigned counsel, answer the Third Amended Complaint for Patent Infringement ("TAC") of plaintiff Cordance Corporation ("Plaintiff" or "Cordance"), as follows:

### THE PARTIES

1.      Amazon admits that Plaintiff purports to be a Washington corporation having a principal place of business at 3020 Issaquah-Pinelake Road, #74, Sammamish, Washington 98075.

2.      Amazon lacks sufficient information to form a belief as to the truth or falsity of the averments in paragraph 2 of the TAC and therefore denies them.

3.      Amazon admits that Amazon.com is a Delaware corporation with a principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.

4.      Amazon admits that Amazon.com is an online retailer that sells a variety of items and denies any remaining averments contained in paragraph 4 of the TAC.

5.      Amazon admits that AWS is a Delaware corporation with a principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.

6.      AWS admits that it provides web services including one called the Simple Storage Service.

### JURISDICTION AND VENUE

7.      Amazon admits that Plaintiff purports to invoke subject matter jurisdiction via 35 U.S.C. § 1 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

8.      Amazon admits that Plaintiff purports to aver that personal jurisdiction is proper over Amazon in this court.  Amazon admits that Amazon.com and AWS are incorporated in Delaware and have users within Delaware.

9.      Amazon admits that Plaintiff purports to aver that venue is proper in this district pursuant to 28 U.S.C. §§ 1391, 1400.

### COUNT ONE – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,757,710

10.     In response to paragraph 10 of the TAC, Amazon incorporates by reference its responses to paragraphs 1 through 9 of the TAC.

11.     Amazon admits that the document attached as Exhibit A appears on its face to be a copy of United States Patent No. 6,757,710 ("the '710 Patent").  Amazon denies every remaining averment contained in paragraph 11 of the TAC.

12.     Amazon denies the averments contained in paragraph 12 of the TAC.

13.     Amazon denies the averments contained in paragraph 13 of the TAC.

14.     Amazon denies the averments contained in paragraph 14 of the TAC.

## COUNT TWO – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,044,205

15.     In response to paragraph 15 of the TAC, Amazon incorporates by reference its responses to paragraphs 1 through 9 of the TAC.

16.     Amazon admits that the document attached as Exhibit B appears on its face to be a copy of United States Patent No. 6,044,205 ("the '205 Patent"). Amazon denies every remaining averment contained in paragraph 16 of the TAC.

17.     Amazon denies the averments contained in paragraph 17 of the TAC.

18.     Amazon denies the averments contained in paragraph 18 of the TAC.

19.     Amazon denies the averments contained in paragraph 19 of the TAC.

## COUNT THREE – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,862,325

20.     In response to paragraph 20 of the TAC, Amazon incorporates by reference its responses to paragraphs 1 through 9 of the TAC.

21.     Amazon admits that the document attached as Exhibit C appears on its face to be a copy of United States Patent No. 5,862,325 ("the '325 Patent"). Amazon denies every remaining averment contained in paragraph 21 of the TAC.

22.     Amazon denies the averments contained in paragraph 22 of the TAC.

23.     Amazon denies the averments contained in paragraph 23 of the TAC.

24.     Amazon denies the averments contained in paragraph 24 of the TAC.

25.     Amazon denies the averments contained in paragraph 25 of the TAC.

## COUNT FOUR – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,088,717

26.     In response to paragraph 26 of the TAC, Amazon incorporates by reference its responses to paragraphs 1 through 9 of the TAC.

27.     Amazon admits that the document attached as Exhibit D appears on its face to be a copy of United States Patent No. 6,608,717 ("the '717 Patent").  Amazon denies every remaining averment contained in paragraph 26 of the TAC.

28.     Amazon denies the averments contained in paragraph 28 of the TAC.

29.     Amazon denies the averments contained in paragraph 29 of the TAC.

30.     Amazon denies the averments contained in paragraph 30 of the TAC.

## RELIEF REQUESTED BY PLAINTIFF

Amazon denies that Plaintiff is entitled to the relief it seeks or any relief at all for the averments made in the TAC..

## II.

## DEFENSES

For its Defenses to the Third Amended Complaint, Amazon avers as follows:

## FIRST DEFENSE – NON-INFRINGEMENT

1.     Amazon has not infringed, and does not infringe, and is not liable for any infringement of the '710 Patent, the '205 Patent, the '325 Patent, or the '717 Patent (collectively, the "patents-in-suit") directly, contributorily, by inducement, or in any other manner.

