IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-491-MPT |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMAZON WEB SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**CORDANCE'S REPLY TO AMAZON'S OPPOSITION TO
CORDANCE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
617-646-8000

Dated: March 9, 2009

{00280030;v1}

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... iii

I.     SUMMARY OF ARGUMENT ........................................................................................1

II.    ARGUMENT .....................................................................................................................2

       A.     Prosecution Laches ................................................................................................2

       B.     Patent Misuse .........................................................................................................3

              1.     An Attempt to License a Patent is not Misuse .............................................3

              2.     There Has Been No Extension of Cordance's Patent Term........................5

       C.     Marking Requirement ............................................................................................6

              1.     Cordance Pled Compliance with the Marking Statute ................................6

              2.     Cordance Marked All Relevant Products With the '325 and '717 Patent
                     Numbers .......................................................................................................7

              3.     There is No Marking Requirement for the '710 Patent .............................9

       D.     Barring Costs .......................................................................................................10

III.   CONCLUSION...............................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

Agrashell, Inc. v. Hammons Products Co.,
    479 F.2d 269 (8th Cir. 1973) ...........................................................................6

Ariad Pharms., Inc. v. Eli Lilly & Co.,
    529 F. Supp. 2d 106 (D. Mass. 2007) ..............................................................2

Avid Identification Sys., Inc. v. Philips Electronics N. Amer. Corp.,
    No. 04-183, 2006 WL 1408318 (E.D. Tex. May 18, 2006)................................7

Bandag, Inc. v. Gerrard Tire Co.,
    704 F.2d 1578 (Fed. Cir. 1983)........................................................................7

Bayer AG v. Housey Pharms. Inc.,
    228 F. Supp. 2d 467 (D. Del. 2002)..................................................................3

Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.,
    249 F.3d 1341 (Fed. Cir. 2001)........................................................................3

Bowling v. Hasbro Inc.,
    490 F. Supp. 2d 262 (D.R.I. 2007)...................................................................7

Bradford Co. v. Jefferson Smurfit Corp.,
    No. 00-1511, 2001 U.S. App. LEXIS 25205 (Fed. Cir. Oct. 30, 2001) ...........................10

Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.,
    498 F. Supp. 2d 718 (D. Del. 2007)..................................................................9

Ferring B.V. v. Barr Labs., Inc.,
    437 F.3d 1181 (Fed. Cir. 2006).....................................................................3, 9

Intuitive Surgical, Inc. v. Computer Motion, Inc.,
    No. 01-203, 2002 U.S. Dist. LEXIS 24808 (D. Del. Dec. 10, 2002). ................................2

Mass. Inst. of Tech. v. Abacus Software, Inc.,
    01-344, 2004 U.S. Dist. LEXIS 30052 (E.D. Tex. Aug. 4, 2004)................................. 8-9

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986) .........................................................................................8

Monsanto Co. v. Scruggs,
    459 F.3d 1328 (Fed. Cir. 2006).........................................................................6

Sentry Protection Prods., Inc. v. Eagle Mfg. Co.,
    400 F.3d 910 (Fed. Cir. 2005)................................................................. 6-7, 8

Stambler v. RSA Security, Inc.,
    243 F. Supp. 2d 74 (D. Del. 2003)..................................................................2

State Contracting & Eng. Corp. v. Condotte Am., Inc.,
    346 F.3d 1057 (Fed. Cir. 2003)..................................................................9

Texas Digital Sys., Inc. v. Telegenix, Inc.,
    308 F.3d 1193 (Fed. Cir. 2002)..................................................................9

Topline Corp. v. Dynasty Footwear, Ltd.,
    No. 06-1126, 2007 WL 27105 (W.D. Wash. Jan. 2, 2007) .................................................7

Townshend v. Rockwell Int'l Corp.,
    No. 99-400, 2000 U.S. Dist. Lexis 5070 (N.D. Cal. 2000)..................................5

U.S. Philips Corp. v. ITC,
    424 F.3d 1179 (Fed. Cir. 2005)..................................................................6

Virginia Panel Corp. v. MAC Panel Co.,
    133 F.3d 860 (Fed. Cir. 1997)..................................................................4

Windsurfing Int'l, Inc. v. AMF, Inc.,
    782 F.2d 995 (Fed. Cir. 1986)..................................................................4

**Statutes**

35 U.S.C. § 271(d) .................................................................................3, 4

35 U.S.C. § 287(a) .................................................................................6, 10

35 U.S.C. § 288.................................................................................1, 10

Cordance herewith replies to Amazon's Opposition (D.I. 344) to Cordance's Motion for Partial Summary Judgment (D.I. 313).

