IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, </br></br> Plaintiff, </br></br> v. </br></br> AMAZON.COM, INC. and </br> AMAZON WEB SERVICES, LLC, </br></br> Defendants. | ) </br> ) C.A. No. 06-491-MPT </br> ) </br> ) **JURY TRIAL DEMANDED** </br> ) </br> ) **PUBLIC VERSION** </br> ) </br> ) </br> ) </br> ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE
SECOND DECLARATION OF DRUMMOND REED IN OPPOSITION TO AMAZON'S
MOTIONS FOR SUMMARY JUDGMENT**

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated: March 9, 2009
Public Version Dated: March 16, 2009
907190 / 30763

Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Defendants
Amazon.com, Inc. and
Amazon Web Services, LLC*

# TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

II. SUMMARY OF THE ARGUMENT .................................................................................. 1

III. STATEMENT OF FACTS .................................................................................................. 2

    A. Mr. Reed Testified He Was Not Qualified To Provide Infringement and Validity Opinion ........................................................................................ 2

    B. Yet Mr. Reed Now Provides Infringement And Validity Opinions In His Declaration ................................................................................................... 3

IV. APPLICABLE LAW ........................................................................................................... 4

V. ARGUMENT ....................................................................................................................... 5

    A. Mr. Reed's Declaration Must Be Stricken Because He Is Not Qualified To Opine On The Issues of Validity And Infringement ............................................. 5

    B. Mr. Reed's Declaration Must Also Be Stricken Because He Does Not Rely On the Court's Claim Construction Order When Opining On The Validity And Infringement Of the Claims ........................................................................... 7

VI. CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anchor Wall Sys. v. Rockwood Retaining Walls, Inc.*,
340 F.3d 1298 (Fed. Cir. 2003) .................................................................................................. 7

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
350 F.3d 316 (3d Cir. 2003) ...................................................................................................... 4

*Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*,
531 F. Supp. 2d 629 (D. Del. 2008) ........................................................................................... 4

*Daubert v. Merrel Dow Pharms., Inc.*,
509 U.S. 579 (1993) ................................................................................................................... 4

*Eaton Corp. v. Parker-Hannifin Corp.*,
C.A. No. 00-751-SLR, 2003 U.S. Dist. LEXIS 1014 (D. Del. Jan. 24, 2003) .......................... 8

*LP Matthews LLC v. Bath & Body Works, Inc.*,
458 F. Supp. 2d 198 (D. Del. 2006) ........................................................................................... 8

*Martin v. Merrell Dow Pharms., Inc.*,
851 F.2d 703 (3d Cir. 1988) .................................................................................................. 5, 7

*Monsanto Co. v. David*,
516 F.3d 1009 (Fed. Cir. 2008) ................................................................................................. 4

*Sitrick v. Dreamworks LLC*,
516 F.3d 993 (Fed. Cir. 2008) ........................................................................................... 4, 5, 7

*Sundance, Inc. v. Demonte Fabricating Ltd.*,
550 F.3d 1356 (Fed. Cir. 2008) .............................................................................................. 4, 5

**STATUTES**

Fed. R. Evid. 702 .......................................................................................................................... 4

Defendants Amazon.com, Inc. and Amazon Web Services, LLC (collectively "Amazon") submit this memorandum in support of their motion to strike the inventor declaration of Mr. Drummond Reed submitted in opposition to Amazon's motions for summary judgment because he is admittedly not qualified to opine on validity and infringement of Cordance's patents, and his opinions are not reliable.

## I.   NATURE AND STAGE OF THE PROCEEDINGS

In this lawsuit, Cordance has accused Amazon of willfully infringing the patents-in-suit. Amazon has brought counterclaims for non-infringement, invalidity, and unenforceability of the patents-in-suit. On January 23, 2009, Amazon filed motions for summary judgment of invalidity and non-infringement. Cordance filed oppositions to these motions on February 23, 2009, including the declaration of Mr. Reed to support them. Reed 2nd Declaration in Opposition to Amazon's Motions for Summary Judgment (Reed 2nd Decl.), D.I. 341. Amazon's reply in support of its summary judgment motions is due on March 9, 2009. Trial is set to begin on August 3, 2009.

## II.   SUMMARY OF THE ARGUMENT

In his declaration, Mr. Reed, the inventor of the patents-in-suit, opines on the ultimate questions of validity and infringement—[REDACTED] Given his admissions, Mr. Reed's contrary declaration testimony is merely a sham to avoid summary judgment. There is simply no evidence establishing him as a technical expert. And there is no evidence that Mr. Reed reviewed and consistently applied the Court's claim constructions as required in formulating his newfound opinions. For these reasons, Mr. Reed's declaration should be excluded in its entirety.

## III. STATEMENT OF FACTS

**Mr. Reed Testified** 

On December 15 and 16, 2008, counsel for Amazon took the deposition of Mr. Reed, the inventor of the patents-in-suit and Cordance's 30(b)(6) witness. Throughout his deposition, Mr. Reed

2



thereby preventing Amazon from fully exploring these issues with him.

