# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-491-MPT |
| AMAZON.COM, INC., | : |
| Defendant. | : |

## MEMORANDUM ORDER

Amazon moves to strike portions[1] of Reed's Second Declaration submitted by Cordance as part of its opposition to Amazon's motions for summary judgment.[2] Amazon contends that striking the declaration is proper for two reasons: (1) Reed admitted at his deposition that he is not qualified to opine on the issues of validity and infringement and his declaration including opinions on those topics is merely a sham to avoid summary judgment, and (2) in his declaration, Reed does not rely on the court's claim construction order when opining on the validity and infringement of the claims.

Federal Rule of Evidence 702 recites:

If scientific, technical, or other specialized knowledge will assist the trier of

---

[1] In its opening brief, Amazon requested that Reed's second declaration should be excluded in its *entirety*. D.I. 368 at 1. In its reply brief, Amazon asked the court to "strike those portions of his declaration which address topics for which he disclaimed expertise and the ability to testify at his deposition." D.I. 387 at 1. In that brief, Amazon alternatively requests an opportunity to re-depose Reed on the topics of invalidity and infringement should the court decline to strike Reed's Second Declaration. *Id.* at 6.

[2] In its opposition to Amazon's motion, Cordance contends that Amazon is seeking to strike Reed's declaration under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993). Because the scheduling order in this case limits each party to one *Daubert* motion, Cordance contends this motion is Amazon's lone *Daubert* motion and, therefore, Amazon cannot file another. D.I. 384 at 3. Amazon responds that Reed has not been identified as an expert under Fed. R. Civ. P. 26(a)(2) and that its motion to strike does not seek to exclude his testimony under *Daubert*. During the Pretrial Conference, the parties arguments focused on the use of Reed's second declaration in opposition to Amazon's invalidity arguments based on written description.

> fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

For expert testimony to be admissible, the proponent must show by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is reliable; and (3) the testimony is relevant to the case.[3]

"A sham affidavit is a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment."[4]

> "[A] party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict. . . . When a party does not explain the contradiction between the subsequent affidavit and the prior deposition, the alleged factual issue in dispute can be perceived as a "sham," thereby not creating an impediment to a grant of summary judgment based on the deposition.[5]

The doctrine does not apply where "the affiant was 'understandably' mistaken, confused, . . . not in possession of all the facts during the previous deposition . . . [or] offers a 'satisfactory explanation' for the conflict."[6]

On December 15 and 16, 2008, Amazon deposed Reed, an inventor on each of Cordance's patents-in-suit and Cordance's 30(b)(6) witness. Amazon contends that during his deposition, Reed testified that he was not qualified to answer questions

---

[3] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003).
[4] *Jiminex v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007).
[5] *Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004) (citations omitted).
[6] *Jiminez v. All A. Rathskeller, Inc.*, 503 F.3d 247, 254 (3d Cir. 2007) (citing *Baer*, 392 F.3d at 625; *Hackman v. Valley Fair*, 932 F.2d 239, 241 (3d Cir. 1991)).

pertaining to infringement or validity of Cordance's patents. In contrast, the Second Reed Declaration filed in opposition to Amazon's motions for summary judgment offers Reed's opinions on those same topics. In light of Reed purportedly disclaiming qualification to opine on infringement and invalidity at his deposition, Amazon argues that the opinions on those topics set forth in Reed's Second Declaration must be struck. Amazon also maintains that striking Reed's declaration is appropriate under the "sham declaration" doctrine which precludes a witness from saying one thing in a deposition and something different in a summary judgment declaration. Alternatively, Amazon argues that even if Reed is qualified and his declaration testimony does not contradict his deposition testimony, there is no evidence that Reed reviewed and consistently applied the court's claim construction in formulating his opinion. Amazon contends that Reed did not explicitly state that he reviewed the court's claim construction order, or whether he applied it for purposes of his written description opinion or his invalidity analysis and, therefore, his declaration may be stricken due to these purported failures. During the pretrial conference, Amazon expanded its argument by opposing Reed from testifying at trial as an expert because Cordance failed to provide the required report under Fed. R. Civ. P. 26(a)(2)(B).

