**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CORDANCE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-491-MPT |
| | : | |
| AMAZON.COM, INC., and | : | |
| AMAZON WEB SERVICES, LLC | : | |
| | : | |
| Defendants. | : | |

**PRELIMINARY INSTRUCTIONS TO THE JURY**

**Introduction**

Members of the Jury:

Now that you have been sworn, I will read to you the following preliminary instructions to guide you in your role as jurors in this case.

**The Parties and Their Contentions**

At this time, I will give you a brief overview of who the parties are and their contentions.

This is a patent infringement case arising under the patent laws of the United States. The plaintiff is Cordance Corporation. For ease of reference, I will refer to the plaintiff as "Cordance." The defendants in this case are Amazon.Com, Inc. and Amazon Web Services, LLC. I will refer to them collectively as Amazon.

Cordance owns the three patents involved in this case. It owns U.S. patent Number 6,757,710, which may be referred to as the '710 patent; U.S. Patent Number 5,862,325, which may be referred to as the '325 patent; and U.S. Patent Number

6,088,717, which may be referred to as the '717 patent.  For convenience, I may refer to the patents collectively as "the Asserted Patents" or "the patents-in-suit."  During the trial, the parties will offer testimony and evidence to familiarize you with the technology involved in the patents and this case.

Cordance contends that Amazon has infringed the Asserted Patents. Specifically, Cordance contends that Amazon's cart 1-click or item 1-Click systems infringe one or more of claims 1, 2, 3, 5, 6, 7, 8, and 9 of the '710 patent.  Cordance contends that one or more of Amazon's six Feedback Systems infringe one or more of claims 20, 109, 112, 119 and 124 of the '325 patent and claims 50, 74 and 96 of the '717 patent.  Cordance is seeking damages from Amazon.

Amazon contends that the accused 1-Click purchasing systems and the accused Feedback Systems[1] do not infringe any of the asserted claims of the patents-in-suit.  In addition, Amazon contends that the asserted claims of the patents-in-suit are invalid.

**The United States Patents**

Since this case is about patents, which is an area unfamiliar to many people, you will be shown a video that will briefly explain the U.S. Patent system, the parts of a patent and how a patent is obtained.  Many of the terms that are used in the video are contained in a Glossary of Patent Terms at the end of these Preliminary Instructions. Please feel free to refer to this Glossary throughout the trial.  Also at the end of the

---

[1] Amazon's Feedback Systems include: (1) collecting customer reviews of products, (2) collecting customer feedback about third-party buyers and sellers, (3) a feature that allows customer to rate an item to improve the recommendations provided by Amazon, (4) a feature that allows customers to indicate whether or not other customer reviews are helpful, (5) Amazon's back end system for storing and retrieving customer feedback about products, and (6) Amazon's back-end system for storing and retrieving customer feeback about buyers and sellers.

these Preliminary Instructions is a table of the claim terms that I have construed.

**Duties as Jurors**

You may be wondering what role you will play as jurors in this case.  I will now explain to you some of the general rules regarding your duties as jurors in this case.

It will be your duty to find from the evidence as presented at trial what the facts are.  You, and you alone, are the judges of the facts.  You will then have to apply those facts as you find them to the law.  I will instruct you on the law in more detail after all the evidence has been presented.  You must follow that law whether you agree with it or not.

In addition to instructing you about the law, I will also provide you with instructions as to what the claim terms of each patent mean.

It is important that you perform these duties fairly.  Do not let any bias, sympathy, or prejudice influence your decision in any way.  Do not let anything that I may say or do during the course of the trial influence you.  Nothing I may say or do during the course of this trial is intended to indicate what your verdict should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, and the documents and other things admitted into evidence as exhibits.  In addition, the evidence may include certain facts agreed to by the parties or as I instruct you.

Certain things are not evidence.  They include:

1. Statement, arguments, and questions by the lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their

clients to make objections when they believe testimony or exhibits are being offered into

evidence that are not proper under the Rules of Evidence.  You should not be

influenced by the objection or by my ruling on it.  If I sustain or uphold the objection, you

should ignore the question or the document.  If I overrule the objection and allow the

matter into evidence, treat the testimony or document like any other evidence.  If I

instruct you that some item of evidence is admitted for a limited purpose, you must

follow that instruction and consider that evidence for that purpose only.

3.  Testimony or documents that I have either excluded, or told you to disregard,

are not evidence and must not be considered.

4.  Anything you see or hear outside the courtroom is not evidence and must be

disregarded.  You are to decide this case solely on the evidence presented here in the

courtroom.

