**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CORDANCE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-491-MPT |
| | : | |
| AMAZON.COM, INC., and | : | |
| AMAZON WEB SERVICES, LLC | : | |
| | : | |
| Defendants. | : | |

<u>**MEMORANDUM ORDER**</u>

This is a patent infringement action for which trial is scheduled to begin August 3, 2009.  During the Pretrial Conference, certain issues arose that required attention before the matter is trial.  Presently, under consideration are two issues:  (1) whether patent misuse should be tried to court as part of the previously scheduled bench trial on inequitable conduct or whether it is advisable for the jury to make the underlying factual findings on the patent misuse claim and (2) whether a legal bar exists for damages for infringement because of the PTO's corrections to the claims of the '710 patent as noted in the certificate of correction.

<u>**Patent Misuse**</u>

Patent misuse is a defense that arises from the equitable doctrine of unclean hands.  It "renders the patent unenforceable until the misuse is purged; it does not, of itself, invalidate the patent."[1]  It generally relates to the use of patent rights to obtain or coerce an unfair commercial advantage.[2]  As an equitable defense, the right to trial to a

---

[1] *C.R. Bard v. M3 Sys., Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998).
[2] *See Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 703-04 (Fed. Cir. 1992).

jury on a claim for patent misuse is not automatic.[3]  Rather, the concern with trying facts

related to equitable defenses, including patent misuse, are noted to be fraught with

potential abuse, including "unfair prejudice, confusion of issues, or misleading the jury,"

resulting in the loss of "fundamental fairness of the adjudication."[4]  As a result, district

courts may retain and decide equitable issues.[5]

Amazon argues that it is within this court's discretion to allow a jury to decide the

facts underlying a patent misuse claim, citing to cases in which patent misuse was

submitted to the jury.  However, in a case relied upon by Amazon, the Federal Circuit

noted the hazards of appropriately instructing a jury on the doctrine:

> This instruction calls to mind the view expressed in *USM Corp. v. SPS
> Techs., Inc.*, 694 F.2d 505, 510, 216 USPQ 959, 963 (7th Cir. 1982) that
> the misuse doctrine is 'too vague a formulation to be useful.'  Although the
> defense of patent misuse indeed evolved to protect against 'wrongful' use
> of patents, the catalog of practice labelled 'patent misuse' does not
> include a general notion of 'wrongful' use.  *See id.* ('in application, the
> doctrine has largely been confined to a handful of specific practices').[6]

In reversing the judgment on the verdicts for patent misuse, the court determined

that they were not supported by "evidence or correct legal theory."[7]

In another case relied upon by Amazon to support its position, *Bio-Rad

Laboratories, Inc. v. Nicolet Instruments Corp.*, both parties requested a jury trial on all

issues, including patent misuse, and no issue had been reserved for the court to

---

[3] *Texas Instruments, Inc. v. Hyundai Elec. Indus.*, 191 F.R.D. 119, 123 n.7 (E.D. Tex. 1999).
   [4] *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1114 (Fed. Cir. 1996).
   [5] *Agfa Corp. v. Creo Products, Inc.*, 451 F.3d 1366, 1375 (Fed. Cir. 2006) (finding that the trial judge retains "discretion to conduct a bench trial on the equitable issues").
   [6] *C.R. Bard*, 157 F.2d at 1373.
   [7] *Id.*

decide.[8]  After the jury verdict, defendant argued entirely different misuse theories to
the trial judge to preclude enforcement of the patent, a motion that was denied by the
court without comment.  On appeal, the Federal Circuit recognized the discretion of the
court in determining whether misuse will be decided by the court or the jury against
defendant's argument that misuse must be decided by the court.[9]

Further, Amazon's argument that because the same evidence will be used to
establish damages, marking and patent misuse, with patent misuse being tried
separately, could result in inconsistent verdicts between the jury and the court, rings
hollow.  The court will be present when the overlapping evidence is presented to the
jury and the presentation of specific patent misuse evidence to the court will probably
occur after a verdict is rendered.  More likely than not, the parties will request follow up
briefing on the issue.  Thus, Amazon's concern about Cordance's inconsistent
arguments are easily preventable and remedied.  Moreover, considering the Einsteinian
analysis and Herculean task that Amazon is assigning to the jury by its proposed jury
verdict form consisting of 14 pages with 20 questions containing over 160 subparts just
to determine infringement and invalidity, the court will not further burden (and potentially
further confuse) the jury with patent misuse.

