IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-491-MPT |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION TO PRECLUDE AMAZON'S DEFENSE UNDER 35 U.S.C. § 102(f)**

The Court asked the parties to clarify two issues: first, whether Amazon's '411 patent is relevant to the validity of Cordance's '710 patent and, second, whether Cordance was entitled to file a continuation application to obtain patent claims to cover an existing product. Cordance also explains herein why it should be allowed to cite previous sworn testimony from Amazon's CEO relating to the value of Amazon's 1-click shopping system and how Cordance can do so without mentioning the Barnes & Noble litigation.

1. **Amazon's '411 Patent is Not Relevant to the Validity of Cordance's '710 Patent.**

Numerous cases hold that a defendant's own patent on a technology in suit is irrelevant, inadmissible, and unduly prejudicial. See Hochstein v. Microsoft Corp., No. 04-73071, 2009 WL 2022815, at *2 (E.D. Mich. 2009) (excluding evidence of defendant's patent because they were "irrelevant, prejudicial, and [would] cause jury confusion"); Cordis Corp. v. Medtronic Vascular, Inc., No. 97-550, 2005 WL 885381, at *4 (D. Del. Feb 28, 2005) (excluding evidence of patents on accused technology because "the patents are not relevant to an infringement analysis."); EZ Dock, Inc. v. Shafer Sys., Inc., No. 98-2364, 2003 WL 1610781, at *11 (D. Minn. March. 8, 2003) (excluding evidence and testimony regarding defendants' patents because

1

of "a common misconception by the public that a patent grants an affirmative right to make the patented article.") (internal quotation omitted).

Amazon nonetheless argues that its '411 patent is relevant to the validity of Cordance's '710 patent because Mr. Reed did not invent one-click shopping but rather derived it from Amazon's '411 patent. See 35 U.S.C. § 102(f). Amazon has no legal basis for a "derivation" argument under § 102(f), because derivation, as a matter of law, applies only to the copying of subject matter that existed prior to the priority date. Eaton Corp. v. Rockwell Int'l Corp., 323 F.3d 1332, 1344 (Fed. Cir. 2003); see also Ricoh Co., Ltd. v. Nashua Corp., No. 97-1344, 1999 WL 88969, at *3 (Fed. Cir. Feb. 18, 1999) ("[W]e have recognized the practice of filing continuation applications containing claims broader than those in a parent application ... in order to encompass a competitor's product.")

Cordance's '710 patent is a continuation of an application filed in 1996 and thus has an effective filing date of 1996. See 32 U.S.C. § 120. Amazon's '411 patent did not issue until 1999. To show that Cordance's '710 patent is invalid under § 102(f), Amazon must show that Mr. Reed learned of his invention from another person prior to 1996:

> According to 35 U.S.C. § 102(f), a person is not entitled to a patent if "he did not himself invent the subject matter sought to be patented." To prove derivation under § 102(f), "the party asserting invalidity must prove both prior conception of the invention by another and communication of that conception to the patentee" by clear and convincing evidence.

Eaton, 323 F.3d at 1344 (emphasis added).

Amazon has no evidence that anyone conceived of Mr. Reed's one-click invention prior to his 1996 filing date. Instead, Amazon incongruously argues that Mr. Reed derived his one-click invention, not from events that occurred prior to the filing date, but from events that occurred after the filing date, namely that Amazon introduced one-click on its web site in 1997

and that its one-click patent issued in 1999. Clearly Mr. Reed could not have derived his 1996 invention from these later events.

Amazon's § 102(f) invalidity argument is just a rehashing of its argument that Cordance's '710 patent is invalid for lack of written description. If Cordance's '710 patent has sufficient written description, then Cordance is entitled to its 1996 filing date and it clearly invented one-click before Amazon introduced it in 1997. If Cordance's '710 patent does not have sufficient written description, then Cordance's patent is invalid and there is no need to consider § 102(f).

2.   **Amazon's '411 Patent is Irrelevant and Unfairly Prejudicial to Cordance's Case.**

Amazon's use of the '411 patent is prejudicial to Cordance. The jury may erroneously believe that by having its own patent, Amazon cannot be infringing Cordance's patent. The jury may also falsely believe that ownership of a patent covering a technology grants the right to use that technology. Accordingly, courts routinely preclude such evidence. See cases cited above.

Even if Amazon had a basis to argue invalidity under § 102(f), it still would not need to rely on the highly prejudicial evidence of its '411 patent—which issued in 1999—since Amazon could simply (and indeed more easily) argue that Mr. Reed derived his invention from Amazon's own one-click system, which was publicly launched on its own website in 1997. The prejudicial impact of Amazon's '411 patent thus clearly outweighs any relevance; (and indeed the law is well established that it has no relevance).

