IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) C.A. No. 06-491-MPT |
| v. | ) |
|  | ) |
| AMAZON.COM, INC. and | ) |
| AMAZON WEB SERVICES, LLC, | ) |
|  | ) |
| Defendants. | ) |

**DEFENDANT AMAZON'S EMERGENCY MOTION
TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE ON DAMAGES FOR
INFRINGEMENT OF THE '717 AND '325 PATENTS PRIOR TO DECEMBER 11, 2001**

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Dated: August 6, 2009

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (I.D. #2246)
David E. Moore (I.D. #3983)
D. Fon Muttamara-Walker (I.D. #4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants
Amazon.com and
Amazon Web Services, LLC*

Amazon hereby respectfully moves for an order precluding Cordance from presenting any evidence of damages based upon infringement of the '717 or '325 patents asserted in Cordance's Second Amended Complaint ("Amended Complaint") prior to December 11, 2001. Section 286 mandates that an infringer can only be liable for damages for six years prior to the filing of the complaint. 35 U.S.C. §286. The time period is measured from when Cordance filed its Amended Complaint, unless Cordance can prove that the newly asserted claims relate back to the original complaint in the lawsuit. As the claims in the Amended Complaint accuse unrelated technology as infringing different patents, the claims do not relate back and damages should be measured from the date the Amended Complaint was filed.

## I. FACTUAL BACKGROUND

Cordance filed its original complaint ("Complaint") on August 8, 2006 alleging that Amazon's 1-Click ordering system was infringing Cordance's '710 patent (the "1-Click Claims"). (D.I. 1). On November 20, 2007, the Court granted the parties' stipulation that Cordance's Amended Complaint would be deemed filed the date of the next Scheduling Order. (D.I. 83). The Scheduling Order, and thus the date the Amended Complaint was deemed filed, was entered on December 11, 2007. (D.I. 90). The Amended Complaint asserted new claims of infringement, including that Cordance's '717 and '325 patents are infringed by Amazon's features that allow users to leave feedback and review products (the "Feedback Claims"). (D.I. 81).

## II. THE DAMAGES PERIOD RUNS FROM THE DATE THE AMENDED COMPLAINT WAS FILED.

Section 286 prevents a patent holder from receiving damages for infringement occurring more than six years prior to the filing of a lawsuit or counterclaim. 35 U.S.C. §286; *Standard*

1

*Oil Co. v. Nippon Shokubai Kagaku Kogyo Co.*, 754 F.2d 345, 347 (Fed. Cir. 1985). Accordingly, for the Feedback Claims, the six year time period runs from the date the Amended Complaint was filed, except if plaintiff can prove that the Feedback Claims relate back to the 1-Click Claims asserted in the Complaint. *See id; Metrologic Instruments, Inc. v. PSC, Inc.*, 2004 WL 2851955, at * 19 (D.N.J. Dec. 13, 2004); *Randolph-Rand Corp. of N.Y. v. Tidy Handbags, Inc.*, 2001 WL 1286989 (S.D.N.Y. 2001) (applying Rule 15(c) to determine if amended complaint relates back to the original complaint for the purposes of 35 USC §286).

Federal Rule of Civil Procedure 15(c) dictates that an amended complaint adding a new claim only relates back to the original complaint for the purposes of statutes of limitations if the applicable statute of limitations law allows relation back and the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading. Fed. R. Civ. P. 15(c)(1). Infringement of one patent is not the same conduct or occurrence as infringement of another patent, unless the claims of the new patent are integrally related to the claims of the original patent. *E.g., Metrologic Instruments*, 2004 WL 2851955, at * 19; *Applied Vision Inc. v. Optical Coating Laboratory*, 1997 WL 601425, at *3-4 (N.D. Cal. 1997). Courts look to see "whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds" in order to determine whether an amended complaint relates back to the original complaint. *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004).

The claims themselves and the accused technology asserted in both complaints are unrelated and require an entirely separate analysis. *Illinois Tool Works, Inc. v. Foster Grant Co., Inc.*, 395 F. Supp. 234, 250-51 (D.C. Ill. 1974) ("An alleged infringement of one patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent."); *see*

2

*also Hackensack Riverkeeper, Inc. v. Delaware Otsego Corp.*, 2007 WL 1147048 (D.N.J. Apr. 17, 2007) ("Relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims"). In addition to the fact that the Amended Complaint asserted two new patents, the technology related to 1-click purchasing and customer reviews is separate and unrelated. As such, Amazon could not have anticipated that the claims would be added to the case or become even tangentially relevant. The only commonality between the claims is that both accuse features on the Amazon.com website. This is insufficient for the purposes of Rule 15(c). Additionally, the newly asserted patents were issued prior to the filing of the Complaint, so this is not an instance where Cordance was prevented from asserting these claims at the time of it originally initiated the lawsuit. Accordingly, the Amended Complaint does not relate back to the Complaint, and Cordance is only entitled to damages for the Feedback Claims beginning six years prior to the filing of the Amended Complaint.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Amazon respectfully requests that the Court preclude Cordance from presenting evidence of damages for infringement of the Feedback Claims for more than six years prior to the filing of the Amended Complaint, or before December 11, 2001.

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ Richard L. Horwitz* |
|  | Richard L. Horwitz (#2246) |
|  | David E. Moore (#3983) |
| Lynn H. Pasahow | D. Fon Muttamara-Walker (#4646) |
| J. David Hadden | Hercules Plaza, 6th Floor |
| Darren E. Donnelly | 1313 N. Market Street |
| Saina S. Shamilov | Wilmington, DE 19801 |
| Ryan Marton | Tel: (302) 984-6000 |
| FENWICK & WEST LLP | rhorwitz@potteranderson.com |
| 801 California Street | dmoore@potteranderson.com |
| Mountain View, CA 94041 | fmuttamara-walker@potteranderson.com |
| Tel: (650) 988-8500 |  |
|  | *Attorneys for Defendants* |
| Dated: August 6, 2009 | *Amazon.com, Inc. and* |
| 927820 | *Amazon Web Services, LLC* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 6, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 6, 2009, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Steven J. Balick | Michael A. Albert |
| John G. Day | Robert M. Abrahamsen |
| Tiffany Geyer Lydon | Jeffrey O'Neill |
| Ashby & Geddes | Chelsea A. Loughran |
| 500 Delaware Avenue, 8th Floor | Wolf, Greenfield & Sacks, P.C. |
| Wilmington, DE 19899 | 600 Atlantic Avenue |
| sbalick@ashby-geddes.com | Boston, MA 02210-2206 |
| jday@ashby-geddes.com | malbert@wolfgreenfield.com |
| tlydon@ashby-geddes.com | rabrahamsen@wolfgreenfield.com |
| | jeffrey.oneill@wolfgreenfield.com |
| | cloughran@wolfgreenfield.com |

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    D. Fon Muttamara-Walker
    POTTER ANDERSON & CORROON LLP
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    fmuttamara-walker@potteranderson.com

757320 / 30763