IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-491-MPT |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |

## MOTION TO LIMIT THE SCOPE OF THE TESTIMONY OF DR. LORENZO ALVISI

Cordance moves to limit the scope of the testimony of Amazon's liability expert, Dr. Lorenzo Alvisi, in the following respects:

1) Dr. Alvisi should be precluded from discussing references that he did not rely on to assert an invalidity claim and is merely using to say that Amazon is "practicing the prior art" as this is not a valid defense to infringement pursuant to well established Federal Circuit law;

2) Dr. Alvisi should be precluded from testifying about Amazon's alleged prior art system which he conceded at deposition was not anticipatory;

3) Dr. Alvisi should be precluded from testifying about obviousness theories not articulated in his report;

4) Dr. Alvisi should be precluded from testifying about any purported public use of alleged prior art systems for which no witness has provided a factual predicate; and

5) Dr. Alvisi should be precluded from testifying about any alleged prior art for which he did not present any anticipation or obviousness analysis in his report.

A copy of Dr. Alvisi's Expert Report on Invalidity is attached as Exhibit A. A copy of Exhibit C to Dr. Alvisi's report (referenced below) is attached hereto as Exhibit B.

1

1.  **Dr. Alvisi should be precluded from discussing references that he did not rely on to assert an invalidity claim and is merely using to say that Amazon is "practicing the prior art" as this is not a valid defense to infringement pursuant to well established Federal Circuit law.**

Dr. Alvisi should be precluded from testifying with respect to those pieces of prior art for which he has not articulated an opinion of invalidity. For many pieces of prior art, Dr. Alvisi asserted only that "if the [XYZ] patent as interpreted by the Court were to encompass Amazon's current system, features from the [prior art] system would anticipate the asserted claims," or used other language of a similar effect. His analysis of the following pieces of prior art suffer from this defect:

    a.    Amazon's prior shopping cart system (Alvisi Report at 52-59 and Ex. C thereto at 1-10).

    b.    U.S. Patent No. 5,694,546 (Reisman) (Alvisi Report at 59-60 and Ex. C thereto at 11-24).

    c.    U.S. Patent No. 5,819,034 (Joseph) (Alvisi Report at 60-62 Ex. C. thereto at 25-33).

    d.    Amazon's prior customer reviews system (Alvisi Report at 107-111 Ex. C thereto at 127-163).

"'Practicing the prior art' is not a defense to patent infringement." In re Omeprazole Patent Litigation, 536 F.3d 1361, 1377 (Fed. Cir. 2008) citing Tate Access Floors Inc. v. Interface Arch. Res. Inc., 279 F.3d 1357, 1365 (Fed. Cir. 2002) and Baxter Healthcare Corp. v. Spectramed, Inc., 49 F.3d 1575, 1583 (Fed. Cir. 1995). In Zenith Electronics v. PDI Communications Systems, 522 F.3d 1348, 1363 (Fed. Cir. 2008), the Federal Circuit further explained that "anticipation cannot be proved by merely establishing that one 'practices the prior art,'" and that "mere proof that the prior art is identical, in all material respects, to an allegedly

2

infringing product cannot constitute clear and convincing evidence of invalidity." 522 F.3d at 1363.

Prior art not relied upon for invalidity is not relevant to any claim or defense in this case and any discussion of such art would be prejudicial to Cordance as it will serve only to confuse or mislead the jury. In presenting its invalidity case, Amazon's expert witness should be constrained to only discussing prior art which he actually opines in his report as invalidating the claims of Cordance's patents.

2. **Dr. Alvisi should be precluded from testifying about Amazon's alleged prior art system which he conceded at deposition was not anticipatory.**

Dr. Alvisi should be precluded from providing any testimony with respect to Amazon's alleged prior art systems because he conceded at his deposition[1] that he does not believe the claims, of either one-click or feedback are anticipated by such systems. For one-click:

> Q. In Amazon's prior art system, how did it automatically complete a purchase in response to the "confirm" click?
> A. What happened in Amazon's system -- well, I think it's actually -- I have something in my report. But do you -- would you want me to read from the report?
> Q. I'd like to know how, in your opinion, an Amazon system, which you said anticipates the claims of the '710 patent --
> A. Okay.
> Q. -- how the transaction automatically completes in response to the "confirm" click, which you identified as indicates you initiate the purchase transaction.
> A. So I understand there is some discussion about what "automatically" means.
> Q. Okay.
> A. And depending on that discussion, one may characterize differently what Amazon is doing, if Amazon is automatically completing or is not automatically completing the transaction.

