**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-491-MPT |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF CORDANCE CORPORATION'S EMERGENCY MOTION**
**TO PRECLUDE THE TESTIMONY OF MR. GUY HASKIN FERNALD**

Cordance hereby respectfully requests that this court preclude Amazon's witness, Mr. Guy Haskin Fernald, from testifying about a system called NetMarket that is purportedly prior art to Cordance's '710 patent. Because Mr. Haskin Fernald's testimony regarding the core functionality of the NetMarket system is uncorroborated, it is insufficient as a matter of law to establish the operation of the NetMarket system. Without corroboration, Mr. Haskin Fernald's testimony is not relevant and should be excluded to not confuse the jury.

Amazon also offers several hearsay documents that purportedly corroborate tangential aspects of the NetMarket system. The documents, which include emails and newspaper articles, should be excluded because hearsay cannot be used for corroboration. See Medichem, S.A. v. Rolabo, S.L., 437 F.3d 1157, 1173 n.10 (Fed. Cir. 2006) (documents offered to corroborate inventor's testimony are hearsay and must qualify under an exception to be admissible). Even if the documents were not hearsay, the documents contain almost no substance concerning the operation of the NetMarket system, and would be insufficient to corroborate Mr. Haskin Fernald's testimony.[1]

In any event, even if the NetMarket system operated as explained by Mr. Haskin Fernald, it would not anticipate Cordance's '710 patent since it would not disclose several limitations of the '710 claims. The NetMarket system was not a one-click system, and thus does not disclose "automatically completing" a purchase in response to an "indication to initiate" as recited by the '710 patent.

---

[1] The e-mails are from NetMarket users and relate to the user interface of NetMarket webpages. The newspaper articles contain only very general information about NetMarket. None of these documents explain the core functionality of the NetMarket website, namely, how to process purchase transactions.

I.    **Mr. Haskin Fernald's Testimony is Uncorroborated and thus Insufficient as a Matter of Law to Establish NetMarket as Invalidating Prior Art**

Through the deposition of Mr. Haskin Fernald that took place yesterday, Cordance has learned that he is scheduled to testify at trial about the operation and public use of the NetMarket ordering system; a system that Amazon alleges invalidates Cordance's '710 patent.

Federal Circuit law is clear that Amazon cannot rely on uncorroborated testimony to invalidate the '710 patent. TypeRight Keyboard Corp. v. Microsoft Corp., 374 F.3d 1151, 1159-60 (Fed. Cir. 2004) ("[C]orroboration is required of any witness whose testimony alone is asserted to invalidate a patent."); Finnigan Corp. v. Int'l Trade Comm'n, 180 F.3d 1354, 1367 (Fed. Cir. 1999). Furthermore, where Mr. Haskin Fernald's testimony lacks corroboration for even a single claim element, his testimony is insufficient to establish NetMarket as invalidating prior art. See Finnigan, 180 F.3d at 1370 (holding that testimony lacking corroboration for specific claim elements cannot invalidate a claim); Juicy Whip, Inc. v. Orange Bang, Inc., 292 F.3d 728, 742-43 (Fed. Cir. 2002) (document not disclosing claim limitations is insufficient corroboration).[2] Accordingly, this Court should preclude Mr. Haskin Fernald from testifying about the NetMarket system.

NetMarket was a system that operated in 1994 in which a user could browse the products of two separate stores ("Noteworthy" for CDs and "1-800-the rose" for flowers) and could place

---

[2] See also Rosco, Inc. v. Mirror Lite Co., 120 Fed. Appx. 832, 836 (Fed. Cir. 2005) (sample of purportedly invalidating product was **not** sufficient to corroborate invalidity testimony); Union Carbide Chemicals & Plastics Tech. Corp. v. Shell, 308 F.3d 1167, 1189 (Fed. Cir. 2002) (testimony of defendant's employees was insufficient corroboration).

In addition to Mr. Haskin Fernald's testimony being uncorroborated, he also does not remember the details of the operation of the NetMarket system. At his deposition on Sunday August 9, 2009, Mr. Haskin Fernald admitted, on several occasions, to being unable to correctly remember certain aspects of NetMarket's operation. (e.g., Haskin Fernald Deposition p. 94, line 18 – p. 95, line 10; page 119, lines 2-9; p. 125, line 21 – 126, line 1; p. 129, line 14 – 130, line 3).

3

an order via an electronic shopping cart on the NetMarket webpage.  According to Mr. Haskin Fernald, NetMarket stored its customers' purchasing information so that its customers did not have to re-enter all of his or her information during the checkout process.  According to Mr. Haskin Fernald, after a customer's final mouse click, NetMarket retrieved the customer's information from its databases, created an order, and passed it along to the appropriate store.[3]

Claim 1 of the '710 patent, as construed by the Court, recites "retriev[ing] the stored customer data and processing the retrieved customer data to complete the purchase transaction." Amazon has no evidence to corroborate Mr. Haskin Fernald's testimony concerning how NetMarket retrieved customer data.

## II.    The documents Amazon has produced in this litigation relating to NetMarket are hearsay and cannot be authenticated

Amazon has produced documents comprising a single screen shot of the NetMarket webpage as well as a series of e-mails NetMarket had received from users who had submitted feedback to the company about various suggested changes to its website.  As a preliminary matter, these documents are hearsay and do not fall into any hearsay exception. Hearsay documents cannot be used as corroboration of an invalidity theory.  Cf. Medichem, S.A. v. Rolabo, S.L., 437 F.3d 1157, 1173 n. 10 (Fed. Cir. 2006) (documents offered to corroborate inventor's testimony are hearsay and must qualify under an exception to be admissible); Chen v. Bouchard, 347 F.3d 1299, 1308 (Fed. Cir. 2003) (affirming exclusion of corroborating documents in patent case).  For this reason alone, these documents are inadmissible.

---

[3] Amazon has produced some source code relating to the operation of "1-800-the-rose" however this code fails to explain how NetMarket itself operates.

### III.    The NetMarket system does not describe completing a purchase order with a single mouse click

Aside from the fact that Amazon is seeking to offer the uncorroborated testimony of a witness whose memory as to the operation of the NetMarket system is incomplete, and aside from the fact that the only documentation about NetMarket that Amazon has provided Cordance in this litigation is inadmissible, the NetMarket system itself is irrelevant prior art.

As described above, the NetMarket system was composed of a single interface in which customers could browse through categories of documents (e.g. CDs or flowers). When a customer had placed an order, NetMarket would retrieve the customer's purchasing information and forward the order to the appropriate store so that the store could complete the purchase of the item. The interface used in the NetMarket system was a shopping cart and therefore, required several steps, or "clicks," by a customer to complete the purchase.[4] Furthermore, there is no evidence that the stores to which NetMarket transferred orders completed purchases without human input. Indeed, Mr. Haskin Fernald conceded that one the two stores did so manually and acknowledged that he did not know how the other store operated in this respect. (Haskin Fernald Deposition p. 80, lines 7-16). NetMarket simply does not describe the initiation and completion of a purchase order with a single click.

Because NetMarket does not constitute invalidating prior art to Cordance's '710 patent, the evidence is not relevant and should be excluded to not confuse the jury.

### V.    Conclusion

For the above stated reasons, Cordance respectfully requests that Mr. Haskin Fernald be precluded from testifying about the NetMarket ordering system.

---

[4] And indeed, Mr. Haskin Fernald admitted as much in his deposition. (Haskin Fernald Deposition p. 80, lines 7-16).

ASHBY & GEDDES

/s/ John G. Day
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
joneill@wolfgreenfield.com

Monday, August 10, 2009