**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CORDANCE CORPORATION,                )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )        C.A. No. 06-491-MPT
                                     )
AMAZON.COM, INC. and                 )        **PUBLIC VERSION**
AMAZON WEB SERVICES, LLC,            )
                                     )
        Defendants.                  )

**DEFENDANT AMAZON'S MOTION TO PROHIBIT CORDANCE FROM MAKING
ANY REFERENCE THAT AMAZON FAILED TO PROVIDE DISCOVERY AND
OBJECTIONS TO PLAINTIFF'S EXPERT TESTIMONY
REGARDING THE ENTIRE VALUE OF PRODUCT REVIEWS AS THE MEASURE
OF DAMAGES FOR THE '325 AND '717 PATENTS**

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated:  August 3, 2009
Public Version Dated: August 11, 2009
928370 / 30763

Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Defendants*
*Amazon.com, Inc. and*
*Amazon Web Services, LLC*

Amazon hereby respectfully moves for an order to preclude Cordance from making any more references to "missing" documents and an order precluding Cordance's damages expert's provision of testimony that relates to the entire value of product reviews on the Amazon website.[1] In its opening statement Cordance stated the following:

> Amazon even did a study that says that if it didn't have feedback, they would lose three percent of their sales -- hundreds of millions of dollars. But where is that study? We don't have it. Why? Amazon says they can't find it. But we have e-mails talking about it, and you will see those e-mails.

This Court has already ruled that there has been no showing that purportedly "missing" documents are even relevant to any issue in this case. The Court also ruled that the evidence shows that the "missing" documents were destroyed before Cordance made any claim of infringement against Amazon. The only possible purpose for reference to the fact that this study (which has not been shown to be relevant) is missing is to imply that Amazon has engaged in some misconduct and/or that the substance of the missing documents is somehow harmful Amazon's case. Cordance has no basis to make reference to a decade old study the substance of which is not clear and has no basis to refer to it as missing. If Cordance is allowed to do so, Amazon's case will be prejudiced severely.

## I.  CORDANCE INTENDS TO TELL THE JURY THAT AMAZON FAILED TO PROVIDE RELEVANT DISCOVERY TO JUSTIFY ITS RELIANCE ON UNRELIABLE EMAILS ABOUT THE VALUE OF PRODUCT REVIEWS

On June 10, 2009, Cordance moved for spoliation sanctions against Amazon. *See* Exhibit 15(a) of the Joint Proposed Pre-Trial Order (Cordance's Motions in Limine, No. 3). It argued that "[e]vidence critical to Cordance's damages calculation was destroyed by Amazon during this case" and sought "an instruction that the jury may infer the missing evidence was

---

[1] Although the discussions at the sidebar today only involved the issue whether Cordance's reference to "missing" documents were improper, since the issue relates to an issue Amazon

unfavorable to Amazon."[2]   In particular, Cordance alleged that Amazon destroyed information from a decade old study referenced in two emails that were retained from a prior case involving Amazon and produced to Cordance in this litigation.   Amazon opposed the spoliation motion and explained that the information was destroyed in the ordinary course of Amazon's business before Cordance even identified that it was accusing Amazon's review features of infringement in this matter.   At the pretrial conference, the Court agreed with Amazon in denying Cordance's motion:

> I don't think this meets the elements that is required for spoliation .... I think the evidence or information suggests that these documents did not appear to have been in existence at the time Cordance advised Amazon of its intent to sue or its indication that is was going to raise certain claims against it regarding infringement. I don't think it has been shown that the evidence was allegedly destroyed was necessarily relevant to the claims or defenses .... I find there is no spoliation; and I will not be ordering or providing a jury instruction in that regard."

(Pretrial Conference Transcript, dated June 24, 2009, 175:13-176:3).

Despite the Court's ruling, Cordance apparently intends to tell the jury that Amazon destroyed relevant documents or that relevant documents do not exist thereby implying wrongdoing,  and thereby hoping the jurors will draw an adverse inference that the missing information is harmful to Amazon.   When Cordance's damages experts were asked about their opinion regarding the value of customer reviews and specifically the two emails that referenced the study that no longer existed, both admitted to making assumptions favorable to Cordance based on the lack of information[3]:

---

intended to raise with the Court before expert testimony, Amazon believed it was most efficient to include both issues in one submission.

[2] Notably, Cordance never sought to subpoena the former Amazon employee that wrote the two emails and was personally involved in the study.

[3] The deposition transcripts of Philip Green and Terry Musika are attached hereto as Exhibits 1 and 2, respectively.

