IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION,       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | C.A. No. 06-491-MPT |
| v.       ) | |
| ) | |
| AMAZON.COM, INC. and       ) | |
| AMAZON WEB SERVICES, LLC,       ) | |
| ) | |
| Defendants.       ) | |

**DEFENDANT AMAZON'S MOTION FOR JUDGMENT AS A MATTER OF LAW OF
<u>NO LITERAL INFRINGEMENT</u>**

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

August 13, 2009

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (I.D. #2246)
David E. Moore (I.D. #3983)
D. Fon Muttamara-Walker (I.D. #4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Defendants
Amazon.com and
Amazon Web Services, LLC*

Pursuant to Fed. R. Civ. P. 50(a) Amazon hereby respectfully moves the Court for judgment of non-infringement of the '325 and '717 patents. Amazon reserves the right to supplement this motion at a later date with additional and more comprehensive evidence, as deemed appropriate by the Court.

## I. AMAZON DOES NOT DIRECTLY INFRINGE THE ASSERTED CLAIMS

### A. Cordance Failed to Present Evidence Sufficient to Prove that Amazon Transfers "Feedback Information" as Required by the Claims

Each of the asserted claims of the '325 and '717 patents requires the transfer of "feedback information" which must be stored in a remote computer's memory. '325 patent at 158, '717 patent at 149-50. Cordance claims that the transfer of information between Amazon's web server and a customer's remote computer infringes. At trial, Cordance's expert, Dr. Shamos, identified cookies as the only "feedback information" transferred between the web server and a remote computer that is stored in the remote computer's memory. *See e.g.* Tr. 1014:10-15, 879:3-9, 895:24-896:13, 1016:4-19, 1017:10-17, 1018:12-20. To be "feedback information," however, cookies must be "evaluation attributes and corresponding value choices" as required by the Court's claim construction. Memorandum Order, Term 9. Cordance failed to present any evidence at trial, through Dr. Shamos or otherwise, to demonstrate that Amazon's use of cookies constitutes "evaluation attributes and corresponding value choices."

Furthermore, the only testimony and evidence regarding Amazon's alleged use of "evaluation attributes and corresponding value choices" in customer reviews was in connection with a small subset of Amazon's products such as toys and video games. Cordance has failed to present any evidence that the vast majority of Amazon's customer reviews, including those for book, music, movies, and a wide range of other products, have feedback information.

### B. Cordance Failed to Present Evidence Sufficient to Prove that the Transfer of "Feedback Information" Is Controlled by Metadata as Required by the Claims

The asserted claims further require that the transfer of "feedback information" be controlled by metadata. '325 patent at 158, '717 patent at 149-50. As to its allegations that cookies transferred between a remote computer and Amazon's web server infringes, Cordance did not present evidence that the transfer of cookies is controlled by metadata. In fact, Dr. Shamos admitted that the transfer of cookies is not controlled by any metadata provided by Amazon. Tr. 1019:24 - 1020:19.

### C. Cordance Failed to Present Evidence Sufficient to Prove that the Amazon Web Server Stores Information as Required by the Claims

Cordance also accuses the interaction between Amazon's web server and back end servers of infringement. Cordance has provided no evidence that the process of a customer submitting feedback information to Amazon causes the interaction between Amazon's web server and back end servers to infringe the asserted claims. *See e.g.* Tr. 901:21 – 920:15 (mapping process of retrieving feedback from Amazon). However, even the mapping Dr. Shamos does perform fails. To prove infringement of claim 50, Cordance needed to present evidence that "said information," which is stored in a storing means, is transferred "in at least one direction between said node and a second node." '717 patent at 149. The storing means has been construed as a database by the Court. Memorandum Order, Term 11. The only evidence Cordance provided for the claim limitation is that a control structure is transferred from the web server to the backend server. Tr. 911:3-15. This mapping fails because "said information" must be stored in a database, which under Cordance's mapping, is on "said node" and therefore "said information" which is only available on the back end server database is being transferred from the web server to the back end server. Under Dr. Shamos's mapping, the web server must

contain a database. Cordance has provided no evidence that a database as construed by the Court exists on Amazon's web server. Tr. 1036:2-14, 1037:3-9 (acknowledging that the web server does not have a "formal database" and that the information located at the web server is not persistent).[1]

Cordance's failure to present evidence sufficient that Amazon's web server meets the information storing limitation of the asserted claims compels entry of judgment of non-infringement. *See, e.g., BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-82 (Fed. Cir. 2007); *Canton Bio-Med., Inc. v. Integrated Liner Techs., Inc.*, 216 F.3d 1367, 1370 (Fed. Cir. 2000) ("Infringement of process inventions is subject to the 'all elements rule' whereby each of the claimed steps of a patented process must be performed in an infringing process").

## II. AMAZON DOES NOT INDIRECTLY INFRINGE THE ASSERTED CLAIMS

No contributory infringement or active inducement of infringement can occur without direct infringement. *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341-2, *reh'g denied*, 365 U.S. 890 (1961) ("[T]here can be no contributory infringement in the absence of a direct infringement."); *RF Delaware, Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1268 (Fed. Cir. 2003) ("liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement"). As explained above, Cordance has failed to present evidence of direct infringement and thus, its claims of indirect infringement are also unsupported by evidence. Furthermore, Cordance has provided no evidence of any intent on the part of Amazon to induce infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) ("To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they 'actively and knowingly

---

[1] Dr. Shamos's mapping of the '325 patent likewise requires "storing information" on the Amazon web server. Tr. 916:21 – 917:8. Cordance has provided no evidence of a database or

3

aid[ed] and abett[ed] another's direct infringement.'"). Therefore, the Court should find as a matter of law that Amazon cannot be liable under a theory of contributory infringement or under a theory of inducement of infringement.

## III. CONCLUSION

For the foregoing reasons, Amazon respectfully requests an order that Amazon does not infringe the asserted claims of the Feedback Patents.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated: August 13, 2009
928995/30763

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorowitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Defendants*
*Amazon.com, Inc. and*
*Amazon Web Services, LLC*

any persistent storage on Amazon's web server.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 13, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 13, 2009, the attached document was Electronically Mailed to the following person(s):

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Jeffrey O'Neill
Chelsea A. Loughran
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
jeffrey.oneill@wolfgreenfield.com
cloughran@wolfgreenfield.com

By: /s/ David E. Moore
 Richard L. Horwitz
 David E. Moore
 D. Fon Muttamara-Walker
 POTTER ANDERSON & CORROON LLP
 (302) 984-6000
 rhorwitz@potteranderson.com
 dmoore@potteranderson.com
 fmuttamara-walker@potteranderson.com

757320 / 30763