IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION,              )<br>                                                             )<br>            Plaintiff,                            )<br>                                                             )     C.A. No. 06-491-MPT<br>        v.                                               )<br>                                                             )<br>AMAZON.COM, INC. and              )<br>AMAZON WEB SERVICES, LLC,  )<br>                                                             )<br>            Defendants.                      )  | |

**DEFENDANT AMAZON'S MOTION
FOR JUDGMENT AS A MATTER OF LAW THAT CORDANCE IS NOT ENTITLED
TO A CONCEPTION DATE OF NOVEMBER 1, 1993**

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

August 13, 2009

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (I.D. #2246)
David E. Moore (I.D. #3983)
D. Fon Muttamara-Walker (I.D. #4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Defendants
Amazon.com and
Amazon Web Services, LLC*

Pursuant to Federal Rule of Civil Procedure 50(a), Amazon hereby moves for judgment as a matter of law of no conception date of November 1, 1993. Amazon reserves the right to supplement this motion at a later date with additional and more comprehensive evidence, as the Court deems appropriate.

## I.     INTRODUCTION

Cordance failed as a matter law to establish a priority date of November 1, 1993 for the invention claimed by the '710. During trial, Amazon introduced its June 1995 shopping cart system (Tr. 1313:1-1325:4) as prior art to Cordance's '710 patent, which was filed on February 5, 2002 and claims priority to a February 1996 application. To antedate Amazon's prior art system, Cordance must produce corroborating evidence of an early conception date and diligent reduction to practice. Cordance relies primarily on the testimony and documents of Mr. Drummond Reed, the inventor of the '710 patent, to do so. In particular, Cordance cites to Mr. Reed's 2003 declaration to the PTO that attaches a document titled "Access Object Network Disclosure Document" with a handwritten date of November 1, 1993 to claim that date as his conception date ("Alleged Conception Document"). This document and Mr. Reed's testimony about it are not sufficiently corroborated to establish that as his date of conception of the invention claimed in the '710 patent. Accordingly, Amazon is entitled to judgment as a matter of law that Cordance cannot claim November 1, 1993 as its conception date.

## II.    CORDANCE HAS NOT ESTABLISHED A PRIORITY DATE OF NOVEMBER 1, 1993

Cordance has not established that it conceived of the invention claimed by the '710 patent as of November 1, 1993, or that it diligently reduced that invention to practice between June

1995 and February 1996 or February 2002.[1] In order to establish this priority date, Cordance must introduce corroborating evidence of conception and reasonable diligence in reducing that invention to practice. *Hahn v. Wong*, 892 F.2d 1028, 1032 (Fed. Cir. 1989) ("The inventor . . . must provide independent corroborating evidence in addition to his own statements and documents."); *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1305-06 (Fed. Cir. 2008). "Because [conception] is a mental act, courts require corroborating evidence of a contemporaneous disclosure that would enable one skilled in the art to make the invention." *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994). But Cordance did not do so.

### A. The Alleged Conception Document Does Not Describe the Elements Required By the Claims of the Patent.

There is no evidence—much less corroborating evidence—that the Alleged Conception Document discloses the claimed invention. It does not even mention "completing the purchase without human input" or "data that is used to identify the stored customer as data to be used in completing the transaction" as required by Claims 1 and 7, as construed by this Court. *See* (PX 775) ('710 at 144:44-52; 145:9-146:4) (7/27/09 Memorandum Order, D.I. 437, pg. 21; 12/5/08 Memorandum Order, Dkt. # 279, pg. 4). Mr. Reed told the PTO in a sworn declaration that the language contained in the third and fourth paragraphs on page 11 of the Alleged Conception Document describes the "automatically completing" element of the invention, and he admitted at trial and during his deposition, introduced at trial, that the reference in fact discloses a two click system, <u>not</u> a one click system. (Tr. 579:5-15; 579:24-580:7; 608:10-609:13). Furthermore,

---

[1] The evidence at trial establishes that Cordance is not entitled to claim priority to the February 1996 application because it does not adequately describe a 1-Click invention. See Amazon's Motion for Judgment as a Matter of Law <u>that the '710 Patent is Invalid for Failure to Meet the Written Description Requirement</u> . To the extent the Court agrees, Cordance must show diligence to 2002 filing date.

