IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-491-MPT |
| v. | ) |
| | ) |
| AMAZON.COM, INC. and | ) |
| AMAZON WEB SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR JUDGMENT
AS A MATTER OF LAW THAT THE '710 PATENT IS NOT INVALID**

JMOL is appropriate if, "during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that Issue . . . ." Fed. R. Civ. P. 50(a). The Court must "examine the evidence and all fair inferences in the light most favorable to the [non-moving party] and may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." Guilloty Perez v. Pierluisi, 339 F.3d 43, 50 (1st Cir. 2003) (citations omitted); see also Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1325-26 (Fed. Cir. 2001). "Nevertheless, if the non-moving party has the burden of proof in the underlying case, that party must have presented more than a mere scintilla of evidence in its favor to withstand judgment as a matter of law." Id. (citations and internal quotations omitted).

A party seeking to establish that patent claims are invalid must overcome the statutory presumption of validity set forth in 35 U.S.C. § 282 by clear and convincing evidence. Nystrom v. TREX, Co., Inc., 424 F.3d 1136, 1149 (Fed. Cir. 2005). This presumption of validity exists at every stage of the litigation. Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc., 134 F.3d 1985, 1088 (Fed. Cir. 1998), and "is never annihilated, destroyed or even weakened regardless of what

{00323301;v1}

facts are of record." ACS Hosp. Sys., Inc. v. Montefiore Hosp., 732 F.2d 1472, 1574-75 (Fed. Cir. 1984). Moreover, "the validity of each claim must be considered separately." 800 Adept, Inc. v. Murex Securities, Ltd., 539 F.3d 1354, 1368 (Fed. Cir. 2008) (citations omitted).

I. **Amazon Has Not Shown by Clear and Convincing Evidence That the Amazon Shopping Cart Renders Obvious Any Claim of the '710 Patent**

1. Amazon introduced no obviousness testimony with respect to any claim but Claim 6.

2. The entirety of Amazon's obviousness testimony consisted of the following:

> **Q.** Professor, going back to Amazon's 1995 shopping cart system, now, at that point, Amazon was not selling other people's goods; is that right?
> **A.** That's correct.
> **Q.** Okay. But could Amazon have used the same shopping cart technology that it used to sell its products to sell third-party products?
> **A.** Yes.
> **Q.** And if so, would it have been obvious to one of skill in the art in 1995 to do what is claimed in Claim 6 here?
> **A.** I believe.

Testimony of Dr. Alvisi, at 1775.

3. This testimony was conclusory and cannot support a finding of invalidity because it failed to explain **how** or **why** a person having skill in the art would find the claim obvious in light of the prior art. Innogenetics, N.V. v. Abbott Labs., 512 F.3d 1363, 1373 (Fed. Cir. 2008).

II. **Amazon Has Not Shown by Clear and Convincing Evidence That Any Claim of the '710 Patent is Anticipated by the Amazon Shopping Cart**

4. Amazon did not introduce **any** testimony that Claim 9 of the '710 Patent is anticipated.

5. Amazon introduced only the following testimony regarding anticipation of Claims 7 & 8:

> **Q.** If we look at Claim 10,[1] sir, do you recall, Dr. Alvisi, Claim 10 is parallel to Claim 1, but it has this provider of information and consumer information.

---

[1] Giving Amazon the benefit of the doubt, the reference to non-existent Claim 10 likely refers to Claim 7, the second independent claim of the '710 Patent.

{00323301;v1}

2

> Do you recall that?
> **A.** Yes.
> **Q.** And did Dr. Shamos essentially provide the same analysis of Amazon's current 1-click system with respect to Claim 7?
> **A.** That's my understanding of his analysis.
> **Q.** And if you provide -- if you performed the same analysis with respect to Amazon's prior art shopping, would it also meet the limitations of Claim 7?
> **A.** I think it would.
> **Q.** If we go -- now, Claim 8 is another one of these dependent claims.
> Would Amazon's prior art shopping cart, as analyzed by Dr. Shamos, also meet the requirements of Claim 8?
> **A.** Yes.
>
> Testimony of Dr. Alvisi, at 1775-76.

