# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-491-MPT |
| v. | ) | |
| | ) | |
| AMAZON.COM, INC. and | ) | |
| AMAZON WEB SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT AMAZON'S MOTION FOR JUDGMENT AS A MATTER OF LAW THAT THE '710 PATENT IS INVALID FOR FAILURE TO MEET THE WRITTEN DESCRIPTION REQUIREMENT

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

August 13, 2009
928997/30763

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (I.D. #2246)
David E. Moore (I.D. #3983)
D. Fon Muttamara-Walker (I.D. #4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Defendants*
*Amazon.com and*
*Amazon Web Services, LLC*

Pursuant to Federal Rule of Civil Procedure 50(a), Amazon hereby moves for judgment as a matter of law of invalidity of the asserted '710 patent claims for failure to meet the written description requirement. Amazon reserves the right to supplement this motion at a later date with additional and more comprehensive evidence, as the Court deems appropriate.

I.    **THE '710 PATENT IS INVALID FOR FAILURE TO MEET THE WRITTEN DESCRIPTION REQUIREMENT.**

The written description requirement requires the patent specification to describe an invention and do so in sufficient detail that one skilled in the art can clearly conclude that "the inventor invented the claimed invention." *Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1571-72 (Fed. Cir. 1997). Specifically, the specifications for neither the '205 nor the '710 patents provide a description of "automatically completing the purchase of an item" or "metadata associating said customer data with said transaction." This Court has construed "automatically completing the purchase of an item" as "completing the purchase without human input." (7/27/2009 Memorandum Order, D.I. 437, pgs. 21, 45). This Court has also construed "metadata associating said customer data with said transaction" as "data that is used to identify the stored customer data as data to be used in completing the transaction." (12/05/2008 Memorandum Order, D.I. 279, at pg. 4).

A.    **The On-Line Purchase Process Claimed in the '710 Patent is Not Described by the '205 Patent Specification.**

To maintain priority to the earlier February 1996 filing date of the '205 Patent, the '710 Patent claims must be described in the '205 Patent specification. *Vas-Cath*, 935 F.2d at 1566 ("Application sufficiency under § 112 first paragraph, must be judged as of the filing date"). The claims of the '710 were drafted more than six years <u>after</u> the filing of the '205 application, and the '205 application simply does not support that Cordance was in possession of an invention for "automatically complet[ing] an on-line purchase" as required by each of the asserted claims.

There is nothing in the earlier '205 Patent specification that describes automatically completing an on-line purchase, let alone doing so with one-click. The only passage in the 42-column specification that even alludes to product ordering or on-line purchasing are the six lines that state:

> Or the provider can also include special forms to be processed by the consumer program 22 that allow the consumer to automatically or semi-automatically transfer data from the consumer database 21 back to the provider. Examples include product order forms, survey forms, customer service request forms, scheduling forms, etc.

'205 Patent at 10:48-54. There is no indication in the specification whatsoever that a form is used to "automatically complete an online purchase," or that in response to receiving a product order form from a consumer that the claimed step of "automatically completing the purchase of an item from the seller" is performed. Furthermore, there is no indication in the specification of retrieving any stored customer data as data to be used in completing the transaction, as there is no description of where customer data would be retrieved from.

**B.      The On-Line Purchase Process Claimed in the '710 Patent is Similarly Not Described Anywhere in the '325/'710 Specification.[1]**

      1.      *The Specification Does not Disclose Automatically Completing a Purchase Transaction*

The '710 Patent specification fails to describe the on-line purchase process claimed by the '710 Patent. The Payment Service Objects and Partner Servers section of the '710 Patent specification generally describes using communications objects in the context of payment transactions; however, the only statement that relates to *completing* a purchase transaction (something required by all the '710 Patent claims) is the section that reads:

> Now a data exchange method 141 on the payment partner server 1302 can carry out the purchase order transaction using the verified

---

[1] The '325 and '710 patents share the same specification.

> purchase order data, the verified customer account certificate, and
> the verified merchant account certificate (step 4466).

'710 Patent at 122:27-31. Even assuming the customer certificate could be the required

"metadata associating said customer data," this conclusory statement does not convey to one of

ordinary skill processing of the customer certificate, using the customer certification to retrieve

customer information, <u>or</u> using the retrieved customer information to complete the purchasing

transaction.

