IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-491-MPT |
| v. | ) |
| | ) |
| AMAZON.COM, INC. and | ) |
| AMAZON WEB SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT AMAZON'S MOTION FOR JUDMENT AS A MATTER OF LAW ON
CORDANCE'S CLAIM FOR DAMAGES**

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

August 13, 2009
929003/30763

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (I.D. #2246)
David E. Moore (I.D. #3983)
D. Fon Muttamara-Walker (I.D. #4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Defendants
Amazon.com and
Amazon Web Services, LLC*

Pursuant to Federal Rule of Civil Procedure 50(a), Amazon hereby moves for judgment as a matter of law of no damages. Amazon reserves the right to supplement this motion at a later date with additional and more comprehensive evidence, as deemed appropriate by the Court.

## I.   INTRODUCTION

Cordance's claims for damages are excessive and unsupported by the evidence. The $60 million it says is a reasonable royalty for Amazon's infringement on the '325 and '717 patents rests on the faulty assumptions that the entire value of reviews on www.amazon.com is attributable to those patents, there are no non-infringing substitutes, and all Amazon's reviews infringe. Cordance's claim of nearly $30 million on the '710 patent similarly assumes without any support that all sales made through 1-Click are attributable to the 1-Click feature and that there are no non-infringing substitutes, such as a 2-click system. The evidence does not support any of Cordance's assumptions. Its damages claims, which rest on those assumptions, therefore fail as a matter of law.

## II.   NO REASONABLE JURY COULD FIND CORDANCE'S DAMAGES CLAIMS ARE SUPPORTED BY THE EVIDENCE

### A.   Cordance's Evidence Does Not Support Damages on the Entire Value of Reviews

Cordance's damages calculation on the '325 and '717 patents is premised on the entire value of reviews when only a minor aspect of some them is accused of infringement.[1] *(See, e.g., Trial Transcript, 1162:2-1169:2; 1171:17-1175:20)*. Its expert, Mr. Philip Green, admitted on the stand that (1) Amazon offered reviews in 1995, a year before the filing of the patent *(see, e.g., id* at 1222:18-1223:5), (2) reviews are not the patented feature *(see, e.g., id.* at 1223:11-14), (3) Amazon's prior reviews are acceptable substitutes to those accused of infringement *(see, e.g., id.*

---

[1] It also unreliable as explained in Amazon's motion in support of its objections to Cordance's damages testimony.

1

at 1227:9-17), and (4) there are only "subtle differences" between Amazon's 1995 reviews versus what Amazon offers today (*see, e.g., id.* at 1227:18-1228:24). Cordance therefore could not enjoin Amazon from providing reviews entirely, i.e. non-infringing (anonymous or sign-in) reviews. The value of reviews as a whole cannot constitute the value of the "subtle differences" that are the "advantages" that Mr. Green claims are provided by the patented invention. Cordance's damage evidence, however, is based entirely on the valuation of reviews as a whole and not the purported subtle advantages attributable to the patented technology. (*See, e.g.*, Trial Transcript, 1162:2-1169:2; 1171:17-1175:20). The law is clear that it is error to permit a damages model based on the whole market value of a product where a patentee could not enjoin a defendant from using or selling that product entirely. *See, e.g., Riles v. Shell Exploration and Prod.*, 298 F.3d 1302 (Fed. Cir. 2002) (reversing district court order denying defendant motion to overturn damages award based on the entire market value of a product that the patentee could not enjoin); *see also, Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*, 408 F.3d 1374, 1380 (Fed. Cir. 2005) (affirming district court order excluding damages expert's use of entire market value of washing machines where there was no evidence that the patented coin selector feature of the washing machine was the basis for customer demand for the entire wash machine); *Cornell Univ. v. Hewlett-Packard Co.*, 609 F. Supp. 2d 279, 287 (N.D.N.Y. 2009) (Judge Radar of the Federal Circuit sitting by designation) (reversing jury damages verdict that was based on expert analysis of entire market value of a computer system that failed to "account for the fact that the [patented invention] is a component of a component of" that system).

