## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CORDANCE CORPORATION,

    Plaintiff,

v.

AMAZON.COM, INC.,

    Defendants.

Civil Action No. 06-491-MPT

JURY TRIAL DEMANDED

## **FINAL JURY INSTRUCTIONS**

## TABLE OF CONTENTS

1.   GENERAL INSTRUCTIONS ........................................................................... 5

   1.1. INTRODUCTION................................................................................................ 5

   1.2. JURORS' DUTIES ............................................................................................. 6

   1.3. BURDENS OF PROOF...................................................................................... 7

   1.4. EVIDENCE IN THE CASE ................................................................................ 8

   1.5. USE OF NOTES................................................................................................. 9

   1.6. DIRECT AND CIRCUMSTANTIAL EVIDENCE .......................................... 10

   1.7. CREDIBILITY OF WITNESSES ...................................................................... 11

   1.8. NUMBER OF WITNESSES .............................................................................. 12

   1.9. EXPERT WITNESSES ...................................................................................... 13

   1.10. DEPOSITION TESTIMONY ........................................................................... 14

   1.11. DEMONSTRATIVE EXHIBITS ..................................................................... 15

2.   THE PARTIES AND THEIR CONTENTIONS................................................. 16

   2.1. THE PARTIES................................................................................................... 16

   2.2. CORDANCE'S CONTENTIONS ...................................................................... 17

   2.3. AMAZON'S CONTENTIONS ........................................................................... 18

   2.4. SUMMARY OF PATENT ISSUES.................................................................... 19

3.   INFRINGEMENT............................................................................................... 20

   3.1. INFRINGEMENT - BURDEN OF PROOF....................................................... 21

**3.2. PATENT CLAIMS** .......................................................................... 22

**3.3. PATENT CLAIMS – DEPENDENT AND INDEPENDENT CLAIMS** ......... 23

**3.4. THE MEANING OF CLAIM TERMS** ................................................. 24

**3.5. PATENT INFRINGEMENT – GENERALLY** ................................... 27

**3.6. INFRINGEMENT** ......................................................................... 28

**3.7. DIRECT INFRINGEMENT—MEANS-PLUS-FUNCTION CLAIMS** ......... 29

**3.8. OPEN-ENDED OR "COMPRISING" CLAIMS** ............................... 31

**4.    VALIDITY DEFENSES** ............................................................... 32

**4.1. PRESUMPTION OF VALIDITY** .................................................... 33

**4.2. INVALIDITY - BURDEN OF PROOF** ............................................. 34

**4.3. WRITTEN DESCRIPTION** ........................................................... 35

**4.4. EFFECTIVE FILING DATE** .......................................................... 36

**4.5. ANTICIPATION – PUBLICLY USED OR KNOWN** ....................... 37

**4.6. ANTICIPATION—MADE OR INVENTED BY SOMEONE ELSE** ............. 38

**4.7. STATUTORY BARS** ..................................................................... 39

**4.8. DERIVATION** ............................................................................. 40

**5.    DAMAGES** ................................................................................. 41

**5.1. DAMAGES IN GENERAL** ............................................................. 41

**5.2. DAMAGES – BURDEN OF PROOF** ................................................. 42

**5.3. REASONABLE ROYALTY – DEFINITION** ................................... 43

**5.4. FACTORS IN DETERMINING REASONABLE ROYALTY** ....................... 44

**5.5. REASONABLE ROYALTY –TIMING OF THE HYPOTHETICAL**

**NEGOTIATION** ...................................................................................................... 46

**5.6. DATE OF COMMENCEMENT OF DAMAGES** ............................................ 47

**5.7. EFFECT OF INSTRUCTION ON DAMAGES**................................................ 48

**5.8. INTEREST** ........................................................................................................ 49

