IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORDANCE CORPORATION,  ) **REDACTED**
          ) **PUBLIC VERSION**
   Plaintiff,   )
          )
  v.      ) C.A. No. 06-491-MPT
          )
AMAZON.COM, INC.,   )
          )
   Defendant.  )

## PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

Pursuant to Federal Rule of Civil Procedure 50(b), Plaintiff Cordance Corp. ("Cordance") hereby renews its motions for judgment as a matter of law ("JMOL") that (1) Amazon infringes claims 109, 112, 119, and 124 of U.S. Patent No. 5,862,325 ('325 Patent); (2) Amazon infringes claims 50, 74, and 96 of U.S. Patent No. 6,088,717 ('717 Patent); (3) Amazon infringes claims 2 and 9 of U.S. Patent No. 6,757,710 ('710 Patent); and (4) claims 1, 2, 3, 5, 7, 8, and 9 of the '710 Patent are not invalid.

In the alternative, pursuant to Federal Rule of Civil Procedure 59(a), Cordance moves for a new trial on the grounds that (1) the jury's verdict was against the clear weight of the evidence and a new trial is necessary to prevent a miscarriage of justice; (2) the jury applied incorrect claim constructions for "feedback information" and "indication to initiate a purchase transaction"; (3) the jury applied incorrect law concerning the written description requirement under 35 U.S.C. § 112; (4) the Court erred in granting Amazon JMOL that the claims of the '710 Patent are not entitled to a conception date of November 1, 1993; and (5) the Court erred in precluding Cordance from calling Drummond Reed to testify concerning the written description support for the claims of the '710 Patent.

## I.   CORDANCE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW

"To prevail on a renewed motion for JMOL following a jury trial, a party must show that the jury's findings, presumed or express, are not supported by substantial evidence or, if they were, that the legal conclusion(s) implied by the jury's verdict cannot in law be supported by those findings." C.R. Bard, Inc. v. United States Surgical Corp., 258 F. Supp. 2d 355, 358 (D. Del. 2003). In determining whether JMOL is appropriate with respect to an invalidity defense, the Court must take into account the presumption of validity and the non-movant's underlying burden of demonstrating invalidity by clear and convincing evidence. See Koito Mfg. Co. v. Turn-Key-Tech, LLC, 381 F.3d 1142, 1149 (Fed. Cir. 2004) (in reviewing JMOL motion on invalidity defenses, "we must determine whether the jury had substantial evidence upon which to conclude that Koito met its burden of showing invalidity by clear and convincing evidence.").

Pursuant to Federal Rule of Civil Procedure 50(a), Cordance moved for JMOL that (1) Amazon infringes claims 109, 112, 119, and 124 of the '325 Patent; (2) Amazon infringes claims 50, 74, and 96 of the '717 Patent; (3) Amazon infringes claims 2 and 9 of the '710 Patent; and (4) claims 1, 2, 3, 5, 7, 8, and 9 of the '710 Patent are not invalid. (See D.I. 464, 468, 469, 470, 471). Pursuant to Federal Rule of Civil Procedure 50(b), Cordance now renews its motions for JMOL. The grounds for the renewed motions are set forth in its Rule 50(a) motions, which are attached as Exhibits A-E.

## II.   CORDANCE IS ENTITLED TO A NEW TRIAL

Under Rule 59(a), the Court may "grant a new trial on all or some of the issues ... for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). "The decision to grant or deny a new trial is within the sound discretion of

the trial court and, unlike the standard for determining judgment as a matter of law, the court need not view the evidence in the light most favorable to the verdict winner." eSpeed, Inc. v. BrokerTec USA, L.L.C., 404 F. Supp. 2d 575, 578 (D. Del. 2005).

A new trial may be granted in any of the following circumstances: (a) "[T]he jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice." Id.; (b) The jury applies incorrect claim constructions in determining infringement and validity. Praxair, Inc. v. ATMI, Inc., 543 F.3d 1306, 1324 (Fed. Cir. 2008); (c) The jury instructions incorrectly recite the applicable law. Hill v. Reederei F. Laeisz G.M.B.H., 435 F.3d 404, 411 (3d Cir. 2006); or (d) The trial court erroneously admits or excludes evidence. Olefins Trading v. Han Yang Chem. Corp., 9 F.3d 282, 290 (3d Cir. 1993).

For the reasons explained below, Cordance requests, in the alternative, a new trial to allow a jury to determine whether (1) Amazon infringes claims 109, 112, 119, and 124 of the '325 Patent; (2) Amazon infringes claims 50, 74, and 96 of the '717 patent; (3) Amazon infringes claims 2 and 9 of the '710 Patent; and (4) claims 1, 2, 3, 5, 7, 8, and 9 of the '710 Patent are not invalid.

