

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

March 10, 2010

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    Cordance Corp. v. Amazon.com, Inc.,
              C.A. No. 06-491-MPT

Dear Magistrate Judge Thynge:

      The parties have not reached an agreement relating to the resolution of the remaining issues before the jury verdict and the Court's Order relating to Cordance's Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial can be certified as final for appeal. This letter outlines the parties' respective proposals.

**Cordance's Proposal[1]**

Because three separate issues remain to be resolved in this litigation, the Federal Circuit would refuse to hear an appeal of this case, and would send the case back to this Court for further proceedings. With limited exceptions, Congress has granted jurisdiction to the circuit courts to hear appeals only of *final* judgments. 28 U.S.C. § 1295. The Court's judgment that Amazon infringes Cordance's U.S. Patent No. 6,757,710 is not final because (1) Cordance's request for injunctive relief (in the form of an injunction or compulsory license) is pending, (2) Amazon's equitable defenses are pending, and (3) Cordance's request for damages is pending.

Although the Federal Circuit may hear appeals in patent cases where judgment "is final except for an accounting," 28 U.S.C. § 1292(c)(2), the law is clear that this exception does not apply here because equitable relief (and equitable defenses) remain pending. Numerous recent Federal Circuit panels have dismissed appeals as premature where equitable relief is pending. *See Bard*

---

[1] Cordance's understanding of the February 26, 2010 hearing is that the Court only wanted the parties to file their proposed schedules by today – not arguments. Accordingly, Cordance asked Amazon to refrain from including legal arguments in this filing, but Amazon refused to do so. Cordance is thus also including a summary of its arguments in support of its proposed schedule. A more detailed position is set forth in D.I. 519.

*Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 346 Fed. Appx. 580 (Fed. Cir. 2009) (dismissing appeal where request for compulsory license was pending); *Advanced Cardiovascular Systems, Inc. v. Medtronic Vascular, Inc.*, 231 Fed. Appx. 962 (Fed. Cir. 2007) (dismissing appeal where request for injunction was pending); *Schwarz Pharma, Inc. v. Teva Pharmaceuticals USA, Inc.*, 132 Fed. Appx. 369 (Fed. Cir. 2005) (same).

Further, an underlying jury verdict on past damages will facilitate the Court's determination of an appropriate compulsory license. *See Creative Internet Advertising Corp. v. Yahoo Inc.*, __ F. Supp. 2d __, 2009 WL 4730622, at *10-12 (E.D. Tex. 2009) (stating that the "Federal Circuit has instructed that post-verdict infringement should typically entail a higher royalty rate than the reasonable royalty found at trial"); Cordis Corp. v. Boston Scientific Corp., 2010 WL 331792, at * 3 (D. Del. 2010) (Robinson, J.) (looking to evidence from damages jury trial to shed light on appropriate calculation of ongoing royalty rate).

Contrary to Amazon's suggestion, this Court cannot simply deny without prejudice Cordance's request for a permanent injunction or, in the alternative, a compulsory license. In the one case cited by Amazon, *Praxair Inc. v. ATMI, Inc.*, the court did not do what Amazon suggests. Rather, the court considered the plaintiff's request for a permanent injunction *on the merits*. 479 F.Supp.2d 440 (D. Del. 2007). Moreover, unlike here, the plaintiff in *Praxair* did not seek a compulsory license. Nothing in *Praxair* suggests that a district court may disregard the merits of a request for a permanent injunction or compulsory license, even if it would purportedly conserve judicial resources; and indeed the law is clear that once a finding of infringement and validity has been made, as here, the patentee is entitled to equitable relief and appellate jurisdiction will not lie until that issue is resolved. *See Bard*, 346 Fed. Appx. 580; *Advanced Cardiovascular System*, 231 Fed. Appx. 962; *Schwarz Pharma*, 132 Fed. Appx. 369.

