## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CORDANCE CORPORATION,               )
                                    )
            Plaintiff,              )
                                    )        C.A. No. 06-491-MPT
        v.                          )
                                    )
AMAZON.COM, INC.,                   )
                                    )
            Defendant.              )


## AMAZON.COM'S MEMORANDUM IN SUPPORT OF ITS PROPOSED SCHEDULE


OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated: March 12, 2010
957124 / 30763

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Amazon.com, Inc.*

## I.    INTRODUCTION

Asking the Court to conduct a costly and time-consuming damages jury trial before the liability issues are resolved by the Federal Circuit is both procedurally unnecessary and a waste of judicial resources.  A damages trial is not needed in order to ensure jurisdiction in the Federal Circuit.  Specifically, section1292(c)(2) grants the Federal Circuit jurisdiction to hear patent infringement claims that are final "except for an accounting."  28 U.S.C. §1292(c)(2); *Randall May Int'l, Inc. v. DEG Music Prods., Inc.*, Civ. No. 2009-1367, 2009 WL 2355838, at * 1 (Fed. Cir. July 30, 2009) ("Hence it is clear that the purpose of the legislation, [28 U.S.C.] §1292(c)(2), allowing interlocutory appeals in patent cases, was to permit a stay of a damages trial.") (internal citations omitted).  Section 1292(c)(2) expressly authorizes district courts to defer a separate jury trial on damages until after the parties have appealed and finalized the judgment on liability.  Indeed, this practical approach has been widely adopted by judges in this District.

Cordance proposes that the Court break from this regular practice and conduct a three-day jury trial now.  Cordance maintains that such an approach is required because its request for a compulsory license could be influenced by the Court's determination of past damages.  D.I. 519 at 9.  A damages jury trial, however, is not a necessary predicate to the Court's ruling on a request for equitable relief (i.e., a request for a permanent injunction or in the alternative a compulsory license) and Cordance has not pointed to a single case suggesting otherwise.  To the contrary, judges in this District routinely bifurcate the liability and damages phases[1] *and* address

---

[1] *See e.g., ITT Mfg. Enter., Inc. v. Cellco P'Ship*, C.A. No. 09-cv-00190-JJF-LPS, D.I. 68 at 39 (Transcript) (D. Del. July 9, 2009) (separating damages discovery and trial from liability discovery and trial) (Exh. A, attached hereto); *Network Gateway Solutions, LLC v. Adtran, Inc., et al.*, C.A. No. 09-667-JJF, D.I. 81 at 11 (Scheduling Order) (separating damages discovery and trial liability discovery and trial, and noting that a separate schedule governing damages will issue) (Exh. B, attached hereto).

requests for permanent injunctions prior to resolving damages issues —recognizing that it is the most efficient use of the Court's resources. Indeed, in the post *eBay* era, now that requests for a compulsory license are routine, when damages are bifurcated for post appeal resolution a frequent course is for the Court to rule on the request for permanent injunction and if it is denied, deny the alternative request for compulsory license without prejudice to be revisited after the appeal on liability issues and a subsequent jury damage trial if required.[2] *See, e.g., IMX, Inc. v. LendingTree, LLC,* 469 F. Supp. 2d 203, 226-27 (D. Del. 2007); *see also Cordis Corp. v. Boston Sci. Corp.,* 431 F. Supp. 2d 461, 465 (D. Del. 2006).

Accordingly, Amazon.com, Inc. ("Amazon") respectfully requests that the Court proceed as follows:

- The Court conducts a 2-day bench trial on Amazon's equitable defenses;[3]

- The parties brief and the Court rules on Cordance's claims for injunctive relief;

- The parties proceed with their appeals to the Federal Circuit.

Such a schedule serves the interests of judicial economy, as well as the interest of the parties, in that it is a waste of time and resources to conduct a lengthy and costly damages jury trial while the ultimate issues of liability remain in flux. Accordingly, Amazon respectfully requests that the Court adopt its proposed schedule in order to allow the parties to appeal the liability issues.

