**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CORDANCE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-491-MPT |
| | : | |
| AMAZON.COM, INC. | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

On March 10, 2010, Plaintiff Cordance Corporation ("Cordance") and defendant Amazon.com, Inc. ("Amazon") jointly filed a letter containing each party's proposed schedule for resolution of the outstanding issues in this case.[1] In deciding which proposed schedule to adopt, the court was called upon to answer two questions: (1) Prior to Federal Circuit review pursuant to 28 U.S.C. § 1292(c)(2), does the court have to hold a damage trial or rule on Amazon's equitable defenses and Cordance's request for equitable relief? (2) Can the court certify for Federal Circuit review Amazon's claims for declaratory relief pursuant to Rule 54(b)? The parties addressed these issues in their March 10 joint letter, that letter's supporting memoranda, in Cordance's motion for leave to file a reply, and in Amazon's opposition to that motion. For the reasons explained below, the court grants Cordance's motion for leave to file a reply, but orders that Amazon's proposed schedule be adopted as revised by the court.

---

[1] D.I. 520.

## II. PROPOSED SCHEDULES

Cordance urged the court to adopt the following schedule:

1. A three-day jury trial on damages, followed immediately by;
2. A one-day bench trial on Amazon's equitable defenses, followed immediately by;
3. A hearing to determine the form of any equitable relief to which Cordance is entitled;
4. Any appeal a party wishes to bring.

Amazon proposed the following schedule:

1. A two-day bench trial on Amazon's equitable defenses to be held before June 8, 2010 (when Dr. Alvisi goes to China), followed by;
2. A hearing on Cordance's request for equitable relief;
3. Appeals

## II. DISCUSSION

### A. Ripeness under 28 U.S.C. § 1292(c)(2)

Cordance argues that three separate yet-to-be-resolved issues in this case preclude federal circuit review pursuant to 28 U.S.C. § 1292(c)(2): (1) Cordance's request for injunctive relief (in the form of an injunction or compulsory license); (2) Amazon's equitable defenses; and (3) Cordance's request for damages. Cordance is correct with respect to Amazon's equitable defenses and Cordance's request for equitable relief.

Pursuant to 28 U.S.C. § 1292(c)(2), the Federal Circuit may hear appeals in patent cases where judgment "is final except for an accounting." "'Accounting,' as used in the statute, refers to infringement damages pursuant to 35 U.S.C. § 284."[2] Thus, Cordance's unresolved request for damages will not preclude Federal Circuit review.

---

[2] *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1343 (Fed. Cir. 2001).

Amazon's equitable defenses and Cordance's request for equitable relief will, however, provide grounds for the Federal Circuit to dismiss an appeal in this case as premature.[3] Cordance and Amazon agree that the court should rule on Amazon's equitable defenses and Cordance's request for equitable relief. The parties disagree, however, with regard to how the court should address Cordance's request for equitable relief.

Cordance seeks a permanent injunction, or, in the alternative, imposition of an ongoing royalty. Cordance correctly asserts that the court must rule on this request. Cordance, however, goes further and urges the court to hold a damages trial, arguing that a damages trial will help inform the court's decision as to the amount of any ongoing royalty or compulsory license. As the court noted above, however, a damages trial is not needed to ensure jurisdiction in the Federal Circuit–Amazon correctly argues that 28 U.S.C. § 1292(c)(2) expressly authorizes district courts to defer a separate jury trial on damages until after the parties have appealed and finalized the judgment on liability.[4] As Amazon contends, a damages trial is not a necessary predicate to the court's ruling on a request for equitable relief.

Amazon argues that the court should first rule on Cordance's request for permanent injunction. Then, Amazon asserts, if the court chooses to deny Cordance's request for permanent injunction, the court may deny the alternative request for

---

[3] *See Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, 231 Fed. Appx. 962, 963 (Fed. Cir. 2007) ("We agree with ACS that Medtronic's appeal is premature because ACS's request for permanent injunctive relif in its complaint remains pending and thus the case is not final except for an accounting."); *Schwarz Pharma, Inc. v. Teva Pharms. USA, Inc.*, 132 Fed. Appx. 369 (Fed. Cir. 2005) ("We agree with Scwarz that Teva's appeal is premature because Schwarz's request for permanent injunctive relief remains pending before the district court.").

