IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDANCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-491-MPT |
| v. | ) |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |

**AMAZON.COM'S MOTION TO STRIKE THE DECLARATION OF DR. MICHAEL SHAMOS IN SUPPORT OF MOTION FOR PERMANENT INJUNCTION**

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Amazon.com, Inc.*

Dated: April 23, 2010
/ 30763

## I.    <u>INTRODUCTION</u>

The Federal Rules are clear that each party must disclose its expert witnesses and provide a comprehensive report detailing, among other things, the substance of their testimony, the witness' qualifications to give such opinions, and the facts on which such opinions are based. Here, Cordance Corporation ("Cordance") seeks to avoid those requirements and instead submits the Declaration of Dr. Michael Shamos (the "Declaration" or "Decl.") – Cordance's *technical* expert – to support its Motion for Permanent Injunction. D.I. 527. In that Declaration Dr. Shamos opines for the first time regarding purported competition between Cordance and Amazon in the "digital identity market." Dr. Shamos expressed no such opinions in any report or deposition and his opinions contradict those of Cordance's two damage experts who both concluded that Amazon and Cordance do not compete. Dr Shamos also opines for the first time on the purported ease with which Amazon.com could implement 1-Click® purchasing using i-names, again a topic that he never addressed in any report or deposition. Cordance's failure to properly disclose its expert testimony pretrial leaves Amazon with no opportunity to meaningfully respond to Dr. Shamos' unsupported claims that are at the heart of Cordance's claim that it is entitled to a permanent injunction. Amazon does not have the opportunity to explore the basis for his claims of harm and causation or to challenge his qualifications to testify about the relevant market. This prejudice is particularly severe in light of the reports of its damages experts who reached the exact opposite conclusion of Dr. Shamos. Accordingly, Amazon respectfully requests that the Court strike the Declaration and preclude Cordance from relying on it in its Motion for Permanent Injunction.[1]

---

[1] On April 23, 2010, the parties met and conferred on the issues raised in this Motion and were unable to reach an agreement.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) mandates that all expert witnesses submit a report including "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the data or other information considered by the witness in forming" those opinions. Fed. R. Civ. P. 26(a)(2)(B). Rule 26(e)(2) dictates that the parties have a duty to supplement these reports should the substance of their testimony change. Fed. R. Civ. P. 26(e)(2). The party that fails to properly supplement these reports is precluded from using that witness to supply evidence "on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). District Courts have "wide discretion in its determination to admit and exclude evidence, and this is particularly true in the case of expert testimony." *Hamling v. United States*, 418 U.S. 87, 108 (1974); *see also Proveris Sci. Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267-68 (Fed. Cir. 2008) (affirming exclusion of expert testimony for failure to submit report in compliance with Rule 26); *Patterson v. Howard*, Civ. No. 06-4334, 2010 WL 1050052, at *6 (D.N.J. Mar. 18, 2010) (excluding testimony of expert on subjects not contained in the expert report); *LG Display Co., Ltd. v. AU Optronics Corp.*, C.A. No. 06-726, 2010 WL 545916, at *2 (D. Del. Feb. 16, 2010) (excluding expert testimony not revealed until trial, even though defendant had the opportunity to cross examine the witness during trial); *D&D Assoc., Inc. v. Bd. of Educ. of N. Plainfield*, Civ. No. 03-1026, 2009 WL 6315315, at *1-2 (D.N.J. Feb. 27, 2009).

A witness purporting to provide expert testimony must be qualified on the subject matter of his or her testimony by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Failure of an expert witness to be qualified to give testimony on a particular subject should result in the exclusion or striking of the testimony. *Cordance Corp. v. Amazon.com, Inc.*, 631 F. Supp. 2d 477, 484 (D. Del. 2009) (holding that the declaration of an unqualified witness would

not be considered in evaluating a motion for summary judgment); *W & G Seaford Assocs., LP v. E. Shore Markets, Inc.*, 714 F. Supp. 1336, 1351 (D. Del. 1989) (striking affidavit submitted in support of motion for summary judgment where it did not support either his qualifications or the facts on which his opinions were based).

## III. <u>ARGUMENT</u>

### A. Dr. Shamos' Declaration Contains Expert Testimony that was Not Included in his Expert Report

The Declaration contains testimony regarding numerous topics requiring "technical, or other specialized knowledge," including: the importance of 1-Click® ordering, the digital identity industry, and Amazon's competition with Cordance. Specifically, Dr. Shamos makes a number of unsupported claims relating to the relevant markets and the effect each parties' products had on those markets:

- "*Because of Amazon's infringement*, Cordance has been unable to sell 1-click licenses under the *usual commercial terms*." Decl. ¶ 13 (emphasis added)

- As a result of Amazon's "departments," "[i]t is therefore *impossible*, while Amazon continues to employ 1-click, for Cordance to sell any *commercially reasonable* licenses to others." *Id.*, ¶ 14 (emphasis added)

- "I estimate that through the use of Cordance's i-names, an existing ecommerce website could implement 1-click purchasing with i-names with 2-3 man-months of effort." *Id.*, ¶ 19.