## SECOND DEFENSE – INVALIDITY

2.     The patents-in-suit are invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD DEFENSE – ESTOPPEL

3.     Amazon is informed and believes, and thereon avers, that the relief sought by Plaintiff is barred under the doctrine of prosecution history estoppel.

## FOURTH DEFENSE – PROSECUTION LACHES

4.      Amazon is informed and believes, and thereon avers, that the relief sought by Plaintiff is barred under the doctrine of prosecution laches.

## FIFTH DEFENSE – LIMITATION ON DAMAGES

5.      Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287 and/or Plaintiff's failure to plead notice thereunder.

## SIXTH DEFENSE - LACHES

6.      The doctrine of laches bars Plaintiff from obtaining all, or part, of the relief it seeks.

## SEVENTH DEFENSE – COSTS BARRED IN ACTION FOR INFRINGEMENT OF A PATENT CONTAINING AN INVALID CLAIM

7.      Pursuant to 35 U.S.C. § 288, Plaintiff is barred from recovering any costs.

## EIGHTH DEFENSE – PATENT MISUSE

8.      On information and belief, Plaintiff has falsely indicated that the patents-in-suit are embodied in one or more of standards relating to XRI/XDI specifications and included such indications in specifications and/or related documents with XDI.ORG.  Such indication is reflected in at least an agreement between Plaintiff and XDI.org dated September 13, 2004 titled "XDI.org Intellectual Property Rights Agreement."

9.      On information and belief, Plaintiff made such indication and/or assertions of the patents in suit being embodied in standards in an effort to wrongfully extend its patent rights to exploit and profit from the promulgation and adoption of the XRI/XDI standards and or/agreements relating to operation thereof.  This is reflected at least in an agreement between Plaintiff and XDI.org dated September 13, 2004 titled "XDI.org Global Service Provider Agreement."

10.     Accordingly, the relief sought by Plaintiff is barred in whole or in part under the doctrine of Patent Misuse.

## EIGHTH AFFIRMTIVE DEFENSE – INEQUITABLE CONDUCT

11.     The patents-in-suit are unenforceable by reason of the patents having been procured through inequitable conduct and fraud.  Specifically, on information and belief, one or more the inventors of the patents-in-suit and/or their patent attorneys, Wolf Greenfield & Sacks P.C, knowingly and intentionally failed to disclose to the PTO material prior art despite being aware of such prior art at the time of prosecution of these patents and the materiality of such prior art to the patentability of these patents.  In addition, as described further below, on information and belief, Drummond Reed, the only named inventor on the '710 patent and/or his patent attorneys, fraudulently submitted a false declaration and petition to correct inventorship to the USPTO in order to swear behind anticipating prior art.

**Failure to Disclose Material Prior Art**

Revnet Systems Inc.'s Groupmaster Offering

12.     Prior to the filing of the application that resulted in the '205 patent, Revnet Systems, Inc. launched its Groupmaster product.

13.     On February 21, 1996, eight days before filing the application resulting in the '205 patent, Drummond Reed emailed several of his '205 patent co-inventors regarding Groupmaster.  In that email he indicated that Groupmaster may violate the soon to be filed patent application (which would result in the '205 Patent) and that it "would have been prior art" absent the opportunity to "draft claims to exclude it."

14.     Despite such clear indication of the understood materiality of such system and the '205 Patent inventors' awareness of such system, neither the inventors on the '205 Patent nor

their patent counsel disclosed the Groupmaster system to the PTO in the course of the '205 patent prosecution.

15.     On information and belief, one or more of the inventors of the '205 patent and/or their patent counsel knew of the Groupmaster offering, but with the intent to deceive the PTO to ensure the issuance of the '205 Patent, failed to disclose such information to the PTO as part of the prosecution of the '205 Patent and such failure to disclose was material to the issuance of the '205 Patent. By reason of this inequitable conduct, the patents-in-suit (all claiming priority to the '205 Patent) are unenforceable.

Backweb Technology

16.     As early as the second half of 1996, one or more if the '205 Patent inventors had knowledge of a Backweb Technologies offering directed to personalized broadcast channels. At that time, employees of the plaintiff studied the Backweb website and the Backweb offering and shared findings from these studies with one or more of the '205 patent inventors. In addition, as of the second half of 1996, one or more of the '205 Patent inventors reviewed and considered a 1996 Webweek article describing the Backweb technology.

17.     The Backweb website, the Backweb system and the Webweek article discussing the Backweb system (collectively "Backweb references") are all material to the subject matter claimed in the '205 Patent.