## I.   <u>SUMMARY OF ARGUMENT</u>

Cordance moved for summary judgment to simplify trial by resolving four of Amazon's affirmative defenses: (1) prosecution laches, (2) patent misuse, (3) marking, and (4) barring costs under 35 U.S.C. § 288, none of which have any basis on this record as a matter of law.

On one of these four issues – prosecution laches – Amazon also sought summary judgment, effectively conceding the absence of any fact disputes.  The law on that issue is clear: Prosecution laches is a rare and disfavored defense applicable only to extreme circumstances. On facts strikingly similar to those present here, several courts (including in this District) have held that there was no prosecution laches as a matter of law.

As for patent misuse, Amazon has not offered a shred of evidence legally material to that defense.  Amazon says, in effect, two things:  (1) that Cordance has attempted to license its patent – conduct that, as a matter of law, is not "patent misuse"; and (2) that Cordance improperly extended the effective term of its patents by entering into a license agreement with XDI.ORG – but Amazon offers no evidence of any patent license agreement between Cordance and that entity.  In sum, Amazon cites no facts that even bear on, let alone prove, patent misuse.

Amazon's marking defense likewise fails as a matter of law.  As for Cordance's '710 patent, Amazon does not even argue failure to mark; nor could it, since the marking statute does not apply to patents such as the '710 that have only method claims.  As for the '325 and '717 Patents, Amazon has offered no evidence whatsoever that contradicts (or even purports to contradict) Cordance's evidence that it has complied with the marking requirements.

Finally, seeking to avoid dismissal of its 35 U.S.C. § 288 defense regarding costs, Amazon makes an argument that the Federal Circuit has called "ridiculous."

II.    **ARGUMENT**

A.    **Prosecution Laches**

Amazon's arguments on prosecution laches repeat those made in its own opening brief on that subject (D.I. 317), which Cordance has already rebutted (see D.I. 336, incorporated herein by reference).  Two points, however, are worth reiterating:

First, Amazon again misrepresents this Court's holding in <u>Intuitive Surgical, Inc. v. Computer Motion, Inc.</u>, which found **no** prosecution laches for a total prosecution delay of nine years.  No. 01-203, 2002 U.S. Dist. LEXIS 24808 at *11, 18 (D. Del. 2002).  Amazon's suggestion that the Court found a "delay of four years and four months to be unreasonable" (Opp. at 8) is misleading.  The Court's dicta was that such a delay was too long "for an experienced patentee such as IBM to identify and correct a misplaced application problem." <u>Intuitive Surgical</u>, 2002 U.S. Dist. LEXIS 24808, at *14-15.  The Court did <u>not</u> find that amount of time to be unreasonable for the <u>total duration of prosecution</u>; and indeed, it found <u>no</u> prosecution laches in that case at all.  <u>Id.</u> at *18.

Second, when Congress changed the law to measure patent duration from the date of filing, rather than the date of application, it "effectively eliminate[d] the issue of prosecution laches for patent applications [like Cordance's] filed after June 7, 1995." <u>Ariad Pharms., Inc. v. Eli Lilly & Co.</u>, 529 F. Supp. 2d 106, 136 n.46 (D. Mass. 2007).  This Court has twice in recent years found no prosecution laches on facts strikingly similar to the ones present here.  <u>See Stambler v. RSA Security, Inc.</u>, 243 F. Supp. 2d 74, 76 (D. Del. 2003) (no prosecution laches because "a delay of more than seven years…is not unreasonable"); <u>Intuitive Surgical</u>, <u>supra</u> (no prosecution laches for nine year delay).

Amazon has not cited to a single case, in any district, finding prosecution laches under facts even remotely resembling the facts of this case.