### B. Yet Mr. Reed Now Provides Infringement And Validity Opinions In His Declaration

Notwithstanding his deposition testimony, Mr. Reed now submits a declaration in opposition to Amazon's motions for summary judgment purporting to opine on the ultimate issues of validity and infringement:

> [I]t is my understanding and belief that the '710 claims are not invalid for any of the reasons suggested by Amazon or put forth by Dr. Alvisi. Furthermore, it is my understanding and belief that all of Amazon's feedback systems include "feedback information" as recited in the asserted claims of the '325 and '717 Patent and as construed by the Court. D.I. 341, ¶ 13.

In particular, Mr. Reed opines in his declaration that Amazon's accused feedback products infringe the claims of the '325 and '717 patents (*Id.*, ¶¶ 14-25), the claims of the '710 patent are adequately described (*Id.*, ¶¶ 26-35 and Exhibit A), and the claims of the '710 patent are not invalid over the prior art (*Id.*, ¶¶ 36-52). At no point in his declaration, however, does Mr. Reed explain why he is now able to opine on these matters, ▓▓▓▓▓▓▓▓ ▓▓▓▓ He also fails to identify the appropriate level of one of ordinary skill in the art for opining on validity and infringement, or state that he has reviewed and consistently applied the

3

Court's claim constructions in formulating each of them. Instead, Mr. Reed merely provides unsupported conclusions that the patents are not invalid and are infringed.

## IV. APPLICABLE LAW

Federal Rule of Evidence 702 imposes on trial judges a "gatekeeping role" to ensure testimony admitted into evidence is both reliable and relevant. *Daubert v. Merrel Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). For expert testimony to be admissible, the proponent must show by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is reliable; and (3) the testimony is relevant to the suit. *Id.; Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003). As part of its gatekeeper function, a district court must exclude expert testimony that consists of subjective belief or unsupported speculation. *Daubert*, 509 U.S. at 590; *Calhoun*, 350 F.3d at 321.

Although the law of the circuit in which a district court sits applies when determining the admissibility of evidence in patent cases, *see e.g., Monsanto Co. v. David*, 516 F.3d 1009, 1014 (Fed. Cir. 2008), the Federal Circuit has recently held that opinions regarding the ultimate questions of validity and infringement must come from a qualified technical expert. *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008); *see also, Sitrick v. Dreamworks LLC*, 516 F.3d 993, 1001 (Fed. Cir. 2008) (affirming a district court order excluding testimony from an expert that admittedly lacked skill in the relevant art). Those opinions must be based on the claims as construed by the court as well. *See, e.g., Sundance*, 550 F.3d at 1363-66; *see also, Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*, 531 F. Supp. 2d 629, 637-43 (D. Del. 2008) (granting summary judgment of invalidity based on lack of written description because there was no evidence that the inventor possessed a claim limitation *as it was construed by the court*). Furthermore, under the "sham declaration" doctrine, a witness may

4

not submit a summary judgment declaration that is contrary to his or her prior deposition testimony. *Martin v. Merrell Dow Pharms., Inc.*, 851 F.2d 703, 706 (3d Cir. 1988) ("When, as in the present case, the affiant was carefully questioned on the issue, had access to the relevant information at that time, and provided no satisfactory explanation for the later contradiction, the courts of appeals are in agreement that the subsequent affidavit does not create a *genuine* issue of material fact.") (emphasis in original).

## V. ARGUMENT

### A. Mr. Reed's Declaration Must Be Stricken Because He Is Not Qualified To Opine On The Issues of Validity And Infringement

By his own admission, Mr. Reed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See, e.g.*, Exh. A at 58:5-19, 196:14-197:2, and 235:14-22.[1] He nonetheless submits a declaration in opposition to Amazon's motions for summary judgment on those very same issues to manufacture a dispute of fact with the hope of avoiding summary judgment. This is improper. *See, e.g., Sitrick*, 516 F.3d at 1001; *Sundance*, 550 F.3d at 1364 (noting that plaintiff "has failed to demonstrate any possible relevancy or reliability of Mr. Bliss's testimony as to technical matters in light of his lack of relevant technical expertise").

Indeed, although Mr. Reed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Exh. A at 196:25-197:2.

- Amazon's system: "Amazon's use of star ratings throughout its feedback

---

[1] In addition, Cordance had not identified Mr. Reed as someone who will be opining on validity and infringement of Cordance's patents in this litigation. Exh. B at 1. Mr. Reed's Second Declaration does not describe his purported inventions but solely provides infringement and invalidity opinion: "Infringement by Amazon's Feedback Systems," "The '710 Claims Are Adequately Described," "Cordance's Patents Are Not Invalid Over the Prior Art Identified By Amazon." Reed 2nd Decl. at pp. 3, 7, 10.