     Cordance maintains that each of Amazon's arguments is without merit. It contends that Reed's technical expertise in the relevant art indisputably qualifies him to provide expert opinion concerning infringement, validity, and written description support. Cordance contends that, as the inventor on the patents in question, Reed is presumptively qualified, and that his fifteen years of experience in the industry further

3

establish his qualifications.[7] Cordance states that the "sham declaration" doctrine is not relevant because that doctrine only applies where a declaration in opposition to a summary judgment motion directly contradicts the declarant's previous testimony. Cordance also insists that Reed's declaration is consistent with his prior testimony and that Amazon has failed to identify any substantive contradiction.

Finally, Cordance contends Amazon's argument that Reed's declaration must be stricken because he did not state in his declaration that he applied the court's claim constructions is both legally and factually incorrect. Cordance states that Reed expressly applied the court's claim constructions in his declaration, but even if he had not, that failure would not be a basis for striking his declaration.

At the pretrial conference, Cordance represented that Reed would not be used at trial to testify regarding the "ultimate opinion" on infringement or invalidity.

<u>Reed's Reliance on the Court's Claim Construction</u>

The court first addresses Amazon's alternative argument for striking Reed's declaration. Amazon contends that, even if Reed is qualified and his declaration testimony did not contradict his deposition testimony, there is no evidence that Reed reviewed and consistently applied the court's claim construction in formulating his opinion. Amazon contends that Reed did not explicitly state that he reviewed the court's claim construction order, or whether he applied it for purposes of his written description opinion or his invalidity analysis. Amazon also avers that "there is no

---

[7] *See Voice Techs. Group, Inc. v. VMC Sys., Inc.*, 164 F.3d 605, 615 (Fed. Cir. 1999) ("An inventor is a competent witness to explain the invention and what was intended to be covered by the specification and covered by the claims."); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 991 (Fed. Cir. 1995) ("The inventor himself may qualify as an expert.").

reference to the Court's claim constructions in his declaration."[8]

The court notes that the cases cited by Amazon in its opening brief are for the proposition that opinions and/or testimony inconsistent with a court's claim construction may be excluded. Amazon has not, however, directed the court to inconsistencies between Reed's declaration and this court's claim construction. Amazon did not cite any case law supporting the proposition that the absence of an explicit statement in Reed's declaration that he applied the court's claim construction requires that his declaration be stricken and that this court has noted that no such formality is required.[9]

Moreover, Cordance maintains that Amazon is factually incorrect in asserting that Reed did not rely on the court's claim construction and that it was not referenced in his declaration. For instance, Reed's declaration states expressly that the court "construed the term 'feedback' information to mean 'evaluation attributes and corresponding value choices,'"[10] and applied that construction in opining that Amazon's feedback systems infringe Cordance's patents.[11] With regard to the validity of Cordance's patents, the declaration also notes that "the first step in determining validity is to determine the meaning of the claims of the patent and that the Court makes this determination."[12] Cordance contends that these declaration statements rebut Amazon's contention that "there is no reference to the Court's claim constructions in his

---

[8] D.I. 368 at 7.
[9] *See Advanced Med. Optics, Inc. v. Alcon Labs., Inc.*, No 03-1095, 2005 WL 3454283, at *2 (D. Del. Dec. 16, 2005) (rejecting an argument requiring an expert "to explain the claim construction language and to testify explicitly in terms of that language" and noting the absence of any case law "requiring that structural formality.").
[10] D.I. 341, ¶ 14.
[11] *Id.* ¶¶ 15-25.
[12] *Id.* ¶ 37.

declaration."

The court agrees with Cordance that Amazon's claim construction argument is insufficient to strike the Second Reed Declaration.[13]

Qualification to Provide Infringement and Validity Opinion

Reed is an inventor on each of Cordance's patents-in-suit. The Federal Circuit has stated that "[a]n inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims. . . . The Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 . . . (1993) instructed trial judges to exclude scientifically unqualified witnesses, not those with superior qualifications."[14] Further,

> The testimony of the inventor may also provide background information, including explanation of the problems that existed at the time the invention was made and the inventor's solution to these problems.