There are two types of evidence that you may properly consider: direct and

circumstantial.  Direct evidence is straightforward proof of a fact, such as testimony of

an eye witness.  Circumstantial or indirect evidence is proof of a fact or facts from which

you may infer or conclude that other facts exist or do not exist.  I will give you further

instructions on direct and circumstantial evidence, as well as other matters, at the end

of the case, but keep in mind that you may consider both kinds of evidence.

**Credibility of Witnesses**

It will be up to you to decide which witnesses to believe, which witnesses not to

believe, and how much of any witness's testimony to accept or reject.  You are the sole

judges of each witness's credibility.  I will give you some guidelines for deciding the

credibility of witnesses during my instructions at the end of the case.

**<u>Burden</u> <u>of</u> <u>Proof</u>**

I will now give some information regarding the burdens of proof.

This is a civil case.  In any legal action, facts must be proven by the required weight of the evidence, known as the burden of proof.  In this civil case, two burdens of proof are used.  The first is called proof  by a preponderance of the evidence.  The second is called proof by clear and convincing evidence.

Cordance contends that Amazon has infringed Cordance's patents.  Cordance has the burden of proving patent infringement by the preponderance of the evidence. That means Cordance has to produce evidence which, when considered in the light of all the facts, leads you to believe that what Cordance claims is more likely true than not. Cordance must also prove its damages by a preponderance of the evidence.

Amazon denies that it infringes Cordance's patents.  Amazon does not have the burden of proof on the issue of infringement.

Amazon contends that the asserted claims of the patents-in-suit are invalid.  On this issue, Amazon, rather than Cordance, has the burden of proof.  Amazon must establish by clear and convincing evidence that the asserted claims are not valid.  This is a heavier burden than a preponderance of the evidence.  Clear and convincing evidence is evidence which persuades you that it is highly probable that what Amazon seeks to prove is true.  Amazon must produce evidence that persuades you that it is highly probably that the claim is not valid.

Cordance denies that any of the patent claims are invalid.  Cordance does not have the burden of proof on the issue of invalidity

I will discuss with you later, and in more detail, the specific elements that

Cordance must prove with respect to alleged infringement and what Amazon must prove regarding alleged invalidity of the patents.

You may have heard the term "proof beyond a reasonable doubt." That requirement applies to criminal cases and does not apply to a civil case, like this one. You should not use this standard when considering whether Cordance and Amazon have met their respective burdens of proof on the various issues.

**Conduct as Jurors**

Now a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and have gone to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to this case.

Finally, do not reach any conclusion or form any opinion until all the evidence is in. Keep an open mind until you start your deliberations after the end of the case.

During the trial, you will be allowed to take notes. My courtroom deputy will provide you with pens, pencils and paper. If you do take notes, leave them in the jury room when you leave at the end of the day. Remember they are for your own personal use– they are not to be given or read to anyone else. You are instructed that your notes

are only a tool to aid your own individual memory and you should not compare your

notes with other jurors in determining the content of any testimony or in evaluating the

importance of any evidence.  Your notes are not evidence.

Although we have a court reporter here who will be transcribing the testimony

during the course of the trial, you should not assume that the transcripts of the

testimony will be available for your review during your deliberations.  As you listen to the

testimony, keep in mind that you will be relying on your recollection of the testimony

during your deliberations.

**Course of the Trial**

The trial will begin today.  I will now explain to you a little bit about the

procedures that we will be following during the trial and the format of the trial.

Like all jury trials, this trial comes in stages or phases.  At the beginning of the

trial are the opening statements.

Each party may make an opening statement.  The opening statements by the

lawyers are statements about what a party intends to prove, and is presented to help

you follow the evidence as it is offered.  The opening statements are not evidence in the

case.

After the opening statements, witnesses will be called and will take the stand to

testify.  Documents and other exhibits will be offered and admitted into evidence.  What

the witnesses say and what the documents or other exhibits state constitute evidence in

the case.  Generally, the plaintiff, that is, Cordance, go first and will present  witnesses

and defendants, that is, Amazon, may cross-examine them.  Amazon will also present

witnesses, which Cordance may cross examine.  Often during the trial, the evidence is

introduced in a somewhat piecemeal fashion.  Because of this, you as jurors need to keep an open mind as the evidence comes in.  Wait until all the evidence comes in before making any decision.

After the evidence has been presented, I will give you instructions on the law and the attorneys will make their closing arguments to summarize and to help you in making your determination.  Again, what the lawyers say during the closing arguments is not evidence.

Finally, you will retire to deliberate your verdict.  You then can evaluate the evidence, discuss the evidence among yourselves, and make a decision in the case.

**Trial Schedule**

Although I outlined the trial schedule during the voir dire, I will repeat it now.  I plan to keep this schedule during the course of this trial.