Therefore, patent misuse will be tried before the court.

## Certificate of Correction:

 Cordance filed this lawsuit on August 8, 2006 alleging patent infringement
against Amazon.  Shortly thereafter, on August 29, 2006, the Patent and Trademark

---

[8] 739 F.2d 604, 617-18 (Fed. Cir. 1984).
[9] *Id.*

Office ("PTO") granted a certificate of correction ("CoC") under 35 U.S.C. § 255 to

correct certain errors in Cordance's '710 patent.  The PTO made four corrections to the

claims of the '710 patent.

The relevant corrections read as follows:

| **Original Claim 1** | **Corrected Claim 1** |
|---|---|
| "providing **a customer** data storing information for a customer usable to automatically complete an on-line purchase of an item from a seller" | "providing **customer** data storing information for a customer usable to automatically complete an on-line purchase of an item from a seller" |

| **Original Claim 1** | **Corrected Claim 1** |
|---|---|
| "automatically completing the purchase of an item from the seller **by by** processing said . . ." | "automatically completing the purchase of an item from the seller **by** processing said . . ." |

| **Original Claim 3** | **Corrected Claim 3** |
|---|---|
| "The method of claim 1 __ processing said metadata . . ." | "The method of claim 1 **wherein** processing said metadata . . ." |

| **Original Claim 7** | **Corrected Claim 7** |
|---|---|
| "providing **an information provider** data storing information for an information provider usable to automatically complete a proposed on-line transaction . . ." | "providing **information provider** data storing information for an information provider usable to automatically complete a proposed on-line transaction . . ." |

Until now, Cordance has only asserted patent infringement under the corrected claims

and not on the pre-August 29, 2006 original claims of the '710 patent.[10]

**Retroactive Application of PTO Corrections**

Amazon argues that Cordance can only seek damages for the time period

arising after August 29, 2006 for any infringement of the '710 patent.  Amazon states

_____

[10] Cordance has presented no expert opinion on the pre-corrected claims, including an opinion that the pre-corrected and corrected claims have the same meaning and construction.

that a post-lawsuit filing PTO claim correction does not apply retroactively to patent infringement causes of action arising prior to the correction by the PTO.  In addition, Amazon contends that the PTO is given the power to prospectively correct patent claims containing errors, but has no authority to retroactively correct claims.

Amazon argues that because Cordance has only asserted claims based on the corrected '710 patent claims, and because the '710 patent was corrected by the PTO after the filing of the lawsuit, Cordance's request for damages due to any infringement of the '710 patent is limited to the PTO date of correction, August 29, 2006, and thereafter.

In opposition, Cordance argues that the corrections to the '710 patent apply to Amazon's alleged infringement after August 29, 2006 and the uncorrected claims apply to Amazon's alleged infringement prior to August 29, 2006.  Cordance contends that the CoC does not abrogate damages nor create intervening rights and that the court should just apply the corrected versions so that the jury is not confused by two different, but similar versions of the claims.

In *Southwestern Software, Inc. v. Harlequin Inc.*, the court held that "a certificate of correction is only effective for causes of action arising after it was issued."[11] 35  U.S.C. §§ 254 and 255 authorize the "PTO to make prospectively effective corrections" and do not authorize the PTO to "correct claims retroactively."[12]  For causes of action that arise before the correction becomes effective, the patent must be

---

[11] 226 F.3d 1280, 1294 (Fed. Cir. 2000).
[12] *Novo Indus., L.P. v. Micro Molds Corp.,* 350 F.3d 1348, 1356 (Fed. Cir. 2003).

considered without the benefit of the certificate of correction.[13]   One reason for this

division is because "each act of patent infringement gives rise to a separate cause of

action."[14]

　　　　After a CoC is issued by the PTO, all future patent infringements go to the

corrected patent claim and not to the original claim.   Cordance cannot claim damages

for infringement on the pre-August 29, 2006 uncorrected claims of the '710 patent

because the PTO corrections do not apply retroactively and Cordance only asserted

infringement of the corrected claims.   Cordance has never articulated an infringement

theory based on the pre-corrected claims and it is undisputed that the corrections were

made after the filing of the suit on August 29, 2006.   In addition, Cordance's expert has

only discussed infringement based on the corrected '710 patent claims.[15]   Accordingly,

Cordance's claim for damages on the '710 patent is limited to the date of correction by

the PTO.