3.   **Cordance Was Entitled To File a Continuation Application to Cover an Existing Product.**

Amazon has argued that in obtaining its '710 patent, Cordance improperly drafted claims specifically to target Amazon's 1-click shopping. Regardless of whether this allegation is true, Federal Circuit law is clear that this practice is allowed:

3

> It should be made clear at the outset of the present discussion that <u>there is nothing improper, illegal or inequitable in filing a patent application for the purpose of obtaining a right to exclude a known competitor's product from the market</u>; nor is it in any manner improper to amend or insert claims intended to cover a competitor's product the applicant's attorney has learned about during the prosecution of a patent application. Any such amendment or insertion must comply with all statutes and regulations, of course, but, if it does, its genesis in the marketplace is simply irrelevant and cannot of itself evidence deceitful intent.

<u>Kingsdown Med. Consultants, Ltd. V. Hollister, Inc.</u>, 863 F.2d 867, 874 (Fed. Cir. 1988) (emphasis added); <u>Ricoh</u>, 1999 WL 88969, at *3 ("[W]e have recognized the practice of filing continuation applications containing claims broader than those in a parent application ... in order to encompass a competitor's product.").

Amazon should also be precluded from arguing that Cordance drafted its patent claims to cover Amazon's technology. The Court acknowledged this during the pretrial conference:

> I certainly don't think Amazon has any right to make a suggestion to the jury that if Cordance did copy what they were doing somehow that was wrong and get a patent on it necessarily. It all depends upon who had the idea first, who had conception and reduced it to practice.

(Pre-Trial Conf. Tr. at 167:6-10).

Courts have found that such tactics, which are of no legal import but tend to prejudice a party in the eyes of a lay jury, are unacceptable. In <u>Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co</u>, for example, the defendant's attorney repeatedly insinuated wrongdoing by the plaintiff by claiming that plaintiff copied defendant's patents. 308 F.3d 1167, 1183 (Fed. Cir. 2002). The Federal Circuit noted that such "[trial] conduct is not acceptable" and "that the court must police attorney trial tactics more carefully." <u>Id.</u> The court further noted that "[i]mproper comments such as [defendant's] run the risk of <u>infecting the entire trial</u>" as "'irreparable harm may be inflicted in a moment' as a result of counsel's improper remarks." <u>Id.</u> (emphasis added).

4.  **Cordance Should Be Able To Cite Previous Sworn
    Testimony of Amazon's CEO on the Value of the Accused System**

Evidence of Amazon's '411 <u>patent</u> is clearly prejudicial for the reasons set forth above. By contrast, evidence relating to the value of Amazon's one-click <u>system</u> is directly relevant to damages and not prejudicial to either party.

Amazon previously sued Barnes & Noble for infringement of its '411 patent. During this litigation, Amazon's CEO Jeff Bezos explained that Amazon's one-click system was <u>critical</u> to Amazon's business. Mr. Bezos's sworn testimony relating to the value of Amazon's one-click system directly contradicts his testimony in this case and is of enormous relevance to a reasonable royalty and Cordance's damages here.

Although the subject matter of the litigation against Barnes & Noble was the infringement of Amazon's '411 patent, Mr. Bezos' testimony was directed specifically to the value of Amazon's one-click <u>system</u>—the very product accused of infringement in this case— and not to the value of the '411 patent. It plainly is not a basis for the wholesale exclusion of all evidence from that litigation, and particularly for a directly on-point admission of the CEO of Amazon. Prior sworn statements can easily be referred to generally "as earlier sworn statements" or otherwise redacted to remove references to Amazon's '411 patent. Such sworn statements by Mr. Bezos and other Amazon employees are directly relevant to Cordance's damages here. Where evidence from the previous litigation does not mention the '411 patent and is not otherwise objectionable, that evidence should be admitted in this litigation.

                    Respectfully submitted,

                    ASHBY & GEDDES

                    /s/ John G. Day
                    _____
                    Steven J. Balick (I.D. #2114)
                    John G. Day (I.D. #2403)
                    Tiffany Geyer Lydon (I.D. #3950)
                    500 Delaware Avenue, 8th Floor
                    P.O. Box 1150
                    Wilmington, DE 19899
                    (302) 654-1888
                    sbalick@ashby-geddes.com
                    jday@ashby-geddes.com
                    tlydon@ashby-geddes.com

                    *Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
joneill@wolfgreenfield.com

Dated: August 4, 2009