---

[1] Relevant pages of the Alvisi deposition transcript are attached hereto as Ex. C.

3

> Q. Okay. If it's completed without human input, is Amazon's prior art system anticipating the claims of the '710 patent?
> A. I don't think it is.

(Ex. C; Alvisi Dep. Tr. at 100:23-101:17.) For feedback:

> Q. …Do you have an opinion one way or another whether the claims of the '717 and '325 patents are anticipated by the prior art review system that you described in your report?
> A. And my answer is that the prior art system, just as the current Amazon system, does not perform feedback in a way that matches those claims.

(Ex. C; Alvisi Dep. Tr. at 181:18-182:1.)

To allow Dr. Alvisi to present testimony on these systems would in effect allow Amazon to present a defense that it is practicing the prior art. As noted above in section (1), practicing the prior art is not a legally viable defense. Omeprazole, 536 F.3d at 1377. Allowing Amazon to present such a defense would be prejudicial to Cordance since doing so will confuse and/or mislead the jury.

### 3. Dr. Alvisi should be precluded from testifying about obviousness theories not articulated in his report.

Dr. Alvisi should be precluded from testifying on the issue of obviousness, except with respect to dependent claims 5, 6 and 9 of the '710 patent for which Dr. Alvisi presented at least a cursory obviousness analysis over some references and claim 96 of the '717 patent for which Dr. Alvisi endeavored to articulate an obviousness theory over PCT Patent WO 92/22033 (Borenstein). (See Ex. A, Alvisi Report at 113.)

An expert report must "contain a complete statement of all opinions to be expressed and the basis and reasons therefore." Fed. R. Civ. P. 26(a)(2)(B). "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless,

permitted to use as evidence at a trial, at a hearing, or on a motion any ... information not so disclosed." Fed. R. Civ. P. 37(c)(1); see Inline Connection Corp. v. AOL Time Warner Inc., 472 F. Supp. 2d 604, 614-15 (D. Del. 2007) (granting motions to exclude testimony outside the scope of the expert's report).

The Federal Circuit requires that in order to opine on obviousness, an expert's analysis "must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." Innogenetics, N.V. v. Abbott Labs., 512 F.3d 1363, 1373 (Fed. Cir. 2008) quoting In re Kahn, 441 F.3d 977, 988 (Fed. Cir. 2006). Merely listing references and making bald assertions that they render claims obvious is inadequate. Id. ("Dr. Patterson's report on the alleged obviousness of the asserted claims of the '704 patent was deficient for purposes of disclosure under Rule 26. For each of the claims that he analyzes for obviousness, Dr. Patterson merely lists a number of prior art references and then concludes with the stock phrase 'to one skilled in the art it would have been obvious to perform the [patented method].'") An expert must explain how and why a person skilled in the art would find the challenged claims obvious. Id. ("Nowhere does Dr. Patterson state how or why a person ordinarily skilled in the art would have found the claims of the '704 patent obvious in light of some combination of those particular references. .... Such vague testimony would not have been helpful to a lay jury in avoiding the pitfalls of hindsight that belie a determination of obviousness.")

Dr. Alvisi's report suffers from the same fatal errors as the report in Innogenetics. Dr. Alvisi prefaces his discussion of the prior art references with the assertion that "[e]ach of the references discussed below includes an enabling disclosure that anticipate [sic] and/or renders

obvious the asserted claims of the '710 patent." Alvisi Rpt. at 51.[2]  At the end of the discussion of some references, Dr. Alvisi adds similarly conclusory statements each including some variant of a stock phrase that mentions obviousness only in passing, such as "[the reference] anticipates and renders obvious the asserted claims," and refers the reader to his Exhibit C for a detailed claim chart.  See, e.g., Alvisi Rpt. at 73.  The claim chart fails to make any obviousness arguments.  See Ex. B.