**Deposition Transcript of Philip Green**
**(30:7-10)**

**Deposition Transcript of Terry Musika**
**(94:8-95:18)**

8        **REDACTED**
9                                is that
10   correct?
11      A.   Well, I make certain specific assumptions
12   about it, because of the uncertainty that's inherent
13   in this document. I think there are two important
14   points here. One is that the document specifically
15   expresses uncertainty. Second, it says that we need
16   to immediately proceed with developing or confirming
17   the correct amount. Maybe the amount should be
18   higher, I don't know. But what happened is that
19   through the discovery process, Amazon has never
20   produced the subsequent study, although it's my
21   understanding it's been asked for.
22          Once again, I'm not giving a legal opinion,
23   but my understanding is that the responsibility of
24   providing the information once it's requested falls

                                                    Page 95
1   on the defendant, and the defendant's inability or
2   unwillingness to produce should not impair or
3   prejudice the outcome of the level of precision of
4   the damage calculation, that the damage calculation
5   is supposed to be performed to a reasonable degree
6   of certainty, but in instances where there is
7   uncertainty created by the inability of the
8   defendant to provide the data, that that
9   circumstance should not and will not compromise the
10   damage calculation. And I have a source for that.
11   But that's part of it.
12          And the other part of it is that to be
13   clear about it, I then construct an assumption that
14   says, in the absence of Amazon's ability or
15   willingness to produce a clearer document, I have
16   used this document and made certain assumptions
17   where Amazon has failed to produce the required
18   information.

4        **REDACTED**
5
6
7   Since we don't happen to have the document, Amazon
8   hasn't provided it, we're inferring what he's saying
9   here. But that's what it looks like, that's my
10   understanding.

Furthermore, Cordance's attorney questioned Amazon's online consumer behavior expert, Dr.

Gerald Haubl, at length about information relating to the failed study that no longer exists[4]:

---

[4] The deposition transcript of Gerald Haubl is attached hereto as Exhibit 3.

3

```
21      Q.  Other than Exhibit 292 and 293, are you
22   aware of any materials whatsoever at Amazon that
23   indicate the impact of customer reviews on sales?
24      A.  No.

                                            Page 81
1        Q.  The control over that information, being
2    the impact of customer reviews on sales, rests with
3    Amazon.
4            Correct?
5        A.  Yes.
6        Q.  And you asked for any other materials they
7    may have on the impact of customer reviews on sales
8    and these are the only two documents that you were
9    given.
10           Is that correct?
11       A.  Yes.
12       Q.  And you were told that any other data,
13   reports or materials that might have existed were
14   just no longer available?
15       A.  Right.
```

Based on the Cordance's opening statement, the deposition testimony and questioning above, it is clear that Cordance intends to suggest to the jury that Amazon failed to provide information during discovery and as a result it is somehow appropriate for its experts to make favorable assumptions about that missing information. Even absent an express statement that Amazon intentionally destroyed documents, any reference of the non-existence of documents in a way that implies misconduct on Amazon's part is severely prejudicial to Amazon. Indeed, Cordance in its opening statement referred to the absence of documents implying that such absence was because Amazon did not want the harmful documents to be used against it.

## II.   ANY REFERENCE TO AMAZON'S FAILURE TO PROVIDE INFORMATION ABOUT A STUDY THAT NO LONGER EXISTS AND ANY ASSUMPTION ABOUT WHAT THAT INFORMATION DID OR DID NOT SHOW WILL PREJUDICE AMAZON'S CASE

Cordance seeks to circumvent the Court's ruling that denied Cordance's motion for spoliation sanctions regarding information about a study that no longer exists and have its experts make assumptions about that non-existent information to bolster its damages case. Not only is Amazon's discovery conduct irrelevant to the claims and defenses in this litigation (Fed. R. Evid. 402), the unfounded accusation by Cordance that Amazon somehow willfully destroyed documents to prevent their discovery was vindicated by the Court's order denying Cordance's

spoliation motion.  There is simply no basis to allow Cordance to present testimony regarding

discovery misconduct to the jury that never occurred.

## III.   CORDANCE SHOULD BE PRECLUDED FROM REFERRING TO STUDIES REGARDING THE ENTIRE VALUE OF PRODUCT REVIEWS

Despite the fact that Cordance admits that the '325 and '717 patents "do not claim the

invention of online customer reviews and feedback" and the fact Cordance does not accuse the

general provision of product reviews of infringement, Cordance's damages expert in his report

and deposition, measured the value of the infringement of the '325 and '717 patents by the

purported value of product reviews and he ascribed a value to product reviews based entirely on

two ambiguous decade-old emails that reference a study about the impact of removing customer

reviews from the Amazon website that all experts agree is "statistically uncertain."