2

there is no evidence in the record independently corroborating that the Alleged Conception Document was actually written in 1993 or that Mr. Reed had the idea for a 1-click system at that time. Cordance's reliance on Mr. Reed's after-the-fact, uncorroborated testimony to contradict his prior statements to the PTO and explain how the "automatically completing" requirement may be disclosed in another section of the document is unavailing. *See Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573 (Fed. Cir. 1997) (finding an ambiguous document insufficiently corroborating despite alleged inventor's testimony to explain how it disclosed his invention) Indeed, this is precisely the type of self-serving testimony that the corroboration requirement was designed to prevent. *See, e.g., Chen v. Bouchard*, 347 F.3d 1299, 1309 (Fed. Cir. 2003) ("That rule addresses the concern that a party claiming inventorship might be tempted to describe his actions in an unjustifiably self-serving manner in order to... maintain an existing patent.").

As the evidence submitted by Cordance does not even describe a single click invention, Cordance has not sufficiently demonstrated that Mr. Reed's conceived of the invention in November 1993. Accordingly, there is no corroborating evidence that the Alleged Conception Document discloses a 1-click purchasing system, and therefore Cordance cannot claim November 1993 as its conception date. Furthermore, there has been no expert testimony that the Alleged Conception Document describes the claimed invention.

### B.     Cordance Has Not Established Any Diligence in Reduction to Practice

Even if assuming Reed's uncorroborated Alleged Conception Document and testimony were sufficient to show conception of a 1-click purchasing system, Cordance is nonetheless not entitled to claim priority to November 1993 because there is no corroborated evidence that he was diligent in reducing that invention to practice. Where a party is first to conceive but second to reduce to practice, that party must produce corroborated evidence of reasonable diligence

3

toward reduction to practice from a date just prior to the other party's conception to its reduction to practice. *See, e.g., Monsanto Co. v. Mycogen Plant Sci., Inc.*, 261 F.3d 1356, 1363-1364 (Fed. Cir. 2001); *In re Jolley*, 308 F.3d 1317, 1328 (Fed. Cir. 2002). Cordance has not established that it was diligent in reducing its invention to practice. Rather than introducing independent corroborating evidence, Cordance instead relies primarily on Mr. Reed's own testimony and emails. The only other evidence Cordance has to show diligence is some testimony of Steve Mushero. But his testimony does demonstrate diligent reduction to practice the invention claimed in the '710 patent.

Mr. Mushero testified at trial that he met Mr. Reed in 1994 (Tr. 302:11-12) and that he and Mr. Reed began working on a "prototype" for "active directories" at that time (Tr. 302:24-304:21), not a 1-click purchasing system. He testified further that Cordance did not even begin working on the patents until "November of 1995" (Tr. 310:12-16)—which is after Amazon introduced its prior art shopping cart system. Beyond this, Mr. Mushero simply testified that Cordance was attempting to establish a business and bring its communicator product to market during the relevant diligence period. There is no testimony from Mr. Mushero, or anyone else for that matter, that Mr. Reed was working a 1-click purchasing system. On the contrary, Mr. Mushero testified that the company never developed any software that did automatic purchasing (Tr. 381:10-18). There is simply no evidence indicating that Mr. Reed was reducing to practice a one-click invention. (Tr. 315:12-316:22; 320:15-321:9). As such, Cordance's attempt to show diligent reduction to practice similarly fails.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Amazon asks the Court to conclude as a matter of law that Cordance is not entitled to the November 1, 1993 conception date.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated: August 13, 2009
928996/30763

By: /s/ *David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    D. Fon Muttamara-Walker (#4646)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorowitz@potteranderson.com
    dmoore@potteranderson.com
    fmuttamara-walker@potteranderson.com

*Attorneys for Defendants*
*Amazon.com, Inc. and*
*Amazon Web Services, LLC*

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 13, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 13, 2009, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Steven J. Balick | Michael A. Albert |
| John G. Day | Robert M. Abrahamsen |
| Tiffany Geyer Lydon | Jeffrey O'Neill |
| Ashby & Geddes | Chelsea A. Loughran |
| 500 Delaware Avenue, 8th Floor | Wolf, Greenfield & Sacks, P.C. |
| Wilmington, DE 19899 | 600 Atlantic Avenue |
| sbalick@ashby-geddes.com | Boston, MA 02210-2206 |
| jday@ashby-geddes.com | malbert@wolfgreenfield.com |
| tlydon@ashby-geddes.com | rabrahamsen@wolfgreenfield.com |
| | jeffrey.oneill@wolfgreenfield.com |
| | cloughran@wolfgreenfield.com |

By: */s/ David E. Moore*
    Richard L. Horwitz
    David E. Moore
    D. Fon Muttamara-Walker
    POTTER ANDERSON & CORROON LLP
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    fmuttamara-walker@potteranderson.com

757320 / 30763