6. This testimony is conclusory and cannot support a finding of anticipation.

7. Amazon's testimony with regard to dependent claims 3 and 5 is also deficient, because it fails to explain how the elements of the claims are met:

> **Q.** Now, if Dr. Shamos is right, an identifier of the customer is sufficient and an e-mail thank you is sufficient to complete an order, would the prior art Amazon system also meet the requirements of claim three?
> **A.** Yes, they would also meet the requirements of claim three.
> **Q.** And how about Claim 5?
> **A.** Yes, they would also meet the requirements of Claim 5.
>
> Testimony of Dr. Alvisi, at 1770-71.

### III. Claim 1 and its Dependent Claims are Not Anticipated

8. The Court has construed "indication to initiate" as "message to start processing."

9. Amazon starts processing a purchase transaction in response to receiving the customer's "Add to Cart" click. Testimony of Dr. Shamos.

10. A customer using Amazon's shopping cart system has to perform many steps to purchase an item: placing the item in the cart, clicking a button to proceed to checkout, and followed by additional confirmation or information-entering steps.  Testimony of Dr. Shamos; Dr. Alvisi and Paul Davis.

11. These steps each require human input from the customer.  Testimony of Dr. Shamos; Dr. Alvisi and Paul Davis.

12. Amazon's shopping cart does not automatically complete the purchase of an item in response to receiving an indication to initiate a purchase transaction.  Testimony of Dr. Shamos; Dr. Alvisi and Paul Davis.

13. Thus, neither claim 1 nor any of its dependent claims has been shown to be invalid.

14. Amazon presented no testimony that its shopping cart system anticipates claim 6.

**IV.   Claim 7 and its Dependent Claims are Not Anticipated**

15. The Court has construed "indication to complete" as "message to complete."

16. Amazon starts completing a purchase transaction in response to receiving the customer's "Proceed to Checkout" click.  Testimony of Dr. Shamos.

17. A customer using Amazon's shopping cart system has to perform many steps to purchase an item, starting with placing the item in the cart, clicking a button to proceed to checkout, and followed by additional confirmation or information-entering steps.  Testimony of Dr. Shamos; Dr. Alvisi and Paul Davis.

18. These steps each require human input from the customer.  Testimony of Dr. Shamos; Dr. Alvisi and Paul Davis.

19. The system does not automatically complete the purchase of an item in response to receiving an indication to complete a purchase transaction. Testimony of Dr. Shamos; Dr. Alvisi and Paul Davis.

20. Thus, neither claim 7 nor any of its dependent claims has been shown to be invalid.

**V.     Amazon's Defense That It is Practicing the Prior Art is Inadequate**

21. "[A]nticipation cannot be proved by merely establishing that one 'practices the prior art,'" and that "mere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity." Zenith Electronics v. PDI Communications Systems, 522 F.3d 1348, 1363 (Fed. Cir. 2008).

22. Therefore Amazon's testimony purporting to show that its present system behaves in the same way as its earlier system is insufficient to carry its burden of showing invalidity.

**VI.    Amazon Has Not Shown a Lack of Written Description**

23. The sections of the specification supporting the claims are identified in Exhibit A and were elaborated upon in the Testimony of Dr. Shamos, Dr. Alvisi, Drummond Reed and Steve Mushero at trial.

24. Amazon's presentation of a selectively-edited fraction of the supporting sections identified by Cordance cannot support a finding by clear and convincing evidence that the claims are not described in the specification.

                    ASHBY & GEDDES

                    */s/ Tiffany Geyer Lydon*
                    _____

                    Steven J. Balick (I.D. #2114)
                    John G. Day (I.D. #2403)
                    Tiffany Geyer Lydon (I.D. #3950)
                    500 Delaware Avenue, 8th Floor
                    P.O. Box 1150
                    Wilmington, DE 19899
                    (302) 654-1888
                    sbalick@ashby-geddes.com
                    jday@ashby-geddes.com
                    tlydon@ashby-geddes.com

                    *Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
joneill@wolfgreenfield.com

Dated: August 13, 2009