    The only thing the specification says is that "[t]his may involve *any sequence of steps*

between the payment partner server 1302 and other payment servers or data processing

systems[.]" '710 at 122:31-35. A statement that "any sequence of steps" may be used does not

describe to one of ordinary skill an invention for "completing the purchase of an item," nor does

it describe an invention for "*automatically* completing the purchase of an item." Amazon's

expert, Dr. Alvisi, explained, for example, that "any sequence of steps" does not suggest any

limitation to the number of clicks or other user actions that may be required to order an item and

certainly would not suggest to one of ordinary skill that Cordance had an invention covering one-

click, or any particular number of clicks. (Tr. 1780:15-1781:22; 1782:2-12; 1783:16-1784:3).

Notably, Cordance offered no expert testimony that the claims of the '710 patent are described

anywhere in the specification. And Cordance's Chief Technology Officer in 1996 and listed

originally as an inventor of the '710 Patent (until he was removed so Cordance could claim

priority to purported conception document predating his arrival at the company) testified at trial

that he could not identify anywhere in the '710 specification the idea of automatically

completing a purchase transaction, and admitted it did not disclose automatically completing a

purchase transaction with 1-Click. (Tr. 332:11-334:22; 335:23-336:15; 337:13-22). Ambiguous

statements in a specification that leave one of ordinary skill to guess at what the invention may

or may not be, such as those Cordance points to, have repeatedly been held insufficient as a

matter of law to meet the written description requirement. *Lockwood,* 107 F.3d at 572 ("It is not

sufficient for purposes of the written description requirement of § 112 that the disclosure . . .

would lead one to speculate as to modifications that the inventor might have envisioned, but

failed to disclose").

      2.    *Automatically Completing the Purchase of an Item From the Seller*

The '710 Patent also does not describe the claimed requirement, as construed, of

"completing the purchase without human input *from the seller*."[2] The '710 Patent's description

of purchasing transactions is limited to transmitting purchase orders to the payment partner

server, the intermediary between a seller and a buyer. '710 Patent at 122:9-13. It does not

describe how the purchase order is transmitted to the seller to complete the purchase of an item

*from the seller* or how such completion occurs without human input. Accordingly, the '710

claims are not described in the '710 specification for this reason as well. (Tr. 1784:22-1785:10).

      3.    *The Specification Does not Disclose Stored Customer Data*

Further, the '710 patent does not describe the element, as construed, of "receiving from

the customer an indication to initiate a purchase transaction for purchasing the item including

data that is used to identify the stored customer data as data to be used in completing the

transaction."[3] Importantly, the specification does not describe any stored customer data *as data*

---

[2] Claims 1-6 of the '710 Patent require "automatically completing the purchase of an item *from the seller*," while claims 7-9 require "automatically completing the purchase of an item *from the information consumer*." While the arguments focus on the requirement that the item be purchased from the seller, the arguments are equally applicable to claims requiring purchase from the information consumer.

[3] Claims 1-6 of the '710 Patent require "receiving form the customer an indication to initiate a purchase transaction for purchasing the item including metadata associating said *customer data* with said transaction," while claims 7-9 require "providing an information provider data storing information for an information provider usable to automatically complete a proposed on-line transaction, metadata associating said *information* with said transaction." While the arguments

*to be used* in completing the transaction. While the specification may address stored customer

data, none of that data is to be used in completing any transaction. Further, there is no discussion

of *where* customer information is retrieved in order to complete the transaction. (Tr. 1783:2-15;

1784:22-1785:4; 1785:16-21).

## II.   CONCLUSION

Neither the '205 nor the '710 specifications describe the claims of the '710 Patent. As

such, Cordance's '710 Patent is invalid for failure to meet the written description requirement.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated: August 13, 2009
928997/30763

By: */s/ David E. Moore*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     D. Fon Muttamara-Walker (#4646)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE 19801
     Tel: (302) 984-6000
     rhorowitz@potteranderson.com
     dmoore@potteranderson.com
     fmuttamara-walker@potteranderson.com

*Attorneys for Defendants*
*Amazon.com, Inc. and*
*Amazon Web Services, LLC*

---

focus on the requirement of metadata associating said customer data, the arguments are equally
applicable to claims requiring metadata associating said information. This Court has construed
"metadata associating said information with said transaction" identically to "metadata
associating said customer data with said transaction." (12/05/2008 Memorandum Order, D.I.
279, at pg. 4).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### <u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on August 13, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 13, 2009, the attached document was Electronically Mailed to the following person(s):

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Jeffrey O'Neill
Chelsea A. Loughran
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210-2206
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
jeffrey.oneill@wolfgreenfield.com
cloughran@wolfgreenfield.com


By:   */s/ David E. Moore*
      Richard L. Horwitz
      David E. Moore
      D. Fon Muttamara-Walker
      POTTER ANDERSON & CORROON LLP
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      fmuttamara-walker@potteranderson.com

757320 / 30763