**B. Cordance Did Not Prove Every Review Infringes, So It Cannot Claim Damages on All Reviews**

Cordance's damages claim is also based on the erroneous assumption that all Amazon reviews infringe, when that is not the case. In fact, Cordance submitted evidence on a single

2

type of product review (for toys) which include features—identified as meeting the feedback limitation—that none of the other types of reviews Amazon offers have. (*See, e.g.,* Trial Transcript, 1001:23-1002:11). And Cordance failed to provide evidence that the other types of review features (e.g. rate this product) meet each and every limitation of the asserted claims. Furthermore, many of the reviews on Amazon's website do not infringe because either (1) the were submitted before the patents were issues, or (2) were submitted by a user that manually typed in his or her name and password in order to submit the review. In both cases, there is no automatic use of metadata to associate a reviewer with a review. Nonetheless, Mr. Green includes all Amazon review features in his damages calculus. It is axiomatic that a patentee may not obtain damages on products which he has not proven infringe. *See, e.g., Imonex,* 408 F.3d at 1380 (affirming district court order vacating damages award that included too many units in the royalty base).

      C.    **Cordance Damages Claim for 1-Click Assumes Incorrectly that the 1-Click Feature Drives All 1-Click Sales and There Are No Non-Infringing Substitutes**

Cordance's damage claim on the '710 patent similarly rests on faulty assumptions: that Amazon's 1-Click feature alone drives all 1-Click sales (*see, e.g.,* Trial Transcript, 1136:13-1137:3), that the 1-Click feature alone drives higher margin sales (*see, e.g., id.* at 11143:3-5), and that there are no non-infringing substitutes. Yet, as Cordance's technical expert admitted on the stand, if Amazon were not able to provide a 1-Click purchasing system, but instead was forced to use a 2-Click system or shopping cart model, users could and would simply turn to one of those non-infringing purchasing methods. (*See, e.g., id.* at 1045:6-11). In that situation, Amazon would not lose all 1-Click sales as Mr. Green's damages model assumes. His damages model is therefore flawed and cannot support Cordance's claim for damages on the '710 patent as a matter of law.

3

|  |  |
|---|---|
| OF COUNSEL:<br><br>Lynn H. Pasahow<br>J. David Hadden<br>Darren E. Donnelly<br>Saina S. Shamilov<br>Ryan Marton<br>FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA 94041<br>Tel: (650) 988-8500<br><br>Dated: August 13, 2009<br>928997/30763 | POTTER ANDERSON & CORROON LLP<br><br>By: */s/ David E. Moore*<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    D. Fon Muttamara-Walker (#4646)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE 19801<br>    Tel: (302) 984-6000<br>    rhorowitz@potteranderson.com<br>    dmoore@potteranderson.com<br>    fmuttamara-walker@potteranderson.com<br><br>*Attorneys for Defendants*<br>*Amazon.com, Inc. and*<br>*Amazon Web Services, LLC* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on August 13, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 13, 2009, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Steven J. Balick<br>John G. Day<br>Tiffany Geyer Lydon<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19899<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>tlydon@ashby-geddes.com | Michael A. Albert<br>Robert M. Abrahamsen<br>Jeffrey O'Neill<br>Chelsea A. Loughran<br>Wolf, Greenfield & Sacks, P.C.<br>600 Atlantic Avenue<br>Boston, MA 02210-2206<br>malbert@wolfgreenfield.com<br>rabrahamsen@wolfgreenfield.com<br>jeffrey.oneill@wolfgreenfield.com<br>cloughran@wolfgreenfield.com |

By: /s/ David E. Moore
　　Richard L. Horwitz
　　David E. Moore
　　D. Fon Muttamara-Walker
　　POTTER ANDERSON & CORROON LLP
　　(302) 984-6000
　　rhorwitz@potteranderson.com
　　dmoore@potteranderson.com
　　fmuttamara-walker@potteranderson.com

757320 / 30763