**5.9. INFRINGING SALES WITHIN THE U.S.**........................................................ 50

**6.      DELIBERATION AND VERDICT** ................................................... 51

**6.1. INTRODUCTION**............................................................................................. 51

**6.2. UNANIMOUS VERDICT** ................................................................................ 52

**6.3. DUTY TO DELIBERATE** ............................................................................... 53

**6.4. COURT HAS NO OPINION** ............................................................................ 54

# 1. **GENERAL INSTRUCTIONS**

## 1.1. INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## 1.2. JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide the merits of the parties' claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## 1.3. BURDENS OF PROOF

Cordance contends that Amazon has infringed Cordance's patents. Cordance has the burden to prove its claims of patent infringement by a preponderance of the evidence standard. That means Cordance has to produce evidence which, when considered in light of all the facts, leads you to believe that what Cordance claims is more likely true than not. To put it differently, if you were to put Cordance's and Amazon's evidence on opposite sides of a scale, the evidence supporting Cordance's claims would have to make the scales tip somewhat on its side. Cordance must also prove its damages by a preponderance of the evidence.

Amazon denies that it infringes Cordance's patents. Amazon does not have the burden of proof on the issue of infringement.

Amazon contends that some of the asserted claims of Cordance's patents are invalid. On this issue, Amazon, rather than Cordance, has the burden of proof. Amazon must establish by clear and convincing evidence that the asserted claims are not valid. This is a heavier burden than a preponderance of the evidence. Clear and convincing evidence is evidence which persuades you that it is highly probably that what Amazon seeks to prove is true.

Cordance denies that any of the asserted claims are invalid. Cordance does not have the burden of proof on the issue of invalidity.

You may have heard the term "proof beyond a reasonable doubt." That requirement applies to criminal cases and does not apply to a civil case, like this one. You should not use this standard when considering whether Cordance and Amazon have met their respective burdens of proof on the various issues.

## 1.4. EVIDENCE IN THE CASE

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, any facts the parties admit or agree to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence.

Their questions and objections are not evidence. My legal rulings are not evidence. Any of my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

8

## 1.5. USE OF NOTES

You may use notes taken during trial to assist your memory. However, you should use caution in consulting your notes. There is always tendency to attach undue importance to matters that you have written down. Some testimony that is considered unimportant at the time presented, and thus not written down, takes on greater importance later on in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be the greatest asset when it comes time to deliberate and render a decision in this case.

## 1.6. DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 1.7. CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

During the examination of a witness, you may have heard discussions about "impeachment." Impeachment of a witness, whether a fact witness or an expert witness, occurs when his or her testimony is contradicted by other evidence and can be considered when judging the credibility of that witness.

## 1.8. NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## 1.9. EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

## 1.10. DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of a deposition transcript or by the playing of videotape excerpts from a deposition. This testimony is entitled to the same consideration you would give it had the witnesses personally appeared in Court. Like the testimony of a live witness, the statements made in a deposition are made under oath and are considered evidence which may be used to prove particular facts.

## 1.11. DEMONSTRATIVE EXHIBITS

During the course of the trial, you have seen many exhibits. Many of these exhibits were admitted as evidence. You will have these admitted exhibits in the jury room for your deliberations. The remainder of the exhibits (including charts and animations) were offered to help illustrate the testimony of various witnesses. These illustrative exhibits, called demonstrative exhibits, have not been admitted, are not evidence, and should not be considered as evidence. Rather, it is the underlying testimony of the witness that you heard when you saw the demonstrative exhibit that is the evidence in this case.

## 2. **THE PARTIES AND THEIR CONTENTIONS**

### 2.1. THE PARTIES

As I told you in my Preliminary Instructions, the plaintiff in this case is Cordance

Corporation. The defendant in this case is Amazon.com, Inc. For convenience, I will refer to the

plaintiff as Cordance, and the defendant as Amazon.