### A.    The Jury's Verdict is Against the Weight of the Evidence

As explained above, Cordance is entitled to JMOL that Amazon infringes the '325, '717, and '710 Patents and that the asserted claims of the '325, '717, and '710 Patents are not invalid. The "standard for granting a motion for a new trial is less stringent than the standard for granting judgment as a matter of law." eSpeed, 404, F. Supp. 2d at 581. Cordance is thus entitled, in the alternative, to a new trial, based on the grounds set forth in Exhibits A-E, to determine whether (1) Amazon infringes claims 109, 112, 119, and 124 of the '325 Patent; (2) Amazon infringes

claims 50, 74, and 96 of the '717 patent; (3) Amazon infringes claims 2 and 9 of the '710 Patent; and (4) claims 1, 2, 3, 5, 7, 8, and 9 of the '710 Patent are not invalid.

**B.**     **The Jury Applied Incorrect Claim Constructions**

The Court instructed the jury to apply incorrect claim constructions for two claim terms in Cordance's patents. A new trial is necessary to allow the jury to determine infringement and validity under the proper constructions.

The term "feedback information" appears in the asserted claims of the '325 and '717 Patents. Cordance had argued that this term should be construed to mean "information that includes an evaluative review and may also include information related to the review such as its subject or the evaluator" (D.I. 192), but the Court construed the term narrowly to mean "evaluation attributes and corresponding value choices" (D.I. 279).

The Court's construction of "feedback information" is unduly narrow in at least three respects. First, nowhere do the '325 or '717 Patents require more than one evaluation attribute and corresponding value choice, but because the Court's construction was in the plural, Amazon argued to the jury that a single star rating in its system precluded a finding of infringement. Second, an "evaluation attribute and corresponding value choice" was only one example of feedback information in the patent, but the Court improperly limited the claims to that one example in the patent specification. Third, the construction contradicts the claim language, as the claims state that the "feedback information" includes "consumer information."

Because the Court's construction of "feedback information" was too narrow, the jury improperly found that Amazon did not infringe the asserted claims of the '325 and '717 Patents. A new trial is necessary to allow a jury to determine, under the correct construction of "feedback

information," whether (1) Amazon infringes claims 109, 112, 119, and 124 of the '325 Patent; and (2) Amazon infringes claims 50, 74, and 96 of the '717 patent.

The term "an indication to initiate a purchase transaction" appears in the claims of the '710 Patent. Cordance had argued that this term should be construed to mean "an indication that first identifies an item as being selected for purchase" (D.I. 435), but the Court construed the term to mean "a message to start processing a purchase transaction for the item" (D.I. 439).

The Court's construction of "an indication to initiate a purchase transaction" was incorrect. Because of the incorrect construction, Amazon argued to the jury that the construction of "an indication to initiate a purchase transaction" was broad enough to cover the final click of its 1995-96 shopping cart system and that the 1995-96 shopping cart system anticipated the '710 Patent. Additionally, the incorrect construction prevented the jury from properly determining whether the properly construed claims have written description support (assuming written description even remains a valid defense after the forthcoming <u>Ariad</u> decision by the Federal Circuit; <u>see</u> subpart C, <u>infra</u>).

Because the Court's construction of "an indication to initiate a purchase transaction" was incorrect, the jury improperly found that Amazon's 1995-96 shopping cart system anticipated the claims of the '710 Patent or that the claims of the '710 Patent did not have written description support. A new trial is necessary to allow a jury to determine, under the correct construction of "an indication to initiate a purchase transaction," the validity of claims 1, 2, 3, 5, 7, 8, and 9 of the '710 Patent.

### C.    **The Jury Applied Incorrect Law Concerning Written Description Support**

Cordance is entitled to a new trial because the jury applied incorrect law concerning the validity of the '710 Patent under 35 U.S.C. § 112 paragraph 1.

Amazon argued to the jury that the claims of the '710 Patent were invalid for failure to provide an adequate written description under 35 U.S.C. § 112 paragraph 1, but Amazon did not argue that the claims of the '710 Patent were invalid for lack of enablement under 35 U.S.C. 112 paragraph 1. The Court's jury instructions were as follows:

> Amazon contends that claims 1, 2, 3, 5, 7, 8, 9 of the '710 patent are invalid for failure to provide an adequate written description of the claimed invention. To prove any one of these claims invalid, Amazon must prove, by clear and convincing evidence, that such claim lacked an adequate written description.
>
> The written description requirement is satisfied if a person of ordinary skill in the art reading the patent application as originally filed would recognize that the patent application described the invention as claimed, even though the description may not use the exact words found in the claim. The written description is adequate if it shows that the inventor was in possession of the claimed invention at the time the application for the patent was filed, even though the claims may have been changed or new claims added during the prosecution of the application. It is not necessary that each and every aspect of the claim be explicitly discussed, as long as a person of ordinary skill would understand that the aspect is implicit in the patent application as originally filed.
>
> Whether the specification of the '710 patent satisfies the written description requirement should be evaluated from the perspective of one of ordinary skill in the field of the invention as of September 27, 1996 – the filing date of the '325 patent.

(Trial Tr. 2261:24-2262:23).