Accordingly, to resolve the remaining issues in this case, Cordance proposes that the Court set aside one trial week, at its next available convenience, to be allocated as follows:

1. A three-day jury trial on damages; followed immediately by;

2. A one-day bench trial on Amazon's equitable defenses; followed immediately by;

3. A hearing to determine the form of any equitable relief to which Cordance is entitled;

4. Any appeal a party wishes to bring may be filed thereafter.

**Amazon's Proposal**

As Amazon intends to explain in its letter brief to be filed on March 12, 2010, the Court does not need to conduct a jury trial on damages before the parties appeal the liability issues to the United States Court of Appeals for the Federal Circuit. A damages trial before the appeal is unnecessary for appellate jurisdiction. 28 U.S.C. §1292(c)(2); *Majorette Toys (U.S.) Inc. v. Darda, Inc. U.S.A.*, 798 F.2d 1390, 1391 (Fed. Cir. 1986) ("[A]n appeal can come to this Court under

§1292(c)(2) after validity and infringement are determined but prior to determining damages"); *Randall May Intern., Inc. v. DEG Music Products, Inc.*, 2009 WL 2355838, at * 1 (Fed. Cir. July 30, 2009) ("Hence it is clear that the purpose of the legislation, [28 U.S.C.] §1292(c)(2), allowing interlocutory appeals in patent cases, was to *permit* a stay of a damages trial.") (internal citations omitted). It would also be a waste of judicial resources. Cordance will be appealing the jury's finding of non-infringement of the '325 and '717 patents whereas Amazon will appealing the Court's JMOL of non-invalidity of the '710 patent. Appellate review of these liability issues will in all likelihood either render the jury damages trial moot or change its scope (e.g., the accused features on which damages may be awarded) requiring it to be re-done after the Federal Circuit renders its decision.

Before the issues can be certified as final for the purposes of the appeal, however, the Court should address the remaining equitable issues: Cordance's request for a permanent injunction or in the alternative a compulsory license, and Amazon's inequitable conduct and patent misuse defenses.

With respect to Cordance's request for a permanent injunction or in the alternative a compulsory license, a determination of any ongoing royalty to be imposed upon Amazon will be framed by the scope of activities found ultimately to be infringing and the amount of any royalty rate determined at the jury damages trial—a waste of judicial resources before the appellate review of the liability issues. The final resolution of this issue, however, is not necessary before the judgment can be certified as final. As will be explained in more detail in Amazon's letter brief, the Court can deny Cordance's request for a permanent injunction or in the alternative a compulsory license at this time and allow Cordance to renew its motion following the appellate review of the jury verdict and the Court's Order relating to Cordance's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial. *See, e.g., Praxair, Inc. v. ATMI, Inc.*, 479 F.Supp. 2d 440 (D. Del. 2007).

Therefore, in sum, the Court need only address the equitable issues (both Cordance's and Amazon's) in advance of certifying any claims for appeal. The Court need not hold a jury trial on damages in advance of such certification and, indeed, it would be wasteful to do so.

As for the length of the bench trial, by its March 13, 2009 Order (D.I. 371) the Court has already directed a two-day bench trial on Amazon's equitable defenses and Amazon agrees that two days is the appropriate length. Amazon respectfully requests that such two day trial be held before June 8, 2010 as Amazon's technical expert Dr. Alvisi is teaching in China and thus unavailable from June 8 until September 15, 2010.

Thus, Amazon proposes the following schedule:

    1)    A two day bench trial on Amazon's equitable defenses to be held before June 8, 2010;

    2)    Followed by a hearing on Cordance's request for equitable relief;

The Honorable Mary Pat Thynge
March 10, 2010
Page 4


   3)    Appeals may be filed thereafter.

|  |  |
|---|---|
|  | Respectfully, |
| ASHBY & GEDDES | POTTER ANDERSON & CORROON LLP |
| By:  /s/ Tiffany Geyer Lydon<br>Steven J. Balick (#2114)<br>John G. Day (#2403)<br>Tiffany Geyer Lydon (#3950)<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19899<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>tlydon@ashby-geddes.com | By:  /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| *Attorneys for Plaintiff Cordance Corporation* | *Attorneys for Defendants*<br>*Amazon.com, Inc. and*<br>*Amazon Web Services, LLC* |

DEM:nmt/956663/30763

cc:    Clerk of Court (via hand delivery)