---

[2] Alternatively, if the Court is unsure whether Cordance is entitled to a permanent injunction based on the current record, the request for permanent injunction could also be denied without prejudice pending the appeal on liability. *See, e.g., Praxair, Inc. v. ATMI, Inc.,* 479 F. Supp. 2d 440, 444 (D. Del. 2007) (denying request for permanent injunction without prejudice where plaintiff had not demonstrated why damages for future infringement would not be adequate), *aff'd in part and rev'd in part* 543 F.3d 1306 (Fed. Cir. 2008). However, since it is unlikely Cordance will be able to satisfy the requirements for permanent injunctive relief, the Court is not likely to have difficulty deciding the request on the current record. *See eBay Inc. v. Mercexchange, LLC,* 547 U.S. 388, 391-92 (2006).

[3] The Court had previously scheduled this bench trial to take place over two days. D.I. 371 (March 13, 2009 Order). It is appropriate for the bench trial on Amazon's equitable defenses to be conducted first because, should Amazon prevail at the bench trial, Cordance would not be entitled to any injunctive relief.

## II.   PROCEDURAL HISTORY

### A.   Jury Verdict and the Court's Ruling on Cordance's Motion for Judgment As a Matter of Law

On August 18, 2009, the jury concluded that Cordance's '325 and '717 patents were not infringed, but that claims 1, 3, 5, 7 and 8 of the '710 patent were infringed. D.I. 482. The jury also found, however, that claims 1-3, 5, 7-9 were invalid. *Id.* As the jury did not find any claims both infringed and valid, the jury did not reach the issue of damages. *Id.*

On February 22, 2010, the Court granted in part and denied in part Cordance's motion for judgment as a matter of law and in the alternative for a new trial. D.I. 515. The Court granted the motion on the basis that claims 7-9 were not invalid for lack of written description, that claims 1, 2, 3, 5, and 7-9 were not invalid as anticipated, and that claims 1, 3, 5, 7, and 8 were not invalid under 35 U.S.C. § 102(f). *Id.* All other grounds for Cordance's motion were denied. *Id.* Accordingly, based on the jury's verdict and the Court's order, claims 7 and 8 were both infringed and not invalid. *Id.* Cordance has indicated that it intends to file a motion for permanent injunction and, in the alternative, a compulsory license. D.I. 519 at 3 n.1.

### B.   The Proposed Schedules

Cordance and Amazon are in agreement that Amazon's equitable defenses and Cordance's request for injunctive relief should be addressed prior to the appeal. The only dispute is whether the Court must also hold a jury trial on damages before appeal. Cordance proposes the Court hold a jury trial now. But, a jury trial on damages is unnecessary for appellate jurisdiction and would be a waste of resources given that the scope of liability is unsettled. Amazon's proposed schedule is in accord with the frequent practices of this District of bifurcation of damages until after appeal.

**C.     The Law is Clear that Damages Need Not be Decided Prior to Appeal**

A damages trial before the appeal is unnecessary for appellate jurisdiction. 28 U.S.C.

§1292(c)(2); *Majorette Toys (U.S.), Inc. v. Darda, Inc. U.S.A.*, 798 F.2d 1390, 1391 (Fed. Cir.

1986) ("[A]n appeal in a patent case can come to this Court under §1292(c)(2) after validity and

infringement are determined but prior to determining damages"); *Randall May Int'l,* 2009 WL

2355838, at * 1.  Section 1292(c)(2) states that the Federal Circuit has jurisdiction where

judgment is "final, *except for an accounting*." 28 U.S.C. §1292(c)(2) (emphasis

added).  "Accounting" has been defined by the Federal Circuit as including infringement

damages pursuant to 35 U.S.C. § 284. *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1343

n.2 (Fed. Cir. 2001).

Judges in this District routinely defer damages issues until after the appeal under §

1292(c)(2). *See, e.g., Advanced Cardiovascular Sys. v. Medtronic Vascular, Inc.*, 579 F. Supp.