[4] 28 U.S.C. § 1292(c)(2); *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988) ("Hence it is clear that the purpose of the legislation, § 1292(c)(2), allowing interlocutory appeals in patent cases was to permit a stay of a damages trial.").

3

compulsory license without prejudice to be revisited after the appeal on liability issues and a subsequent jury damage trial, if such a trial is required. In support of its argument that such action is appropriate, Amazon cites two cases: *IMX, Inc. v. LendingTree, LLC*[5] and *Cordis Corp. v. Boston Sci. Corp.*[6] Cordance maintains that neither case is on point.

  *1. IMX, Inc. v. LendingTree, LLC*

In *LendingTree*, the court denied a request for permanent injunction and also decided not to "effectively impose a ten-year compulsory license on defendant absent more information, for example, the effects of defendant's infringement on plaintiff's business and of a potential permanent injunction on the public and the marketplace."[7] Cordance argues that *LendingTree* fails to support Amazon's above argument because (1) prior to the *LendingTree* court's opinion, the amount of damages was decided by a jury and (2) there is no evidence that the parties in *LendingTree* briefed whether an appeal could be taken while injunctive relief was pending and the appeal was dismissed prior to any substantive ruling by the Federal Circuit. Cordance's first argument fails to persuade the court that denying Cordance's request for equitable relief without prejudice would be inappropriate. The *LendingTree* court's decision to deny both a permanent injunction and the imposition of a compulsory license in a case where a damages jury trial had taken place cuts in favor of this court deciding to do the same where no jury trial has occurred. Cordance's second argument is equally unpersuasive,

---

[5] 469 F. Supp. 2d 203, 226-27 (D. Del. 2007).
[6] 431 F. Supp. 2d 461, 465 (D. Del. 2006).
[7] *IMX, Inc. v. Lendingtree, LLC*, 469 F. Supp. 2d 203, 226 (D. Del. 2007).

at least in part because it is unclear what requested injunctive relief Cordance believes was still pending following the *LendingTree* court's decision.  Cordance asserts that, had *LendingTree* not been dismissed prior to Federal Circuit review, the Federal Circuit would have been constrained to dismiss it as premature as required by *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*[8]  Contrary to Cordance's assertions, however, *Bard Peripheral* does not indicate that the Federal Circuit would have been constrained to dismiss as premature a case, like *LendingTree*, where a successful patentee plaintiff was denied without prejudice a permanent injunction and an ongoing royalty or compulsory license.

Cordance consistently overemphasizes and overextends *Bard Peripheral*, a two-page, unpublished opinion.  In *Bard Peripheral*, following a patent trial in which the patentee prevailed, the district court denied the patentee plaintiff's motion to permanently enjoin the defendant's infringement, but granted the plaintiff's request for a compulsory license for the defendant's future infringement.[9]  When the Federal Circuit reviewed the case, proceedings to determine the terms of the license agreement were ongoing in the district court.[10]  The Federal Circuit therefore concluded: "Because proceedings concerning the license are still pending before the district court, we deem the better course is to dismiss the appeal as premature."[11]  Nowhere in this decision does the Federal Circuit indicate either (1) that a district court *must* determine a compulsory license for future infringement prior to Federal Circuit review, or (2) that it

---

[8] 346 Fed. Appx. 580 (Fed. Cir. 2009).
[9] *Id.* at 581.
[10] *Id.*
[11] *Id.*

would be inappropriate for a district court to deny without prejudice a request for such relief pending appeal of claims relating to issues of liability.