- "For products such as digital identities, early entrants generally have an advantage over market latecomers. The value of a particular digital identity service increases rapidly and non-linearly with the number of users who have digital identities and the number of businesses that accept that particular digital identity…Early movers have the advantage because they have the first opportunity to have users sign up to use the digital identity, and the digital identity service to get some users and businesses involved will have an easier time getting additional users and businesses involved." *Id.*, ¶ 21.

- "Because of Amazon's infringement, Cordance has been denied the ability to gain its *proper foothold* in the digital identity market." *Id.*, ¶ 23 (emphasis added).

- "Amazon and Cordance are direct competitors in providing digital identities that can be used for 1-click purchasing that is the subject of Cordance's '710 patent." *Id.*, ¶ 28.

3

- "Cordance is irreparably harmed by Amazon's continuing and expanding business of allowing customers to use their Amazon digital identities to purchase items at other business' websites using 1-click ordering... The size of Amazon's customer base inhibits adoption of Cordance's i-names and consequently hinders the use of i-names to support 1-click ordering." *Id.*, ¶ 29.

- "The harm to Cordance from Amazon's use of 1-click ordering with digital identities is immeasurable." *Id.*, ¶ 32.

These ultimate conclusions on which Cordance bases its entitlement to injunctive relief require specialized knowledge of the parties' products, future and past plans for products, and the internet commerce and digital identity markets.[2] Indeed, Dr. Shamos purports to know the effect in the relevant market of the parties' products, as well as the substance of any commercially reasonable license. Such opinions require the specialized knowledge of an economics or finance expert with knowledge of the relevant industries and markets, thus subjecting Cordance to the disclosure requirements of Rule 26. In fact, Dr. Shamos' opinions regarding competition between Amazon and Cordance are directly contrary to that of Cordance's economic experts, who Cordance identified as the relevant experts qualified to opine on such matters. Declaration of J. David Hadden in Support of Amazon's Opposition to Motion for Permanent Injunction ("Hadden Decl."), Exh. 1 at p. 27 ("Amazon and Cordance do not directly compete for sales."), Exh. 2 at p. 39 ("The Plaintiff and the Defendants are not competitors. It is my understanding the Cordance currently does not offer a competing 1-Click or feedback product, feature or

---

[2] Despite Dr. Shamos' claim that he does not provide legal testimony, his Declaration is replete with examples of legal conclusions as to the ultimate issues of Cordance's purported entitlement to injunctive relief. *E.g.*, Decl. ¶ 29 ("Cordance is irreparably harmed..."), ¶ 32 ("The harm to Cordance...is immeasurable..."). These legal conclusions – which are wholly unsupported by any facts – should not be considered by the Court. *See FedEx Ground Package Sys., Inc. v. Applications Intern. Corp.*, Civ. No. 03-1512, 2010 WL 528467, at * 5-6 (W.D. Pa. Feb. 11, 2010) (excluding Dr. Shamos' testimony at trial because his expert report contained legal conclusions without specifying how he reached those conclusions); *Proctor & Gamble Co. v. Teva Pharms. USA, Inc.*, C.A. No. 04-940, 2006 WL 2241018, at *1 (D. Del. Aug. 4, 2006) (striking portions of expert report containing legal conclusions).

service."), Exh. 3 at 1154:15-16 ("The parties are not competitors. By licensing Amazon, Cordance isn't really losing anything.").

None of Dr. Shamos' new testimony was disclosed in his expert reports. *See* Hadden Decl., Exhs. 46, 47. Rather, Dr. Shamos opined only on the issues of infringement, and in his reply report on validity. *Id.* Not once in either report does he discuss one-click or digital identity markets or the use of i-names. Nor does he discuss any qualifications that would provide a basis for his new opinions.

Under these circumstances, courts routinely preclude an expert from testifying about subjects not properly disclosed in the report. *See, e.g., Inline Connection Corp. v. AOL Time Warner Inc.*, 472 F. Supp. 2d 604, 614 n.51 (D. Del. 2007) ("FRCP 37(c)(1)… provides an incentive for full disclosure, that is, a party will generally not be permitted to use on direct examination expert testimony not disclosed under Rule 26"); *Patterson*, 2010 WL 1050052, at *6; *LG Display*, 2010 WL 545916, at *2.

### B. The Declaration Must Be Excluded Because Failure to Disclose is Neither Substantially Justified Nor Harmless

Having established that Cordance failed to disclose the substance of Shamos' testimony contained in the Declaration, Federal Rule of Civil Procedure 37(c)(1) dictates that Cordance is not allowed to use that information or witness on a motion, unless that failure is substantially justified or harmless. Cordance's failure is neither.