18.     On information and belief, one or more of the inventors of the '205 Patent and/or their patent counsel knew of the Backweb references, but with the intent to deceive the PTO to ensure the issuance of the '205 Patent, failed to disclose such information to the PTO as part of the prosecution of the '205 Patent and such failure to disclose was material to the issuance of the

'205 Patent. By reason of this inequitable conduct, the patents-in-suit (all claiming priority to the '205 Patent) are unenforceable.

Broadvision Whitepaper

19.     As early as March 28, 1996 the inventors of the '325 Patent were in possession of and aware of a Broadvision whitepaper titled "Broadvision One-To-One and the World Wide Web A White Paper" which describes an automated unified system for online marketing and selling activities including an automated system for the provision of feedback.

20.     This technology described in the whitepaper is material to the subject described and claimed in the '325 Patent and indeed, in early 1996, plaintiff, identified Broadvision as an important competitor.

21.     Despite being aware of the Broadvision whitepaper, none of the '325 Patent inventors disclosed the whitepaper to the PTO during the '325 Patent prosecution.

22.     On information and belief, the '325 Patent inventors and/or their patent counsel knew of the Broadvision whitepaper, but with the intent to deceive the PTO to ensure the issuance of the '325 Patent, failed to disclose such whitepaper to the PTO as part of the prosecution of the '325 Patent and such failure to disclose was material to the issuance of the '325 Patent. By reason of this inequitable conduct, the '325 Patent, '717 Patent and '710 Patent are unenforceable.

Open Market Patents

23.     As early as March 4, 1998, Drummond Reed was aware of U.S. Patent Nos. 5,724,424; 5,708,780; and 5,715,314 ("Openmarket references") all directed to ecommerce systems including shopping carts, session identifiers, and "instant payments."

24.   These Openmarket references are material to the subject matter claimed in the '710 Patent yet were not disclosed to the PTO during the '710 patent prosecution by Drummond Reed or his patent counsel.

25.   On information and belief, one or more of the '710 Patent inventors and/or their patent counsel knew of the Openmarket references, but with the intent to deceive the PTO to ensure the issuance of the '710 Patent, failed to disclose such references to the PTO as part of the prosecution of the '710 Patent and such failure to disclose was material to the issuance of the '710 Patent.  By reason of this inequitable conduct, the '710 Patent is unenforceable.

IBM Patent

26.   As early as May 6, 1997 Drummond Reed was made aware of U.S. Patent No. 5,603,031 (the "IBM reference") by Netscape Communications Corp.'s patent counsel, who had indicated to Mr. Reed that the IBM reference appeared to be very similar to Cordance's then pending patent applications which subsequently issued as the '205 and '325 Patents.

27.   The IBM reference is material to the subject matter claimed in the '205 Patent and the '325 Patent, yet were not disclosed to the PTO during the prosecution of such patents.

28.   On information and belief, Drummond Reed and/or his patent counsel knew of the IBM reference, but with the intent to deceive the PTO to ensure the issuance of the '205 Patent and '325 Patent, failed to disclose such reference to the PTO as part of the prosecution of such patents and such failure to disclose was material to the issuance of the such patents.  By reason of this inequitable conduct, the Patents-in-Suit are unenforceable.

Other Prior Art

29.   **[REMOVED PER COURT'S MEMORANDUM AND ORDER (D.I. 335) FILED ON FEBRUARY 18, 2009.]**

**False Inventorship**

30.     The patents-in-suit all belong to the same patent family and all patents in that family (other than the '710 Patent (which is the last applied for patent in the family)) name the same six inventors: Drummond Reed, Peter Heyman, Steven Mushero, Kevin Jones, Jeffrey Oberlander and Dan Banay.

31.     While the '710 Patent currently names only Drummond Reed as the inventor, on February 5, 2002, when the application for that patent was filed with the PTO, it named all six of the same inventors that appear on all other patents in the '710 Patent's family.

32.     However, five of these inventors were removed from the application in May of 2003, following the PTO's February 28, 2003 issuance of a final rejection of the then pending '710 patent claims.

33.     Per this February 28, 2003 office action, the PTO rejected the then pending claims under 35 U.S.C 102(e) for being anticipated by United States Patent No. 5,710,887 – a patent that issued from an application filed on August 28, 1995.