### B.      Patent Misuse

Amazon's opposition to summary judgment on patent misuse is a colorful medley of out-of-context quotations and unsupported insinuations about Cordance's business plans and goals – none of which bear on the elements of the legal doctrine of patent misuse.  "Conclusory allegations and attorney arguments are insufficient to overcome a motion for summary judgment."  Ferring B.V. v. Barr Labs., Inc., 437 F.3d 1181, 1193 (Fed. Cir. 2006); Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc., 249 F.3d 1341, 1353 (Fed. Cir. 2001) ("The party opposing the [summary judgment] motion must point to an evidentiary conflict created on the record…. Mere denials or conclusory statements are insufficient.").

Amazon bears the burden of adducing evidence from which a reasonable jury could find that Cordance has misused its patents.  Bayer AG v. Housey Pharms. Inc., 228 F. Supp. 2d 467, 469 (D. Del. 2002) (granting summary judgment of no patent misuse where accused infringer failed to present such evidence).  Here, despite two years of discovery, Amazon has not presented any evidence of any acts by Cordance that legally constitute "patent misuse."

### 1.      An Attempt to License a Patent is Not Misuse.

Amazon first argues that Cordance's attempt to license its patents to the member companies of the World Wide Web Consortium ("W3C") constitutes patent misuse.  As a matter of law, an attempt to obtain a patent license is simply not misuse.  Indeed, to prevent frivolous claims of patent misuse, such as the present one, Congress passed a statute expressly providing that there is no patent misuse where a patentee has "sought to enforce his patent rights against infringement or contributory infringement."  35 U.S.C. § 271(d).

In August 1998, Cordance approached W3C's Platform for Privacy Preferences Project ("P3P") regarding a license to its intellectual property.  (See Reed 3rd Decl. ¶ 2.)  At this time, Cordance did not yet have a patent and P3P had not yet implemented a standard.  (Reed 3rd Decl. ¶ 3.)  After this one request in August 1998, Cordance had no involvement with P3P and

made no additional attempts to seek a license from them.  (Reed 3rd Decl. ¶ 4.)  In or around March 2000, Cordance expressly informed P3P that it was no longer seeking a patent license. (Reed 3rd Decl. ¶ 5; Opp. Ex. 13 at CORD151277.)  P3P continued working on its standard without any involvement by Cordance, never licensed any of Cordance's patents, and released its first P3P standard in April 2002.  (Reed 3rd Decl. ¶¶ 4, 6 & Ex. A.)

Amazon characterizes Cordance's actions as attempting to "hold up" the standard or "hold [it] hostage" (Opp. at 12), but **Amazon has not presented any evidence of any wrongdoing by Cordance**.  At most, it has shown an effort (later abandoned) to license a patent. That is not misuse as a matter of law.  See 35 U.S.C. § 271(d).[1]  Amazon also states that Cordance proposed a "burdensome licensing scheme" (Opp. at 14), yet adduces no details or evidence whatsoever of any license.  Amazon's rhetoric is bereft of any evidentiary citations.

Second, even if it had evidence to support its story, Amazon has not even attempted to meet the legal elements of patent misuse.  Establishing misuse "requires that the alleged infringer show that the patentee has impermissibly broadened the physical or temporal scope of the patent grant."  Virginia Panel Corp. v. MAC Panel Co., 133 F.3d 860, 868-69 (Fed. Cir. 1997).  While Amazon ends its story with the conclusory statement that "Cordance impermissibly broadened the physical or temporal scope of the patent grant" (Opp. at 14), it does not even say, let alone prove, what the purported broadening was – or even whether it was physical or temporal.  For legal support, Amazon cites only one case, in which the Federal Circuit actually found no patent misuse.  Windsurfing Int'l, Inc. v. AMF, Inc., 782 F.2d 995, 1002 (Fed. Cir. 1986).

---

[1] Not a shred of evidence contradicts Mr. Reed's declaration that Cordance asked P3P to license its intellectual property in 1998 – before Cordance's first patent issued and long before the standard first issued in 2002.  (Reed 3rd Decl. ¶¶ 2, 3, 6.)  Thus, in 1998, the standard was not even close to developed or ready and Cordance could not have held anything hostage.

Third, Amazon would have to show not just impermissible broadening of patent scope but also "anticompetitive effect." Virginia Panel, 133 F.3d at 868-69. [2] Amazon has failed to even argue anticompetitive effect, so its patent misuse defense fails for this reason alone. [3]

## 2.    There Has Been No Extension of Cordance's Patent Term.

Amazon argues that Cordance improperly extended the effective term of its patents through a license agreement with XDI.ORG. In making this argument, however, Amazon does not even cite any evidence of a patent license agreement between Cordance and XDI.ORG.