5

systems is therefore the 'feedback information' recited in the asserted claims of the '325 and '717 Patents." (D.I. 341, ¶ 25);

- <u>Amazon's prior art system</u>: "The 1995 Shopping Cart . . . does not disclose the limitations of the '710 patent." (*Id.*, ¶¶ 40-43); and

- <u>First Virtual's prior art system</u>: "It is neither the purpose nor the operation of First Virtual to perform automated purchasing transactions in the manner claimed in the '710 patent." (*Id.*, ¶¶ 47-52).

Mr. Reed is thus opining that the system either includes or does not include certain claim elements of the patents-in-suit, which he explicitly stated was not his expertise and refused to do during his deposition. Further, Reed's (and Cordance's) counsel, Mr. Albert, objected to questions directed to Reed's opinions as to validity and infringement of Cordance's patents on the grounds that they called for a legal conclusion.

Similarly, at his deposition, Mr. Reed stated that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Exh. A. at 58:17-18, 235:20-21. Yet, that is exactly what Mr. Reed now purports to do in his declaration in opposition to Amazon's motion for summary judgment of invalidity for failure to comply with written description requirement. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* at 235:14-22. Yet, Mr. Reed now states that it is the "seller" in a purchase transaction that receives the indication from the customer—"In another step of the method, the customer provides an indication to the seller to initiate a purchase transaction for the item" (D.I. 341, ¶ 32), pointing to the specification language that discusses "providers" and "consumers." *Id.*, ¶ 31.

In each instance, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

6

That is exactly what the Federal Circuit in *Sitrick* held was improper in upholding a district court's order excluding a similar declaration submitted in opposition to a motion for summary judgment. 516 F.3d at 1001 ("the district court correctly pointed out that [the expert] acknowledged repeatedly that he did not have expertise in [the relevant art]" and "properly held that [the expert's] equivocations . . . does not create a genuine issue of material fact"). In addition, the sham declaration doctrine precludes witnesses, such as Mr. Reed, from saying one thing in a deposition and something different in a summary judgment declaration. *See Martin*, 851 F.2d at 706; *see also, Anchor Wall Sys. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298, 1314 (Fed. Cir. 2003) (affirming order striking expert testimony contrary to prior testimony). The Court should exclude Mr. Reed's testimony for the same reasons.

### B. Mr. Reed's Declaration Must Also Be Stricken Because He Does Not Rely On the Court's Claim Construction Order When Opining On The Validity And Infringement Of the Claims

Even if he was qualified and his declaration testimony did not contradict his deposition testimony, there is no evidence that Mr. Reed reviewed and consistently applied the Court's claim constructions in formulating each of his opinions. Although Mr. Reed states that the written description requirement "is satisfied when one of ordinary skill in the art, after reading the specification, would understand that the patentee was in possession of the claimed invention" (D.I. 341, ¶ 28), for example, he neglects to mention whether he reviewed the Court's claim construction order, much less state that he applied it for purposes of his written description opinion. In fact, there is no reference to the Court's claim constructions in his declaration. *Id.*, ¶¶ 26-35. He nonetheless concludes that the "application that issued as the '205 Patent describes everything that is recited in the claims of the '710 Patent." *Id.*, ¶ 34.

Mr. Reed similarly fails to state whether he is applying the Court's constructions for

7

purposes of his invalidity analysis, despite mentioning "that the second step [of such analysis] is to compare the claims to the prior art." *Id.*, ¶ 37. These failures provide an independent basis for striking Mr. Reed's declaration. *See e.g., LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198, 210 (D. Del. 2006) (opinions inconsistent with claim construction order not admissible at trial); *Eaton Corp. v. Parker-Hannifin Corp.*, C.A. No. 00-751-SLR, 2003 U.S. Dist. LEXIS 1014 (D. Del. Jan. 24, 2003) (granting motion in limine to exclude testimony that is inconsistent with court's claim construction).

## VI. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court strike Mr. Reed's summary judgment declaration in its entirety.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated: March 9, 2009
Public Version Dated: March 16, 2009
907190 / 30763

By: */s/ D. Fon Muttamara-Walker*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Defendants
Amazon.com, Inc. and
Amazon Web Services, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, D. Fon Muttamara-Walker, hereby certify that on March 16, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 16, 2009, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Steven J. Balick | Michael A. Albert |
| John G. Day | Robert M. Abrahamsen |
| Tiffany Geyer Lydon | Jeffrey O'Neill |
| Ashby & Geddes | Chelsea A. Loughran |
| 500 Delaware Avenue, 8th Floor | Wolf, Greenfield & Sacks, P.C. |
| Wilmington, DE 19899 | 600 Atlantic Avenue |
| sbalick@ashby-geddes.com | Boston, MA 02210-2206 |
| jday@ashby-geddes.com | malbert@wolfgreenfield.com |
| tlydon@ashby-geddes.com | rabrahamsen@wolfgreenfield.com |
| | jeffrey.oneill@wolfgreenfield.com |
| | cloughran@wolfgreenfield.com |

By: /s/ D. Fon Muttamara-Walker
    Richard L. Horwitz
    David E. Moore
    D. Fon Muttamara-Walker
    POTTER ANDERSON & CORROON LLP
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    fmuttamara-walker@potteranderson.com

757320 / 30763