Amazon does not dispute the general proposition that an inventor is a competent expert witness. It argues in this case, however, that Reed disclaimed that expertise during his deposition. For instance, when questioned as to whether the Amazon's accused shopping-cart system used his invention Reed testified:

> Q. Is Amazon's shopping-cart system using your invention where you go through the steps and then click on the confirm-order button?
>
> * * * *
>
> A. I don't think I'm – I can characterize in black and white whether that does or doesn't use the invention.

---

[13] The court also notes that Amazon did not respond to Cordance's opposition to this topic in its reply brief.
[14] *Voice Techs. Group, Inc.*, 164 F.3d at 615-16.; *see also Markman*, 52 F.3d at 991 ("The inventor himself may qualify as an expert.").

6

> Q. What don't you understand?
>
> A. It's not so much what I understand as it requires me to define what is and is not the invention. And I know, you know, what – documented as the invention, what's written in the specifications of the patent. I don't know how to characterize – I'm not a lawyer. *I don't know how to characterize what is or isn't the invention.*[15]

When questioned about whether a certain prior art reference contained asserted claim elements, Reed testified:

> Q. You don't have any doubt that this [prior art] document describes Step B of the first method, do you, sir?
>
> * * *
>
> A. *I don't feel qualified to say whether it describes Step B of the method.*
>
> Q. What don't you understand about providing the customer with the information from the seller with respect to an item?
>
> * * *
>
> A. *That calls for interpreting patent claims which in the context of another system, it's just not my expertise.*[16]

When questioned regarding the scope of claims for purposes of written description, Reed testified:

> Q. So who receives the indication from the customer to initiate the purchase transaction? Is that the payment service object in the customer's computer or is that something else?
>
> A. I'm not a patent attorney, so *the interpretation of that language of the claim as to what specifically it maps to I don't feel qualified to answer*. I'm pointing you to the supporting areas of the specification as I understand them.[17]

---

[15] D.I. 368, Ex. A at 58:5-19 (Dec. 15, 2008 Reed Dep. Tr.) (emphasis added).
[16] D.I. 368, Ex. A at 196:14-197:2 (emphasis added). The prior art that was the subject of this line of questioning was the "Compuserve system." *See id.*, Ex. A at 196:4-5; 1977-11.
[17] D.I. 368, Ex. A at 235:14-22 (emphasis added).

Amazon contrasts Reed's deposition testimony with opinions in the Second Reed Declaration purporting to opine on the ultimate issues of validity and infringement:

> [I]t is my understanding and belief that the '710 claims are not invalid for any of the reasons suggested by Amazon or put forth by Dr. Alvisi. Furthermore, it is my understanding and belief that all of Amazon's feedback systems include "feedback information" as recited in the asserted claims of the '325 and '717 patent and as construed by the Court.[18]

In alleged contradiction to his deposition testimony, Amazon points out that Reed's Second Declaration contains his opinions that Amazon's accused feedback products infringe claims of the '325 and '717 patents,[19] the claims of the '710 patent are adequately described,[20] and the claims of the '710 patent are not invalid over the prior art.[21]

With regard to Reed's deposition answers cited by Amazon, Cordance explains that Amazon asked him several questions designed to elicit legal conclusions. Although attempting to answer those questions, there were times Reed qualified his answers by explaining that he is not a lawyer and not able to recite legal principles from memory. Cordance argues that despite Reed's explanation that he is not a patent lawyer, Amazon did not provide him with legal standards to apply to the underlying facts. As a result, Cordance contends that Reed appropriately qualified his responses to questions which asked for legal conclusions out of context. Cordance reports that Reed's declaration, written two months after his deposition, explains that in that context he was provided with the legal principles necessary to apply his technical expertise and

---

[18] D.I. 341, ¶ 13.
[19] *Id.*, ¶¶ 14-25.
[20] *Id.*, ¶¶ 26-35 & Ex. A.
[21] *Id.*, ¶¶ 36-52.

reach conclusions.