This case is expected to take 12 days to try.  We will normally begin the day promptly at 9:00 a.m.  We will usually go until 1:00 p.m., and after a one hour lunch break, continue from 2:00 p.m. until 4:30 - 5:00 p.m.  There will also be a short breaks during the mid-morning and afternoon.  One exception to this schedule may occur when the case is submitted to you for your deliberations.  On that day, the proceedings may last beyond 5:00 p.m.

## GLOSSARY OF PATENT TERMS

Some of the terms in this glossary will be defined in more detail in the legal instructions that you will be given.  The definitions in the instructions must be followed and must control your deliberations.

**Abstract:**  A brief summary of the technical disclosure in a patent.

**Amendment:**  A patent applicant's change to one or more claims or to the specification either in response to an office action taken by a Patent Examiner or independently by the patent applicant during the patent application examination process.

**Assignment:**  Transfer of ownership rights in a patent or patent application from one person or company to another.

**Claims:**  That part of a patent which defines the invention.  These are found at the end of the patent specification in the form of numbered paragraphs.

**Continuation Application:**  A patent application filed during the examination process of an earlier application which has the same disclosure as the original application and does not include anything which would constitute new matter if inserted in the original application.

**Continuation-In-Part (C-I-P) Application:**  A patent application filed during the application process of an earlier application which repeats some or all of the earlier application and adds matter not disclosed in the earlier application to support the addition of new patent claims.

**Disclosure of Invention:**  That part of the patent specification which explains how the invention works and usually includes one or more drawings.

**Drawings:**  The drawings are visual representations of the claimed invention contained in a patent application and issued patent, and usually include several figures illustrating various aspects of the claimed invention.

**Elements:**  The required parts of a device or the required steps of a method.

**Embodiment:**  A product or method that contains the claimed invention.

**Examination:**  Procedure before the United States Patent and Trademark Office ("Patent Office" or "PTO") whereby a Patent Examiner reviews the filed patent application to determine if the claimed invention is patentable.

**File Wrapper or Prosecution History:**  The written record of proceedings in the Patent Office including the original patent application and subsequent communications

between the Patent Office and the applicant.

**Filing Date:**  Date a patent application, with all the required sections, has been submitted to the PTO.

**Limitation:**  A required part of an invention set forth in a patent claim.  A limitation is a requirement of the invention.  The word "limitation" is often used interchangeably with the word "requirement."

**Office Action:**  A written communication from the Patent Examiner to the patent applicant in the course of the application examination process.

**Ordinary skill in the art:**  The level of experience, education, and/or training that those individuals who work in the area of the invention ordinarily possess.

**Patent:**  A patent is an exclusive right granted by the PTO to an inventor to prevent others from making, using or selling an invention for a term of 20 years from the date the patent application was filed (or 17 years from the date the patent issued). When the patent expires, the right to make, use or sell the invention is dedicated to the public.  The patent has three parts, which are a specification, drawings and claims.  The patent is granted after examination by the PTO of a patent application filed by the inventor which has these parts, and this examination is called the prosecution history.

**Patent Application:**  The initial papers filed in the PTO by an applicant.  These typically include a specification, drawings and the oath (Declaration) of applicant.

**Patent and Trademark Office (Patent Office or PTO):**  The government agency that is responsible for examining all patent applications and issuing all patents in the United States.

**Patent Examiners:**  Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent are patentable and the disclosure adequately describes the invention.

**Prior Art:**  Any information which is used to describe public, technical knowledge prior to the invention by applicant or more than a year prior to his/her application.

**References:**  Any item of prior art (publication or patent) used to determine patentability.

**Requirement:**  A required part or step of an invention set forth in a patent claim. The word "requirement" is often used interchangeably with the word "limitation."

**Specification:**  That part of a patent application or patent which describes the invention and concludes with one or more claims.

It is my duty under the law to define what the patent claims mean.  I have made my

determination of the meaning of the disputed terms in the asserted claims of the patents-

in-suit.  I will now instruct you on the meaning of several of the terms and phrases in

these claims.  You must apply my definitions when deciding this case.  These definitions

are known as "claim constructions."  If a word or phrase appears more than once, you

should apply the same meaning every time that word or phrase appears.