　　　　**Court's Authority to Fix Patent Claim Errors**

　　　　Cordance contends that this court can and should just correct the '710 patent

claims in the same manner that the PTO corrected them.   In addition, Cordance insists

that this court should apply the corrected '710 claims retroactively to avoid confusing

the jury.   In response, Amazon argues that this court does not have the authority to

correct these claims and apply them retroactively after the PTO has already issued a

---

　　　[13] *Id*.
　　　[14] *Hazelquist v. Guchi Hoochie Tackle Co.*, 437 F.3d 1178, 1182 (Fed. Cir. 2006).
　　　[15] The court also notes that only the corrected versions of these claims were submitted to it for claim construction.

certificate of correction.

A district court may only correct errors to patent claims when "(1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims."[16]  By making such corrections the court is "merely giving to [the claim] the meaning which was intended by the applicant and understood by the examiner."[17]  In addition, the errors must be apparent from the face of the patent.[18]

Cordance argues that the court has the authority to correct these patent claims and apply the corrections retroactively to the entire period of alleged infringement. Cordance cites *Hoffer v. Microsoft Corp*., which states that "when a harmless error in a patent is not subject to reasonable debate, it can be corrected by the court, as for other legal documents."[19]  Cordance states that the errors in the '710 claims are harmless and are not subject to a reasonable debate.

Cordance insists that the errors were typographical and were evident from the face of the patent.  However, as the court in *Novo* stated "we do not think that Congress intended that the district courts have the authority to correct any and all errors that the PTO would be authorized to correct under sections 254 and 255."[20]  While this court can make some changes to a patent claim, it is not without limitation.

---

[16] *Group One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005); *Novo*, 350 F.3d at 1357 (noting that district courts may only correct minor errors "evident on the face of the patent").

[17] *Novo,* 350 F.3d at 1355.

[18] *Hoffer  v. Microsoft Corp.*, 405 F.3d 1326, 1331 (Fed. Cir. 2005).

[19] 405 F.3d 1326, 1331 (Fed. Cir. 2005).

[20] *Novo,* 350 F.3d at 1356.

The deletion of "a" in claim 1 and the deletion of "an" in claim 7 are completely different types of changes from the deletion of a repeated "by" in claim 1 and the omission of "wherein" in claim 3.[21]  Removing the article "a" from claim 1 fundamentally changes the claim's meaning.  The original claim 1 reads that "data storing information" is provided to "a [singular] customer."  However, with the deletion of the word "a", the corrected claim is much broader and infers that "customer data storing information" is provided.  The impact of this change is subject to a reasonable debate and the change itself is not clear on the face of the patent.

The deletion of the article "an" in claim 7 has the same effect.  The original claim stated that data was provided to "an information provider."  The new claim no longer requires that the data be provided to an information provider, but rather that "information provider data storing information" be provided.  The court would be unable to make these changes in claim 1 and claim 7 because the errors are subject to reasonable debate and the changes were not clear "typographical" errors that were apparent on the face of the patent.  In addition, this court cannot apply these changes retroactively to the '710 patent claims because the court does not have the authority to correct these errors in any manner.

Therefore, Cordance's claim for damage begins on the day of correction by the PTO, that is, August 29, 2006.

As a result of the conclusions herein,

---

[21] Amazon does not contest the deletion of the word "by" in claim 1 or the insertion of "wherein" in claim 3 of the '710 patent.  Since these corrections are not at issue, they are not addressed in this opinion.

IT IS ORDERED and ADJUDGED as follows:

1.  Patent misuse shall be tried and determined by the court (D.I. 419, 420)

2.  Cordance's claim for damages of the '710 patent begins on the date of correction of August 29, 2006 by the PTO (D.I. 419, 420).


July 28, 2009                          /s/ Mary Pat Thynge
                                       UNITED STATES MAGISTRATE JUDGE