Apart from the dependent claims identified above, none of the asserted claims are challenged on the basis of obviousness in any way in Dr. Alvisi's report beyond the use of conclusory stock phrases.  Dr. Alvisi's claim chart attached as Exhibit C to his report also fails to raise any obviousness argument, except with reference to the dependent claims identified above.  In other words, Dr. Alvisi relies on bare conclusion that the claims are obvious without reasoning or analysis.  Under clear Federal Circuit guidelines, as laid out in Innogenetics, his report therefore fails to adequately disclose a basis for him to opine that those claims are obvious and his testimony on the subject should be excluded.

4. **Dr. Alvisi should be precluded from testifying about any purported public use of alleged prior art systems for which no witness has provided a factual predicate.**

Dr. Alvisi's report contends, without foundation, that a number of systems were purportedly in public use and are prior art to Cordance's patents.  These systems include:

    a.    The Broadvision system (Alvisi Report at 65-73 and Ex. C. thereto at 45-58), which Dr. Alvisi asserts (without support) was in public use at least as early as August of 1994.

---

[2] See also Alvisi Rpt. at 107 ("Each of the reference [sic] discussed below is an enabling disclosure with respect to the asserted claims each of which is anticipated by or rendered obvious by the references").

b.  The FirstVirtual system (Alvisi Report at 75-82 and Ex. C thereto at 86-96), which Dr. Alvisi asserts (without support) was in public use as of October 16, 1994.

c.  The NetMarket system (Alvisi Report at 82-83 and Ex. C thereto at 97-106), which Dr. Alvisi asserts (without support) was in public use as of August 11, 1994.[3]

d.  The Eassy Sabre system (Alvisi Report at 83-86 and Ex. C at 107-114), which Dr. Alvisi asserts (without support) was in public use "as early as 1990).

e.  The SOFTEX Software Catalog system (Alvisi Report at 86-87 and Ex. C thereto at 115-119), which Dr. Alvisi asserts (without support) was in public use "in late 80s."

f.  The GroupLens system (Alvisi Report at 111-113 and Ex. C thereto at 111-113 and Ex. C thereto at 163-185.

There has been, and will be, no testimony providing a factual predicate concerning the existence and operation of such systems sufficient to qualify them as prior art. Dr. Alvisi has no personal knowledge of the use of such system; they are utterly lacking the factual predicate/foundation necessary to permit any testimony regarding their supposed invalidation of Cordance's claims. The only evidence Dr. Alvisi cites to support his assertion that these systems existed and were in public use are patents and other documents. Such documents are hearsay when offered for such a purpose, however, and cannot form the factual predicate for a claim of public use.[4]

---

[3] Amazon intends to call a witness, Guy Haskin-Fernald, with regard to this system. As noted in a separate motion, Mr. Haskin-Fernald has no corroboration for his testimony regarding the NetMarket system operation and lacks the personal knowledge necessary to lay the factual predicate for Mr. Alvisi's testimony with regard to this system.

[4] Cordance does not suggest that patents which are actually prior art and are properly relied on by Dr. Alvisi may not be used (subject to the other parts of this motion), only that they may not be improperly used to purportedly provide foundation for "public use" of systems.

Dr. Alvisi should be precluded from opining on systems for which there is no foundation that they are actually prior art.

**5.  Dr. Alvisi should be precluded from testifying about any alleged prior art for which he did not present any anticipation or obviousness analysis in his report.**

Dr. Alvisi should be precluded from testifying about any alleged prior art for which he did not present any anticipation or obviousness analysis in his report. This would exclude any testimony concerning prior art other than that listed on pages 50-94 and 107-116 of his invalidity report.

Respectfully submitted,

ASHBY & GEDDES

/s/ John G. Day
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
joneill@wolfgreenfield.com

Dated: August 10, 2009