Because the allegedly patented feature is merely one piece of many that make up

Amazon's product reviews system and there is no opinion or evidence that the accused

technology is necessary or even important for the provision of product reviews, Amazon hereby

respectfully objects to Cordance's damages expert's provision of testimony that relates to the

entire value of product reviews on the Amazon website.

The asserted claims of Cordance's '325 and '717 patents are directed to particular aspects

of product reviews and feedback:  (1) automating the identification of the reviewer and (2)

communications between a web server and backend services that facilitate the storage and

retrieval of feedback information.  Cordance and its experts admit, as they must, that the patents

do not cover product reviews as a whole given that Amazon has provided product reviews on its

website since 1995, a year before the filing of date of the '325 and '717 patents.  Cordance's

damages expert, Philip Green, nonetheless plans to testify at trial that Cordance is entitled to

approximately $60 million in damages on these patents based on his speculation that the removal of product reviews entirely would reduce Amazon's sales by 3 percent.[5]

As explained in detail below, this testimony is neither relevant to the value of the alleged patented feature of reviews in this case, nor is based on sufficient facts and data. Amazon objects to allowing Cordance to present such irrelevant, flawed and prejudicial expert testimony to the jury at trial.

## IV.   CORDANCE'S EXPERT RELIES ON A STUDY THE SUBSTANCE OF WHICH IS NOT CLEAR

In his expert report, Green acknowledges that "[c]ustomer generated reviews and ratings have been incorporated into Internet retail websites since their inception in the 1990s," that "Amazon has had reviews . . . on its website since before either the '325 or '717 patents issued," and that "[t]he '325 and '717 patents do not claim the invention of online customer reviews and feedback." Exh. 4 (Expert Report of Philip Green) at p. 10, 13, and 29, respectively.  Green nonetheless assesses only the value of customer reviews as a whole—rather than the patented component of reviews at issue in this case—to come up with an inflated damages calculation. To support his analysis, he cites studies that supposedly "all indicate that the presence of customer reviews results in greater revenues to retailers" *Id.* at pp. 10-12. He finds that reviews are a "significant feature" of Amazon's business (*Id.* at p. 13), and he relies on "several internal [Amazon] estimates of the value of customer reviews" which he speculates show "that Amazon expected customer review and feedback systems to generate additional revenues" and "████████
████████████████████████████████████████████████" *Id.* at p. 14.

---

[5] Apparently, Cordance does not intend to have its other retained damages expert, Terry Musika, testify at trial.   To the extent that Cordance does, Amazon objects to his testimony for the same reasons discussed herein.

In particular, Green speculates about two decade-old, internal Amazon emails that refer to a study regarding the impact of customer reviews (the details of which no longer exist) to support his conclusion that ███████████████████████████████████████ ███████. The first, dated ███████████████████████████████████████████



Exh. 5, PX164. The second email ████████████████████████



██████ " Exh. 6, PX641, at AMZC59266.[6]

Green testified at his recent deposition, however, that he assumed the reference— "███████████████████████████████████"—in the second email refers to the "██████████████████████████" referred to in the first email, rather than to the ████████████████████████████████████ ████████████████████████████████" Exh. 7, Green Deposition Transcript, at 26:6-29:15.  He also acknowledged that the second email states ████████

███████████████████████████████████████████████████

███████████████████████. *Id.* at 29:16-32:21

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████. Remarkably, Green testified

that he did not separately analyze the value of the six different features[7] accused of

infringing the '325 and '717, but claims he "evaluated the benefit that Amazon has

obtained from having these features on its Web site collectively." *Id.* at 44:4-46:20.  He

measured that "benefit" only by improperly looking at the value of product reviews as

whole.

## V.     THE VALUE OF REVIEWS IS IRRELEVANT TO THE VALUE OF THE PATENTED FEATURE

Cordance cannot obtain damages on the value of reviews as a whole where the patent-

related feature is only a minor aspect of reviews.  Indeed, Federal Circuit law holds that a

patentee may calculate damages based on the value of an entire apparatus containing several

features <u>only</u> when the patent-related feature is the basis for customer demand. *See, e.g., Imonex*

*Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*, 408 F.3d 1374, 1380 (Fed. Cir. 2005)

(affirming district court order excluding damages expert's use of entire market value of washing

machines where there was no evidence that the patented coin selector feature of the washing

machine was the basis for customer demand for the entire wash machine).  Because Cordance

---

[6] ████████████████████████████████████████████████████
██.