## 2.2. CORDANCE'S CONTENTIONS

Cordance contends that Amazon infringes claims 1-3, 5 and 7-9 of the '710 patent by making, using, and offering its 1-Click systems (including its item 1-Click and/or cart 1-Click systems). Cordance further contends that Amazon infringes claims 109, 112, 119, and 124 of the '325 patent and claims 50, 74, and 96 of the '717 patent by making, using, and offering any one or more of the following features offered by Amazon: (1) collecting customer reviews of products, (2) collecting customer feedback about third-party buyers and sellers, (3) a feature that allows customers to rate an item to improve the recommendations provided by Amazon, (4) a feature that allows customers to indicate whether or not other customer reviews are helpful, (5) Amazon's back-end system for storing and retrieving customer reviews of products, and (6) Amazon's back-end system for storing and retrieving customer feedback about buyers and sellers ("the Review and Feedback Features"). For convenience, I may refer to the '710, '325, and '717 patents collectively as "the Asserted Patents" or "the patents-in-suit."

Cordance also contends that, if Amazon is found to have infringed any of the asserted claims of the patents-in-suit, it is entitled to recover damages of no less than a reasonable royalty.

## 2.3. AMAZON'S CONTENTIONS

Amazon contends that it does not infringe any of the asserted claims of the patents-in-suit. In particular, Amazon contends that the accused 1-Click purchasing systems do not infringe any claim of the '710 patent. In addition, Amazon contends that the Review and Feedback Features do not infringe any of the asserted claims of the '325 or '717 patent.

Amazon further contends that some of the asserted claims of the patents-in-suit, in particular, claims 1, 3, 5, 7, 8 of the '710 patent, claims 109, 119 and 124 of the '325 patent, and claims 50, 74 and 96 of the '717 patent, are invalid as the claimed inventions are not new. In addition, Amazon contends that all of the asserted claims of the '710 patent are invalid because the original patent application fails to contain an adequate written description of the inventions claimed in the asserted claims of the '710 patent, and because the named inventor – Drummond Reed – did not invent the claimed invention but instead learned of it from someone else.

18

## 2.4. SUMMARY OF PATENT ISSUES

### Infringement

Cordance contends that the accused 1-Click purchasing systems infringe claims 1-3, 5 and 7-9 of the '710 patent. Cordance further contends that the Review and Feedback Features infringe claims 109, 112, 119, and 124 of the '325 patent and claims 50, 74, and 96 of the '717 patent. You must decide whether the accused features of the amazon.com website infringe any of the asserted claims of the patents-in-suit. To prove infringement of any claim, Cordance must persuade you by a preponderance of the evidence that the accused feature has infringed that claim.

A claim of an Asserted Patent is infringed if Amazon performs each and every step in the asserted patent claim. If Amazon does not perform any single step recited in the asserted patent claim, Amazon does not infringe that claim.

### Invalidity

Amazon contends that claims 1, 2, 3, 5, 7, 8, and 9 of the '710 patent, claims 109, 119, and 124 of the '325 patent, and claims 50, 74, 96 of the '717 patent are invalid. You must decide whether Amazon has proven by clear and convincing evidence, that any one or more of the asserted claims of the patents-in-suit is invalid.

### Damages

If you find any of the asserted claims of the patents-in-suit is valid and infringed, you must also determine whether Cordance has proven by a preponderance of the evidence that it is entitled to damages and the amount of such damages.

## 3. **INFRINGEMENT**

At the beginning of the trial, I gave you some general information about patents and the patent system and a brief overview of the patent laws that relate to this case. If you would like to review my earlier instructions at any time during your deliberations, they will be available to you in the jury room.

As I stated before, Cordance alleges that Amazon's accused 1-Click purchasing systems infringe the asserted claims of the '710 patent, and that Amazon's Review and Feedback Features infringed the asserted claims of the '325 and '717 patents.

I will now instruct you on the specific rules you must follow in deciding whether Cordance has proven that Amazon has infringed any one of the asserted claims of the patents-in-suit.

## 3.1. INFRINGEMENT - BURDEN OF PROOF

To prove infringement of any asserted patent claim of the patents-in-suit, Cordance must persuade you by a preponderance of the evidence that Amazon has infringed that claim.

## 3.2. PATENT CLAIMS

Before you can decide whether Amazon has infringed Cordance's patents, you will have to understand the patent "claims." The patent claims are the numbered paragraphs at the end of the patent.