Three days after the jury's verdict, the Federal Circuit granted a request to hear <u>en banc</u> the question of whether "35 U.S.C. § 112, paragraph 1, contains a written description requirement separate from an enablement requirement." <u>See</u> <u>Ariad Pharms., Inc. v. Eli Lilly & Co.</u>, No. 08-1248, 2009 U.S. App. LEXIS 18981 (Fed. Cir. Aug. 21, 2009). The Federal Circuit applies its judicial decisions retroactively to all cases still open on direct review. <u>See</u> <u>Voda v. Cordis Corp.</u>, 536 F.3d 1311, 1329 n.10 (Fed. Cir. 2008). As the plain language of 35 U.S.C. § 112, paragraph 1 does not create a written description requirement that is separate from

the enablement requirement, the jury applied incorrect law in determining the validity of the '710 Patent, and a new trial is needed to allow a jury to determine the validity of claims 1, 2, 3, 5, 7, 8, and 9 of the '710 Patent under the correct legal standard.

Amazon also argued to the jury that claims 1, 2, 3, 5, 7, 8, and 9 of the '710 Patent were invalid under 35 U.S.C. § 102(f) because Cordance derived its invention from Amazon. Since the effective filing date of Cordance's '710 Patent is prior to the purported derivation, Amazon has no derivation defense. Amazon contends, however, that it has a derivation defense if the '710 Patent does not have written description support. Amazon's derivation defense is thus wholly subsumed within its written description defense, and a new trial is also needed to consider the derivation defense under the proper standard.

### D. The Court Erred in Granting JMOL that the '710 Claims are not Entitled to a Conception Date of November 1, 1993

Because the Court granted Amazon JMOL that Cordance's '710 Patent is not entitled to a November 1, 1993 conception date, the jury was precluded from making the factual finding of whether Cordance's inventor Drummond Reed conceived of the invention of the '710 Patent in 1993 and whether Cordance was diligent in reducing the invention to practice. Because the Court erred in granting Amazon JMOL, a new trial is needed to allow the jury to find the date of invention of the '710 Patent.

The evidence presented at trial was sufficient for a jury to find that Mr. Reed conceived of the invention of the '710 Patent in 1993 and that Cordance was diligent in reducing the invention to practice from a time prior to Amazon's 1995-96 shopping cart system – the only prior art asserted by Amazon against the '710 Patent. Mr. Reed testified that he conceived of the invention of the '710 Patent in 1993, and his testimony was corroborated by documentary

evidence. (See, e.g., PX775). Mr. Reed also testified that Cordance was diligent in reducing the invention to practice from a time prior to Amazon's 1995-96 shopping cart system.

Because a reasonable jury could have found that the date of invention of Cordance's '710 Patent was prior to the only asserted item of prior art, a new trial is needed to allow a jury to determine the validity of claims 1, 2, 3, 5, 7, 8, and 9 of the '710 Patent.

###### E.    The Court Erred in Precluding Drummond Reed from Testifying Concerning the Written Description Support for the '710 Patent

The Court precluded Drummond Reed from testifying concerning the written description support for the '710 Patent. (D.I. 416 at 136:9-24). In criticizing a district court for excluding an inventor's testimony, the Federal Circuit has stated that an "inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims." Voice Techs. Group, Inc. v. VMC Sys., Inc., 164 F.3d 605, 615-16 (Fed. Cir. 1999). As Cordance was prevented from presenting to the jury material and credible evidence by the inventor himself concerning the validity of the '710 Patent, a new trial is needed to allow a jury to hear all of the evidence in determining the validity of claims 1, 2, 3, 5, 7, 8, and 9 of the '710 Patent.

### III.   CONCLUSION

For the foregoing reasons, the Court should enter judgment as a matter of law that (1) Amazon infringes claims 109, 112, 119, and 124 of the '325 Patent; (2) Amazon infringes claims 50, 74, and 96 of the '717 Patent; (3) Amazon infringes claims 2 and 9 of the '710 Patent; and (4) claims 1, 2, 3, 5, 7, 8, and 9 of the '710 Patent are not invalid.

In the alternative, the Court should grant a new trial to allow a jury to determine whether (1) Amazon infringes claims 109, 112, 119, and 124 of the '325 Patent; (2) Amazon infringes

claims 50, 74, and 96 of the '717 patent; (3) Amazon infringes claims 2 and 9 of the '710 Patent; and (4) claims 1, 2, 3, 5, 7, 8, and 9 of the '710 Patent are not invalid.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

Of Counsel:

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
joneill@wolfgreenfield.com

Dated: September 23, 2009

{00335206;v1}

# EXHIBIT A

# EXHIBIT REDACTED

# EXHIBIT B

# EXHIBIT REDACTED

# EXHIBIT C

# EXHIBIT REDACTED

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-491-MPT |
| v. | ) | |
| | ) | |
| AMAZON.COM, INC. and | ) | |
| AMAZON WEB SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**CORDANCE'S MOTION FOR JUDGMENT
AS A MATTER OF LAW THAT THE '325 AND '717 PATENTS ARE NOT INVALID**

JMOL is appropriate if, "during a trial by jury a party has been fully heard on an issue
and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on
that Issue . . . ." Fed. R. Civ. P. 50(a).  The Court must "examine the evidence and all fair
inferences in the light most favorable to the [non-moving party] and may not consider the
credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence."
Guilloty Perez v. Pierluisi, 339 F.3d 43, 50 (1st Cir. 2003) (citations omitted); see also Viskase
Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1325-26 (Fed. Cir. 2001).  "Nevertheless, if the
non-moving party has the burden of proof in the underlying case, that party must have presented
more than a mere scintilla of evidence in its favor to withstand judgment as a matter of law." Id.
(citations and internal quotations omitted).