2d 554, 561-62 (D. Del. 2008); *Cordis Corp.*, 431 F. Supp. 2d at 465. In *Advanced*

*Cardiovascular*, a case relied on by Cordance, the Federal Circuit dismissed the appeal for lack

of jurisdiction stating that the appeal was "premature because ACS's request for permanent

injunctive relief in its complaint remains pending and thus the case is not final except for an

accounting." *Advanced Cardiovascular Sys. v. Medtronic Vascular, Inc.*, 231 Fed. Appx. 962,

963 (Fed. Cir. 2007).  The Federal Circuit also noted that the plaintiff's request for damages also

remained pending at the District court. *Id.* at 962.  On remand, Judge Robinson only addressed

the request for injunctive relief - the court did *not* resolve the damages issues that remained

pending before allowing the case to go back to the Federal Circuit. *Advanced Cardiovascular,*

579 F. Supp. 2d at 561-62; *Advanced Cardiovascular,* Case No. 98-80-SLR, D.I. 846 (Notice of

Appeal) (D. Del. Sept. 26, 2008) (appealing judgment from district court and noting that the

Federal Circuit's lack of jurisdiction was now remedied as the district court had denied injunctive relief) (Exh. C, attached hereto).

Similarly, in *Cordis*, Judge Robinson again declined to rule on damages, including a request for post-verdict damages, prior to the appeal. *Cordis Corp.,* 431 F. Supp. 2d at 464-65. After the initial jury verdict determining damages and finding infringement, the Court granted judgment as a matter of law for non-infringement and on appeal the Federal Circuit reversed the District court's claim construction. *Id.* at 463. On remand, the jury again reached a verdict of infringement. *Id.* Following the entry of judgment, the plaintiff asked the Court to reinstate the original jury verdict on damages. *Id.* The Court declined to do so ruling, in part, that a trial on damages would need to be conducted again if the Federal Circuit reversed any of the Court's other rulings. *Id.* at 464. In light of the uncertainty of the damages at that time, the Court also deferred the issue of post-verdict damages pending the appeal. *Id.* at 465. The Court reasoned that it was appropriate to defer the damages trial because it was "prudent to address the damages issues only after the liability issues have been finally resolved through appeal, so as to prevent any further delay in the ultimate resolution of this litigation." *Id.* at 464.

Recently, the Federal Circuit confirmed that deferring damages until after judgment on liability was entirely appropriate. In *SRAM Corp. v. AD-II Engineering, Inc.*, the Federal Circuit concluded it had jurisdiction following a district court's grant of summary judgment of infringement and non-invalidity. No. 2009-11707, 2010 WL 743885, at *3 (Fed. Cir. Feb. 26, 2010). The district court entered judgment of liability and specifically deferred the issue of damages until after the Federal Circuit had resolved the appeal, even though injunctive relief had been requested. *SRAM Corp.*, Case No. 00-C-6675, D.I. 376 (Order) (N.D. Ill. Dec. 16, 2008) (Exh. D, attached hereto).

Cordance's only argument in support of holding a jury trial on damages now is that it will "help inform the Court's discretion as to the amount of any compulsory license" should the Court grant such license. D.I. 519 at 9. In substance, Cordance is arguing that following the Supreme Court's decision in *eBay*, which dictated stricter standards for requests for injunctive relief in patent cases and subsequently caused plaintiffs to frequently request a compulsory license in the alternative to injunctive relief, courts must always conduct a damages trial before a finding of infringement can be appealed. *See eBay Inc.,* 547 U.S. 391-92. In other words, according to Cordance, a district court must rule (before an appeal can be heard) on a patent plaintiff's request for compulsory licenses and, in order to do so, resolve all damages issues prior to any appeal. Such an approach is nonsensical and in direct conflict with the plain language of §1292(c)(2), as well as the case law of the Federal Circuit and this District. *See e.g., Advanced Cardiovascular*, 579 F. Supp. 2d at 561-62; *SRAM Corp.*, 2010 WL 743885, at *3.