    *2. Cordis Corp. v. Boston Sci. Corp.*

Amazon cites *Cordis Corp.* in support of the proposition that consideration of post-judgment damages can be deferred until after liability issues are resolved. Cordance asserts that Amazon mischaracterizes the *Cordis Corp.* decision and that *Cordis Corp.* is irrelevant to the present case because the *Cordis Corp.* court addressed only damages for *past* infringement, not equitable relief for ongoing infringement. However, as Amazon points out, the court in *Cordis Corp.* expressly states that *post-verdict* damages would remain pending until relevant liability issues were resolved:

> Recognizing that a new damages trial may be necessary, as discussed above, the court will defer consideration of prejudgment interest *and post-verdict* damages until the damages issues have been finally resolved. At that time, the relevant liability and damages issues will have been sufficiently resolved to allow the court to address at one time all matters with respect to the calculation of damages.[12]

Cordance's assertion that Amazon misrepresents the law explained in *Cordis Corp.* is therefore misguided. The case may properly be cited as an example of an instance in which a court deferred consideration of post-judgment damages.

    *3. An Ongoing Royalty or Compulsory License*

Cordance asserts that "Courts typically impose an ongoing royalty as equitable relief where they have declined to enter a permanent injunction."[13] In support of that assertion, Cordance cites *Paice LLC v. Toyota Motor Corp.*[14] and *Innogenetics, N.V. v.*

---

[12] *Cordis Corp. v. Boston Sci. Corp.*, 431 F. Supp. 2d 461, 465 (D. Del. 2006) (emphasis added).
[13] D.I. 519 at 8.
[14] 504 F.3d 1293, 1314-16 (Fed. Cir. 2007).

6

*Abbott Labs.*[15] Neither case, however, supports Cordance's above assertion.

Cordance cites *Paice* to support its contention that the Federal Circuit would remand the present case should the court fail to establish an ongoing royalty rate for Amazon's infringement. In *Paice*, the Federal Circuit did remand a case to the district court for "the limited purpose of having the district court reevaluate the ongoing royalty rate" that court had previously imposed."[16] The Federal Circuit did so, however, not because the district court had failed to set an ongoing royalty rate, but rather because the appellate court was unable to determine whether the district court abused its discretion in setting a $25 per infringing product ongoing royalty rate.[17] The district court, after denying a permanent injunction, imposed that rate upon the parties without providing any reasoning to support its selection of the rate.[18] A remand driven by an insufficiency in the evidence available for review does little to support Cordance's position. In fact, the *Paice* court further undercuts Cordance's argument when it provides:

> [A]warding an ongoing royalty rate where 'necessary' to effectuate a remedy, be it for antitrust violations or patent infringement, *does not justify the provision of such relief as a matter of course whenever a permanent injunction is not imposed.* In most cases, where the district court determines that a permanent injunction is not warranted, the district court *may* wish to allow the parties to negotiate a license amongst themselves regarding future use of a patented invention before imposing an ongoing royalty. Should the parties fail to come to an agreement, the district court *could* step in to assess a reasonable royalty in light of the ongoing infringement.[19]

For the above reasons, *Paice* does not indicate that courts typically impose ongoing

---

[15] 512 F.3d 1363, 1381 (Fed. Cir. 2008).
[16] *Paice*, 504 F.3d at 1315.
[17] *Id.*
[18] *Id.*
[19] *Id.* at 1314–15 (emphases added).

7

royalties when permanent injunctions are denied. Nor does *Paice* dictate that this court's failure to do so in this case would result in Federal Circuit dismissal of any appeal.

Cordance cites *Innogenetics* as an example of an instance in which the Federal Circuit remanded a case "for determination of running royalty as future sales were subject to compulsory license."[20] Cordance inaccurately summarizes the *Innogenetics* court's decision. In *Innogenetics*, the Federal Circuit reversed a district court's grant of a permanent injunction, finding that the jury's damages verdict had already compensated the plaintiff for future infringing sales by the defendant.[21] The jury awarded the plaintiff $7 million, "which included an upfront payment that equated to approximately $5.8 million and a running royalty of 5 to 10 Euros per [infringing product sold by the defendant]."[22] The Federal Circuit remanded the case to the district court for delineation of the terms of that compulsory license, "such as conditioning the future sales of the infringing products on payment of the running royalty," so that the district court could retain jurisdiction over the defendant to ensure compliance with the terms of the compulsory license.[23] Because the *Innogenetics* decision is readily distinguishable from the present case, it lacks the support which Cordance alleges it provides.