#### 1. Cordance's Failure is Not Justified

Cordance's failure lacks any conceivable explanation. Cordance sought permanent injunctive relief in its original complaint filed well over three years ago. D.I. 1. Now, instead of relying on either of its damages experts who it disclosed and submitted reports for prior to trial, Cordance seeks to introduce contrary testimony from its technical expert to establish its claimed

5

entitlement to injunctive relief. No justification – other than the need for an opinion that neither of its economic experts would supply – can explain Cordance's failure to disclose to the Court and Amazon that it intended to rely on Dr. Shamos to support its claims of irreparable harm in the market, rather than its economic experts that opined and testified on the issue. As such, Cordance's refusal to comply with the Federal Rules is not justifiable.

    2.    Cordance's Failure is Not Harmless

Amazon is severely prejudiced by this surprise introduction of Dr. Shamos' testimony. Dr. Shamos has not identified the basis for any of his testimony contained in the Declaration, including his claims about the relevant market, Cordance's market share, and the link between Amazon's purported infringement and Cordance's alleged harm. These opinions are a complete surprise to Amazon. Not only were they never disclosed, but the experts who were disclosed and submitted expert reports reached the exact opposite conclusion. Hadden Decl., Exh. 1 at p. 27, Exh. 2 at p. 39, Exh. 3 at 1154:15-16. Without an expert report, Amazon cannot explore the adequacy of Shamos' analysis nor can it fully challenge the propriety of his opinions. Cordance's refusal to abide by its disclosure obligations under Rule 26 has deprived Amazon of these opportunities and forced it to defend its right to continue its 1-Click service without adequate discovery.

### C.    Shamos is Not Qualified to Testify on these Topics

Further, Dr. Shamos is not qualified to give his testimony regarding the relevant markets at issue in this case or about the effect the parties' products may have had in those markets. On this basis alone, the Court should strike the Declaration. *See Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 323 (3d Cir. 2003) (affirming the limitations of testimony by expert who had knowledge of the operation of a different types of jet skis, but was not qualified to testify about the relative safety of the of different models or their accelerating mechanisms); *Fireman's*

*Fund Ins. Co. v. Videfreeze Corp.*, 540 F.2d 1171, 1180 (3d Cir. 1976) (excluding testimony as to whether a landslide was caused by an earthquake because, although expert was a geologist, he had no training in seismology); *Surace v. Caterpillar, Inc.*, 111 F.3d 1039, 1055-56 (3d Cir. 1997) (affirming district court's finding that expert did not qualify as an expert on the central issue of liability, which was beyond his expertise); *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1361-62 (Fed. Cir. 2008) (finding that a patent lawyer was not qualified to testify about infringement and invalidity because he lacked any relevant technical expertise or experience). Dr. Shamos sets out his qualifications in the Declaration. While these qualifications include much technical experience, Dr. Shamos has no experience in economics, finance or even the relevant markets allowing him to opine on the harm Cordance experienced in the market. In fact, Dr. Shamos testified at trial that he had never even heard of Cordance prior to being retained for this lawsuit. Hadden Decl., Exh. 3 at 930:5-13. Rather, Dr. Shamos is a computer science professor, who has founded two computer software development companies. Decl. ¶¶ 3-5. This experience does not qualify Dr. Shamos to provide expert testimony on the digital identity and one-click markets and draw unsupported conclusions about the effect of Amazon's 1-Click service on Cordance.

Nevertheless, it is on precisely these topics that Shamos purports to give his expert opinion on. For example, he claims to know definitively that it was Amazon's occupation of the digital identity market that prevented Cordance from succeeding in that market. *E.g.*, Decl. ¶¶ 13, 29-31. He also defines the relevant market as including only Amazon and Cordance, as that is the only way he can possibly claim that Amazon has caused Cordance any harm. *E.g., id.* ¶¶ 30, 31. Further, according to Dr. Shamos, Cordance has suffered irreparably from Amazon's competition in the digital identity space. These claims are particularly surprising in light of

7

Cordance's own experts' conclusion that Amazon and Cordance were in fact not in competition. Hadden Decl., Exh. 1 at p. 27, Exh. 2 at p. 39, Exh. 3 at 1154:15-16.

Accordingly, the Court should strike Shamos' Declaration on the basis that, by his own stated qualifications, he is not qualified to testify on the subjects contained in the Declaration.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Amazon requests that the Court strike Dr. Shamos' Declaration from the record precluding its consideration in determining Cordance's motion for permanent injunctive relief.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
Ryan Marton
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated: April 23, 2010
963419 / 30763

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Amazon.com, Inc.*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### **CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on April 23, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 23, 2010, the attached document was Electronically Mailed to the following person(s):

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Michael A. Albert
Robert M. Abrahamsen
Jeffrey O'Neill
Chelsea A. Loughran
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
malbert@wolfgreenfield.com
rabrahamsen@wolfgreenfield.com
jeffrey.oneill@wolfgreenfield.com
cloughran@wolfgreenfield.com

By: */s/ David E. Moore*
    Richard L. Horwitz
    David E. Moore
    POTTER ANDERSON & CORROON LLP
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

757320 / 30763