34.     On May 6, 2003, in response to the February 28, 2003 rejection, named inventor Drummond Reed submitted a declaration stating under oath that <u>he</u> invented the subject matter of the pending claims before August 28, 1995 (rather than all six previously named inventors) and submitted as corroboration a document, purportedly from Mr. Reed's prior business, Softpages, Inc.  On information and belief, the purported date of that document was before Mr. Reed knew several of the individuals originally named as inventors on the application that resulted in the '710 Patent.

35.     Also on May 6, 2003, along with the Drummond Reed declaration referenced immediately above, Mr. Reed and/or his patent counsel submitted a petition to the PTO

removing Peter Heyman, Steven Mushero, Kevin Jones, Jeffrey Oberlander and Dan Banay from the application that resulted in the '710 Patent.  The petition was purported to be necessary because of the "deletion and/or amending of claims in the present application."

36.     However, on information and belief, the purpose of that petition to correct inventorship, was not due to a change in the scope of the claims but rather was necessary for Drummond Reed to be able claim he invented the '710 Patent subject matter prior to August 28, 1995 – the critical date set by the PTO's February 28, 2003 rejection.

37.     The inventors argued to the PTO, to this Court, and during discovery that  support for the claims in the '710 Patent specification is in the section of the specification titled "Payment Service Objects and Partner Servers."  One of the previously named '710 patent inventors, Steven Mushero, testified under oath that he and all the other previously named '710 patent inventors contributed to this portion of the "invention" described in the '710 Patent.

38.     In addition, Drummond Reed claims in his May 6, 2003 declaration submitted to the PTO to have diligently constructively reduced the '710 patent invention to practice by filing the application that resulted in the issuance of the '205 patent on February 29, 1996.  However, the '205 patent specification includes nothing about a Payment Service Object or any ecommerce system (which is the subject matter purportedly claimed by the '710 Patent).

39.     Further, in order to swear behind an anticipating reference (United States Patent No. 5,710,887), Drummond Reed falsely asserted in his May 6, 2003 declaration submitted to the PTO that a document attached to that declaration as Exhibit A "describes automatically completing the purchase of an item in response to the received indication from the [buyer]."

40.     Accordingly, on information and belief, Drummond Reed submitted a declaration to the PTO falsely asserting that he is the sole inventor of the '710 patent, that Exhibit A to that

declaration "describes automatically completing the purchase of an item in response to the received indication from the [buyer]" and that he diligently constructively reduced the invention to practice by the filing the February 29, 1996 patent application that resulted in the '205 patent. In addition, on information and belief, Drummond Reed and/or Intermind's patent counsel submitted to the PTO a fraudulent petition to change inventorship on the application that resulted in the '710 patent in order to overcome a the PTO's December 28, 2003 final rejection. On information and belief, such false submissions were filed with the PTO with knowledge of their falsity and with the intent to deceive the PTO in order to obtain the issuance of the '710 Patent and such misrepresentations were material to the issuance of the '710 Patent.  For these reasons, the '710 Patent is unenforceable.

**RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

41.     Amazon reserves the right to assert additional affirmative defenses in the event that discovery or other analysis indicates that additional affirmative defenses are appropriate.

**III.**

**COUNTERCLAIMS**

For its Counterclaims against Plaintiff, defendants and counterclaimants Amazon.com and AWS aver as follows:

1.     Amazon counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2201, and Federal Rule of Civil Procedure 13.

**THE PARTIES**

2.     Amazon is a Delaware corporation with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.

12

3.     AWS is a Delaware corporation with a principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.

4.     Upon information and belief, Plaintiff is a Washington corporation with a place of business at 3020 Issaquah-Pinelake Road, # 74, Sammamish, Washington 98075.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6.     This Court has personal jurisdiction over the Plaintiff by virtue, *inter alia,* of its filing of complaints in this Court.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

8.     By virtue of the averments of Plaintiff's TAC in this action and Amazon's Answer thereto, an actual controversy exists between Amazon and Plaintiff as to whether the patents-in-suit are invalid, and/or not infringed by Amazon.

## FIRST COUNTERCLAIM

### DECLARATION OF NON-INFRINGEMENT OF THE '710 PATENT

9.     Amazon restates and incorporates by reference each of the averments of paragraphs 1 through 8 of Section III of this Answer and Counterclaim.

10.     Plaintiff claims to be the owner of the '710 Patent and claims to have the right to enforce the '710 Patent.

11.     Plaintiff in this action alleges infringement of the '710 Patent by Amazon.com.

12.     Amazon.com is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '710 Patent, and Plaintiff is entitled to no relief for any

Claim in the TAC for, *inter alia*, the reasons in paragraphs 1-11 of Section II of this Answer and Counterclaim.