As noted by Amazon (Opp. Ex. 14), Cordance and XDI.ORG entered into an agreement titled "XDI.ORG Global Service Provider Agreement." That agreement, however, **does not convey any patent rights**. Rather, it relates only to providing business services (see §§ 4, 5). Therefore, the agreement cannot "extend" Cordance's patent term. [4] Amazon cites no evidence to the contrary. Without evidence to support its allegations, Amazon's defense of patent misuse fails as a matter of law.

Even if Amazon overcame these evidentiary hurdles, it still has not shown (or even attempted to show) anticompetitive effect, which is a required element of patent misuse:

---

[2] Anticompetitive effect is not required for *per se* misuse, but Amazon does not allege *per se* misuse and appears to concede that it does not rely on that theory (Opp. at 10).

[3] In a footnote, Amazon cites Townshend v. Rockwell Int'l Corp, No. 99-400, 2000 U.S. Dist. Lexis 5070 (N.D. Cal. 2000). That case supports Cordance – it **dismissed** with prejudice a claim of patent misuse, despite allegations that the patentee had "fraudulently procure[d] an industry standard." Id. at *6. The Townshend court relied in part on the fact that the recipient of the licensing request "was aware of [patentee's] pending patent applications and … proposed licensing terms … prior to adoption of the [relevant] standard. Id. at *47. Similarly, P3P was aware of Cordance's pending patent applications and proposed licensing terms in 1998, long before it adopted its standard in 2002.

[4] Amazon notes that the agreement can be renewed for up to 15 years (see §§ 5.4, 10.2), but Amazon offers no evidence that the renewal options were exercised. In any event, as explained in text, the length of this agreement is irrelevant since the agreement does not cover patent rights.

> [T]he rule of reason applies to the defense of patent misuse … and under the rule of reason, [the defendant] is required to show that the challenged contracts **had an actual adverse effect on competition**.  [The defendant] did not do so and therefore cannot use the challenged contract provisions as a defense against [plaintiff's] patent infringement claims.  Therefore, [plaintiff's] behavior did not constitute patent misuse.

Monsanto Co. v. Scruggs, 459 F.3d 1328, 1341 (Fed. Cir. 2006); see also U.S. Philips Corp. v. Int'l Trade Comm'n, 424 F.3d 1179, 1198 (Fed. Cir. 2005) (reversing finding of anticompetitive effect because "there was no evidence … that any manufacturer had actually refused to consider alternatives to the technology covered by those patents or … that any commercially viable alternative actually existed").  Amazon, likewise, adduces no evidence of anticompetitive effect.[5]

In sum, Amazon has not adduced evidence meeting the elements of patent misuse.  Accordingly, summary judgment should be granted striking that defense as a matter of law, and eliminating from trial a host of irrelevant and misleading antitrust-related distractions, thereby helping to keep the trial focused on issues properly within the purview of the jury.

### C.    Marking Requirement

Cordance has produced evidence establishing that it has complied with the requirements of the marking statute, 35 U.S.C. § 287(a).  Amazon has failed to produce any contrary evidence.  Accordingly, summary judgment should enter that Amazon has no marking defense.

### 1.    Cordance Pled Compliance with the Marking Statute.

Amazon errs in contending that Cordance failed to plead compliance with the marking statute.  As a matter of Federal Circuit law, a pleading of willful infringement satisfies the requirement of pleading compliance with the marking statute.  Sentry Protection Prods., Inc. v.

---

[5] Amazon relies (Opp. at 15) on an Eighth Circuit case from 1973, Agrashell, Inc. v. Hammons Prods. Co., 479 F.2d 269 (8th Cir. 1973).  But that case too required evidence of an anticompetitive effect (requiring "economic data [showing] the impact of the purported illegal activity on the market which is the subject of the attempt to monopolize.").  Id. at 286-87.

Eagle Mfg. Co., 400 F.3d 910, 918 (Fed. Cir. 2005).  In Sentry, the Federal Circuit explained that

its previous decision in Maxwell v. J. Baker, Inc. (the case relied upon by Amazon) did not

require any specific manner of pleading compliance with the marking statute, **and that an**

**equivalent pleading, such as willful infringement, would suffice**.  Id.  Following Sentry,

numerous district courts have found that pleading willful infringement also pleads marking.[6]

Cordance pled that Amazon's infringement was willful. (D.I. 156 at ¶¶ 13, 18, 24, 29.)