Moreover, Cordance contends that Reed's declaration is consistent with his prior testimony.  It notes three portions of Reed's deposition testimony that Amazon argues are inconsistent with his later declaration:  (1) testimony regarding whether Amazon's shopping cart system infringes Cordance's patents, (2) testimony regarding whether a particular item of prior art, the CompuServe system, invalidates Cordance's patents, and (3) testimony concerning the written description support for Cordance's patents.  Cordance avers that nowhere does Reed's declaration conflict with any of that testimony.  First, Cordance maintains that Reed's declaration does not make any statement concerning whether Amazon's shopping cart system infringes Cordance's patents and that the only statement in Reed's declaration concerning infringement relate to whether Amazon's feedback systems infringe Cordance's patents.[22]  Second, Cordance states that Reed's declaration makes no statements concerning whether CompuServe invalidates Cordance's patents.  The only statements in Reed's declaration concerning invalidity relate to whether two different prior art systems invalidate Cordance's patents.[23]  Third, Cordance states that in his deposition, Reed testified that the '205 and '710 patents each provide written description support for the claims of the '710 patent and that Reed's declaration makes the same assertions,[24] and are, therefore, consistent with his previous testimony.  Cordance asserts that the purported inconsistency between Reed's deposition testimony and his declaration is his

---

[22] *Id.*, ¶¶ 14-25.
[23] *Id.* ¶¶ 36-52.
[24] *Id.* ¶¶ 26-35.

ability to provide an opinion concerning a legal conclusion of validity, infringement, or written description support. According to Cordance, any perceived inconsistency is explained by Amazon's failure to provide Reed with the applicable legal principles to apply to the facts during his deposition. In his declaration, he was able to provide such conclusions because he was provided with the relevant legal principles.

Contrary to Cordance's argument, the case law it cites does not state that an inventor is inherently qualified to testify on invalidity and infringement, which Cordance argues involve legal conclusions of which Reed demurred during his deposition as outside of his expertise.[25] Further, in opposition to Amazon's motion *in limine* and throughout the pretrial conference, Cordance maintained that Reed was testifying as a fact or lay witness, offering opinions as a percipient witness. Admittedly, conclusions on what Cordance asserts as legal principles are not within Reed's particularized knowledge he has by virtue of his position in the Internet technology industry.[26]

In light of the discussions during the pretrial conference, the qualifications/limitations Cordance imposed on Reed's testimony at trial regarding infringement and invalidity, and the direction provided by the court concerning what Reed would be allowed to testify to at trial, IT IS ORDERED that Reed's Second Declaration will not be considered by the court on the motions for summary judgment to

---

[25] Cordance argues that infringement, invalidity and written description inherently fall within the expertise of the inventor: at the same time, it maintains that conclusions in such areas are legal principles not inherently within the expertise of the inventor. The court does not find Cordance's application of Federal Rule of Evidence 704 persuasive, nor pertinent in light of its qualifications on the purpose of Reed's testimony.

[26] See F.R.E. 701.

determine the ultimate opinion or conclusion on infringement and invalidity.[27]

IT IS FURTHER ORDERED that although the court does not find Reed's declaration to constitute a sham affidavit, it is troubled by some of the responses, or lack thereof, by Reed during his deposition and, consequently will permit Amazon to re-depose Reed on the limited topics raised in its motion to strike and *in limine* motion.[28] That deposition shall be subject to the time limitations ordered during the pretrial conference. Allowance of Reed's deposition does not modify the court's requirement of one expert for each subject matter for each party, unless good cause is shown.

IT IS FURTHER ORDERED that in light of the findings herein and during the pretrial conference, Amazon's motion to strike (D.I. 367) is MOOT.

June 30, 2009                        /s/ Mary Pat Thynge
                                     UNITED STATES MAGISTRATE JUDGE

---

[27] As noted during the pretrial conference, although Cordance represented that Reed would provide a "factual foundation," and questioned whether his intended testimony qualifies as opinion, because an inventor is one qualified or skilled in the art, due to such expertise the lines between fact and opinion are blurred. Because of the blurred nature of Reed's proposed testimony, the court reserved judgment on the extent of his testimony allowed at trial.

[28] Cordance represents that Reed now has an understanding of the relevant applicable legal principles.