| U.S. Pat. No. 6,757,710 | |
| --- | --- |
| **Claim Language** | **Court's Construction** |
| metadata | data that describes or associates other data |
| providing customer data storing information for a customer | making available for use data about a customer that is stored in a data storage medium |
| providing information provider data storing information for an information provider | making available for use data about a provider of information that is stored in a data storage medium |
| metadata associating said customer data with said transaction | data that is used to identify the stored customer data as data to be used in completing the transaction |
| metadata associating said information with said transaction | data that is used to identify the stored customer data as data to be used in completing the transaction |
| processing said metadata associating said customer data so as to complete the purchase transaction | processing the metadata to retrieve the stored customer data and processing the retrieved customer data to complete the purchase transaction |
| information provider | provider of information |
| information consumer | user of information |
| an indication to initiate a purchase transaction for purchasing the item | a message to start processing a purchase transaction for the item |
| automatically completing the purchase of an item | completing the purchase without human input |
| an indication to complete the proposed transaction | a message to complete the proposed transaction |
| maintained as an object | kept as an object |

| U.S. Patent No. 5,862,325 | |
|---|---|
| **Claim Language** | **Court's Construction** |
| metadata | data that describes or associates other data |
| control structure | a set of data that specifies how information is to be processed or transferred |
| feedback information | evaluation attributes and corresponding value choices |
| processing said metadata to execute instructions external to said control structure | processing the metadata to cause instructions external to the control structure to be executed |
| association means for creating metadata associating portions of said information and defining a control structure for processing at least at said consumer memory to associate with said metadata processes for controlling the communication of said information, said metadata including data exchange metadata associating a process for controlling the transfer of feedback information, said feedback information including at least a portion of said consumer information, to said provider | (1) The feedback partner server 1302 creates metadata defining a control structure (e.g., a feedback service object 1310) that is processed by the consumer program 22 to generate a feedback input form. ('710 Patent, 16:38-63; 22:6-36; 32:12-34:56; 95:14-99:60; 125:45-62; and figures referenced therein).<br> (2) The consumer program 22 executed by the consumer computer 2 creates metadata defining a control structure (e.g., a message object 110) containing a query that is processed by the feedback partner server 1302. ('710 patent, 16:38-63; 22:6-36; 32:12-34:56; 42:49-44:23; 116:29-33; 127:26-128:7; and figures referenced therein). |
| transfer means for transferring said information, including said metadata defining said control structure from said provider memory to said consumer memory | (1) The feedback partner server 1302 transfers a control structure (e.g., a feedback service object 1310) to the consumer program 22. ('710 patent, 12:54-13:14; 16:38-63; 23:63-24:28; 32:12-34:56; 125:45-62; and figures referenced therein).<br>(2) The consumer program 22 executed by the consumer computer 2 transfers a control structure (e.g., a message object 110) containing a query to the feedback partner 1302. ('710 patent, 12:54-13:14; 16:38-63; 23:63-24:28; 32:12-34:56; 42:49-44:23; 116:29-33; 127:26-128:7; and figures referenced therein). |

| | |
|---|---|
| feedback transfer means for transferring said feedback information from said consumer memory to said provider memory | (1) The consumer program 22 executed by the consumer computer 2 transfers a data structure (e.g., a message object 110) containing the feedback data from the input form and the UID (unique ID) of a data structure (e.g,. a communications object) representing a subject about which the feedback relates from the consumer program 22 to the feedback partner server 1302. ('710 patent, 12:54-13:14; 16:38-63; 32:12-34:56; 38:6-40:51; 42:49-44:23; 125:62-126:5;and figures referenced therein).<br>(2) The feedback partner server 1302 transfers a data structure (e.g., a message object 110) containing feedback information satisfying the query to the consumer program 22. ('710 Patent, 12:54-13:14; 32:12-34:56; 42:49-44:23; 116:42-48; 127:26-128:7; and figures referenced therein). |
| processing means for executing instructions external to said control structure to perform said processes to control communication of said information | (1) The consumer program 22 executed by the consumer computer 2 includes a Web browser that executes instructions external to the received control structure to control the acquisition and transfer of the feedback information to the feedback partner server 1302. ('710 Patent, 16:38–63; 28:48-29:20; 38:6-40:51; 42:49-44:23; 67:63-68:9; 73:40-74:22; 115:2-23; 125:47-53; and figures referenced therein).<br>(2) The feedback partner server 1302 executes instructions external to the received control structure to process the specified query and transfer responsive feedback information. ('710 patent, 16:38-63; 32:12-34:56; 42:49-44:23; 116:33-48; 127:26-128:7; and figures referenced therein). |

| U.S. Patent No. 6,088,717 | |
|---|---|
| **Claim Language** | **Court's Construction** |
| metadata | data that describes or associates other data |
| control structure | a set of data that specifies how information is to be processed or transferred |
| feedback information | evaluation attributes and corresponding value choices |
| storage means for storing information | a database |
| said node (claim 50) | "said node" as used throughout claim 50 refers to the same node |
| receiving node (claim 50) | the node that receives metadata in the transferring step ("transferring said metadata in at least one direction between said node and a second node") |