[7] Cordance has accused automatic identification of a reviewer in relation to four different features (product reviews, rating a review as helpful or not, rating a product to improve recommendations and reviews of buyers and sellers),  In addition Cordance has accused the communalizations between Amazon's web server and backend services for the storage and retrieval of product reviews and feedback on buyers and sellers.

8

likewise has no expert opinion or other evidence that the automatic use of metadata to automatically identify reviewers and process reviews drives customer demand for any of the accused review types in this case, Green's damages opinion which is based on the value of reviews as a whole fails as a matter of law. *Id.*; *see also, Cornell Univ. v. Hewlett-Packard Co.*, 609 F. Supp. 2d 279, 287 (N.D.N.Y. 2009)[8] (Judge Radar of the Federal Circuit sitting by designation) (reversing jury damages verdict that was based on expert analysis of entire market value of a computer system that failed to "account for the fact that the [patented invention] is a component of a component of" that system).

Green cites studies and internal Amazon estimates that he claims show the value of reviews in general and to Amazon. But the value of reviews is irrelevant to the value of the patented feature where, as here, Cordance fails to account for the fact that the patented features are merely a component of reviews. Moreover, there is not an opinion from Green (or anyone else) that the patented feature of reviews is what causes customer demand for those reviews. Although reviews generally are a "key feature" of the Amazon website, it is not the patented technology that makes them so. Rather it's the ability for customers to rate and describe products that drive demand for reviews, and those features were available to Amazon customers long before Cordance even filed the '325 and '717 patents. Green's failure to account for consumer demand makes his analysis premised on the entire value of reviews faulty and irrelevant, and it should not be allowed to go to the jury because it will only serve to prejudice Amazon's case.

---

[8] Attached hereto as Exhibit 8.

## VI.   GREEN'S VALUATION OF REVIEWS IS NOT BASED ON SUFFICIENT FACTS AND DATA

Even assuming the entire value of reviews was a proper metric for valuing the patented feature of reviews in this case, Green's analysis purporting to value reviews is not based on sufficient facts and data, and it is therefore unreliable and nothing more than unsupported speculation. Federal Rule of Evidence 702 imposes on trial judges a "gatekeeping role" to ensure testimony admitted into evidence is both reliable and relevant. *Daubert v. Merrel Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). For expert testimony to be admissible, the proponent must show by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is reliable; and (3) the testimony is relevant to the suit. *Id.; Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003). As part of its gatekeeper function, a district court must exclude expert testimony that consists of subjective belief or unsupported speculation. *Daubert*, 509 U.S. at 590; *Calhoun*, 350 F.3d at 321. Cordance's damages experts' testimony is unreliable because it rests on numerous unsupported assumptions, not the requisite sufficient facts and data.

Green's valuation of product reviews is based on statistically unreliable data, namely two Amazon emails ██████████████       ██████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████ For that reason alone, it cannot form the basis of any proper valuation of product reviews. ███████████████████████ ████████████████████████████████████████████████████ ███████████████████████████ He has no basis for applying it to other types of reviews, and the evidence suggests and Green admits that the impact of customer reviews various depending on the type of product.

10



There is simply no support whatsoever for the numerous assumptions Green makes, and the Court should not allow Cordance to rely on those assumptions to get an inflated damages award in this case.

---

[9] This fact also undermines Green's damages analysis to the extent any one of the accused review features is found not to infringe.

11

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated:  August 3, 2009
Public Version Dated: August 11, 2009
 928370 / 30763

By:   /s/ David E. Moore
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        D. Fon Muttamara-Walker (#4646)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, DE  19801
        Tel:  (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com
        fmuttamara-walker@potteranderson.com

*Attorneys for Defendants*
*Amazon.com, Inc. and*
*Amazon Web Services, LLC*

Case 1:06-cv-00491-MPT   Document 461   Filed 08/11/09   Page 14 of 14 PageID #: 10694

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 11, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 11, 2009, the attached document was Electronically Mailed to the following person(s):

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Jeffrey O'Neill
Chelsea A. Loughran
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210-2206
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
jeffrey.oneill@wolfgreenfield.com
cloughran@wolfgreenfield.com


By:  /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    D. Fon Muttamara-Walker
    POTTER ANDERSON & CORROON LLP
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    fmuttamara-walker@potteranderson.com

757320 / 30763