The patent claims involved here are claims 1, 2, 3, 5, 7, 8 and 9 of the '710 patent (beginning at column 144, line 37 of the '710 patent which is exhibit JX9 in evidence); claims 109, 112, 119 and 124 of the '325 patent (beginning at column 144, line 20 of the '325 patent which is exhibit JX3 in evidence); and claims 50, 74, and 96 of the '717 patent (beginning at column 144, line 35 of the '717 patent which is exhibit JX5 in evidence).

The claimed invention is what the patent owner owns and what the patent owner may prevent others from making, using, or selling. Claims may describe products, such as machines or chemicals, or they may describe methods for making or using a product. Only the claims of the patent can be infringed. A patent also includes drawings and discussion of examples of the invention. Neither the drawings of a patent nor other portions of the patent can be infringed.

You should not compare Amazon's 1-Click purchasing system or any of Amazon's Review and Feedback Features with any specific example set out in the '710, the '325, or the '717 patents, or with any systems employed by Cordance. Rather, you must only compare the 1-Click purchasing system and Amazon's Review and Feedback Features with the asserted claims of Cordance's patents when making your decision regarding infringement.

Each of the claims must be considered individually, and to show patent infringement, plaintiff need only establish that one claim has been infringed.

### 3.3. PATENT CLAIMS – DEPENDENT AND INDEPENDENT CLAIMS

There are two different types of claims in the patent. The first type is called an independent claim. An independent claim does not refer to any other claim of the patent. An independent claim is read separately to determine its scope.

On the other hand, a dependent claim refers to at least one other claim in the patent and thus incorporates whatever that other claim says. Accordingly, to determine what a dependent claim covers, you must read both the dependent claim and the claim or claims to which it refers.

For example, claim 1 of the '710 patent is an independent claim. You know this because this claim mentions no other claim. Accordingly, the words of this claim are read by themselves in order to determine what the claim covers.

Claim 2 of the '710 patent, on the other hand, is a dependent claim. It depends on claim 1. Accordingly, the words of claims 1 and 2 must be read together in order to determine what the dependent claim, claim 2, covers.

Some claims of Cordance's patents are broader than other claims. You are not to imply the limitations or words of the narrower or dependent claim into a broad or independent claim if the broader claim does not include the same limitations.

## 3.4. THE MEANING OF CLAIM TERMS

I have decided the correct construction or meaning of certain words in patent claims. It is

my job to determine what the patent claims mean and to instruct you on that meaning. It may be

helpful to refer to the copies of the patents that you have been given as I discuss the claims at

issue here. The claims of each patent are found toward the end of the patent starting at column

144 of each patent. You must accept the meanings I give you and use them when you decide

whether or not the asserted claims of the patents-in-suit are valid or infringed.

During your deliberations you should read and apply the following words as having the

following meaning:

| U.S. Pat. No. 6,757,710 | |
|---|---|
| **Claim Language** | **Court's Construction** |
| Metadata | data that describes or associates other data |
| providing customer data storing information for a customer | making available for use data about a customer that is stored in a data storage medium |
| providing information provider data storing information for an information provider | making available for use data about a provider of information that is stored in a data storage medium |
| metadata associating said customer data with said transaction | data that is used to identify the stored customer data as data to be used in completing the transaction |
| metadata associating said information with said transaction | data that is used to identify the stored customer data as data to be used in completing the transaction |
| processing said metadata associating said customer data so as to complete the purchase transaction | processing the metadata to retrieve the stored customer data and processing the retrieved customer data to complete the purchase transaction |
| information provider | provider of information |
| information consumer | user of information |
| an indication to initiate a purchase transaction for purchasing the item | a message to start processing a purchase transaction for the item |
| automatically completing the purchase of an item | completing the purchase without human input |
| an indication to complete the proposed transaction | a message to complete the proposed transaction |
| maintained as an object | kept as an object |

| U.S. Patent No. 5,862,325 | |
| --- | --- |
| **Claim Language** | **Court's Construction** |
| metadata | data that describes or associates other data |
| control structure | a set of data that specifies how information is to be processed or transferred |
| feedback information | evaluation attributes and corresponding value choices |
| processing said metadata to execute instructions external to said control structure | processing the metadata to cause instructions external to the control structure to be executed |