A party seeking to establish that patent claims are invalid must overcome the statutory
presumption of validity set forth in 35 U.S.C. § 282 by clear and convincing evidence. Nystrom
v. TREX, Co., Inc., 424 F.3d 1136, 1149 (Fed. Cir. 2005).  This presumption of validity exists at
every stage of the litigation. Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc., 134 F.3d 1985,

1088 (Fed. Cir. 1998), and "is never annihilated, destroyed or even weakened regardless of what

facts are of record." <u>ACS Hosp. Sys., Inc. v. Montefiore Hosp.</u>, 732 F.2d 1472, 1574-75 (Fed.

Cir. 1984). Moreover, "the validity of each claim must be considered separately." <u>800 Adept,</u>

<u>Inc. v. Murex Securities, Ltd.</u>, 539 F.3d 1354, 1368 (Fed. Cir. 2008) (citations omitted).

**I.    The Lone Asserted Reference**

1.    Amazon alleges that an early version of its Customer Review System anticipates certain

claims of the '325 and '717 Patents. Its sole support for anticipation is the opinion

testimony of Dr. Lorenzo Alvisi.

**II.   Amazon Has Failed to Introduce Evidence That the Limitations of
Claims 112, 119, and 124 of the '325 Patent are Present in the Asserted Prior Art**

2.    Amazon introduced no evidence that Claim 112 is invalid. JMOL of validity must

therefore be granted with regard to this claim.

3.    Claim 119 reads: "The computer-based communication method of claim 109, wherein

said processing step further includes the step of translating said information according to

a selected markup language based upon processing of said control structure."

4.    The testimony of Dr. Alvisi at trial does not indicate that the Amazon Feedback System

translated information with HTML as required by the claim, Dr. Alvisi merely says it

used HTML without specifying how or for what purpose or effect.

5.    Claim 124 reads: "The computer-based communication method of claim 109, wherein

said metadata includes link metadata associating a portion of secondary information

stored at a location separate from said provider memory and said consumer memory, and

wherein said processing step includes processing said link metadata to transfer said

portion of said secondary information to at least one of said provider memory and said

consumer memory."

6.      Dr. Alvisi testified only that the Asserted Customer Review System included link metadata, failing to discuss any secondary information stored at a location separate from the provider memory and consumer memory, or any association or transfer of said secondary information.

**III.    The Challenged Claims of the '325 Patent are not Anticipated**

**Claim 109**

7.      The asserted Customer Review System did not use cookies to identify the customer submitting feedback. See Testimony of Dr.Alvisi and Paul Davis.

8.      Thus, the system did not create "metadata describing associations with portions of said information" as required by Claim 109. See Testimony of Dr. Alvisi and Paul Davis.

9.      The system did store consumer information in a consumer memory and transfer feedback information including at least a portion of the consumer information as required by Claim 109. See Testimony of Dr. Dr. Alvisi and Paul Davis.

10.     Thus, the system also did not meet this limitation of Claim 109. See Testimony of Dr.Alvisi and Paul Davis.

**Claim 119**

11.     Amazon has identified nothing in an HTML header or otherwise that a remote computer could have processed to determine a markup language to use to translate the received information.

**Claim 124**

12.     Amazon has not identified any link metadata that would have the functionality described in the claim.

{00323304;v1}

3

**IV.    The Claims of the '325 Patent are not Obvious**

13.    Amazon has not introduced any evidence that any of the claims of the '325 Patent are

obvious.

**V.    Amazon's Conclusory and "Practicing the Prior Art" Arguments
Do Not Prove Anticipation of Claims 50, 51, or 74 of the '717 Patent**

14.    Amazon's argumentation and evidence speaking to Claims 50 and 74 of the '717 Patent

are conclusory and take the form of a legally inadequate assertion that Amazon is

"practicing the prior art." See Zenith Electronics v. PDI Communications Systems, 522

F.3d 1348, 1363 (Fed. Cir. 2008).

15.    The testimony purporting to establish that Claim 50 is anticipated consists of the

following:

> **Q.**    Does your analysis of the prior art review system
> with respect to Dr. Shamos's contentions apply to Claim 50
> as well?
> **A.**    Yes.  Yes, for the reasons that I just described
> before for Claim 109.
> **Q.**    And that also apply to these claims that depend from
> Claim 50 of the '717 patent?
> **A.**    Yes.

> Testimony of Dr. Alvisi, at 1729.