### D.    A Jury Trial on Damages is NOT a Necessary Predicate to Addressing Cordance's Request for Injunctive Relief

A damages trial is not necessary for the Court to address Cordance's request for injunctive relief. Indeed, courts in this District regularly consider requests for injunctive relief without considering damages. For example, in *Advanced Cardiovascular*, discussed above, after the Federal Circuit dismissed the appeal for lack of jurisdiction, Judge Robinson resolved the request for injunctive relief without holding a damages trial and sent the case back to the Federal Circuit. 579 F. Supp. 2d at 561-62; Exh. C; *see also Cordis Corp.*, 431 F. Supp. 2d at 464. Although the damages for past infringement had not been determined, Judge Robinson found that the Court had adequate information to deny the request for injunctive relief following briefing by the parties. *Advanced Cardiovascular*, 579 F. Supp. 2d at 558-62.

Further, even if the Court were to determine that the results of a damages jury trial would inform some aspect of its consideration of injunctive relief, the Court can deny a request for injunctive relief without prejudice until after appeal and a post-appeal jury trial. This is precisely the approach taken by Judge Robinson in *LendingTree*, where she denied without prejudice a permanent injunction, and deferred a request for post-judgment damages until the permanent injunction was resolved. 469 F. Supp. 2d at 226-27. In *LendingTree,* plaintiff IMX, after trial, sought injunctive relief including an ongoing royalty for post-verdict infringement (in substance a compulsory license). *IMX, Inc. v. LendingTree, LLC*, Case No. 03-CV-01067, D.I. 272 at 16-17 (Post Trial Memorandum) (D. Del. February 22, 2006) (Exh. E, attached hereto). The Court denied the request for injunctive relief and request for a compulsory license without prejudice directing IMX to renew the request post appeal. *LendingTree, LLC*, 469 F. Supp. 2d at 226-27; *see also Praxair,* 479 F. Supp. 2d at 444 (denying request for permanent injunction where plaintiff had not demonstrated why damages for future infringement would not be adequate).

In sum, courts in this District routinely bifurcate damages until after appeal of liability (as was done in *Cordis* and *Advanced Cardiovascular*) and to the extent there is a request for injunctive relief that may be informed by a damages trial – that injunctive relief can be denied without prejudice until after the appeal and after the post-appeal damages trial. *See LendingTree, LLC,* 469 F. Supp. 2d at 226-27.

### E.     A Jury Trial On Damages Now—When Liability is Unsettled—Would be an Inefficient Use of the Court's and the Parties' Resources

Cordance has made clear that it will be appealing the jury's finding of non-infringement of the '325 and '717 patents whereas Amazon will be appealing at least the Court's JMOL of non-invalidity of the '710 patent. There is a reasonable likelihood that appellate review of these liability issues will either render the damages trial moot or change its scope (e.g., the accused

features on which damages may be awarded) requiring the Court to conduct a second damages

trial after the Federal Circuit renders its decision.  Rather than hold a jury trial now that may be

either unnecessary or need to be conducted again, the Court should do as many courts in this

District have done and defer the damages jury trial until after the need for and/or scope of such

trial is settled.[4]

## III.   IN THE ALTERNATIVE, THE COURT CAN CERTIFY AMAZON'S DECLARATORY JUDGMENT CLAIMS AS FINAL UNDER RULE 54(B)

Aside from § 1292(c)(2), it is in the Court's discretion to certify Amazon's declaratory

judgment claims of non-infringement and invalidity pursuant to Federal Rule of Civil Procedure

54(b).  Federal Rule 54(b) states that:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  Certification under 54(b) involves a two step analysis: (1) a determination

of whether the claim to be appealed is final; and (2) a determination that there is no justification

for delay. *See* Fed. R. Civ. P. 54(b).

---

[4] None of the cases cited by Cordance are relevant to the immediate issue the Court must decide. Cordance cites only to cases in which the Federal Circuit refused to hear an appeal where equitable issues remained open. *See, e.g., Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, 346 Fed. Appx. 580, 581 (Fed. Cir. 2009) (in a non-precedential one page decision—the Federal Circuit simply "deem[ed it was] the better course to dismiss the appeal as premature," where proceedings regarding the scope of equitable relief were underway in the district court); *Advanced Cardiovascular*, 231 Fed. Appx. at 962 (appeal dismissed because permanent injunctive relief remained pending); *Schwartz Pharma, Inc. v. Teva Pharms. USA, Inc.*, 132 Fed. Appx. 369, 370 (Fed Cir. 2005) (appeal dismissed because permanent injunctive relief remained pending); *Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*, 153 Fed. Appx. 730, 731 (Fed. Cir. 2005) (appeal dismissed because willfulness and permanent injunctive relief remained pending). Because Amazon does not dispute that Cordance's request for injunction relief and Amazon's equitable defense must be addressed prior to appeal none these case bear on the issue before the Court.