## B. Certification under Rule 54(b)

Certification under Rule 54(b) involves a two step analysis: (1) a determination of whether a claim to be appealed is final; and (2) a determination that there is no

---

[20] D.I. 519 at 8.
[21] *Innogenetics*, 512 F.3d at 1380–81.
[22] *Id.*
[23] *Id.* at 1381, 1381 n.9.

justification for delay.[24] Amazon argues that it is within the court's discretion to certify Amazon's declaratory judgment claims of noninfringement and invalidity pursuant to Federal Rule of Civil Procedure 54(b). Amazon is incorrect.

Amazon cites *E.I. du Pont de Nemours & Co. v. Phillips Petroeum Co.*[25] and *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp*[26] to support its contention that its declaratory judgment claims of noninfringement and invalidity are final and thus certifiable. However, in both of those cases, the courts had already decided infringement, validity, *and enforceability*. This court has not ruled on Amazon's equitable defenses, so Amazon's declaratory judgment claims of noninfringement and invalidity will not be considered "final." Even assuming arguendo that Amazon can gin up an argument that its claims are indeed "final," its pending equitable defenses, at a minimum, give this court just reason to delay certifying this case pursuant to Rule 54(b).[27] It is the court's opinion that certification of this case for appeal pursuant to Rule 54(b) is inappropriate at this juncture.

## IV. Conclusion

---

[24] Fed. R. Civ. Proc. 54(b).
[25] 720 F. Supp. 373 (D. Del. 1989).
[26] Civ. No. 3:05-CV-135-J-32, 2009 WL 3806159 (M.D. Fla. Nov. 9, 2009).
[27] Armed with the *Johnson & Johnson* case, Amazon asserts that Cordance's outstanding request for equitable relief is no bar to this case's certification under Rule 54(b). The court, however, is uncertain that such an assertion can be fully credited. The *Johnson & Johnson* court recognized that it was treading on uncertain ground in its opinion, and the Federal Circuit has not yet considered an appeal in that case. *See Johnson & Johnson*, 2009 WL 3806159, at *4, where the court provides:
> The Federal Circuit has approved certification of a judgement under Rule 54(b) in a patent case even while a claim or counterclaim remains pending (*albeit* not in this specific context) . . . . While the parties have not cited, and the court has not located any patent case presenting exactly this procedural posture, the court has found no basis to deny J&J's request inasmuch as its declaratory judgment actions have been completely determined.

(Internal citations omitted) (emphasis in original).

Cordance has made clear that it will be appealing the jury's finding of noninfringement of the '325 and '717 patents. Amazon will be appealing at least the court's JMOL of non-invalidity of the '710 patent. All of Cordance's arguments in support of its proposed schedule have been heard and considered by the court, including those contained in its motion for leave to file a reply and the supporting memorandum attached to that motion. All of Amazon's arguments in support of its proposed schedule have likewise been heard and considered by the court, including those contained in its opposition to Cordance's motion for leave to file a reply.

For the reasons contained herein, IT IS ORDERED that:

1. Cordance's motion for leave to file a reply in support of its proposed schedule for resolution of outstanding issues, D.I. 522, is GRANTED;

2. The court's order on bifurcation of damages will remain in effect, and Cordance's request for a jury trial on damages is presently denied;

3. A two-day bench trial on Amazon's equitable defenses will be scheduled at the convenience of the court; and

4. A teleconference is scheduled for Wednesday, March 24, 2010 at 11:00 a.m. (EST) to be initiated by Cordance, for the purpose of scheduling the two-day hearing on Amazon's equitable defenses, setting a briefing schedule regarding those defenses, and setting a briefing schedule for Cordance's request for equitable relief.

Date:  March 19, 2010                /s/ Mary Pat Thynge
                                     UNITED STATES MAGISTRATE JUDGE