## SECOND COUNTERCLAIM

### DECLARATION OF INVALIDITY OF THE '710 PATENT

13.     Amazon restates and incorporates by reference each of the averments of paragraphs 1 through 12 of Section III of this Answer and Counterclaim.

14.     The '710 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112..

## THIRD COUNTERCLAIM

### DECLARATION OF NON-INFRINGEMENT OF THE '205 PATENT

15.     Amazon restates and incorporates by reference each of the averments of paragraphs 1 through 8 of Section III of this Answer and Counterclaim.

16.     Plaintiff claims to be the owner of the '205 Patent and claims to have the right to enforce the '205 Patent.

17.     Plaintiff in this action alleges infringement of the '205 Patent by Amazon.

18.     Amazon is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '205 Patent, and Plaintiff is entitled to no relief for any Claim in the TAC for, *inter alia*, the reasons in paragraphs 1 through 11 of Section II of this Answer and Counterclaim.

## FOURTH COUNTERCLAIM

### DECLARATION OF INVALIDITY OF THE '205 PATENT

19.     Amazon restates and incorporates by reference each of the averments of paragraphs 1–8 and 15-18 of Section III of this Answer and Counterclaim.

20.     The '205 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112.

## FIFTH COUNTERCLAIM

### DECLARATION OF NON-INFRINGEMENT OF THE '325 PATENT

21.     Amazon restates and incorporates by reference each of the averments of paragraphs 1 through 8 of Section III of this Answer and Counterclaim.

22.     Plaintiff claims to be the owner of the '325 Patent and claims to have the right to enforce the '325 Patent.

23.     Plaintiff in this action alleges infringement of the '325 Patent by Amazon.

24.     Amazon is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '325 Patent, and Plaintiff is entitled to no relief for any Claim in the TAC for, *inter alia*, the reasons in paragraphs 1 through 11 of Section II of this Answer and Counterclaim.

## SIXTH COUNTERCLAIM

### DECLARATION OF INVALIDITY OF THE '325 PATENT

25.     Amazon restates and incorporates by reference each of the averments of paragraphs 1-8 and 21-24 of Section III of this Answer and Counterclaim.

26.     The '325 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112.

## SEVENTH COUNTERCLAIM

### DECLARATION OF NON-INFRINGEMENT OF THE '717 PATENT

27.     Amazon restates and incorporates by reference each of the averments of paragraphs 1 through 8 of Section III of this Answer and Counterclaim.

28.     Plaintiff claims to be the owner of the '717 Patent and claims to have the right to enforce the '710 Patent.

29.     Plaintiff in this action alleges infringement of the '717 Patent by Amazon.com.

30.     Amazon.com is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '717 Patent, and Plaintiff is entitled to no relief for any Claim in the TAC for, *inter alia*, the reasons in paragraphs 1 through 11 of Section II of this Answer and Counterclaim.

## EIGHTH COUNTERCLAIM

### DECLARATION OF INVALIDITY OF THE '717 PATENT

31.     Amazon restates and incorporates by reference each of the averments of paragraphs 1-8 and 27-30 of Section III of this Answer and Counterclaim.

32.     The '717 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112

## NINTH COUNTERCLAIM

### DECLARATION OF UNENFORCEABILITY

33.     Amazon restates and incorporates by reference each of the averments of paragraphs 1-8 of Section III and 8 - 40 of Section II of this Answer and Counterclaim.

34.     Amazon.com seeks a declaration from the Court that the patents-in-suit are unenforceable because Plaintiff committed patent misuse, came to the Court with unclean hands, and/or procured the patents-in-suit through fraud and/or inequitable conduct.

## TENTH COUNTERCLAIM

### CORRECTION OF INVENTORSHIP ON U.S. PATENT NO. 629,269,369 UNDER U.S.C. § 256

35.     Amazon restates and incorporates by reference each of the averments of paragraphs 1 through 8 of Section III of this Answer and Counterclaim.

36.     Warren W. Adams contributed to, and was a joint inventor with the named inventor Brian D. Robertson of, subject matter claimed in United States Patent 6,269,369 (the "'369 Patent"), entitled "Networked Personal Contact Manager."

37.     The omission of Warren W. Adams as a named inventor on the '369 Patent was the result of error.

38.     The omission of Warren W. Adams as a named inventor on the '369 Patent arose without deceptive intent on the part of warren W. Adams.