Indeed, Amazon understood that this pleading put it on notice of Cordance's compliance with the

marking statute, as Amazon served an interrogatory requesting evidence of marking, to which

Cordance responded in detail.  (See Cordance Br. Ex. C (D.I. 313),  Interrogatory No. 24).[7]

### 2.  Cordance Marked All Relevant Products With the '325 and '717 Patent Numbers.

In response to Amazon's Interrogatory No. 24, Cordance identified sixty documents

showing that it has complied with the requirements of the marking statute.  (Id.)  These sixty

documents include manuals for the Extensible Name Service Platform and the OneName Identity

Server, the only two products created or licensed by Cordance that are covered by its patents.

---

[6] See, e.g., Topline Corp. v. Dynasty Footwear, Ltd., No. 06-1126, 2007 WL 27105, at *1 (W.D. Wash. Jan. 2, 2007) ("A complaint alleging that infringement was willful or knowing necessarily alleges notice of infringement under § 287."); Avid Identification Sys., Inc. v. Philips Electronics N. Amer. Corp., No. 04-183, 2006 WL 1408318, at *1 (E.D. Tex. May 18, 2006) (allegation that defendant willfully infringed "met [plaintiff's] pleading obligation pursuant to §287(a)"); Bowling v. Hasbro Inc., 490 F. Supp. 2d 262, 275 (D.R.I. 2007) (finding that pleading willful infringement was sufficient to plead compliance with the marking statute).

[7] Cordance's '710 Patent contains only method claims, as to which the marking statute does not apply, so Cordance had no obligation to plead marking as to that patent.  See Bandag, Inc. v. Gerrard Tire Co., 704 F.2d 1578, 1581 (Fed. Cir. 1983).  If, contrary to all the above-cited authorities, the Court were to find that Cordance has not pled compliance with the marking statute, then Cordance respectfully requests leave to amend its complaint to so allege.  Less than two weeks ago, Amazon amended its Answer to assert for the first time a defense (inequitable conduct) as to which – unlike with marking – no discovery had been provided.  It can hardly claim prejudice from a modification of the pleadings to comport with the evidence.

(Id.; Reed Decl. Ex. ¶¶ 9-10.)  Amazon has not identified any other products to which the marking requirement would apply.

Amazon argues that this evidence is insufficient because Cordance has provided the manual for only one version of the OneName Identity Server, and has not provided evidence that marking was "substantially consistent and continuous."  Amazon is incorrect, however, as Cordance's response to Interrogatory No. 24, signed by Mr. Reed under penalty of perjury, states expressly that the OneName Identity Server was "marked with the patent numbers during development and marking continued throughout the lifetime of the products."  (D.I. 313, Interrog. No. 24.)  Cordance has thus provided evidence that its marking was "substantially consistent and continuous."  Sentry, 400 F.3d at 918 (finding patentee's affidavit was evidence of substantially consistent and continuous marking).  Amazon offers no contrary evidence.

Amazon implies that a company called Epok could have released an unmarked product licensed under Cordance's patents.  But Amazon has adduced no evidence (1) that Epok ever released a product at all; (2) that any such product was covered by Cordance's patents; or (3) that any such product was not marked.  The only evidence Amazon cites is a "Software License Agreement" (Opp. Ex. 18) which gave Epok rights to certain software.  This document, however, does not even show that Epok ever released any product, let alone one that was covered by the patents and that was unmarked.  An insinuation absent evidence does not overcome Cordance's sworn testimony (Reed Decl. ¶ 10) that no licensee has ever made or sold a product covered by its patents.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (nonmovant must "do more than simply show that there is some metaphysical doubt as to material facts").

Absent evidence of such a product, Amazon falls back on the argument that Epok was not contractually required to mark.  But that alone is not evidence that Epok (a) made a product; (b) that was covered by the patent; and (c) that was not marked.  See Mass. Inst. of Tech. v. Abacus

_____, 01-344, 2004 U.S. Dist. LEXIS 30052, at *121-122 (E.D. Tex. Aug. 4, 2004) (finding that the absence of a contractual requirement to mark is not evidence of a failure to mark).  Amazon further argues that Cordance did not make efforts to ensure that Epok mark products; but again, efforts to enforce marking are irrelevant "without some showing that one or more licensees sold unmarked 'patented articles.'"  Id. at *125.