| U.S. Patent No. 6,088,717 | |
| --- | --- |
| **Claim Language** | **Court's Construction** |
| metadata | data that describes or associates other data |
| control structure | a set of data that specifies how information is to be processed or transferred |
| feedback information | evaluation attributes and corresponding value choices |
| said node (claim 50) | "said node" as used throughout claim 50 refers to the same node |
| receiving node (claim 50) | the node that receives metadata in the transferring step ("transferring said metadata in at least one direction between said node and a second node) |

Some patent claim requirements describe a "means" for performing a function, rather than describing the structure or act that performs the function. For example, a patent may describe a table in which the legs are glued to the tabletop. One way an inventor may claim the table is to recite the tabletop, four legs, and glue between the legs and the tabletop. Another way to claim the table is to recite the tabletop and the legs, but instead of reciting the glue, the inventor recites a "means for securing the legs to the tabletop." This second type of claim requirement is called a "means-plus-function" requirement. It describes a means for performing the function of securing the legs to the tabletop, rather than expressly reciting the glue.

Claim 50 of the '717 patent includes means-plus-function requirements. In instructing you on the meaning of the words in these claims, first, I will tell you the function that each of the

means-plus-function claim requirements perform, and second, I will tell you the structure or act

disclosed in the patent that performs the stated function.

| Means-Plus-Function Claims for '717 Patent | | |
|---|---|---|
| **Claim Language** | **Function** | **Corresponding Structure or Act** |
| storage means for storing information | Storing information | A database |

## 3.5. PATENT INFRINGEMENT – GENERALLY

A patent owner may enforce his right to exclude others from making, using or selling the patented invention by filing a lawsuit for patent infringement. Here, Cordance, the patent owner, has sued Amazon and has alleged that the accused 1-Click purchasing systems infringe the asserted claims of the '710 patent and that the Review and Feedback Features infringe the asserted claims of the '325 and '717 patents.

Patent law provides that any person or business entity which makes, uses, or sells without permission any product, apparatus, or method legally protected by at least one claim of a patent within the United Sates before the patent expires, infringes the patent.

Deciding whether a claim has been infringed is a two-step process. First, the meaning of the patent claim is determined as a matter of law. That job is for the Court, and I have told you what the key terms of the asserted claims mean as a matter of law. In the second step, the interpreted claim must be compared to the accused products to determine whether every element of the claim is found in the accused products. The element-by-element comparison is your responsibility as the jury for this case.

## 3.6. INFRINGEMENT

I will now instruct you on the specific rules you must follow to determine whether Cordance has proven that Amazon has infringed one or more of the claims of the patents involved in this case.

To determine whether Amazon infringes any one of the asserted patent claims, you must compare each claim, as I have interpreted it, to the accused feature to determine whether every requirement of the claim can be found in the accused feature.

To prove infringement, Cordance must prove by a preponderance of the evidence, that Amazon performs every requirement in the patent claims. If Amazon does not perform any one of the requirements of the asserted patent claim, Amazon does not infringe that claim. You must determine infringement with respect to each asserted patent claim individually.

## 3.7. DIRECT INFRINGEMENT—MEANS-PLUS-FUNCTION CLAIMS

In my instruction to you about the meaning of the words in the patent, I explained means-plus-function claims using the example of a patent that describes a table in which the legs are glued to the tabletop. The inventor may claim the table by reciting the tabletop and the legs, but instead of reciting the glue, the inventor recites a "means for securing the legs to the tabletop." This means-plus-function claim describes a means for performing the function of securing the legs to the tabletop, rather than expressly reciting the glue.

When a claim requirement is in means-plus-function form, it covers the structures or acts described in the patent specification for performing the function stated in the claim, and also any structure or acts equivalent to the described structures or acts. In my example, the claim covers a table using glue to secure the legs to the tabletop, as described in the patent, and any equivalent structure to glue that performs the function of securing the legs to the tabletop.