16.    The testimony purporting to establish that Claim 51 is anticipated consists of the

following:

> **Q.**    So if you look at Claim 51, if Dr. Shamos's mapping
> of the current system is right and that a "method=post"
> associates is enough for the metadata, would Claim 51 also,
> would that analysis also apply to the prior art Amazon
> feedback system?
> **A.**    The prior art Amazon feedback system used
> "method=post", so if "method=post" is enough, that is what
> Amazon was using already.

> Testimony of Dr. Alvisi, at 1731-32.

17.     The testimony purporting to establish that Claim 74 is anticipated consists of the

following:

> **Q.** Okay. So if we move on to Claim 74, again, this is
> talking about processing the metadata, right? So if the
> same "method=post" metadata was used in the prior art
> feedback system, would Dr. Shamos's analysis apply to the
> prior art system as well with respect to?
> THE WITNESS: I promise you, we are not going to
> go through this again. (Nagano Olympics slide shown on
> screen.)
> MR. HADDEN: No, we won't do that.
> BY MR. HADDEN:
> **Q.** Would the same analysis apply to the prior art
> testimony with respect to Claim 74?
> **A.** Yes, it would.

Testimony of Dr. Alvisi, at 1732.

## VI.    The Challenged Claims of the '717 Patent are not Anticipated

### Claim 50 and Dependent Claims

18.     The discussion with respect to Claim 109 applies equally to Claim 50.   Dr.Alvisi and

Paul Davis.

19.     The system did not create metadata associating portions of said information and defining

a control structure, and did not transfer feedback information including at least a portion

of the information stored at the node that transfers the feedback information, as claimed.

20.     Since Claim 50 is not anticipated, neither are its dependent claims. Dr.Alvisi and Paul

Davis.

## The Claims of the '717 Patent are not Obvious Over the Asserted Prior Art

Amazon has not introduced any evidence that any of the claims of the '717 Patent are obvious.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
joneill@wolfgreenfield.com

Dated: August 13, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2009, the attached **MOTION FOR**

**JUDGMENT AS A MATTER OF LAW THAT THE '325 AND '710 PATENTS ARE NOT**

**INVALID** was served upon the below-named counsel of record at the addresses and in the

manner indicated:


Richard L. Horwitz, Esquire                              HAND DELIVERY
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Lynn H. Pasahow, Esquire                                 VIA ELECTRONIC MAIL
Fenwick & West LLP
801 California Street
Mountain View, CA  94041



/s/ Tiffany Geyer Lydon
_____
Tiffany Geyer Lydon

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-491-MPT |
| v. | ) | |
| | ) | |
| AMAZON.COM, INC. and | ) | |
| AMAZON WEB SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR JUDGMENT
## AS A MATTER OF LAW THAT THE '710 PATENT IS NOT INVALID

JMOL is appropriate if, "during a trial by jury a party has been fully heard on an issue

and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on

that Issue . . . ." Fed. R. Civ. P. 50(a).  The Court must "examine the evidence and all fair

inferences in the light most favorable to the [non-moving party] and may not consider the

credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence."

Guilloty Perez v. Pierluisi, 339 F.3d 43, 50 (1st Cir. 2003) (citations omitted); see also Viskase

Corp. v. Am. Nat'I Can Co., 261 F.3d 1316, 1325-26 (Fed. Cir. 2001).  "Nevertheless, if the

non-moving party has the burden of proof in the underlying case, that party must have presented

more than a mere scintilla of evidence in its favor to withstand judgment as a matter of law."  Id.

(citations and internal quotations omitted).

A party seeking to establish that patent claims are invalid must overcome the statutory

presumption of validity set forth in 35 U.S.C. § 282 by clear and convincing evidence.  Nystrom

v. TREX, Co., Inc., 424 F.3d 1136, 1149 (Fed. Cir. 2005).  This presumption of validity exists at

every stage of the litigation.  Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc., 134 F.3d 1985,

1088 (Fed. Cir. 1998), and "is never annihilated, destroyed or even weakened regardless of what

facts are of record." ACS Hosp. Sys., Inc. v. Montefiore Hosp., 732 F.2d 1472, 1574-75 (Fed.

Cir. 1984). Moreover, "the validity of each claim must be considered separately." 800 Adept,

Inc. v. Murex Securities, Ltd., 539 F.3d 1354, 1368 (Fed. Cir. 2008) (citations omitted).

**I.**     **Amazon Has Not Shown by Clear and Convincing Evidence
           That the Amazon Shopping Cart Renders Obvious Any Claim of the '710 Patent**

1.      Amazon introduced no obviousness testimony with respect to any claim but Claim 6.

2.      The entirety of Amazon's obviousness testimony consisted of the following:

> **Q.**    Professor, going back to Amazon's 1995 shopping cart
> system, now, at that point, Amazon was not selling other
> people's goods; is that right?
> **A.**    That's correct.
> **Q.**    Okay.  But could Amazon have used the same shopping
> cart technology that it used to sell its products to sell
> third-party products?
> **A.**    Yes.
> **Q.**    And if so, would it have been obvious to one of skill
> in the art in 1995 to do what is claimed in Claim 6 here?
> **A.**    I believe.

Testimony of Dr. Alvisi, at 1775.