**A.     The Court's Ruling on Cordance's JMOL is Final as to Amazon's
        Declaratory Judgment Claims**

A claim is said to be final within the meaning of Rule 54(b), when it "ends the litigation

on the merits and leaves nothing for the court to do but execute the judgment." *W.L. Gore &*

*Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 861 (Fed. Cir. 1992);

*Amgen v. Ariad Pharms., Inc.*, C.A. No. 06-259-MPT, 2008 WL 4487910, at * 3 (D. Del. Oct. 3,

2008) (certifying under Rule 54(b) the court's claim construction and non-infringement orders in

the interests of "judicial economy and reduction of litigation expenses.").

Claims for declaratory judgment of non-infringement and invalidity are considered

separate claims from a claim for infringement and defense of invalidity for the purposes of Rule

54(b). *See E. I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 720 F. Supp. 373, 380-81

(D. Del. 1989) (holding that the declaratory relief counterclaim for non-infringement was final

despite the outstanding damages issues); *Johnson & Johnson Vision Care v. Ciba Vision Corp.*,

Civ. No. 3:05-CV-135-J-32, 2009 WL 3806159, at *2-3 (M.D. Fla. Nov. 9, 2009). In *E. I.*

*du Pont*, Judge Latchum of this District found the declaratory judgment counterclaim to be a

separate claim for the purposes of Rule 54(b): the fact that "the counterclaim here may arise from

the 'same transaction or occurrence' as the claim for infringement does not, *ipso facto*, taint the

finality of the Court's decision with respect to the counterclaim." *E. I. du Pont*, 720 F. Supp. at

380-81. In *Johnson & Johnson*, the court found that all of the declaratory judgment claims had

been finally resolved when it found the patents infringed and valid. *Johnson & Johnson*, 2009

WL 3806159 at *4. The court rejected the argument that allowing claims to proceed before

injunctive relief has been entered would undermine the congressional intent of 1292(c)(2). *Id.* at

*2. The court reasoned that the declaratory judgment claims did not require a resolution of

injunctive relief or monetary damages and, therefore, there was no basis to delay the appeal. *Id.* at *2-3.

Thus, in light of *Johnson & Johnson* and *E. I. du Pont*, there can be no dispute that Amazon's declaratory judgment claims of non-infringement and invalidity are final.

### B.     There is No Just Reason for Delaying a Final Determination on Liability

As previously discussed, conducting a damages jury trial would be extremely costly and possibly a waste of resources of this Court and the parties. The key issues of liability are going to be appealed to the Federal Circuit and there is a reasonable possibility that the current judgment will be altered in some way such that the damages trial would have to be conducted again. Under such circumstances, there is no just reason to delay the appeal and, in fact, allowing the appeal to go forward to determine liability is the only just result. *Amgen*, 2008 WL 4487910 at * 3 (finding there was no just reason for delay where not allowing the appeal could result in the court having to conduct a second trial of the same issues based on modifications by the Federal Circuit).

## IV.     CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court adopt its proposed schedule.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

By:   /s/ David E. Moore
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE  19801
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

*Attorneys for Defendant Amazon.com, Inc.*

Dated: March 12, 2010
957124 / 30763

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 12, 2010, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on March 12, 2010, the attached document was Electronically

Mailed to the following person(s):

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Jeffrey O'Neill
Chelsea A. Loughran
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210-2206
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
jeffrey.oneill@wolfgreenfield.com
cloughran@wolfgreenfield.com

By:  /s/ David E. Moore
       Richard L. Horwitz
       David E. Moore
       POTTER ANDERSON & CORROON LLP
       (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com

757320 / 30763