39.     Pursuant to 35 U.S.C. § 256, the '369 Patent should be corrected to name Warren W. Adams as an inventor.

### ELEVENTH COUNTERCLAIM

#### DECLARATION OF INFRINGEMENT OF U.S. PATENT NO. 6,269,369

40.     Amazon restates and incorporates by reference each of the averments of paragraphs 1 through 8 of Section III of this Answer and Counterclaim.

41.     On July 31, 2001, United States Letters Patent 6,269,369 duly and legally issued, listing inventor Brian D. Robertson. Amazon.com owns by assignment the '369 Patent. A true and correct copy of the '369 Patent is attached as Exhibit A hereto.

42.     Plaintiff and Counterclaim-Defendant Cordance is in the business of standardizing, promoting, commercializing and/or operating "iNames" and/or related services, including the "Contact Service" and/or "Unified Address Book Service," collectively "the Cordance Services."

43.     Amazon is informed and believes, and thereon alleges, that the "United Address Book Service," is used in conjunction with the "Contact Service," and will soon be made available to the public, if not already so available.

44.     By standardizing, promoting, commercializing, and/or operating "iNames" and/or the Cordance Services, Plaintiff and Counterclaim-Defendant Cordance has engaged in present activity and/or taken concrete steps with the intent to conduct such activity, which would constitute infringement of one or more claims of the '369 Patent directly, as inducement of infringement and/or as contributory infringement.

45.     By virtue of Cordance's activities in connection with the Cordance Services, a real and substantial controversy exists between Amazon and Cordance as to the past, present, and/or future infringement of one or more claims of the '369 Patent.

46.     Cordance's acts of infringement are likely to cause, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Amazon for which there is no adequate remedy at law.

47.     As a result of the acts of infringement by Cordance, Amazon has suffered and/or will continue to suffer substantial damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Amazon prays for judgment with respect to Cordance's TAC and Amazon's Defenses and the above Counterclaims as follows:

a.     this Court enter judgment against Cordance and in favor of Amazon on the claims set forth in the Complaint filed by Plaintiff and that such claims be dismissed with prejudice;

b.     this Court find and declare that the claims of the patents asserted by Cordance are not infringed by Amazon and that Amazon is not liable for any infringement;

c.     this Court find and declare that the claims of the patents-in-suit are invalid and unenforceable;

d.     this Court find and declare that Plaintiff is guilty of patent misuse and/or unclean hands, and that the patents-in-suit are unenforceable;

e.     this Court find and declare that the patents-in-suit were procured through fraud and/or inequitable conduct, and that the patents-in-suit are unenforceable;

f.     this Court order that Warren W. Adams be added as an inventor on the '369 Patent;

g.     this Court declare and enter judgment that Cordance's present and/or future activity, *inter alia*, in connection with the Cordance Services, constitutes infringement of the '369 patent directly, by inducement, as contributory infringement, and/or otherwise;

h.       this Court temporarily, preliminary and permanently enjoin Cordance, its parents, subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives and all parties in active concert and/or participation with them, from engaging in the aforesaid unlawful acts of infringement, contributory infringement, inducement of infringement, or otherwise of the '369 patent;

i.       this Court order Cordance to account for and pay to Amazon all damages caused to Amazon by Cordance's infringement, contributory infringement, inducement of infringement, or otherwise, pursuant to 35 U.S.C. § 284, and award Amazon any and all other compensatory damages available by law;

j.       this Court award Amazon increased damages and attorney's fees pursuant to 35 U.S.C. §§ 284-285 or otherwise;

k.       this Court award Amazon prejudgment and postjudgment interest and its costs incurred in this action; and

l.       this Court grant Amazon such other and further relief as the Court shall deem just and proper.

## IV.

## <u>DEMAND FOR JURY TRIAL</u>

Amazon demands trial by jury on all issues so triable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated:  February 24, 2009
904545 / 30763

By:   */s/ Richard L. Horwitz*
       Richard L. Horwitz (#2246)
       David E. Moore (#3983)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, DE  19801
       Tel:  (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com

*Attorneys for Defendants*
*Amazon.com, Inc. and*
*Amazon Web Services, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on February 24, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 24, 2009, the attached document was Electronically Mailed to the following person(s):

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Jeffrey O'Neill
Chelsea A. Loughran
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210-2206
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
jeffrey.oneill@wolfgreenfield.com
cloughran@wolfgreenfield.com

By:  /s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

757320 / 30763