In a further effort to insinuate the existence of unmarked, covered product, Amazon mischaracterizes Mr. Reed's deposition testimony.  Mr. Reed testified that "there are open standards [the XRI/XDI standards] of which there have been implementations and commercial products on the market."  (Opp. Ex. 25 at 435:23-25.)  The fact that products may implement the XRI/XDI standards does not mean those products are covered by Cordance's patents.  Mr. Reed testified that they are not (see Reed Decl. ¶ 10); and Amazon cites no contrary evidence.

In sum, Amazon's "[c]onclusory allegations and attorney arguments are insufficient to overcome [Cordance's] motion for summary judgment."  See Ferring, 437 F.3d at 1193.

### 3.    There is No Marking Requirement for the '710 Patent.

Amazon does not even contend that Cordance or a licensee has made any product covered by the claims of the '710 Patent; and indeed, they have not.  (Reed Decl. ¶¶ 9-10; Reed 3rd Decl. ¶ 7.)  "The recovery of damages is not limited…where there are no products to mark." Texas Digital Sys., Inc. v. Telegenix, Inc., 308 F.3d 1193, 1220 (Fed. Cir. 2002).

Furthermore, the '710 Patent contains only method claims.  Under Federal Circuit law, the marking statute does not apply to patents with only method claims.  See State Contracting & Eng. Corp. v. Condotte Am., Inc., 346 F.3d 1057, 1074 (Fed. Cir. 2003); Crown Packaging Tech., Inc. v. Rexam Beverage Can Co., 498 F. Supp. 2d 718, 728 n.52 (D. Del. 2007).[8]

---

[8] Amazon's marking contentions with regard to the '325 and '717 patents are immaterial to the '710 Patent, because each patent is evaluated independently for compliance with the marking statute.  See State Contracting, 346 F.3d at 1074; Crown Packaging, 498 F. Supp. 2d at 728 n.52.

D.     <u>Barring Costs</u>

The Federal Circuit has characterized as "ridiculous" Amazon's contention here, namely that costs can be barred under 35 U.S.C. § 288 even without any patent claim in suit having been invalidated during prior litigation.

Amazon argues that Cordance should have "disclaimed" certain allegedly invalid claims. As argued elsewhere, none of the claims of Cordance's patents are invalid, so there was nothing to disclaim.  In any event, as the Federal Circuit has explained, § 288 applies only to claims invalidated ***prior to*** the case at bar.  Amazon's contrary argument

> borders on the ridiculous. ... [Defendant] overlooks the language of the statute itself, which requires that a disclaimer of the invalid claim be entered at the Patent Office "**before the commencement of the suit**." <u>Id.</u> (emphasis added). Obviously, then, **there must have been a prior determination of invalidity before the patent-infringement suit for which costs are now sought**. There was no prior determination here. [Plaintiff], therefore, falls well outside the boundaries of the statute. We affirm the district court's award of costs.

<u>Bradford Co. v. Jefferson Smurfit Corp.</u>, No. 00-1511, 2001 U.S. App. LEXIS 25205, at *20-21 (Fed. Cir. Oct. 30, 2001) (first emphasis in original; second emphasis added).[9]

Since there was no prior determination of invalidity (nor indeed any basis, even now, to find any Cordance claim invalid), Amazon's argument – identical to the one rejected in strong terms by the Federal Circuit in <u>Bradford</u> – fails as a matter of law.

III.    <u>CONCLUSION</u>

Cordance respectfully seeks partial summary judgment simplifying the trial of this case by dismissing Amazon's affirmative defenses of (1) prosecution laches; (2) patent misuse; (3) marking (35 U.S.C. § 287); and (4) recovery of costs (35 U.S.C. § 288).

---

[9] Amazon objects that <u>Bradford</u> is nonprecedential, but Federal Circuit Rule 32.1(d) allows citation to such decisions, and reliance on them "for guidance or persuasive reasoning."

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
joneill@wolfgreenfield.com

Dated: March 9, 2009