Claim 50 of the '717 patent include means-plus-function requirements. In my instruction to you about the meaning of the words in the patent, for the means-plus-function claims I told you, first, the function that each of the means-plus-function claim requirements performs, and second, the structure or act disclosed in the patent specification that corresponds to each means-plus-function requirement.

To establish infringement of a means-plus-function patent claim, Cordance must prove two things:

1.    that the accused device employs a structure or act identical or equivalent to the structure or act described in the patent, and

2.    that the relevant structure or act in the accused device performs the identical function specified in the claim. Where the structure or act in the accused device and the

29

structure or act disclosed in the patent specification are not identical, Cordance has the

burden of proving, by a preponderance of evidence, that the relevant structure in the

accused device, as I have identified it for you, is equivalent to the disclosed structure or

act in the patent. Two structures or acts are equivalent if a person of ordinary skill in the

art would consider the differences between them to be insubstantial. One way to

determine this is to look at whether or not the accused structure or act performs the

identical function in substantially the same way to achieve substantially the same result.

Another way is to consider whether people of ordinary skill in the art believed that the

structure of the accused product and the structure in the patent were interchangeable at

the time the patent was granted by the PTO.

## 3.8. OPEN-ENDED OR "COMPRISING" CLAIMS

Claim 1 of the '710 patent and claim 109 of the '325 patent include a beginning, or preamble, which says "a computer implemented method." It is followed by the transitional phrase "comprising." "Comprising" means "including" or "containing." That is, if you find that Amazon's accused 1-Click purchasing systems include all of the elements of claim 1 of the '710 patent or Review and Feedback Features include all of the elements of claim 109 of the '325 patent the claim is infringed. That the accused system or features might include additional components or steps does not avoid infringement.

For example, a claim to a table comprising a tabletop, legs, and glue would be infringed by a table that includes those requirements, even if the table also includes additional requirements such as wheels on the table's legs.

31

## 4. **VALIDITY DEFENSES**

Amazon contends that the asserted claims of the patents-in-suit are invalid for failure to satisfy the requirements of patentability. In particular, Amazon contends that claims 1, 3, 5, 7, 8 of the '710 patent, claims 109, 119, 124 of the '325 patent, and claims 50, 74, 96 of the '717 patent are invalid because the claimed inventions are not new. Amazon does not contend that claims 2 and 9 of the '710 patent or that claim 112 of the '325 patent are not new. Amazon also contends that claims 1, 2, 3, 5, 7, 8, and 9 of the '710 patent are invalid for lack of an adequate written description.

I will now instruct you on each of these defenses.

## 4.1. PRESUMPTION OF VALIDITY

The granting of a patent by the Patent Office carries the presumption that the patent is valid. Because patents are presumed valid, the law puts the burden on Amazon to prove that the patents-in-suit are invalid. Amazon may rebut the presumption of validity by showing by clear and convincing evidence that one or more of the asserted claims of the patents-in-suit is invalid.

The presumption of validity is not evidence to be weighed against Amazon's evidence when determining whether the asserted claims of the patents-in-suit are invalid.

## 4.2. INVALIDITY - BURDEN OF PROOF

I will now instruct you on the rules you must follow in deciding whether Amazon has proved that claims 1, 2, 3, 5, 7, 8, 9 of the '710 patent, claims 109, 119, 124 of the '325 patent, claims 50, 74, 96 of the '717 patent are invalid. As you consider these issues, remember that Amazon bears the burden of proving, by clear and convincing evidence, that the claims are invalid.

## 4.3. WRITTEN DESCRIPTION

Amazon contends that claims 1, 2, 3, 5, 7, 8, 9 of the '710 patent are invalid for failure to provide an adequate written description of the claimed invention. To prove any one of these claims invalid, Amazon must prove, by clear and convincing evidence, that such claim lacked an adequate written description.