3.      This testimony was conclusory and cannot support a finding of invalidity because it

failed to explain **how** or **why** a person having skill in the art would find the claim obvious in

light of the prior art. Innogenetics, N.V. v. Abbott Labs., 512 F.3d 1363, 1373 (Fed. Cir. 2008).

**II.**    **Amazon Has Not Shown by Clear and Convincing Evidence
           That Any Claim of the '710 Patent is Anticipated by the Amazon Shopping Cart**

4.      Amazon did not introduce **any** testimony that Claim 9 of the '710 Patent is anticipated.

5.      Amazon introduced only the following testimony regarding anticipation of Claims 7 & 8:

> **Q.**    If we look at Claim 10,[1] sir, do you recall,
> Dr. Alvisi, Claim 10 is parallel to Claim 1, but it has this
> provider of information and consumer information.

---

[1] Giving Amazon the benefit of the doubt, the reference to non-existent Claim 10 likely refers to
Claim 7, the second independent claim of the '710 Patent.

{00323301;v1}

Do you recall that?
**A.** Yes.
**Q.** And did Dr. Shamos essentially provide the same
analysis of Amazon's current 1-click system with respect to
Claim 7?
**A.** That's my understanding of his analysis.
**Q.** And if you provide -- if you performed the same
analysis with respect to Amazon's prior art shopping, would
it also meet the limitations of Claim 7?
**A.** I think it would.
**Q.** If we go -- now, Claim 8 is another one of these
dependent claims.
Would Amazon's prior art shopping cart, as
analyzed by Dr. Shamos, also meet the requirements of Claim
8?
**A.** Yes.

Testimony of Dr. Alvisi, at 1775-76.

6.     This testimony is conclusory and cannot support a finding of anticipation.

7.     Amazon's testimony with regard to dependent claims 3 and 5 is also deficient, because it

fails to explain how the elements of the claims are met:

**Q.**   Now, if Dr. Shamos is right, an identifier of the
customer is sufficient and an e-mail thank you is sufficient
to complete an order, would the prior art Amazon system also
meet the requirements of claim three?
**A.**   Yes, they would also meet the requirements of claim
three.
**Q.**   And how about Claim 5?
**A.**     Yes, they would also meet the requirements of Claim 5.

Testimony of Dr. Alvisi, at 1770-71.

**III.     Claim 1 and its Dependent Claims are Not Anticipated**

8.     The Court has construed "indication to initiate" as "message to start processing."

9.     Amazon starts processing a purchase transaction in response to receiving the customer's

"Add to Cart" click.  Testimony of Dr. Shamos.

10.     A customer using Amazon's shopping cart system has to perform many steps to purchase an item: placing the item in the cart, clicking a button to proceed to checkout, and followed by additional confirmation or information-entering steps.  Testimony of Dr. Shamos; Dr. Alvisi and Paul Davis.

11.     These steps each require human input from the customer.  Testimony of Dr. Shamos;  Dr. Alvisi and Paul Davis.

12.     Amazon's shopping cart does not automatically complete the purchase of an item in response to receiving an indication to initiate a purchase transaction.  Testimony of Dr. Shamos; Dr. Alvisi and Paul Davis.

13.     Thus, neither claim 1 nor any of its dependent claims has been shown to be invalid.

14.     Amazon presented no testimony that its shopping cart system anticipates claim 6.

**IV.    Claim 7 and its Dependent Claims are Not Anticipated**

15.     The Court has construed "indication to complete" as "message to complete."

16.     Amazon starts completing a purchase transaction in response to receiving the customer's "Proceed to Checkout" click.  Testimony of Dr. Shamos.

17.     A customer using Amazon's shopping cart system has to perform many steps to purchase an item, starting with placing the item in the cart, clicking a button to proceed to checkout, and followed by additional confirmation or information-entering steps.  Testimony of Dr. Shamos; Dr. Alvisi and Paul Davis.

18.     These steps each require human input from the customer.  Testimony of Dr. Shamos; Dr. Alvisi and Paul Davis.

19.     The system does not automatically complete the purchase of an item in response to receiving an indication to complete a purchase transaction.  Testimony of Dr. Shamos; Dr. Alvisi and Paul Davis.

20.     Thus, neither claim 7 nor any of its dependent claims has been shown to be invalid.

**V.      Amazon's Defense That It is Practicing the Prior Art is Inadequate**

21.     "[A]nticipation cannot be proved by merely establishing that one 'practices the prior art,'" and that "mere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity." Zenith Electronics v. PDI Communications Systems, 522 F.3d 1348, 1363 (Fed. Cir. 2008).

22.     Therefore Amazon's testimony purporting to show that its present system behaves in the same way as its earlier system is insufficient to carry its burden of showing invalidity.

**VI.     Amazon Has Not Shown a Lack of Written Description**

23.     The sections of the specification supporting the claims are identified in Exhibit A and were elaborated upon in the Testimony of Dr. Shamos, Dr. Alvisi, Drummond Reed and Steve Mushero at trial.

24.     Amazon's presentation of a selectively-edited fraction of the supporting sections identified by Cordance cannot support a finding by clear and convincing evidence that the claims are not described in the specification.