The written description requirement is satisfied if a person of ordinary skill in the art reading the patent application as originally filed would recognize that the patent application described the invention as claimed, even though the description may not use the exact words found in the claim. The written description is adequate if it shows that the inventor was in possession of the claimed invention at the time the application for the patent was filed, even though the claims may have been changed or new claims added during the prosecution of the application. It is not necessary that each and every aspect of the claim be explicitly discussed, as long as a person of ordinary skill would understand that the aspect is implicit in the patent application as originally filed.

Whether the specification of the '710 patent satisfies the written description requirement should be evaluated from the perspective of one of ordinary skill in the field of the invention as of September 27, 1996 — the filing date of the '325 patent.

## 4.4. EFFECTIVE FILING DATE

All of the patents in suit have an effecting filing date of September 27, 1996. That means that each of the patents should be treated as if it was originally filed on that date.

## 4.5. ANTICIPATION – PUBLICLY USED OR KNOWN

Amazon contends the asserted claims of the patents-in-suit are invalid because the claimed inventions are not new. For the claim to be invalid because it is not new, all of its requirements must have existed in a single system or method that predates the claimed invention. In patent law, these previous systems or methods are called "prior art references." If a patent claim is not new we say it is "anticipated" by a prior art reference. Amazon must prove by clear and convincing evidence that any asserted claim was anticipated. The only prior art Amazon is asserting anticipated the asserted claims is Amazon's own prior systems that were in public use or publicly known before the effective filing date of the patents, that is, September 27, 1996.

## 4.6. ANTICIPATION—MADE OR INVENTED BY SOMEONE ELSE

In this case Amazon argues that asserted claims of the patents-in-suit are invalid because it was first made or invented by someone else. If the invention claimed in the patent claims were first made or invented by someone else before September 27, 1996, then Cordance's claims were "anticipated" by the other invention, and those claims are invalid. Amazon contends the Asserted Patents are not new for this reason and must prove by clear and convincing evidence that any asserted claim was anticipated. The only prior art Amazon is asserting anticipated the asserted claims is Amazon's own prior systems available before the effective filing date of the patents, that is, September 27, 1996.

## 4.7. STATUTORY BARS

Amazon may prove invalidity of the patents-in-suit by showing by clear and convincing evidence that the patent applicant failed to meet one of several statutory provisions in the patent laws. These provisions are called "statutory bars." For you to find that any of the asserted claims is invalid by a statutory bar, all its requirements must have been present in one of Amazon's systems that was in public use more than one year before September 27, 1996.

## 4.8. DERIVATION

Amazon contends that the asserted claims of the '710 patent are invalid because the named inventor, Drummond Reed, did not invent the claimed invention of the asserted claims of the '710 patent but instead learned of it from Amazon. Amazon must demonstrate by clear and convincing evidence that (1) Amazon conceived of the invention of the asserted claims of the '710 patent prior to Mr. Reed and (2) that such conception was communicated to Mr. Reed.

# 5. DAMAGES

## 5.1. DAMAGES IN GENERAL

If, after considering all of the evidence and the law as I have stated it, you are convinced that the asserted claims of the '710 patent, the '325 patent, and the '717 patent are not infringed, or that they are all invalid, your verdict should be for Amazon and you need go no further in your deliberations. On the other hand, if you decide that at least one claim of the asserted patents is infringed and is not invalid, you must then turn to the issue of damages.

The patent laws provide that in the case of infringement of a valid patent claim, the owner of the patent shall be awarded damages adequately to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer. Damages are compensation for all losses suffered as a result of the infringement.

## 5.2. DAMAGES – BURDEN OF PROOF

Cordance must prove damages by a preponderance of the evidence.

Cordance is entitled to all damages that can be proven with reasonable certainty. On the one hand, reasonable certainty does not require proof of damages with mathematical precision. Mere difficulty in ascertaining damages is not fatal to Cordance's right to recover. On the other hand, Cordance is not entitled to speculative damages; that is, you should not award any amount of loss that, although possible, is wholly remote or left to conjecture. You may base your evaluation of reasonable certainty on opinion evidence.