{00323301;v1}

5

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Cordance Corporation*

*Of Counsel:*

Michael A. Albert
Robert M. Abrahamsen
Jeffrey C. O'Neill
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
joneill@wolfgreenfield.com

Dated: August 13, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2009, the attached **MOTION FOR**

**JUDGMENT AS A MATTER OF LAW THAT THE '710 PATENT IS NOT INVALID** was

served upon the below-named counsel of record at the addresses and in the manner indicated:

Richard L. Horwitz, Esquire                                    HAND DELIVERY
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Lynn H. Pasahow, Esquire                                    VIA ELECTRONIC MAIL
Fenwick & West LLP
801 California Street
Mountain View, CA  94041


                                    */s/ Tiffany Geyer Lydon*
                                    _____
                                    Tiffany Geyer Lydon

# EXHIBIT A

## WRITTEN DESCRIPTION FOR CLAIMS OF THE '710 PATENT

| CLAIM | CLAIM ELEMENTS | WRITTEN DESCRIPTION SUPPORT | | SUPPORTING TESTIMONY |
|---|---|---|---|---|
| | | Written Description Support in the '710 Specification | Written Description Support in the '205 Specification | |
| 710 | A computer implemented method | | | |
| 1P | | | | |
| 1a | providing customer data storing information for a customer usable to automatically complete an on-line purchase of an item from a seller; | 1:50-57; 14:30-32; 14:35-41; 16:38-23:62; 67:17-79:52; 119:41-121:20; 121:39-48; 122:9-35 (and figures referenced therein) | 1:35-40; 10:39-42; 10:48-54; 12:38-18:11; 41:25-35 (and figures referenced therein) | Alvisi Trial Testimony, at 1777-84, 1791-96; Mushero Trial Testimony, at 334-337; Reed Trial Testimony, at 559-567, 655-58; DTX151; DTX1844; PX367. |
| 1b | providing the customer with information from the seller with respect to an item; | 1:54-57; 2:47-3:3; 3:46-67; 14:32-49; 26:56-27:32; 38:60-62; 62:46-67:16; 102:39-105:64; 113:65-119:25; 121:21-31 (and figures referenced therein) | 1:37-40; 2:4-41; 10:47-62; 20:4-38; 32:31-33; 34:14-37:12; 41:9-25 (and figures referenced therein) | Alvisi Trial Testimony, at 1777-84, 1791-96; Reed Trial Testimony, at 559-567, 655-58; DTX151; DTX1844; PX367. |
| 1c | receiving from the customer an indication to initiate a purchase transaction for purchasing the item including metadata associating said customer data with said transaction; | 1:54-57; 2:47-3:3; 3:46-67; 14:24-49; 14:64-16:13; 17:62-19:32; 14:64-16:13; 22:5-34; 23:63-24:28; 42:49-44:23; 67:18-79:52; 119:26-123:28 (and figures referenced therein) | 1:37-40; 2:4-41; 10:39-62; 11:1-12:15; 13:56-15:12;16:54-17:4; 24:24-52; 40:59-41:67 (and figures referenced therein) | Alvisi Trial Testimony, at 1777-84, 1791-96; Mushero Trial Testimony, at 334-337; Reed Trial Testimony, at 559-567, 655-58; DTX151; DTX1844; PX367. |
| 1d | in response to the received indication, automatically completing the purchase of an item from the seller by processing said metadata associating said customer data so as to complete the purchase | 9:33-40; 14:24-60; 16:5-13; 17:62-19:44; 23:63-24:28; 42:49-44:23; 55:46-59:6; 67:18-79:52; 95:13-99:60; 102:39-105:64; 113:65-123:28 (and figures referenced therein) | 10:39-60; 12:7-15; 13:56-15:12; 24:24-52; 37:13-62; 40:59-41:67 (and figures referenced therein) | Alvisi Trial Testimony, at 1777-84, 1791-96; Mushero Trial Testimony, at 334-337; Reed Trial Testimony, at 559-567, 655-58; DTX151; DTX1844; PX367. |
| 2 | The computer implemented method of claim 1, wherein the customer data is maintained as an object. | 16:38-46; 17:30-23:62; 119:41-121:20; 121:42-48 (and figures referenced therein) | 12:39-60; 13:28-18:12 (and figures referenced therein) | Alvisi Trial Testimony, at 1777-84, 1791-96; Reed Trial Testimony, at 559-567, 655-58; DTX151; DTX1844; PX367. |