## 5.3. REASONABLE ROYALTY – DEFINITION

Reasonable royalties are the only damages sought by Cordance in this case. A reasonable royalty is the amount of money that would be agreed to in a hypothetical negotiation between Cordance and Amazon at the time when the infringing sales first began.

You must assume that both parties are willing participants in the negotiation. In considering the nature of this negotiation, the focus is on what the expectations of Cordance and Amazon would have been had they entered into an agreement at that time and acted reasonably in their negotiations. However, you must assume that both parties believed the patent was valid and infringed. You must assume that Amazon was willing to take a license. You must also assume that Cordance was willing to grant a license.

## 5.4. FACTORS IN DETERMINING REASONABLE ROYALTY

In determining the royalty that would have resulted from a hypothetical negotiation between Cordance and Amazon, you may consider real world facts including the following to the extent they are helpful:

1) Licenses or offers to license the patent at issue in this case;

2) Licenses or offers to license comparable patents;

3) The nature and scope of the license, as exclusive or non-exclusive, or as restricted or non-restricted in terms of its territory or with respect to whom the manufactured product may be sold;

4) The licensing history of the patents, including whether Cordance had an established policy of refusing to license the patents at issue;

5) The commercial relationship between Cordance and Amazon, such as whether or not they are competitors in the same territory in the same line of business;

6) The significance of the patented technology in promoting sales of Amazon's other products; the existing value of the invention to Cordance as a generator of sales of its non-patented items;

7) The duration of the patent and term of licenses;

8) The established profitability of products made under the patents-in-suit, their commercial success, and their current popularity;

9) Alternatives to the patented technology and the utility and advantages of the patented technology over the old modes or devices, if any, that had been used for achieving similar results;

44

10) The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by Cordance;

11) The extent to which Amazon has made use of the patented invention;

12) The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the inventions;

13) The portion of the alleged infringer's profit that should be credited to the invention as distinguished from nonpatented elements, or significant features, improvements or contributions added by the alleged infringer or others;

14) The opinion testimony of qualified experts;

15) Any other economic factor that a normally prudent businessperson would, under similar circumstances, take into consideration in negotiating the hypothetical license.

## 5.5. REASONABLE ROYALTY –TIMING OF THE HYPOTHETICAL NEGOTIATION

For the '325 patent, you should consider January 1999 as the date of the hypothetical negotiation. For the '717 patent, you should consider July 2000 as the date of the hypothetical negotiation. For the '710 patent, you should consider August 2006 the date of the hypothetical negotiation.

In this trial, you have heard evidence of things that have happened after the dates of the hypothetical negotiations. You can consider such evidence in determining what would have happened during the hypothetical negotiation only to the extent that the evidence aids in you assessing what royalty would have resulted from the hypothetical negotiation. Although evidence of actual profits Amazon made may aid you in determining the anticipated profits at the time of the hypothetical negotiation, you may not increase the royalty based on the actual profits Amazon made.

## 5.6. DATE OF COMMENCEMENT OF DAMAGES

Any damages that Cordance may be awarded by you for infringement of a valid claim of the '710 patent can commence no earlier than August 29, 2006.

Any damages that Cordance may be awarded by you for infringement of a valid claim of the '325 patent or the '717 patent can commence no earlier than December 11, 2001.

## 5.7. EFFECT OF INSTRUCTION ON DAMAGES

The fact that I have instructed you regarding damages should not be construed as suggesting any view by the Court as to which party should prevail in this case. Instruction regarding damages are given for your guidance in the event the evidence leads you to find in favor of a party.

## 5.8. INTEREST

In arriving at your damages calculation, you should not consider interest in any way because it is a function of the Court to award interest.

## 5.9. INFRINGING SALES WITHIN THE U.S.

If you find that Cordance is entitled to damages, the reasonable royalty shall be calculated only from the amount of infringing sales deriving from operation of Amazon servers located in the United States.

# 6. **DELIBERATION AND VERDICT**

## 6.1. INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is juror No. 1.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be. That should stay secret until you are finished.

## 6.2. UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of you deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom and your foreperson will give your verdict.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

## 6.3. DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.

Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that -- your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

## 6.4. COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.