| CLAIM | CLAIM ELEMENTS | WRITTEN DESCRIPTION SUPPORT | | SUPPORTING TESTIMONY |
|---|---|---|---|---|
| | | Written Description Support in the '710 Specification | Written Description Support in the '205 Specification | |
| 3 | The method of claim 1 wherein processing said metadata includes processing said metadata to retrieve at least a portion of said customer data from an associated data store for use in | 9:33-40; 14:24-60; 16:5-13; 17:62-19:44; 23:63-24:28; 42:49-44:23; 55:46-59:6; 67:18-79:52; 95:13-99:60; 102:39-105:64; 113:65-123:28 (and figures referenced | 10:39-62; 12:7-15; 13:56-15:12; 24:24-52; 37:13-62; 40:59-41:67 (and figures referenced therein) | Alvisi Trial Testimony, at 1777-84, 1791-96; Reed Trial Testimony, at 559-567, 655-58; DTX151; DTX1844; PX367. |
| 5 | The method of claim 1 wherein the customer data is retrieved from a computer of the seller. | 16:64-17:8; 40:52-67; 53:1-7; 53:12-18; 128:52-57; 212:15-213:20 (and figures referenced therein) | 12:64-13:13; 39:5-15 (and figures referenced therein) | Alvisi Trial Testimony, at 1777-84, 1791-96; Reed Trial Testimony, at 559-567, 655-58; DTX151; DTX1844; PX367. |
| 6 | The method of claim 1 wherein the customer data is retrieved from a third | 113:65-123:28 (and figures referenced therein) | 42:1-50 (and figures referenced therein); Fig. 1 and 14:59-60 | Alvisi Trial Testimony, at 1777-84, 1791-96; Reed Trial Testimony, at 559-567, |
| 7 | A computer implemented method | | | |
| 7a | providing information provider data storing information for an information provider usable to automatically complete a proposed on-line transaction, including metadata associating said information | 1:50-57; 14:30-32; 14:35-41; 16:38-23:62; 67:17-79:52; 119:41-121:20; 121:39-48; 122:9-35 (and figures referenced therein) | 1:35-40; 10:39-42; 10:48-54; 12:38-18:11; 41:25-35 (and figures referenced therein) | Alvisi Trial Testimony, at 1777-84, 1791-96; Reed Trial Testimony, at 559-567, 655-58; DTX151; DTX1844; PX367. |
| 7b | providing the information provider with information from an information consumer with respect to a proposed transaction; | 1:54-57; 2:47-3:3; 3:46-67; 14:32-49; 26:56-27:32; 38:60-62; 62:46-67:16; 102:39-105:64; 113:65-119:25; 121:21-31 (and figures referenced | 1:37-40; 2:4-41; 10:47-62; 20:4-38; 32:31-33; 34:14-37:12; 41:9-25 (and figures referenced therein) | Alvisi Trial Testimony, at 1777-84, 1791-96; Reed Trial Testimony, at 559-567, 655-58; DTX151; DTX1844; PX367. |
| 7c | receiving from the information provider an indication to complete the proposed transaction; | 1:54-57; 2:47-3:3; 3:46-67; 14:24-49; 14:64-16:13; 17:62-19:32; 14:64-16:13; 22:5-34; 23:63-24:28; 42:49-44:23; 67:18-79:52; 119:26-123:28 (and figures referenced therein) | 1:37-40; 2:4-41; 10:39-62; 11:1-12:15; 13:56-15:14; 16:54-17:4; 24:24-52; 40:59-41:67 (and figures referenced therein) | Alvisi Trial Testimony, at 1777-84, 1791-96; Reed Trial Testimony, at 559-567, 655-58; DTX151; DTX1844; PX367. |

| CLAIM | CLAIM ELEMENTS | WRITTEN DESCRIPTION SUPPORT | | SUPPORTING TESTIMONY |
|---|---|---|---|---|
| | | Written Description Support in the '710 Specification | Written Description Support in the '205 Specification | |
| 7d | in response to the received indication, automatically completing the purchase of an item from the information consumer by accessing the information provider data to retrieve the information and process the retrieved information by processing said metadata associating said information with the proposed transaction so as to complete the | 9:33-40; 14:24-60; 16:5-13; 17:62-19:44; 23:63-24:28; 42:49-44:23; 55:46-59:6; 67:18-79:52; 95:13-99:60; 102:39-105:64; 113:65-123:28 (and figures referenced therein) | 10:39-62; 12:7-15; 13:56-15:12; 24:24-52; 37:13-62; 40:59-41:67 (and figures referenced therein) | Alvisi Trial Testimony, at 1777-84, 1791-96; Reed Trial Testimony, at 559-567, 655-58; DTX151; DTX1844; PX367. |
| 8 | The method of claim 7 wherein the information provider data is stored in a computer of the information consumer. | 16:64-17:8; 40:52-67; 53:1-7; 53:12-18; 128:52-57; 212:15-213:20 (and figures referenced therein) | 12:64-13:13; 39:5-15 (and figures referenced therein) | Alvisi Trial Testimony, at 1777-84, 1791-96; Reed Trial Testimony, at 559-567, 655-58; DTX151; DTX1844; PX367. |
| 9 | The computer implemented method of claim 7, wherein the information provider data is maintained as an object. | 16:38-46; 17:30-23:62; 119:41-121:20; 121:42-48 (and figures referenced therein) | 12:39-60; 13:28-18:12 (and figures referenced therein) | Alvisi Trial Testimony, at 1777-84, 1791-96; Reed Trial Testimony, at 559-567, 655-58; DTX151; DTX1844; PX367. |